IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO.:   09-CV-00799

GRANITE SOUTHLANDS TOWN CENER, LLC,
        Plaintiff,

v.

ALBERTA TOWN CENTER, LLC and LAND TITLE GUARANTEE COMPANY,
        Defendants.

_____

**DEFENDANT ALBERTA TOWN CENTER, LLC'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT**
_____

Defendant Alberta Town Center, LLC ("Alberta"), by and through its attorneys, Elizabeth A. Starrs and Elizabeth J. Hyatt of Starrs Mihm and Pulkrabek LLP, sets forth its Answer to Plaintiff's Original Complaint ("Complaint") and its Counterclaims as follows:

### ANSWER TO PARTIES

1. Alberta admits Plaintiff is a Delaware limited liability company. Alberta lacks sufficient knowledge as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint and therefore denies the same.

2. Alberta admits the allegations contained within Paragraph 2 of the Complaint.

3. Alberta admits the allegations contained within Paragraph 3 of the Complaint.

### ANSWER TO JURISDICTION AND VENUE

4. Alberta admits this Court has subject matter jurisdiction.

5. Alberta admits this Court has personal jurisdiction over Alberta.

6.      Alberta admits venue is proper.

## ANSWER TO FACTS

7.      Alberta admits that $650,000 was reserved in escrow in connection with Plaintiff's purchase of property from Alberta in December 2008.  Alberta further admits that the Property is located in Aurora, Colorado and is configured in a town center format populated by a wide array of office and retail tenants.  Alberta affirmatively states that the amount at issue in this declaratory judgment action concerns $650,000 and the interest accrued on that amount.

8.      Alberta admits that the parties' written agreements, a Forward Purchase and Sale Agreement and Escrow Instructions, as amended, and an Escrow Agreement, outline their respective rights and obligations regarding estoppel certificates from the tenants of the Property.  Alberta affirmatively states that these written agreements speak for themselves.  Alberta admits that Plaintiff purports to reprint select excerpts from the agreements, but denies that Plaintiff has reprinted the entire agreements or that they have been reprinted in proper order and context of the provisions as they actually appear in the agreements.  Alberta denies each and every allegation contained in Paragraph 8 of the Complaint not specifically admitted herein.

9.      Alberta states that the time for delivery of the "Required Estoppels" and the agreement regarding the $650,000 funds withheld in escrow are governed by the written agreements of the parties, which speak for themselves.  Alberta denies each and every allegation contained in Paragraph 9 of the Complaint not specifically admitted herein.

10. Alberta states that the written agreements speak for themselves. Alberta denies each and every allegation contained in Paragraph 10 of the Complaint not specifically admitted herein.

11. Alberta admits that it delivered eighty-five (85) tenant estoppel certificates to Granite prior to March 1, 2009 and that Granite stated it rejected nine (9) of those estoppel certificates. Alberta denies that Granite rejected the estoppel certificates for reasons permitted by the parties' agreements and denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Alberta denies the allegations contained in Paragraph 12 of the Complaint.

13. Alberta denies that it failed to deliver the Required Estoppels, and denies that the "indisputable facts establish that Alberta has failed to deliver the Required Estoppels and the Cash Funds should be delivered to Granite." As to the allegations regarding the terms of the Escrow Agreement, Alberta states that such agreement speaks for itself. Alberta denies Plaintiff is entitled to the Cash Funds plus accrued interest. Alberta is without sufficient information as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint and therefore denies the same.

## ANSWER TO DECLARATORY JUDGMENT

14. Alberta denies Plaintiff is entitled to the relief sought in Paragraph 14 of the Complaint.

## ANSWER TO ATTORNEYS' FEES AND COSTS

15. As to the allegations regarding the terms and conditions for the recovery of fees under the agreements, the agreements speak for themselves. Alberta denies Plaintiff is

entitled to the recovery of attorneys' fees and expenses pursuant to the agreements or otherwise.

## ANSWER TO REMAINING ALLEGATIONS

16. Alberta denies each and every allegation not specifically admitted herein.

## ANSWER TO PRAYER FOR RELIEF

17. Alberta denies Plaintiff is entitled to any of the relief it requests.

## DEFENSES

18. Plaintiff is not entitled to the relief sought in the Complaint for reasons of equity and/or pursuant to the doctrine of unclean hands.

19. Plaintiff is not entitled to the relief sought in the Complaint pursuant to the doctrines of waiver, estoppel, and laches.

20. Plaintiff is not entitled to the relief sought in the Complaint by reason of Plaintiff's own breach of the subject agreements.

## ALBERTA'S PRAYER FOR RELIEF

Alberta prays for an order dismissing the Complaint or for judgment in favor of Alberta and against Plaintiff and an order i) requiring the Escrow Holder to deliver the Cash Funds and accrued interest, ii) awarding Alberta its attorneys' fees and costs, and iii) granting Albert such other and further relief as the Court may deem proper.

## COUNTERCLAIMS AGAINST GRANITE

### General Allegations

1. Alberta adopts and incorporates herein by reference their Answer to the Complaint as set forth above.

2. Pursuant to the agreement between the parties, Alberta and Granite were required to reconcile the proration of Property expenses made at the December 12, 2008 Closing for the Property as defined in the Town Center Forward Purchase and Sale Agreement and Escrow Instructions ("FPSA").  The reconciliation was required to be made on or before March 31, 2009.

3. Such reconciliation required Granite to pay Alberta for outstanding expenses and post closing operating costs, including payment for all common area costs and expenses and any other operating expenses or other expenses related to the ownership, management, and operation of the Property; and 50% of the cumulative operating deficit.

4. By agreement of the parties, the reconciliation deadline was extended several times, with a final deadline of May 6, 2009.

5. Alberta provided to Granite, on multiple occasions, the information necessary for the reconciliation of the proration of Property expenses made at Closing.

6. Without justification, Granite has refused to pay Alberta the amount due to Alberta from Granite pursuant to the reconciliation.

7. Indeed, Granite has refused to pay Alberta *any* amounts due under the reconciliation.

### First Claim for Relief: Breach of Contract

8. Alberta adopts and incorporates herein by reference the allegations set forth in Paragraphs 1 through 7 of these Counterclaims.

9. Alberta has substantially performed its obligations relating to the reconciliation.

10. Granite has breached its duties under the Agreements, as amended, by failing to reimburse Alberta pursuant to the reconciliation of the proration of Property expenses.

11. Granite's breach of its duties to reconcile the proration of Property expenses and reimburse Alberta has caused damages to Alberta in an amount to be proven at trial.

### Second Claim for Relief: Breach of the Covenant of Good Faith and Fair Dealing

12. Alberta adopts and incorporates herein by reference the allegations set forth in Paragraphs 1 through 11 of these Counterclaims.

13. The agreement, as amended, between Granite and Alberta contains an implied covenant of good faith and fair dealing.

14. Granite has breached its duties under the agreement, as amended, in bad faith with a wrongful intent to deprive Alberta of the benefits to which it was entitled.

15. Granite's actions were contrary to the agreed common purpose of reconciliation and the parties' reasonable expectations.

16. Granite's breach of the implied covenant of good faith and fair dealing has caused Alberta damages, in an amount to be proven at trial.

### Prayer for Relief

Alberta requests this Court enter judgment in its favor and against Granite on Alberta's counterclaims for relief stated herein in an amount to be proven at trial. Additionally, Alberta requests an award of its reasonable attorneys' fees, expenses, and pre- and post-judgment interest as permitted by contract and law, and such other relief as this Court deems just and appropriate.

### Jury Demand

Alberta demands a trial by jury on all issues so triable.

Respectfully submitted,

        */s/*Elizabeth A. Starrs
        Elizabeth A. Starrs
        Elizabeth J. Hyatt
        STARRS MIHM & PULKRABEK, LLP
        707 Seventeenth Street, Suite 2600
        Denver, CO 80202
        (303) 592-5900 – Telephone
        (303) 592-5910 – Facsimile
        estarrs@starrslaw.com
        ehyatt@starrslaw.com

        COUNSEL FOR DEFENDANT ALBERTA
        TOWN CENTER, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2009, a true and correct copy of the foregoing **DEFENDANT ALBERTA TOWN CENTER, LLC's ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT** was filed with the Clerk of the Court using the *CM/ECF* system, which will send notification of such filing to the following email addresses:

Osborne J. Dykes, III
Benjamin M. Vetter
FULBRIGHT & JAWORSKI, LLP
370 Seventeenth Street, Suite 2150
Denver, CO 80202
jdykes@fulbright.com
better@fulbright.com


Stephen L. Waters
Kimberly A. Bruetsch
1099 18th Street, Suite 2600
Denver, CO 80202
swaters@rwolaw.com
kbruetsch@rwolaw.com

                                        */s/*Elizabeth A. Starrs