IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC and
LAND TITLE GUARANTEE COMPANY,

    Defendants.

---

**GRANITE SOUTHLANDS TOWN CENTER LLC'S ANSWER
TO DEFENDANT ALBERTA TOWN CENTER, LLC'S COUNTERCLAIMS**

---

Plaintiff/counter-defendant Granite Southlands Town Center LLC ("Granite") answers defendant Alberta Town Center, LLC's ("Alberta") Counterclaims (Dkt. #7 at 4-8). Paragraphs 1-16 below respond to the corresponding numbered paragraphs of Alberta's Counterclaims.

**General Allegations**

1. With respect to paragraph 1 of Alberta's Counterclaims, Granite incorporates by reference its Original Complaint. The allegations of paragraph 1 are otherwise denied.

2. Granite admits that the Section 10.6 of the Forward Purchase and Sale Agreement and Escrow Instructions ("FPSA") required Granite and Alberta to review and approve the proration of specified property expenses. Granite further admits that, pursuant to Section 11 of the Fifteenth Amendment to Amendment and Agreement and Termination Agreement, dated December 8, 2008, the parties originally agreed that the proration would be completed on or before March 31, 2009. All remaining allegations in paragraph 2 are denied.

3. Granite admits that the reconciliation and proration provision of the FPSA applies to the costs and expenses identified in Section 10.6. All remaining allegations in paragraph 3 are denied. Specifically, Granite denies any remaining obligation to pay 50% of the cumulative operating deficit as this obligation has been fully satisfied and was terminated on December 8, 2008.

4. Granite admits that the parties agreed to extend the time for completing the reconciliation. Granite specifically denies that it agreed to a final deadline of May 6, 2009. All the remaining allegations in paragraph 4 are denied.

5. Granite denies that Alberta provided the information necessary to complete the reconciliation, despite repeated requests. The parties are – and were at the time Alberta filed the Counterclaims – exchanging information and in discussions about reconciling the proration expenses.

6. Granite denies that it was not justified in refusing to pay the amount that Alberta demanded prior to filing suit, which was $435,129.34. Granite has only refused to pay Alberta's overstated claim for true-up expenses because Alberta has not met its obligation to provide the required supporting documentation. Granite stands ready to fulfill any payment obligation, in an amount and manner appropriate for this litigation, once it has the information necessary to calculate the accurate amount. Although Alberta has not provided enough information for Granite to calculate the accurate amount, the information Granite has been able to gather indicates the figure is significantly lower than what Alberta has demanded. All the remaining allegations in paragraph 6 are denied.

7. The allegations in paragraph 7 are denied. Granite has not paid the reconciliation funds because Alberta has failed to provide the information necessary to calculate the accurate amount.

### First Claim for Relief:  Breach of Contract

8. With respect to paragraph 8 of the Counterclaims, Granite adopts and realleges this Answer, above.

9. The allegations in paragraph 9 are denied.

10. The allegations in paragraph 10 are denied.

11. The allegations in paragraph 11 are denied.

### Second Claim for Relief:  Breach of the Covenant of Good Faith and Fair Dealing

12. With respect to paragraph 12 of the Counterclaims, Granite adopts and realleges this Answer, above.

13. Granite admits the allegations in paragraph 13.

14. The allegations in paragraph 14 are denied.

15. The allegations in paragraph 15 are denied.

16. The allegations in paragraph 16 are denied.

### Affirmative Defenses

17. Alberta's Counterclaims are barred in whole or in part by limitations and estoppel.

18. Alberta is not entitled to the relief sought in the Counterclaims because Alberta is in material breach of the operative portions of the subject agreements.

19. Alberta is not entitled to the relief sought in the Counterclaims due to its failure to satisfy a condition precedent in that Alberta has failed to provide the information necessary to reconcile the prorations of the Property expenses.

20. Alberta's Counterclaims are pre-mature and not ripe for adjudication because Alberta has failed to provide the information required and the parties continue to exchange information and were in the process of doing so at the time Alberta filed the Counterclaims.

21. To the extent a judgment is entered against Granite that creates an obligation for Granite to pay money as a result of the parties' dispute over the true-up expenses, or otherwise, Granite is entitled to satisfy any such obligation by offsetting amounts due to Granite from the Cash Funds currently held in escrow.  The Cash Funds are the subject of Granite's Complaint in the captioned lawsuit.

## **Prayer for Relief**

WHEREFORE PREMISES CONSIDERED counter-defendant Granite prays that the counter-plaintiff Alberta take nothing and that Granite recover its attorneys' fees, costs of suit, and such other and further relief to which Granite may show itself justly entitled.

Respectfully submitted this 12th day of June, 2009.

- 5 -

       _/s/Osborne J. Dykes, III_____
       OSBORNE J. DYKES, III
       BENJAMIN M. VETTER
       FULBRIGHT & JAWORSKI L.L.P.
       370 Seventeenth Street, Suite 2150
       Denver, CO  80202
       (303) 801-2700 – Telephone
       (303) 801-2777 – Facsimile
       jdykes@fulbright.com
       bvetter@fulbright.com

       PAUL TRAHAN
       FULBRIGHT & JAWORSKI L.L.P.
       600 Congress Avenue, Suite 2400
       Austin, TX  78701
       (512) 474-5201 – Telephone
       (512) 536-4598 – Facsimile
       ptrahan@fulbright.com

       **COUNSEL FOR PLAINTIFF**
       **AND COUNTER-DEFENDANT**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 12th day of June, 2009, I electronically filed the foregoing **GRANITE SOUTHLANDS TOWN CENTER LLC'S ANSWER TO DEFENDANT ALBERTA TOWN CENTER, LLC'S COUNTERCLAIMS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to attorneys for plaintiffs at the following e-mail addresses:

| | |
|---|---|
| Stephen L. Waters | swaters@rwolaw.com |
| Kimberly A. Bruetsch | kbruetsch@rwolaw.com |
| ROBINSON WATERS & O'DORISIO, P.C. | |
| 1099 18th Street, Suite 2600 | |
| Denver, CO 80202 | |
| | |
| Elizabeth A. Starrs | estarrs@starrslaw.com |
| Elizabeth J. Hyatt | ehyatt@starrslaw.com |
| STARRS MIHM & PULKRABEK LLP | |
| 707 17th Street, Suite 2600 | |
| Denver, CO 80202 | |

*/s/ Osborne J. Dykes, III*