IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

      Plaintiff,

v.

ALBERTA TOWN CENTER, LLC and
LAND TITLE GUARANTEE COMPANY,

      Defendants.

## PROPOSED SCHEDULING ORDER

### 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The scheduling/planning conference took place on July 6, 2009, at 11:00 a.m.  The following appearances were made:

For Plaintiff Granite Southlands Town Center LLC:
Paul Trahan
FULBRIGHT & JAWORSKI L.L.P.,
600 Congress Avenue, Suite 2400
Austin, TX 78701-2978
(512) 474-5201
ptrahan@fulbright.com

Benjamin Vetter
FULBRIGHT & JAWORSKI L.L.P.
370 Seventeenth Street, Suite 2150,
Denver, CO 80202
(303) 801-2700
bvetter@fulbright.com

For Defendant Alberta Town Center, LLC:

<pre>
Elizabeth A. Starrs
Elizabeth J. Hyatt
STARRS MIHM & PULKRABEK, LLP
707 Seventeenth Street, Suite 2600
Denver, CO  80202
(303) 592-5900
estarrs@starrslaw.com
ehyatt@starrslaw.com
</pre>

<u>For Defendant Land Title Guarantee Company</u>:

<pre>
Kimberly A. Bruetsch
ROBINSON WATERS & O'DORISIO, P.C.
1099 18th Street, Suite 2600
Denver, CO  80202
(303) 297-2600
kbruetsch@rwolaw.com
</pre>

## 2. STATEMENT OF JURISDICTION

Plaintiff Granite Southlands Town Center, LLC ("Granite") is domiciled in a different state than defendants Alberta Town Center, LLC ("Alberta") and Land Title Guarantee Company ("Land Title") and the amount in controversy exceeds $75,000, excluding interest and costs. Jurisdiction therefore is proper under 28 U.S.C. § 1332.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. *Plaintiff(s):*

**<u>Plaintiff Granite Southlands Town Center LLC's Statement of Claims and Defenses</u>:**

Granite seeks a judicial declaration that, pursuant to the terms of the parties' agreements regarding the Southlands Town Center in Aurora, Colorado, including the Forward Purchase and Sale Agreement as amended ("FPSA") and accompanying Escrow Agreement ("Escrow Agreement"), Granite is entitled to $650,000 in escrowed funds currently held by Land Title. The funds were withheld from and placed in escrow pending Alberta's timely delivery of tenant estoppel

certificates that were required to satisfy criteria set forth in the parties' agreements. Because, Granite alleges, Alberta failed to deliver the required number of estoppel certificates meeting the criteria set forth in the FPSA and Escrow Agreement, Granite claims it is entitled to the escrowed funds. Alberta has contested Granite's right to receive the escrowed funds, and Land Title has refused to deliver the funds to Granite.

With respect to Alberta's counterclaim – which concerns reconciliation of prorated expenses, Granite contends that, if it turns out that Granite owes any amount to Alberta, the amount is only a fraction of the $435,129.34 that Alberta demanded prior to filing suit. In any event, Granite strongly disputes claims that it breached its obligations under the parties' agreements by failing to pay Alberta the amount demanded because Alberta failed to provide the information necessary for Granite to reconcile the prorated expenses. The parties are in ongoing discussions in an attempt to reach agreement on the amount of the prorated expenses. In the event the parties are unable to reach agreement and this dispute proceeds to adjudication, Granite will ask the Court or a jury to declare that the amount owed is not the amount Alberta demanded prior to filing suit and, per the parties' agreements, Granite will seek recovery of the attorneys' fees and costs incurred as a result of this aspect of the parties' dispute.

Granite is also in the process of investigating various potential design and construction issues at the property underlying these disputes – of which Granite believes Alberta was aware prior to closing on the sale of the property. Consequently, Granite reserves the right to add parties and claims as appropriate in relation to these issues. This could impact scheduling.

85129909.2

    *b.*    *Defendant(s):*

**Defendant Alberta Town Center, LLC's Statement of Claims and Defenses:**

As to Granite's declaratory judgment claim, Alberta denies that it failed to deliver the estoppel certificates pursuant to the agreement of the parties. Alberta asserts that the terms of the agreement set forth the bases for which Granite may reject delivered estoppel certificates and that Granite improperly and in contradiction to the terms of the agreement rejected certain estoppel certificates. Alberta asserts it is entitled to receive the escrowed funds.

As to Alberta's counterclaim, Alberta asserts that Granite has failed to pay Alberta funds due to Alberta from the reconciliation of certain expenses as required by the agreement of the parties. Alberta asserts that it has provided Granite all necessary information for the reconciliation, and that Granite has failed to exercise good faith and fair dealing with respect to the reconciliation. Alberta alleges Granite failed to identify with specificity the information it allegedly needs to complete the reconciliation, failed to identify any undisputed amount due to Granite pursuant to the reconciliation, and failed to pay Granite the amount due pursuant to the reconciliation.

**Defendant Land Title Guarantee Company's Statement of Claims and Defenses:**

Land Title admits that it is holding the escrow funds pursuant to the terms of the Escrow Agreement. Land Title has refused to release the funds to either party due to the competing claims to the escrow funds.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1.    Granite and Alberta entered into at least two contracts relevant to this dispute, namely, the FPSA, as amended, and accompanying Escrow Agreement.

2. Under the terms of the FPSA and Escrow Agreement, $650,000 was placed in escrow with defendant Land Title. The money was placed in escrow pending performance of certain contractual obligations by Alberta.

3. Alberta was obligated under the FPSA to deliver certain tenant estoppel certificates to Granite.

4. On or before March 1, 2009, Alberta delivered eighty-five (85) tenant estoppel certificates to Granite. Granite rejected nine (9) of the tenant estoppel certificates.

5. Section 10.6 of the FPSA requires Granite and Alberta to review and approve the proration of specified property expenses. Granite and Alberta, by written agreement dated December 8, 2008, agreed that the proration would be completed on or before March 31, 2009. Granite and Alberta subsequently agreed to extend the completion date to April 15, 2009, April 30, 2009, and then May 6, 2009.

## 5. COMPUTATION OF DAMAGES

**<u>Plaintiff Granite Southlands Town Center, LLC's Calculation of Damages:</u>**

With respect to the dispute regarding the escrowed funds, Granite seeks a declaration that it is entitled to the full amount of money escrowed, $650,000, because it claims Alberta failed to provide the required tenant estoppel certificates by the required deadline. Pursuant to the parties' agreements, Granite also seeks all of the reasonable attorneys' fees, expenses and costs of investigation it incurs in connection with this aspect of the parties' dispute.

As to the dispute regarding reconciliation of prorated expenses, Granite seeks the amount, if any, owed by Alberta to Granite based upon a proper calculation of the amount due. Also, pursuant to the parties' agreements, Granite seeks to recover from Alberta all of the reasonable attorneys'

85129909.2

fees, expenses and costs of investigation it incurs in connection with this aspect of the parties' dispute.

**Defendant Alberta Town Center, LLC's Calculation of Damages:**

Alberta seeks a declaration that it is entitled to the escrow funds, including interest, and will seek its reasonable attorneys' fees and costs as the prevailing party, as to Granite's declaratory judgment action.

On its counterclaims for breach of contract and breach of the covenant of good faith and fair dealing, Alberta seeks damages including the amount due pursuant to the reconciliation, its expenses, costs, and attorneys' fees incurred due to Granite's alleged failure to perform its duties to reconcile, and its attorneys' fees and costs as the prevailing party in this action.

**Defendant Land Title Guarantee Company's Calculation of Damages:**

Land Title seeks its reasonable attorneys fees and costs pursuant to the terms of the Escrow Agreement.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. The date of the rule 26(f) meeting was June 15, 2009.

b. Paul Trahan and Benjamin Vetter of Fulbright & Jaworski, LLP participated on behalf of Granite. Elizabeth Hyatt of Starrs, Mihm, and Pulkrabek, LLP, participated on behalf of Alberta. Kimberly A. Bruetsch of Robinson, Waters, & O'Dorisio, P.C., participated on behalf of Land Title.

c. The parties agreed that the deadline for disclosures under Fed. R. Civ. P. 26(a)(1) would be July 2, 2009. The parties agree that documents, if at all possible, should be produced in

electronic format and not in hard copy. Land Title does not wish to receive the documents produced by Granite and Alberta.

      d.      Disclosures required by Fed. R. Civ. P. 26(a)(1) are due on or before July 2, 2009.

      e.      Due to the need for depositions, the parties do not believe that joint interviews with potential witnesses will be of value.

      f.      The parties anticipate that there will be significant discovery of electronically stored information in this case. Counsel for the parties have already advised their separate clients to preserve electronically stored information. Further, counsel for the parties have discussed the nature and extent of e-discovery as it relates to this case. As such, the parties have agreed to produce e-documents in electronic form, whenever possible, in a format agreed to by the parties.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. CASE PLAN AND SCHEDULE

      a.      <u>Deadline for Joinder of Parties and Amendment of Pleadings</u>: August 7, 2009.

      b.      <u>Discovery Cut-off</u>:    Granite proposes December 18, 2009;

                                   Alberta proposes December 1, 2009.

      c.      <u>Dispositive Motion Deadline</u>: Granite proposes March 5, 2010;

                                     Alberta proposes January 15, 2010

      d.      <u>Expert Witness Disclosure</u>:

           (1)     Anticipated fields of expert testimony:

                   Granite (Plaintiff): Granite anticipates the need for experts in the general

areas of accounting, real estate, construction, and engineering. Granite reserves the right to designate additional experts to respond to the opinions of the opposing parties' experts.

Alberta (Defendant): As to Granite's declaratory judgment action, Alberta does not anticipate the need for expert witnesses. As to Alberta's counterclaims, Alberta anticipates a potential need for a commercial real estate transactions expert and/or an accounting expert. Alberta reserves the right to use rebuttal experts in any field designated by Granite.

(2) Each party shall be limited to a total of five (5) expert witnesses.

(3) The parties agree that expert designations and reports are due on or before October 5, 2009. Responsive expert designations and reports, under Fed. R. Civ. P. 26(a)(2), are due on or before November 5, 2009. Granite further proposes that rebuttal experts designations and reports, under Fed. R. Civ. P. 26(a)(2), are due on or before November 19, 2009.

e. <u>Deposition Schedule</u>: The parties have agreed to work together to schedule depositions within the discovery period.

f. <u>Interrogatory Schedule</u>: Interrogatories shall be served no later than 33 days before Discovery Cut-off.

g. <u>Schedule for Request for Production of Documents</u>: Requests for Production shall be served no later than 33 days before Discovery Cut-off.

h. <u>Discovery Limitations</u>:

(1) Limits on Number of Depositions: Each side is entitled to depose each of the other parties, and each of the other parties' expert witnesses. Granite proposes that each party be allowed to depose up to 20 fact witnesses. Alberta proposes that each party be allowed to depose up to 10 fact witnesses.

85129909.2

-8-

(2) Limits on Length of Depositions: Deposition length shall be governed by the Federal Rules of Civil Procedure.

(3) Limit on Interrogatories: Each side shall be limited to 25 interrogatories.

(4) Limitations on Other Discovery Requests:

Requests for Production: No agreed limitations.

Requests for Admission: No agreed limitations.

(5) Other Planning or Discovery Orders: : The parties are preparing a proposed Protective Order to be submitted to the Court for approval.

## 9. SETTLEMENT

The parties hereby certify that they have discussed the possibilities of a prompt settlement or resolution of the case by alternative dispute resolution without success at this time. The parties will continue these discussions informally and wish to participate in a settlement conference to be conducted by the Magistrate Judge assigned to this case. Additional information concerning settlement is provided in the confidential settlement letters provided to the Magistrate Judge in advance of the scheduling and planning conference.

## 10. OTHER SCHEDULING ISSUES

a. None.

b. Trial length: Granite proposes 10 trial days.

Alberta proposes 5 trial days.

## 11. DATES FOR FURTHER CONFERENCES

a. A settlement conference will be held on_____, 2009 at _____ o'clock ___.m. The settlement conferences that take place before the magistrate judge shall be

85129909.2

confidential.

( )     *Pro se* parties and attorneys only need be present.

( )     *Pro se* parties, attorneys, and client representatives with authority to settle must be present.  (NOTE: This requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( )     Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b.     Status conferences will be held in this case at the following dates and times: _____

_____

c.     A final pretrial conference will be held in this case on _____, 2009 at_____ o'clock __.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 12.  OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate

judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order maybe be amended only upon a showing of good cause.

DATED this _____ day of _____, 2009.

                                            BY THE COURT:

                                            _____
                                            KRISTEN L. MIX
                                            United States Magistrate Judge

Respectfully submitted this 1st day of July, 2009.

*/s/ Paul Trahan*
OSBORNE J. DYKES, III
BENJAMIN M. VETTER
FULBRIGHT & JAWORSKI L.L.P.
370 Seventeenth Street, Suite 2150
Denver, CO  80202
(303) 801-2700 – Telephone
(303) 801-2777 – Facsimile
jdykes@fulbright.com
bvetter@fulbright.com

PAUL TRAHAN
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX  78701
(512) 474-5201 – Telephone
(512) 536-4598 – Facsimile
ptrahan@fulbright.com

**COUNSEL FOR PLAINTIFF AND COUNTER-DEFENDANT GRANITE SOUTHLANDS TOWN CENTER LLC**

*/s/ Kimberly A. Bruetsch*
STEPHEN L. WATERS
KIMBERLY A. BRUETSCH
ROBINSON WATERS & O"DORISIO, P.C.
1099 18th Street, Suite 2600
Denver, CO  80202
(303) 297-2600 – Telephone
(303) 297-2750 – Facsimile
swaters@rwolaw.com
kbruetsch@rwolaw.com

**COUNSEL FOR DEFENDANT LAND TITLE GUARANTEE COMPANY**

*/s/ Elizabeth J. Hyatt*
ELIZABETH A. STARRS
ELIZABETH J. HYATT
STARRS MIHM & PULKRABEK, LLP
707 Seventeenth Street, Suite 2600
Denver, CO  80202
(303) 592-5900 – Telephone
(303) 592-5910 – Facsimile
estarrs@starrslaw.com
ehyatt@starrslaw.com

**COUNSEL FOR DEFENDANT AND COUNTER-PLAINTIFF ALBERTA TOWN CENTER, LLC**