UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER, LLC,

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC;
LAND TITLE GUARANTEE COMPANY,
DONALD G. PROVOST;
ALLAN G. PROVOST; and
PETER M. CUDLIP

    Defendants.

---

## LAND TITLE GUARANTEE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

---

Defendant, Land Title Guarantee Company ("Land Title"), by and through their undersigned counsel, Robinson Waters & O'Dorisio, P.C., submits this Answer to Plaintiff's First Amended Complaint and states as follows:

### PARTIES

1. Upon information and belief, Land Title admits the allegations contained in paragraph 1 of the Amended Complaint.

2. Upon information and belief, Land Title admits the allegations contained in paragraph 2 of the Amended Complaint.

3. Land Title admits the allegations contained in paragraph 3 of the Amended Complaint.

4.      Land Title lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 4 of the Amended Complaint and, therefore, denies the same.

5.      Land Title lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 5 of the Amended Complaint and, therefore, denies the same.

6.      Land Title lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 6 of the Amended Complaint and, therefore, denies the same.

## JURISDICTION AND VENUE

7.      Upon information and belief, Land Title admits the allegations contained in paragraph 7 of the Amended Complaint.

8.      Land Title admits it is a resident of the State of Colorado.

9.      Upon information and belief, Land Title admits the allegations contained in paragraph 9 of the Amended Complaint.

## FACTS

10.     Land Title lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 10 of the Amended Complaint and, therefore, denies the same.

11.     Land Title lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 11 of the Amended Complaint and, therefore, denies the same.

12.     Land Title lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 12 of the Amended Complaint and, therefore, denies the same.

13. Land Title lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 13 of the Amended Complaint and, therefore, denies the same.

14. Land Title lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 14 of the Amended Complaint and, therefore, denies the same.

15. Land Title lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 15 of the Amended Complaint and, therefore, denies the same.

16. Land Title lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 16 of the Amended Complaint and, therefore, denies the same.

17. Land Title lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 17 of the Amended Complaint and, therefore, denies the same.

18. Land Title lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 18 of the Amended Complaint and, therefore, denies the same.

19. Land Title lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 19 of the Amended Complaint and, therefore, denies the same.

20. Land Title admits that it refused to release the Escrow Funds due to a dispute between the parties to the contract. Land Title lacks sufficient information or knowledge to

admit or deny the remaining allegations contained in paragraph 20 of the Amended Complaint and, therefore, denies the same.

21.     Land Title lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 21 of the Amended Complaint and, therefore, denies the same.

## CAUSES OF ACTION

### FRAUDULENT INDUCEMENT AS TO THE RELEASE
(against Donald Provost, Allan Provost and Peter Cudlip)

22.     Land Title lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 22 of the Amended Complaint and, therefore, denies the same.

### DECLARATORY JUDGMENT REGARDING ESCROW
(against Alberta and Land Title)

23.     Land Title lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 23 of the Amended Complaint and, therefore, denies the same.

### ACTUAL AND EXEMPLARY DAMAGES FOR FRAUD
(Against Alberta)

24.     Land Title lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 24 of the Amended Complaint and, therefore, denies the same.

### ATTORNEYS' FEES AND COSTS UNDER THE ESCROW AGREEMENT
(Against Alberta)

25. Land Title lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 25 of the Amended Complaint and, therefore, denies the same.

## AFFIRMATIVE DEFENSES

1. Land Title refused to release the escrowed funds due to the competing claims of Plaintiff and Defendant, Alberta Town Center, LLC.

2. Land Title seeks its attorneys fees and costs pursuant to the terms of the Escrow Agreement.

WHEREFORE, having fully answered Plaintiff's Complaint, Land Title respectfully requests that this Court enter judgment in favor of Land Title, award Land Title its attorneys fees and costs pursuant to the Escrow Agreement and any other relief that this Court deems just and proper.

DATED this 25th day of September 2009.

Respectfully submitted,

ROBINSON WATERS & O'DORISIO, P.C.

*s/ Kimberly A. Bruetsch*
Stephen L. Waters
Kimberly A. Bruetsch
1099 18th Street, Suite 2600
Denver, Colorado 80202
Telephone: 303-297-2600
Facsimile: 303-297-2750
swaters@rwolaw.com
kbruetsch@rwolaw.com
*Counsel for Land Title Guarantee Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September, 2009, a true and correct copy of the foregoing Land Title Guarantee Company's Answer to Plaintiff's First Amended Complaint was served via CM/ECF on the following:

Osborne J. Dykes, III, Esq.
Benjamin M. Vetter, Esq.
Fulbright & Jaworski LLP
370 Seventeenth Street, Suite 2150
Denver, Colorado  80202
jdykes@fulbright.com
bvetter@fulbright.com

Paul Trahan, Esq.
Fulbright & Jaworski LLP
600 Congress Avenue, Suite 2400
Austin, Texas  78701
ptrahan@fulbright.com

Elizabeth A. Starrs, Esq.
Elizabeth J. Hyatt, Esq.
Starrs Mihm & Pulkrabek LLP
707 Seventeenth Street, Suite 2600
Denver, Colorado  80202
estarrs@starrslaw.com
ehyatt@starrslaw.com
*Counsel for Alberta Town Center LLC*

Stuart N. Bennett, Esq.
Lindquist & Vennum PLLP
600 17th Street, Suite 1800S
Denver, Colorado 80202
sbennett@lindquist.com
*Counsel for Peter Cudlip*

s/ Kristi Kellow