IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER, LLC,

        Plaintiff

v.

ALBERTA TOWN CENTER, LLC,
LAND TITLE GUARANTEE COMPANY,
DONALD G. PROVOST,
ALLAN G. PROVOST,
and PETER M. CUDLIP,

        Defendants.

---

**DEFENDANT ALBERTA TOWN CENTER, LLC'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

Defendant and Counterclaimant, Alberta Town Center, LLC ("Alberta"), by and through its attorneys, Lindquist & Vennum, PLLP, hereby answers Plaintiff's First Amended Complaint as follows:

### With Respect to "Summary of Complaint"

These un-numbered paragraphs of the First Amended Complaint appear to be Plaintiff's attempt to summarize the specific allegations of the numbered paragraphs that follow. As such Alberta incorporates by reference its answers to the specific allegations of numbered paragraphs of the First Amended Complaint. To the extent an answer to any of the allegations contained within the "Summary of Complaint" is deemed necessary, Alberta denies each and every allegation contained therein.

- 1 -

Doc# 3103414\2

## With Respect to "Parties"

1. Alberta admits Plaintiff is a Delaware limited liability company. Upon information and belief, Alberta denies that Plaintiff's principal place of business is in New Jersey.

2. Alberta admits it is a Colorado limited liability company, and that it has three members: Donald G. Provost, Allan G. Provost and Peter M. Cudlip. Alberta further admits that Donald G. Provost and Peter M. Cudlip are Alberta's two managers. Alberta denies the remaining allegations of paragraph 2.

3. The allegations of paragraph 3 concern co-Defendant Land Title Guarantee Company ("Land Title") as to which Alberta lacks knowledge or information sufficient to form a belief as to the truth thereof, and therefore Alberta denies them, except Alberta admits that Land Title has appeared in this action. No further answer from Alberta is required.

4. Alberta admits the allegations of paragraph 4.

5. Alberta admits the allegations of paragraph 5.

6. Alberta admits the allegations of paragraph 6.

## With Respect to "Jurisdiction and Venue"

7. Alberta admits that the amount in controversy in this case, exclusive of interests and costs exceeds $75,000.00. Alberta denies the remaining allegations of paragraph 7.

8. Alberta admits the Court has personal jurisdiction over Alberta. Alberta neither admits nor denies that the Court has personal jurisdiction over any other Defendant.

9. Alberta admits venue is proper for the claims asserted against Alberta. Alberta neither admits nor denies that venue is proper for claims asserted against any other Defendant.

Doc# 3103414\2

**With Respect to "Facts"**

10. Alberta admits Granite purchased the Southlands Town Center (the "Property") from Alberta on December 12, 2008. Alberta admits it served as the developer of the Property and that construction began following execution of a Forward Purchase and Sale Agreement and Escrow Instructions ("FPSA") executed on or about September 29, 2005. Alberta admits that Alberta's and Granite's rights and obligations relative to each other with respect to the purchase and sale of the Property are set forth in the FPSA and its sixteen amendments. Alberta denies the remaining allegations of paragraph 10.

11. Alberta admits it was required to obtain estoppel certificates from tenants of the Property subject to the terms and conditions of the FPSA and its sixteen amendments, certain portions of which are quoted in paragraph 11. Alberta denies the remaining allegations of paragraph 11, including without limitation, all characterizations of the FPSA inconsistent with its express terms.

12. Alberta admits it secured estoppel certificates from tenants in May 2008 and that the terms and conditions upon which Alberta was obligated to deliver tenant estoppel certificates are set forth in the FPSA and its sixteen amendments. Alberta further admits that Granite refused to accept the May 2008 estoppel certificates and that the parties agreed to place $650,000 of the purchase price in escrow with Land Title. Alberta denies the remaining allegations of paragraph 12.

13. Alberta admits that Alberta's and Granite's rights and obligations relative to each other with respect to escrowed funds and the delivery of estoppel certificates are set forth in the FPSA and its sixteen amendments, portions of which are quoted in paragraph 13. Alberta

denies all remaining allegations of paragraph 13, including without limitation, all characterizations of the FPSA inconsistent with its express terms.

14. The allegations of paragraph 14 are not directed at Alberta and, therefore, do not appear to require an answer from Alberta. To the extent any answer is required Alberta admits only that a correct copy of the referenced Release and Termination Agreement is attached to the First Amended Complaint. Alberta denies all remaining allegations of paragraph 14, including without limitation, all characterizations of the Release inconsistent with its express terms.

15. The allegations of paragraph 15 are not directed at Alberta and, therefore, do not appear to require an answer from Alberta. To the extent any answer is required, Alberta admits only that the January 28, 2009 Estoppel Certificate and June 25, 2008 letter to Jose Inclan attached to Exhibit B to the First Amended Complaint, and the documents attached to the First Amended Complaint as Exhibits C and D are true and correct copies. Alberta denies all remaining allegations of paragraph 15, including without limitation, all characterizations of Exhibits B, C, and D inconsistent with their express terms.

16. The allegations of paragraph 16 are not directed at Alberta and, therefore, do not appear to require an answer from Alberta. To the extent any answer is required, Alberta denies the allegations of paragraph 16.

17. The allegations of paragraph 17 are not directed at Alberta and, therefore, do not appear to require an answer from Alberta. To the extent any answer is required, Alberta denies the allegations of paragraph 17.

18. The allegations of paragraph 18 are not directed at Alberta and, therefore, do not appear to require an answer from Alberta. To the extent any answer is required, Alberta denies the allegations of paragraph 18.

19. Alberta admits it delivered at least eighty-five (85) tenant estoppel certificates to Granite prior to March 1, 2009 and that Granite claimed to reject nine (9) estoppel certificates. Alberta denies all remaining allegations of paragraph 19.

20. Alberta denies that it failed to deliver tenant estoppel certificates to Granite. The remaining allegations of paragraph 20 are not directed at Alberta and, therefore, do not appear to require an answer from Alberta. To the extent any answer is required, Alberta admits, on information and belief, that Land Title has not paid the referenced escrowed funds to Granite, but denies all remaining allegations of paragraph 20.

21. Alberta denies that any condition of the Property at the time of the Release constituted a latent defect or that any component of any building at the Property is failing. The remaining allegations of paragraph 21 do not appear to be directed at Alberta and, therefore, do not appear to require an answer from Alberta. To the extent any answer is required Alberta denies the allegations of paragraph 21.

**With Respect to "Causes of Action" "Fraudulent Intent as to the Release"**
**(against Donald Provost, Allan Provost, and Peter Cudlip)**

22. The allegations of paragraph 22 are not directed at Alberta and, therefore, do not require an answer from Alberta. To the extent any answer is required Alberta denies the allegations of paragraph 22.

Doc# 3103414\2

### With Respect to ""Declaratory Judgment Regarding Escrow"
### (against Alberta and Land Title)

23.    Alberta denies the allegations of paragraph 23 and that Granite is entitled to the relief sought in paragraph 23.

### With Respect to "Actual and Exemplary Damages for Fraud"
### (against the Principals)

24.    The allegations of paragraph 24 are not directed at Alberta and, therefore, do not require an answer from Alberta. To the extent any answer is required Alberta denies that Granite is entitled to the relief sought in paragraph 24.

### With Respect to "Attorneys' Fees and Costs Under The Escrow Agreement"
### (against the Alberta)

25.    Alberta admits that the Escrow Agreement provides for the prevailing party to recover its reasonable and actual attorneys' fees and expenses, but Alberta denies the remaining allegations of paragraph 25, including, without limitation that Granite is entitled to the relief sought in paragraph 25.

### AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

26.    Plaintiff's First Amended Complaint fails to state a claim against Alberta upon which relief may be granted.

27.    Plaintiff's claims against Alberta are barred by the doctrine of waiver, estoppel and release.

28.    Plaintiff's claims against Alberta are barred by Plaintiff's prior breach of the FPSA and its Amendments.

## ALBERTA'S COUNTERCLAIMS AGAINST GRANITE

29.    Alberta reasserts and incorporates herein by reference each and every one of its Counterclaims against Granite stated in Alberta's Answer and Counterclaims to Plaintiff's Original Complaint [Docket No. 7].

### Prayer for Relief

Alberta prays for an order dismissing the First Amended Complaint or for judgment in its favor and against Granite on Granite's "causes of action" asserted against Alberta and for an order requiring the Escrow Holder to deliver the Cash Funds and accrued interest to Alberta. Alberta further requests that the Court enter judgment in favor of Alberta and against Granite on each of Alberta's counterclaims for relief stated in Alberta's Answer and Counterclaims to Plaintiff's Original Complaint [Docket No. 7], in an amount to be proven at trial. Additionally, Alberta requests an award of its reasonable attorneys' fees, expenses, and pre- and post-judgment interest as permitted by contract and law, and such other and further relief as this Court deems just and appropriate.

### Jury Demand

Alberta demands a trial by jury on all issues so triable.

DATED: October 14, 2009.

- 8 -

Respectfully submitted,

*s/   Stuart N. Bennett*
Stuart N. Bennett
**LINDQUIST & VENNUM, P.L.L.P.**
600 - 17th Street, Suite 1800 –South
Denver, CO 80202
Telephone:     (303) 573-5900
Fax:                (303) 573-1956
E-mail:           sbennett@lindquist.com
Attorneys for Defendants Peter M. Cudlip,
Donald G. Provost and Alberta Town Center, LLC

- 8 -

Doc# 3103414\2

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | | |
|---|---|---|
| *Attorneys for Plaintiff & Counter Defendant Granite Southlands Town Center, LLC* | jdykes@fulbright.com<br>bvetter@fulbright.com | Osborne J. Dykes, III<br>Benjamin M. Vetter<br>Fulbright & Jaworski LLP<br>370 – 17th Street, Suite 2150<br>Denver, CO  80202 |
| *Attorneys for Plaintiff & Counter Defendant Granite Southlands Town Center, LLC* | ptrahan@fulbright.com | Paul Trahan<br>Fulbright & Jaworski LLP<br>600 Congress Avenue, Suite 2400<br>Austin, TX  78701 |
| *Defendant & Counter Claimant Alberta Town Center, LLC* | ehyatt@starrslaw.com<br>estarrs@starrslaw.com | Elizabeth Jeanelia Hyatt<br>Elizabeth A. Starrs<br>Starrs Mihm & Pulkrabek, LLP<br>707 – 17th Street, Suite 2600<br>Denver, CO  80202 |
| *Defendant Land Title Guarantee Company* | kbruetsch@rwolaw.com | Kimberly A. Bruetsch<br>Robinson, Waters & O'Dorisio PC<br>1099 – 18th Street, 26th Floor<br>Denver, CO  80202 |
| *Defendant Allan G. Provost* | dbp@haplaw.net | Dennis B. Polk<br>Holley, Albertson & Polk, PC<br>1667 Cole Boulevard, Suite 100<br>Golden, CO 80401 |

And I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner indicated by the non-participant's name:

NONE

                                                s/   *Stuart N. Bennett*
                                                Stuart N. Bennett
                                                Attorneys for Defendants Peter M. Cudlip,
Donald G. Provost and Alberta Town Center, LLC
Lindquist & Vennum P.L.L.P.
600 - 17th Street, Suite 1800 –South
Denver, CO 80202
Telephone:    303-573-5900
Fax:          303-573-1956
E-mail:       sbennett@lindquist.com