

Not Reported in F.Supp.2d, 2006 WL 295385 (D.Colo.)
 **(Cite as: 2006 WL 295385 (D.Colo.))**

Only the Westlaw citation is currently available.

United States District Court,
D. Colorado.
BRIDGWATER APARTMENTS, LLC, a Colorado limited liability company, f/k/a Mesa Verde Villas, a California general partnership, Plaintiff,
v.
6401 SOUTH BOSTON STREET, INC., a Florida corporation, and Heitman Capital Management, LLC, a Florida limited liability company, Defendants.
**No. 05-CV-02021-REB-PAC.**

Feb. 7, 2006.

Douglas M. Tisdale, Tisdale & Associates, LLC, Denver, CO, for Plaintiff.

Michael James Carrigan, Holland & Hart, LLP, Scott Mark Browning, Kristin M. Bronson, Rothgerber, Johnson & Lyons, LLP, Denver, CO, for Defendants.

ORDER DENYING DEFENDANTS' JOINT MOTION TO DISMISS

BLACKBURN, J.

**\*1** The matter before me is Defendants' Joint Motion to Dismiss [# 9], filed October 31, 2005. I deny the motion.

I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

II. STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.,* 287 F.3d 992, 997 (10th Cir.2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Association,* 987 F.2d 278, 284 (5th Cir.1993); *see also Ruiz v. McDonnell,* 299 F.3d 1173, 1181 (10th Cir.2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied,* 538 U.S. 999, 123 S.Ct. 1908, 155 L.Ed.2d 826 (2003). Thus, Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiff, it is clear that it can prove no set of facts entitling it to relief. *See Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.,* 24 F.3d 125, 128 (10th Cir.1994).

In connection with their motion, defendants cite to and rely on various provisions of the parties' Purchase and Sale Agreement. Consideration of this document, which is referenced in detail in the complaint itself and central to plaintiff's claims, does not transform the motion into one for summary judgment. *See GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384-85 (10th Cir.1997)

III. ANALYSIS

On November 14, 2003, plaintiff purchased a 292-unit apartment complex in Greenwood Village, Colorado, from defendant 6401 South Boston Street, Inc. ("Boston Street"). Beginning in January, 2003, and continuing through the date the property was transferred to plaintiff, the property manager offered tenants who entered into certain types of leases an incentive equal to approximately three months rent, which could be taken up front, such that during the initial months of the lease, the tenant paid no rent at all, or pro rated over the term of the lease.

Although all tenants chose the pro rata option, Boston Street accounted for the rents as if tenants had chosen the up front option. It treated the pro rata rents it received during the initial three months of the affected leases as funds that had been received, but not yet earned, and credited those funds to a "prepaid rent account." At the closing, Boston Street refused to turn over these funds, which amounted to $312,072.35, to plaintiff, claiming that the funds

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 295385 (D.Colo.)
 **(Cite as: 2006 WL 295385 (D.Colo.))**

were attributable to rent concessions, which were not part of the contract of sale. Plaintiff alleges that Boston Street based its position in this regard on a duplicate set of accounts, which it did not reveal to plaintiff prior to the closing. It sued Boston Street and its advisor during the sale, Heitman Capital Management, Inc., in Denver County District Court, alleging causes of action for fraud, fraudulent concealment, and negligent misrepresentation. Defendants removed the case to this court and now have filed a motion to dismiss for failure to state a claim on which relief may be granted.

**\*2** Defendants' motion to dismiss is premised on the so-called "economic loss" rule. As adopted by the courts of Colorado,[FN1] "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Grynberg v. Agri Tech, Inc.,* 10 P.3d 1267, 1269 (Colo.2000); *see also Town of Alma v. Azco Construction, Inc.,* 10 P.3d 1256, (Colo.2000) (" 'As a general rule, no cause of action lies in tort when purely economic damage is caused by negligent breach of a contractual duty.' ") (quoting *Jardel Enterprises, Inc. v. Triconsultants,* 770 P.2d 1301, 1303 (Colo.App.1988)). The rule thus seeks to preserve the distinction between tort and contract law:

> FN1. Colorado substantive law applies in this diversity case. See *Dean Witter Reynolds Inc. v. Variable Annuity Life Insurance Co.,* 373 F.3d 1100, 1105 (10th Cir.2004).

Limiting the availability of tort remedies in these situations holds parties to the terms of their bargain. In this way, the law serves to encourage parties to confidently allocate risks and costs during their bargaining without fear that unanticipated liability may arise in the future, effectively negating the parties' efforts to build these cost considerations into the contract. The economic loss rule thus serves to ensure predictability in commercial transactions.
 *Town of Alma,* 10 P.3d at 1262. Whether the rule applies depends on the source of the duty the defendant is alleged to have breached. "A breach of a duty which arises under the provisions of a contract between the parties must be redressed under contract, and a tort action will not lie. A breach of a duty *arising independently* of any contract duties between the parties, however, may support a tort action." *Id.,* 10 P.3d at 1262 (citation and internal quotation marks omitted; emphasis in *Town of Alma* ).

Nevertheless, the Colorado Supreme Court has recognized that certain categories of torts-including, most importantly for present purposes, fraud and negligent misrepresentation-although designed to remedy purely economic losses, arise from duties that exist independently of any contractual obligation. *See id.* at 1262-63; *see also Keller v. A.O. Smith Harvestore Products, Inc.,* 819 P.2d 69, 73 (Colo.1991) ("[C]laims of negligent misrepresentation are based not on principles of contractual obligation but on principles of duty and reasonable conduct."), *answer to certified question conformed to,* 915 F.2d 1259 (10th Cir.1991). The Tenth Circuit has provided a cogent rationale for this principle:

Where a negligence claim is based only on breach of a contractual duty, the law of contract rightly does not punish the breaching party, but limits the breaching party's liability to damages that naturally flow from the breach. It is an altogether different situation where it appears two parties have in good faith entered into a contract but, in actuality, one party has deliberately made material false representations of past or present fact, has intentionally failed to disclose a material past or present fact, or has negligently given false information with knowledge that the other party would act in reliance on that information in a business transaction with a third party. The breaching party in this latter situation also is a tortfeasor and may not utilize the law of contract to shield liability in tort for the party's deliberate or negligent misrepresentations.

**\*3** *United International Holdings, Inc. v. Wharf (Holdings) Ltd.,* 210 F.3d 1207, 1227 (10th Cir.2000), *aff'd,* 532 U.S. 588, 121 S.Ct. 1776, 149 L.Ed.2d 845 (2001). Although other jurisdictions clearly follow a different paradigm, *see, e.g., Dinsmore Instrument Co. v. Bombardier, Inc.,* 199 F.3d 318, 321 (6th Cir.1999) (interpreting Michgan law); *Eye Care International, Inc. v. Underhill,* 92 F.Supp.2d 1310, 1314-15 (M.D.Fla.2000) (interpreting Florida law); *Grynberg v. Questar Pipeline Co.,* 70 P.3d 1, 40-41 (Utah 2003) (interpreting Wyoming law), as developed in Colorado, the rule categorically excludes claims of fraud and negligent misrepresentation from its purview.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 295385 (D.Colo.)
**(Cite as: 2006 WL 295385 (D.Colo.))**

Defendants nevertheless maintain that this case is an exception to that general rule because the contract itself contemplates and addresses the duties defendants are alleged to have breached.[FN2] For instance, the contract specified that, although Boston Street was to provide information pertaining to the operation of the property, it had not verified and did not certify that the information was true, correct, or complete in all respects. The contract further required plaintiff to employ the highest level of due diligence customarily employed by sophisticated institutional investors in commercial real estate transactions. Furthermore, plaintiff agreed to take the property, including matters related to its financial operation, "as is." Finally, plaintiff released Boston Street from liability relating to any statements, representations, warranties, or other information furnished to plaintiff.

> [FN2.] Even if the economic loss rule did apply, it is not clear how defendant Heitman Capital Management, LLC, which was not a signatory to the Purchase and Sale Agreement, would be entitled to dismissal on that basis.

I find none of these provisions sufficient, either singly or in combination, to shield defendants from liability for fraud and negligent misrepresentation under the economic loss rule as interpreted and applied by the Colorado courts. That the parties were sophisticated business entities engaged in an arm's-length transaction is irrelevant in determining whether fraud was committed. *See Colorado Visionary Academy v. Medtronic, Inc.,* 397 F.3d 867, 870-74 (10th Cir.2005). The facts that Boston Street expressly did not verify the accuracy of the information it provided and that plaintiff was required to exercise commercially reasonable due diligence do not absolve defendants of blame if they, in fact, intentionally withheld information during the due diligence period. *See United International Holdings, Inc.,* 210 F.3d at 1227. Similarly, the "as is" provision of the contract is no barrier to a claim of fraud. *See S Development Co. v. Pima Capital Management Co.,* 201 Ariz. 10, 31 P.3d 123, 129 & n. 4 (Ariz.App.2001) (citing *Haney v. Castle Meadows, Inc.,* 839 F.Supp. 753, 757 (D.Colo.1993)). Finally, the release pertaining to information actually provided by defendants obviously does not address the scenario alleged by plaintiff, in which information is affirmatively withheld until after the date of the closing.

Under Colorado law, "a party has a duty to disclose to another with whom he deals facts that in equity or good conscience should be disclosed .... [as well as] facts that he knows will create a false impression unless other facts are disclosed." *Burman v. Richmond Homes Ltd.,* 821 P.2d 913, 918 (Colo.App.1991). This duty exists independently of the contract. *See Metropolitan Gas Repair Service, Inc. v. Kulik,* 621 P.2d 313, 317 (Colo.1980) ("[C]ontractual obligation is not the touchstone of civil liability in tort. It is only the matrix from which an independent tort obligation may arise."). Assuming *arguendo* that a party could contractually insulate itself from liability for fraud and other intentional torts without running afoul of the public policy of the state of Colorado, the language of the contract would have to be much more specific than that on which defendants rely here. *See Keller,* 819 P.2d at 74 ("A contract provision purporting to prohibit a party to the contract from asserting a claim of negligent misrepresentation must be couched in clear and specific language.").

### IV. CONCLUSION

**\*4** I conclude that plaintiff's claims in this lawsuit are not barred by the economic loss rule as interpreted and applied by the Colorado courts. The motion to dismiss for failure to state a claim therefore must be denied.

THEREFORE, IT IS ORDERED that Defendants' Joint Motion to Dismiss [# 9], filed October 31, 2005, is DENIED.

D.Colo.,2006.
Bridgwater Apartments, LLC v. 6401 South Boston Street, Inc.
Not Reported in F.Supp.2d, 2006 WL 295385 (D.Colo.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.