**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-CV-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

      Plaintiff,

v.

ALBERTA TOWN CENTER, LLC,
LAND TITLE GUARANTEE COMPANY,
DONALD G. PROVOST, ALLAN G. PROVOST,
and PETER M. CUDLIP,

      Defendants.

---

## AGREED PROTECTIVE ORDER

---

      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause shown; the Court hereby orders that the following procedures are to be employed in this action to prevent disclosure or improper use of confidential information produced in discovery.

1.    PURPOSES AND LIMITATION:

      Discovery in this action will involve production of confidential, proprietary, or private information which, if disclosed, has the potential to cause substantial economic harm to the Parties, who possess confidential business and financial information concerning the financing and operations of the Southlands Town Center shopping center and the shopping center's tenants.  This Protective Order is designed to minimize the disclosure of sensitive and confidential commercial and proprietary information.  This Protective Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords

extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2.    DEFINITIONS.

2.1    Confidential Information:  information (regardless of how generated, stored or maintained) or tangible things that constitute trade secrets or other confidential research, proprietary information, and sensitive commercial information, including but not limited to interrogatory responses and deposition testimony.

2.2    Designating Party:  a party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.3    Disclosure or Discovery Material:  all items of information, regardless of the medium generated, stored, or maintained, that are produced or generated in disclosures or in responses to discovery requests in this matter.

2.4    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

2.5    Highly Confidential – Attorney's Eyes Only Information:  extremely sensitive "Confidential Information," the disclosure of which to another Party would create a substantial risk of serious injury that could not be avoided by less restrictive means, including those things of a proprietary business or technical nature that might be of value to a competitor or potential customer or vendor of the Party, and must be protected from disclosure to the opposing Party.

2.6     Party: any party to this action, including all of its officers, directors, employees, and consultants.

2.7     Report: A written statement by an Expert retained by a Party as more fully described in Fed. R. Civ. P. 26(a)(2)(B)(I).

2.8     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.9     Protected Material: any Disclosure or Discovery Material that is designated as either "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.10    Construction Professionals: individuals or entities retained by Granite Southlands Town Center LLC or its counsel to assess or repair problems at the property underlying the captioned lawsuit.

3.      SCOPE.

The protections conferred by this Protective Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, reports or compilations thereof.

4.      DESIGNATION OF PROTECTED MATERIAL.

Any Person who produces, gives, serves, files, or otherwise provides "Confidential" or "Highly Confidential-Attorney's Eyes Only" Discovery Material may designate such information as such under the terms of this Protective Order if it meets the definition stated in Paragraphs 2.1 and 2.5. Depositions may be so designated by statement of counsel on the record at the conclusion of the deposition.

4.1     Designation of "Confidential" Material:  As a general guideline, information or materials designated as "Confidential" shall be those things that may be produced to the Parties for the purposes of the litigation, but which must be protected against disclosure to third parties. Absent a specific order by this Court, once designated as "Confidential," such designated information shall be used by the Parties solely in connection with this litigation and not for any other business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided hereby.

4.2     Designation of "Highly Confidential – Attorney Eyes Only" Material:  As a general guideline, information or materials designed as "Highly Confidential-Attorney's Eyes Only" shall be those things of a proprietary business or technical nature that might be of value to a competitor or potential customer or vendor of the Party holding the proprietary rights thereto, and must be protected from disclosure to the opposing Party.

5.      DISCLOSURE OF DESIGNATED MATERIAL.

5.1     Disclosure of Confidential Information – Except as otherwise provided by this Protective Order, information designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to:

a.      Outside counsel of record for a Party in this action, their clerical, paralegal, and other staff, Professional Vendors they retain, and Construction Professionals;

b.      a Party, if the Party is an individual, and otherwise the officers, directors, or employees of a Party whose assistance is needed by counsel for the purposes of this litigation, provided that such persons are advised of and agree to be bound by this Protective Order;

c.      the Court (in the manner provided by Paragraphs 10 and 11) and Court personnel;

d.    any other person as to whom the producing Party agrees in writing;

e.    court reporters employed in connection with this action;

f.    any Expert, subject to the terms set forth in paragraph 7.

5.2    Disclosure of "Highly Confidential – Attorney's Eyes Only" Information –
Except as otherwise provided by this Protective Order, information designated as "Highly
Confidential-Attorney's Eyes Only" shall only be disclosed to the persons in Paragraphs 5.1(a)
and 5.1(c) through 5.1(f). Information designated as "Highly Confidential-Attorney's Eyes
Only" shall not be disclosed to persons listed in Paragraphs 5.1(b).

6.    HANDLING OF PROTECTED MATERIAL. .

The Parties shall store all Protected Material, and all copies and/or summaries of the
Protected Material, in a safe location so as to prevent its disclosure except pursuant to the terms
of this Protective Order.

7.    EXPERT REVIEW AND REPORT.

7.1    Any Expert or Construction Professional provided access to materials designed as
"Confidential" or "Highly Confidential – Attorney's Eyes Only" must first execute the
Acknowledgement attached as Exhibit A.

7.2    Any Report that discusses, describes, attaches, or discloses in any way the
substance of any Confidential Material shall be designated as "Confidential" or "Highly
Confidential-Attorney's Eyes Only" depending on the designation of the information disclosed.

7.3    Granite Southlands Town Center, LLC shall disclose in writing to counsel for
Alberta Town Center, LLC the name and contact information of each Construction Professional
to whom Protected Material is disclosed at the time such information is disclosed.

8.    INADVERTENT DISCLOSURE OF PROTECTED MATERIAL.

Nothing in this Protective Order shall require production of information which any party contends is protected from disclosure by the attorney-client privilege or the work product doctrine. If information subject to a claim of attorney-client privilege or work product doctrine is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product doctrine for such information. If any Party has inadvertently produced to the other Party information subject to claim of privilege or work product doctrine, the other Party shall promptly return the information upon discovery of the inadvertent production through the Party's own review of the material or when a claim of inadvertent production is made. If a Party disagrees with a claim of inadvertent production, the Party returning such information may then move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If any Party learns that, by inadvertence or otherwise, it has disclosed Protected Material in any circumstance not authorized under this Protective Order, the Party must immediately (a) notify the other Party in writing of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons execute the "Acknowledgment to Be Bound by Protective Order" that is attached hereto as Exhibit A.

10.   COURT FILINGS.

A Party may not file in the public record in this action any Protected Material without written permission from the opposing Party or pursuant to Court order secured after appropriate notice to all Parties. Any Protected Material filed with the Court must be filed under seal and not available for public viewing in accordance with D.C.Colo.L.R. 7.3. Any excerpts of deposition testimony referring to Protected Material must also be filed under seal.

11.   USE IN COURT.

In the event any information or material designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" hereunder is used in any Court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential" or "Highly Confidential – Attorney's Eyes Only" through such use. Further, no Protected Material or other items referring to Protected Material may be submitted, offered, designated or retained in any Court proceeding unless kept under seal. Counsel for the Parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any Court proceedings, and shall incorporate such procedures, as appropriate, in the pretrial order.

12.   MODIFICATION.

The provisions of this Protective Order shall govern the use of all Protected Material produced by the Parties. Each of the Parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other Parties and/or non-parties hereto for good cause.

13.    ACKNOWLEDGEMENT OF JURISDICTION.

All counsel for the Parties who have access to information or material designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

14.    DURATION.

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Parties agree otherwise in writing or a Court order otherwise directs.

15.    DISPOSITION OF PROTECTED MATERIAL FOLLOWING LITIGATION.

Unless otherwise ordered or agreed in writing by a Party, within thirty days after either (1) entry of a final judgment in this action and the exhaustion or any and all appeals or the failure to take a timely appeal, or (2) a settlement resolving this action, each receiving Party must destroy all Protected Material received from the other Party, all copies of such material, and all documents revealing the contents of the Protective Material.  Each Party must also provide a copy of each Acknowledgement signed pursuant to this Protective Order.  Nothing herein prevents the parties from agreeing to an alternative method for disposing of documents.

16.    RESOLUTION OF DISPUTES.

Whenever a Party objects to the treatment of a document or transcript as "Confidential" or "Highly Confidential Attorney's Eyes Only," it shall in writing so inform the other Party at any time. The Parties shall confer in good faith as to the validity of the designation within then (10) days of receiving written notice. If the Parties are unable to reach an agreement as to the designation, the Party seeking treatment of the materials as "Confidential" or "Highly

Confidential – Attorney's Eyes Only" may make an appropriate motion to this Court within twenty (20) days of receiving notice and after conferring with the opposing Party, with confidential portions thereof to be kept under seal, requesting that the identified information be afforded treatment under the provisions of this Protective Order. Until the Court enters an Order changing the designation of the document, it shall be accorded the "Confidential" or "Highly Confidential – Attorney's Eyes Only" treatment. If no motion is filed with the Court after the expiration of the time period specified above for doing so, the Discovery Material shall no longer be deemed "Confidential" or "Highly Confidential – Attorney's Eyes Only."

Dated at Denver, Colorado this _____ day of December, 2009.

BY THE COURT:

_____

United States Magistrate Judge

**AGREED:**

Stuart N. Bennett
LINDQUIST & VENNUM, P. L. L. P.
600 – 17th Street, Suite 1800 – South
Denver, Co  80202
(303) 573-5900 – Telephone
(303) 573-1956 – Facsimile
sbennett@lindquist.com
COUNSEL FOR ALBERTA TOWN CENTER, LLC,
DONALD G. PROVOST AND PETER M. CUDLIP

Osborne J. Dykes, III
Benjamin M. Vetter
FULBRIGHT & JAWORSKI, LLP
370 Seventeenth Street, Suite 2150
Denver, CO 80202
(303) 801-2700 - Telephone
(303) 801-2777 - Facsimile
jdykes@fulbright.com
better@fulbright.com

Paul Trahan
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX 78701
(512) 474-5201 - Telephone
(512) 536-4598 - Facsimile
ptrahan@fulbright.com
COUNSEL FOR GRANITE SOUTHLANDS TOWN
CENTER, LLC

Stephen L. Waters
Kimberly A. Bruetsch
ROBINSON WATERS & O'DORISIO, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
(303) 297-2600 - Telephone
(303) 297-2750 - Facsimile
swaters@rwolaw.com
kbruetsch@rwolaw.com
COUNSEL FOR LAND TITLE GUARANTEE COMPANY

Dennis Boyd Polk
HOLLEY, ALBERTSON & POLK, P.C.
1667 Cole Boulevard, Suite 100
Golden, CO 80401
(303) 233-7838 – Telephone
(303) 233-2860 – Facsimile
DBP@HAPLAW.NET
COUNSEL FOR ALLAN G. PROVOST