**EXHIBIT 2**

FEB. 27. 2009 12:55PM    GD&C LA                                    NO. 7299    P. 2/5

# GIBSON, DUNN & CRUTCHER LLP
## LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

333 South Grand Avenue  Los Angeles, California 90071-3197
(213) 229-7000
www.gibsondunn.com
Dflowers@gibsondunn.com

February 27, 2009

| | |
|---|---|
| Direct Dial | Client No. |
| (213) 229-7885 | R 04901-00002 |
| Fax No. | |
| (213) 229-6885 | |

**VIA FACSIMILE AND OVERNIGHT MAIL**
BlackRock Granite Property Fund, L.P.
c/o BlackRock Realty Advisors, Inc.
300 Campus Drive, 3rd Floor
Florham Park, New Jersey, 07932
Attention: Christopher Silva
Facsimile: (646) 521-4965

BlackRock Granite Property Fund, L.P.
c/o BlackRock Realty Advisors, Inc.
300 Campus Drive, 3rd Floor
Florham Park, New Jersey, 07932
Attention: Jeremy A. Litt, Esq.
Facsimile: (646) 521-4998

> Re:  *Southlands Town Center, Aurora Colorado (the "Property"): Forward Purchase and Sale Agreement and Escrow Instructions dated as of September 29, 2005, by and between Alberta Town Center, LLC, a Colorado limited liability company ("Alberta" or "Seller"), and Granite Southlands Town Center LLC, a Delaware limited liability company ( as designee of BlackRock Granite Property Fund, L.P., a Delaware limited partnership, under the Purchase Agreement (as hereinafter defined)) ("Granite" or "Buyer") (as amended, the "Purchase Agreement").*

Ladies and Gentlemen:

As you know, this firm represents Alberta in connection with the Purchase Agreement. Capitalized terms used and not otherwise defined herein shall have the respective meanings assigned thereto in the Purchase Agreement.

100610788_3.DOC
LOS ANGELES   NEW YORK   WASHINGTON, D.C.   SAN FRANCISCO   PALO ALTO   LONDON
PARIS   MUNICH   BRUSSELS   DUBAI   SINGAPORE   ORANGE COUNTY   CENTURY CITY   DALLAS   DENVER

PAGE 2/5 * RCVD AT 2/27/2009 2:57:05 PM [Central Standard Time] * SVR:AOFAX01/3 * DNIS:0 * CSID: * DURATION (mm-ss):01-44

## GIBSON, DUNN & CRUTCHER LLP

We received the letter from your counsel, Jane Snoddy Smith, dated February 24, 2009 (the "Objection Letter"), wherein Granite objects to certain Tenant Estoppel Certificates previously delivered by Alberta to Granite, as required under Section 8.1(k) of the Purchase Agreement. As you know, the Purchase Agreement allows Granite to object to the Tenant Estoppels Certificates only if:

    (a) The estoppel is not in the form required by Section 7.2(i) of the Purchase Agreement, except that paragraph 11 of that form may be deleted. We note, for ease of reference, that the required form is either the form attached to the Purchase Agreement or any other form specified in the relevant lease (See Section 7.2(i)).

    (b) The estoppel indicates the continuing existence of an <u>actual material</u> default by landlord under the applicable lease (emphasis added). We note that it is not sufficient that the Tenant allege some default by landlord. The default must be actual and material.

    (c) The estoppel correctly indicates that the lease includes terms inconsistent with the lease delivered to Buyer.

and, in any case irrespective of clauses (a), (b) or (c), the estoppel is not substantially similar to the Tenant Estoppel Certificate, if any, previously delivered by that tenant on or about May, 2008 (the "Permitted Grounds for Objection") (See, generally, Section 8.1(k) of the Purchase Agreement).

The Objection Letter sets forth only that Granite objects to the estoppel certificates listed therein (the "Granite Objected Estoppels"), and does not include the specific grounds for objection. Given the lack of specific objections, Alberta had little choice but to carefully examine each of the Granite Objected Estoppels to determine whether Granite may properly object to those estoppels based on the Permitted Grounds for Objection. After spending careful time examining the Granite Objected Estoppels, Alberta has concluded that Granite did not properly object to the Granite Objected Estoppels (excluding, however, the Tenant Estoppel Certificate from DCC Architects, LLC, dated as of January 28, 2009, to which, Alberta acknowledges, Granite may have properly objected) because there are no Permitted Grounds for Objection with respect to any of those estoppels. Alberta is happy to discuss in detail the basis for its conclusions.

Since Alberta has delivered to Granite Tenant Estoppel Certificates from tenants occupying at least 75% of the rentable square feet in the Buildings and all other required estoppels under Section 8.1(k) of the Purchase Agreement, and Granite's objections to such estoppels (except for the Tenant Estoppel Certificate from DCC Architects, as discussed above) were not Permitted Grounds for Objection, Alberta has fulfilled its obligation to deliver all Required Tenant Estoppels. Alberta therefore demands that Granite promptly notify Escrow Holder to release the Escrow Holdback (and any interest accrued thereon) to Alberta as is required under Section 8.1(k)(ii) of the Purchase Agreement and in accordance with the terms of that certain Escrow Agreement by and among Granite, Alberta and Escrow Holder dated as of December 12, 2009 (the "Escrow Agreement"), specifically including the AAD Holdback (as defined in the Escrow Agreement) (and any interest accrued thereon) and the CO Holdback (as defined in the Escrow Agreement) (and any interest accrued thereon). At this point, Alberta has

FEB. 27. 2009 12:56PM      GD&C LA                                      NO. 7299    P. 4/5

**GIBSON, DUNN & CRUTCHER LLP**

little choice but to conclude that Granite's objections to the Tenant Estoppel Certificates amount to an improper attempt to gain disbursement of the Escrow Holdback (and any interest accrued thereon), which serves as incentive to Alberta to deliver the estoppels to Granite <u>and not</u> as security for any alleged claim Granite may have against Alberta. Should Granite fail to promptly authorize disbursement of the Escrow Holdback (and any interest accrued thereon) to Alberta, Alberta will promptly seek all available remedies for Granite's breach of the Purchase Agreement (i.e., its failure to notify Escrow Holder to release the Escrow Holdback (and any interest accrued thereon)).

Finally, in response to your request that Alberta provide detail on disclosures of construction issues relating to space occupied by Colorado Cinema Group, LLC and DCC Architects, LLC, we are informed that Peter Cudlip met in the Fall of 2008 with representatives of Granite, at which time they discussed the construction issues relating to these spaces. Mr. Cudlip is currently traveling. When he returns, we will provide additional information on that disclosure.

Sincerely,

Drew C. Flowers

FEB. 27. 2009 12:56PM    GD&C LA                                    NO. 7299    P. 5/5

## GIBSON, DUNN & CRUTCHER LLP

cc (by facsimile):

Fulbright & Jaworski L.L.P.
600 Congress Avenue, Suite 2400
Austin, Texas 78701-3271
Attention: Jane S. Smith
Facsimile: (512) 536-4598

Alberta Town Center, LLC
c/o Alberta Development Partners
5460 South Quebec Street, Suite 100
Englewood, Colorado 80111
Attn: Donald G. Provost
Facsimile: (303) 771-4086

Leigh Renfro
Commercial Closing Division
Land Title Guarantee Company
3033 E. First Avenue, Suite 600
Denver, CO 80206
Facsimile: (303)331-6374

Gibson, Dunn & Crutcher LLP
555 Mission St., Suite 3000
San Francisco, CA 94105
Attn: Fred Pillon
Facsimile: (415) 374-8432

100610788_3.DOC

PAGE 5/5 * RCVD AT 2/27/2009 2:57:05 PM [Central Standard Time] * SVR:AOFAX01/3 * DNIS:0 * CSID: * DURATION (mm-ss):01-44