IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 09-cv-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC.
LAND TITLE GUARANTEE COMPANY,
DONALD G. PROVOST,
ALLAN G. PROVOST, and
PETER M. CUDLIP,

    Defendants.
_____

ORDER
_____

The matter before the Court is Defendants Peter M. Cudlip, Donald G. Provost And Allan G. Provost's Motion To Dismiss Pursuant To F.R.C.P. 12(b)(6) (Motion To Dismiss) (Doc. No. 60). The Court has determined that the motion can be resolved on the parties' papers without a hearing.

**A.**     **Procedural Background**

This action concerns a dispute surrounding the construction and sale of a large commercial property, the Southlands Town Center in Aurora, Colorado (the Property), which Plaintiff Granite Southlands Town Center, LLC (Granite) purchased from Defendant Alberta Town Center, LLC (Alberta) on December, 12, 2008. The Court has diversity jurisdiction over the claims at issue under 28 U.S.C. § 1332.

Granite filed its Original Complaint in this action on April 8, 2009, asserting one claim for Declaratory Judgment and one claim for "Attorneys Fees and Costs"[1] against Alberta and Defendant Land Title Guarantee Company.  After the Court granted its unopposed motion to amend, Granite amended its Complaint on September 19, 2009, to add new claims for "Fraudulent Inducement As To The Release" and "Actual And Exemplary Damages For Fraud"[2] against three new Defendants, Peter M. Cudlip, Donald G. Provost and Allan G. Provost, (Principals), who are Alberta's principals.  The Principals now move to dismiss the two claims against them.

**B.     Plaintiff's Allegations**

As is pertinent to the present motion, the First Amended Complaint alleges as follows.  Alberta, which was the developer of the Property, began construction of the Property following the execution of a Forward Purchase and Sale Agreement (FPSA) by Granite and Alberta in September 2005.  Numerous amendments to the FPSA were executed over the next several years, with the final "Fifteenth Amendment" to the FPSA executed on December 8, 2008, by Granite, the Principals, and various others.[3]  The Fifteenth Amendment provided in part that the parties thereto agreed to execute a

---

[1]This claim properly is construed as an item of requested relief, and not a separate legal claim.

[2]This claim properly is construed as a damages request, as opposed to a separate legal claim.

[3]Because the FPSA and its amendments are repeatedly referenced in the First Amended Complaint, the Court may consider the contents of those documents, which were filed as exhibits to the present motion, since they are material to the claims in this case and the parties do not dispute their authenticity.  See Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002).

separate Release and Termination Agreement (Release)[4] by which the parties released each other from certain categories of claims relating to the Property.  Granite alleges that "[a]s consideration for the Release, Granite agreed to pay an additional $2,150,000 ("Additional Consideration") above the purchase price previously provided for in the FPSA."[5]  The pertinent language in the Fifteenth Amendment provides that the "Purchase Price" provision of the FPSA is amended to state that: "Buyer [Granite] agrees to pay, and Seller [Alberta] agrees to accept, as consideration for the conveyance of the Property to Buyer, an amount in U.S. Dollars equal to the sum of (1) Two Million One Hundred Fifty Thousand and No/100 ($2,150,000.00) ('**Excess Payment**'), plus (2) the Closing Repayment Amount[6] (the sum of (1) and (2) being the '**Purchase Price**')."[7]  The Release was executed on December 12, 2008, and the sale of the Property closed the same day.

Granite alleges that "[s]hortly after execution of the Release, a tenant provided Granite with Granite's first notice of what Granite would come to realize were material defects at the Property - defects that the Principals had known about for months before execution of the Release."[8]  Granite goes on the allege that it "would never have

---

[4] Plaintiff's First Amended Complaint, Ex. A (Doc. No. 78-2).

[5] Plaintiff's First Amended Complaint (Doc. No. 36) at 6-7 ¶ 14.

[6] "Closing Repayment Amount" is defined in the Fifteenth Amendment to the FPSA as the lesser of (1) the amount required to repay Alberta's construction loan or (2) $160 million.  Motion To Dismiss, Ex. 3 (Doc. No. 62-3) at 3 ¶ 2(a).

[7] Id. (emphasis in original).

[8] Plaintiff's First Amended Complaint (Doc. No. 36) at 7 ¶ 15.

entered into the Release or paid the Additional Consideration if Granite had known of the structural defects with the Property.  By withholding this information from Granite, the Principals induced Granite to enter into the Release and pay the Additional Consideration."[9]

**C.    Legal Standard**

The Principals move to dismiss the claims against them in this action pursuant to Fed. R. Civ. P. 12(b)(6).  "[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"[10]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,"[11] and legal conclusions couched as factual allegations are insufficient.[12]  Thus,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[13]

---

[9] Id. at 9 ¶ 18.

[10] Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

[11] Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

[12] See id. at 1949-50.

[13] Id. at 1950.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[14]  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[15]

**D.    Analysis**

Plaintiff's claim for "Fraudulent Inducement As To The Release" pleads that,

> the Principals withheld material information from, and made material misrepresentations to, Granite so as to induce Granite enter into the Release and pay the Additional Consideration - which Granite would not have done but for the Principals' fraudulent concealment and affirmative misrepresentations.  Granite reasonably relied on the Principals' silence and affirmative misrepresentations, and Granite has suffered damages as a result of the principals' fraudulent conduct in the amount of the Additional Consideration.[16]

To prevail on a fraudulent inducement claim based on an alleged active misrepresentation, Plaintiff must establish that: (1) a fraudulent misrepresentation of material fact was made by the Principals; (2) Plaintiff relied on the misrepresentation; (3) Plaintiff had the right to rely on, or was justified in relying on, the misrepresentation and (4) the reliance resulted in damages.[17]  To prevail on a claim of fraud based on

---

[14] Id. at 1949 (quoting Twombly, 550 U.S. at 545).

[15] Id. at 1950.

[16] Plaintiff's First Amended Complaint (Doc. No. 36) at 12 ¶ 22.

[17] See M.D.C./Wood, Inc. v. Mortimer, 866 P.2d 1380, 1382 (Colo. 1994) (elements of fraud claim); see also J.A.Walker, Co., Inc. v. Cambria Corp., 159 P.3d 126, 132 (Colo. 2007) (applying same elements to a "fraudulent inducement" claim).

alleged concealment, Plaintiff must show (1) concealment of a material fact that in equity and good conscience should be disclosed, (2) knowledge on the Principals' part that such a fact is being concealed, (3) ignorance of that fact on Plaintiff's part, (4) the intention that the concealment be acted upon, and (5) action on the concealment resulting in damages.[18]

The facts alleged in Plaintiff's First Amended Complaint do not "plausibly give rise to an entitlement to relief"[19] on Plaintiff's fraudulent inducement claim, because they do not plausibly plead reliance resulting in damages. The purpose of the reliance requirement in a fraud claim "is to 'provide[ ] the requisite causal connection between a defendant's misrepresentation and a plaintiff's injury.'"[20] Plaintiff alleges that it was fraudulently induced by the Principals' misrepresentations and concealment to enter into the Release, and pay $2.15 million as consideration for the execution of the Release. Plaintiff alleges that, as a result, it has suffered $2.15 million in damages. However, The Fifteenth Amendment to the FPSA expressly and unambiguously states that Plaintiff's $2.15 million payment to Alberta is *"consideration for the conveyance of the Property to Buyer . . . ."*[21] Plaintiff does *not* allege that it was fraudulently induced to accept the conveyance of the Property. Instead, Plaintiff asserts that it was fraudulently induced to enter into the Release, but fails to plausibly plead that its execution of the

---

[18] Nielsen v. Scott, 53 P.3d 777, 779 (Colo. App. 2002).

[19] Iqbal, 129 S. Ct. at 1950.

[20] Rosenthal v. Dean Witter Reynolds, Inc., 908 P.2d 1095, 1101 (Colo. 1995) (citations omitted).

[21] Emphasis added.

Release - as distinguished from its purchase of the Property - has caused it any damage.  The Court agrees with the Principals' summation that Granite essentially is claiming that being fraudulently induced to enter into one agreement (the Release) entitles it to a refund of the consideration paid under a different agreement (the FPSA).  The Court concludes that Plaintiff has failed to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22]  Accordingly, the claim for "Fraudulent Inducement As To The Release" shall be dismissed.  Because Plaintiff's claim for "Actual And Exemplary Damages for Fraud" is merely a request for damages with respect to the fraudulent inducement claim, it is properly dismissed as well.

Accordingly, it is

ORDERED that Defendants Peter M. Cudlip, Donald G. Provost And Allan G. Provost's Motion To Dismiss Pursuant To F.R.C.P. 12(b)(6) (Motion To Dismiss) (Doc. No. 60) is granted.  It is

FURTHER ORDERED that the claims for "Fraudulent Inducement As To The Release" and "Actual And Exemplary Damages For Fraud" contained in Plaintiff's First Amended Complaint are dismissed with prejudice.  It is

FURTHER ORDERED that the Amended Complaint and cause of action are dismissed with prejudice against Defendants Peter M. Cudlip, Donald G. Provost And Allan G. Provost, and the case caption shall be amended accordingly.  It is

---

[22] Iqbal, 129 S. Ct. at 1949.

FURTHER ORDERED that this action shall proceed on the remaining claims against the remaining Defendants for "Declaratory Judgment Regarding Escrow" and "Attorneys' Fees And Costs Under the Escrow Agreement."  It is

FURTHER ORDERED that the hearing previously set for Wednesday, January 6, 2010 is vacated.

DATED at Denver, Colorado, this 29th day of December, 2009.

BY THE COURT:

*Zita Leeson Weinshienk*
_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court