**EXHIBIT A-6**

Confidential

# FORM OF ESTOPPEL CERTIFICATE

Re: Southlands Town Center, Aurora, Colorado ("Property")

TENANT: DCC Architects, LLC
DATE OF ORIGINAL LEASE COMMENCED: 3/10/2007
DATE NEW OWNER ASSUMED THE LEASE: 11/13/2008
EXPIRATION DATE OF LEASE: 8/31/2012
PREMISES: Space No. Suite 235

To: Granite Southlands Town Center LLC ("GSTCLLC"), BlackRock Granite Property Fund, L.P. ("Granite"), and BlackRock Realty Advisors, Inc. ("BlackRock") (GSTCLLC, Granite and BlackRock and their successors and assigns, collectively, "Buyer").

To Whom It May Concern:

The undersigned hereby certifies to Buyer as follows:

1. The undersigned is the "Tenant" under the above-referenced Lease ("Lease") covering the above-referenced Premises ("Premises").

2. The Lease is in full force and effect and constitutes the entire agreement between the landlord under the Lease ("Landlord") and Tenant with respect to the Premises and the Lease has not been modified or amended in any respect as set forth above. A true, correct and complete copy of each Lease is attached hereto as Schedule 1.

3. The term of the Lease commenced on 3/10/2007 and, including any presently exercised option or renewal term, will expire on 8/31/2012. Tenant has accepted possession of the Premises and is the actual occupant in possession. All improvement required to have been constructed on the Premises as of the date hereof by Landlord have been completed and accepted by Tenant and any tenant improvement allowances required as of the date hereof to have been paid by Landlord have been paid. Tenant has not assigned the Lease or sublet all or any part of the Premises except as permitted in accordance with the Lease.

4. Tenant is currently obligated to pay minimum guaranteed rent installments of $3,851.75 per month and monthly minimum guaranteed rent has been paid through 1/31/2009. In addition, the Lease requires additional rent based on the Tenant's pro-rata share of the building's common area operating costs and real estate taxes which is agreed to 1.29%. No other rent has been paid more than 30 days in advance. Tenant paid a security deposit of $4,218.58 pursuant to the Lease.

Confidential

5. Tenant has provided a request for repairs to landlord on 6/25/2008 and provided another request to complete the repairs requested 6/25/2008, in addition to repair further defects, to Landlord on 1/28/09.

6. The undersigned has no renewal, extension or expansion option, no right of first offer or right of first refusal and no other similar right to renew or extend the terms of the Lease or expand the Premises except as may be expressly set forth in the Lease. Tenant has no option or preferential right to lease or occupy additional space within the Property. Tenant has no option or preferential right to purchase all or any part of the Premises or any part of the Property.

7. Tenant has made no agreements with Landlord or its agents or employees at this time concerning free rent, partial rent, rebate of rental payments or any other type of rental or other concession except as expressly set forth in the Lease.

8. There has not been filed by or against Tenant a petition in bankruptcy, voluntary or otherwise, any assignment for the benefit of creditors, any petition seeking reorganization or arrangement under the bankruptcy laws of the United States, or any state thereof, or any other action brought under said bankruptcy laws with respect to Tenant.

This Certificate is made to Buyer in connection with the transfer of the Property to Buyer knowing that Buyer will rely thereon. This Certificate may be relied on by Buyer, any of BlackRock's, or Granite direct and indirect owners, any current or future mortgagee of Buyer, and any of the respective successors and assigns of any of the foregoing.

Dated this 28 day of JANUARY, 2009.

CERTIFIER

DCC Architects, LLC

By: _____

Name: MELISSA BOW-RICHARDSON

Title: MANAGING MEMBER

MBR

GSTC000752

**EXHIBIT A-7**

# SOUTHLANDS TOWN CENTER OFFICE LEASE

Project: Southlands Town Center, Aurora, Colorado

<u>Landlord</u>: **Alberta Town Center, LLC**, a Colorado limited liability company

<u>Tenant</u>: **DCC Architects, LLC**, a Colorado limited liability company

**Pages 2-10 removed**

9.6     Tenant shall not use the Demised Premises, or permit anything to be done in or about the Demised Premises, which will in any way conflict with any law, statute, ordinance or governmental rule or regulation now in force or which may hereafter be enacted or promulgated. Tenant shall, at is sole cost and expense, promptly comply with all laws, statutes, ordinances and governmental rules, regulations or requirements now in force or which may hereafter be in force and with the requirements of any board of fire underwriters or other similar bodies now or hereafter constituted relating to or affecting the condition, use or occupancy of the Demised Premises.

9.7     Tenant must procure at its sole expense any permits and licenses required for the transaction of business in the Demised Premises. At Landlord's request, Tenant must deliver to Landlord copies of all such permits and licenses.

## ARTICLE 10
## MAINTENANCE AND REPAIR OF DEMISED PREMISES

10.1    Landlord must keep the foundation, the exterior walls (except signs, placards, decorations or other advertising media of any type; and interior painting or other treatment of exterior walls) and roof (subject to the first sentence in Section 7.1 above), all mechanical, electrical, and plumbing systems, and the heating, air conditioning, and ventilating systems of or serving the Demised Premises in good repair. Landlord, however, is not required to make any repairs occasioned by the act or negligence of Tenant, its agents, employees, subtenants, licensees and concessionaires (including, but not limited to roof leaks resulting from any roof penetration or placement), although Landlord may do so and bill Tenant for the cost as additional rent, due ten (10) days after Landlord delivers such bill to Tenant. The provisions of the first sentence of this Section 10.1 are expressly recognized to be subject to the provisions of Article 3, Article 17 and Article 18 of this lease. In the event that the Demised Premises should become in need of repairs required to be made by Landlord hereunder, Tenant must give immediate written notice thereof to Landlord and Landlord will have a reasonable time after receipt by Landlord of such written notice in which to make such repairs.

10.2    Tenant must keep the Demised Premises in good, clean and habitable condition and must make all repairs and replacements to the lamps in the lighting system and to all mechanical, electrical, plumbing, heating, and air conditioning systems of or serving the Demised Premises which were not installed by Landlord. If any repairs required to be made by Tenant hereunder are not made within ten (10) days after written notice delivered to Tenant by Landlord or, in the case of a situation which by its nature requires an immediate response or a response within less than ten (10) days, Landlord may at its option make such repairs without liability to Tenant for any loss or damage which may result to Tenant's stock or business by reason of such repairs; and Tenant must pay to Landlord upon demand, as additional rental hereunder, the cost of such repairs plus interest at twelve percent (12%) per annum, such interest to accrue continuously from the date of payment by Landlord until repayment by Tenant. At the termination or expiration of this lease, Tenant must surrender the Demised Premises in good condition, excepting reasonable wear and tear and losses required to be restored by Landlord in Section 10.1, Article 17 and Article 18 of this lease.

## ARTICLE 11
## ALTERATIONS

11.1    Tenant must not make any alterations, additions or improvements to the Demised Premises without the prior written consent of Landlord (including, without limitation, consent as to all plans and specifications therefor and contractor(s) to be used or employed with respect thereto), except for the installation of unattached, movable trade fixtures which may be installed without drilling, cutting or otherwise defacing the Demised Premises and which are not visible from the exterior of the Demised Premises. Notwithstanding the preceding, during each calendar year of the Lease Term, Tenant shall have the right, without being required to

**Pages 12-27 removed**

28.20 Tenant's obligations under this lease (including, without limitation, each indemnity agreement and hold harmless agreement of Tenant contained herein) shall survive the expiration or earlier termination of this Lease.

28.21 IT IS AGREED BY AND BETWEEN LANDLORD AND TENANT THAT THE RESPECTIVE PARTIES HERETO SHALL, AND THEY HEREBY DO, WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING, OR COUNTERCLAIM BROUGHT BY EITHER OF THE PARTIES HERETO AGAINST THE OTHER ON ANY MATTERS ARISING OUT OF OR IN ANY WAY CONNECTED WITH THIS LEASE, THE RELATIONSHIP OF LANDLORD AND TENANT, AND/OR TENANT'S USE OR OCCUPANCY OF THE DEMISED PREMISES.

28.22 If any action shall be instituted by either Landlord or Tenant for the enforcement or interpretation of any of its rights or remedies in or under this lease, the prevailing party shall be entitled to recover from the losing party all costs incurred by the prevailing party in said action and any appeal therefrom, including reasonable attorneys' fees and court costs.

28.23 This lease consists of twenty eight (28) Articles and Exhibits "A" through "H". All exhibits, attachments and addenda referred to herein shall be considered a part hereof for all purposes with the same force and effect as if copied at verbatim herein. The exhibits and/or addenda attached hereto are listed as follows:

| Exhibit | Description |
|---|---|
| Exhibit "A" | Site Plan of the Project |
| Exhibit "B" | Illustration of the Building and the Location of the Demised Premises |
| Exhibit "C-1" | Construction Work Letter-Landlord to Complete |
| Exhibit "C-2" | Construction Work Letter-Landlord Shell Delivery-Tenant to Complete |
| Exhibit "D" | Approved Form of Guaranty |
| Exhibit "E" | Communications Antenna |
| Exhibit "F" | Approved Form of Tenant Estoppel Certificate |
| Exhibit "G" | Depiction of Tenant's Parking Area |
| Exhibit "H" | Approved Form of Commencement Date Certificate |

IN WITNESS WHEREOF, Landlord and Tenant have executed this lease as of the latest date accompanying a signature by Landlord or Tenant below.

**LANDLORD:**

ALBERTA TOWN CENTER, LLC,
a Colorado limited liability company

By: *[signature]*
Name: Donald G. Provost
Title: Manager

Dated: ~~September~~ ~~2006~~ November 13, 2006

**TENANT:**

DCC ARCHITECTS, LLC,
a Colorado limited liability company

By: *[signature]*
Name: Melissa Bow-Richardson
Title:  Manager

Dated: ~~September~~ 9, 2006 NOVEMBER