# EXHIBIT 4

## 1

```
  1              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLORADO
  2
       Civil Action No. 09-cv-00799-ZLW-KLM
  3
       GRANITE SOUTHLANDS TOWN CENTER, LLC,
  4
       Plaintiff,
  5
       v.
  6
       ALBERTA TOWN CENTER, LLC,
  7    LAND TITLE GUARANTEE COMPANY,
       DONALD G. PROVOST, ALLAN G. PROVOST,
  8    and PETER M. CUDLIP,
  9    Defendants.
       _____
 10
       VIDEOTAPE DEPOSITION OF:   PETER M. CUDLIP
 11                               January 7, 2010
       _____
 12
              PURSUANT TO NOTICE, the videotape
 13    deposition of PETER M. CUDLIP was taken on behalf of
       the Plaintiff at 600 17th Street, Suite 1800, Denver,
 14    Colorado 80202, on January 7, 2010, at 9:36 a.m.,
       before Marchelle Hartwig, Certified Shorthand Reporter
 15    and Notary Public within Colorado.
```

## 2

```
  1                   A P P E A R A N C E S
  2    For the Plaintiff:    PAUL TRAHAN, ESQ.
                             Fulbright & Jaworski L.L.P.
  3                          600 Congress Avenue, Suite 2400
                             Austin, Texas 78701
  4
                             OSBORNE J. DYKES, III, ESQ.
  5                          Fulbright & Jaworski L.L.P.
                             370 17th Street, Suite 2150
  6                          Denver, Colorado 80202
  7    For the Defendants:   STUART N. BENNETT, ESQ.
       Alberta Town Center,  Lindquist & Vennum, PLLP
  8    LLC, Donald G.        600 17th Street
       Provost, and Peter    Suite 1800 South
  9    M. Cudlip             Denver, Colorado 80202
 10    Also Present:         Barb Horn, Videographer
```

## 3

```
  1                    I N D E X
  2  EXAMINATION OF PETER M. CUDLIP:            PAGE
     January 7, 2010
  3
     By Mr. Trahan                                 8
  4
  5             INITIAL
     DEPOSITION EXHIBITS:                    REFERENCE
  6
     20  E-mail to Inclan, Deeter from Bellio,      37
  7      4/4/08, Subject:  Re: Bldg. E, Suite 235,
         with attached e-mail
  8
     21  E-mail to Inclan from Bellio, 6/2/08,      39
  9      Subject:  RE:  Colorado Cinema at
         Southlands, with attached e-mails
 10
     22  E-mail to McFarland, Bellio from McGee,    42
 11      6/20/08, Subject:  Southlands Cinema,
         with attached e-mails
 12
     23  E-mail to Cudlip from Bellio, 6/30/08,     44
 13      Subject:  FW:  DCC Interior Damages
         Ltr 062508, with attached e-mails
 14
     24  Gmail to Joe, Me, Melissa from Inclan,     46
 15      7/2/08, with attached e-mail
 16  25  Letter to Bellio from Guikema and         47
         Suedkamp, 9/8/08, Subject:  Settlement,
 17      Pac Sun, Theater, Southlands Development,
         Aurora, Colorado
 18
     26  Letter to Inclan from Policicchio,         49
 19      9/16/08, RE:  Colorado Cinema
 20  27  E-mail to Cudlip, Inclan, Bellio,          54
         McFarland, Deeter from McGee, 9/23/08,
 21      Subject:  RE:  Cinema Building Movement,
         with attached e-mails
 22
     23  28  Letter to Policicchio, Silleck, Wilde  56
         from Kahn, 10/24/08, RE:  Colorado
 24      Cinema
 25  29  E-mail to Cudlip from Inclan, 10/29/08,    58
         Subject:  Building Movement
```

## 4

```
  1  30  E-mail to Kralovec from Inclan, 1/15/09,   70
         Subject:  Forensic Engineers Proposals
  2
     31  E-mail to Cudlip from Inclan, 11/4/08,     72
  3      Subject:  FW:  Forensic engineer, with
         attached e-mails
  4
     32  Letter to Inclan from Martin/Martin       105
  5
     33  Letter to Lund and Neff from Accurate     105
  6      EngiSurv, LLC, 11/20/08, Subject:
         Monitoring Services, Southlands Town
  7      Center, Aurora, CO
  8  34  Letter to Silva and Litt from Flowers,    108
         11/21/08, Re:  Southlands Town Center,
  9      Aurora, Colorado (the "Property");
         Forward Purchase and Sale Agreement and
 10      Escrow Instructions dated as of
         September 29, 2005, by and between
 11      Alberta Town Center, LLC, a Colorado
         limited liability company ("Alberta" or
 12      "Seller"), and BlackRock Granite Property
         Fund, L.P., a Delaware limited liability
 13      partnership ("Granite" or "Buyer")
         (as amended, the "Purchase Agreement")
 14
     35  Invoice from Construction Logic, L.L.C.   112
 15      to Southlands Management, 11/26/08
 16  36  Letter to Kahn from Schmetterer, 12/18/08, 112
         Re:  Colorado Cinema
 17
     37  Fifteenth Amendment To Amendment And      119
 18      Agreement And Termination Agreement,
         12/8/08
 19
     38  E-mail to Cudlip, dgp@albdev.com,         127
 20      Piekarski from Silva, 2/18/09, Subject:
         Re:  Escrow Release, with attached
 21      e-mail
 22  39  E-mail to Don Provost from Cudlip,        130
         2/24/09, Subject:  Re:  Sorry I missed
 23      you, with attached e-mails
```

**109**

| Time | # | Text |
|---|---|---|
| 13:37:02 | 1 | and we were getting close to the deadline to have that |
| 13:37:04 | 2 | done.  And it was -- there were some issues |
| 13:37:12 | 3 | outstanding that we were not coming to an agreement |
| 13:37:13 | 4 | to, so we sent this letter out telling them basically |
| 13:37:15 | 5 | that they had to move forward with the Forward |
| 13:37:19 | 6 | Purchase and Sale Agreement. |
| 13:37:20 | 7 | Q.  So how would you describe generally the |
| 13:37:23 | 8 | purpose of this letter? |
| 13:37:24 | 9 | A.  Basically, telling Granite that they have |
| 13:37:26 | 10 | got to consummate the Forward Purchase and Sale |
| 13:37:31 | 11 | Agreement. |
| 13:37:32 | 12 | Q.  And were you involved in the discussions |
| 13:37:35 | 13 | underlying the final execution and closing on the |
| 13:37:38 | 14 | forward purchase and sale agreement? |
| 13:37:43 | 15 | A.  Yeah.  I mean -- well, can you define |
| 13:37:46 | 16 | your question a little bit more?  With Granite or with |
| 13:37:49 | 17 | their attorneys or with our attorneys or what purpose? |
| 13:37:51 | 18 | Q.  Let me ask:  What was your role in |
| 13:37:52 | 19 | connection with moving forward with the closing on the |
| 13:37:55 | 20 | sale of the Southlands Town Center to Granite? |
| 13:37:58 | 21 | A.  Well, as one of the owners and managers |
| 13:38:02 | 22 | of the property, I discussed the -- well, closing and |
| 13:38:07 | 23 | sale.  I can go through the whole thing.  We were |
| 13:38:11 | 24 | moving forward with the loan and at the eleventh hour, |
| 13:38:15 | 25 | Granite came back to us, and instead of doing the |

**110**

| Time | # | Text |
|---|---|---|
| 13:38:20 | 1 | loan, they proposed -- asked us if we would -- what we |
| 13:38:26 | 2 | would take to, in essence, walk away from a lawsuit |
| 13:38:33 | 3 | that we felt that we had for them not performing a |
| 13:38:35 | 4 | joint venture on the property and not performing on |
| 13:38:36 | 5 | the Forward Purchase and Sale in the fall and the |
| 13:38:40 | 6 | beginning -- fall of 2006 and the beginning of 2007. |
| 13:38:43 | 7 | We discussed it.  Don and I came up with |
| 13:38:52 | 8 | a number, and the purchase price was changed for the |
| 13:38:59 | 9 | purchase of the center, I believe, roughly December 1, |
| 13:39:02 | 10 | December 2, 2008, and then we closed it.  The actual |
| 13:39:11 | 11 | transaction closed December 12, but everything was |
| 13:39:23 | 12 | done by December 10.  I was very involved in the |
| 13:39:24 | 13 | negotiation of the final closing documents, the final |
| 13:39:25 | 14 | Fifteenth Amendment to the Forward Purchase and Sale, |
| 13:39:26 | 15 | and the actual logistics to get the property closed. |
| 13:39:31 | 16 | Q.  Just so I'm clear, you talked to Don |
| 13:39:34 | 17 | about how much additional consideration would need to |
| 13:39:38 | 18 | be provided in connection with this transaction so as |
| 13:39:41 | 19 | to justify your walking away, I think is the way you |
| 13:39:44 | 20 | put it, from claims you would have against Granite |
| 13:39:46 | 21 | relating to a joint venture? |
| 13:39:50 | 22 | A.  Correct. |
| 13:39:51 | 23 | Q.  And was Don Provost involved in those |
| 13:39:55 | 24 | discussions with Granite as well? |
| 13:39:57 | 25 | A.  Well, Granite called Don and asked him |

**111**

| Time | # | Text |
|---|---|---|
| 13:40:02 | 1 | what we would take to, in essence, enter into a mutual |
| 13:40:06 | 2 | release and have them purchase the property.  And Don |
| 13:40:08 | 3 | discussed that with me.  We called them back and |
| 13:40:14 | 4 | finalized it, and then we, you know, proceeded to |
| 13:40:17 | 5 | finalize the documentation, do the Fifteenth Amendment |
| 13:40:20 | 6 | and close the property. |
| 13:40:23 | 7 | Q.  And you-all decided that number was |
| 13:40:25 | 8 | $2,150,000?  Is that the number that was ultimately |
| 13:40:29 | 9 | agreed to? |
| 13:40:29 | 10 | A.  It was -- no.  It was -- the purchase -- |
| 13:40:31 | 11 | the revised purchase price was agreed to.  The |
| 13:40:35 | 12 | balance -- outstanding balance on the construction |
| 13:40:37 | 13 | loan, plus interest, plus two million one fifty. |
| 13:40:49 | 14 | Q.  Referring back to Exhibit 34, if you will |
| 13:40:53 | 15 | refer to page 3, there is discussion about closing |
| 13:40:58 | 16 | conditions.  At about a third of the way down the |
| 13:41:02 | 17 | page, it references Section 8.1(k) Estoppels.  Do you |
| 13:41:07 | 18 | see that? |
| 13:41:10 | 19 | A.  Okay.  Yes. |
| 13:41:12 | 20 | Q.  And it says, "A disc with the estoppel |
| 13:41:15 | 21 | certificates is enclosed." |
| 13:41:17 | 22 | Did I read that correctly? |
| 13:41:18 | 23 | A.  Correct. |
| 13:41:19 | 24 | Q.  The estoppel certificates that were |
| 13:41:21 | 25 | enclosed with the November 21, 2008, letter, those |

**112**

| Time | # | Text |
|---|---|---|
| 13:41:25 | 1 | were the estoppel certificates that were prepared in |
| 13:41:28 | 2 | May of 2008; is that correct? |
| 13:41:30 | 3 | A.  Correct. |
| 13:41:30 | 4 | (Deposition Exhibit 35 was marked.) |
| 13:41:51 | 5 | Q.  I'll hand you what I've marked as Exhibit |
| 13:41:54 | 6 | 35.  Please take a moment to review it and let me know |
| 13:41:59 | 7 | when you're done. |
| 13:42:22 | 8 | A.  Okay. |
| 13:42:24 | 9 | Q.  This appears to be an invoice from |
| 13:42:27 | 10 | Construction Logic, L.L.C., to Southlands Management |
| 13:42:31 | 11 | relating to repairs at DCC space? |
| 13:42:35 | 12 | A.  Correct. |
| 13:42:35 | 13 | Q.  Do you know what the nature of these |
| 13:42:37 | 14 | repairs were? |
| 13:42:38 | 15 | A.  It's to repair the cracking in the |
| 13:42:41 | 16 | drywall within DCC Architects' space. |
| 13:42:45 | 17 | (Deposition Exhibit 36 was marked.) |
| 13:42:58 | 18 | Q.  I handed you Deposition Exhibit 36. |
| 13:43:00 | 19 | Please take a moment to review it and let me know when |
| 13:43:03 | 20 | you're done. |
| 13:45:53 | 21 | A.  Okay. |
| 13:45:59 | 22 | Q.  Exhibit 36 is a December 18, 2008, letter |
| 13:46:01 | 23 | from DLA Piper to Brownstein Hyatt, correct? |
| 13:46:10 | 24 | A.  Yes. |
| 13:46:11 | 25 | Q.  And this was to Brownstein Hyatt in its |

**221**

```
 2      WHEREUPON, the within proceedings were
 3   concluded at the approximate hour of 5:08 p.m. on the
 4   7th day of January, 2010.
```

**222**

```
 1      I, PETER M. CUDLIP, do hereby certify that
 2   I have read the above and foregoing deposition and
 3   that the same is a true and accurate transcription of
 4   my testimony, except for attached amendments, if any.
 5      Amendments attached   ( ) Yes   ( ) No


 9          _____
            PETER M. CUDLIP


13      The signature above of PETER M. CUDLIP
14   was subscribed and sworn to before me in the county of
15   _____, state of Colorado, this _____ day of
16   _____, 2010.


            _____
20                Notary Public
               My commission expires

25   Granite Southlands Town Center, LLC 1/7/10 (mh)
```

**223**

```
                    REPORTER'S CERTIFICATE
STATE OF COLORADO       )
                        ) ss.
CITY AND COUNTY OF DENVER )
        I, MARCHELLE HARTWIG, Certified Shorthand
Reporter and Notary Public, State of Colorado, do
hereby certify that previous to the commencement of
the examination, the said PETER M. CUDLIP was duly
sworn by me to testify to the truth in relation to the
matters in controversy between the parties hereto;
that the said deposition was taken in machine
shorthand by me at the time and place aforesaid and
was thereafter reduced to typewritten form; that the
foregoing is a true transcript of the questions asked,
testimony given, and proceedings had.
        I further certify that I am not employed by,
related to, nor of counsel for any of the parties
herein, nor otherwise interested in the outcome of
this litigation.

        IN WITNESS WHEREOF, I have affixed my
signature this 13th day of January, 2010.
           My commission expires April 19, 2013.

___X__ Reading and Signing was requested.
_____ Reading and Signing was waived.
_____ Reading and Signing is not required.
```

```
January 13, 2010

Stuart N. Bennett, Esq.
Lindquist & Vennum, PLLP
600 17th Street
Suite 1800 South
Denver, Colorado 80202
Re: Granite Southlands Town Center, LLC, v. Alberta
    Town Center, LLC., et al.
Deposition of: Paul M. Cudlip
Dear Mr. Bennett:
Enclosed are the original signature pages(s) of the
above-named deposition(s).  It was agreed that you would
arrange for signature of same by means of your copy
transcript(s) and the enclosed signature page(s).

Also enclosed are amendment sheets for changes if necessary.
Please return the signed and notarized signature page(s)
and amendment sheet(s), if any, to our office within
30 days from the date of this letter to comply with the
statute.

We will mail the original pages to the appropriate attorney
to be placed with the original sealed transcript and copies
to all other counsel.

If circumstances change and a copy transcript is not
available from your office for the witness to review, then
please notify the witness that he/she should contact our
office to make an appointment to read, sign, and make
corrections to a copy that we will make available at our office.

Thank you for your attention to this matter.

Sincerely,


Marchelle Hartwig, CSR
HUNTER + GEIST, INC.
Registered Professional Reporters
c: Paul Trahan, Esq.
```