# EXHIBIT 11

# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

One Montgomery Street  San Francisco, California 94104-4505

(415) 393-8200

www.gibsondunn.com

dflowers@gibsondunn.com

November 21, 2008

Direct Dial

(213) 229-7885
Fax No.

(213) 229-6885

Client No.

R 04901-00002

BlackRock Granite Property Fund, L.P.
c/o BlackRock Realty Advisors, Inc.
300 Campus Drive, 3rd Floor
Florham Park, New Jersey, 07932
Attention: Christopher Silva
Facsimile: (646) 521-4965

BlackRock Granite Property Fund, L.P.
c/o BlackRock Realty Advisors, Inc.
300 Campus Drive, 3rd Floor
Florham Park, New Jersey, 07932
Attention: Jeremy A. Litt, Esq.
Facsimile: (973) 993-4571

Re: *Southlands Town Center, Aurora Colorado (the "Property"); Forward Purchase and Sale Agreement and Escrow Instructions dated as of September 29, 2005, by and between Alberta Town Center, LLC, a Colorado limited liability company ("Alberta" or "Seller"), and BlackRock Granite Property Fund, L.P., a Delaware limited partnership ("Granite" or "Buyer") (as amended, the "Purchase Agreement").*

Gentleman:

This firm represents the Seller in connection with the Purchase Agreement. As you know, Seller and Buyer are currently discussing an alternative to the closing of the transactions contemplated by the Purchase Agreement. Pursuant to that alternative, Buyer would not acquire

LOS ANGELES   NEW YORK   WASHINGTON, D.C.   SAN FRANCISCO   PALO ALTO
LONDON   PARIS   MUNICH   BRUSSELS   ORANGE COUNTY   CENTURY CITY   DALLAS   DENVER

ALBERTA001735

**GIBSON, DUNN & CRUTCHER LLP**

the Property but would instead provide a loan to Seller (or an affiliate) that would permit Seller to continue ownership of the Property. Seller and Buyer have not yet reached agreement on the terms of that alternative transaction or whether, in fact, Seller and Buyer (or their affiliates) will enter into the alternative transaction. Seller expects that those discussions will continue; however, because neither Seller nor Buyer knows whether that alternative transaction will be implemented, Seller wanted to write you to make clear that (a) Seller is working in good faith to complete the closing of the transactions contemplated in the Purchase Agreement and (b) that Buyer should similarly work in good faith to complete the closing of the transactions contemplated in the Purchase Agreement, notwithstanding ongoing discussions. Under no circumstance will the on-going discussions about a potential alternative transaction vary in any respect the obligations of Seller and Buyer under the Purchase Agreement until such time, if any, as a definitive, written agreement is executed by Seller and Buyer.

### Purchase Agreement

In light of the imminent scheduled closing of the Purchase Agreement, we have set forth below Seller's understanding of the status of the various conditions to closing in the Purchase Agreement, together with Seller's plan for delivery of closing documents and for implementation of prorations. All references (e.g., Section 8.1) are to the provisions in the Purchase Agreement, and all capitalized terms not defined in this letter are used as defined in the Purchase Agreement.

### Closing Conditions

Section 8.1(a). Representations and Warranties. Seller's representations and warranties are true and correct in all material respects.

Section 8.1(b). No Termination. As you know, the Purchase Agreement has not been terminated.

Section 8.1(c). Compliance by Seller. Seller is in material compliance with its obligations under the Purchase Agreement.

Section 8.1(d). Substantial Completion. Substantial Completion has occurred, as acknowledged by Buyer in prior estoppels and communications with Bank of America, N.A. (the senior mortgage lender with a lien on the Property).

Section 8.1(e). Other Documents. Attached as Exhibits A, B, C, D and E are unexecuted copies of all the documents that Seller has delivered or will shortly deliver to Escrow Holder in anticipation of closing. Seller has delivered or will shortly deliver to Escrow Holder in anticipation of closing copies of the Conditional Waivers. Seller hereby requests that Buyer confirm that Seller may leave the following materials, which shall be deemed delivered, in the property manager's office at the Property prior to closing: (i) originals or duplicates of all Contracts, to be assumed by Buyer, (ii) the Leases, (iii) the Permits and Licenses and (iv) the manuals referenced in Section 8.1(j); or that Seller timely designate an alternative address where such materials should be sent.

Section 8.1(f). Updated Survey. Seller has previously delivered the Updated Survey.

ALBERTA001736

GIBSON, DUNN & CRUTCHER LLP

Section 8.1(g). Owner's Title Policy. Seller understands that the Title Company is prepared to issue the Owner's Title Policy in the required form.

Section 8.1(h). Notices. Seller has not received any notices of material violations of law.

Section 8.1(i) Building/Certificate of Compliance/Certificates of Occupancy. The Buildings have been completed in accordance with the Plans and Specifications, as Buyer has previously acknowledged. A certificate of compliance has been issued for the Buildings, as Buyer has previously acknowledged. Certificates of occupancy have been issued for all spaces for each part of the Buildings subject to Qualifying Leases pursuant to which the tenant thereunder is open for business and paying rent. Copies of Certificates of Occupancy for tenant spaces received are included on the enclosed disc.

Section 8.1(j). Certification of Seller's Architect/Punch List. This condition has been satisfied, as Buyer has previously acknowledged.

Section 8.1(k). Estoppels. A disc with the estoppel certificates is enclosed.

### Closing Deliveries

Attached as Exhibits A, B, C, D and E, respectively, are unsigned execution copies of (i) the Special Warranty Deed, (ii) the Non-Foreign Affidavit, (iii) the Bill of Sale, (iv) the Assignment of Leases and (v) the Assignment of Contracts, together with the escrow instructions attached as Exhibit F to the Escrow Holder specifying the conditions under which executed originals of those documents are to be delivered. Prior to closing, Seller will deliver to Escrow Holder one fully executed and notarized original of the Special Warranty Deed, two (2) originals of each of the Bill of Sale, the Assignment of Leases, the Assignment of Contracts, and one original of the Non-Foreign Affidavit. We expect that, in compliance with the Purchase Agreement, Buyer will deliver to Escrow Holder two (2) original, executed counterparts of each of the Bill of Sale, the Assignment of Leases and the Assignment of Contracts and shall deliver cash or other good funds sufficient to pay the Closing Funds, plus or minus any prorations, the closing costs and any other amounts payable to Buyer to permit Escrow Holder to close the Escrow.

Seller is assuming, at this time, that all existing service contracts will remain in place as of the Closing. Seller has not received notice from Buyer to the contrary, and, at this time, as you well know, termination of those contracts in advance of the closing is not practicable. In addition, we note that if the alternative transaction is implemented, then Seller would expect those service contracts to stay in place.

### Prorations

On or about December 10, 2008, Seller will submit to you an initial draft of proposed closing statement setting forth the prorations of expenses and revenue in accordance with the Purchase Agreement. Seller requests that you promptly reply to that initial draft so that Seller and Buyer may finalize the closing statement as far in advance of closing as is reasonably practicable.

3

ALBERTA001737

## GIBSON, DUNN & CRUTCHER LLP

**Buyer Cooperation**

We expect that Buyer will act in good faith to complete the transactions contemplated in the Agreement. To that end, we request that you promptly notify Seller if you disagree with our assessment of the status of any Closing Condition or the form of any Closing Delivery so that we may work in good faith, and in compliance with the Purchase Agreement, to complete the transaction.

Please do not hesitate to contact me if you have any questions on the information included in this letter.

Sincerely,

*Drew Flowers*

Drew Flowers

cc:

Fulbright & Jaworski L.L.P.
600 Congress Avenue, Suite 2400
Austin, Texas 78701-3271
Attention: Jane S. Smith
Facsimile: (512) 536-5238

Alberta Development Partners
5460 South Quebec Street, Suite 100
Englewood, Colorado 80111
Attn: Donald G. Provost
Facsimile: (303) 771-4086

La Salle National Banking Association
c/o Bank of America, N.A.
370 Seventeenth St., Suite 3590
Denver, CO 80202
Attn: Julie M. Elston, Sr. Vice President
Facsimile: (303) 825-7580

Otten, Johnson, Robinson, Neff & Ragonetti, P.C.
950 Seventeenth St., Suite 1600
Denver, CO 80202
Attn: Victoria L. Hellmer, Esq.
Facsimile: (303) 825-6525

Gibson, Dunn & Crutcher LLP
One Montgomery St., Suite 3100
San Francisco, CA 94014
Attn: Fred Pillon
Facsimile: (415) 374-8432

ALBERTA001738