IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 09-cv-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

 Plaintiff,

v.

ALBERTA TOWN CENTER, LLC., and
LAND TITLE GUARANTEE COMPANY,

 Defendants.
_____

ORDER
_____

The matter before the Court is Defendant Alberta Town Center LLC's Motion For Partial Summary Judgment (Motion For Partial Summary Judgment) (Doc. No. 75). The Court has determined that the motion can be resolved on the parties' papers without a hearing.

**A. Background**

This action concerns a dispute surrounding the construction and sale of a large commercial property, the Southlands Town Center in Aurora, Colorado (the Property), which Plaintiff Granite Southlands Town Center, LLC (Granite) purchased from Defendant Alberta Town Center, LLC (Alberta) on December, 12, 2008, following the execution of a Forward Purchase and Sale Agreement (FPSA) and numerous

amendments thereto. The Court has diversity jurisdiction over the claims at issue under 28 U.S.C. § 1332.

The following facts are undisputed. Paragraph 7.2(i) of the FPSA requires that each tenant of the Property "occupying more than 10% of the rentable square feet in the Buildings" must execute an "Approved Tenant Estoppel Certificate" (Tenant Estoppel Certificate) in the form attached to the FPSA as Exhibit H.[1] Pursuant to that Exhibit H, the Tenant Estoppel Certificates were required to include, among other language, the following three paragraphs:

> 5. Landlord has performed all of its obligations, if any, required to have been performed by Landlord prior to the date hereof under the Lease, including, if required under the Lease, making any repairs required to be made by Landlord. Without in any way limiting the generality of the foregoing, Landlord has completed all tenant improvement or other work in the Premises which Landlord is required to perform as a condition to the Lease or Tenant's occupancy of the Premises and has paid Tenant all allowances or other credits required to be paid by Landlord in connection with the tenant improvement work or otherwise as a condition to the Lease or Tenant's occupancy of the Premises.
>
> 6. There is no existing defense, offset, lien, claim or counterclaim by or in favor of the undersigned or of Landlord under the Lease, and there is no event which with notice or the passage of time or both would constitute a default of the undersigned or of Landlord under the Lease.

---

[1] Doc. No. 62-2 (FPSA) ¶¶ 8.1(k)(i), 7.2(i), Exh. H. Although the FPSA also requires that Tenant Estoppel Certificates be provided from "tenants who together occupy at least 75% of the total number of rentable square feet subject to Qualifying leases at the Closing . . . ," Id. ¶ 8.1(k)(i), the parties appear to agree that the Tenant Estoppel Certificates falling under this provision are not at issue on the present motion. See Motion For Partial Summary Judgment (Doc. No. 75) at 4; Plaintiff's Response . . . (Doc. No. 84) at 7 ¶ 12.

> 7.   There is no default now existing on the part of the undersigned or of Landlord under the Lease, and there is no event which with notice or the passage of time or both would constitute a default of the undersigned or of Landlord under the Lease.[2]

The Fifteenth Amendment to the FPSA (Fifteenth Amendment), executed on December 8, 2008, provides that Granite is entitled to object to any Tenant Estoppel Certificate which:

> (i) is not in the form required under paragraph 7.2(i) [of the FPSA] or has been materially and adversely modified from that form, or (ii) indicates the continuing existence of an actual material default of the landlord under the applicable Lease, or (iii) correctly indicates that the Lease includes terms and provisions that are inconsistent with the applicable lease delivered to Buyer . . . provided, however, Buyer may not object to . . . any Tenant Estoppel Certificate delivered to Buyer on or after the date that is thirty (30) days before the Closing Date for a tenant that is substantially similar to the Tenant Estoppel Certificate for that tenant executed in or about May 2008 and previously delivered to Buyer.[3]

The Fifteenth Amendment provides that any Tenant Estoppel Certificate to which Granite does not "timely and appropriately" object shall be an "Approved Tenant Estoppel Certificate."[4]  The parties agreed that, upon delivery of the Approved Tenant Estoppel Certificates to Granite, $650,000 which had been placed in escrow would be released to Alberta.[5]  If the required Approved Tenant Estoppel Certificates were not

---

[2] Doc. No. 62-2 (FPSA) Ex. H.

[3] Doc. No. 62-3 (Fifteenth Amendment to FPSA) ¶ 2(c).

[4] Id.

[5] Id.

delivered to Granite by March 1, 2009, the $650,000 in escrow would be deemed forfeited by Alberta and would to be delivered to Granite.[6]

The only tenant of the Property occupying more than 10% of the rentable square footage was Colorado Cinema, LLC (Cinema).  On May 12, 2008, the Cinema executed a Tenant Estoppel Certificate (2008 Certificate), which was delivered to Granite on November 21, 2008.[7]  Thereafter, on January 13, 2009, the Cinema executed a second Tenant Estoppel Certificate (2009 Certificate), which was delivered to Granite on February 11, 2009.[8]  On February 18, 2009, Granite notified Alberta in an e-mail that it was rejecting the 2009 Certificate on the basis that it "came back indicating a fairly substantial settlement issue."[9]  Granite also apparently sent a letter to Alberta on February 24, 2009, objecting to the 2009 Certificate.[10]

The 2009 Certificate differs from the form attached as Exhibit H to the FPSA in at least three respects.  First, it omits the language in paragraph 6 of Exhibit H that "[t]here is no existing defense, offset, lien, claim or counterclaim by or in favor of the undersigned or of Landlord under the Lease, and there is no event which with notice or

---

[6] Id.; see also Plaintiff's First Amended Complaint (Doc. No. 36) ¶ 13.

[7] See Defendant Alberta Town Center, LLC's Reply . . . Ex. A-5 (Doc. No. 86-2) at 2-3 of 13, 11-13 of 13.

[8] See Motion For Partial Summary Judgment Ex. A-3 (Doc. No. 75-4), Ex. A-2 (Doc. No. 75-2) at 4 of 5.

[9] See Plaintiff's Response . . . Ex. 1 (Doc. No. 84-2).   Alberta does not appear to challenge the timeliness of Granite's objection to the Cinema's Tenant Estoppel Certificate.

[10] See id. Ex. 2 (Doc. No. 84-3) at 3 of 5 (referring to February 24, 2009, letter).

4

the passage of time or both would constitute a default of the undersigned or of Landlord under the Lease."[11]  Second, instead of including the required language set forth in paragraph 5 of Exhibit H, paragraph 5 of the 2009 Certificate states:

> 5.     Tenant is currently investigating and may dispute Landlord's assertion that Tenant is financially responsible for repairing the cracked foundation that affects the structure of the Demised premises.  An investigation is underway to determine which party is responsible for the repair and financial responsibility for such foundation.  As of the date of this document, Tenant disputes that it has the responsibility for such repair.  Further, Tenant's Proportionate Share for 2008 has not been finalized.[12]

Additionally, paragraph 5 of the 2009 Certificate differs from paragraph 5 of the 2008 Certificate, which stated:

> 5.     There are no existing claims, defenses or offsets by or in favor of the Tenant against Landlord under the Lease except that Landlord is currently disputing Tenant's Proportionate Share for 2008, including Tenant's share of real estate taxes for the Demised Premises, and Tenant's Proportionate Share for 2007, as well as Tenant's share of real estate taxes for the Demised premises, has not been finalized.[13]

Lastly, instead of including the required language set forth in paragraph 7 of Exhibit H, paragraph 6 of the 2009 Certificate states:

---

[11] See Motion For Partial Summary Judgment, Ex. A-3 (Doc. No. 75-4); Doc. No. 62-2 (FPSA) Exh. H ¶ 6.

[12] Motion For Partial Summary Judgment, Ex. A-3 (Doc. No. 75-4) ¶ 5.

[13] Defendant Alberta Town Center, LLC's Reply . . . Ex. A-5 (Doc. No. 86-2) at 12 of 13.

> 6. To Tenant's actual knowledge and belief (without any duty to investigate), there are no defaults now existing on the part of Tenant or of Landlord under the Lease.[14]

The FPSA provides that "except as expressly set forth herein . . . the Property is being sold to [Granite] on the Closing Date in its then 'AS IS, WHERE IS' condition, with all faults."[15] The FPSA further provides that "except as specifically set forth in this Agreement, [Granite] has no right to terminate this Agreement as a result of any matter relating to the condition of the Property, its entitlements status or its marketability."[16] However, the FPSA also states that Granite has no obligation to proceed with the closing unless Alberta has "materially complied with each and every covenant or condition of this Agreement . . . ."[17] One such covenant appearing in the FPSA is Alberta's agreement to "promptly notify Buyer of any change in any condition with respect to the Property . . . ."[18]

Plaintiff's First Amended Complaint includes two claims against Alberta, one for "Declaratory Judgment Regarding Escrow" and one for "Attorneys' Fees and Costs Under the Escrow Agreement."[19] Plaintiff seeks a judicial declaration that Alberta failed

---

[14] Motion For Partial Summary Judgment, Ex. A-3 (Doc. No. 75-4) ¶ 6.

[15] Doc. No. 62-2 (FPSA) ¶ 5.1(a).

[16] Id. ¶ 5.3(c).

[17] Id. ¶ 8.1(c).

[18] Id. ¶ 7.2(f).

[19] This claim properly is construed as an item of requested relief, rather than a separate legal claim.

to timely deliver the required Tenant Estoppel Certificates[20] and that Granite therefore is entitled to delivery of the $650,000 held in escrow. Alberta moves for summary judgment on the claims against it, arguing that the 2009 Certificate constituted an Approved Tenant Estoppel Certificate because Granite did not appropriately object to it pursuant to the terms of the Fifteenth Amendment.

**B.    Legal Standard**

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[21] When applying this standard, the district court views the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party.[22]

**C.    Analysis**

    **1.    Substantial Similarity of 2009 Certificate to 2008 Certificate**

Alberta argues that the fact that the 2009 Certificate differs from Exhibit H to the FPSA is irrelevant because the 2009 Certificate is identical to the Cinema's March 2008 Tenant Estoppel Certificate, with the exception of paragraph 5, and the Fifteenth Amendment provides that Granite cannot object to a Tenant Estoppel Certificate that is

---

[20] The only Tenant Estoppel Certificate at issue on this motion, however, is Colorado Cinema's Tenant Estoppel Certificate.

[21] Fed. R. Civ. P. 56(c).

[22] Couch v. Board of Trustees, 587 F.3d 1223, 1235 (10th Cir. 2009).

"substantially similar" to a May 2008 Tenant Estoppel Certificate.[23] Alberta appears to contend that even though paragraph 5 of the 2009 Certificate includes discussion of a potential dispute regarding a cracked foundation which does not appear anywhere in the 2008 Certificate, the two documents nonetheless are "substantially similar" because the condition of the Property was not material to the purchase, since the FPSA provides that the Property was being sold in an "'AS IS, WHERE IS' condition, with all faults,"[24] and Granite had "no right to terminate [the FPSA] as a result of any matter relating to the condition of the Property."[25] However, the FPSA's "as-is" and "no right of termination" provisions each are preceded by express qualifiers that those provisions shall apply "except as [specifically or expressly] set forth" elsewhere in the FPSA.[26] Elsewhere in the FPSA, paragraphs 7.2(f) and 8.1(c), read together, provide that Granite has no obligation to proceed with the purchase if Alberta fails to "promptly notify [Granite] of any change in condition with respect to the Property . . . ."[27] Construing the FPSA so as not to render any portion of it meaningless,[28] these provisions, taken together, mean that Granite could not terminate the FPSA due to the condition of the

---

[23] See Defendant Alberta Town Center, LLC's Reply . . . (Doc. No. 86) at 6.

[24] Doc. No. 62-2 (FPSA) ¶ 5.1(a).

[25] Id. ¶ 5.3(c).

[26] See id. ¶ 5.1(a), ¶ 5.3(c).

[27] Id. ¶ 7.2(f); see also id. ¶ 8.1(c).

[28] See Pepcol Mfg. Corp. v. Denver Union Corp., 687 P.2d 1310, 1313-14 (Colo. 1984) ("An integrated contract in the first instance is to be interpreted in its entirety with the end in view of seeking to harmonize and to give effect to all provisions so that none will be rendered meaningless.").

Property, *unless* Alberta had failed to notify Granite of a change in the condition of the Property.  Granite could refuse to close based on a changed condition of the Property if Alberta had failed to notify Granite of the change.  The condition of the Property thus was not necessarily immaterial to Granite's obligations under the FPSA.

Regardless, whether the differences between the 2008 and 2009 certificates are material to the terms of the purchase is a separate question from, and does not bear upon, whether the 2008 and 2009 Certificates are "substantially similar" to each other. "Substantially similar" is an unambiguous term whose ordinary meaning is "largely but not wholly" the same.[29]  Paragraph 5 of the 2008 Certificate and paragraph 5 of the 2009 Certificate are not largely the same; they are entirely different.  The 2009 Certificate discusses a subject that appears nowhere in the 2008 Certificate.  No reasonable reading of the two documents could produce a conclusion that the two documents are "substantially similar."  Alberta's argument lacks merit.

### 2.     Grounds for Objection to Certificate

Alberta also argues that Granite's objection to the 2009 Certificate does not satisfy the Fifteenth Amendment's requirements for objection because the 2009 Certificate (1) was not a material, adverse modification of the required form, and (2) did

---

[29]See http://www.merriam-webster.com/dictionary/substantial; see also Morris v. Belfor USA Group, Inc., 201 p.3d 1253, 1259 (Colo. App. 2008) (a contract is interpreted "according to the plain and ordinary meaning of its terms.").

not indicate the continuing existence of an actual material default of the landlord under the applicable lease.[30]

### a.   Modifications

It is undisputed that the 2009 Certificate was modified from the form attached as Exhibit H to the FPSA.  However, Alberta contends that the modifications made are neither "material" nor "adverse."

### i.   Material

Granite notes that "[a] material [contract] term goes to the root of the matter or essence of the contract,"[31] and that "materiality must be assessed in the context of the expectations of the parties at the time the contract was formed."[32]  However, in this case, the issue is not whether a particular *contract term* is material (and thus whether the breach of that contract term constitutes a material breach of the contract), but, rather, whether modifications to a separate document were "material" as that term is used in the contract.  The ordinary meaning of "material" is "having real importance or great consequences."[33]

---

[30] See Doc. No. 62-3 (Fifteenth Amendment to FPSA) ¶ 2(c).  Granite does not appear to argue that one of the bases for its objection to the 2009 Certificate is that the 2009 Certificate "correctly indicates that the Lease includes terms and provisions that are inconsistent with the applicable lease delivered to Buyer . . . ."  See Doc. No. 62-3 (Fifteenth Amendment to FPSA) ¶ 2(c).

[31] Coors v. Security Life of Denver Ins. Co., 112 P.3d 59, 64 (Colo. 2005).

[32] Id.

[33] http://www.merriam-webster.com/dictionary/material.

Again, Alberta contends that because the modifications concern alleged structural defects on the Property, those modifications are not material because Granite purchased the Property on an "as is - where is" basis and could not terminate the contract based upon the condition of the Property. Thus, argues Alberta, the fact that the 2009 Certificate reported a cracked foundation, and a potential dispute concerning the financial responsibility for its repair, was immaterial to Granite's contractual obligations, since Granite was required to go through with the purchase regardless of any defects in the condition of the Property. However, as discussed above, the FPSA allowed Granite to refuse to close on the purchase if Alberta failed to notify Granite of changed conditions on the Property. Thus, the condition of the Property was not necessarily immaterial to Granite's obligations under the FPSA.

Further, Granite has submitted evidence that the purpose of requiring Tenant Estoppel Certificates was to prevent tenants from asserting claims against the new landlord (Granite) for acts or omissions of the prior landlord (Alberta).[34] Thus, there is evidence that a Tenant Estoppel Certificate which indicated the potential for such claims, such as the 2009 Certificate, raised an issue of importance and consequence to Granite. If this were not the case, then paragraph 6 of Exhibit H seemingly would have no purpose. It is reasonable to infer that the purpose of the escrow provision in the Fifteenth Amendment was to guarantee, or at least encourage, the submission of Tenant Estoppel Certificates which, among other things, certified that there were no

---

[34] See Plaintiff's Response . . . Ex. 3 (Doc. No. 84-4) ¶ 5.

such unresolved defects or claims.  The Court concludes that whether the modifications made to Exhibit H to the FPSA were "material" is a factual issue not appropriate for resolution on this motion.

### iii. Adverse

Alberta argues that the modifications to the Tenant Estoppel Certificate form which were contained in the 2009 Certificate also were not "adverse," because, under the applicable lease, the Cinema, not the landlord, is responsible for any repairs to the Cinema's building.[35]  Even if this ultimately were determined to be the case, and the Court makes no such determination herein, the 2009 Certificate's reference to the possibility of a claim against the landlord for repairs certainly could be considered information "adverse" to the building's buyer, since the buyer ultimately could be required to defend such a claim, regardless of its merit.  Summary judgment cannot be granted on the ground that the modifications were not "adverse."

### b. Landlord Default

Because the present motion properly is denied on the basis that there are disputed factual issues as to whether the 2009 Certificate was "materially and adversely modified" from the required form, the Court need not, and does not, reach the issue of whether 2009 Certificate "indicate[s] the continuing existence of an actual material default of the landlord under the applicable Lease"[36] on this motion.

---

[35] Although the parties do not address whether this is a factual or legal issue, in the absence of any argument in the briefing it appears to the Court to be a mixed question of fact and law.

[36] Doc. No. 62-3 (Fifteenth Amendment to FPSA) ¶ 2(c).

### 3. Waiver

Alberta also argues that because Granite alleged in its original Complaint that some Tenant Estoppel Certificates "materially and adversely deviated from the required form," but did not include this specific allegation in the First Amended Complaint, Granite has waived any contention that the 2009 Certificate was "materially and adversely modified" from the required form.

While the Court does not consider claims asserted in the original pleading which are omitted from the amended pleading,[37] Granite's allegation that the 2009 Certificate was objectionable on the ground that it was "materially and adversely modified" from the required form is not a separately pleaded legal or equitable claim; it is a contention made in support of the declaratory judgment claim.[38]  Regardless, Granite alleged in the First Amended Complaint that it rejected the 2009 Certificate for the reasons "covered by section 8.1(k)(ii) of the FPSA"[39] (restated in paragraph 2(c) of the Fifteenth Amendment), which include the "materially and adversely modified" objection.  Granite has not waived its contention that the 2009 Certificate was "materially and adversely modified" from the required form.

For the foregoing reasons, it is

---

[37] See Franklin v. Kansas Dept. of Corrections, 2005 WL 3515716, *2 (10th Cir. Dec. 23, 2005).

[38] The Court notes that Alberta did not move for dismissal under Fed. R. Civ. P. 12(b)(6) on the ground that Granite was required to specifically allege a "material and adverse modification" in its pleading order to state a claim for declaratory relief.

[39] Plaintiff's First Amended Complaint (Doc. No. 36) ¶ 19.

ORDERED that Defendant Alberta Town Center LLC's Motion For Partial Summary Judgment (Doc. No. 75) is denied. It is

FURTHER ORDERED that the hearing previously set for Wednesday, February 17, 2010 is vacated.

DATED at Denver, Colorado, this 9th day of February, 2010.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court