IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

       Plaintiff,

v.

ALBERTA TOWN CENTER, LLC and
LAND TITLE GUARANTEE COMPANY

       Defendants.

---

**PLAINTIFF'S AMENDED MOTION FOR LEAVE TO AMEND COMPLAINT**

---

Plaintiff/counter-defendant Granite Southlands Town Center, LLC, ("Buyer" or "Granite") files this Amended Motion for Leave to Amend its *First Amended Complaint* ("Complaint") [Dkt. #34] to cure procedural defects brought to Buyer's attention by Magistrate Judge Mix, to whom the original motion was referred.[1]

**SUMMARY OF MOTION**

Buyer moves to amend its Complaint by adding a claim for breach of contract, so that if a jury decides Defendant Alberta ("Seller" or "Alberta") owes Buyer money – as opposed to Buyer owing Seller money – the jury can award damages accordingly. The parties dispute who owes money after reconciling pre-closing expenses for the Southlands Town Center. Initially, Seller

---

[1] Magistrate Judge Mix denied the original motion without prejudice by Minute Order (Docket No. 113). Buyer files this amended motion to cure the defects noted in the Minute Order. Buyer attaches, as Exhibit 1, a copy of the proposed Second Amended Complaint, as required by United States District Court – Electronic Filing Procedures, Version 3.0 § V.F.2. Buyer also has revised the Certificate of Conference, which was included as part of its original motion, to comport with D.C. COLO. LCivR 7.1A (see below at p. 7).

85581037.3

filed a counterclaim alleging Buyer owed in excess of $400,000.  Seller has since backed off that claim.  Information recently discovered suggests Seller, not Buyer, owes money, and the amount could be significant.  Addition of this claim will not delay trial or materially alter the testimony presented, as the jury already must decide Seller's reconciliation counterclaim.

## ARGUMENT AND AUTHORITIES

Seller's counterclaims against Buyer relate to the parties' obligation to reconcile the proration of Property[2] expenses made at the Closing for the Property and for 50% of the Property's alleged cumulative operating deficit ("Reconciliation Obligation").[3]  Recent discovery has revealed it is Seller that owes Buyer money pursuant to the Reconciliation Obligation – an amount which Buyer believes to be in the millions of dollars.  Based on this new evidence, Buyer requests permission to add a breach of contract claim against Seller to allow Buyer to recover this money, should the Court or a jury decide in Buyer's favor.  It makes sense to try these issues in this lawsuit, as Seller's proposed breach of contract claim involves the same parties, same agreements, and same facts underlying Seller's counterclaim.  No new issues will be raised if the Court allows Buyer to amend its complaint, no prejudice to Seller will result, and the interests of justice and judicial economy will be served.

To support the amendment, Buyer must show good cause to modify the Scheduling Order [Dkt. #21] and satisfy the requirements of FRCP 15(a).  *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2000).  The "good cause" inquiry focuses on the diligence of the party seeking to amend in its attempt to meet the Scheduling Order's deadline.  *Id.*  "[T]he focus of the

---

[2] For consistency, Granite will use the defined terms used in the Complaint.

[3] *See* Answer at 4-6.

85581037.3 - 2 -

inquiry is upon the moving party's reasons for seeking the modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Amended Complaint would add a prayer for relief related to facts discovered after the deadline for amendment of pleadings passed. "[I]nformation learned through discovery . . . if occurring after the deadline to amend contained in the Scheduling Order constitutes good cause to justify an extension of that deadline." *Pumpco, Inc.*, 204 F.R.D. at 668.

The deadline for amending pleadings was August 7, 2009; however, only recently, with the deposition of Steve Zezulak on March 22, 2010, was Buyer able to confirm the impropriety of the charges and inaccuracy of information provided by Seller. The new information relates to real estate taxes, common area expenses, rents, and other income and charges generated by the Property. Good cause, therefore, exists to allow for the amendment after the deadline set forth in the Scheduling Order.

Leave to amend also is appropriate under Rule 15(a), where leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). To that end, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Undue delay exists "when the party filing the motion has not adequate explanation for the delay." *Frank*, 451 U.S. at 1365-66. As explained, there is no undue delay in this case. Buyer simply did not know, and could not have known, the additional facts at the time it answered Alberta's counterclaims or filed the Complaint. Because Buyer merely seeks relief on

a claim previously made by Seller in this case, Seller will not suffer undue prejudice, and the additional facts show the amendment is not futile.

## AMENDMENT LANGUAGE

Buyer's requested amendment will include only minor modifications to the Complaint. The only changes made, other than changing the references from "First Amended Complaint" to "Second Amended Complaint," are set out in this section.

Specifically, reference to this also being a "breach of contract" lawsuit and the following language will be added to the "Summary of Complaint" section:

> Granite also seeks breach of contract damages for Alberta's failure to pay amounts owed upon reconciliation or "true-up" of pre-closing income and expenses.

The following paragraphs and language also will be added to the "Facts" section, to support the added breach of contract claim:

> 22.   In addition, the FPSA, as amended, required the parties to reprorate the income and expenses of the Property on or before March 31, 2009.  In Section 5 of the Eighth Amendment to Amendment and Agreement ("Eighth Amendment"), Granite and Alberta agreed to split 50%-50% income and expenses of the Property that were properly accrued under generally accepted accounting principles to the period commencing December 14, 2007, and ending December 11, 2008, with Granite funding 50% of operating deficits in the month that they occurred while any net revenue from the Property was to have been trued-up at Closing.
>
> 23.   On December 11, 2008, the day prior to Closing, the parties agreed that the true-up of operating deficits and net revenues contemplated by Section 5 of the Eighth Amendment only would be for calendar year 2008 and would occur as a part of the post-closing reconciliation agreed to by the parties including the agreement set forth in Section 11 of the Fifteenth Amendment to Amendment and Agreement.
>
> 24.   Prior to Closing, Granite paid Alberta hundreds of thousands of dollars for operating deficits reported by Alberta during certain months in 2008.  Based on information provided by Alberta during discovery, the Property generated

millions in net revenue during 2008. Pursuant to the parties' agreements and because the Property generated net revenue during the Period, the parties' agreements require Alberta to reimburse Granite for the operating deficit reimbursements paid by Granite to Alberta prior to Closing and to pay Granite 50% of the amount of net revenue from the Property.

Buyer also will add the following paragraphs and language in the "Causes of Action" section in a new section entitled "Breach of Contract:"

25. As alleged herein, Alberta has refused to reimburse Granite for the operating deficit reimbursements paid by Granite to Alberta and to pay Granite 50% of the net revenues generated by the Property for the period commencing January 1, 2008, and ending December 11, 2008. The parties' agreements require Alberta to pay such sums to Granite. Granite has suffered damages in an amount to be proven at trial as a result of Alberta's failure to pay Granite the amount owed to Granite pursuant to the parties' agreement to reconcile the Property's income and expenses.

26. Granite also seeks its attorneys' fees and costs against Alberta under the FPSA pursuant to Granite's breach of contract action. Granite has been required to retain legal counsel to assist in resolving disputes over the reconciliation of the Property's income and expenses. Section 14.8 of the FPSA provides that the prevailing party in any dispute relating to the enforcement of the obligations of a party under the FPSA is entitled to recover reasonable attorneys' fees, expenses and costs actually incurred by such party. Granite seeks to recover those attorneys' fees and expenses incurred in connection with the dispute over the reconciliation of the Property's income and expenses, as provided for in the FPSA.

Finally, Buyer adds a request for damages. These changes are included in the proposed Second Amended Complaint attached hereto as Exhibit 1. Notably, the Second Amended Complaint includes parties and claims dismissed by the Court in its interlocutory December 29, 2009, Order [Dkt. #85], so as to avoid any waiver of those claims, which remain in the "live" pleading. Also, notably, the Second Amended Complaint does not include claims for which

Buyer previously sought leave to amend but was denied.[4]  Although Buyer continues to believe those claims are proper and should be made a part of this lawsuit, this motion does not include or address those claims.

## CONCLUSION AND PRAYER

WHEREFORE, Plaintiff respectfully asks the Court to grant Buyer leave to file a Second Amended Complaint containing the amendments to the Complaint discussed herein.

Respectfully submitted this 28th day of April, 2010.

>  /s/      Paul Trahan
> OSBORNE J. DYKES, III
> BENJAMIN M. VETTER
> FULBRIGHT & JAWORSKI L.L.P.
> 370 Seventeenth Street, Suite 2150
> Denver, CO  80202
> (303) 801-2700 – Telephone
> (303) 801-2777 – Facsimile
> jdykes@fulbright.com
> bvetter@fulbright.com
>
> PAUL TRAHAN
> FULBRIGHT & JAWORSKI L.L.P.
> 600 Congress Avenue, Suite 2400
> Austin, TX  78701
> (512) 474-5201 – Telephone
> (512) 536-4598 – Facsimile
> ptrahan@fulbright.com
>
> **COUNSEL FOR BUYER/PLAINTIFF AND COUNTER-DEFENDANT**

---

[4]  Buyer sought leave to amend pursuant to Plaintiff's Motion for Reconsideration And For Leave to Amend Complaint (Docket No. 87) which was denied by way of a February 7, 2010, Order (Docket No. 110).

**CERTIFICATE OF CONFERENCE**

On April 16, 2010, undersigned counsel conferred by telephone with counsel for Alberta about this motion, and Alberta's counsel, Stuart Bennett, indicated Alberta is opposed to the relief sought in this motion. Consequently, counsel for moving party, before filing this motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel to resolve the disputed matter. *See* D.C. COLO. LCiv.R 7.1A.

*/s/ Paul Trahan*
Paul Trahan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 28th day of April, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to attorneys for plaintiffs at the following e-mail addresses:

Stephen L. Waters            swaters@rwolaw.com
Kimberly A. Bruetsch         kbruetsch@rwolaw.com
ROBINSON WATERS & O'DORISIO, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
*Attorneys for Land Title Guarantee*

Stuart N. Bennett            sbennett@lindquist.com
Lindquist & Vennum, P.L.L.P.
600 – 17th Street, Suite 1800 – South
Denver, CO 80202
*Attorneys for Alberta Town Center, LLC*

*/s/ Paul Trahan*
Paul Trahan