**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-CV-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER, LLC,

        Plaintiff

v.

ALBERTA TOWN CENTER, LLC, and
LAND TITLE GUARANTEE COMPANY,

        Defendants.

---

**DEFENDANT ALBERTA TOWN CENTER, LLC'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR LEAVE
TO AMEND COMPLAINT [Docket No. 115]**

---

Defendant, Alberta Town Center, LLC, by and through its attorneys, Lindquist & Vennum, PLLP, hereby submits its Response in Opposition to Plaintiff's Amended Motion for Leave to Amend Complaint filed April 16, 2010. [Docket No. 115]:

**1.     INTRODUCTION**

Plaintiff Granite Southlands Town Center LLC's ("Granite") Amended Motion for Leave to Amend Complaint ("Third Motion to Amend") is Granite's third untimely attempt to amend its complaint in this matter.  Judge Weinshienk allowed the first untimely amendment only because it was unopposed, but denied Granite's second attempt to amend its complaint.  As with its previous attempt to amend, Granite cannot establish good cause for amending the Scheduling Order to allow an amendment of its pleadings after the deadline for doing so has long since past and discovery is closed.  Granite should, therefore, not be allowed to amend its complaint now.

This Third Motion to Amend is consistent with Granite's pattern of claiming that evidence it has possessed for months, if not years, is "newly discovered." Granite's newly proposed amendment seeks to allege a new claim for relief against Alberta based upon invoices for operating deficits that Alberta submitted to Granite during the year 2008. Granite claims that it could not have known how it was charged for "real estate taxes, common area expense, rent and other income and charges generated by the Property" prior to a deposition of Alberta's accountant in March 2010. Third Motion to Amend, at 3. Granite's disclosures and discovery responses, however, indicate that Granite possessed the information on which its proposed amendment is based well before the Scheduling Order deadline of August 7, 2009, for amendment to the pleadings. Granite's Third Motion to Amend is therefore baseless and should be denied for that reason alone.

Moreover, allowing Granite to amend its complaint to assert an affirmative claim against Alberta at this time would unduly prejudice Alberta. In its current posture, two claims are pending in this matter – Granite's claim for declaratory judgment and Alberta's claim for breach of contract. Granite's proposed amendment would allow the assertion of an entirely new claim against Alberta — one as to which there has been no motion practice and no discovery. Allowing the amendment would, in effect, start an entirely new lawsuit against Alberta, necessitating the rescheduling of motions and re-opening of discovery. Previously taken depositions of Granite's personnel located in New Jersey and California would have to be redone. Discovery closed nearly two months ago and Alberta is prepared to proceed to trial on the merits of the existing claims. Granite's Third Motion to Amend is untimely, highly

Doc# 3242218\2

prejudicial and not warranted under Fed. R. Civ. P. 15 or 16.  For these reasons it should be denied as was Granite's previous failed attempt at amending its complaint.

## 2.   ARGUMENT

Granite's motion to file another Amended Complaint should be denied because Granite cannot establish good cause under Fed. R. Civ. P. 16 or 15.  One purpose of the Federal Rules of Civil Procedure is "to secure the just, speedy and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  Granite has failed to observe this purpose at nearly every step of these proceedings, and Judge Weinsheink has enforced the Rules of Civil Procedure as intended. Granite is unable to show good cause for this latest request to amend and the Court should not reverse its prior course and allow Granite to now disregard the Scheduling Order and amend its complaint.

The procedural history of this case reveals that Granite twice before has attempted to amend its complaint allegedly because it discovered new evidence.  The facts are, however, that Granite has failed to assert its proposed claims, not because of lack of evidence, but due to Granite's inattention or carelessness.  On April 8, 2009, Granite filed its "Original Complaint" [Docket No. 1].  Pursuant to the Court's July 6, 2009, Scheduling Order, the deadline to amend pleadings was August 7, 2009.  (Docket No. 21).  Granite filed two motions to extend the deadline to amend pleadings which resulted in a final deadline for amendment of pleadings of September 4, 2009. (Docket Nos. 23, 25 and 27).  Despite this extension of time, Granite did not file its Unopposed Motion for Leave to Amend Complaint and Join Additional Parties ("First Motion to Amend") until five days after the deadline passed.  (Docket No. 21).  Although Judge Weinsheink granted Plaintiff's First Motion to Amend because it was unopposed, she noted that

Granite did not address or meet the requirements of Fed. R. Civ. P. 16(b)(4).  (Docket No. 33).

Granite filed its First Amended Complaint with the Court on September 16, 2009, but did not

properly file the exhibits attached to its First Amended Complaint until December 10. 2009.

(Docket Nos. 36 and 78).  In the First Amended Complaint Granite asserted fraud claims against

the principals of Alberta Town Center, LLC ("Principals").  (Docket No. 32).

On October 14, 2009, the Principals filed a Motion to Dismiss Pursuant to F.R.C.P.

12(b)(6), seeking dismissal of the fraud claims Granite added in its First Amended Complaint.

(Docket No. 60).  On December 29, 2009, Judge Weinshienk granted the Principals' motion and

dismissed with prejudice Granite's fraud claims against the Principals on the grounds that the

claims were simply not plausible.  (Docket No. 85).

Granite next filed a Motion for Reconsideration and for Leave to Amend Complaint

("Second Motion to Amend") to which it attached a proposed Second Amended Complaint

incorporating new claims against the Principals and Alberta.  (Docket No. 87).  Before Judge

Weinsheink ruled on the Second Motion to Amend, Granite sought leave to substitute a different

proposed Second Amended Complaint in place of the one attached to its Second Motion to

Amend.  (Docket No. 109).  This, in effect, would be the third attempted amendment of

Granite's Complaint, although for clarity, this Response refers to both proposed Second

Amended Complaints simply as the Second Motion to Amend.  This substituted Second

Amended Complaint sought to add still more new claims against the Principals and Alberta.

(Docket No. 109).

As it does now, Granite claimed it had discovered "new evidence" supporting its Second

Motion to Amend.  (Docket No. 87).  The "new evidence" upon which Granite relied in that

instance consisted of documents that Granite had actually attached to its First Amended Complaint three months earlier.  (*See* Docket No. 87 and Defendants' Response thereto, Docket No. 101).  Granite also characterized an appraisal report Granite commissioned as "new evidence" although it was in Granite's sole possession since 2008 and Granite refused to produce the document to Alberta.  *Id.*  Judge Weinsheink permitted Granite to substitute the proposed Second Amended Complaint, but denied Granite's Second Motion to Amend.  (Docket No. 110).

> **a.     Granite Cannot Now Establish Good Cause for Amending the Scheduling Order Pursuant to Fed. R. Civ. P. 16 to Permit Amendment of Its Complaint.**

Pursuant to the Scheduling Order, the deadline for amendment of pleadings was originally August 7, 2009, and was extended by Granite's request twice to September 4, 2009, eight and a half months ago.  (Docket Nos. 23, 25, and 27).  When a party files a motion to amend after the Scheduling Order's deadline has passed, a "two step analysis" is required:  A "movant must first demonstrate to the court that it has a 'good cause' for seeking modification of the scheduling deadline under Rule 16(b).  If the movant satisfies Rule 16(b)'s 'good cause' standard, it must then pass the requirements for amendment under Rule 15(a)."  *Colorado Visionary Academy v. Medtronic, Inc.,* 194 F.R.D. 684, 687 (D. Colo. 2000), citing *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp. 959 (D.S.C. 1997), *aff'd,* 129 F.3d 116 (4th Cir. 1997).  The standard for "good cause" under Rule 16(b) "is much different than the more lenient standard contained in Rule 15(a)."  *Id.*  Under Rule 16(b), "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts.  *Id.*  "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.* (citations omitted).  A party's mere failure to recognize that a cause of action, or a defense, is applicable is not good cause for relief.  *See id.*  Granite cannot establish sufficient grounds to justify

amendment of the Scheduling Order to allow an amendment of the pleadings more than eight months after the deadline for doing so has passed.

Granite bases its request to amend its complaint once again on the grounds that it discovered new evidence that it "simply did not know, and could not have known" when it filed its Original Complaint or answered Alberta's counterclaim. *See* Third Motion to Amend, p. 3. Granite asserts it could not have known how its share of the "real estate taxes, common area expense, rent and other income and charges generated by the Property" was calculated prior to March 22, 2010. *Id.*, p. 3. As was the case with its Second Motion To Amend, Granite possessed the information upon which its proposed amendment is based well before the Scheduling Order deadline for amendment to pleadings. Granite cannot credibly claim it could not have moved to timely amend its complaint despite diligent efforts. As a result, Granite cannot establish good cause for yet another untimely amendment pursuant to Fed. R. Civ. P. 16.

Granite has produced e-mail correspondence demonstrating that Granite had itemized invoices setting forth how its share of the operating deficits was calculated as early as June 2008. (Exhibit, A-1). Granite asserts that it first learned on March 22, 2010, that it paid a portion of 2007 real estate taxes for the Property. A June 24, 2008, e-mail produced by Granite shows, however, that Granite was provided information about the taxes for which it was being billed. (Exhibit A-1). The June 24, 2008, e-mail from Steve Zezulak of Alberta to Juli Elston and Christopher Silva of Granite notifies Granite that the cash balance was less than expected "due to payment of the second half of the property taxes totaling $605,893 on June 12th (a copy of the check stub and tax bills is enclosed)." (Exhibit A-1). The tax bill and supporting documents attached to the June 24, 2008, e-mail clearly show that the taxes relate to the 2007 tax year.

Doc# 3242218\2

(Exhibit A-1, p. BR0012974.0006-8).  Moreover, a July 25, 2008, e-mail produced by Granite shows that Mr. Zezulak forwarded an invoice for the June 2008 deficit to Mr. Silva.  (Exhibit A-2).  The documents attached to the July 25, 2008, e-mail show that Granite was charged for its share of $605,893 in real estate taxes in June 2008.  (Exhibit A-2, p. BR0013008.0001).  Granite paid its portion without objection.  Granite's assertion that it could not have known before March 22, 2010, that it paid a portion of the 2007 real estate taxes is simply false.

Additionally, Granite's disclosures show that Alberta provided Granite with detailed monthly invoices of the operating deficits.  Attached as Exhibit A-3 is a June 3, 2009, e-mail from Peter Cudlip of Alberta to Michael Krier and Angela Kralovec of Granite and Granite's present counsel, Paul Trahan, which attached copies of the monthly budget variance reports Alberta submitted to Granite.  These monthly variance reports itemized the operating revenues and expenses for each month of 2008.  As the attached e-mail demonstrates, Granite and its counsel, Mr. Trahan, had the information it now asserts is "newly discovered" for nearly ten months before Mr. Zezulak's March 22, 2010, deposition and nearly four months before Granite first moved to amend its complaint in September 2009.  Exhibit A-3.  Significantly, Granite produced these documents in this case.  Granite should not now be permitted to claim ignorance as to their contents as a basis for an untimely assertion of new claims against Alberta.

Discovery has further revealed that Granite simply ignored the information in its possession.  Granite's personnel admit they received monthly invoices and paid them without analysis.  Mr. Silva testified in his deposition that Granite received statements from Alberta for the operating deficits.  (Exhibit A-4, Deposition of Christopher Silva, p. 135, l. 17 -136, l. 10).  Mr. Silva also testified that he, Mr. Krier and Ms. Kralovec were responsible for reviewing the

statements, and that Granite made no effort to determine if any of the expenses charged to Granite were allowable under the parties' contract.  *Id.*  That neither Granite's employees nor its retained counsel chose to review invoices received in 2008 and 2009, does not make the information about those invoices learned in Mr. Zezulak's March 2010 deposition "newly discovered evidence."  Granite's claim that it "simply did not know, and could not have known" of the facts underlying its proposed amendment is false and does not constitute good cause to modify the Scheduling Order.

> **b.**    **Granite Cannot Establish Grounds for Amendment Under Fed. R. Civ. P. 15(a).**

Granite cannot establish either good cause for amending the Scheduling Order or grounds for amendment pursuant to Fed. R. Civ. P. 15(a).  Only after the moving party establishes the existence of good cause under 16(b) does the more lenient standard of Rule 15(a) apply. *Colorado Visionary Academy, supra,* 194 F.R.D. at 687.  Refusal of leave to amend is "justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  It is well settled in the Tenth Circuit that "untimeliness alone is a sufficient reason to deny leave to amend especially when the party filing the motion has no adequate explanation for the delay."  *Id.* at 1365-66 (citations omitted).  Prejudice to the opposing party need not be shown to justify denial. *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990). Furthermore, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Id.*  This last ground for denial is particularly

appropriate in deciding Granite's Motion because all the information upon which its motion is based was in Granite's possession before the filing of Granite's First Amended Complaint in September 2009. (Docket No. 36).

Notwithstanding that prejudice to the defendant is not required to deny Granite's Third Motion to Amend, "prejudice to the nonmoving party is the most important factor in considering whether amendment should be permitted." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). Under the Federal Rules of Civil Procedure, prejudice "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the party of the other party." *Philippus v. Aetna Health, Inc.*, No. 07-CV-02682-JLK-KLM, 2010 WL 148282 at *4 (D. Colo. Jan. 8, 2010) (citations omitted). "However, a finding of prejudice is not 'foreclosed when the new claims arise out of the same subject matter as the previously asserted claims. . . .'" *Id.*, citing *Texas Instruments, Inc. v. Biax Corp.,* No. 07-cv-02370-WDM-MEH, 2009 WL 31858155, at 2 (D.Colo. Sept. 28, 2009) (unpublished decision).

Granite's attempt to assert a new affirmative claim at this time is highly prejudicial to Alberta. Granite's only pending affirmative claim is a declaratory judgment action through which it seeks money currently in escrow. By this amendment, Granite attempts to assert an affirmative breach of contract claim against Alberta that represents a significant change in Granite's theory of recovery and essentially requires Alberta to defend an entirely new lawsuit. Should the Court allow this amendment, Alberta will need the opportunity to first move with respect to the sufficiency of the allegations and, if its motion is denied, to answer the new amended complaint. Alberta will need additional discovery to determine the basis of Granite's claims. This discovery will require the retaking of the previously taken depositions of Mr. Silva,

Ms. Kralovec and Mr. Krier to address Granite's new claims. The original discovery deadline of December 10, 2009, was extended twice at Granite's request to permit the taking of depositions of Granite's personnel. (Docket No. 21, 74, and 96). Granite's personnel are located in New Jersey and California, so the re-taking of their depositions will involve considerable additional expense. Alberta would not have incurred these costs and fees had Granite timely amended its Complaint. Given that Granite possessed the evidence upon which it bases its proposed Second Amended Complaint for months before it filed its Motion to Amend, Granite should not be permitted to amend its complaint at this late date.

### 3.   CONCLUSION

For the reasons set forth above, Granite's Amended Motion for Leave to Amend Complaint should be denied.

DATED:  May 21, 2010.


Respectfully submitted,


s/  *Stuart N. Bennett*
Stuart N. Bennett
**LINDQUIST & VENNUM, P.L.L.P.**
600 - 17th Street, Suite 1800 –South
Denver, CO 80202
Telephone:        (303) 573-5900
Fax:               (303) 573-1956
E-mail:        sbennett@lindquist.com
Attorneys for Defendant Alberta Town Center, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | | |
|---|---|---|
| *Attorneys for Plaintiff & Counter Defendant Granite Southlands Town Center, LLC* | jdykes@fulbright.com<br>bvetter@fulbright.com | Osborne J. Dykes, III<br>Benjamin M. Vetter<br>Fulbright & Jaworski LLP<br>370 – 17th Street, Suite 2150<br>Denver, CO  80202 |
| *Attorneys for Plaintiff & Counter Defendant Granite Southlands Town Center, LLC* | ptrahan@fulbright.com | Paul Trahan<br>Fulbright & Jaworski LLP<br>600 Congress Avenue, Suite 2400<br>Austin, TX  78701 |
| *Defendant Land Title Guarantee Company* | kbruetsch@rwolaw.com | Kimberly A. Bruetsch<br>Robinson, Waters & O'Dorisio PC<br>1099 – 18th Street, 26th Floor<br>Denver, CO  80202 |

And I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner indicated by the non-participant's name:   NONE

s/   Stuart N. Bennett
Stuart N. Bennett
Attorneys for Defendant Alberta Town Center, LLC
Lindquist & Vennum P.L.L.P.
600 - 17th Street, Suite 1800 –South
Denver, CO 80202
Telephone:            303-573-5900
Fax:                      303-573-1956
E-mail:            sbennett@lindquist.com

Doc# 3242218\2