IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC and
LAND TITLE GUARANTEE COMPANY,

    Defendants.

---

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

---

Plaintiff/counter-defendant Granite Southlands Town Center LLC ("Granite") through its counsel, Fulbright & Jaworski L.L.P., submits this Reply in further support of its *Motion for Leave to Amend Complaint* [Dkt. #115] ("Motion").

**INTRODUCTION**

1. Granite's Motion requests leave to amend Granite's First Amended Complaint to bring a breach of contract claim against Alberta relating to the post-closing true-up obligations ("True-Up Obligations") of the parties in connection with the Southlands Town Center ("Property"). Granite's claim arises from the same facts and circumstances as Alberta's existing breach of contract counter-claim. Thus, granting leave to amend will allow a jury, after considering all the relevant facts and circumstances regarding the True-Up Obligations, to determine whether it was Granite or Alberta which breached its obligations, and to award damages accordingly. The requested claim does not present any new issues in this lawsuit.

85642763.3

2. If Granite is not granted leave to amend, Alberta will be allowed to breach without consequence its contractual obligations to Granite and thereby bilk Granite's investors – comprised of pension funds owned by teachers, firefighters, and policemen – out of millions of dollars. Steve Zezulak's deposition revealed that Alberta prepared reports and submitted expenses for payment to Granite in blatant disregard of the parties' written agreements governing the True-Up Obligations. Having introduced the dispute regarding the True-Up Obligations into the case by alleging a counterclaim, Alberta should not now be allowed to prevent Granite from pleading a mirror claim simply because discovery has produced evidence showing that Alberta, not Granite, is in breach of the True-Up Obligations.

## ARGUMENT

3. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Construing Rule 15(a)'s dictate, the Tenth Circuit has concluded that leave to amend should be denied only when there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Alberta's Response utterly fails to make the required showing.

4. Alberta's relation, in great detail, of the procedural history of this case is of little moment for purposes of Granite's motion. Moreover, the recitation is misleading. Alberta suggests that its original counsel somehow gaffed by failing to oppose Granite's prior amendment, which added fraud claims. To the contrary, Alberta's prior counsel extended Granite's deadline for filing the fraud claims so the parties could try to settle the case before

Granite filed the fraud claims, recognizing the seriousness of the claims and the impact they might have on the parties' ability to settle. There was no gaffe, just thoughtful cooperation.

5. Alberta argues that leave should be denied because it had previously provided Granite "with the information upon which its proposed amendment is based." Response at 6. To support that assertion, Alberta attached 139 pages of documents. Response at Ex. A-3. All of the attached documents, however, were prepared by Alberta, primarily by Mr. Zezulak. While Granite received the documents in June 2009, it did not and could not fully understand the import of the documents until deposing Mr. Zezulak on March 22, 2010. Only upon questioning Mr. Zezulak regarding the preparation and content of the documents could Granite determine that Alberta willfully violated its True-Up Obligations by submitting for payment by Granite costs that Granite was not obligated to pay under the governing agreements.

6. That the documents did not on their face reveal that Alberta was wrongfully charging Granite for certain expenses is not surprising. Alberta has always been the party solely in control of the information relevant to the parties' True-Up Obligations. Alberta selected and compiled the information given to Granite. Given the written agreements between the parties, Granite had a reasonable expectation that, in preparing and submitting reports to Granite based on information that was solely in Alberta's possession and control, Alberta would only include items for which Alberta was entitled to payment pursuant to the written agreements. Notwithstanding Granite's repeated requests, Alberta refuses to allow a full forensic accounting of its financial records to determine definitively the extent of the wrongful charges, but even the limited information available to Granite, understood in light of Mr. Zezulak's testimony, reveals that Alberta included millions of dollars in improper charges in the reports and invoices sent to

Granite.  Granite made payments to Alberta based on these fraudulent records, and has suffered millions of dollars in damages.

7. Alberta's argument further neglects the fact that the documentation and information it sent to Granite regarding the true-up expenses was dribbled out to Granite over the course of almost two years.  In effect, Alberta delivered to Granite a jig-saw puzzle of documents and information.  It only was with the deposition of Mr. Zezulak that Granite was able to see the entire picture and assemble the puzzle.  Mr. Zezulak's deposition provided the key information necessary for Granite to interpret and understand Alberta's financial reports, and thereby understand the scope and breadth of the fraud that Alberta had perpetrated on Granite through the parties' True-Up Obligations.  As a result, "good cause" exists to amend the pleading deadline and for this Court to grant Granite's Motion to allow Granite to file the proposed Second Amended Complaint.

*Granite's Motion is Not Untimely*

8. Only until after Granite had the opportunity to depose Mr. Zezulak – the individual primarily responsible for preparing the reports summarizing the operating deficits for which Alberta alleged Granite was liable – did Granite finally appreciate the financial improprieties that Alberta had perpetrated on Granite through the parties' True-Up Obligations.  After Mr. Zezulak's deposition, Granite promptly conferred with counsel for Alberta to see if Alberta had an alternative explanation for the millions of dollars in improper charges.  When it became apparent that no such alternative explanation would be forthcoming, Granite filed this Motion.  As such, there is no undue delay in this case, and Granite's Motion should not be denied on this basis.

*No Prejudice to Alberta Will Result*

9. Finally, Alberta's arguments that it will somehow be prejudiced if Granite is allowed to make a breach of contract claim that simply mirrors an existing claim of Alberta in this lawsuit is absurd. In alleging prejudice, Alberta attempts to manufacture a number of grounds to substantiate their claim and asserts that it will be prejudiced because it will have to (i) assess the sufficiency of Granite's claims with respect to the True-Up Obligations, (ii) file an answer if Granite's claims are found to state a claim, (iii) conduct additional discovery, and (iv) retake depositions relating to the new claims. *See* Response, pgs. 9-10. If the burden of filing the pleadings necessary to respond to a new claim was a sufficient basis to allege prejudice, it is difficult to see how any federal court would ever amend a scheduling order to allow additional claims to be asserted. As to Alberta's claim that it will need to conduct discovery and retake depositions of Granite representatives if leave to amend is granted, it is inconceivable why Alberta would need any information from Granite whatsoever since Alberta is, and always has been, the only party in possession of the documents, invoices, and other records pertinent to the parties' True-Up Obligations. The only information Granite has relating to the True-Up Obligations came from Alberta. Since Alberta is the sole source of all information upon which Granite bases its claims, Alberta merely needs to search its own records for the information necessary to respond to those claims. To the extent additional discovery is needed, Granite will cooperate fully to minimize any inconvenience or expense.

10. Granite urges this Court to recognize Alberta's manufactured grounds for asserting prejudice for what they are – an attempt to circumvent justice in this case and retain millions of dollars that rightfully belong to Granite pursuant to the parties' True-Up Obligations.

## CONCLUSION

11. For the reasons discussed above and in Granite's Motion, Granite again respectfully asks the Court to grant Granite's Motion.

Respectfully submitted this 4th day of June 2010.

>  /s/ Paul Trahan
> OSBORNE J. DYKES, III
> BENJAMIN M. VETTER
> FULBRIGHT & JAWORSKI L.L.P.
> 370 Seventeenth Street, Suite 2150
> Denver, CO  80202
> (303) 801-2700 – Telephone
> (303) 801-2777 – Facsimile
> jdykes@fulbright.com
> bvetter@fulbright.com
>
> PAUL TRAHAN
> FULBRIGHT & JAWORSKI L.L.P.
> 600 Congress Avenue, Suite 2400
> Austin, TX  78701
> (512) 474-5201 – Telephone
> (512) 536-4598 – Facsimile
> ptrahan@fulbright.com
>
> COUNSEL FOR PLAINTIFF
> AND COUNTER-DEFENDANT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 4th day of June, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to attorneys for plaintiffs at the following e-mail addresses:

> Stephen L. Waters  swaters@rwolaw.com
> Kimberly A. Bruetsch  kbruetsch@rwolaw.com
> ROBINSON WATERS & O'DORISIO, P.C.
> 1099 18th Street, Suite 2600
> Denver, CO 80202
> *Attorneys for Land Title Guarantee*
>
> Stuart N. Bennett  sbennett@lindquist.com
> Lindquist & Vennum, P.L.L.P.
> 600 – 17th Street, Suite 1800 – South
> Denver, CO 80202
> *Attorneys for Alberta Town Center, LLC*

                                        */s/ Paul Trahan*