IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC, and
LAND TITLE GUARANTEE COMPANY,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Amended [Fourth] Motion for Leave to Amend Complaint** [Docket No. 115; Filed April 28, 2010] ("Fourth Motion to Amend"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C.3., the Motion has been referred to this Court for a recommendation.[1] The Court has reviewed the Fourth Motion to Amend, Defendant Alberta Town Center, LLC's Response to the Motion [Docket No. 117], Plaintiff's Reply [Docket No. 118], the entire file, relevant legal authority and is advised in the premises. For the reasons stated below, I RECOMMEND that the Fourth Motion to Amend be **DENIED**.

---

[1] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (unpublished decision) (citing cases). When an order denying a motion to amend removes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kansas 2002). For the purposes of resolving the present Motion, I will assume that the issue is dispositive and requires a recommendation.

## I. Background

This case involves a dispute between the parties relating to funds held in escrow for the conveyance of certain real property. Defendants filed a counterclaim alleging that Plaintiff committed a breach of contract. Pursuant to the Fourth Motion to Amend, Plaintiff now seeks to add a breach of contract claim against Defendants. At present, the case involves two claims: (1) Plaintiff's claim for declaratory judgment and (2) Defendants' counterclaim for breach of contract. Plaintiff's previously asserted fraud claims have been dismissed as implausible [Docket No. 85].

Plaintiff filed its Complaint on April 8, 2009 [Docket No. 1]. The original pleading amendment deadline was August 7, 2009 [Docket No. 21], but this deadline was extended twice at Plaintiff's request, the latest extension being September 4, 2009 [Docket No. 27]. Five days after the pleading amendment deadline had passed, Plaintiff filed its first motion to amend the Complaint (on September 9, 2009) [Docket No. 32]. Despite its untimeliness, Senior District Judge Zita L. Weinshienk granted the motion and allowed Plaintiff to file an Amended Complaint asserting fraud claims against Defendants [Docket Nos. 33 & 36]. Judge Weinshienk later dismissed the fraud claims on December 29, 2009 [Docket No. 85]. On January 13, 2010, Plaintiff filed a second untimely motion to amend [Docket No. 87]. Judge Weinshienk summarily denied the motion on February 17, 2010 [Docket No. 110]. Approximately two months later, Plaintiff filed a third untimely motion to amend but failed to attach a proposed amended pleading or to confer as required pursuant to D.C.COLO.LCivR 7.1A., and I denied the motion without prejudice on April 19, 2010 [Docket Nos. 111 & 113]. Plaintiff waited nearly ten days to file its present request, the Fourth Motion to Amend. By now, the case has been pending for well over a year and the

pleading amendment deadline expired more than eight months ago.

## II. Analysis

Plaintiff seeks to add a claim for breach of contract against Defendant Alberta Town Center, LLC (hereinafter, "Defendant"). Plaintiff "moves to amend its Complaint by adding a claim for breach of contract, so that if a jury decides Defendant . . . owes [Plaintiff] money – as opposed to [Plaintiff] owing [Defendant] money – the jury can award damages accordingly." *Fourth Motion to Amend* [#115] at 1. Further, Plaintiff claims that "[r]ecent discovery has revealed it is [Defendant] that owes [Plaintiff] money . . . ." *Id.* at 2. Defendant argues that the Fourth Motion to Amend should be denied because Plaintiff has not shown good cause for the undue delay in moving to amend the pleadings and that granting the Motion would be prejudicial to Defendant. *Response* [#117] at 2. Specifically, Defendant contends that Plaintiff possessed the information necessary to amend "well before the Scheduling Order deadline" and that the "proposed amendment would allow the assertion of an entirely new claim against [it] – one as to which there has been no motion practice and no discovery." *Id.*

### A. Good Cause Pursuant to Fed. R. Civ. P. 16(b)

A scheduling order deadline "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The deadline for seeking to amend pleadings in this case was September 4, 2009. Plaintiff filed the present motion on April 28, 2010, approximately eight months later. To demonstrate good cause pursuant to Rule 16, Plaintiff must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*,

451 F3d 1196, 1205 n.4 (10th Cir. 2006).

Although not addressed pursuant to Fed. R. Civ. P. 16(b), Plaintiff claims that the late filing of the present Motion is justified because it obtained "newly discovered evidence" pursuant to a deposition of Defendant's agent conducted on March 22, 2010. *Fourth Motion to Amend* [#115] at 3. Plaintiff asserts that the new information enabled it "to confirm the impropriety of the charges and inaccuracy of information provided by [Defendant]." *Id.* Further, in its Reply, Plaintiff contends that its Fourth Motion to Amend "is Not Untimely." *Reply* [#118] at 4.

Defendant counters that Plaintiff's "newly discovered evidence" claim is belied by the procedural and discovery history of this case. First, Defendant highlights Plaintiff's three prior untimely attempts to amend its Complaint to show that Plaintiff generally has not been diligent in meeting the Court's deadlines. Second, according to Defendant, the "new" information – describing how Plaintiff's "share of the real estate taxes, common area expense, rent and other income and charges generated by the Property was calculated" – is contained in emails and invoices possessed and produced by Plaintiff in its initial disclosures and in discovery. *Response* [#117] at 6-8. The fact that Plaintiff "simply ignored the information in its possession" or chose not to review relevant "invoices received in 2008 and 2009, does not make the information about those invoices learned in [Defendant's agent's] March 2010 deposition 'newly discovered evidence.'" *Id.* at 7-8.

Plaintiff does not dispute that it has had information relevant to this issue in its possession, but contends that "the documents did not on their face reveal that [Defendant] was wrongfully charging [Plaintiff] . . . ." *Reply* [#118] at 3. On balance, I agree with

4

Defendant. Plaintiff did not suddenly obtain the information at issue here in the March 2010 deposition. It has been in Plaintiff's possession throughout the litigation of this case. Further, the Court notes that despite the fact that Plaintiff contends that it learned of the new claim pursuant to the March 2010 deposition, it delayed nearly one month in seeking to amend its Amended Complaint to include the claim. Finally, I note that deadlines to amend a party's pleading are set at the outset of the case to require plaintiffs to prioritize their discovery and attempt to obtain information that may be relevant to claim amendment sooner rather than later. Foregoing careful review of documents and information in Plaintiff's possession in lieu of conducting a deposition well after expiration of the pleading amendment deadline does not evidence diligence on Plaintiff's part. To the extent that the documents were not immediately understood by Plaintiff, discovery should have been scheduled at the outset to resolve any confusion about their relevance. Accordingly, Plaintiff has not offered a valid excuse for its delay in filing a motion to amend and, thus, has not shown "good cause" pursuant to Rule 16(b). The Fourth Motion to Amend is subject to denial on this basis alone.

### B.  Standard for Amendment Pursuant to Fed. R. Civ. P. 15(a).

Nevertheless, even if Plaintiff could demonstrate good cause for seeking modification of the Scheduling Order, it faces an additional challenge to justify amendment pursuant to Fed. R. Civ. P. 15(a).[2] *Tex. Instruments, Inc. v. Biax Corp.*, No. 07-cv-02370-WDM-MEH, 2009 WL 3158155, at *2 (D. Colo. Sept. 28, 2009) (unpublished decision); *see*

---

[2] The Tenth "[C]ircuit has not yet decided 'whether a party seeking to amend its pleadings after the scheduling order deadline must show "good cause" under Rule 16(b) in addition to the Rule 15(a) requirements.'" *Strope v. Collins*, 315 Fed. Appx. 57, 62 n.4 (10th Cir. Feb. 25, 2009) (citation omitted).

*also Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).  Leave to amend is discretionary with the court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998).  Although Rule 15(a) provides for liberal amendment of pleadings, I have discretion to reject amendment "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Foman*, 371 U.S. at 182).

### 1. Undue Delay

The Court may deny a motion to amend based on undue delay.  *Minter*, 451 F.3d at 1205.  "The longer the delay, the more likely the motion to amend will be denied" because of the burdens placed on the opposing party and the Court.  *Id.* (citation omitted).  The Court may deny leave to amend when the movant "has no adequate explanation for the delay." *Id.* at 1206 (citation omitted).  "[U]ntimeliness alone [is] sufficient reason to deny leave to amend." *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001) (citation omitted).

Plaintiff filed its Fourth Motion to Amend approximately eight months after the amendment deadline had passed.  As noted above, Plaintiff had the information necessary to seek to amend the Complaint well before the deadline. Plaintiff has not offered a persuasive reason for the delay.  Moreover, although not raised by Defendant, I find that Plaintiff's piecemeal attempts to amend its Complaint (each attempt occurring after expiration of the pleading amendment deadline), reflect a repeated failure to identify and

6

correct alleged pleading deficiencies.  *See*  6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1487, at 643-45, 651 (2d ed. 1990) (noting that where a plaintiff has had sufficient opportunity to assert a claim, but failed to do so, and where "the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed," leave to amend may be denied).  Therefore, I conclude that the Fourth Motion to Amend is also subject to denial based upon Plaintiff's undue delay and repeated failure to cure.  *See First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987) (noting that leave to amend may be denied as untimely regardless of whether prejudice to the opposing party has been shown).

### 2. **Undue Prejudice**

Defendant also argues that allowing Plaintiff to amend the Amended Complaint at this late date in the litigation would result in undue prejudice.  Prejudice to the nonmoving party is the most important factor in considering whether amendment should be permitted. *Minter*, 451 F.3d at 1207; 6 Wright et al., *supra*, § 1487, at 613.  "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Minter*, 451 F.3d at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

Plaintiff asserts that "[a]ddition of [a breach of contract] claim will not delay trial or materially alter the testimony presented" as the proposed claim "involves the same parties, agreements, and same facts underlying [Defendant's] counterclaim."  *Fourth Motion to Amend* [#115] at 2.  Plaintiff also contends that because Defendant is the original source of much of the information relevant to this issue, Defendant "merely needs to search its

7

own records for the information necessary to respond" to the new claim. *Reply* [#118] at 5. Defendant disagrees and contends that amendment "would, in effect, start an entirely new lawsuit against [it], necessitating the rescheduling of motions and re-opening of discovery." *Response* [#117] at 2. Defendant also notes that the discovery and dispositive motions deadlines have long since passed. Moreover, Defendant has already filed and received rulings on dispositive motions relating to Plaintiff's prior-asserted claims [Docket Nos. 60, 75, 85 & 107].[3] While Plaintiff offers to cooperate in the reopening of discovery, it does not address the impact that amendment would have on other deadlines which have now expired in this case. *See Reply* [#118] at 5.

Prejudice pursuant to Rule 15 "'means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party.'" *HCA-Healthone LLC v. Susan Lou Sparks Trust*, No. 06-01198-MSK-MEH, 2006 WL 3762024, at *1 (D. Colo. Dec. 20, 2006) (unpublished decision) (quoting *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969)). The need for additional discovery does not by itself establish undue prejudice. *SEC v. Nacchio*, No. 05-cv-00480-MSK-CBS, 2008 WL 2756941, at *7 (D. Colo. Jul. 14, 2008) (unpublished decision). However, "a finding of prejudice is not foreclosed when the new claims arise out of the same subject matter as the previously asserted claims . . . ." *Tex. Instruments, Inc.*, 2009 WL 3158155, at *3.

---

[3] To the extent that Plaintiff's proposed Second Amended Complaint reasserts parties and claims previously dismissed by Judge Weinshienk, the proposed amended pleading is improper. Despite Plaintiff's unsupported contention, see *Fourth Motion to Dismiss* [#115] at 5, Plaintiff is not in danger of waiving its ability to appeal dismissal of those parties and claims by not reasserting them in the Second Amended Complaint. Rather, inclusion of dismissed parties and claims in a newly amended pleading creates unnecessary confusion on the docket. Were the Court to recommend that amendment be permitted, I would require Plaintiff to submit a revised Second Amended Complaint containing only active parties and claims.

The late stage of the case also factors into my recommendation. "As a general rule, the risk of substantial prejudice increases with the passage of time." 6 Wright et al., *supra*, § 1488, at 670. Assuming that additional discovery and dispositive motions would be necessary, as well as recognizing the fact that Defendant would be required to supplement its pleadings in response to the new claim, I find that Defendant would be unduly prejudiced if the Court granted Plaintiff's Fourth Motion to Amend. Therefore, I conclude that the Fourth Motion to Amend is also subject to denial on the basis of undue prejudice to Defendant.

### III. Conclusion

As stated above, Plaintiff has failed to provide "good cause" pursuant to Fed. R. Civ. P. 16(b) for its delay in attempting to modify the Scheduling Order and amend the Amended Complaint. Moreover, based on the undue delay, failure to cure and prejudice to Defendant, Plaintiff is not entitled to relief pursuant to Fed. R. Civ. P. 15(a). Accordingly,

IT IS HEREBY **RECOMMENDED** that Plaintiff's Fourth Motion to Amend be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.*

*Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 8, 2010

                                                              BY THE COURT:

                                                              s/ Kristen L. Mix
                                                              United States Magistrate Judge
                                                              Kristen L. Mix