IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 09-CV-00799

GRANITE SOUTHLANDS TOWN CENTER, LLC,

       Plaintiff,

v.

ALBERTA TOWN CENTER LLC and
LAND TITLE GUARANTEE COMPANY,

       Defendants.

---

**EXPEDITED MOTION FOR EQUITABLE RELIEF
TO PREVENT VEXATIOUS AND REPETITIVE LITIGATION
PURSUANT TO THE ALL-WRITS ACT, 28 U.S.C. § 1651(a)
AND FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

---

By this Motion (the "Motion"), Alberta Town Center LLC, Donald G. Provost and Peter M. Cudlip (the "Alberta Parties") seek injunctive relief to prevent the Plaintiff Granite Southlands Town Center LLC ("Plaintiff" or "Granite") from relitigating claims this Court dismissed with prejudice and repeatedly refused to allow the Plaintiff to revive.[1]

The claims at issue concern the allegation that the Alberta Parties defrauded the Plaintiff into purchasing certain real property (the "Property") by concealing purported latent defects. After this Court (a) dismissed that fraud claim with prejudice, (b) denied Plaintiff's motion for reconsideration of that ruling, and (c) denied Plaintiff's motion for leave to amend and reassert

---

[1] In an Order dated December 29, 2009 (the "Dismissal Order"), this Court dismissed all claims against Mr. Provost and Mr. Cudlip (the "Principals") and directed that the case caption be "amended accordingly." The Court has not, however, entered a judgment dismissing the Principals from this case. *See* Fed. R. Civ. P. 54(b). This motion seeks such a judgment, among other things.

the claim based on new theories and supposedly new evidence, the Plaintiff filed a complaint in state court (the "State Court Complaint") setting forth the same allegations and theories. In fact, the State Court Complaint seems to have been revised from the proposed Second Amended Complaint (the "SAC") this Court refused to allow Plaintiff to file here.

The Alberta Parties seek here an order (a) requiring Plaintiff to withdraw its State Court Complaint and/or seek to have the State Court Complaint stricken, (b) barring Plaintiff from filing any other action against the Alberta Parties (or anyone else based on the allegation that they are an alter-ego of, or otherwise jointly and severally liable with, any Alberta Party) arising out of the same allegations of fact as the fraud claim already dismissed by this Court without this Court's prior permission, and (c) directing entry of a final judgment implementing the Dismissal Order with respect to the Principals pursuant to Federal Rule of Civil Procedure 54(b).

## Background

**The Federal Action**

1.   Plaintiff first filed its original complaint against defendants Alberta Town Center LLC and Land Title Guarantee Company on April 8, 2009 (the "Original Complaint"). The Original Complaint sought a declaration concerning the ownership of certain escrow funds.

2.   Granite filed an amended complaint (the "First Amended Complaint" or "FAC") on September 16, 2009, adding the Principals, among others, as defendants and asserting a cause of action against them and other defendants for fraud. More particularly, the FAC alleged that the Principals induced Granite to sign a Release and Termination Agreement by, among other things, failing to disclose and actively concealing latent defects in the Property.

3. The Principals moved for dismissal on the fraud claim on October 14, 2009, arguing, among other things, that the Plaintiff could not demonstrate either a misrepresentation, or reliance, in the face of the parties' contracts.

4. On December 29, 2009 the Court entered the Dismissal Order granting the Principals' motion. The Dismissal Order held that the Plaintiff had not pleaded reliance or causation, and dismissed Granite's fraud claim with prejudice. It thereby dismissed the Principals from this case.

5. On January 13, 2010, Granite filed a motion for reconsideration of the Court's dismissal order, and simultaneously sought leave to file the SAC (the "SAC Motion") intended to supplement its fraud claim, supposedly based on evidence uncovered during discovery that provided further support for its position that the release was a separate agreement into which Granite was fraudulently induced. The SAC added Alberta as a fraud defendant, and also sought to assert two new fraud theories: (a) that the misrepresentations and omissions previously alleged had fraudulently induced Granite to refrain from exercising a contractual right to avoid closing; and (b) that the Alberta Parties alleged actions resulted in injury to Granite in the form of reduced property value, loss of tenants and attendant revenues, and repair costs.

6. This Court denied both the motion for reconsideration and the SAC Motion.

7. Granite then, on April 28, 2010, filed yet another motion for leave to amend its complaint, this time seeking to add new claims against Alberta for breach of contract, and to re-assert the same fraud-based claims against the Alberta Parties (the "TAC Motion"). Accepting and adopting in its entirety a lengthy and detailed Report and Recommendation made by United States Magistrate Judge Mix, this Court on June 28, 2010, denied the TAC Motion as unduly and prejudicially delayed.

**The State Court Action**

8. On May 25, 2010, Granite filed the State Court Complaint in Arapahoe County District Court. (*See* Exhibit A.)[2]

9. The State Court Complaint's claims against the Alberta Parties involve the same theories and factual allegations discussed above:

- FAC, at 1-2: "This is a fraud . . . lawsuit concerning a property known as the Southlands Town Center . . . (the "Property"). The Principals committed fraud against Granite by failing to disclose a change in condition at the property, . . . involv[ing] material structural defects . . . ."

- Motion for Leave to File the SAC, ¶ 1: "This is a fraud . . . suit concerning property known as the Southlands Town Center . . .(the "Property"). The Principals committed fraud against Granite by failing to disclose material, negative changes in the condition of the Property . . . ."

- State Court Complaint, at 1-2: "This is a negligence and fraud lawsuit arising from the design, development, and construction of the Southlands Town Center . . . ("Property"). The Property is demonstrating multiple serious defects and physical damage . . . . Granite also seeks damages for the fraudulent acts of Albert Town Center, LLC and its managers for concealing and failing to advise Granite of the existence of these defects prior to closing."

10. The SAC and the State Court Complaint thus make the same misrepresentation and omission allegations involving the Alberta Parties. (*See* SAC ¶¶ 11, 16, 25-26, 31; State Court Complaint ¶¶18-19, 30-35). And, like the SAC, the State Court Complaint alleges as damages diminished property values, loss of tenants, and incurred repair costs. (*See* SAC ¶¶ 20, 25-27, 31; State Court Complaint ¶¶ 17, 20-24, 26-28, 32, 38). Indeed, it appears that the State Court Complaint was drafted as a revision of the SAC.

11. The State Court Complaint names the Alberta Parties, and a number of other entities, as additional defendants. With one notable exception, discussed below, these additional

---

[2] Local Rule 7.2(C)(2) required the Plaintiff to file a "supplemental notice" with this Court informing it of the existence of the State Court Complaint. Although the State Court Complaint was filed more than two months ago, and even though the Plaintiff began attempting to serve the State Court Complaint, the Plaintiff has never filed such a "supplemental notice."

4

defendants are not charged with fraud. They are instead accused of negligently creating or allowing to be created the supposed latent defects that the Principals allegedly concealed.

12.     Two of the additional defendants (the "Southlands Entities") share the Plaintiff's Delaware place of incorporation. The Southland Entities are the original owner of the property that Alberta purchased and sold to Granite, and a pre-Alberta developer of the property and an adjacent parcel of land.[3]

13.     The "exception" noted above, is that the State Court Complaint's 10th Claim for Relief asserts that Alberta Town Center, Alberta Development, the Southland Entities, and the two Principals, are all "alter-egos" of each other (collectively, the "Alleged Alter-Egos"). The allegation is that the Alleged Alter-Egos "did not and do not . . . maintain distinctions between those companies and individuals."  (*Id.* ¶ 82.)  Since the Principals allegedly "utilized their companies . . . [to] perpetrate a fraud on Granite," Plaintiff asserts that the Alleged Alter-Ego's corporate veils − including the supposed "corporate veils" of the Principals, who are natural persons, not juridical entities − "should be pierced" and each of them "should be held liable, jointly and severally" for the Plaintiff's claims. (*Id.* ¶¶ 82-83.)

14.     On July 22, Plaintiff contacted counsel for the Alberta Parties and requested that they accept service of the State Court Complaint. (*See* Exhibit B.) The Alberta Parties' counsel declined. Plaintiff has not served the State Court Complaint on any Alleged Alter-Ego.[4]

---

[3]     The Alberta Parties respectfully submit that the Southland Entities are improperly joined as defendants in the State Court Complaint in an attempt to subvert complete diversity and render the state action non-removable.

[4]     On July 29, 2010, in accordance with Local Rule 7.1(A) and Federal Rule of Civil Procedure 65(b)(1)(B), the Alberta Parties provided the Plaintiff with a draft motion seeking, in addition to the relief sought here, a Temporary Restraining Order ("TRO") barring the Plaintiff from serving the State Court Complaint on any Alberta Party until the Court rules on this Motion. To avoid the need for a TRO, on August 2, 2010, the parties agreed, subject to certain

5

**Argument**

### A. Granite Should Be Enjoined From Vexatiously Attempting to Evade This Court's Rulings

15. As discussed above, the State Court Complaint attempts to relitigate a claim already dismissed with prejudice by this Court, which the Plaintiff has repeatedly, and unsuccessfully, asked this Court to revive, along with other claims arising out of the same transactions. *See Petromanagement Corp.* v. *Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335 (10th Cir. 1997) (observing that for claim preclusion purposes a judgment extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or part of the transaction, or series of connected transactions, out of which the action arose."). The Federal Courts have repeatedly reaffirmed that in such a case, it is appropriate to enjoin a plaintiff from pursuing such claims in state court, and that the Federal Courts have the right to so issue such an order as a matter of their inherent power, and by the authority granted in the All-Writs Act, 28 U.S.C. § 1651 ("all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

16. The All-Writs Act reaffirms and enhances this Court's inherent power to issue orders "necessary or appropriate" in aid of its jurisdiction, including by restricting frivolous, repetitive filings. *Id.*; *Maske* v. *Murphy*, 365 Fed. Appx. 938, 940-41 (10th Cir. 2010) (imposing "restrictions on future filings" following a prisoner's repetitive, frivolous appellate petitions); *see also Big O Tires, LLC* v. *D & T Auto Sales & Service, Inc.*, No. 09-CV-01509-MSK-BNB, 2010 WL 1568571, at *2 (D. Colo. Jan. 8, 2010) (noting the Court's inherent power to enforce its orders with contempt citations, citing *Shillitani* v. *United States*, 384 U.S. 364, 370 (1966), and

---

conditions, that the Plaintiff will not attempt to serve the State Court Complaint on the Alberta Parties pending resolution of this Motion.

*Ohlander* v. *Larson*, 114 F.3d 1531, 1541 (10th Cir. 1997)), *report and recommendation adopted* 2010 WL 1573921 (D. Colo. Apr. 19, 2010).

17. The Court's interest in protecting its jurisdiction and enforcing its rulings is particularly acute where, as here, "an unsuccessful litigant" is attempting to "harass other participants in the federal case [through relitigation in state court]." *Ramsden* v. *AgriBank, FCB*, 214 F.3d 865, 868 (7th Cir.) (internal quotation marks omitted, alterations in original), *cert. denied* 531 U.S. 1036 (2000).

18. Such conduct "flouts and may be said to 'seriously impair the federal court's ... authority to decide that case.'." *Id.* In such circumstances, as here, a District Court is entitled to protect its jurisdiction and authority to decide the matter before it by enjoining the repetitive state court action. *See id.*; *see also Atlantic Coast Line R.R. Co.* v. *Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295 (1970); *Samuel C. Ennis & Co.* v. *Woodmar Realty Co.*, 542 F.2d 45, 49-50 (7th Cir. 1976), *cert. denied* 429 U.S. 1096 (1977); 17 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 121.08[1] (3d ed. 2008).

19. District Courts thus do not hesitate to bar "repetitious and baseless litigation," such as that threatened by the State Court Complaint. *See Browning Debenture Holders' Committee* v. *DASA Corp.*, 454 F. Supp. 88, 98-99 (S.D.N.Y.) (marshalling authorities), *aff'd*, 605 F.2d 35 (2d Cir. 1978). "Proceedings in other courts that involve the same facts as already issued judgments and orders, or that could result in the issuance of an inconsistent judgment, threaten the jurisdiction of the district court enough to warrant an injunction." *Klay* v. *United Healthgroup, Inc.*, 376 F.3d 1092, 1104 (11th Cir. 2004); *accord Burr & Forman* v. *Blair*, 470 F.3d 1019, 1029-30 (11th Cir. 2006).

20. Such an order enjoining the Plaintiff from relitigating matters already decided by this Court would be appropriate here.

### B. Entry of a Rule 54(b) Judgment is Appropriate Here

21. The Dismissal Order dismissed all claims against the Principals, and the Court therefore simultaneously directed the removal of their names from the caption of this case. The Alberta Parties respectfully ask the Court to direct the entry of a final judgment as to the Principals, and that claim, pursuant to Federal Rule of Civil Procedure 54(b).

22. The findings required for a Rule 54(b) order of judgment are: (a) that the Court is dealing with a "judgment" that is "final" in the "sense that it is a decision upon a cognizable claim for relief" and "an ultimate disposition of an individual claim entered in the course of a multiple claims action," and (b) whether, in the Court's discretion and "in the interest of sound judicial administration," there is any just reason for delay. *Curtiss-Wright Corp.* v. *General Elec. Co.*, 446 U.S. 1, 7-8 (1980) (internal quotation marks omitted).

23. The Dismissal Order is plainly "final," since it dismissed with prejudice all claims against the Principals, and directed their removal from the caption.

24. The reason the Principals seek an order of judgment, is to eliminate any question as to whether this Court has made a "final judgment" as to Plaintiff's fraud claims for purposes of *res judicata* and claim preclusion, if any Alleged Alter-Ego is ultimately required to defend any portion of the State Court Complaint or any related subsequent action. (*See* n. 7, *infra*.)

25. The Alberta Parties respectfully submit that that is a just reason for not delaying the entry of a final order of judgment with respect to the fraud claim against the Principals dismissed in the Dismissal Order.

### C. The Anti-Injunction Act Does Not Bar The Relief Sought Here

26.     The Alberta Parties expect that Granite will attempt to defend this motion by pointing to the Anti-Injunction Act, 28 U.S.C. § 2283, which, with certain exceptions, generally bars federal Courts from enjoining state court proceedings. The Act does not forbid the relief sought here.[5]

27.     *First,* the State Court Complaint has not been served. Thus, there are no state court "proceedings" pending against any Alberta Party at the moment, as that term is used in the Act. The Act only applies to state court proceedings already in progress; it does *not* prohibit District Courts from enjoining litigants from *initiating* proceedings. *See Dombrowski* v. *Pfister*, 380 U.S. 479, 483 n. 2 (1965) (the Act "do[es] not preclude injunctions against the institution of state court proceedings"); *United Steelworkers of America* (*AFL-CIO*) v. *Bagwell*, 383 F.2d 492, 495 (4th Cir. 1967); *Browning Debenture Holders' Committee*, 454 F. Supp. 88. It therefore cannot preclude the relief sought here.[6]

---

[5]     The Anti-Injunction Act says: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

[6]     An action is "commenced" under Colorado Rule of Civil Procedure 3(a) on filing, rather than on service. *See In re Marriage of Olmo*, 701 P.2d 866, 867 (Colo. App. 1984) (contrasting Colorado Rule 3 with the analogous rules of other states). This does not matter. The meaning of the word "proceeding" in the Anti-Injunction Act is a question of federal law. A Colorado court does not obtain jurisdiction over a civil defendant until the complaint is served, *In re Marriage of Wilson*, 765 P.2d 1085, 1087 (Colo. App. 1988), and merely filing, without service within a reasonable time thereafter, does not toll any applicable limitations period. *O'Quinn* v. *Wedco Technology, Inc.*, 752 F. Supp. 984, 985-86 (D. Colo. 1990) (observing that under Colorado law, the filing of a complaint only tolls the statute of limitations if the complaint is then served within a reasonable time thereafter), *aff'd*, 955 F.2d 49 (10th Cir.), *cert. denied* 506 U.S. 917 (1992). Moreover, since the Alberta Parties have not been served, their time to answer or move to dismiss the State Court Complaint has not started to run, and indeed unless they are served it will *never* start to run. There are not claims based on the State Court Complaint "pending" in Colorado state court, and thus no present existent "proceeding" within the meaning of the Act.

28. *Second*, even if there were a current state court "proceeding," the relief sought here would still fall within the Act's exception for orders "to protect or effectuate" the District Court's "judgments." Whether the Court's orders dismissing Granite's fraud claim and denying the Plaintiff leave to amend are "judgments" within the meaning of Federal Rule of Civil Procedure 54(b) is of no import. The inherent judicial power at issue extends to the protection of such interlocutory orders. *See Sperry Rand Corp.* v. *Rothlein*, 288 F.2d 245 (2d Cir. 1961) ("Nothing in the concluding phrase of 2283-- which authorizes injunctions against state-court proceedings when necessary 'to protect or effectuate' federal court judgments-- limits its scope to final judgments. The policies which impelled Congress to enact 28 U.S.C. § 2283 . . . apply to interlocutory as well as to final decrees."); *see also Nat'l Basketball Ass'n* v. *Minnesota Professional Basketball, Ltd. P'ship*, 56 F.3d 866, 871 (8th Cir. 1995) ("we agree with the Fifth and Seventh Circuits that a preliminary injunction is a 'judgment' for purposes of the relitigation exception."); *id.* at 871 ("The legislative policy that 'permits a federal court to enjoin state court action when a federal court has decided a suit on its substantive merits has equal force when a critical underlying issues unrelated to the substantive merits of the action has been litigated to finality.'"); *Daewoo Electronics Corp. of Am., Inc.* v. *Western Auto Supply Co.*, 975 F.2d 474, 478 (8th Cir. 1992) (dismissal of claims with prejudice held to trigger the "protect or effectuate" exception to the Anti-Injunction Act).

29. Indeed, if the injunction sought here does not issue, and the State Court Complaint is ultimately served, the Principals' next step would be to seek dismissal of the state court action as barred by *res judicata*. *See King* v. *Union Oil Co.,* 117 F.3d 443, 445 (10th Cir. 1997) (observing that a judgment on the merits precludes the parties or their privies from relitigating any matter actually litigated, or which could have been litigated and arises out of the

same transaction or series of transactions). But a purpose of the "protect or effectuate" exception in Section 2283 is to preserve for federal litigants the more expedient option of obtaining an anti-suit injunction instead of answering a state court action and litigating claim or issue preclusion. *Ramsden*, 214 F.3d at 868.[7]

30.     *Third*, the relief sought here would also fall within the Act's exception for orders "in aid of" the District Court's jurisdiction. That exception allows a federal court to enjoin parallel state court *in personam* actions where, as here, the state court action threatens to evade and undermine an interlocutory ruling by the District Court. In such a case, as this one, the Anti-Injunction Act specifically preserves the District Court's inherent power to issue an order to "prevent a state court from so interfering with [the] federal court's consideration or disposition of a case as to seriously impair [its] flexibility and authority to decide that case." *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litig.*, 369 F.3d 293, 306 (3d Cir.), *cert. denied* 543 U.S. 960 (2004). If the state court proceeding would "make a nullity" of a ruling by the District Court's, and "render ineffective [the District Court's] efforts effectively to manage" litigation, the District Court is authorized to enjoin the state court action. *Winkler* v. *Eli Lilly & Co.*, 101 F.3d 1196, 1198 (7th Cir. 1996) (*quoting Atlantic Coast Line R.R. Co.* v. *Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295 (1970)). That is certainly the case

---

[7]     There is a question as to whether the Dismissal Order has claim preclusive, as opposed to issue preclusive, effect. *See* Restatement (Second) of Judgments § 13 (only "final judgments" have claim-preclusive effect, but for issue preclusion purposes "final judgment" includes "any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect."); *Knox* v. *Lederle Laboratories*, 4 F.3d 875, 880 (10th Cir. 1993) (noting the same); *Siemens Medical Sys., Inc.* v. *Nuclear Cardiology Sys., Inc.*, 945 F. Supp. 1421, 1433-35 (D. Colo. 1996) (marshalling authorities). Issue preclusion would prohibit relitigation of the fraud claim in a state proceeding in any event, but this is the reason this Motion also seeks a Rule 54(b) judgment.

here, since the State Court Complaint merely tries to reassert in another forum claims this Court already dismissed with prejudice.

\*   \*   \*

31. The All-Writs Act and Anti-Injunction Act are, thus, specifically intended to protect and enhance the inherent power of the federal courts to manage and adjudicate cases before them by, if necessary or appropriate, "enjoining repetitive state court proceedings." *See Samuel C. Ennis & Co.* v. *Woodmar Realty Co.*, 542 F.2d 45, 49 (7th Cir. 1976).

32. Such an injunction is the relief sought by this Motion.

### Conclusion

33. Plaintiff's fraud claims have been dismissed with prejudice, reconsideration was denied, and two motions for leave to revive the claims were denied as well.

34. The State Court Complaint, filed during the pendency of motion practice over one of Plaintiff's many motions to amend, is merely an attempt to seek from another court what this Court rejected on the merits. It was filed despite knowledge of this Court's adverse rulings, apparently in an effort to avoid any adverse ruling by this Court with respect to the FAC Motion. Granite has never advised the Court of the existence of the State Court Complaint and only in the past couple of weeks has it come to the Alberta Parties' attention that Granite has sued them yet again by the State Court Complaint. Granite's plain intent is to flout this Court's repeated rulings and vexatiously multiply the litigation.

35. If Granite is permitted to proceed in state court, the Alberta Parties will be forced to re-defend claims they have already successfully defended – repeatedly – here. Moreover, the filing of he State Court Complaint as this litigation heads toward trial, threatens to undermine this Court's ability to enforce and defend its own rulings.

36. For the reasons stated above, the Alberta Parties respectfully request that the Court (a) enter an order, in substantially the form provided, preventing the Plaintiff from vexatiously multiplying this litigation even further; and (b) expressly determine that there is no just reason for delay, and direct the entry of an order of judgment as to all claims asserted against the Principals in these proceedings.

Dated: New York, New York
August 5, 2010.

Respectfully Submitted,

/s/ Reda M. Hicks
Allan B. Diamond
Amos B. Elberg
DIAMOND McCARTHY LLP
620 Eighth Avenue, 39th Floor
New York NY 10018
(212) 430-5400—Telephone
(212) 430-5499—Facsimile
adiamond@diamondmccarthy.com
aelberg@diamondmccarthy.com

Reda M. Hicks
DIAMOND McCARTHY LLP
909 Fannin Street, Suite 1500
Houston TX 77010
(713) 333-5100—Telephone
(713) 333-5195—Facsimile
rhicks@diamondmccarthy.com

COUNSEL FOR DEFENDANTS DONALD G. PROVOST and PETER M. CUDLIP

Stuart N. Bennett
**JONES & KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone:   303-573-1600
Fax:         303-573-0769
E-mail:      sbennett@joneskeller.com

COUNSEL FOR ALBERTA TOWN CENTER, LLC

13

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Motion For Equitable Relief To Prevent Vexatious And Repetitive Litigation Pursuant To The All-Writs Act, 28 U.S.C. § 1651(a) And Federal Rule Of Civil Procedure 54(b) filed by Donald G. Provost, Peter M. Cudlip, and Alberta Town Center LLC was served upon the parties listed below by facsimile, regular U.S. Mail, certified mail, return receipt requested and/or electronic service on this 5th day of August, 2010.

| | | |
|---|---|---|
| *Attorneys for Plaintiff & Counter Defendant Granite Southlands Town Center LLC* | jdykes@fulbright.com<br>better@fulbright.com | Osborn J. Dykes, III<br>Benjamin M. Vetter<br>Fulbright & Jaworski LLP<br>370—17th Street, Suite 2150<br>Denver, CO 80202 |
| *Attorneys for Plaintiff & Counter Defendant Granite Southlands Town Center LLC* | ptrahan@fulbright.com | Paul Trahan<br>Fulbright & Jaworski LLP<br>600 Congress Ave., Ste. 2400<br>Austin TX 78701 |
| *Defendant & Counterclaimant Alberta Town Center LLC* | ehyatt@starrslaw.com<br>estarrs@starrslaw.com | Elizabeth Jeanelia Hyatt<br>Elizabeth A. Starrs<br>Starrs Mihm & Pulkrabek LLP<br>707—17th Street, Ste. 2600<br>Denver CO 80202 |
| *Defendant Land Title Guarantee Co.* | kbruetsch@rwolaw.com | Kimberly A. Bruetsch<br>Robinson Waters & O-Dorisio PC<br>1099—18th Street, 26th Floor<br>Denver, CO 80202 |

/s/ Reda M. Hicks_____
Reda M. Hicks
DIAMOND McCARTHY LLP
909 Fannin Street, Suite 1500
Houston TX 77010
(713) 333-5100—Telephone
(713) 333-5195—Facsimile
rhicks@diamondmccarthy.com

14