**EXHIBIT "A"**

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>7325 South Potomac<br>Centennial, CO 80112<br>(303) 649-6355 | EFILED Document<br>CO Arapahoe County District Court 18th JD<br>Filing Date: May 25 2010 6:47PM MDT<br>Filing ID: 31302463<br>Review Clerk: Andi Truett |
| **Plaintiff:**<br><br>GRANITE SOUTHLANDS TOWN CENTER LLC<br><br>**Defendants:**<br><br>GROUND ENGINEERING CONSULTANTS, INC.;<br>CALLISON ARCHITECTURE, INC.; HC BECK, LTD.,<br>d/b/a THE BECK GROUP, BECK, HCB, AND HCB<br>CONTRACTORS; MAGNUSSON KLEMINCIC<br>ASSOCIATES, INC.; ALBERTA TOWN CENTER, LLC;<br>ALBERTA DEVELOPMENT PARTNERS, LLC;<br>SOUTHLANDS COLORADO, LLC; SOUTHLANDS<br>POWER CENTER, LLC; DONALD G. PROVOST; and<br>PETER M. CUDLIP | ▲ COURT USE ONLY ▲ |
| **Attorneys for Plaintiff:**<br>Alvin M. Cohen, #15507<br>Tracy A. Davis, #35058<br>Benjamin, Bain & Howard, LLC<br>7315 East Orchard Road, Suite E400<br>Greenwood Village, CO 80111<br>Phone: 303-290-6600<br>Fax: 303-290-8323<br>E-Mail: acohen@bbhlegal.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff Granite Southlands Town Center LLC ("Granite"), through its attorneys, Benjamin, Bain & Howard, LLC, states as follows for its Complaint.

### SUMMARY OF LAWSUIT

This is a negligence and fraud lawsuit arising from the design, development, and construction of the Southlands Town Center in Aurora, Colorado ("Property"). The Property is demonstrating multiple serious defects and physical damage as a result of the negligence of various contractors and others responsible for designing, developing, and constructing the

Property. This negligence has had, and will continue to have, a tremendous negative financial impact on Granite and the Property for which Granite seeks compensation through this lawsuit in the form of damages. In addition to the negligence claims, Granite also seeks damages for the fraudulent acts of Alberta Town Center, LLC and its managers for concealing and failing to advise Granite of the existence of these defects prior to closing.

## PARTIES AND VENUE

1. Granite is a Delaware limited liability company registered to do business in Colorado, and with its principal place of business in Florham Park, New Jersey.

2. Alberta Town Center, LLC ("Alberta Town Center") is a Colorado limited liability company with its principal place of business in Greenwood Village, Colorado. On information and belief, Alberta Town Center is a limited liability company that has three members (two of such members being Donald G. Provost and Peter M. Cudlip), two managers (such managers being Donald G. Provost and Peter M. Cudlip (the "Managers")), and no employees, and whose sole asset, prior to the closing, was the Property.

3. Alberta Development Partners, LLC ("Alberta Development") is a Colorado limited liability company with its principal place of business in Greenwood Village, Colorado.

4. Southlands Colorado, LLC ("Southlands Colorado") is a Delaware limited liability company registered to do business in Colorado, with its principal place of business in Greenwood Village, Colorado.

5. Southlands Power Center, LLC ("Southlands Power") is a Delaware limited liability company, registered to do business in Colorado, with its principal place of business in Greenwood Village, Colorado.

6. Ground Engineering Consultants, Inc. ("Ground Engineering") is a Colorado corporation with its principal place of business in Commerce City, Colorado.

7. Callison Architecture, Inc. ("Callison") is a Washington corporation registered to do business in Colorado, with its principal place of business in Seattle, Washington.

8. HC Beck, LTD, d/b/a The Beck Group, BECK, HCB, and HCB Contractors ("Beck") is a Texas limited partnership, registered to do business in Colorado, with its principal place of business in Dallas, Texas.

9. Magnusson Klemincic Associates, Inc. ("Magnusson") is a Washington corporation, registered to do business in Colorado, with its principal place of business in Seattle, Washington.

10. Donald G. Provost is an individual residing in Colorado.

11.     Peter M. Cudlip is an individual residing in Colorado.

12.     Venue in this Court is proper under C.R.C.P. 98 because the torts alleged herein were committed in Arapahoe County, and the property at issue is located in Arapahoe County.

## FACTUAL ALLEGATIONS

13.     Southlands Colorado owned the Property prior to its development. Southlands Colorado entered into construction agreements and commenced development of the Property prior to Southlands Colorado's sale of the Property to Alberta Town Center, including performing certain site preparation work and earthwork for development of the Property. At the same time site preparation work and earthwork were being performed at the Property, the same type of work was being performed at an adjacent site immediately north of the Property which was owned by Southlands Power. On information and belief, Ground Engineering also provided geotechnical services at the adjacent site under the supervision and control of Southlands Power, as the owner, and Alberta Development, as the developer. On information and belief, Southlands Colorado, Alberta Town Center, Southlands Power, and Alberta Development share some common ownership.

14.     Alberta Town Center acquired the Property from Southlands Colorado on September 29, 2005, and continued development of the Property to completion. To finance construction of the Property, which was ultimately to consist of various retail shops, restaurants, a movie theater, and office space, Alberta Town Center obtained a construction loan in the principal amount of $158,807,879. The Managers were personal guarantors for the full amount of Alberta Town Center's obligations on its construction loan.

15.     Although Granite did not purchase the Property from Alberta Town Center until December 2008, construction began on the Property pursuant to a Forward Purchase and Sale Agreement ("FPSA") dated September 2005. The parties closed on the property on December 12, 2008 ("Closing"). The FPSA provided that Alberta Town Center would sell the Property to Granite, provided that certain conditions were met.

16.     Alberta Town Center, Southlands Colorado, and Alberta Development proceeded to develop and construct the Property and engaged the following entities to assist in development and construction of the Property:

(a)     Alberta Development and Alberta Town Center contracted with Ground Engineering to, among other things, perform the geotechnical investigation and engineering of the site for Property;

(b)     Southlands Colorado contracted with Callison to serve as the architect for the Property;

(c)     Magnusson was hired by Callison as a sub-consultant to be the structural and civil engineer for the Property; and

-3-

    (d)    Alberta Town Center and Southlands Colorado contracted with Beck as the general contactor for the Property.

17. Approximately six months before the Closing, Alberta Town Center and the Managers had become aware of serious structural and other defects in the Property based on, among other sources of information, letters and complaints from tenants, including complaints about cracks in walls and ceilings and requests that Alberta Town Center make repairs. The problems were serious enough that Alberta Town Center engaged structural and soils engineers to determine the cause of the defects – all prior to Closing. The construction and structural defects Alberta Town Center and the Managers discovered before Closing were not open and obvious, but in fact were latent, in part because of Alberta Town Center's and the Managers' affirmative attempts to repair and conceal the defects.

18. Alberta Town Center was required to provide Granite with prompt notification of changes in the condition of the Property, including these defects. Rather than notify Granite of the defects, Alberta Town Center kept this information from Granite. Alberta Town Center also made affirmative representations that there were no defects. For example, in November 2008, about three weeks before Closing, Alberta Town Center offered Granite tenant estoppel certificates from May 2008 that made no mention of Property defects and which Alberta Town Center knew were misleading and no longer correct. Offering these dated certificates and, thereby, suggesting there were no adverse changes in the condition of the Property, induced Granite to close on the Property and agree to delay delivery of updated estoppel certificates until after Closing.

19. The failure of Alberta Town Center and the Managers to disclose this information, and their purposeful concealment of this information, along with their delivery of the May 2008 estoppels as accurate, fraudulently induced Granite to close on the purchase of the Property. In reality, Alberta Town Center and the Managers were aware of the defects at the Property before Closing. The defects were of the kind that Alberta Town Center and the Managers, in equity and good conscience, should have disclosed to Granite. Moreover, the objective circumstances, including the nature of the relationship and dealings between the parties, the latency and severity of the defects, and Alberta Town Center's and the Managers' knowledge that Granite was unaware of the actual state of the Property, individually and collectively gave rise to a reasonable expectation of disclosure of the defects prior to Closing.

20. Alberta Town Center and the Managers had powerful motives to conceal and not disclose the defects and to misrepresent the condition of the Property. If Granite knew the truth about the condition of the Property, it would have chosen not to proceed to Closing, under which circumstance Alberta Town Center would almost certainly have defaulted on its nine-figure construction loan, and the Managers would have been liable for the loan under personal guarantees.

21. Alberta Town Center, in its own right, and by and through the acts and omissions of the Managers, engaged in the following fraudulent acts or omissions:

(a) Failing to notify Granite of the changed condition of the Property prior to the Closing;

(b) Concealing the existence of complaints and letters from tenants of the Property identifying the defects at the Property and requiring Alberta Town Center to make repairs;

(c) Ordering cosmetic repairs be made to public portions of the Property as well as tenant premises to conceal the existence of the defects;

(d) Concealing the fact that Alberta Town Center and the Managers were investigating the defects and had engaged structural and soils engineers to determine the cause of the defects and to monitor shifting;

(e) Misrepresenting to Granite on numerous occasions that Alberta Town Center, as landlord, was not in default under any of the leases with tenants of the Property; and

(f) Providing Granite false information in the form of tenant estoppel certificates which Alberta Town Center and the Managers knew to be inaccurate at the time they provided them.

22. The defects at the Property are material and serious. Certain slabs at the Property are sinking, and the exterior walls, interior walls, and other components of some of the buildings at the Property are failing. After Closing, tenant DCC Architects provided Granite with its first notice of material defects at the Property. DCC Architects identified physical damage to one of the buildings in the Property, which Granite later determined was due to ground settlement, and the consequent movement of the building slabs, piers, and other building components. Other tenants complained of building damage, which Granite also later determined to be caused by movement of the building due to ground settlement and the consequent movement of the building slabs, piers, and other building components. Examples of the serious property damage are shown in the photographs attached hereto as Exhibit 1.

23. The construction defects have been caused by soil movement and the corresponding movement of the slabs, piers, and other building components due, in part, to the accumulation of water in a subsurface swale. The resulting building damage includes, without limitation, distortion of and cracks in the slabs, foundations, walls, doorways, ceilings, sidewalks, and building exteriors. There also is water damage and damage to the piping and utilities that penetrate the walls. Testing, design, construction, and supervisory work performed in connection with the Property has caused, in whole or part, these defects, which have and will continue to cause significant physical damage at the Property.

24. More specifically, without limitation and based only on information currently in Granite's possession, the testing, design, construction, and supervisory deficiencies and defects include the following:

(a) Failure to account for or accommodate ground movement;

(b) Failure to provide details in the design of the buildings, in particular the finishes and framing, to properly anticipate and accommodate ground movement;

(c) Failure to design certain walls and finishes to provide sufficient isolation details so as to properly accommodate slab movement;

(d) Failure to provide sufficient float details to account for and accommodate slab movement;

(e) Failure to account for or accommodate differential movements at numerous piping, bracing, and structural beam penetrations;

(f) Failure to address and prevent moisture from wicking into the stone exterior of certain improvements at the Property;

(g) Failure to cause the Property to be properly designed and constructed;

(h) Failure to perform sufficient sampling and testing of the native soils and groundwater prior to construction of the Property;

(i) Failure to recommend appropriate site preparation for the Property;

(j) Failure to design proper surface and subsurface drainage systems for the site;

(k) Failure to properly predict ground movement and differential movement;

(l) Failure to construct or cause to be constructed certain portions of the Property in accordance with the plans and specifications including, without limitation, failing to properly detail and construct certain foundation elements;

(m) Failure to construct or cause to be constructed the exterior finishes and waterproofing details to prevent moisture wicking and premature deterioration of the exterior stone finishes at the Property;

(n) Failure to uncover defects in the design and construction of the Property;

(o) Failure to properly supervise design and construction of the Property; and

(p) Failure to provide sufficient detailing for the slabs and foundations at the Property which properly account for and accommodate anticipated soil movements.

25. The above list consists of examples of the failures which have led to the defects described, but further investigation may determine there are additional causes for the defects.

Granite reserves its right to supplement this pleading with additional defects or causes which may be discovered.

26. Granite has repaired, and continues to repair, the tenant spaces due to the damage to those spaces caused by defendants' negligence.

27. The same deficiencies in design, construction, and development of the adjacent property owned by Southlands Power are contributing to the damages at the Property. Moreover, Alberta Town Center, Alberta Development, Southlands Colorado, and Southlands Power assumed control over certain aspects of design and construction of the Property and adjacent property, thereby assuming responsibility that they would be designed and constructed with reasonable care, which they were not.

28. The Property included certain improvements to be dedicated to the Southlands Metropolitan District No. 1 ("District") (streets, sidewalks, curb cuts, sewers, and certain site amenities of the Property such as the plaza fountains and fire pit). Unbeknownst to Granite, Alberta Town Center and/or Alberta Development previously had been reimbursed over $10 million by the District for construction of certain improvements that were included in Alberta Town Center's $158,807,879 sworn statement of costs. As a result, the District used its bond proceeds to pay the Alberta entities for these improvements while, at the same time, Alberta Town Center presented a sworn statement of costs to secure loan advances for the same improvements. The Alberta entities were paid twice for the same work, and the purchase price Granite paid for the Property was calculated based upon construction costs for which Alberta separately had been reimbursed. Granite consequently was fraudulently induced to overpay for the Property as a result of these misrepresentations.

### FIRST CLAIM FOR RELIEF
(Fraud, Fraudulent Inducement, Nondisclosure and Concealment –
Alberta Town Center, Donald Provost, and Peter Cudlip)

29. Granite incorporates the allegations above as if fully restated herein.

30. In the months, weeks and days before Closing, Alberta Town Center, Donald Provost, and Peter Cudlip undertook a campaign of fraud and deception to conceal the known condition of the Property and the complaints of tenants to induce Granite to close.

31. Alberta Town Center, by and through the Managers, participated in this fraud with the intent to induce Granite to consummate the sale of the Property, when, had Granite known the true state of affairs, it had a contractual right to refuse to close. This fraud also was intended to induce Granite to overpay for the Property.

32. Alberta Town Center's and the Manager's fraud, accomplished by and through the actions and omissions of the Managers, included, among other things: withholding information from Granite regarding known defects at the Property; failing to inform Granite of the defects or tenant complaints; engaging in actions designed to prevent Granite from

-7-

discovering evidence of the defects as part of Granite's due diligence including, but not limited to, undertaking cosmetic repairs to conceal evidence of structural defects; and making misrepresentations, withholding information, and offering false documentation and disclosing false information regarding existing landlord defaults, tenant complaints and damage identified by tenants at the Property. They also misrepresented the amount of the construction costs and failed to disclose the fact they had been reimbursed by the District.

33. Alberta Town Center and the Managers had an obligation to disclose information known to Alberta Town Center before Closing, not to actively conceal information known to them, and not to actively conceal physical evidence of construction and structural defects or physical damage at the Property.

34. Alberta Town Center and the Managers failed to disclose information known to them before Closing, actively concealed information known to them, and actively concealed physical evidence of construction and structural defects or physical damage at the Property with the intent of creating a false impression with Granite of the actual facts, including but not limited to, an impression that there were no construction and structural defects or physical damage at the Property.

35. Alberta Town Center's and the Managers' actions were intended to mislead Granite to purchase the Property where Granite would not have consummated the purchase had it known the true facts.

36. The false representations made by Alberta Town Center and the Managers and the information and property conditions known to Alberta Town Center and the Managers which Alberta Town Center and the Managers concealed from Granite were material. The physical evidence and negative information about the Property concealed by Alberta Town Center and the Managers was material.

37. Granite justifiably relied on Alberta Town Center's and the Managers' false representations non-disclosures and concealment, as set out above.

38. Granite's reliance caused Granite to suffer damages, including but not limited to the cost of repairing the defects, the cost of repairing the damages caused by the defects, damages resulting from lost tenants and reduced rents, the cost of relocating and giving other accommodations to tenants during repairs, the stigma to the Property, and diminution in value of the Property. Moreover, Granite would not have closed on the Property had it not been for Alberta Town Center's and the Managers' fraudulent conduct. Consequently, Alberta Town Center is liable to Granite for the damages it has suffered and will suffer as a result of owning the Property. This fraud also caused Granite to overpay for the Property.

WHEREFORE, Granite prays for the award of damages against Alberta Town Center, Donald Provost and Peter Cudlip in an amount to be determined at trial, for its costs, interest and attorneys' fees, and for such other and further relief as the Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (Negligence – Alberta Town Center)

39. Granite incorporates the allegations above as if fully restated herein.

40. Alberta Town Center was the owner of the Property during certain phases of the design, development, and construction of the Property.

41. Alberta Town Center had a duty to foreseeable purchasers, such as Granite, to exercise reasonable care in providing its development services, and to exercise reasonable care during the design, development, and construction of all phases of the Property.

42. Alberta Town Center breached this duty and was negligent in its decisions concerning the design, development, and construction of the Property. This negligence includes, without limitation, not requiring installation of proper dewatering systems to address the moisture in the swale.

43. Granite suffered damages as a result of Alberta Town Center's breach of its duty, including but not limited to the cost of repairing the defects, the cost of repairing the damages caused by the defects, damages resulting from lost tenants and reduced rents, the cost of relocating and giving other accommodations to tenants during repairs, the stigma to the Property, and diminution in value of the Property.

WHEREFORE, Granite prays for the award of damages against Alberta Town Center in an amount to be determined at trial, for its costs, interest and attorneys' fees, and for such other and further relief as the Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (Negligence – Alberta Development)

44. Granite incorporates the allegations above as if fully restated herein.

45. Alberta Development was the developer of the Property hired by Southlands Colorado and Alberta Town Center to provide development services during construction of the Property.

46. Alberta Development had a duty to foreseeable purchasers such as Granite, to exercise reasonable care in providing its development services.

47. Alberta Development breached this duty and was negligent by, among other things, failing to properly develop the Property. This negligence includes, without limitation, not

requiring the installation of proper dewatering systems to address the moisture in the swale and not taking sufficient actions to mitigate the risks identified by Ground Engineering.

48. Granite suffered damages as a result of Alberta Development's breach of its duty including, but not limited to, the cost of repairing the defects, the cost of repairing the damages caused by the defects, damages resulting from lost tenants and reduced rents, the cost of relocating and giving other accommodations to tenants during repairs, the stigma to the Property, and diminution in value of the Property.

WHEREFORE, Granite prays for the award of damages against Alberta Development in an amount to be determined at trial, for its costs, interest and attorneys' fees, and for such other and further relief as the Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### (Negligence – Southlands Colorado)

49. Granite incorporates the allegations above as if fully restated herein.

50. Southlands Colorado was the owner, and developer, of the Property prior to Alberta Town Center during certain phases of the design, development, and construction of the Property.

51. Southlands Colorado had a duty to foreseeable purchasers, such as Granite, which agreed to purchase the Property at the same time Southlands Colorado sold the property to Alberta Town Center, to exercise reasonable care during the design, development, and construction of the Property.

52. Southlands Colorado breached this duty and was negligent in its decisions concerning the design, development, and construction of the Property. This negligence includes, without limitation, failing to require that the site be properly prepared for the anticipated improvements in light of the moisture and soils issues associated with the swale and not taking sufficient actions to mitigate the risks identified by Ground Engineering.

53. Granite suffered damages as a result of Southlands Colorado's breach of its duty, including but not limited to the cost of repairing the defects, the cost of repairing the damages caused by the defects, damages resulting from lost tenants and reduced rents, the cost of relocating and giving other accommodations to tenants during repairs, the stigma to the Property, and diminution in value of the Property.

WHEREFORE, Granite prays for the award of damages against Southlands Colorado in an amount to be determined at trial, for its costs, interest and attorneys' fees, and for such other and further relief as the Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
### (Negligence – Ground Engineering)

54. Granite incorporates the allegations above as if fully restated herein.

55. Ground Engineering was the geotechnical engineer hired by some combination of Southlands Colorado, Alberta Development and Alberta Town Center to investigate subsurface conditions and to make construction recommendations in light of those subsurface conditions.

56. Ground Engineering had a duty to foreseeable purchasers, such as Granite, to exercise reasonable care in investigating subsurface conditions and in making construction recommendations in light of those subsurface conditions.

57. Ground Engineering breached this duty and was negligent in the design and construction of the Property and various services provided in relation thereto. This negligence includes, without limitation, failure to properly investigate the subsurface conditions, failure to make appropriate construction recommendations in light of those subsurface conditions, failure to drill a sufficient number of test holes, failing to drill those test holes deep enough or in the proper locations, failing to recommend proper site preparation, and failing to design or recommend proper drainage.

58. Granite suffered damages as a result of Ground Engineering's breach of its duty, including but not limited to the cost of repairing the defects, the cost of repairing the damages caused by the defects, damages resulting from lost tenants and reduced rents, the cost of relocating and giving other accommodations to tenants during repairs, the stigma to the Property, and diminution in value of the Property.

WHEREFORE, Granite prays for the award of damages against Ground Engineering in an amount to be determined at trial, for its costs, interest and attorneys' fees, and for such other and further relief as the Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
### (Negligence – Callison)

59. Granite incorporates the allegations above as if fully restated herein.

60. Callison was the architect hired by Alberta Town Center to design the project, including the Property.

61.  Callison had a duty to foreseeable purchasers, such as Granite, to properly design the Property to account for, and accommodate, anticipated ground movement and the movement of construction elements, such as the slabs and piers.

62.  Callison breached this duty and was negligent in the design of various aspects of the Property and services provided in relation thereto. Callison's negligence includes, without limitation, failing to design the Property to accommodate ground movement and the movement of construction elements, such as the slabs and piers, failing to provide sufficient details in its drawings showing construction details to accommodate ground movement, account for piping, bracing, and structural beam penetrations, and prevent water from wicking into the exterior.

63.  Granite suffered damages as a result of Callison's breach of its duty including, but not limited to, the cost of repairing the defects, the cost of repairing the damages caused by the defects, damages resulting from lost tenants and reduced rents, the cost of relocating and giving other accommodations to tenants during repairs, the stigma to the Property, and diminution in value of the Property.

WHEREFORE, Granite prays for the award of damages against Callison in an amount to be determined at trial, for its costs, interest and attorneys' fees, and for such other and further relief as the Court deems just and proper.

### SEVENTH CLAIM FOR RELIEF
(Negligence – Magnusson)

64.  Granite incorporates the allegations above as if fully restated herein.

65.  Magnusson was the structural engineer hired by Callison to design the structural elements of the Property.

66.  Magnusson had a duty to foreseeable purchasers, such as Granite, to exercise reasonable care in properly designing the structural elements of the Property to account for and accommodate anticipated ground movement and, in this case, ground settlement.

67.  Magnusson breached this duty and was negligent in the design of various aspects of the Property and services provided in relation thereto. Magnusson's negligence includes, without limitation, failing to design the Property to accommodate anticipated ground movement and, in this case, ground settlement, and failing to provide sufficient detailing in construction plans to appropriately isolate the slabs from the foundation and piers.

68.  Granite suffered damages as a result of Magnusson's breach of its duty including, but not limited to, the cost of repairing the defects, the cost of repairing the damages caused by the defects, damages resulting from lost tenants and reduced rents, the cost of relocating and giving other accommodations to tenants during repairs, the stigma to the Property, and diminution in value of the Property.

WHEREFORE, Granite prays for the award of damages against Magnusson in an amount to be determined at trial, for its costs, interest and attorneys' fees, and for such other and further relief as the Court deems just and proper.

### EIGHTH CLAIM FOR RELIEF
(Negligence – Beck)

69.     Granite incorporates the allegations above as if fully restated herein.

70.     Beck was the general contractor hired by Alberta Town Center and Southlands Colorado to construct the Property.

71.     Beck had a duty to foreseeable purchasers, such as Granite, which agreed to purchase the Property even before construction began, to exercise reasonable care in constructing the Property so that it is free of construction defects.

72.     Beck breached this duty and was negligent in constructing various aspects of the Property the services provided in relation thereto. Beck's negligence includes, without limitation, failing to properly construct the slab, foundation, and piers, failing to properly construct and isolate the slab from the foundation and piers, failing to properly construct certain exterior finishes and to anticipate foreseeable problems with water and moisture and/or failing to properly constructed certain walls to anticipate movement of the slab.

73.     Granite suffered damages as a result of Beck's breach of its duty including, but not limited to, the cost of repairing the defects, the cost of repairing the damages caused by the defects, damages resulting from lost tenants and reduced rents, the cost of relocating and giving other accommodations to tenants during repairs, the stigma to the Property, and diminution in value of the Property.

WHEREFORE, Granite prays for the award of damages against Beck in an amount to be determined at trial, for its costs, interest and attorneys' fees, and for such other and further relief as the Court deems just and proper.

### NINTH CLAIM FOR RELIEF
(Negligence – Southlands Power)

74.     Granite incorporates the allegations above as if fully restated herein.

75.     Southlands Power was responsible for developing "Value Retail," a retail property adjacent to the Property.

76.     Value Retail overlays a portion of the same swale that underlies the Property.

77.     Southlands Power had a duty to foreseeable purchasers of the Property to exercise reasonable care in constructing Value Retail so as not to cause physical damage to the Property.

78. Southlands Power breached that duty and was negligent by, among other things, failing to exercise reasonable care in its development of the ground work underlying Value Retail.

79. Specifically, Southlands Power failed to employ appropriate methods and materials to fill the swale which resulted in an adverse effect on the soils and water level underlying the Property. Such failures include but are not limited to Southland Power's:

(a) Failure to perform sufficient sampling and testing of the native soils prior to construction of the Property;

(b) Failure to undertake appropriate site preparation for the Property; and

(c) Failure to design proper surface and subsurface drainage systems for the site.

80. Southland Power's failure to exercise reasonable care in the construction of Value Retail caused or exacerbated significant ground movement and native soils compaction at the Property, which resulted in excessive foundation movement and physical damage to Property buildings.

81. Granite suffered damages as a result of Southlands Power's breach of its duty including, but not limited to, the cost of repairing the defects, the cost of repairing the damages caused by the defects, damages resulting from lost tenants and reduced rents, the cost of relocating and giving other accommodations to tenants during repairs, the stigma to the Property and diminution in value of the Property.

WHEREFORE, Granite prays for the award of damages against Southlands Power in an amount to be determined at trial, for its costs, interest and attorneys' fees, and for such other and further relief as the Court deems just and proper.

### TENTH CLAIM FOR RELIEF
(Alter Ego – Alberta Town Center, Alberta Development, Southlands Colorado, Southlands Power, Donald Provost, and Peter Cudlip)

82. Alberta Town Center, Alberta Development, Southlands Colorado, Southlands Power, Donald Provost, and Peter Cudlip are alter egos of one another and they did not, and do not, maintain the distinctions between those companies and individuals.

83. Donald Provost and Peter Cudlip utilized their companies, Alberta Town Center, Alberta Development, Southlands Colorado, and Southlands Power, to perpetrate a fraud on Granite.

84. Accordingly, the corporate veil among Alberta Town Center, Alberta Development, Southlands Colorado, Southlands Power, Donald Provost and Peter Cudlip should be pierced and Alberta Town Center, Alberta Development, Southlands Colorado, Southlands

Power, Donald Provost, and Peter Cudlip should be held liable, jointly and severally, for the foregoing claims for relief

WHEREFORE, Granite prays for the award of damages against Alberta Town Center, Alberta Development, Southlands Colorado, Southlands Power, Donald Provost, and Peter Cudlip, jointly and severally, in an amount to be determined at trial, for its costs, interest and attorneys' fees, and for such other and further relief as the Court deems just and proper.

### JURY DEMAND

85.  Granite requests a trial by jury on all claims.

Respectfully submitted this 25th day of May, 2010.

BENJAMIN, BAIN & HOWARD, LLC

/s/ *Tracy A. Davis, Esq.*
Tracy A. Davis, #35058

**ATTORNEYS FOR PLAINTIFF**

*Filed Via JusticeLink*
*Original Signature on File at*
*Benjamin, Bain & Howard, LLC*

Address of Plaintiff:
300 Campus Drive
3rd Floor
Florham Park, NJ 07932

LexisNexis File & Serve                                                                    Page 1 of 2

**LexisNexis· File & Serve**

Jones & Keller PC | Resource Center | File & Serve Preferences

Home | Filing & Service | Alerts | Search
Case History | Cases Search | Daily Docket | Transaction Status | Advanced Search | Service of Process Transactions

Case History Search > Select Case > Results > Transaction 31302463

## Case History Search
Search Created:
Monday, July 26, 2010 15:07:52 MDT

Printable Version    Transaction Report    <<Previous transaction    Next transaction>>

**Case number:** 2010CV1175 [View Case History]                          Filed only at 5/25/2010 6:47 PM MDT
**Case name:** GRANITE SOUTHLANDS TOWN CENTER LLC vs. GROUND              Review 8/23/2010 6:00 AM MDT
ENGINEERING CONSULTANTS INC et al
**Court:** CO Arapahoe County District Court 18th JD
**Division:** 404 - Division 404
**Judge:** Pratt, Charles M

◉ View all document(s) as a list    ○ View document(s) inline

**Document List (3)    Total Statutory Fees: $414.00**

**Main Document, 2 pages    ID: 39651017**
Document History | PDF Format | Original Format

| | | | |
|---|---|---|---|
| **Document type:** | Civil Case Cover Sheet | **Clerk review status/action:** | Accepted |
| **Security:** | Public | **Date reviewed:** | 5/26/2010 |
| **Statutory fee:** | $0.00 | | |
| **Document title:** | District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint | | |

**Main Document, 15 pages    ID: 39651018**
Document History | PDF Format | Original Format

| | | | |
|---|---|---|---|
| **Document type:** | Complaint and Jury Demand | **Clerk review status/action:** | Accepted |
| **Security:** | Public | **Date reviewed:** | 5/26/2010 |
| **Statutory fee:** | $414.00 | | |
| **Document title:** | Complaint and Jury Demand | | |

**Supporting 39651018, 2 pages    ID: 39651019**
Document History | PDF Format | Original Format

| | | | |
|---|---|---|---|
| **Document type:** | Filing Other | **Clerk review status/action:** | Accepted w/o Docketing |
| **Security:** | Public | **Date reviewed:** | 5/26/2010 |
| **Statutory fee:** | $0.00 | | |
| **Document title:** | Exhibit A to Complaint and Jury Demand | | |

**Other Transaction Data**
**Calendar Event**
**Event type:** Review
**Event name:**
**Location:** 404 - Division 404

LexisNexis File & Serve                                                                               Page 2 of 2

| | |
|---:|:---|
| **Begin date:** | 8/23/2010 6:00 AM MDT |
| **End date:** | 8/23/2010 7:00 AM MDT |
| **Note:** | |
| **Event status:** | Confirmed |
| **Event authorizer:** | Truett, Andi |

## ⊟ Parties and Recipients
### ⊟ Sending Parties (1)

| △Party | Party Type | Attorney | Attorney Type | Firm |
|---|---|---|---|---|
| GRANITE SOUTHLANDS TOWN CENTER LLC | Plaintiff | Cohen, Alvin M | Privately Retained Attorney | Benjamin Bain & Howard LLC |

## ⊟ Sender Information

| | |
|---|---|
| **Submitted by:** | Tracy A Davis, Benjamin Bain & Howard LLC |
| **Authorizer:** | Tracy A Davis, Benjamin Bain & Howard LLC |

<<Previous transaction    Next transaction>>

---



About LexisNexis | Terms & Conditions | Privacy | Customer Support - 1-888-529-7587
Copyright © 2010 LexisNexis®, a division of Reed Elsevier Inc. All rights reserved.