IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 09-cv-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC., and
LAND TITLE GUARANTEE COMPANY,

    Defendants.
_____

## ***AMENDED* ORDER**[1]
_____

The matter before the Court is Defendants Alberta Town Center, LLC, Donald G. Provost and Peter M. Cudlip's[2] (Alberta Defendants) Expedited Motion For Equitable Relief To Prevent Vexatious And Repetitive Litigation Pursuant To The All-Writs Act, 28 U.S.C. § 1651(a) And Federal Rule Of Civil Procedure 54(b) (Doc. No. 131). The Court has carefully reviewed the moving and responding papers, the relevant portions of the case file, and the applicable legal authority.

---

[1]This Amended Order amends the Court's Order of September 1, 2010 (Doc. No. 138) only by correcting a typographical error by deleting footnote 24 appearing therein.

[2]Defendants Donald G. Provost, Allan G. Provost, and Peter M. Cudlip were dismissed from this action on December 29, 2009 (Doc. No. 85), and their names were removed from the case caption. However, Judgment in favor of these Defendants has not been entered. Defendant Allan G. Provost has not joined the present motion.

**I.    Procedural Background**[3]

Plaintiff Granite Southlands Town Center, LLC (Plaintiff or Granite) filed its Original Complaint in this action on April 9, 2009, asserting two claims for relief against Defendants Alberta Town Center, LLC (Alberta) and Land Title Guarantee Company (Land Title).  (Doc. No. 1).

The deadline for amendment of pleadings was September 4, 2009.  On September 16, 2009, Plaintiff filed Plaintiff's First Amended Complaint (Doc. No. 36),[4] adding a claim for "Fraudulent Inducement As To The Release" and a claim for "Actual And Exemplary Damages As To Fraud" against Defendants Donald G. Provost, Allan G. Provost, and Peter Cudlip (Principals).  The fraudulent inducement claim alleged as follows:

> As alleged herein, the Principals withheld material information from, and made material misrepresentations to, Granite so as to induce Granite to enter into the Release and pay the Additional Consideration - which Granite would not have done but for the principals' fraudulent concealment and affirmative misrepresentations.  Granite reasonably relied on the Principals' silence and affirmative misrepresentations, and Granite has suffered damages as a result of the Principals' fraudulent conduct in the amount of the Additional Consideration.[5]

Land Title and Alberta answered the First Amended Complaint, and Alberta asserted two counterclaims.  (Doc. Nos. 41, 59).  On October 14, 2009, the Principals moved to

---

[3]Plaintiff's factual allegations have been recounted in prior Orders (see Doc. Nos. 85, 107) and will not be repeated herein.

[4]The Court allowed the amendment despite its untimeliness because Defendants did not object to the amendment.  (See Doc. No. 33).

[5]Plaintiff's First Amended Complaint (Doc. No. 36) ¶ 22.

dismiss the fraudulent inducement claim (and the claim for "Actual And Exemplary Damages For Fraud") in the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Court granted the motion on December 29, 2009, stating:

> The facts alleged in Plaintiff's First Amended Complaint do not "plausibly give rise to an entitlement to relief" on Plaintiff's fraudulent inducement claim, because they do not plausibly plead reliance resulting in damages. The purpose of the reliance requirement in a fraud claim "is to 'provide[ ] the requisite causal connection between a defendant's misrepresentation and a plaintiff's injury.'" Plaintiff alleges that it was fraudulently induced by the Principals' misrepresentations and concealment to enter into the Release, and pay $2.15 million as consideration for the execution of the Release. Plaintiff alleges that, as a result, it has suffered $2.15 million in damages. However, The Fifteenth Amendment to the FPSA expressly and unambiguously states that Plaintiff's $2.15 million payment to Alberta is *"consideration for the conveyance of the Property to Buyer . . . ."* Plaintiff does *not* allege that it was fraudulently induced to accept the conveyance of the Property. Instead, Plaintiff asserts that it was fraudulently induced to enter into the Release, but fails to plausibly plead that its execution of the Release - as distinguished from its purchase of the Property - has caused it any damage. The Court agrees with the Principals' summation that Granite essentially is claiming that being fraudulently induced to enter into one agreement (the Release) entitles it to a refund of the consideration paid under a different agreement (the FPSA). The Court concludes that Plaintiff has failed to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Accordingly, the claim for "Fraudulent Inducement As To The Release" shall be dismissed.[6]

On January 13, 2010, over nine months after the Original Complaint was filed and over three months after the deadline for amendment of pleadings had expired, Plaintiff filed a motion for reconsideration of the Court's December 29, 2009, Order and

---

[6]Order of December 29, 2009 (Doc. No. 85) at 6-7 (citations omitted).

for leave to file a Second Amended Complaint (Doc. No. 87). Plaintiff's proposed Second Amended Complaint (Doc. No. 109-2) asserted, among other claims, a claim for "Fraudulent Inducement" against Alberta Town Center, LLC, Donald G. Provost, and Peter M. Cudlip. The proposed Fraudulent Inducement claim alleged in part that:

> As alleged herein, Alberta and the Principals, in their individual capacities, withheld material information from, and made material misrepresentations to, Granite so as to induce Granite to purchase the Property for $10,134,278 in excess of what it otherwise would have paid, execute the Closing Agreement, the Release, the Escrow Agreement and the other closing documents, pay the additional $2,150,000, and move forward with the Closing - none of which Granite would have done but for the Principals' fraudulent concealment, omissions of material fact and/or affirmative misrepresentations . . . . [Plaintiff's] damages include the $10,134,279 Granite was fraudulently induced to overpay for the Property, the $2,150,000 Granite was fraudulently induced to pay for the Release, as well as the difference between what Granite paid for the Property at closing and the amount the Property was worth at Closing, which granite believes is tens of millions of dollars, together with the other damages naturally and proximately caused by the fraud, including the loss of tenants and attendant revenues and repair costs.[7]

On February 17, 2010, the Court summarily denied Plaintiff's motion for leave to amend and for reconsideration. (Doc. No. 110).

On April 28, 2010, Plaintiff filed another motion for leave to amend its Complaint, this time to add a claim for breach of contract. (Doc. No. 115). The proposed amendment made no change to the fraudulent inducement claim in the operative First Amended Complaint. The motion to amend was referred to Magistrate Judge Kristen L.

---

[7] Plaintiff's Second Amended Complaint [Proposed] (Doc. No. 109-2) ¶ 34.

Mix, who issued a Recommendation that the motion be denied based on undue delay, failure to cure, and prejudice to Defendants. (Doc. No. 119). The Court adopted the Recommendation in its entirety and denied the motion to amend on June 28, 2010. (Doc. No. 120).

On May 25, 2010, Plaintiff filed a Complaint And Jury Demand in Arapahoe County, Colorado District Court against the Alberta Defendants and seven other defendants. The state court complaint includes a claim for "Fraud, Fraudulent Inducement, Nondisclosure and Concealment" against the Alberta Defendants, and a claim for "Alter Ego" against the Alberta Defendants and two other defendants. The "Fraud, Fraudulent Inducement, Nondisclosure and Concealment" claim alleges that prior to closing, Alberta, by and through Donald G. Provost and Peter M. Cudlip, concealed defects in the Property and tenant complaints in order to "induce Granite to consummate the sale of the Property" and "induce Granite to overpay for the Property." Plaintiff alleges that its damages include "the cost of repairing the damages caused by the defects, damages resulting from lost tenants and reduced rents, the cost of relocating and giving other accommodations to tenants during repairs, the stigma to the Property, and the diminution in value of the Property. . . . This fraud also caused Granite to overpay for the Property."[8]

The Alberta Defendants filed the present motion on August 4, 2010, requesting, pursuant to the All-Writs Act, 28 U.S.C. § 1651, that this Court enjoin Plaintiff from prosecuting the state court action, or file any claim in state court against them, or any of

---

[8] Arapahoe County District Court Complaint And Jury Demand (Doc. No. 131-2) ¶¶ 29-38.

their alleged alter egos, arising out of the alleged transaction supporting the fraudulent inducement claim that was dismissed in this federal action. The Alberta Defendants also request entry of Judgment as to the Principals pursuant to Fed. R. Civ. P. 54(b). The parties have agreed that Plaintiff will not attempt to serve the state court Complaint on the Alberta Defendants pending the resolution of the present motion.[9]

## II. Analysis

### A. Injunction

Under the All-Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."[10] However, under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[11]

The Alberta Defendants contend that the Anti-Injunction Act does not bar the relief they seek. First, they argue that the Anti-Injunction Act does not apply to the present circumstances because there are no "proceedings" in a state court, as that term is used in the Anti-Injunction Act, since Plaintiff's state court complaint has not been served on them yet. However, the term "proceedings" as employed in the Anti-Injunction Act "is comprehensive. It includes all steps taken or which may be taken in

---

[9]Expedited Motion . . . (Doc. No. 131) at 5-6 n.4.

[10]28 U.S.C. § 1651(a).

[11]28 U.S.C. § 2283.

6

the state court or by its officers from the institution to the close of the final process."[12] The court looks to state law to determine whether a state judicial proceeding is pending for purposes of the Anti-Injunction Act.[13] Under Colo. R. Civ. P. 3(a), "[a] civil action is commenced (1) by filing a complaint with the court, or (2) by service of a summons and complaint." While the state court does not have jurisdiction over the Alberta Defendants until they are served,[14] Plaintiff nonetheless has instituted "proceedings" against them in state court. The Anti-Injunction Act does apply here.

The Alberta Defendants go on to argue that even if the Anti-Injunction Act applies, the relief they seek falls within the Anti-Injunction Act's exception for injunctions which are "necessary in aid of [the federal court's] jurisdiction."[15] The "aid of jurisdiction" exception "should be construed 'to empower the federal court to enjoin a concurrent state proceeding that might render the exercise of the federal court's jurisdiction nugatory.'"[16]

> Ordinarily, the "aid of jurisdiction" exception to the Anti-Injunction Act applies only to parallel state *in rem* rather than *in personam* actions. There are, however, exceptions to this rule, most notably school desegregation cases, where conflicting orders from different courts would only serve to make ongoing federal oversight unmanageable. Other courts have extended the exception to consolidated multidistrict litigation, where a parallel state court action

---

[12] Hill v. Martin, 296 U.S. 393, 403 (1935).

[13] See id. at 398.

[14] See In re Marriage of Wilson, 765 P.2d 1085, 1087 (Colo. App. 1988).

[15] 28 U.S.C. § 2283.

[16] Winkler v. Eli Lilly & Co., 101 F.3d 1196, 1202 (7th Cir. 1996) (citation omitted).

> threatens to frustrate proceedings and disrupt the orderly resolution of the federal litigation.[17]

There is no fraud claim pending against any of the Alberta Defendants in the present case. This Court did adjudicate a fraud claim composed of the allegation that the Principals were fraudulently induced to execute a Release and pay $2.15 million in additional consideration for the execution of that Release. The Court specifically stated in its Order dismissing the fraud claim that "Plaintiff does *not* allege that it was fraudulently induced to accept the conveyance of the Property. Instead, Plaintiff asserts that it was fraudulently induced to enter into the Release, but fails to plausibly plead that its execution of the Release - as distinguished from its purchase of the Property - has caused it any damage."[18] By contrast, the fraud claim filed in state court in no part asserts that Plaintiff was fraudulently induced to enter into the Release; it does not even mention the Release. Instead, the claim asserts precisely what the Court noted was *not* alleged in the federal fraud claim: that Plaintiff was fraudulently induced to purchase the Property. Proceedings on the state court fraud claim would not "render the exercise of [this Court's] jurisdiction nugatory," as no fraud claim is pending in this Court, and this Court's dismissal of the fraud claim that *was* asserted, a claim of fraudulent inducement to enter into the Release, would not be "rendered null and void" by the prosecution of the state court action.[19]

---

[17]Id.

[18]Order of December 29, 2009 (Doc. No. 85) at 6-7.

[19]See Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1104 (11th Cir. 2004) (citing Teas v. Twentieth Century-Fox Film Corp., 413 F.2d 1263, 1268 (5th Cir. 1969)).

8

Lastly, the Alberta Defendants argue that the relief they seek falls within the Anti-Injunction Act's exception for injunctions which are necessary " to protect or effectuate [the federal court's] judgments,"[20] also known as the "relitigation exception." In Weyerhaeuser Co. v. Wyatt,[21] the United States Court of Appeals for the Tenth Circuit addressed "whether the relitigation exception permits a federal court to protect and effectuate the full res judicata effect of its judgments - that is, to bar state litigation of both claims actually raised in a prior federal action and those that could have been raised - or whether it covers only issues that the federal court actually decided."[22] Relying on the United States Supreme Court's opinion in Choo v. Exxon Corp.,[23] the Tenth Circuit held that the relitigation exception "does not authorize a federal court to protect the full res judicata effect of its decisions. Instead, it authorizes injunctions against state adjudication of issues that 'actually have been decided by the federal court.'"[24] Thus, under Weyerhaeuser, the relitigation exception, which applies only to issues actually decided by the federal court, is narrower than res judicata, which applies to issues which were raised *or could have been raised* in the prior litigation. As discussed above, the issue of whether Plaintiff was fraudulently induced to purchase the Property has not been actually decided by this Court. Such a claim *was* included within

---

[20]28 U.S.C. § 2283.

[21]505 F.3d 1104 (10th Cir. 2007).

[22]Id. at 1107-08. The doctrine of res judicata, or claim preclusion, operates to bar relitigation of issues that were raised *or could have been raised* in a prior action. SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1520 (10th Cir. 1990).

[23]486 U.S. 140 (1988).

[24]Weyerhaeuser, 505 F.3d at 1110 (quoting Chick Kam Choo, 486 U.S. at 148).

Plaintiff's proposed Second Amended Complaint, but the Court disallowed the filing of the proposed Second Amended Complaint, and the proposed Second Amended Complaint was never an operative pleading before the Court for adjudication. Thus, under Weyerhaeuser, the relitigation exception does not apply to Plaintiff's state court claim that it was fraudulently induced to accept the conveyance of the Property.[25]

Although the Court's February 17, 2010, Order denying the motion to file the proposed Second Amended Complaint in no part considered the merits of the proposed Second Amended Complaint, the Alberta Defendants nonetheless argue that the Order affirmatively decided the fraud claim contained in the proposed Second Amended Complaint for purposes of the relitigation exception.[26] The legal authority upon which the Alberta Defendants rely is unsupportive, however. In EFCO Corp. v. U.W. Marx, Inc.,[27] the United States Court of Appeals for the Second Circuit determined only that res judicata applies to claims that were sought to be added in a proposed amended complaint where the court denied leave to amend. Here, the issue is not whether res judicata applies to the fraud claim in Plaintiff's proposed Second Amended Complaint, but, rather, whether the fraud claim set forth in Plaintiff's proposed Second Amended Complaint was "actually determined" by this Court under the narrower relitigation

---

[25]To the extent that Ramsden v. Agribank, 214 F.3d 865 (7th Cir. 2000), includes language which could be construed as indicating that the relitigation exception does bar state court claims which were not raised, but could have been raised, in federal court, see id. at 868, the Tenth Circuit's later decision in Weyerhaeuser is the authority which binds this Court. Similarly, this Court is not bound by decisions from other circuits interpreting Choo differently than did the Tenth Circuit in Weyerhaeuser. See e.g. Western Systems, Inc. v. Ulloa, 958 F.2d 864, (9th Cir. 1992).

[26]See Alberta Defendants' Reply brief (Doc. No. 135) at 5 n.6.

[27]124 F.3d 394, 399-400 (2nd Cir. 1997).

exception. It was not. Huck v. Dawson,[28] Air Frame Sys., Inc. v. Raytheon Co.,[29] and Legnani v. Alitalia Linee Aeree Italiane S.p.A,[30] also cited by the Alberta Defendants, similarly concerned only whether res judicata applied to later-filed claims, and thus are not helpful here.

The Alberta Defendants assert that if the injunction they seek does not issue, their next step will be to seek dismissal of the state court action based on res judicata. They note that an anti-suit injunction by this court would be a more expedient option than requiring them to answer the state court complaint and then litigate res judicata in state court. The Court cannot disagree. However, Weyerhaeuser explained that Choo's interpretation of the parameters of the relitigation exception,

> is consistent with the dual purposes of the [Anti-Injunction Act]: to respect comity while also ensuring the effectiveness and supremacy of federal law. When a federal court affirmatively decides an issue, that decision is entitled to respect and finality. But when a federal court has not passed on a specific claim, the main concern raised by subsequent state litigation is harassment of the opposing party. That concern is not to be taken lightly, but it is the province of res judicata, a defense that a party is free to raise in the subsequent state-court suit - and that the state courts are presumed competent to resolve.[31]

Under Tenth Circuit law, the injunction the Alberta Defendants seek is barred by the Anti-Injunction Act.

---

[28] 106 F.3d 45, 49-50 (3rd Cir. 1997).

[29] 601 F.3d 9, 16 (1st Cir. 2010).

[30] 400 F.3d 139, 141 (2nd Cir. 2005).

[31] Weyerhaeuser, 505 F.3d at 1110-1111 (internal citations, quotations, and brackets removed).

## B. Rule 54(b) Motion

The Alberta Defendants also request an entry of judgment in favor of the Principals pursuant to Fed. R. Civ. P. 54(b), as all claims asserted against the Principals in this action have been dismissed with prejudice. They state that the purpose of their request is to eliminate any question as to whether this Court has made a final judgment as to Plaintiff's fraud claims for purposes of *res judicata* and claim preclusion. Under Fed. R. Civ. P. 54(b),

> [w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

In order to issue a judgment pursuant to Rule 54(b), the Court must find (1) that the judgment upon which certification is sought is final "in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action," and (2) that there is no just reason to delay entry of judgment.[32]

Here, the Court's Order of December 29, 2009, is "an ultimate disposition of an individual claim entered in the course of a multiple claims action," because it disposed entirely of two out of four individual claims, which were the only two claims asserted against the Principals. Thus, it was a final order for purposes of Fed. R. Civ. P. 54(b).

In determining whether there is "no just reason to delay entry of judgment," the Court must weigh the "policy of preventing piecemeal appeals against the inequities that

---

[32] Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)).

could result from delaying an appeal."[33]  The Court should consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."[34]

      Plaintiff's remaining claims in this case, claims against Alberta and Land Title for "Declaratory Judgment Regarding Escrow" and "Attorneys' Fees And Costs Under The Escrow Agreement," allege that Alberta failed to deliver timely tenant estoppel certificates to Plaintiff, that closing funds held in escrow by Land Title must be delivered to Plaintiff, and that Plaintiff is entitled to recover its attorney's fees and costs incurred to recover the escrow funds.  These claims are separable from the claims which were asserted against the Principals, which alleged that the Principals concealed physical defects on the Property in order to induce Plaintiff to enter into a Release.  The dismissed claims also are separable from Alberta's counterclaims, which assert breach of contract and breach of the covenant of good faith and fair dealing based upon an allegation that Plaintiff failed to reconcile the proration of Property expenses at closing.  Because the issues and allegations in the now-dismissed claims are distinct from those which remain in this case, a reviewing court would not be required to decide the same issue more than once if there were subsequent appeals.  Further, the particular circumstances present here favor Rule 54(b) certification, to the extent that a separate judgment on the dismissed claims against the Principals could clarify the status of these

---

[33]Stockman's Water Co., LLC v. Vaca Partners, L.P., 425 F.3d 1263, 1265 (10th Cir. 2005).

[34]Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980)

federal proceedings for purposes of the state court action. There is no just reason for delay in entry of a judgment in favor of the Principals.[35]

Accordingly, it is

ORDERED that Alberta Defendants' Expedited Motion For Equitable Relief To Prevent Vexatious And Repetitive Litigation Pursuant To The All-Writs Act, 28 U.S.C. § 1651(a) And Federal Rule Of Civil Procedure 54(b) (Doc. No. 131) is denied in part and granted in part. It is

FURTHER ORDERED that the motion is denied as to the Alberta Defendants' request for equitable relief. It is

FURTHER ORDERED that the motion is granted as to the Alberta Defendants' request for entry of Judgment pursuant to Fed. R. Civ. P. 54(b) in favor of Defendants Donald G. Provost, Allan G. Provost, and Peter M. Cudlip, and a separate Fed. R. Civ. P. 54(b) judgment shall be entered.

DATED at Denver, Colorado, this 22nd day of September, 2010, *nunc pro tunc* September 1, 2010.

BY THE COURT:

*Zita Leeson Weinshienk*
_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

---

[35]Although Allan G. Provost is not a moving party on this motion, the Court's determination of the Rule 54(b) request applies to him equally.