**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-CV-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC

    Plaintiff,

v.

ALBERTA TOWN CENTER and
LAND TITLE GUARANTEE COMPANY

    Defendant.

## PLAINTIFF GRANITE SOUTHLANDS TOWN CENTER LLC'S MOTION IN LIMINE

COMES NOW plaintiff Granite Southlands Town Center LLC ("Granite Southlands") and, prior to the voir dire examination of the jury panel and selection of the jury, and also prior to the introduction of any evidence or the reading of the pleadings, urges the following Motion in Limine. Granite Southlands requests that the Court instruct defendant Alberta Town Center and Land Title Guarantee Company ("Defendants") and/or their counsel, not to mention or bring before the jury, either directly or indirectly, upon voir dire examination, opening statement, interrogation of witnesses, objections, offering of evidence, closing statement or in any manner, any of the following matters unless Defendants first obtain a favorable ruling on the admissibility and relevance of such matters outside the presence of the jury. Granite Southlands further requests that the Court order Defendants' counsel to instruct all of Defendants' witnesses not to mention such matters. Interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning the matters described below would cause substantial prejudice to

Granite Southlands. Sustaining objections to such questions, comments or offers would not cure this prejudice, but rather, would likely reinforce the impact of such prejudicial matters.

Specifically, Granite Southlands requests that Defendants, their counsel, and witnesses, be instructed and directed not to offer, elicit, or testify to the following without first approaching the Court out of hearing of the jury:

1. Any reference to any party's net worth or relative wealth or poverty.

2. Any reference to the condition of, or repairs or lack of repairs to, the Colorado Cinema after the deadline for Alberta to submit the estoppel certificates, which was March 1, 2009.

3. That any party will have to pay attorneys' fees, or any reference to the amount or basis of any attorneys' fees, unless a claim for recovery of attorneys' fees in the case will be submitted to the jury.

4. Any negotiations, offers or demands with respect to any attempted settlement or mediation.

5. Any reference to discovery disputes that arose during the preparation of the case for trial, any position taken by any party with respect thereto, or to the Court's rulings thereon.

6. Any statement or suggestion as to the probable testimony of any witness or alleged witness who is unavailable to testify, or whom the party suggesting such testimony does not, in good faith, expect to testify in the trial. If the party is expected to testify by deposition, this provision does not apply to testimony contained in the deposition expected to be offered.

7. Showing any documents, photographs or visual aids to the jury, or displaying same in such manner that the jury or any member thereof can see the same, unless and until the same has been tendered to opposing counsel, and has been admitted in evidence or approved for admission or use before the jury, either by the Court or by all counsel.

8. Any request or demand in the presence of the jury for a stipulation to any fact, or that counsel admit or deny any fact.

9. Any request or demand in the presence of the jury that opposing counsel produce any document or thing, or that opposing counsel or any party or witness exhibit, turn over or allow examination of the contents of any file or briefcase (except that a party may demand to see a document used by a witness on the stand to refresh his/her recollection, or that a witness testifies that he/she has used previously to refresh his/her recollection).

10.     Any argument that a party should be treated more or less favorably because of such party's race, gender, national origin, nationality, religion, marital status, occupation, or financial status.

11.     Any argument or suggestion that an award of damages will affect insurance premiums, the price of any goods or services, or the level of taxation.

12.     Any argument or suggestion that the jurors should put themselves in the position of a party.

13.     Any expression of counsel's personal opinion regarding the credibility of any witness.

14.     Any argument that any finding or failure to find in response to a particular jury question will, or will not result in a judgment favorable to any party. This provision does not bar argument by counsel that a particular jury question should be answered in a particular way.

15.     Calling any witness, or offering any document in evidence, if the identity of such witness or the document has not been disclosed in response to a proper discovery request. If a party has a good faith basis to urge that such witness or document should be received either because (a) no discovery request properly called for its disclosure, or (b) good cause existed for failure timely to disclose, such party shall first approach the bench and secure a ruling thereon.

16.     Any objection based on failure to disclose evidence in pre-trial discovery. Any party desiring to urge any such objection shall request to approach the bench and urge such objection outside the hearing of the jury.

Granite Southlands respectfully requests that the Court grant its Motion in Limine in all respects, that this Court enter such orders and issue such instructions as may be necessary in order to protect the trial of this case, and for such other relief, general and special, legal and equitable, to which it may be justly entitled.

                                              Respectfully submitted,

                                              *//s// Osborne J. Dykes, III*
                                              Osborne J. Dykes, III
                                              Benjamin M. Vetter
                                              FULBRIGHT & JAWORSKI L.L.P.
                                              370 Seventeenth Street, Suite 2150
                                              Denver, CO  80202
                                              (303) 801-2700 – Phone / (303) 801-2777 – Fax
                                              jdykes@fulbright.com
                                              bvetter@fulbright.com

Paul Trahan
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX  78701
(512) 474-5201 – Phone / (512) 536-4598 – Fax
ptrahan@fulbright.com

**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2010, I electronically filed the foregoing **PLAINTIFF GRANITE SOUTHLANDS TOWN CENTER LLC'S MOTION IN LIMINE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to attorneys for the remaining parties at the following e-mail addresses:

Stuart N. Bennett
Steven R. Kabler
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, Colorado 80202
sbennett@joneskeller.com
skabler@joneskeller.com

*Attorneys for Alberta Town Center, LLC*

Stephen L. Waters
Kimberly A. Bruetsch
ROBINSON WATERS & O'DORISIO, P.C.
1099 18th Street, Suite 2600
Denver, Colorado 80202
swaters@rwolaw.com
kbruetsch@rwolaw.com

*Attorneys for Land Title Guarantee*

Allen B. Diamond
Amos B. Elberg
DIAMOND MCCARTHY LLP
620 Eighth Avenue, 39th Floor
New York, New York 10018
adiamond@diamondmccarthy.com
aelberg@diamondmccarthy.com

Reda M. Hicks
DIAMOND MCCARTHY LLP
909 Fannin Street, Suite 1500
Houston, Texas 77010
rhicks@diamondmccarthy.com

*Attorneys for Donald G. Provost and Peter M. Cudlip*

/s/ Osborne J. Dykes, III
Osborne J. Dykes, III