IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER, LLC,

        Plaintiff

v.

ALBERTA TOWN CENTER, LLC, and
LAND TITLE GUARANTEE COMPANY,

        Defendants.

___

**DEFENDANT ALBERTA TOWN CENTER LLC'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*** 
___

Defendant, Alberta Town Center, LLC, by and through its attorneys, Jones & Keller, P.C., hereby submits its Response in Opposition to Plaintiff's Motion *in Limine*:

## INTRODUCTION

Plaintiff seeks pretrial rulings on sixteen issues. For purposes of this Response, each issue is referred to by the numbered paragraph in which it is raised in Plaintiff's Motion. Plaintiff has not identified the specific evidence it wishes excluded, has not cited any authority for its positions, or explained why such evidence should be excluded. Moreover, the Plaintiff asks that the Court preclude admissible evidence and preclude proper arguments of counsel. As a result, the Court should deny Plaintiff's Motion *in Limine* and reserve ruling on all issues addressed therein until trial. Defendant opposes the relief sought by Plaintiff for the reasons set forth below.

{JK00226670.1 }

**ARGUMENT**

**1. Standards for Motions *in Limine*.**

"A motion *in limine* allows the trial court to consider the exclusion of evidence which may be logically, but not legally, relevant." *Good v. A. B. Chance Co.*, 565 P.2d 217, 221 (Colo. App. 1977). "As a procedural matter, the movant should identify the particular evidence at issue and articulate with specificity the arguments supporting the position that the particular evidence is inadmissible on any relevant ground." *United States v. Cline*, 188 F. Supp. 2d 1287, 1292 (D. Kan. 2002), *aff'd*, 349 F.3d 1276 (10th Cir. 2003). The Court "may deny a motion *in limine* when it 'lacks the necessary specificity with respect to the evidence to be excluded'." *In re Hardesty*, 242 B.R. 712, 714 (D. Kan. 1999) citing *National Union v. L.E. Meyers Co. Group*, 937 F.Supp. 67, 69 (N.D. Ill. 1994).

As with any other motion, the moving party must offer legal support for its motion. "A party's failure to cite any authority 'suggests either that there is no authority to sustain its position or that it expects the court to do its research'." *Flores v. Astrue*, 246 F. App'x. 540, 543 (10th Cir. 2007), citing *Rapid Transit Lines, Inc. v. Wichita Developers, Inc.*, 435 F.2d 850, 852 (10th Cir.1970); *see also Quick v. Frontier Airlines, Inc.*, 544 F. Supp. 2d 1197, 1208 (D. Colo. 2008). Plaintiff has failed to cite legal authority for any of the matters on which it seeks a pre-trial evidentiary ruling. On this basis alone, the Court should deny Plaintiff's Motion.

**2. Plaintiff's Issues 3, 6-8, 11-13 and 15.**

Plaintiff's items 3, 6, 7, 8, 11, 12, 13, and 15 are generic statements of proper trial conduct to which the Defendant does not object. None of these matters, however, involve exclusion of evidence, but rather seek to regulate the conduct of the attorneys at trial.

Consequently, they are not proper subjects for an evidentiary motion *in limine*. The Court should deny the Plaintiff's Motion *in Limine* with respect to issues 3, 6, 7, 8, 11, 12, 13, and 15, and address such issues only if they arise at trial.

### 3. Plaintiff's Issue 1: Reference to Party's Net Worth or Relative Wealth.

When interpreting a contract, the Court "may consider the facts and circumstances attending its execution, so as to learn the intentions of the parties and carry out their intent." *Cherokee Metro. Dist. v. Simpson*, 148 P.3d 142, 146 (Colo. 2006). The "facts and circumstances" surrounding the execution of a contract include the degree of sophistication of the parties. *See e.g.*, *Bd. of County Com'rs of Adams County v. City & County of Denver*, 40 P.3d 25, 29-30 (Colo. Ct. 2001); *Nelson v. Elway*, 908 P.2d 102, 107 (Colo. 1995). Where "sophisticated parties who are represented by counsel have consummated a complex transaction and embodied the terms of that transaction in a detailed written document, it would be improper for [a] court to rewrite that transaction by looking to evidence outside the four corners of the contract to determine the intent of the parties." *Nelson*, 908 P.2d at 107. Within the context of this case, one measure of sophistication is Plaintiff's financial dealings.

The Defendant does not anticipate offering any evidence at trial as to the "net worth" or "relative wealth" of Plaintiff. Instead, if the Court is to consider the sophistication of the parties, the monetary value of the transactions in which they have been involved is evidence of the parties' sophistication and experience. Additionally, evidence that Plaintiff and its principals manage $3 billion in real estate and are owned by a company that manages over $1.3 trillion in assets is evidence of its sophistication and experience, but does not reflect the Plaintiff's "net worth." Thus, although the "financial worth" of either party may be properly excluded, evidence

of Plaintiff's experience as a sophisticated real estate investor and asset manager is admissible. To the extent that Plaintiff's motion to exclude evidence of "net worth" or "relative wealth" can be construed to seek exclusion of the parties' sophistication and experience, it should be denied.

### 4. Plaintiff's Issue 2:   Condition of the Colorado Cinema after March 1, 2009.

Plaintiff's Issue 2 seeks to exclude evidence of the condition of the Colorado Cinema building after March 1, 2009. (Motion, p. 2, ¶ 2).   Plaintiff has not indicated why this evidence should be excluded.  Evidence that the Cinema has never made a demand on Plaintiff to repair the Cinema building may be relevant to the interpretation of the tenant estoppel certificate at issue, and the Cinema's lease if the Court deems these documents ambiguous.  The relevance and admissibility of this evidence will depend on the purpose for which it is offered and the Court's rulings with respect to the ambiguity of the relevant documents.  As a result, the Court should deny Plaintiff's Motion and make appropriate rulings at trial.

### 5. Plaintiff's Issue 4:   Settlement Negotiations and Statements.

Plaintiff's Issue 4 appears to be an improper attempt to expand the scope of Fed. R. Evid. 408.  (Motion, p. 2, ¶4).  Rule 408 precludes settlement offers and statements made during negotiations "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through prior inconsistent statement or contradiction."  Fed. R. Evid. 408(a).  Plaintiff's Motion would preclude any settlement or negotiation evidence regardless of the purpose for which it is offered.  Rule 408 permits "settlement and negotiation" evidence where it is not otherwise prohibited, including when used to establish bias or prejudice.   The Court should deny Plaintiff's request for an order precluding

evidence of "any negotiations, offers or demands" related to settlement, and make rulings at trial as dictated by Rule 408.

6. **Plaintiff's Issue 5:  Evidence of Discovery Disputes and Rulings.**

Plaintiff has requested that the Court preclude any reference to "discovery disputes" "or the Court's rulings thereon."  (Motion, p. 2, ¶ 5).  An examination of the Court's docket in this matter shows that the parties have filed no motions to compel and no contested motions for protective orders, and the Court has not issued any orders with respect to any discovery disputes.  Consequently, the Defendant is unable to determine the evidence to which this portion of Plaintiff's Motion is applicable.  The Court should deny this Motion because Plaintiff is unable to identify the evidence it wants excluded.  The Court should not rule on the admissibility of any such evidence unless the matter is raised at trial.

7. **Plaintiff's Issue 9:  Requests to Produce Documents, or to Inspect Files and Briefcases.**

Plaintiff requests that the Court preclude any request or demand that opposing counsel, any party or witness, produce any document or turn over or allow inspection of the contents of any file or briefcase.  This request is directed at a hypothetical situation that may or may not occur at trial.  As a result, the precise facts under which such a scenario may arise cannot be known and the motion is too indefinite to grant.  Thus, Court should not issue any ruling on this request and address the issue only if the matter is raised at trial.

8. **Plaintiff's Issue 10:  Occupation or Financial Status.**

Plaintiff's Issue 10 requests exclusion of any argument that a party should be treated differently based on a number of factors, including occupation and financial status.  In the present case, the jury may properly consider the parties' occupations and financial status as

evidence of the parties' sophistication and experience.  As discussed above, the parties' sophistication and business experience are relevant factors which may impact the outcome of this matter.   Because occupation and financial status may be relevant to the parties' sophistication and experience, the parties should be free to argue that the jury should treat the parties differently based on these factors.  The Court should address any such arguments, if raised, within the context of Fed. R. Evid. 402 and 403, and should not make any pre-trial ruling excluding arguments related to occupation or relative financial worth as it relates to the parties' sophistication and experience.

### 9. Plaintiff's Issue 14:  Arguments Regarding Impact of Jury Findings.

Plaintiff requests that the Court preclude the parties from any "argument that a finding or failure to find in response to a particular jury question will, or will not result in a judgment favorable to any party" should be denied.  (Motion, p. 3, ¶14).  The requested order would preclude Defendant's counsel from arguing to the jury that Plaintiff's inability prove any one element of its claim must result in a verdict in the Defendant's favor.  In short, it precludes either party from asking the jury to rule in its favor.  The Court should deny this portion of Plaintiff's Motion and address any objections as necessary at trial.

### 10. Plaintiff's Issue 16:  Objections on Failure to Disclose in Pre-Trial Discovery.

Here, Plaintiff requests an order precluding objections to surprise evidence within the presence of the jury.  This non-specific motion is addressed to a hypothetical situation which, if it occurs at all, would be fact specific.  The Court should not enter any pre-trial order on this matter, and should reserve any ruling on this issue until trial.

## CONCLUSION

Defendant Alberta Town Center, LLC requests that the Court deny Plaintiff's Motion *in Limine* and should not rule on any of the issues raised therein unless necessary at trial.

DATED: January 4, 2011.

Respectfully submitted,

*s/ Stuart N. Bennett*
Stuart N. Bennett
**JONES & KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone: (303) 573-1600
Fax: (303) 573-8133
E-mail: sbennett@joneskeller.com
Attorneys for Defendant Alberta Town Center, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | | |
|---|---|---|
| *Attorneys for Plaintiff & Counter Defendant Granite Southlands Town Center, LLC* | jdykes@fulbright.com<br>bvetter@fulbright.com | Osborne J. Dykes, III<br>Benjamin M. Vetter<br>Fulbright & Jaworski LLP<br>370 – 17th Street, Suite 2150<br>Denver, CO   80202 |
| *Attorneys for Plaintiff & Counter Defendant Granite Southlands Town Center, LLC* | ptrahan@fulbright.com | Paul Trahan<br>Fulbright & Jaworski LLP<br>600 Congress Avenue, Suite 2400<br>Austin, TX  78701 |
| *Defendant Land Title Guarantee Company* | kbruetsch@rwolaw.com | Kimberly A. Bruetsch<br>Robinson, Waters & O'Dorisio PC<br>1099 – 18th Street, 26th Floor<br>Denver, CO   80202 |

And I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner indicated by the non-participant's name:    NONE

*s/   Stuart N. Bennett*
Stuart N. Bennett
Attorneys for Defendant Alberta Town Center, LLC
Jones & Keller, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone:        303-573-1600
Fax:                   303-573-8133
E-mail:              sbennett@joneskeller.com
