IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC AND
LAND TITLE GUARANTEE COMPANY,

    Defendants.

## PLAINTIFF GRANITE SOUTHLANDS TOWN CENTER LLC'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE RE: ALLEGED CONSTRUCTION DEFECTS

Comes now, Granite Southlands Town Center LLC ("Granite"), plaintiff, and submits this Response to Defendant's Motion in Limine Re: Alleged Construction Defects ("Motion Re: Defects").

Defendant Alberta Town Center, LLC ("Alberta") moves this Court to exclude evidence that the defect underlying the Cinema portion of the Property is reflected in similar defects underlying numerous other buildings in the Property. Alberta argues that evidence of the condition of the entire Property other than the Cinema portion is irrelevant to Granite's claim in this case. Motion Re: Defects, at ¶ 3.

In denying Alberta's Motion for Summary Judgment, however, Judge Weinshienk ruled that the condition of the Property is "not necessarily immaterial" to Granite's claim. Dkt. #107, at pp. 9 and 11. Furthermore, at issue in this litigation is whether defects in the Cinema portion of the Property were "material." As Judge Weinshienk stated, "[t]he ordinary meaning of

85886909.1

"material" is "having real importance or great consequences." Dkt. #107, at p. 10. Evidence of similar, related, and wide-spread defects in the rest of the Property may be relevant to show that the defects in the Cinema portion were "material."

Alberta further argues that the probative value of evidence of construction defects at other buildings on the Property is substantially outweighed by the danger of unfair prejudice, would likely confuse the issues and mislead the jury. Motion Re. Defects, at ¶ 3. These arguments are not persuasive. As the Tenth Circuit has noted, "Evidence is not unfairly prejudicial . . . simply because it is damaging to an opponent's case. To be unfairly prejudicial, the evidence must have an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Therrien v. Target Corp.*, 617 F.3d 1242, 1255–56 (10th Cir. 2010). Indeed, "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." *U.S. v. Smalls*, 605 F.3d 765, 787 (10th Cir. 2010); *Mendelsohn v. Sprint/United Management Co.*, 466 F.3d 1223, 1231 (10th Cir. 2006); *U.S. v. Roberts*, 88 F.3d 872, 880 (10th Cir. 1996). Alberta has not shown that evidence of construction defects at other buildings has an "undue tendency to suggest decision on an improper basis." Moreover, Alberta has not demonstrated why the Court should take extraordinary measures to exclude evidence prior to trial when the Court can more easily rule on these very same issues with the benefit of argument and evidence in the context of trial.

Alberta has similarly alleged but failed to explain how evidence of construction defects at other buildings on the Property may confuse the issues or mislead the jury. *See, e.g.*, *U.S. v. Leonard*, 439 F.3d 648, 653 (10th Cir. 2006) (upholding admission of evidence over objection where defendant failed to explain how admission would confuse the jury). Alberta has not

85886909.1

-2-

carried its burden of demonstrating that the evidence Alberta seeks to exclude from consideration by the jury satisfies this high standard.

Granite respectfully requests that the Court deny Defendant's Motion in Limine Re: Alleged Construction Defects.

DATED: January 4, 2011.

        Respectfully submitted,

        *s/Benjamin M. Vetter*
        OSBORNE J. DYKES, III
        BENJAMIN M. VETTER
        FULBRIGHT & JAWORSKI L.L.P.
        370 Seventeenth Street, Suite 2150
        Denver, CO  80202
        (303) 801-2700 – Telephone
        (303) 801-2777 – Facsimile
        jdykes@fulbright.com
        bvetter@fulbright.com

        PAUL TRAHAN
        FULBRIGHT & JAWORSKI L.L.P.
        600 Congress Avenue, Suite 2400
        Austin, TX  78701
        (512) 474-5201 – Telephone
        (512) 536-4598 – Facsimile
        ptrahan@fulbright.com

        **COUNSEL FOR PLAINTIFF**

-4-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 4, 2011, a true and correct copy of the foregoing **Response to Defendant's Motion in Limine Re: Alleged Construction Defects** was served upon all counsel of record via U. S. first class mail and via email as follows:

Stephen L. Waters
Kimberly A. Bruetsch
Robinson Waters & O'Dorisio, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
swaters@rwolaw.com
kbruetsch@rwolaw.com
*Attorneys for Land Title Guarantee*


Stuart N. Bennett
Lindquist & Vennum, P.L.L.P.
600 – 17th Street, Suite 1800 – South
Denver, CO 80202
sbennett@lindquist.com
*Attorneys for Alberta Town Center, LLC*


*s/Chris Allen*
Chris Allen

85886909.1
-4-