IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC AND
LAND TITLE GUARANTEE COMPANY,

    Defendants.

## PLAINTIFF GRANITE SOUTHLANDS TOWN CENTER LLC'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE RE: IRRELEVANT EXHIBITS

Comes now, Granite Southlands Town Center LLC ("Granite"), plaintiff, and submits this Response to Defendant's Motion in Limine Re: Irrelevant Exhibits (Motion Re: Exhibits).

In its Motion Re: Exhibits, Defendant Alberta Town Center, LLC ("Alberta") asks that the Court exclude 113 of the 120 exhibits offered by Plaintiff. On December 22, 2010, however, the Court instructed "counsel to mark and file uncontested exhibits in CM/ECF. **Any contested exhibits should be marked and will be ruled upon at trial.**" Dkt. #157 (emphasis added). Contrary to the Court's order, Alberta is now asking the Court to rule on contested exhibits prior to trial. As the Court has already indicated it will make these rulings at trial, the Motion Re: Exhibits should be denied.

If, however, the Court decides to consider the Motion Re: Exhibits, Granite submits that the offered exhibits are relevant and do not implicate Fed. R. Evid. 403.

85886863.1

The vast majority of these 113 exhibits relate to the condition of the Property and Alberta's knowledge of and concern about defects on the Property.  Potentially at issue in this litigation is whether the changes made by the Cinema to the required estoppel form were "material and adverse."  Because the changes to the form were made based on the condition of the Property, the condition of the Property may be relevant to Granite's case.  Alberta's knowledge of and response to the defects may also be relevant to show materiality.  In denying Alberta's Motion for Summary Judgment, Judge Weinshienk has recognized the importance of the condition of the Property. Dkt. #107, at pp. 9 and 11.  Plaintiff's Exhibits 25–27, 38–45, 47–62, 64–66, 69, 88–90, 96, 103, 105, 107–108, 115. relate to the condition of the Property and are therefore highly relevant to this case.  Whether these documents will be used at trial will depend on what defenses Alberta finally asserts and cannot be determined by Granite or the Court in advance of trial.

Some of the exhibits may also be relevant as to Granite's defense to Alberta's true-up claim.  Pl.'s Exs. 70–82, 85–86, 97, 101–119.  These documents may or may not be used at trial depending on whether Alberta chooses to assert that claim and cannot be determined by Granite in advance of trial.  Other exhibits relate to the estoppel rejection dispute at the heart of this matter or to the escrowed funds that were interpleaded in this matter.  Pl.'s Exs. 21–22, 28–29, 31–37, 67, 95, 98–100, 115.

Additionally, Alberta now asks that the Court exclude exhibits to which it previously stipulated.  Dkt. #126, Pl.'s Exs. 10, 18, 21, and 22.  Alberta even asks the Court to exclude as irrelevant portions of the very contract that is being sued upon (Pl.'s. Exs. 2–16, 46), as well as exhibits of later contracts between the parties regarding the same or related subject matter (Pl.'s

85886863.1

Exs. 19–20).  Motion Re: Exhibits, at ¶ 3.  Granite submits that these contracts and amendments may be relevant and important documents in the case.

In a perfunctory statement, Alberta claims that the relevance of all of these exhibits is outweighed by the danger of confusing the issues, waste of time, or undue delay.[1]  Alberta provides no explanation of how confusion would arise or what waste or delay might occur.  These exhibits are highly relevant and are not likely to cause confusion, waste, or delay.

Granite respectfully requests that the Court deny Defendant's Motion in Limine Re: Irrelevant Exhibits.

DATED: January 4, 2011.

---

[1] This is an incorrect statement of Fed. R. Evid. 403 which requires that the relevance be *substantially* outweighed by a listed danger.

85886863.1

Respectfully submitted,

   s/Benjamin M. Vetter
OSBORNE J. DYKES, III
BENJAMIN M. VETTER
FULBRIGHT & JAWORSKI L.L.P.
370 Seventeenth Street, Suite 2150
Denver, CO  80202
(303) 801-2700 – Telephone
(303) 801-2777 – Facsimile
jdykes@fulbright.com
bvetter@fulbright.com

PAUL TRAHAN
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX  78701
(512) 474-5201 – Telephone
(512) 536-4598 – Facsimile
ptrahan@fulbright.com

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 4, 2011, a true and correct copy of the foregoing **Response to Defendant's Motion in Limine Re: Irrelevant Exhibits** was served upon all counsel of record via U. S. first class mail and via email as follows:

    Stephen L. Waters
    Kimberly A. Bruetsch
    Robinson Waters & O'Dorisio, P.C.
    1099 18th Street, Suite 2600
    Denver, CO 80202
    swaters@rwolaw.com
    kbruetsch@rwolaw.com
    *Attorneys for Land Title Guarantee*

    Stuart N. Bennett
    Lindquist & Vennum, P.L.L.P.
    600 – 17th Street, Suite 1800 – South
    Denver, CO 80202
    sbennett@lindquist.com
    *Attorneys for Alberta Town Center, LLC*

    *s/Chris Allen*
    Chris Allen