IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC AND
LAND TITLE GUARANTEE COMPANY,

    Defendants.

## PLAINTIFF GRANITE SOUTHLANDS TOWN CENTER LLC'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE RE: PAROL EVIDENCE OF CONTRACT INTERPRETATION

    Comes now, Granite Southlands Town Center LLC ("Granite"), plaintiff, and submits this Response to Defendant's Motion in Limine Re: Parol Evidence of Contract Interpretation (Motion Re: Parol Evidence).

    In its Motion Re: Parol Evidence, Defendant Alberta Town Center, LLC ("Alberta") asks the Court to rule on a hypothetical issue of law. Alberta does not identify any particular evidence it wants excluded. Nonetheless, Alberta has asked the Court to exclude hypothetical, unidentified evidence regarding the "meaning and interpretation of the FPSA [Forward Purchase and Sale Agreement]." Dkt. # 159 at ¶ 1.

    Alberta's motion suggests that this case turns solely on the "interpretation" of the FPSA; however, Alberta has signaled that it also intends to rely heavily on the Colorado Cinema lease. *See, e.g.*, Dkt. # 75 at p. 9–10. Ambiguities may very well exist with respect to the joint reading of these documents. That issue has not yet been addressed by the Court, and there is no

85886539.2

legitimate reason to address the issue without the full benefit of evidence that will be presented at trial. It does not make sense to ask the Court to rule on this issue in a vacuum.

Moreover, Granite cannot adequately respond to Alberta's Motion Re: Parol Evidence because Alberta does not identify the parol evidence Alberta seeks to exclude. The parties agree that in Colorado "[t]he parol evidence rule generally precludes the admission of 'evidence of contemporaneous conversations, representations, or statements *offered for the purpose of varying or adding to the terms of an integrated contract.*'" *Simplot v. Chevron Pipeline Co.*, 563 F.3d 1102, 1109 (10th Cir. 2009) (emphasis added). Even if no ambiguity exists, there are exceptions to the parol evidence rule. *Boyer v. Karakehian*, 915 P.2d 1295, 1300 (Colo. 1996). Whether any exceptions apply may very well depend on the evidence and argument presented at trial.

For example, "parol evidence is admissible to explain or supplement the terms of an agreement." *Cheyenne Mountain Sch. v. Thompson*, 861 P.2d 711, 715 (Colo. 1993); *see also In re Parsons*, 272 B.R. 735, 754 (Colo. 2001). Parol evidence is admissible "to demonstrate that a written agreement did not become binding because an agreed upon condition precedent did not occur." *Boyer*, 915 P.2d at 1300. Nor does "the parol evidence rule . . . bar admission of oral representations which are not inconsistent with the terms of the final written instrument and are not of the type that one would necessarily expect to be incorporated into the final agreement," *Boyer*, 915 P.2d at 1299. Parol evidence is also admissible to prove "fraud, accident, or mistake in the formation of the contract." *Boyer*, 915 P.2d at 1299. Furthermore, courts have noted that it is often necessary to review parol evidence to determine <u>whether or not an ambiguity exists</u>. *Prof'l Solutions Ins. Co. v. Mohrlang*, 2008 WL 4426016, at *1 (D. Colo. Sept. 25, 2008) (citing *Highwoods Properties. v. Exec. Risk*, 407 F.3d 917 (8th Cir. 2005) (emphasis added).

Because Alberta has not alleged any specific evidence it wants excluded and because neither Granite nor the Court have the benefit of the argument and evidence that will be presented at trial, it is impossible at this juncture to determine whether the unidentified "parol evidence" is appropriately admissible under an exception to the parol evidence rule or for any other reason.  *See, e.g.*, *Black v. M & W Gear Co.*, 269 F.3d 1220, 1230 (10th Cir. 2001).

Granite respectfully requests that the Court deny Defendant's Motion in Limine Re: Parol Evidence of Contract Interpretation and reserve any rulings on parol evidence for trial.

DATED: January 4, 2011.

                    Respectfully submitted,

                    *s/Benjamin M. Vetter*
                    OSBORNE J. DYKES, III
                    BENJAMIN M. VETTER
                    FULBRIGHT & JAWORSKI L.L.P.
                    370 Seventeenth Street, Suite 2150
                    Denver, CO  80202
                    (303) 801-2700 – Telephone
                    (303) 801-2777 – Facsimile
                    jdykes@fulbright.com
                    bvetter@fulbright.com

                    PAUL TRAHAN
                    FULBRIGHT & JAWORSKI L.L.P.
                    600 Congress Avenue, Suite 2400
                    Austin, TX  78701
                    (512) 474-5201 – Telephone
                    (512) 536-4598 – Facsimile
                    ptrahan@fulbright.com

                    **COUNSEL FOR PLAINTIFF**

-4-

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 4, 2011, a true and correct copy of the foregoing **Response to Defendant's Motion in Limine Re: Parol Evidence of Contract Interpretation** was served upon all counsel of record via U. S. first class mail and via email as follows:

> Stephen L. Waters
> Kimberly A. Bruetsch
> Robinson Waters & O'Dorisio, P.C.
> 1099 18th Street, Suite 2600
> Denver, CO 80202
> swaters@rwolaw.com
> kbruetsch@rwolaw.com
> *Attorneys for Land Title Guarantee*
>
> Stuart N. Bennett
> Lindquist & Vennum, P.L.L.P.
> 600 – 17th Street, Suite 1800 – South
> Denver, CO 80202
> sbennett@lindquist.com
> *Attorneys for Alberta Town Center, LLC*

                                           *s/Chris Allen*
                                           Chris Allen