**EXHIBIT A.**

Gran001.d

Instruction No. \_\_\_\_

The Court will now explain the claims and defenses of each party to the case and the law governing the case. Please pay close attention to these instructions. These instructions include both general instructions and instructions specific to the claims and defenses in this case. You must consider all the general and specific instructions together. You must all agree on your verdict, applying the law, as you are now instructed, to the facts as you find them to be.

The parties to this case are: Granite Southlands Town Center LLC, the Plaintiff, and Alberta Town Center LLC, the Defendant.

The Plaintiff claims:

Alberta admits that under the terms of the written agreements between Granite and Alberta that Alberta was obligated to deliver to Granite on or before March 1, 2009, estoppel certificates from tenants of the shopping center. Estoppel certificates were required from tenants occupying more than 75% of the leased square footage of the shopping center. It is not disputed that Alberta complied with this requirement. Estoppel certificates were also required from all tenants occupying more than 10% of the total rentable square feet of the center. There was only one tenant who occupied more than 10% of the total rentable square feet of the center. That tenant was the Colorado Cinema.

Alberta provided an estoppel certificate from the Colorado Cinema which Alberta claims complied with the requirements of the parties' contract and is an "Approved Tenant Estoppel Certificate" as defined by the parties' contract. Alberta claims that Granite's objections to the Colorado Cinema estoppel certificate were neither timely nor appropriate under the contract. Therefore, Alberta claims that it fulfilled its obligations under the contract with Granite and Alberta is entitled to the $650,000 currently held in escrow.

These are the issues you are to decide.

CJI-Civ. 4th 2:1

Gran002.d

Instruction No. \_\_\_\_

A party has "substantially performed" or "substantially complied with" the terms of a contract if anything that was changed or not done according to the exact terms of the contract was minor, and the other party received substantially what he or she contracted for.

CJI-Civ. (4th Ed.) 30:9,

Gran003.d

Instruction No. \_\_\_\_\_

The statements or conduct of the parties before any dispute arose between them is an indication of what the parties intended at the time that the contract was formed.

To determine what the parties intended the terms of the contract to mean, you may also consider the language of the written agreement, the parties' negotiations of the contract, any earlier dealings between the parties, any reasonable expectations the parties may have had because of the promises or conduct of the other party, and any other facts and circumstances that existed at the time that the contract was formed.

CJI-Civ. 4th 30:12

Gran004.d

Instruction No. _____

Where there has been a "material" breach of contract, substantial performance has not been rendered. A breach that is material goes to essence of contract and renders substantial performance of contract impossible. To determine whether a breach is material you should consider: (1) the extent to which Plaintiff, absent the breach, would obtain a substantial benefit from the contract, and (2) the adequacy of compensation in damages.

CJI-Civ. (4th Ed.) 30:9, comment 5 and cases cited therein including, Interbank Inv. L.L.C. v. Vail Valley Consol. Water Dist., 12 P.3d 1224 (Colo.App. 2000); National Propane Corp. v. Miller, 18 P.3d 782 (Colo.App. 2000), cert. denied (2001). Accord Coors v. Security Life of Denver Ins. Co., 91 P.3d 393 (Colo.App. 2003), aff'd in part, rev'd in part on other grounds, 112 P.3d 59 (Colo. 2005).

Gran005.d

Instruction No. \_\_\_\_\_

Any dispute over the meaning of any unclear terms must be decided against the party who prepared the contract if the other party had no part in selecting the words written in the contract

CJI-Civ. (4th Ed.) 30:15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER, LLC,

        Plaintiff

v.

ALBERTA TOWN CENTER, LLC, and
LAND TITLE GUARANTEE COMPANY,

        Defendants.

---

**VERDICT FORM:**

**DEFENDANT ALBERTA TOWN CENTER, LLC'S CLAIM
AGAINST GRANITE SOUTHLANDS TOWN CENTER, LLC TO ENTITLEMENT TO
THE FUNDS ON DEPOSIT IN THE COURT'S REGISTERY**

---

      The Jury has found for Defendant Alberta Town Center, LLC and against Plaintiff Granite Southlands Town Center, LLC, on Defendant's claim to entitlement to the funds on deposit in the Court's Registry. We, the Jury, award to Defendant Alberta Town Center, LLC the entire amount of such funds in the amount of $650,000, together with any interest earned thereon against Plaintiff Granite Southlands Town Center, LLC on said claim.

DATED:_____, 2011

_____
Foreperson

{JK00233217.1 }