**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER, LLC,

      Plaintiff

v.

ALBERTA TOWN CENTER, LLC, and
LAND TITLE GUARANTEE COMPANY,

      Defendants.

_____

MOTION TO COMPEL ATTENDANCE OF JAY ALEXANDER AT TRIAL
_____

Defendant, Alberta Town Center, LLC ("Alberta"), by and through its attorneys, Jones & Keller, P.C., hereby submits its Motion to Compel Attendance of Jay Alexander as a witness at trial.

The undersigned hereby certifies that counsel for the parties have conferred by telephone about this motion and have been unable to reach agreement. Plaintiff opposes the relief requested herein.

## I.  INTRODUCTION

Alberta intends to call as an adverse witness for cross-examination at trial Jay Alexander. Mr. Alexander is a resident of New Jersey and is a managing director of BlackRock. BlackRock is the successor in interest to State Street Research Real Estate which has been the investment advisor to the Granite Property Fund. Plaintiff, Granite Southlands Town Center, is a subsidiary of Granite Property Fund. The Southlands Shopping Center owned by Plaintiff is one of the

{JK00235368.1 }

investments of the Granite Property Fund.  Mr. Alexander has testified on deposition that he had a "leadership role" with respect to Granite's strategy in acquiring the Southlands Shopping Center property.

Mr. Alexander is one of three BlackRock employees who have been characterized as having final say in the deal terms pursuant to which Plaintiff purchased the Southlands Shopping Center from Defendant.  The other two BlackRock employees are Christopher Silva and Andrew Piekarski.  Plaintiff listed Mr. Silva and Mr. Piekarski as "Will Call" witnesses and Mr. Alexander as a "May Call" witness at the time of the Pretrial Order entered in this case on July 12, 2010.  Mr. Silva apparently will appear for trial.  Mr. Piekarski will be unable to attend the trial because of his medical condition.  It is important that two of the three decision makers on the transaction with Defendant be present at trial of this case.

Despite Defendant's request of Plaintiff to make Mr. Alexander available at trial for cross-examination, Plaintiff has just advised Defendant that it refuses to produce him for trial.

## II.   ARGUMENT

Although Mr. Alexander resides outside of this judicial district and more than 100 miles from Denver, the Court may, nonetheless compel his attendance at the trial of this matter because Mr. Alexander is a managing agent of the Plaintiff, Granite Southlands Town Center, LLC. Given his role and position, Mr. Alexander is synonymous with Granite for the purposes of this lawsuit.  In similar circumstances, at least one other District Court within the Tenth Circuit has compelled such a witness to testify at trial.  *Mason v. Texaco, Inc.*, 741 F. Supp. 1472, 1504 (D. Kan. 1990) *aff'd and remanded,* 948 F.2d 1546 (10th Cir. 1991) ("Although Mr. Richards resides

more than 100 miles from this district, he is Texaco for purposes of this lawsuit, and thus a party to the action."). Most Federal Courts agree with this analysis.

A majority of federal courts "to interpret the interplay between Rule 45(b)(2)(B) and Rule 45(c)(3)(A)(ii) have found that Rule 45(c)(3)(A)(ii) permits service of a subpoena on a party or a party's officer beyond the 100-mile range that otherwise would serve as a bar." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 302 (S.D.N.Y. 2009); *Am. Fed'n of Gov't Employees, Local 922 v. Ashcroft,* 354 F.Supp.2d 909, 915 (E.D.Ark.2003) (holding that the majority of courts to address this issue have decided that the 100-mile rule is inapplicable to parties and party officers). *See also In re Vioxx Products Liab. Litig.*, 438 F. Supp. 2d 664, 667 (E.D. La. 2006).

Plaintiff may urge that Mr. Alexander is not an employee of the Plaintiff limited liability company. That Mr. Alexander is not technically an "officer" of Granite does not matter because the Court's power to compel witnesses extends to "managing agents" and employees of a party. See *Shawnee Holdings, Inc. v. Travelers Indem. Co. of Am*., 57 Fed. R. Serv. 3d 988 (M.D. Pa. 2004). The Court "may compel the trial testimony of parties, and where the party is a corporation or entity, the party's high-level employees or officers even when the person to be compelled resided beyond the 100-mile range for subpoenas." *Am. Fed'n of Gov't Employees, Local 922,* 354 F.Supp.2d at 915. Mr. Alexander's deposition testimony makes it clear that he is a managing agent and, in fact, one of three senior decision makers for the Plaintiff. The Court's power to compel a party's officers and representatives exists irrespective of Fed. R. Civ. P. 45, and the Court may compel a party to produce certain witnesses. See *United States v. Hitachi Am., Ltd.*, 20 C.I.T. 193, 194 (Ct. Int'l Trade 1996).

The Court should compel Mr. Alexander to testify at trial because he is the only representative of Granite to have knowledge concerning the origins of the transaction underlying the Plaintiff's claims.  Mr. Silva had no involvement with the Southlands Shopping Center until approximately 2007 and Mr. Pierkarski had none until approximately 2007 or 2008.  The contract terms in dispute arise from the original agreements entered into among the parties in September 2005.  Mr. Alexander has previously testified that one of these contracts governing the parties' relationship contains errors and, according to him, should not be read as written.  The credibility of the Plaintiff's claims is inextricably tied to Mr. Alexander's credibility and testimony.  Consequently, use of his deposition alone is insufficient at trial.

### III.   CONCLUSION

Based on the foregoing, the Court should order Plaintiff to present Mr. Alexander personally for cross-examination by Defendant at the trial of this case.

DATED:   February 9, 2011.

Respectfully submitted,

*s/   Stuart N. Bennett*
Stuart N. Bennett
**LINDQUIST & VENNUM, P.L.L.P.**
600 - 17th Street, Suite 1800 –South
Denver, CO 80202
Telephone:          (303) 573-5900
Fax:                     (303) 573-1956
E-mail:               sbennett@lindquist.com
Attorneys for Defendant Alberta Town Center, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | | |
|---|---|---|
| *Attorneys for Plaintiff & Counter Defendant Granite Southlands Town Center, LLC* | jdykes@fulbright.com<br>bvetter@fulbright.com | Osborne J. Dykes, III<br>Benjamin M. Vetter<br>Fulbright & Jaworski LLP<br>370 – 17th Street, Suite 2150<br>Denver, CO   80202 |
| *Attorneys for Plaintiff & Counter Defendant Granite Southlands Town Center, LLC* | ptrahan@fulbright.com | Paul Trahan<br>Fulbright & Jaworski LLP<br>600 Congress Avenue, Suite 2400<br>Austin, TX  78701 |
| *Defendant Land Title Guarantee Company* | kbruetsch@rwolaw.com | Kimberly A. Bruetsch<br>Robinson, Waters & O'Dorisio PC<br>1099 – 18th Street, 26th Floor<br>Denver, CO   80202 |

And I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner indicated by the non-participant's name:    NONE

> *s/   Stuart N. Bennett*
> Stuart N. Bennett
> Attorneys for Defendant Alberta Town Center, LLC
> Lindquist & Vennum P.L.L.P.
> 600 - 17th Street, Suite 1800 –South
> Denver, CO 80202
> Telephone:           303-573-5900
> Fax:                     303-573-1956
> E-mail:                 sbennett@lindquist.com