IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC AND
LAND TITLE GUARANTEE COMPANY,

    Defendants.

**PLAINTIFF GRANITE SOUTHLANDS TOWN CENTER LLC'S
RESPONSE TO ALBERTA TOWN CENTER, LLC'S MOTION
TO COMPEL ATTENDANCE OF JAY ALEXANDER AT TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Granite Southlands Town Center LLC ("Granite"), files this Response to Defendant Alberta Town Center, LLC's Motion to Compel Attendance of Jay Alexander at Trial.

**SUMMARY OF RESPONSE**

The Court should deny Alberta's Motion to Compel Attendance of Jay Alexander at Trial for the following reasons:

- Alberta did not identify Mr. Alexander on its witness list;
- Mr. Alexander does not possess information bearing on the issues to be decided at trial;
- Mr. Alexander's travel schedule will not permit him to attend trial; and
- No legal basis exists for compelling Mr. Alexander to attend trial.

85929059.2

**FACTS AND ARGUMENT**

Alberta's request that Jay Alexander attend trial came as a surprise, given that Mr. Alexander was not included on Alberta's witness list. In fact, Alberta did not include any Granite witnesses on its witness list. The witness lists were filed with the Court on July 12, 2010—almost seven months ago. Alberta did not mention the possibility of any Granite witnesses attending trial, either live or by deposition, until less than two weeks before trial.

Mr. Alexander's involvement in the development and purchase of the Southland Town Center was minimal, at a very high level, and limited to conceptual and strategic discussions at the front-end of the transaction during 2005. He did not participate in negotiating the forward Purchase and Sale Agreement that is the subject of the dispute to be decided at trial, and he did not participate in discussions relating to the Estoppel Certificates, the sufficiency of which is the primary question to be decided at trial. Consequently, Mr. Alexander does not possess any information on which any issue to be decided at trial turns. In fact, Defendant Alberta does not suggest otherwise in its Motion.

Moreover, Mr. Alexander's business travel schedule will not allow him to attend trial. Mr. Alexander leaves from New York Monday afternoon for an 8:00 meeting on Tuesday morning in Tallahassee, Florida. Immediately following that meeting, Mr. Alexander is scheduled to travel to San Francisco and then drive to Sonoma County for a meeting that begins at 10:00 a.m. on Wednesday morning. After that meeting, Mr. Alexander travels back to San Francisco for a meeting with a client at noon on Thursday. Each of these meetings is a board meeting with a BlackRock investor, and each of these meetings has been on Mr. Alexander's

calendar for a great deal of time, months in advance. For example, for the meeting in Florida, he is meeting with the board of an investor that only meets one or two times per year.

Finally, there is no basis to compel Mr. Alexander to attend trial. Mr. Alexander is the managing director for BlackRock Realty Advisors, which is the investment manager to Granite Southlands Town Center LLC. He lives and works in and near New York City. Other than occasional business trips, and perhaps vacations, he does not travel to Colorado. Alberta's attempts to disregard these facts are misguided and unpersuasive.

No legal basis exists for compelling Mr. Anderson to attend trial, as no witness may be compelled to appear before court without a subpoena properly served under rule Fed. R. Civ. P. 45(b). Alberta cites authority that the "interplay between Rule 45(b)(2)(B) and Rule 45(c)(3)(A)(ii)" extends the Court's subpoena power to a party or party's officer "beyond the 100-mile range that otherwise would serve as a bar." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 302 (S.D.N.Y. 2009). This more expansive view of the subpoena power has been deemed by other authority to create a "scheme of nationwide subpoena service, if only on parties, [that] would have the effect of rendering Rule 45(b)(2) pointless with respect to parties and party officers." *Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 218 (E.D. La. 2008). For a subpoena to "be properly served and have force," it must be served within the restrictions of Fed. R. Civ. P. 45(b)(2). *Id.* at 218; *see also Armenian Assembly of Am., Inc. v. Cafesjian*, 2010 U.S. Dist. LEXIS 112601, *10 (D.D.C. Oct. 22, 2010) ("The fact that [Rule 45(c)(3)(A)(ii)] does not confer the same protections on party witnesses does not mean, however, that Rule 45(c)(3)(A)(ii) was intended *sub silentio* to expand the territorial reach

of the courts' subpoena power over party witnesses."). Alberta's view impermissibly stretches the boundaries of the Court's subpoena power, and Mr. Alexander may not be properly compelled to appear until he is served with a subpoena within the boundaries defined by Fed. R. Civ. P. 45(b).

Even under Alberta's view of a more expansive subpoena power, however, Mr. Alexander may not be compelled to appear because he is neither a party nor a party's officer. Alberta's characterization of Mr. Alexander as tantamount to a party under *Mason v. Texaco, Inc.*, 741 F. Supp. 1472 (D. Kan. 1990) *aff'd and remanded*, 948 F.2d 1546 (10th Cir. 1991), is misleading when applied here. In *Mason*, the witness deemed to be "Texaco for purposes of this lawsuit" was both an employee and a "key witness" by the court's own description. *Mason*, 741 F. Supp. at 1503. Mr. Alexander cannot be considered a key witness for the purposes of this lawsuit, as he does not possess information bearing on the issues to be decided. Neither is he an employee of Granite as the witness in *Mason* was an employee of Texaco. *Id.* Moreover, an executive more knowledgeable of the issues involved in this trial than Mr. Alexander will in fact appear to testify. The comparison with *Mason* is therefore inapt, and Mr. Alexander is not synonymous with Granite for the purposes of this lawsuit.

Nor is Mr. Alexander a party's officer. Mr. Alexander is associated with BlackRock Realty Advisors and is not an officer within Granite Southlands Town Center, LLC. In fact, Granite does not have the power to compel Mr. Alexander to come to Denver. Alberta nonetheless attempts to cast Mr. Alexander as an officer or uses the more tenuous designation "managing agent," which it asserts falls within its broader subpoena scheme. But numerous

courts, including one within the Tenth Circuit, have more narrowly construed Fed. R. Civ. P. 45(c)(3) to apply to parties and party's officers. *See Guidance Endodontics, LCC v. Dentsply Int'l, Inc.*, 2009 U.S. Dist. LEXIS 101913, *6 (D.N.M. Sept. 29, 2009) ("The Court would therefore be forced to quash the subpoena as soon as it issued because the employees referenced by Guidance are not officers of the Defendants."); *Seiter v. Yokohama Tire Corp.*, 2009 U.S. Dist. LEXIS 106395, *3 (W.D. Wash. Nov. 3, 2009) ("Subpoenas served on individuals, such as Mr. Kessing [a corporate representative], who are not corporate officers and who reside outside the geographic scope of Rule 45, must be quashed."); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas.*, 262 F.R.D. 293, 302 (S.D.N.Y. 2009) ("[T]his Court declines to classify non-officer employees as 'parties' for purposes of evading the clear language of Rule 45(c)(3)(A)(ii)."). Thus even under Alberta's own interpretation of the court's subpoena powers, Mr. Alexander may not be compelled to appear, as he is neither a party nor a party's officer.

Alberta also suggests that Fed. R. Civ. P. 45 is unnecessary to compel witness appearance. Other authority, however, dictates that "[t]he way to test whether a witness is beyond a federal court's power to hale him into court is to issue a subpoena under Rule 45(a)." *McGill v. Duckworth*, 944 F.2d 344, 354 (7th Cir. 1991). Relying on other means to compel witness attendance outside of the court's subpoena power would render the boundaries within Fed. R. Civ. P. 45 "meaningless." *Id.* Alberta cites *United States v. Hitachi Am., Ltd.*, 20 C.I.T. 193, 194 (Ct. Int'l Trade 1996), to assert the court's power to compel the appearance of a party's officers and representatives irrespective of Fed. R. Civ. P. 45. Not only is this principle at odds with *McGill*, but *Hitachi* is misleading when applied to the circumstances of this case. The

ruling in *Hitachi* was influenced by the defendants' argument that the court had "no power to enforce the service of subpoenas on foreign citizens in foreign countries."  *Hitachi*, 20 C.I.T. at 193.  In ruling that the defendants had to present employees as witnesses, the court was "aware that discovery in this case has been extensive," and "thus any inference attaching to the failure of the witnesses to appear may be attenuated, diluted, or disposed of by presentation of such deposition testimony." *Id.* at 194.  Not only is the case at hand between domestic entities, but the circumstances in *Hitachi* do not address the burden that Fed. R. Civ. P. 45 protects against because the court did not anticipate the actual appearance of many of the compelled witnesses. The authority of *Hitachi* is therefore much more tenuous when applied to the case at hand, and the court's power to compel Mr. Alexander's appearance is properly circumscribed in the Fed. R. Civ. P.  Since the Court's power to compel does not apply to Mr. Alexander under any interpretation of the Fed. R. Civ. P. 45, Alberta is without legal basis in requesting his appearance at trial.

      Respectfully submitted,

      */s/ Osborne J. Dykes, III*
OSBORNE J. DYKES, III
BENJAMIN M. VETTER
FULBRIGHT & JAWORSKI L.L.P.
370 Seventeenth Street, Suite 2150
Denver, CO  80202
(303) 801-2700 – Telephone
(303) 801-2777 – Facsimile
jdykes@fulbright.com
bvetter@fulbright.com

PAUL TRAHAN
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX 78701
(512) 474-5201 – Telephone
(512) 536-4598 – Facsimile
ptrahan@fulbright.com

ATTORNEYS FOR PLAINTIFF GRANITE
SOUTHLANDS TOWN CENTER LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 11, 2011, a true and correct copy of the foregoing Granite Southlands Town Center LLC's Response to Alberta Town Center LLC's Motion to Compel Attendance of Jay Alexander at Trial was served upon all counsel of record via the CM/ECF system which will send notification of such filing to attorneys for plaintiffs at the following e-mail addresses:

Stephen L. Waters
Kimberly A. Bruetsch
Robinson Waters & O'Dorisio, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
swaters@rwolaw.com
kbruetsch@rwolaw.com
*Attorneys for Land Title Guarantee*

Stuart N. Bennett
Jones & Keller, P.C.
1999 Broadway, Suite 3150
Denver, CO 80201
E-mail: sbennett@joneskeller.com
*Attorneys for Alberta Town Center, LLC*

                                              */s/Susan Quinn*
                                              Susan Quinn