IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC AND
LAND TITLE GUARANTEE COMPANY,

    Defendants.

### PLAINTIFF GRANITE SOUTHLANDS TOWN CENTER LLC'S OBJECTIONS AND CROSS-DESIGNATIONS FOR ANDREW PIEKARSKI DEPOSITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW plaintiff Granite Southlands Town Center LLC ("Granite") and objects to designations from the Andrew Piekarski deposition as follows:

1. On February 9, 2011, five calendar days before trial, counsel for Defendant Alberta Town Center, LLC ("Alberta") notified Granite's counsel that Alberta proposes to offer at trial certain designated testimony from the deposition of Andrew Piekarski. Granite objects to such designations on the following grounds: (1) the designations are not timely, (2) the designations are not relevant; (3) Mr. Piekarski was not listed on Alberta's witness list in the Final Pretrial Order, and (4) Granite objects to certain portions of the testimony on the particular grounds set out below.

2. On July 6, 2009, the Court issued a Scheduling Order in this case requiring the parties to submit a Proposed Final Pretrial Order to the Court no later than five days before the pretrial conference to be held on July 12, 2010. Dkt. No. 21 at 10. Under the local rules, the Proposed Final Pretrial Order was to conform to Appendix G of the District of Colorado Local Rules of Practice. D.C.COLO.LCivR 26.1(B). Appendix G requires each party to disclose the witnesses it intends to or might call at trial. Thus, the deadline for disclosing witnesses under the Court's Scheduling Order was July 7, 2010. Even under the default Federal Rules, witnesses, including those to be called by deposition, must be disclosed no later than 30 days before trial. F. R. Civ. P. 26(a)(3)(A)–(B). Therefore, Alberta's disclosure of a witness it wishes to call by deposition is untimely.

3. On July 6, 2010, the parties submitted their Proposed Final Pretrial Order, each party separately listing those witnesses it intended to call or might call at trial. Dkt. No. 121. Alberta disclosed five witnesses. All five of those witnesses were related to Alberta in some way; Alberta did not indicate that it intended to or might call any witnesses related to Granite. In particular, Alberta did not list Mr. Piekarski on its witness list.

4. In an abundance of caution and to ensure that Granite had disclosed all witnesses that it might call at trial, Mr. Piekarski was listed, among others, on Granite's witness list attached to the Proposed Final Pretrial Order. Subsequently, Granite informed Alberta that there were several witnesses disclosed on Granite's witness list that it would not call at trial, including Mr. Piekarski. Granite has not attempted to add any witnesses to its list.

5. On February 9, 2011, five calendar days before trial, Alberta informed Granite that it intended to call Mr. Piekarski by deposition and provided to Granite its designations of testimony. This disclosure is untimely and Alberta should not be allowed to call Mr. Piekarski.

6. Alberta's designations contain no relevant evidence. Additional testimony, not designated by Alberta, explains why: Mr. Piekarski had no direct involvement in negotiating the agreement at issue (Piekarski Dep. 12/18–21) nor "in the acquisition of, or the entering into the agreement" at issue (Piekarski Dep. 6/20–24). *See*, Ex. 1, attached. Allowing Mr. Piekarski's testimony would add nothing to the resolution of this matter and would simply be a waste of time.

7. The portions of the testimony designated by Alberta and Granite's particular objections thereto (where applicable) are:

| Line/Page | Description of Testimony | Objection |
|---|---|---|
| 5/4-6 | | |
| 5/17-25 | | |
| 6/1-24 | | |
| 7/7 – 9/1 | BlackRock's investment strategy | Irrelevant |
| 12/18-21 | | |
| 14/16 – 15/19 | Characterization of written agreement ("as-is" provision) | Irrelevant; violates best evidence rule |
| 15/20 – 16/13 | BlackRock typical due diligence | Irrelevant, no personal knowledge |
| 17/15 – 18/1 | BlackRock procedures to oversee construction | Irrelevant, no personal knowledge |

| 20/23 – 21/11 | Characterization of written agreement ("No Disapproval Right" provision) | Irrelevant, calls for legal conclusion; violates best evidence rule |
|---|---|---|
| 21/16 – 22/3 | Witness has no special expertise to interpret agreement | Irrelevant |
| 24/5 – 25/9 | FPSA was collateral for loan | Irrelevant |
| 30/22 – 32/8 | Characterization of written agreement (assignment of contracts) | Irrelevant; violates best evidence rule |
| 34/7 – 35/2 | Materiality of modification | Incomplete (F.R.E. 106) [Granite has cross-designated the remaining relevant portion] |
| 53/11 – 54/16 | Estoppel certificate for another building, not Cinema | Irrelevant |
| 55/14 – 59/16 | Objections to other estoppel certificates, not Cinema | Irrelevant |
| 60/7 – 62/1 | Sufficiency of other estoppel certificates | Irrelevant, opinion testimony, not fact testimony |
| 85/21 – 89/10 | Fees charged by lender | Irrelevant |

8.  In the event the Court should permit the introduction of any of the above testimony, then Granite cross-designates the following testimony from the Piekarski deposition: 35/3 -39/6; 107/14–22, attached as Exhibit 2.

WHEREFORE, plaintiff Granite Southlands Town Center LLC asks that its objections to the Piekarski deposition testimony be sustained or, alternatively, that Granite be permitted to offer into evidence the portion of the Piekarski deposition beginning on page 35, line 3 and

continuing through page 39, line 6.  Plaintiff asks for such other and further relief to which it may show itself justly entitled.

DATED:  February 14, 2011.

                            Respectfully submitted,

                            */s/Osborne J. Dykes, III*
                            OSBORNE J. DYKES, III
                            BENJAMIN M. VETTER
                            FULBRIGHT & JAWORSKI L.L.P.
                            370 Seventeenth Street, Suite 2150
                            Denver, CO  80202
                            (303) 801-2700 – Telephone
                            (303) 801-2777 – Facsimile
                            jdykes@fulbright.com
                            bvetter@fulbright.com
                            PAUL TRAHAN
                            FULBRIGHT & JAWORSKI L.L.P.
                            600 Congress Avenue, Suite 2400
                            Austin, TX  78701
                            (512) 474-5201 – Telephone
                            (512) 536-4598 – Facsimile
                            ptrahan@fulbright.com

                            ATTORNEYS FOR PLAINTIFF GRANITE SOUTHLANDS TOWN CENTER LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 14, 2011, a true and correct copy of the foregoing **Granite Southlands Town Center LLC's Objections and Cross-Designations for Andrew Piekarski Deposition** was served upon all counsel of record via hand-delivery, first-class mail postage prepaid, or the CM/ECF system which will send notification of such filing to attorneys for plaintiffs at the following e-mail addresses:

> Stephen L. Waters
> Kimberly A. Bruetsch
> Robinson Waters & O'Dorisio, P.C.
> 1099 18th Street, Suite 2600
> Denver, CO 80202
> swaters@rwolaw.com
> kbruetsch@rwolaw.com
> *Attorneys for Land Title Guarantee*
>
> Stuart N. Bennett
> Jones & Keller, P.C.
> 1999 Broadway, Suite 3150
> Denver, CO 80201
> E-mail: sbennett@joneskeller.com
> *Attorneys for Alberta Town Center, LLC*

                                               */s/ Chris Allen*