# EXHIBIT 1.

<table>
<tr><td>

**DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO**

7325 South Potomac Street
Centennial, Colorado 80112

</td><td>

EFILED Document
CO Arapahoe County District Court 18th JD
Filing Date: Apr 27 2011 4:20PM MDT
Filing ID: 37280954
Review Clerk: N/A

</td></tr>
</table>

| | |
|---|---|
| **Plaintiff**: GRANITE SOUTHLANDS TOWN CENTER LLC<br><br>v.<br><br>**Defendants**: GROUND ENGINEERING CONSULTANTS, INC.; et al. | ▲**COURT USE ONLY**▲<br><br>Case Number: 10CV1175<br><br>Div.: 402 |

**ORDER**
**DEFENDANTS' COMBINED MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS**

THIS MATTER comes before the Court on Defendants' Combined Motion for Summary Judgment and Motion to Dismiss. The Court being fully advised in the premises finds and Orders as follows:

### I.     Statement of the Case

Defendant Alberta Town Center (hereinafter ATC Defendant") filed a Combined Motion for Summary Judgment and Motion to Dismiss wherein it argued the Forward Purchase and Sale Agreement ("FPSA") and Release and Termination Agreement ("Release") prohibit Plaintiff Granite Southlands Town Center, LLC's (hereinafter "Plaintiff" or "Granite") claims. Moreover, the economic loss rule bars Plaintiff's negligence claim against ATC Defendant, and res judicata bars its fraud claim. Defendants Donald G. Provost and Peter M. Cudlip (hereinafter "Provost/Cudlip Defendants") also filed a Combined Motion for Summary Judgment and Motion to Dismiss. Provost/Cudlip Defendants argue (1) Granite's prosecution of these claims constitutes improper claim-splitting; (2) Granite has released all claims against them; (3) under the parties' contract,

Granite was obligated to purchase the property on an "as is/where is" basis without representations or warranties of any kind, which precludes Granite's claims; and (4) the doctrine of "alter ego" is an equitable remedy, but not an independent claim for relief. Additionally, Defendant Southlands Colorado, LLC and Southlands Power Center, LLC (hereinafter "Southlands Defendants") also filed a Motion for Summary Judgment wherein they argued a prior release agreement bars Plaintiff's claims. Subsequently, Alberta Development Partners, LLC (hereinafter "ADP Defendant") joined in ATC Defendant's Motion and also argued the release precludes Plaintiff's claims against it. Granite responded, jointly, to the above motions arguing preclusion does not apply to the fraud claims because Granite has appealed the federal case's dismissal and, therefore, there is no final judgment. Moreover, the fraud claim dismissed in federal court fundamentally differs from those present in the instant case. Additionally, Granite contends Defendants improperly rely on general exculpatory clauses and misconstrue the provisions of the releases. According to Granite, many obligations, including those at the heart of this lawsuit, were expressly excluded from the releases. .

II.     **Findings and Order**

     A.     **Motion to Dismiss**

          1.     **Legal Standard**

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to C.R.C.P. 12(b)(5) should be granted when it appears the plaintiff would not be entitled to any relief under the facts as pleaded. *Gatrell v. Kurtz*, 207 P.3d 916, 917 (Colo. App. 2009). These motions test the sufficiency of the plaintiff's complaint. *Verrier v. Colo. Dept. of Corr.*, 77 P.3d 873 (Colo. App. 2003). The court may only consider matters stated in the complaint, and may not look to information outside that pleading. *Public Service Co. of Colorado v. Van Wyk*, 27 P.3d 377, 385 (Colo. 2001). The courts view motions to dismiss with disfavor, and will only grant the motion if it appears beyond a reasonable doubt that the plaintiff can prove no sets of facts that will entitle it to relief. *Id.* However, all statements of material fact in a motion to dismiss under Rule 12(b)(5) must be accepted as true, and all allegations in the complaint are viewed in a light most favorable to the plaintiff. *Wagner v. Grange Ins. Ass'n*, 166 P.3d 304, 306-07 (Colo. App. 2007) (quoting *BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P. 3d 66, 71 (Colo. 2004)). A complaint will not be dismissed as long as

the plaintiff is entitled to some relief upon any theory of the law. *Public Service Co. of Colorado,* 27 P.3d at 385 (Colo. 2001).

## 2.   Claim Preclusion

Claim preclusion bars re-litigation of claims or issues which were brought or could have been raised in a prior suit between the same parties, while issue preclusion bars re-litigation of issues that were actually litigated and decided in a previous suit. The elements of claim preclusion are: 1) finality of judgment; 2) identity of subject matter; 3) identity of claims; and 4) identity or privity between parties to the actions. *Argus Real Estate, Inc. v. E-470 Public Highway Authority,* 109 P.3d 604, 609 (Colo. 2005). ATC Defendant and Provost/Cudlip Defendants seek to dismiss Plaintiff's fraud claims based on claims preclusion. Plaintiff argues that since there is no finality of judgment and no identity of claims, its fraud claim is not precluded. Since the other two elements of claim preclusion are not disputed, the Court will address only the finality and identity elements.

### a.   Finality of Judgment

In order for a judgment to be final, "a judgment must be sufficiently firm in the sense that it was not tentative, the parties had an opportunity to be heard, and there was an opportunity for review." *Carpenter v. Young,* 773 P.2d 561, 568 (Colo. 1989). Defendants argue that a judgment can be final, despite a pending appeal. *A.B. Hirschfeld Press, Inc. v. City and County of Denver,* 779 P.2d 1356, 1359 (Colo. App. 1988) *aff'd,* 806 P.2d 917 (Colo. 1991). The Supreme Court, however, seemed to overturn this line of cases in *Rantz v. Kaufman,* 109 P.3d 132 (Colo. 2005). Nevertheless, Defendants argue that *Rantz* was limited to issue preclusion, and not claim preclusion. *Rantz,* 109 P.3d at 141. Plaintiff contends that the *Rantz* applies to both issue preclusion and claim preclusion.

The Court finds that *Rantz* was limited to cases involving issue preclusion. The Supreme Court stated that "for the purposes of issue preclusion, a judgment that is still pending on appeal is not final…" The *Rantz* holding, therefore, specifically references issue preclusion, but makes no mention of claim preclusion. Since issue preclusion and claim preclusion are different defenses, absent a specific reference to claim preclusion, *Rantz* is applicable only to issue

preclusion finality. Consequently, a judgment can be final despite a pending appeal with regard to claim preclusion, but not issue preclusion.

In the present case, the Federal District Court[1] dismissed Plaintiff's fraud claims against Provost and Cudlip with prejudice. The Court finds nothing in the Federal Court's order indicating that the judgment was not final. Therefore, this Court finds that Provost/Cudlip Defendants and ATC Defendant have established the finality requirement for claim preclusion

### b.   Identity of Claims

The Colorado Supreme Court has held that "the same claim or cause of action requirement is bounded by the injury for which relief is demanded, and not by the legal theory on which the person asserting the claim relies." *Argus Real Estate, Inc.*, 109 P.3d at 609. Additionally, "claim preclusion also bars a litigant from splitting claims into separate actions because once judgment is entered in an action it "extinguishes the plaintiff's claim ... includ[ing] all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Id.*.

Plaintiff argues the relief sought in the federal court case was different from the relief sought in the present case and thus, there is no identity of claims. The federal fraud claim alleged that Plaintiff was fraudulently induced to, "pay an additional $2,150,000 above the purchase price previously provided for in the FPSA." In the present case, Plaintiff's fraud claims allege that Granite was fraudulently induced to close on the entire transaction. Defendants maintain that Plaintiff engaged in illegal claim-splitting, and that both claims should have been brought in the federal lawsuit because they arose from the same transaction. *Argus*, 109 P.3d at 609. The Court, however, finds that there is no identity of claims because the relief sought by Plaintiff in the federal lawsuit was drastically different from that sought in the present lawsuit. Therefore, the Court DENIES ATC Defendant's and Defendant Provost/Cudlip's Motions to Dismiss Plaintiffs' First Claim for relief based on the claim preclusion defense.

---

[1] 1:09-cv-00799-ZLW-KLM

### 3.   Forward Purchase Sale Agreement

Additionally, ATC Defendant and Provost/Cudlip Defendants argue it was unreasonable for Plaintiff to rely on anything and thus the fraud claim should be dismissed. Plaintiff, on the other hand, contends it relied on certain representations, warranties, or covenants made by ATC Defendant and Provost/Cudlip Defendants regarding the condition of the property, and that the same Defendants failed to disclose material changes in the condition of the property prior to the closing.

In Colorado, the elements of fraud are:

(1) a fraudulent misrepresentation of material fact was made by the defendant; (2) the plaintiff relied on the misrepresentation; (3) the plaintiff had the right to rely on, or was justified in relying on, the misrepresentation; and (4) the reliance resulted in damages.

*Balkind v. Telluride Mt. Title Co.*, 8 P.3d 581, 587 (Colo. App. 2000).

Defendants argue that any reliance by Plaintiff was unreasonable due to the "as-is" clause in the FPSA, as well as the numerous statements purporting to disclaim any representations, warranties, or covenants. Article VI, Section (f) of the FPSA required Defendants, ATC, to:

[P]romptly notify Buyer of any **change in any condition** with respect to the Property or any portion thereof or of any event or circumstance of which the Seller has knowledge subsequent to the date of this Agreement which (a) **makes any representation or warranty of Seller to Buyer under this Agreement untrue or misleading,** or (b) **makes any covenant or agreement of Seller under this Agreement incapable of being performed.**

The Court finds that in order to invoke the disclosure requirement of Section (f), the Court would need to first find a prior representation, warranty or covenant in the agreement. Second, the Court would need to determine that a change in the condition of the property made the prior representation, warranty, or covenant untrue or misleading. The Court finds that the FPSA did not contain any representations, warranties, or covenants relevant to these claims.

Alternatively, the contract properly disclaimed any representations, warranties, or covenants.

The FPSA contained numerous statements purporting to disclaim any warranties. Article V, Section 5.1(a) states:

> Neither the seller nor any of their agents, brokers or employees has made and does not make any representations or warranties of any kind whatsoever; whether oral or written, express or implied, with respect to the Property.
>
> …
>
> The Property is being sold to Buyer on the Closing Date in its then **"AS IS, WHERE IS"** condition, with all faults.

While "as-is" may not have the binding effect of Article II of the U.C.C. in a land sale transaction, this language certainly supports Defendants' notion that any reliance by Plaintiffs was unreasonable.    Section 5.1(b) contains similar language, claiming that the Seller has not made any representations or warranties regarding the property. Section 5.1(c):

> Expressly disclaims and negates … any implied or express warranty by Seller …any implied warranty by seller …any implied warranty by Seller with respect to the condition of the property.

The Court agrees with ATC Defendant and Provost/Cudlip Defendants that any reliance by Plaintiff was unreasonable. Therefore, the Court must dismiss Plaintiff's fraud claims against ATC Defendant and Provost/Cudlip Defendants.

**4.    Release**

The Court declines to address the arguments by ATC Defendant and Provost/Cudlip Defendants regarding the effect of the Release on the Plaintiff's fraud claims, because the Court has already dismissed the fraud claims on other grounds.

The Court will, however, address Defendants' Release arguments as they pertain to Plaintiff's negligence claims. ATC Defendant, ADP Defendant, and Provost/Cudlip Defendants, argue that the Release executed by Plaintiff, absolved Defendants of liability resulting from any present or future claims.

Defendants acknowledge that the Release excluded certain obligations from the FPSA under Section 5:

> Any obligations of the Parties under the following agreements...any terms or provisions of the [Forward Purchase Sale Agreement] which are expressly stated to survive the closing of the [Forward Purchase Sale Agreement].

Defendants do not dispute the meaning of Section 5, but contend that the FPSA did not include any warranties, representations, or covenants that are relevant to the negligence claims, that were intended to survive the FPSA. Defendants also claim that the Release was a valid exculpatory provision under Colorado law.

According to the Colorado Court of Appeals, "[t]he determination of the sufficiency and validity of an exculpatory agreement is a question of law for the court to determine." *Colorado Coffee Bean, LLC v. Peaberry Coffee Inc.*, 2010 WL 547633 *5 (Colo. App. 2010). The Court must consider four factors:

> (1) the existence of a duty to the public; (2) the nature of the service performed; (3) whether the contract was fairly entered into; and (4) whether the intention of the parties is expressed in clear and unambiguous language.

*Jones v. Dressel*, 623 P.2d 370, 376 (Colo., 1981).

The Court finds that the Release agreement was a valid exculpatory provision. *Dressel*, 623 P.2d at 376. The Release served to bar all claims against Defendants, and also against Plaintiff. Additionally, both Plaintiff and Defendants were sophisticated parties. The Court finds that the Release satisfied the four factor test identified in *Dressel*. *Dressel*, 623 P.2d at 376. Therefore, the Court GRANTS ATC Defendant and Provost/Cudlip's motion to dismiss Plaintiff's Negligence claims for this reason.

### 5. Economic Loss Rule

ATC Defendant also argued for dismissal of Plaintiff's negligence claims based on the economic loss rule. The Court declines to address this argument because the Court already dismissed Plaintiffs' negligence claims against ATC Defendant on other grounds.

### 6.     Alter Ego

Provost/Cudlip Defendants correctly state that "alter ego" is not a cognizable claim for relief, but instead is an equitable theory regarding liability. *See Sheffield Srve. Co. v. Trowbridge*, 211 P.3d 714, 720 (Colo. App. 2009). In *Trowbridge*, the Court of Appeals held that:

> Piercing the corporate veil is an equitable, common law doctrine that penetrates the corporate veil of limited liability to impose liability on individual shareholders for the corporation's obligations.
>
> . . .
>
> Its application is appropriate when a corporation is merely a corporate shareholder's alter ego, and the shareholder uses the corporate structure to perpetrate a wrong.

> *Trowbridge*, 211 P.3d at 720.

The Court finds that "alter-ego" is not a stand-alone claim, but a theory of liability when a plaintiff is attempting to recover individually from the shareholders of a corporation or other legal entity. Therefore, the Court must dismiss Plaintiff's Tenth Claim for relief, regarding all Defendants.

### B.     Summary Judgment

A motion for summary judgment is designed to avoid an unnecessary trial. *Terrell v. Walter E. Heller Co.*, 439 P.2d 989 (Colo. 1968); *Ruscitti v. Sackheim*, 817 P.2d 1046 (Colo. App. 1991). It furthers the prompt administration of justice, expedites litigation by avoiding needless trials, and enables one to speedily obtain judgment by preventing the interposition of unmeritorious defenses for the purpose of delay. *Blaine v. Yockey*, 184 P.2d 1015 (Colo. 1947). Summary judgment is proper when the record establishes no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Crawford Rehabilitation Servs., Inc. v. Weissman*, 938 P.2d 540 (Colo. 1997). The record the court considers includes the pleadings, depositions, answers to interrogatories, admissions, or affidavits. *Civil Serv. Comm'n v. Pinder*, 812 P.2d 645, 649-50 (Colo. 1991). The movant bears the burden of showing the absence of any genuine disputes of material fact. *Cont'l Airlines, Inc. v. Keenan*, 731 P.2d 708, 712 (Colo. 1987). Moreover, the non-moving party is afforded all favorable inferences that may be drawn from the allegedly undisputed facts. *Churchey v.*

*Adolph Coors Co.*, 759 P.2d 1336, 1339-40 (Colo. 1988). Finally, all doubts as to the existence of factual issues are resolved in favor of the nonmoving party. *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1276 (Colo. 1985).

Although all the named Defendants, with the exclusion of Defendants Southlands, filed a combined motion for summary judgment and motion to dismiss, the Court will only address Defendant Southlands motion here as the Court has previously addressed the other defendants' arguments above in the context of their motions to dismiss. Defendant Southlands argues that the Court should grant summary judgment because Granite released it from all claims. For the reasons stated above, the Court finds that there is no issue of material fact regarding the execution of the Release, and the fact that, in executing this document, Granite released Defendants Southlands from liability for all present and future claims. Therefore, the Court grants Defendants Southlands motion for summary judgment.

For the reasons stated above, the Motion to Dismiss is GRANTED regarding all claims against ATC Defendant, Defendants ADP, and Defendants Provost/Cudlip. Additionally, Defendants Southlands' Motion for Summary Judgment is GRANTED.

SO ORDERED THIS 27th DAY OF APRIL, 2011

BY THE COURT:

_____
District Court Judge

LexisNexis File & Serve                                                    Page 1 of 2

**LexisNexis·** *File & Serve*                    Jones & Keller PC | Resource Center | File & Serve Preferences

🍷 Home ⚔ Filing & Service ⚔ Alerts ⚔ Search ⚔                                              ▶

**Transaction 37280954**

Printable Version   Transaction Report       <<Previous transaction   Next transaction>>

---

**Case number:** 2010CV1175 [View Case History]                    Filed and served at 4/27/2011 4:20 PM MDT

**Case name:** GRANITE SOUTHLANDS TOWN CENTER LLC vs. GROUND                    No calendar event scheduled
ENGINEERING CONSULTANTS INC et al

**Court:** CO Arapahoe County District Court 18th JD

**Division:** 402 - Division 402

**Judge:** Pratt, Charles M

⊛ View all document(s) as a list   ⊙ View document(s) inline

⊟ **Document List (1)**      **Total Statutory Fees: $0.00**

**Main Document, 9 pages   ID: 47724866**
Document History | PDF Format | Original Format

| | | | |
|---|---|---|---|
| **Document type:** | Order | **Clerk review status/action:** | Accepted |
| **Security:** | Public | **Date reviewed:** | 4/27/2011 |
| **Statutory fee:** | $0.00 | | |
| **Document title:** | ORDER DEFENDANTSÃ¢â‚¬â„¢ COMBINED MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS | | |

⊟ **Parties and Recipients   View Read Status** ⓘ

⊟ **Sending Parties (1)**

| ▲Party | Party Type | Attorney | Attorney Type | Firm |
|---|---|---|---|---|
| N/A | N/A | Pratt, Charles M | Primary Judge | CO Arapahoe County District Court 18th JD |

⊟ **Recipients (11)**

1-11 of 11 recipients

| ▲Party | Party Type | Attorney | Firm | Delivery Status | Delivery Method | Type |
|---|---|---|---|---|---|---|
| ALBERTA DEVELOPMENT PARTNERS LLC | Defendant | Brad A Ramming | Sweetbaum Levin & Sands PC | 4/27/2011 4:20 PM MDT | E-Service | Service |
| CALLISON ARCHITECTURE INC | Defendant | Lisa Bondy Dunn | Wood Smith Henning & Berman LLP-Denver | 4/27/2011 4:20 PM MDT | E-Service | Service |
| CUDLIP, PETER M | Defendant | Stuart Bennett | Jones & Keller PC | 4/27/2011 4:20 PM MDT | E-Service | Service |
| GRANITE SOUTHLANDS TOWN CENTER LLC | Plaintiff | Alvin M Cohen | Benjamin Bain & Howard LLC | 4/27/2011 4:20 PM MDT | E-Service | Service |
| GRANITE SOUTHLANDS TOWN CENTER LLC | Plaintiff | Tracy A Davis | Benjamin Bain & Howard LLC | 4/27/2011 4:20 PM MDT | E-Service | Service |
| GROUND ENGINEERING CONSULTANTS INC | Defendant | Philip B Cardi Esq | Cardi Schulte & Ford LLC | 4/27/2011 4:20 PM MDT | E-Service | Service |
| HC BECK LTD | Defendant | David Michael McLain | Higgins Hopkins McLain & Roswell | 4/27/2011 4:20 PM MDT | E-Service | Service |
| MAGNUSSON KLEMINCIC ASSOCIATES INC | Defendant | Lisa Bondy Dunn | Wood Smith Henning & Berman LLP-Denver | 4/27/2011 4:20 PM MDT | E-Service | Service |
| PROVOST, DONALD G | Defendant | Stuart Bennett | Jones & Keller PC | 4/27/2011 4:20 PM MDT | E-Service | Service |

LexisNexis File & Serve                                                                 Page 2 of 2

| SOUTHLANDS COLORADO LLC | Defendant | Michael Jason Decker | Murphy Decker Hensen & Cook-Olson PC | 4/27/2011 4:20 PM MDT | E-Service | Service |
| SOUTHLANDS POWER CENTER LLC | Defendant | Michael Jason Decker | Murphy Decker Hensen & Cook-Olson PC | 4/27/2011 4:20 PM MDT | E-Service | Service |

1-11 of 11 recipients

⊞ **Additional Recipients (0)**

⊟ **Sender Information**

Submitted by:                  Charles M Pratt, CO Arapahoe County District Court 18th JD

Authorizer:                    Charles M Pratt, CO Arapahoe County District Court 18th JD

<<Previous transaction        Next transaction>>

 **LexisNexis**

About LexisNexis | Terms & Conditions | Privacy | Customer Support – 1-888-529-7587
Copyright © 2011 LexisNexis®, a division of Reed Elsevier Inc. All rights reserved.