IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER, LLC,

   Plaintiff

v.

ALBERTA TOWN CENTER, LLC,
LAND TITLE GUARANTEE COMPANY,

   Defendants.

**DEFENDANT ALBERTA TOWN CENTER, LLC'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL AUTHORITY (Docket # 191) TO PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
(Docket #190, e-filed 04/15/11)**

  Defendant, Alberta Town Center, LLC (Alberta), by and through its attorneys, Jones & Keller, P.C., hereby submits the following Reply In Support of Its Supplemental Authority concerning the materiality of alleged construction defects at the Southlands Town Center: Alberta filed its Supplemental Authority (Docket # 191) on April 28, 2011 in support of its Proposed Findings of Fact and Conclusions of Law (Docket #190, e-filed April 15, 2011.

  The purpose of Alberta's Supplemental Authority was to apprise this Court of an April 27, 2011, decision of the Arapahoe County, Colorado District Court entitled "Order Defendants' Combined Motion for Summary Judgment and Motion to Dismiss" in *Granite Southlands Town Center, LLC v. Ground Engineering Consultants, Inc., et al.*, Case No. 10-CV-1175, District Court, Arapahoe County, State of Colorado ("Arapahoe County District Court's Order"). In the Arapahoe County District Court's Order, the Court determined that Alberta had

{JK00275886.1 }

no obligation under the parties' Forward Purchase and Sale Agreement ("FPSA") to disclose alleged changes in the condition of the Property to Granite. As this Court is aware, an issue before this Court is the proper interpretation of the FPSA's provisions concerning the materiality of changes in the condition of the Property on the parties' obligations under the Agreement.

On May 2, 2011, Plaintiff, Granite Southlands Town Center LLC, ("Granite") filed a response (Docket #192) to Alberta's Supplemental Authority. In its Response, Granite argues that the decision of the Arapahoe County District Court "has no relevance to the issues before this Court and . . . contradicts a prior ruling by Judge Weinshenk [sic] in this very case."

The prior ruling of Judge Weinshienk to which Granite refers is the Court's Order Denying Alberta's Motion for Partial Summary Judgment (Docket # 107). In its Response, Granite quotes Judge Weinshienk's determination that Granite could refuse to close its purchase of the Southlands Shopping Center if Alberta failed to notify Granite of changed conditions on the Property under paragraph 7.2(f) of the parties' FPSA (Trial Exhibit 1-023).

Alberta demonstrated at trial, however, that Judge Weinshienk's order was an incorrect interpretation of paragraph 7.2(f) of the FPSA brought on by Granite's selective redaction of the material provisions of the paragraph. Granite argued in briefing before Judge Weinshienk and at trial that paragraph 7.2(f) should be read as follows: "Seller shall promptly notify Buyer of any change in any condition with respect to the Property . . . ." This interpretation redacts from the agreement two provisos to Seller's obligation to notify Buyer of changes in the condition of the property. One proviso is that the change is one that "makes any representation or warranty of Seller to Buyer under this Agreement untrue or misleading." The other proviso is that the

change is one that "makes any covenant or agreement of Seller under this Agreement incapable of being performed."

Judge Pratt's decision in the Arapahoe County District Court specifically finds that "in order to invoke the disclosure requirement of Section (f), the Court would need to first find a prior representation, warranty or covenant in the agreement.  Second, the Court would need to determine that a change in the condition of the property made the prior representation, warranty, or covenant untrue or misleading."  Arapahoe County District Court Order, at 5.  The Arapahoe County District Court went on to find that the FPSA specifically disclaims representations or warranties relating to the condition of the Property under the numerous provisions of Article V, Sections 5.1(a)-(c) which contain the "AS IS, WHERE IS" provisions of the Agreement.

The Arapahoe County District Court's Order therefore has a direct bearing on the issues before this Court and is additional authority that Alberta's reading of the plain language of paragraph 7.2(f) is correct and should form the basis of this Court's determination that the condition of the Property was not material, whether Granite became aware of a change directly from Alberta, through Granite's own investigation or from a tenant in an estoppel certificate.

DATED:  May 9, 2011.

                              Respectfully submitted,


                              *s/    Stuart N. Bennett*
                              Stuart N. Bennett
                              **JONES & KELLER, P.C.**
                              1999 Broadway, Suite 3150
                              Denver, CO 80202
                              Telephone:     (303) 573-1600
                              Fax:               (303) 573-8133
                              E-mail:          sbennett@joneskeller.com
                              Attorneys for Defendants Alberta Town Center,
                              LLC, Donald G. Provost and Peter M. Cudlip

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | | |
|---|---|---|
| *Attorneys for Plaintiff & Counter Defendant Granite Southlands Town Center, LLC* | jdykes@fulbright.com<br>bvetter@fulbright.com | Osborne J. Dykes, III<br>Benjamin M. Vetter<br>Fulbright & Jaworski LLP<br>370 – 17th Street, Suite 2150<br>Denver, CO   80202 |
| *Attorneys for Plaintiff & Counter Defendant Granite Southlands Town Center, LLC* | ptrahan@fulbright.com | Paul Trahan<br>Fulbright & Jaworski LLP<br>600 Congress Avenue, Suite 2400<br>Austin, TX  78701 |
| *Defendant Land Title Guarantee Company* | kbruetsch@rwolaw.com | Kimberly A. Bruetsch<br>Robinson, Waters & O'Dorisio PC<br>1099 – 18th Street, 26th Floor<br>Denver, CO   80202 |
| *Defendant Allan G. Provost* | dbp@haplaw.net | Dennis B. Polk<br>Holley, Albertson & Polk, P.C.<br>1667 Cole Boulevard, Suite 100<br>Golden, CO   80401 |

And I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner indicated by the non-participant's name:    NONE

<div style="margin-left:50%">

*s/    Stuart N. Bennett*
Stuart N. Bennett
Attorneys for Defendants Alberta Town Center, LLC,
Donald G. Provost and Peter M. Cudlip
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone:     303-573-1600
Fax:                303-573-8133
E-mail:            sbennett@joneskeller.com

</div>

{JK00275886.1 }