UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
-------------------------------------------------------X
GRANITE SOUTHLANDS TOWN CENTER, LLC

                09 CV 799 (SJ)

        Plaintiff,

                MEMORANDUM
  - v -                            AND ORDER

ALBERTA TOWN CENTER and
LAND TITLE GUARANTEE COMPANY.
               Defendants.
-------------------------------------------------------X

A P P E A R A N C E S:

FULBRIGHT & JAWARSKI LLP
370 Seventeenth St. 600 Congress Ave., Suite 2150
Denver, CO 80202
By:    Osborne J. Dykes, III
         Benjamin M. Vetter
         Windy B. McCracken

600 Congress Ave., Suite 2400
Austin, TX 78701
By:    Paul Trahan
Counsel for Plaintiff

**Attorneys for Plaintiff**

ROBINSON WATERS & O'DORISIO, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
By:    Stephen L. Waters
         Kimberly A. Bruetsch

**Attorneys for Defendant Land Title Guarantee**

JONES & Keller, P.C.
1999 Broadway, Suite 3150
By:    Stuart N. Bennett
         Kenneth B. Danielsen

**Attorney for Defendant Alberta Town Center, LLC**

JOHNSON, Senior District Judge:

**ADDENDUM**

The Court issues the following addendum to its Memorandum and Order dated September 02, 2011 (Docket Entry ("DE") 195), and for the reasons stated therein. It is ORDERED that:

> Plaintiff Granite Southlands Center, LLC ("Plaintiff") is entitled to receive the full sum of the Estoppel Holdback at dispute in the litigation (the "Cash Funds")—to wit $650,000 in earnest money placed in escrow with Land Title Guaranty Co. (the "Escrow Agent")—plus accrued interest, and minus the sum of the registry fee.
>
> The Escrow Agent who has interpleaded the Cash Funds with the Court is thus obligated to deliver the Cash Funds to Granite. The Escrow Agent, however, may file its own motion for fees and costs pursuant to the Order entered on December 7, 2010 (DE 153).
>
> The Escrow Agent, as a nominal defendant who is acting as the Escrow Agent for the subject funds and, pursuant to the Escrow Agreement, is merely awaiting to disburse Cash Funds in accordance with the final order, judgment or decree of any court of competent jurisdiction which may be filed, entered, or issued, is thus dismissed as a party in this case.
>
> Plaintiff is also entitled to recover its reasonable and actual attorney's fees, expenses and cost pursuant to paragraph 12 of the Escrow Agreement and D.C. COLO.LocalCiv.R 54.1.
>
> SO ORDERED.

DATED: September 13, 2011  _____/s/_____
          Brooklyn, New York      Sterling Johnson, Jr. U.S.D.J.