IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER, LLC,

      Plaintiff,

v.

ALBERTA TOWN CENTER, LLC, and
LAND TITLE GUARANTEE COMPANY,

      Defendants.
_____

FINAL JUDGMENT
_____

This Final Judgment is entered pursuant to and in accordance with Fed. R. Civ.

P. 58(a) and the orders entered Senior Judges Zita L. Weinshienk and Sterling

Johnson, Jr.

Pursuant to and in accordance with the Order Granting Stipulated Motion for

Leave to Interplead Funds (Doc. 153) entered by Judge Weinshienk on December 7,

2010, incorporated herein by reference, it is

ORDERED:

I.      Pursuant to and in accordance with the Order Re: Defendant Alberta

Town Center, LLC's Unopposed Motion Pursuant to Fed. R. Civ. P. 41 to Dismiss

Without Prejudice Its Counterclaims Against Plaintiff (Doc. No. 180) entered by Judge

Johnson on February 14, 2011, it is

ORDERED that Defendant Alberta Town Center, LLC's Unopposed Motion

1

Pursuant to Fed. R. Civ. P. 41 to Dismiss Without Prejudice Its Counterclaims Against Plaintiff is granted.

II.     The case proceeded to a bench trial before Judge Johnson on February 14, 2011.

III.     Pursuant to and in accordance with the Memorandum and Order (Doc. 195) entered by Judge Johnson on September 2, 2011, it is

ORDERED that FINAL JUDGMENT is hereby entered in favor of Plaintiff Granite Southlands Center, LLC on its breach of contract claim and against Defendant Alberta Town Center, LLC.

IV.     Pursuant to and in accordance with the September 13, 2011 Addendum (Doc. 197) to the Court's Memorandum and Order (Doc. 195) entered by Judge Johnson on September 2, 2011, it is

ORDERED that

A.     Plaintiff Granite Southlands Center, LLC ("Plaintiff") is entitled to receive the full sum of the Estoppel Holdback at dispute in the litigation (the "Cash Funds")—to wit $650,000 in earnest money placed in escrow with Land Title Guaranty Co. (the "Escrow Agent")—plus accrued interest, and minus the sum of the registry fee.

B.     The Escrow Agent who interpleaded the Cash Funds with the Court is thus obligated to deliver the Cash Funds to Granite. The Escrow Agent, however, may file its own motion for fees and costs pursuant to the Order entered on December 7, 2010 (Doc. 153).

C.      The Escrow Agent, as a nominal defendant who is acting as the Escrow

Agent for the subject funds and, pursuant to the Escrow Agreement, is

merely awaiting to disburse Cash Funds in accordance with the final

order, judgment or decree of any court of competent jurisdiction which

may be filed, entered, or issued, and is thus dismissed as a party in this

case.

D.      Plaintiff is also entitled to recover its reasonable and actual attorney's

fees, expenses and costs pursuant to paragraph 12 of the Escrow

Agreement and D.C.COLO.LCivR 54.1.


DATED at Denver, Colorado this 13th day of September, 2011.

FOR THE COURT:

GREGORY C. LANGHAM, CLERK


s/ Edward P. Butler
Edward P. Butler,
Deputy Clerk

3