IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM (SJ)

GRANITE SOUTHLANDS TOWN CENTER LLC,

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC AND
LAND TITLE GUARANTEE COMPANY,

    Defendants.

**PLAINTIFF GRANITE SOUTHLANDS TOWN CENTER LLC'S
APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION HEARING**

COMES NOW Plaintiff Granite Southlands Town Center LLC ("Plaintiff" or "Granite"), by and through its undersigned attorneys, and moves for a Temporary Restraining Order against Alberta Town Center, LLC ("Defendant" or "Alberta") and a Preliminary Injunction Hearing under Federal Rule of Civil Procedure 65.  Plaintiff's counsel provided Defendant's counsel with a draft copy of this pleading on September 20, 2011, and inquired about whether Defendant would agree to the relief sought or otherwise provide assurances that would obviate the need for the relief Granite seeks.  At 4:53 pm MT, Defendant's counsel indicated by e-mail that Alberta will oppose this application.

## I.
## INTRODUCTION

Defendant has no substantial assets or ongoing operations, but Granite learned for the first time today that Defendant received substantial payments in early September 2011.  Without the intervention of this Court, plaintiff Granite most likely never will collect the attorneys' fees,

86142081.3

expenses, and costs it is entitled to recover pursuant to the Final Judgment entered by this Court on September 13, 2011 (the "Final Judgment"). According to the Final Judgment, Granite is "entitled to recover its reasonable and actual attorneys' fees, expenses and costs . . . ." Final Judgment (Docket #198), at p. 3. Granite filed its Motion for Attorneys' Fees and Expenses on September 19, 2011 (Docket # 199) and will file its Bill of Costs shortly.

Because defendant Alberta does not have assets or generate income sufficient to pay Granite's attorneys' fees, expenses, and costs, if injunctive relief is not granted, Granite will be irreparably injured as a result of Alberta's inability to pay. Alberta's last report on its assets indicates Alberta has minimal cash and is not capable of paying the attorneys' fees and expenses for which Granite is moving. Alberta recently received substantial funds from a settlement with Callison Architecture, Inc. ("Callison") as a result of an arbitration relating to the same property at issue in this lawsuit ("Callison Arbitration"). If Alberta is allowed to dissipate the proceeds of the Callison settlement before the Court enters judgment for Granite's attorneys' fees, then Alberta will become judgment-proof and Granite will be unable to recover its attorneys' fees and costs from Alberta. Granite seeks injunctive relief to preserve both the status quo pending the outcome of the case and the Court's power to render a meaningful decision on the merits at the conclusion of this litigation.

A balancing of the equities favors Granite. As this Court has determined that Granite is entitled to recover attorneys' fees from Alberta, Granite has prevailed on the underlying merits. In the absence of injunctive relief, Granite will likely be irreparably injured by an inability to collect the attorneys' fees to which Granite is entitled according to this Court's Final Judgment. In comparison, an injunction does not pose any real threat of injury to Alberta.

Because the likelihood of success on the merits and the relative threats of injury both weigh heavily in favor of Granite, the Court should enjoin Alberta from transferring or otherwise negotiating any assets received from Alberta's settlement with Callison.  More specifically, the Court should grant Granite's Proposed Temporary Restraining Order to prevent the dissipation of any funds Alberta receives in an amount sufficient to satisfy the fees and expenses sought in Granite's pending Motion for Attorneys' Fees and Expenses (Docket # 199), and issue an Order for a Preliminary Injunction Hearing on this matter.

## II.
## STATEMENT OF FACTS

### A. ALBERTA HAS VERY LITTLE ASSETS AND NO ACTIVE OPERATIONS

Peter Cudlip, 32% owner of Alberta as well as a manager for Alberta, was deposed on January 7, 2010.  Excerpts of the Deposition of Peter Cudlip ("Cudlip Depo.") are attached hereto as Exhibit 1.  Mr. Cudlip testified that Alberta had "very little" assets. (Cudlip Depo., Ex. 1, p. 10, ln. 20-23).  Mr. Cudlip further testified that Alberta had "some cash"  (Cudlip Depo., Ex. 1, p. 10, ln. 24-25) and that Alberta's operations consist of existing for the purpose of resolving this lawsuit. (Cudlip Depo., Ex. 1, p. 11, ln. 6-14).

Steven Zezulak, the controller of Alberta, was deposed on March 22, 2010.  Excerpts of the Deposition of Steven Zezulak ("Zezulak Depo.") are attached hereto as Exhibit 2.  During that deposition, Mr. Zezulak was asked whether Alberta had net assets.  Mr. Zezulak responded "No tangible property assets, no."  (Zezulak Depo., Ex. 2,  p. 106, ln. 15-17).  Mr. Zezulak was then asked if Alberta had cash in the bank.  Mr. Zezulak responded, "A little bit, but it's very minimal."  (Zezulak Depo., Ex. 2, p. 106, ln. 18-19).  When asked about Alberta's ability to pay

86142081.3

a possible judgment for a million dollars, Mr. Zezulak estimated that Alberta had about $100,000.  (Zezulak Depo., Ex. 2, p. 106, ln. 20 – p. 107, ln. 14).

### B.     ALBERTA DOES NOT HAVE SUFFICIENT CAPITAL TO SATISFY ITS DEBTS

Peter Cudlip testified that Alberta had debts generally consisting of legal fees.  (Cudlip Depo., Ex. 1, p. 11, ln. 1-5).  The law firm of Lindquist & Vennum, PLLP filed a Notice of Lien in this action for not less than $285,851.66, which is attached hereto as Exhibit 3.  The law firm of Starrs Mihm LLP also filed a Notice of Charging Lien in this action for $23,441.15, which is attached hereto as Exhibit 4.

### C.     ALBERTA RECENTLY RECEIVED INCOME FROM AN ARBITRATION SETTLEMENT

Alberta and Callison reached a settlement by which Callison or its insurer paid Alberta what Granite believes to be at least $800,000.  *See* Affidavit of Paul Trahan ("Trahan Aff.") at ¶¶ 3 and 4, at Exhibit 5.  Granite believes the amount of the settlement is at least $800,000.  *Id*. at ¶ 5.  When Granite moved to stay the Confirmation Action, Alberta filed a response in which Alberta argued that Granite should be required to post a bond "far in excess of $1 million."  *Id.* at ¶ 5; see also Alberta's Response at Exhibit 6.  In support of its request, Alberta cited C.R.C.P. 62(d), which under certain circumstances requires that a bond be posted that is "125% of the total amount of the judgment."  *Id*.

### D.     GRANITE GAVE NOTICE OF THIS APPLICATION FOR INJUNCTIVE RELIEF TO ALBERTA'S COUNSEL OF RECORD

Under Federal Rule of Civil Procedure ("FRCP") 65(b), the Court may grant a temporary restraining order without notice having been provided to the opposing party or its counsel.  Nonetheless, on September 20, 2011, counsel for Granite provided notice to Alberta, and Alberta

indicated it will oppose this application as well as Granite's Motion for Attorneys' Fees.  *Id*. at ¶ 6.

### III.
### APPLICABLE STANDARDS

The primary purpose of injunctive relief is "to preserve the status quo pending the outcome of the case." *Tri-State Generation & Transmission Ass'n. v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986) (*citing Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)).  Courts use preliminary injunctions to try to "preserve the power to render a meaningful decision on the merits" of a case.  *Tri-State*, 805 F.2d at 355 (*citing Compact Van Equipment Co. v. Leggett & Platt, Inc.*, 566 F.2d 952, 954 (5th Cir. 1978)).

The *Erie* doctrine "does not apply to preliminary injunction standards."  *Equifax Services, Inc. v. Hitz*, 905 F.2d 1355, 1361 (10th Cir. 1990).  Instead, the federal standard for injunctive relief applies.  Thus, in a motion for either temporary or preliminary injunctive relief, the four prerequisites which the moving party must establish are as follows:

> (1) substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.

*Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

Injunctive relief is evaluated on "a sliding scale that demands less of a showing of likelihood of success on the merits when the balance of hardships weighs strongly in favor of the plaintiff, and vice versa." *O Centro Espirita Beneficente Uniao do Vegetal v. Ashcroft*, 389 F.3d 973, 1002 (10th Cir. 2004) (Seymour, Circuit Judge, concurring in part and dissenting in part, joined by Tacha, Chief Judge, Porfilio, Henry, Briscoe, and Lucero, Circuit Judges) (citing *In re*

86142081.3

*Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003).  Therefore, the more likely it is that a movant will succeed on the merits, "the less the balance of irreparable harms need favor the [movant's] position."  *Id.*  (*citing Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)).

## IV.
## ARGUMENT

### A. THERE IS A SUBSTANTIAL LIKELIHOOD GRANITE WILL PREVAIL ON THE MERITS

Granite has prevailed on the underlying merits of this action and is entitled to an award of its reasonable attorneys' fees and expenses from Alberta.  *See* Final Judgment ("Plaintiff is also entitled to recover its reasonable and actual attorney's fees, expenses and costs pursuant to paragraph 12 of the Escrow Agreement and D.C.COLO.LCivR 54.1."); *see also* Plaintiff Trial Exhibit 20 (Escrow Agreement), ¶12 ("The prevailing party in any dispute arising from this Agreement shall be entitled to recover from the non-prevailing party its reasonable and actual attorneys' fees and expenses, including any incurred in connection with any appeal."); *Utah Women's Clinic v. Leavitt*, 75 F.3d 564, 567 (10th Cir. 1995) (*citing Buchanan v. Stanships, Inc.*, 485 U.S. 265, 267-68, (1988) (per curiam)) (attorneys' fees and costs are collateral to and separate from a decision on the merits).

### B. ALLOWING ALBERTA TO DISSIPATE THE CALLISON SETTLEMENT PROCEEDS POSES A RISK OF IRREPARABLE HARM TO GRANITE

Difficulty in collecting a judgment for damages may support a claim of irreparable injury.  *Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986) (citing *Central States, Se. & Sw. Areas Pension Fund v. Admiral Merchants Motor Freight, Inc.*, 511 F. Supp. 38, 43 (D. Minn. 1980)).  In *Tri-State*, the Tenth Circuit found

86142081.3

that a trial court erred in failing to enjoin the sale of the defendant's assets pending resolution of a trial on the merits of the plaintiff's claims. *Id.* at 360. In part, the court stated that "[i]f Tri-State cannot collect a money judgment, then failure to enter the preliminary injunction would irreparably harm it." *Tri-State*, 805 F.3d at 355. Because the plaintiff was likely to suffer irreparable injury if the defendant were permitted to sell its assets—either because the plaintiff would be unable to collect damages at the end of the trial or because the plaintiff's viability as a business was threatened by sale of the defendants assets—the *Tri-State* Court enjoined the defendant from selling its assets pending a resolution on the merits. *Id.* at 355-56.

Decisions from other Courts of Appeals also support the proposition that a plaintiff suffers irreparable injury where a defendant is unable to satisfy a judgment because it becomes "insolvent before a final judgment can be entered and collected." *Roland Machinery Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984); *Central States, Se. & Sw. Areas Pension Fund v. Jack Cole-Dixie Highway Co.*, 642 F.2d 1122 (8th Cir. 1981) (affirming preliminary mandatory injunction granted by the trial court in *Central States, Southeast & Southwest Areas Pension Fund v. Admiral Merchants Motor Freight, Inc.*, 511 F. Supp. 38, 43 (D. Minn. 1980), which recognized that the difficulty of collecting a money judgment supports a claim of irreparable harm).

Here, Granite will not be able to collect damages if Alberta is allowed to dissipate the Callison settlement proceeds. In this regard, Granite's claim of irreparable injury is in a meaningful way superior to that of Tri-State's successful claim: Granite has already prevailed on the merits of its underlying claim, and now seeks its contractually provided attorneys' fees. By contrast, the merits in *Tri-State* remained undecided at the time the plaintiff sough injunctive

86142081.3

relief, and the court noted that the case involved "unique factual circumstances and history . . . mak[ing] the resolution of the final *question* of law a genuinely debatable issue." *Id.* at 359. Here there can be no debate that Granite is entitled to some amount of reasonable attorneys' fees and expenses, and Granite has filed its Motion for Attorneys' Fees and Expenses to determine this issue. In the interim—while the precise amount of such fees and expenses is being litigated and set by the Court—Granite would suffer irreparable injury if Alberta is not prevented from transferring or distributing proceeds it has received as a result of the Callison settlement.

C.  **RISK OF HARM TO GRANITE GREATLY OUTWEIGHS ANY POTENTIAL HARM TO ALBERTA**

If Granite's proposed injunctive relief is granted, Alberta will not suffer any real harm. As Alberta's manager Peter Cudlip testified, Alberta's operations currently consist of existing for the purpose of resolving this lawsuit. (Cudlip Depo., Ex. 1, p. 11, ln. 6-14). Thus, Alberta cannot claim that the issuance of an injunction would affect its operations or business. In the unlikely event that Granite receives no award of attorneys' fees whatsoever, then the injunction bond that Granite is required to post would fully compensate Alberta for any costs or damages incurred as a result of any inability to dispose of certain funds during the period of an alleged wrongful enjoinment or restraint. *See* FRCP 65(c).

Because Granite only is seeking to enjoin Alberta's use of funds sufficient to cover its claim for attorneys' fees, expenses, and costs, for a limited amount of time, a $10,000 injunction bond will serve as sufficient protection of Alberta's interests. The total amount of attorneys' fees, expenses, and costs Granite seeks is approximately $700,000. See Granite's Motion for Attorneys' Fees and Expenses (Docket # 199). With daily interest on $700,000 accruing at 5% being $95.89 per day, a $10,000 bond would protect Alberta against lost interest for almost 15

86142081.3

weeks. Granite anticipates any issues relating to its attorneys' fees, expenses, and costs will be resolved within that time period.

### D. ISSUING THE INJUNCTION IS NOT ADVERSE TO THE PUBLIC INTEREST

According to Alberta's executives, Alberta does not have sufficient funds to satisfy Granite's expected attorneys' fees and does not have active operations to generate income. (Cudlip Depo, p. 11, ln. 6-14). Alberta's only apparent source of material funds is the money Alberta received as part of the Callison settlement. *Id*. The proposed injunctive relief will preserve the status quo between private parties and would not be adverse to any public interest.

## V.
## PRAYER FOR RELIEF

For these reasons, Granite respectfully requests the Court to:

1. Issue a Temporary Restraining Order ENJOINING Alberta, its affiliates, agents, officers, servants, employees, representatives, attorneys, and any other individual or entity in active concert or participation with Alberta from transferring or otherwise negotiating at least $700,000 of the funds received in connection with settlement of Defendant's arbitration against Callison Architecture, Inc. ("Callison Settlement Funds");

2. Issue a Temporary Restraining Order ORDERING Alberta, its affiliates, agents, officers, servants, employees, representatives, attorneys, and any other party in active concert or participation with Alberta to hold all or any portion of the Callison Settlement Funds in their possession, custody, or control, sufficient to total at least $700,000, until further order of this Court; and

3. Set a Preliminary Injunction Hearing on this matter, at which Granite will request relief consistent with that requested herein along with a request that such relief remain in place until such time as issues relating to Granite's Motion for Attorneys' Fees and Expenses and Bill of Costs have been finally decided.

86142081.3

DATED:  September 20, 2011.

          Respectfully submitted,

          */s/  Paul Trahan*
          OSBORNE J. DYKES, III
          BENJAMIN M. VETTER
          FULBRIGHT & JAWORSKI L.L.P.
          370 Seventeenth Street, Suite 2150
          Denver, CO  80202
          (303) 801-2700 – Telephone
          (303) 801-2777 – Facsimile
          jdykes@fulbright.com
          bvetter@fulbright.com

          PAUL TRAHAN
          FULBRIGHT & JAWORSKI L.L.P.
          600 Congress Avenue, Suite 2400
          Austin, TX  78701
          (512) 474-5201 – Telephone
          (512) 536-4598 – Facsimile
          ptrahan@fulbright.com

          **COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 20, 2011, a true and correct copy of the foregoing was served upon all counsel of record via U. S. first class mail and via email as follows:

    Stephen L. Waters
    Kimberly A. Bruetsch
    Robinson Waters & O'Dorisio, P.C.
    1099 18th Street, Suite 2600
    Denver, CO 80202
    swaters@rwolaw.com
    kbruetsch@rwolaw.com
    *Attorneys for Land Title Guarantee*

    Stuart N. Bennett
    Lindquist & Vennum, P.L.L.P.
    600 – 17th Street, Suite 1800 – South
    Denver, CO 80202
    sbennett@lindquist.com
    *Attorneys for Alberta Town Center, LLC*

                                        */s/  Paul Trahan*