# EXHIBIT 2

Exhibit 2

Granite Southlands v. Alberta Town Center          STEVEN ZEZULAK                         3/22/2010

Page 1

```
 1              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLORADO
 2
        Civil Action No. 09-cv-00799-ZLW-KLM
 3
        GRANITE SOUTHLANDS TOWN CENTER, LLC,
 4
        Plaintiff,
 5
        v.
 6
        ALBERTA TOWN CENTER, LLC,
 7      LAND TITLE GUARANTEE COMPANY,
        DONALD G. PROVOST, ALLAN G. PROVOST,
 8      and PETER M. CUDLIP,
 9      Defendants.
        _____
10
        DEPOSITION OF:  STEVEN ZEZULAK - March 22, 2010
11      _____
12              PURSUANT TO NOTICE, the deposition of
        STEVEN ZEZULAK was taken on behalf of the Plaintiff at
13      600 17th Street, Suite 1800, Denver, Colorado 80202,
        on March 22, 2010, at 8:48 a.m., before Marchelle
14      Hartwig, Certified Shorthand Reporter and Notary
        Public within Colorado.
15
                         A P P E A R A N C E S
16
        For the Plaintiff:         OSBORNE J. DYKES, III, ESQ.
17                                 Fulbright & Jaworski L.L.P.
                                   370 17th Street, Suite 2150
18                                 Denver, Colorado 80202
19      For the Defendants:        STUART N. BENNETT, ESQ.
        Alberta Town Center,       Lindquist & Vennum, PLLP
20      LLC, Donald G.             600 17th Street
        Provost, and Peter         Suite 1800 South
21      M. Cudlip                  Denver, Colorado 80202
22
23
24
25
```

depo@huntergeist.com              HUNTER + GEIST, INC.              303.832.5966 / 800.525.8490

Granite Southlands v. Alberta Town Center     STEVEN ZEZULAK     3/22/2010

Page 106

```
 1        A.    Yes.
 2              MR. BENNETT:  It looks to me to be a
 3   duplicate of page 3 of Exhibit 45.  I can't quite read
 4   it because it's so small.
 5              THE DEPONENT:  It's not.  This is 132.
 6   This is 153.  This has been superseded.
 7              MR. BENNETT:  All right.  Then I withdraw
 8   my comment.
 9        Q.    (BY MR. DYKES)  Just so --
10              MR. BENNETT:  But I can't read it anyway,
11   so it's pretty irrelevant to . . .
12        Q.    (BY MR. DYKES)  Which one is earlier,
13   Exhibit 45 or Exhibit 100?
14        A.    I believe Exhibit 100 is earlier.
15        Q.    Does Alberta Town Center, LLC, currently
16   have net assets?
17        A.    No tangible property assets, no.
18        Q.    It doesn't have cash in the bank?
19        A.    A little bit, but it's very minimal.
20        Q.    If the true-up analysis were to be
21   completed and everybody agrees on it or without an
22   agreement, a judge decides on the -- a figure and/or a
23   jury, and the decision is, whether by agreement or
24   not, that Alberta owes a million dollars, more or
25   less, to Granite, does Alberta have any way to pay it?
```

Granite Southlands v. Alberta Town Center        STEVEN ZEZULAK        3/22/2010

Page 107

1    A.   Yes.
2    Q.   What would that be?
3    A.   Contributions from the three partners.
4    Q.   Okay. But without the contributions,
5    there's nothing there to pay it?
6    A.   There is not a million dollars.
7    Q.   Is there any amount, say, $100 or a
8    thousand dollars?
9    A.   I honestly don't recall how much cash is
10   in the bank at this point.
11   Q.   Well, close, though? Are we talking
12   about a minimal amount of $100,000?
13   A.   No. It's more than that. But it's about
14   100,000. It's in between.
15        MR. DYKES: Pass the witness. Thank you,
16   sir.
17        MR. BENNETT: I have no questions.
18        WHEREUPON, the within proceedings were
19   concluded at the approximate hour of 12:06 p.m. on the
20   22nd day of March, 2010.
21             *    *    *    *    *
22
23
24
25

Page 109

REPORTER'S CERTIFICATE

STATE OF COLORADO        )
                         ) ss.
CITY AND COUNTY OF DENVER )

     I, MARCHELLE HARTWIG, Certified Shorthand Reporter and Notary Public, State of Colorado, do hereby certify that previous to the commencement of the examination, the said STEVEN ZEZULAK was duly sworn by me to testify to the truth in relation to the matters in controversy between the parties hereto; that the said deposition was taken in machine shorthand by me at the time and place aforesaid and was thereafter reduced to typewritten form; that the foregoing is a true transcript of the questions asked, testimony given, and proceedings had.

     I further certify that I am not employed by, related to, nor of counsel for any of the parties herein, nor otherwise interested in the outcome of this litigation.

     IN WITNESS WHEREOF, I have affixed my signature this 1st day of April, 2010.

     My commission expires April 19, 2013.

__X__  Reading and Signing was requested.
_____  Reading and Signing was waived.
_____  Reading and Signing is not required.