# EXHIBIT 6

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street, Denver, CO 80202 | |
| **Movant:**<br>ALBERTA TOWN CENTER, LLC, a Colorado limited liability company<br><br>v.<br><br>**Respondent:**<br>CALLISON ARCHITECTURE, INC., a Washington corporation | ▲ **COURT USE ONLY** ▲ |
| Attorneys for Movant, Alberta Town Center, LLC<br><br>Name(s):  Hubert A. Farbes, Jr. #6353<br>           Benjamin A. Kahn, # 29073<br>           Jonathan G. Pray, # 36576<br><br>Address:  BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>          410 Seventeenth Street<br>          Twenty-Second Floor<br>          Denver, Colorado  80202-4437<br><br>Phone:    303.223.1100<br>Fax:      303.223.1111<br>E-mails:  hfarbes@bhfs.com; bkahn@bhfs.com; jpray@bhfs.com | Case Number: 09-CV-9185<br><br>Div.:<br>Ctrm. |
| **ALBERTA'S RESPONSE TO MOTION TO STAY** | |

Movant, Alberta Town Center, LLC ("Alberta"), through undersigned counsel, submits the following response to the Motion to Stay filed by Granite Southlands Town Center LLC ("Granite"):

## INTRODUCTION AND SUMMARY OF ARGUMENT

In its motion, Granite asks the Court to give it something for nothing. Having failed to block the confirmation of a private Arbitration Award (in which it has no interest), Granite is

10007\150\1381334.1

now asking the Court to place the operation of a private settlement agreement (to which Granite is not a party) on indefinite hold. As security for this request, however, Granite offers just $10.00. (Mot. at 2.) This result would not only be inconsistent with the requirements of Rule 62, it would be unfair to Alberta and would make a mockery out of the long-standing rules governing the posting of supersedeas bonds in this state. For all practical purposes, a $10.00 bond does not provide any security at all, and would altogether deprive Alberta of the protections of Rule 62(d). Given the amounts of money involved in the private settlement agreement between Alberta and Callison, if the Court chooses to grant Granite a stay of Alberta's judgment, it should require Granite to post a supersedeas bond in the amount of $1 million.

## LEGAL STANDARD

Rule 62(d) governs the requirements that must be met to receive a stay pending appeal. Rule 62(d) provides that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay from the trial court subject to the exceptions contained in (a) of this Rule . . . . The stay is effective when the supersedeas bond is approved by the court." C.R.C.P. 62(d). The requirements set out in Rule 62(d) are mandatory and do not operate at the discretion of the court. See C.R.C.P. 62(d).

C.R.C.P. 121 specifies the requirements for posting a supersedeas bond:

> a) Supersedeas Bonds. Unless the court otherwise orders, or any applicable statute directs a higher amount, **the amount of a supersedeas bond to stay execution of a money judgment shall be 125% of the total amount of the judgment entered by the court (including any prejudgment interest, costs and attorneys fees awarded by the court). The amount of a supersedeas bond to stay execution of a non-money judgment shall be determined by the court.** Nothing in this rule is intended to limit the court's discretion to deny a stay with respect to non-money judgments. Any interested party may move the trial court (which shall have jurisdiction not withstanding the pendency of an appeal) for an increase in the amount of the bond to reflect

the anticipated time for completion of appellate proceedings or any increase in the amount of judgment.

C.R.C.P. 121 § 1-23(3) (emphasis added).

## ARGUMENT

The Court should deny Granite's motion because it is not consistent with either the letter or the intent of Rule 62 and Rule 121 § 1-23(3).

### I. GRANITE'S PROPOSED BOND DOES NOT COMPLY WITH THE REQUIREMENTS OF THE RULES.

The Court should deny Granite's motion first because a $10.00 bond does not comply with the requirements of C.R.C.P. 121 § 1-23(3). As Alberta has described in the past, Granite is a third party with no interest in either the Arbitration Award that the Court confirmed on January 16, 2010, or the claims that Alberta asserted against Defendant Callison Architecture, Inc. ("Callison") in the underlying private Arbitration. The Arbitration Award is one aspect of a negotiated settlement of Alberta's claims against Callison -- and confirmation of the Arbitration Award by the Court is a prerequisite to a monetary settlement. Although Alberta and Callison agreed that the terms and amount of the settlement are confidential, the amount of the monetary settlement is far, far in excess of the nominal security provided by a $10.00 bond. Were Granite to comply with the requirements of C.R.C.P. 121 § 1-23(3), it would need to post a supersedeas bond far in excess of $1 million. A $10.00 bond therefore does not comply with the requirement in C.R.C.P. 121 § 1-23(3) that supersedeas bonds be in an amount that is at least 125% of the amount of the judgment being stayed.

In its Motion, Granite does not provide any explanation as to why a $10.00 superseadeas bond is appropriate under the circumstances or sufficient to protect Alberta's interests. Instead, Granite attempts to avoid the burden normally placed on appellants by Rule 62(d) by re-

characterizing the judgment in favor of Alberta as "non-monetary" – which would give the Court discretion under C.R.C.P. 121 § 1-23(3) to determine the amount of the supersedeas bond. (Mot. at 2.) As described above, however, the judgment that Granite seeks to stay is not "non-monetary," but in fact involves the exchange of a substantial sum of money. Thus, the Court should require Granite to comply with Rule 121's requirements for staying monetary judgments and require Granite to post a supersedeas bond in the amount of $1 million. C.R.C.P. 121 § 1-23(3).

## II. REQUIRING A $1 MILLION BOND WOULD BE CONSISTENT WITH THE INTENT OF THE RULES GOVERNING SUPERSEDEAS BONDS.

Requiring Granite to post a $1 million supersedeas bond would also better effect the purpose and intent of C.R.C.P. 62(d) and C.R.C.P. 121 § 1-23 than a $10.00 bond. After all, the purpose of a supersedeas bond in Colorado is to protect the **non-appealing** party's rights during an appeal. Dependable Ins. Co. v. Auto. Warranty Co., 797 P.2d 1308, 1310 (Colo. Ct. App. 1990). And because a stay of a judgment pending appeal "operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances." Muck v. Arapahoe County Dist. Court, 814 P.2d 869, 873 (Colo. 1991).

In sharp contrast to these principles, Granite's motion appears to be little more than an effort to continue its interference with the performance of the private Arbitration Award and settlement between Alberta and Callison. Granite's conduct is merely a continuation of its frivolous and groundless opposition to the confirmation of the Arbitration Award in the first instance – which opposition the Court already has properly rejected. Although Granite continues to assert that it may have an interest in the Arbitration Award and the settlement agreement

between Alberta and Callison, it has never presented any facts to support this assertion. And since it first filed its motions opposing and seeking to intervene in the confirmation of Alberta's Arbitration Award, Granite has not taken any action to assert claims against Callison, to investigate the nature of any claims it may have against Callison, or to investigate the effect of the Arbitration Award on those potential claims. Instead, the only thing that Granite has done with respect to those alleged claims is attempt to use the judicial process to interfere with Alberta's Arbitration Award. As Alberta explained in its previous written submittals to the Court, this is sanctionable conduct. The Court should not endorse this conduct by approving a $10.00 supersedeas bond.

## CONCLUSION

For these reasons, Alberta requests that the Court deny Granite's Motion to Stay on the grounds that $10.00 is insufficient security to protect Alberta's interests. To the extent that the Court elects to approve a stay of the judgment obtained by Alberta, Alberta requests that the Court require Granite to post a supersedeas bond in the amount of $1 million.

Dated: March 22, 2010.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: *Jonathan G. Pray*
Hubert A. Farbes, Jr. #6353
Benjamin A. Kahn, #29073
Jonathan G. Pray, #36576

ATTORNEYS FOR CLAIMANT
ALBERTA TOWN CENTER, LLC

10007\150\1381334.1                    5

## CERTIFICATE OF SERVICE

The undersigned affirms that on this 22nd day of March, 2010, a true and correct copy of the foregoing **ALBERTA'S RESPONSE TO MOTION TO STAY** was served via Lexis-Nexis File and Serve upon the following:

David J. Arkell
Janet McDaniel
Faegre & Benson, LLP
1700 Lincoln Street, Suite 3200
Denver, CO 80203
darkell@faegre.com
JLMcDaniel@faegre.com

Osborne J. Dykes, III
Benjamin Vetter
Fulbright & Jaworski L.L.P.
370 17th Street, Suite 2150
Denver, CO 80202
jdykes@fulbright.com

Benton J. Barton
Hall & Evans LLC
1125 17th Street, Ste. 600
Denver, Colorado 80202
BartonB@HallEvans.com

Penny G. Lalonde, Paralegal