IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC AND
LAND TITLE GUARANTEE COMPANY,

    Defendants.

## PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED DISCOVERY
## FOR PRELIMINARY INJUNCTION HEARING

Granite Southlands Town Center LLC ("Plaintiff" or "Granite") submits this Emergency Motion for Expedited Discovery for Preliminary Injunction Hearing, by which Plaintiff seeks very limited discovery from Defendant Alberta Town Center, LLC ("Defendant" or "Alberta"). Plaintiff requested Defendant's agreement to provide this discovery, but Defendant refused.[1]

### SUMMARY OF MOTION

Plaintiff seeks very limited discovery (one deposition on 5 topics and 4 document requests) from Defendant to prepare for the scheduled Preliminary Injunction. Plaintiff needs this essential information to prepare for the hearing and protect itself against a "trial by ambush."

The Court issued a Temporary Restraining Order and has set a Preliminary Injunction Hearing for September 28, 2011 (Docket #203).[2] Plaintiff requested the injunctive relief out of concern that Defendant has very limited assets and, but for funds recently received as the result

---

[1] A copy of Plaintiff's correspondence requesting the discovery is attached hereto as <u>Exhibit A</u>. Defendant's counsel responded to Plaintiff's counsel by e-mail on September 23, 2011, indicating Defendant will oppose the requested discovery.

[2] It appears the hearing will be moved to September 29, 2011.

of a settlement, does not appear to be in a position to pay Plaintiff the attorneys' fees awarded by this Court in its Final Judgment (Docket #198). The Temporary Restraining Order enjoins Defendant, which is not an operating company, and related individuals and entities from dissipating, or further dissipating, $700,000 of the funds received in the settlement, which approximates the amount Plaintiff is requesting for its attorneys' fees, expenses, and costs.

Defendant has refused to provide Plaintiff with very limited discovery on issues relating directly to Plaintiff's request for a Preliminary Injunction. Without this discovery, Plaintiff will not have an opportunity to inquire into these essential topics until the Preliminary Injunction hearing. The Federal Rules of Civil Procedure go to great lengths to prevent this sort of "trial by ambush." *See* Fed. R. Civ. P. 26.

Specifically, Plaintiff requests testimony on the following five (5) topics:

- Alberta's current financial condition, including a description of its assets, liabilities, and operations;

- Details concerning the settlement payments from Callison, including when, where, and how the money was received;

- Communications between Alberta and Callison relating to the settlement payments;

- Whether, and to whom, the Callison settlement proceeds have been paid or otherwise disbursed; and

- Where the Callison settlement proceeds currently are located, including who or what entity has the money along with the name of the bank or other financial institution and account numbers.

Plaintiff also requests that Defendant be required to produce documents responsive to the following four (4) requests, at or prior to the deposition:

- Alberta's financial statements for the past six months, including detailed statements of accounts receivable, accounts payable, and other outstanding obligations;

- Bank records and statements reflecting money received in relation to Alberta's settlement with Callison and any disbursements or payments made by Alberta in the last sixty days;

- Documents memorializing any payment obligations that Alberta has had during the past six months; and
- Communications between Alberta and Callison relating to the settlement payment.

The requested information is essential to Granite's pending application for injunctive relief and necessary for the Court to decide this matter.

## BACKGROUND

In February 2011, this Court presided over a trial between Granite and Alberta on claims arising from an Escrow Agreement between the parties. Granite prevailed on these claims at trial and, as a result, Granite is entitled to recover from Alberta the reasonable attorneys' fees and expenses it incurred in the course of litigating the claims. This Court issued a Final Judgment on September 13, 2011, confirming that Granite is entitled to its "reasonable and actual attorney's fees, expenses and costs pursuant to paragraph 12 of the Escrow Agreement and D.C.COLO.LCivR 54.1." Final Judgment (Docket #198). Accordingly, Granite filed a Motion for Attorneys' Fees and Expenses, currently pending, in which it seeks to recover approximately $685,000 of fees and expenses incurred in this litigation. (Docket # 199). Granite will submit a Bill of Costs for an additional approximately $11,000.

An order granting Granite's request for its reasonable attorneys' fees and expenses would be valueless if Alberta has no assets or funds from which to satisfy a judgment. As of January 2010, Alberta had no substantial assets or ongoing operations, existing solely "for the purpose of resolving this lawsuit." *See* Deposition of Peter Cudlip at 11:6-14, attached hereto as <u>Exhibit B</u>. As of March 2010, Alberta had no "tangible property assets," and "minimal" cash in the bank. *See* Deposition of Steven Zezulak at 106:15-19, attached hereto as <u>Exhibit C</u>. Without operations or assets, Alberta's only potential sources of income would appear to be outside

infusions of capital. Granite is entitled to more recent information prior to the Preliminary Injunction hearing.

Granite recently learned that Alberta received a substantial settlement payment from Callison Architecture, Inc. ("Callison") in early September 2011, as the result of settling an arbitration proceeding. Granite filed an Application for Temporary Restraining Order and Preliminary Injunction Hearing asking the Court to maintain the status quo by preventing Alberta from distributing or otherwise dissipating $700,000 of the funds Alberta received from Callison until Granite's Motion for Attorneys' Fees and Expenses is decided. The Court granted Granite's request for a Temporary Restraining Order (Docket #203). The discovery requested in this motion is necessary for Granite to prepare for the Preliminary Injunction hearing.

## ARGUMENT AND AUTHORITY

This Court may allow expedited discovery upon a good showing of "good cause" to justify the order. *See Pod-Ners, LLC v. N. Feed & Bean*, 204 F.R.D. 675, 676 (D. Colo. 2002). Many courts have found that expedited discovery is often particularly appropriate when a party is seeking a preliminary injunction. *Pod-Ners*, 204 F.R.D. at 676 ("[E]xpedited discovery is appropriate 'in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction.'"); *Am. Legalnet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) ("The good cause standing may be satisfied where a party seeks a preliminary injunction." (quotation marks omitted)). Expedited discovery mirrors the "expedited nature of injunctive proceedings." *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996). That said, "[e]xpedited discovery should be limited . . . and narrowly tailored to seek information necessary to support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB, 2011 WL 9293 at *2 (D.Colo. Jan. 3, 2011).

Good cause is present here. The discovery Granite is requesting bears directly on the issues underlying the injunctive relief that Granite seeks. Granite's requests also are narrowly tailored to that information necessary to support its request for injunctive relief. Granting this Motion will not impose a substantial burden on or unduly prejudice Alberta. The deposition would occur at the office of Alberta's counsel, and would be unlikely to last more than half-a-day. The documents sought consist of records regularly maintained in the course of business, and are clearly relevant and subject to production in this proceeding. Any prejudice Alberta may suffer from responding to this discovery earlier than otherwise required is outweighed by the irreparable harm which Granite would suffer if it is unable to obtain the requested information in time to prepare for the preliminary injunction hearing.

## CONCLUSION

For the reasons set forth above, Granite requests that the Court compel Defendant Alberta to provide the testimony and documents requested herein at least one full day before the preliminary injunction hearing.

DATED: September 23, 2011

Respectfully submitted,

*/s/ Paul Trahan*
OSBORNE J. DYKES, III
BENJAMIN M. VETTER
LUCY ARNOLD
FULBRIGHT & JAWORSKI L.L.P.
370 Seventeenth Street, Suite 2150
Denver, CO  80202
(303) 801-2700 – Telephone
(303) 801-2777 – Facsimile
jdykes@fulbright.com
bvetter@fulbright.com

PAUL TRAHAN
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX  78701
(512) 474-5201 – Telephone
(512) 536-4598 – Facsimile
ptrahan@fulbright.com

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to attorneys for plaintiffs at the following e-mail addresses:

> Stephen L. Waters swaters@rwolaw.com
> Kimberly A. Bruetsch kbruetsch@rwolaw.com
> ROBINSON WATERS & O'DORISIO, P.C.
> 1099 18th Street, Suite 2600
> Denver, CO 80202
> *Attorneys for Land Title Guarantee*
>
> Stuart N. Bennett sbennett@joneskeller.com
> JONES & KELLER, P.C.
> 1999 Broadway, Suite 3150
> Denver, CO 80202
> *Attorneys for Alberta Town Center, LLC*

/s/ Paul Trahan