

Jun 30 2011
8:00AM

| Colorado Court of Appeals<br>101 West Colfax Avenue, Suite 800<br>Denver, CO 80202 | **COPIES MAILED TO<br>COUNSEL OF RECORD**<br>Tr. Ct. Judge    Tr. Ct. Clerk |
|---|---|
| Denver District Court<br>2009CV9185 | AND _____<br>ON _____<br>BY _____ |
| **Plaintiff-Appellee/Cross-Appellant:**<br><br>Alberta Town Center, LLC,<br><br>**v.**<br><br>**Defendant-Appellee:**<br><br>Callison Architecture, Inc,<br><br>**and**<br><br>**Intervenor Appellant/Cross Appellee:**<br><br>Granite Southlands Town Center, LLC. | Court of Appeals Case<br>Number:<br>2010CA443 |

| ORDER DENYING PETITION FOR REHEARING |
|---|

The **PETITION FOR REHEARING** filed in this appeal by:
Granite Southlands Town Center, LLC, Intervenor Appellant/Cross Appellee

IT IS THIS DAY ORDERED that said Petition shall be, and the same hereby is, DENIED.  OPINION MODIFIED AND PETITION FOR REHEARING IS **DENIED**.

Issuance of the Mandate is stayed until: August 1, 2011.

If a Petition for Certiorari is timely filed with the Supreme Court of Colorado, the stay shall remain in effect until disposition of the cause by that Court.


DATE: JUNE 30, 2011

BY THE COURT:



**EXHIBIT**

A

Judge Fox
Judge Graham
Judge Bernard

COLORADO COURT OF APPEALS



Jun 30 2011
8:00AM

Court of Appeals No. 10CA0443
City and County of Denver District Court No. 09CV9185
Honorable Robert S. Hyatt, Judge

Alberta Town Center, LLC,

Plaintiff-Appellee and Cross-Appellant,

v.

Callison Architecture, Inc.,

Defendant-Appellee,

and

Granite Southlands Town Center, LLC,

Intervenor-Appellant and Cross-Appellee.

---

ORDER AFFIRMED

Division IV
Opinion by JUDGE FOX
Graham and Bernard, JJ., concur

Opinion Modified and
Petition for Rehearing DENIED

**NOT PUBLISHED PURSUANT TO C.A.R. 35(f)**
Announced May 19, 2011

---

Jones & Keller, P.C., Stuart N. Bennett, Steven R. Kabler, Denver, Colorado, for Plaintiff-Appellee and Cross-Appellant

Faegre & Benson, LLP, J. David Arkell, Denver, Colorado; Lane Powell, P.C., James B. Stoetzer, Seattle, Washington, for Defendant-Appellee

Fulbright & Jaworski, L.L.P., Benjamin Vetter, Osborne J. Dykes, III, Denver, Colorado, for Intervenor-Appellant and Cross-Appellee

**PAGE 2, LINE 12 – PARAGRAPH CURRENTLY READS:**

On April 24, 2009, Callison filed a motion asking the arbitration panel summarily to find that Granite, the current owner of the Property, was the real party in interest concerning the arbitration claims.  Granite did not ask to be substituted for Alberta.  On July 29, 2009, the panel denied Callison's motion.

**PARAGRAPH IS MODIFIED TO READ AS FOLLOWS:**

On April 24, 2009, Callison filed a motion asking the arbitration panel summarily to find that Granite, the current owner of the Property, was the real party in interest concerning the arbitration claims.  Granite did not attempt to intervene or ask to be substituted for Alberta.  On July 29, 2009, the panel denied Callison's motion.

**PAGE 4, LINE 9 – PARAGRAPH CURRENTLY READS:**

The arbitration here involved a contract dispute between Alberta and Callison regarding construction defects of the Property. The Award purports to settle all "issues and claims asserted or that were assertable."  The operative contract allows consolidation, or joinder of "other entities or persons," but Granite did not attempt to

join or be joined in the arbitration.  In addition, the operative

arbitration rules allow additional parties to participate.  *See*

Construction Industry Arbitration Rules and Mediation Procedures

Rule 7.  Although Callison requested to have Granite substituted,

Granite's absence from, and silence during, the arbitration may

have hindered Callison's request, which was ultimately denied.  In

fact, the Award reveals that the panel considered the fact that

"Granite has been notified about the pendency of this proceeding

but has not intervened."

**PARAGRAPH IS MODIFIED TO READ AS FOLLOWS:**

The arbitration here involved a contract dispute between

Alberta and Callison regarding construction defects of the Property.

The Award purports to settle all "issues and claims asserted or that

were assertable."  The operative contract allows consolidation, or

joinder of "other entities or persons," but Granite did not attempt to

join or be joined in the arbitration.  In addition, the operative

arbitration rules contemplate that additional parties may be asked

to participate in the proceedings.  *See* Construction Industry

Arbitration Rules and Mediation Procedures Rule 7.  Callison's

"Motion for Summary Judgment Dismissal of Alberta's Claims for

Lack of True Party in Interest and Request for Sanctions," seeking to have Granite declared the real party in interest effectively operated as an invitation to Granite to seek intervention.  The Award itself reveals that the panel expressly considered the fact that "Granite has been notified about the pendency of this proceeding but has not intervened."  Thus, it is apparent that Granite's failure to request that intervention did not help Callison's efforts.

**PAGE 6, LINE 16 – PARAGRAPH CURRENTLY READS:**

Granite erroneously argues that because it could not intervene in the underlying arbitration, it needed to intervene in the confirmation proceedings.  The record refutes this claim.  Alberta and Callison's contract supplies the option of consolidation, or joinder of "other entities or persons," but that option was not exercised.  Callison's motion to substitute Granite for Alberta was denied and Granite did not timely assert its claimed interest during the arbitration proceedings.

**PARAGRAPH IS MODIFIED TO READ AS FOLLOWS:**

Granite erroneously argues that because it could not intervene in the underlying arbitration, it needed to intervene in the

confirmation proceedings.  The record refutes this claim.  Alberta and Callison's contract supplies the option of consolidation, or joinder of "other entities or persons," but that option was not exercised.  Callison's motion to name Granite as the real party in interest was denied and Granite did not timely assert its claimed interest during the arbitration proceedings.

Granite Southlands Town Center, LLC (Granite), appellant/cross-appellee, contends that the district court erred in denying its motion to intervene in a proceeding to confirm the award (the Award) entered in arbitration between Alberta Town Center, LLC (Alberta), plaintiff-appellee/cross-appellant, and Callison Architecture, Inc. (Callison), defendant-appellee.  We disagree and therefore affirm the order.  Granite also asserts that the district court erred in confirming the Award.  We do not address that issue.

## I.  Facts and Procedural History

In 2004, Alberta, a developer, contracted with Callison, an architectural design firm, for work at the Southlands Town Center Project (the Property).  The contract contained the following arbitration provision:

> In the event of any dispute arising among the parties, the parties hereby agree that if the dispute cannot be settled through direct negotiation between the parties then . . . the dispute shall [be] resolved and decided by binding arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association . . . .
>
> Any arbitration arising out of or relating to the dispute may include by consolidation, join[d]er or in any other

1

manner any other entities or persons whom [the] parties believe to be substantially involved in a common question of fact or law.

While arbitrating design defect claims, Alberta sold the Property to Granite in 2008.  In March 2009, Granite was notified of the arbitration proceedings and promptly sued Alberta and its principals in federal court.  Ultimately, part of that suit was dismissed.

On April 24, 2009, Callison filed a motion asking the arbitration panel summarily to find that Granite, the current owner of the Property, was the real party in interest concerning the arbitration claims.  Granite did not attempt to intervene or ask to be substituted for Alberta.  On July 29, 2009, the panel denied Callison's motion.

Alberta and Callison settled their remaining arbitration issues and the panel granted the final Award on September 22, 2009.  The Award incorporated the panel's ruling that Alberta, and not Granite, was the "real party in interest regarding any claims asserted or that were assertable in this proceeding."  Granite was notified of the Award incorporating the summary ruling on September 23, 2009.

2

On September 28, 2009, Alberta filed a motion to confirm the arbitration award with the district court.  Granite then asked to intervene in the proceeding.  The district court denied Granite's request to intervene and confirmed the award.  Granite then filed this appeal challenging the district court's (1) denial of its motion to intervene in the confirmation proceedings; and (2) confirmation of the Award.  Alberta cross-appealed.

Because Granite never intervened, we will not reach the question of whether the Award was improvidently affirmed, and we need not address the cross-appeal.[1]

## II. Granite's Efforts to Intervene

Pursuant to C.R.C.P. 24 an applicant may intervene when (1) the applicant claims an interest relating to the property which is the subject of the action; (2) the disposition of the action may impair or impede the applicant's ability to protect that interest; and (3) the applicant's interest is not adequately represented by the existing parties.  *Feigin v. Alexa Group, Ltd.,* 19 P.3d 23, 26 (Colo. 2001).

---

[1] The only issue before us is whether Granite should have been permitted to intervene.

Although our supreme court has held that C.R.C.P. 24 should be
liberally interpreted, *Feigin*, 19 P.3d at 27, if any factor is missing,
there is no absolute right of intervention. *Denver Chapter of Colo.*
*Motel Ass'n v. City & County of Denver*, 150 Colo. 524, 528 374 P.2d
494, 496 (1962). A substantive denial of a motion to intervene as of
right is reviewed de novo. *Feigin*, 19 P.3d at 28; *Andrikopoulos v.*
*Minnelusa Co.*, 911 P.2d 663, 667 (Colo. App. 1995), *aff'd*, 929 P.2d
1321 (Colo. 1996).

The arbitration here involved a contract dispute between
Alberta and Callison regarding construction defects of the Property.
The Award purports to settle all "issues and claims asserted or that
were assertable." The operative contract allows consolidation, or
joinder of "other entities or persons," but Granite did not attempt to
join or be joined in the arbitration. In addition, the operative
arbitration rules contemplate that additional parties may be asked
to participate in the proceedings. *See* Construction Industry
Arbitration Rules and Mediation Procedures Rule 7. Callison's
"Motion for Summary Judgment Dismissal of Alberta's Claims for
Lack of True Party in Interest and Request for Sanctions," seeking

4

to have Granite declared the real party in interest effectively operated as an invitation to Granite to seek intervention. The Award itself reveals that the panel expressly considered the fact that "Granite has been notified about the pendency of this proceeding but has not intervened." Thus, it is apparent that Granite's failure to request that intervention did not help Callison's efforts.

Granite argues that, as it is the current owner of the Property, the Award may have a preclusive effect on its ability to bring future claims against Callison, and may increase the cost of subsequent litigation. However, Granite's motion to intervene never specified actual or current claims that it had been or would be barred from bringing against Callison, but asserted only the possibility of impairment to some future potential claims.[2]

Because the asserted interest is nebulously defined, Granite's claim of future impediment or impaired ability to protect its undefined interest is similarly vague. *Bd. of Dirs. v. Nat'l Union Fire*

---

[2] Although the parties reference a federal suit against Alberta, the record does not show whether Granite has ever sued Callison. During oral argument, the parties disclosed that Granite is pursuing claims in the Eighteenth Judicial District against Callison.

5

*Ins. Co.*, 105 P.3d 653, 656 (Colo. 2005) ("The mere possibility of a future claim is not an appropriate predicate for the exercise of judicial power."); *see Bd. of Cnty. Comm'rs v. Park Cnty. Sportsmen's Ranch, LLP*, 45 P.3d 693, 698 (Colo. 2002) (jurisdiction for declaratory judgment exists only if the case contains a currently justiciable issue, rather than the mere possibility of a future claim). And if Callison were to use the confirmation of the Award to assert issue preclusion against Granite,[3] perhaps Callison might equally rely on the arbitration Award itself, whether or not confirmed, to support the same defense.

Finally, Granite claims that Alberta and Callison did not adequately represent its interest in the arbitration. We agree that Granite should have represented its own interest, if any, in the underlying arbitration.

As Granite has not established that it had more than a hypothetical interest, if any, in the confirmation of the arbitration Award between Alberta and Callison, *see Nat'l Union Fire Ins.*, 105

---

[3] We express no opinion as to the merit of any such defense.

6

P.3d at 656, we hold it was not error for the district court to deny Granite's motion to intervene as of right.

Granite erroneously argues that because it could not intervene in the underlying arbitration, it needed to intervene in the confirmation proceedings. The record refutes this claim. Alberta and Callison's contract supplies the option of consolidation, or joinder of "other entities or persons," but that option was not exercised. Callison's motion to name Granite as the real party in interest was denied and Granite did not timely assert its claimed interest during the arbitration proceedings.

For the same reasons, we find no abuse of discretion in the district court's denial of Granite's motion for permissive intervention. *Feigin*, 19 P.3d at 27.

Because Granite never intervened, we do not need to reach any remaining issues.

The district court's order denying Granite's motion to intervene in the proceedings to confirm the arbitration award is affirmed.

JUDGE GRAHAM and JUDGE BERNARD concur.

LexisNexis File & Serve                                                      Page 1 of 2

**LexisNexis** *File & Serve*                    Jones & Keller PC | Resource Center | File & Serve Preferences

❙ **Home** ❙❘ **Filing & Service** ❙ **Alerts** ❙❚ **Search** ❙❙                                    ▸

**Transaction 38430092**

Printable Version   Transaction Report          <<Previous transaction   Next transaction>>

---

**Case number:** 10CA0443 [View Case History]                     Served only (public) at 6/30/2011 8:00 AM MDT

**Case name:** Alberta Town Center, LLC v. Granite Southlands Town          **Linked Case(s):**   2009CV9185 [View Case
Center, LLC                                                                                        History]

**Court:** CO Court of Appeals

**Judge:** Clerk, Appeals

⊙ View all document(s) as a list   ⊙ View document(s) inline

⊟ **Document List (2)**   **Total Statutory Fees: $0.00**

**Main Document, 2 pages   ID: 49271815**
Document History | PDF Format | Original Format

| | | |
|---|---|---|
| **Document type:** | Order (COA) | **Clerk review status/action:**   N/A |
| **Security:** | Public | |
| **Statutory fee:** | $0.00 | |
| **Document title:** | Order of the Court | |

**Main Document, 12 pages   ID: 49271816**
Document History | PDF Format | Original Format

| | | |
|---|---|---|
| **Document type:** | Opinion (COA) | **Clerk review status/action:**   N/A |
| **Security:** | Public | |
| **Statutory fee:** | $0.00 | |
| **Document title:** | Modified Opinion | |

⊟ **Parties and Recipients   View Read Status** ⓘ
⊟ **Sending Parties (1)**

| ▲Party | Party Type | Attorney | Attorney Type | Firm |
|---|---|---|---|---|
| N/A | N/A | Clerk, Appeals | Primary Judge | CO Court of Appeals |

⊟ **Recipients (6)**

1-6 of 6 recipients

| ▲Party | Party Type | Attorney | Firm | Delivery Status | Delivery Method | Type |
|---|---|---|---|---|---|---|
| ALBERTA TOWN CENTER LLC | Appellee | Stuart Bennett | Jones & Keller PC | 6/30/2011 8:00 AM MDT | E-Service | Service |
| ALBERTA TOWN CENTER LLC | Appellee | Steven Kabler | Jones & Keller PC | 6/30/2011 8:00 AM MDT | E-Service | Service |
| Callision Architecture Inc | Appellee | J David Arkell | Faegre & Benson LLP-Colorado | 6/30/2011 8:00 AM MDT | E-Service | Service |
| Callision Architecture Inc | Appellee | James B Stoetzer | Stoetzer, James B | In Progress > 24 hours | U.S. Mail | Service |
| GRANITE SOUTHLANDS TOWN CENTER LLC | Appellant | Osborne Jeff Dykes | Fulbright & Jaworski LLP-Denver | 6/30/2011 8:00 AM MDT | E-Service | Service |

LexisNexis File & Serve                                    Page 2 of 2

| GRANITE SOUTHLANDS TOWN CENTER LLC | Appellant | Benjamin Vetter | Fulbright & Jaworski LLP-Denver | 6/30/2011 8:00 AM MDT | E-Service | Service |

1-6 of 6 recipients

⊞ **Additional Recipients (0)**
⊟ **Courtesy Copy Recipients (0)**

                    none available

⊟ **Sender Information**

Submitted by:          David Rosset, CO Court of Appeals

Authorizer:            Appeals Clerk, CO Court of Appeals

                                             <<Previous transaction      Next transaction>>

 **LexisNexis®**   | About LexisNexis | Terms & Conditions | Privacy | Customer Support - 1-888-529-7587
Copyright © 2011 LexisNexis®, a division of Reed Elsevier Inc. All rights reserved.