IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER, LLC,

        Plaintiff

v.

ALBERTA TOWN CENTER, LLC,
LAND TITLE GUARANTEE COMPANY,

        Defendants.

---

### AFFIDAVIT OF BENJAMIN A. KAHN, ESQ.

---

| | |
|---|---|
| STATE OF COLORADO | ) |
| | ) ss: |
| CITY AND COUNTY OF DENVER | ) |

        Before me, the undersigned Notary Public, did personally appear, Benjamin A. Kahn and being first duly sworn, deposed and stated the following:

        1.    My name is Benjamin A. Kahn. I am over the age of 18 years, have personal knowledge of the matters set forth herein and would be competent to testify if called as a witness in this matter.

        2.    I am a shareholder at the firm of Brownstein, Hyatt, Farber, Schreck, LLP ("BHFS") and am duly admitted to practice law in the State of Colorado and in the United States District Court for the District of Colorado.

        3.    During 2007, BHFS was retained by Alberta Town Center, LLC ("Alberta") to investigate and pursue potential claims against Callison Architecture, Inc. ("Callison"). I was the BHFS litigation shareholder responsible for the daily case management of that engagement.

        4.    After a contractually mandated mediation failed to resolve Alberta's claims, Alberta commenced an arbitration against Callison alleging design errors and omissions (the "Arbitration"). Alberta's claims sought recovery of amounts that Alberta spent during construction as a result of design errors and omissions by Callison. Alberta's claims did not seek

{JK00310989.1 }


EXHIBIT D

any damages in connection with future or anticipated costs or diminution in the value of the property. BHFS diligently prosecuted Alberta's claims against Callison in the Arbitration.

5.      In April 2009, Callison moved the Arbitration Panel to find that Granite Southlands Town Center, LLC ("Granite") was the real party in interest with respect to Alberta's claims in the Arbitration (the "Real Party in Interest Motion"). In July 2009, the Arbitration Panel denied the Real Party in Interest Motion.

6.      Thereafter, Alberta and Callison settled their respective claims against each other and executed a written settlement agreement (the "Settlement Agreement"). A condition of the settlement was that the Arbitration Panel enter a final award affirming its ruling on the Real Party in Interest Motion.

7.      In March or April 2009, Callison provided Granite with copies of pleadings and discovery from the Arbitration. Granite did not seek to intervene or join in the arbitration, and never asserted any claims on its own behalf in the arbitration.

8.      In September 2009, the Arbitration Panel entered a final arbitration award (the "Final Award") finding that, as a matter of law, Alberta was the real party in interest for its claims against Callison. Shortly thereafter, Alberta moved to confirm the Final Award in the Colorado District Court for the City and County of Denver ("Denver District Court").

9.      Granite then filed a motion to intervene in the Denver District Court confirmation proceeding asserting the right to "take discovery concerning the precise claims and defenses asserted by Alberta and Callison and the terms of their settlement . . . ." Although Granite was not granted leave to intervene, Granite also filed a document called "Initial Response to Unopposed Motion for Confirmation" arguing that the Denver District Court should deny confirmation.

10.     Following a hearing, the Denver District Court denied Granite's motion to intervene and granted Alberta's motion to confirm the Final Award.

11.     Alberta incurred substantial attorney fees and costs in connection with BHFS' representation in the Arbitration and subsequent proceedings in Denver District Court. These fees and costs were needlessly increased by Granite's motion to intervene and opposition to confirmation of the Final Award.

12.     Granite subsequently appealed the denial of its motion to intervene to the Colorado Court of Appeals. Alberta was represented in Granite's appeal by Jones & Keller, P.C. During the appeal, Alberta incurred additional BHFS attorney fees and costs in connection with BHFS' role as counsel for Alberta in the underlying Arbitration.

13.     Ultimately, the attorney fees and costs that Alberta owed to BHFS and vendors associated with the Arbitration exceeded the amount of Alberta's settlement with Callison.

14. Callison and its insurer withheld payment of the settlement proceeds pending the final resolution of Granite's appeal, with interest accruing. During September 2011, Granite's appellate efforts came to a close when it failed to file a petition for a writ of certiorari with the Colorado Supreme Court after obtaining a filing extension. I understand that Alberta then received a payment from Callison's insurance carrier (the "Settlement Payment"). That payment constituted funds that Alberta received as a result of BHFS' work on Alberta's behalf. Indeed, the Settlement Agreement directed Callison's insurer to wire the Settlement Payment directly to BHFS.

15. BHFS was entitled to a statutory charging lien against any funds that Alberta received as a result of BHFS' work on this matter – including the Settlement Payment. Colo. Rev. Stat. § 12-5-119 ("All attorneys . . . shall have a lien on any money . . . in their hands, on any judgment they may have obtained or assisted in obtaining, in whole or in part . . . ."). BHFS and Alberta agreed that BHFS would accept payment of a sum certain (the "BHFS Payment") in satisfaction of BHFS' outstanding costs and fees for the work described above and in exchange for BHFS' waiver of any statutory charging lien in connection with its work.

16. Accordingly, after receiving the Settlement Payment, Alberta transferred the BHFS Payment to BHFS. The full amount of the Settlement Payment exceeded the BHFS Payment. The difference between the Settlement Payment and the BHFS Payment was less than amounts that Alberta owes to vendors in connection with the proceedings described above.

17. This affidavit does not identify the amount of the Settlement Payment because that information is confidential under the terms of the Settlement Agreement, subject to certain limited exceptions.

DATED: September 30, 2011.

*[signature]*
Benjamin A. Kahn

Subscribed and sworn to before me this 30th day of September, 2011 by Benjamin A. Kahn.

Witness my hand and official seal.

*[signature]*
Notary Public

MY COMMISSION EXPIRES 07/26/2012

{JK00310989.1}

-3-