Invoice Number: 11184051
Matter Number: 10904447
Invoice Date: May 13, 2011
Invoice Due Date: June 12, 2011

Jeremy A. Litt, Director, Legal & Comp.
BlackRock Realty Advisors, Inc.
BlackRock Realty Inc.
40 East 52nd Street
8th Floor
New York, NY 10022

## SUMMARY
## DO NOT SEND TO CLIENT

Requesting Attorney: Jane Snoddy Smith

Tax Identification Number
74-1201087

FOR PREVIOUSLY UNBILLED PROFESSIONAL SERVICES RENDERED through April 30, 2011 as follows:

Southlands Town Center Escrow AC70210076 Dispute

**INVOICE SUMMARY**

| | |
|---|---|
| FEES | $14,748.50 |
| FEE ADJUSTMENTS | ($2,212.28) |
| TOTAL FEES | $12,536.22 |
| EXPENSES AND SERVICES | $6,157.68 |
| INTERIM BILLED | $0.00 |
| INTERIM APPLIED | $0.00 |
| UNALLOCATED CREDITS BEING APPLIED | $455.00 |
| AMOUNT CURRENT INVOICE | $18,238.90 |
| OUTSTANDING INVOICES | $125,277.74 |
| NET AMOUNT DUE | $143,516.64 |

**MATTER SUMMARY**

*FEES BILLING HISTORY*
YEAR TO DATE $184,184.94
HISTORY TO DATE $1,334,161.72

*EXPENSES BILLING HISTORY*
YEAR TO DATE $23,746.84
HISTORY TO DATE $98,513.76

*TOTAL FEES AND EXPENSES BILLING HISTORY*
YEAR TO DATE $207,931.78
HISTORY TO DATE $1,432,675.48

UNALLOCATED ADVANCE BALANCE $0.00
UNAPPLIED INTERIM BILLS BALANCE $0.00

Invoice Number: 11192438
Matter Number: 10904447
Invoice Date: June 13, 2011
Invoice Due Date: July 13, 2011

Jeremy A. Litt, Director, Legal & Comp.
BlackRock Realty Advisors, Inc.
BlackRock Realty Inc.
40 East 52nd Street
8th Floor
New York, NY  10022

FULBRIGHT & JAWORSKI L.L.P.
A Registered Limited Liability Partnership
600 Congress Avenue, Suite 2400
Austin, Texas 78701
(512) 474-5201

Tax Identification Number
74-1201087

Requesting Attorney: Jane Snoddy Smith

Southlands Town Center Escrow AC70210076
Dispute (Attorneys' Fees)

FOR PREVIOUSLY UNBILLED PROFESSIONAL SERVICES RENDERED through May 31, 2011 as follows:

| DATE | NAME | TIME | AMOUNT | SERVICES |
|---|---|---|---|---|
| 05/04/11 | BW Patrick | 2.40 | 984.00 | Review and redact Fulbright invoices in preparation for making claim for attorneys' fees in escrow dispute. |
| 05/05/11 | BW Patrick | 3.50 | 1,435.00 | Continue review and redaction of invoices to determine amount of attorneys' fees claims in connection with escrow claim. |

TOTAL CHARGEABLE HOURS ...........................................................................................................5.90

FEES .....................................................................................................................................$2,419.00

TOTAL FEES AND EXPENSES & SERVICES............................................................................$2,419.00

TOTAL INVOICE AMOUNT DUE................................................................................................$2,419.00

BlackRock Realty Advisors, Inc.
Invoice Number: 11192438
Invoice Date: June 13, 2011
Invoice Due Date: July 13, 2011

Southlands Town Center Escrow AC70210076
Dispute (Attorneys' Fees)

\* \* \* \* \*

The following is a summary of the time dedicated and the fees charged on an average hourly rate basis to this matter by the Firm's professional staff:

| TIMEKEEPER NAME | TITLE | HOURS | RATE | FEE |
|---|---|---|---|---|
| Bryan Wesley Patrick | Sr Associate | 5.90 | $410.00 | 2,419.00 |
| TOTAL | | 5.90 | | 2,419.00 |

Invoice Number: 11192438
Matter Number: 10904447

Invoice Date: June 13, 2011
Invoice Due Date: July 13, 2011

Jeremy A. Litt, Director, Legal & Comp.
BlackRock Realty Advisors, Inc.
BlackRock Realty Inc.
40 East 52nd Street
8th Floor
New York, NY 10022

**FULBRIGHT & JAWORSKI L.L.P.**
**A Registered Limited Liability Partnership**
**600 Congress Avenue, Suite 2400**
**Austin, Texas 78701**
**(512) 474-5201**

Requesting Attorney: Jane Snoddy Smith

Tax Identification Number
74-1201087

PLEASE RETURN WITH REMITTANCE
TOTAL AMOUNT (PAYABLE IN U.S. DOLLARS) DUE BY JULY 13, 2011

Southlands Town Center Escrow AC70210076
Dispute (Attorneys' Fees)

FOR PREVIOUSLY UNBILLED PROFESSIONAL SERVICES RENDERED through May 31, 2011 as follows:

TOTAL FEES..................................................................................................................$2,419.00

TOTAL FEES AND EXPENSES & SERVICES..................................................................$2,419.00

TOTAL INVOICE AMOUNT DUE.....................................................................................$2,419.00 **

Invoice Number: 11192438
Matter Number: 10904447
Invoice Date: June 13, 2011
Invoice Due Date: July 13, 2011

Jeremy A. Litt, Director, Legal & Comp.
BlackRock Realty Advisors, Inc.
BlackRock Realty Inc.
40 East 52nd Street
8th Floor
New York, NY 10022

SUMMARY
DO NOT SEND TO CLIENT

Requesting Attorney: Jane Snoddy Smith

Tax Identification Number
74-1201087

FOR PREVIOUSLY UNBILLED PROFESSIONAL SERVICES RENDERED through May 31, 2011 as follows:

Southlands Town Center Escrow AC70210076 Dispute

**INVOICE SUMMARY**

| | |
|---|---|
| FEES | $2,419.00 |
| FEE ADJUSTMENTS | $0.00 |
| TOTAL FEES | $2,419.00 |
| EXPENSES AND SERVICES | $0.00 |
| INTERIM BILLED | $0.00 |
| INTERIM APPLIED | $0.00 |
| UNALLOCATED CREDITS BEING APPLIED | $0.00 |
| AMOUNT CURRENT INVOICE | $2,419.00 |
| OUTSTANDING INVOICES | $216,368.60 |
| NET AMOUNT DUE | $218,787.60 |

**MATTER SUMMARY**

*FEES BILLING HISTORY*
YEAR TO DATE $265,111.38
HISTORY TO DATE $1,415,088.16

*EXPENSES BILLING HISTORY*
YEAR TO DATE $34,366.26
HISTORY TO DATE $109,133.18

*TOTAL FEES AND EXPENSES BILLING HISTORY*
YEAR TO DATE $299,477.64
HISTORY TO DATE $1,524,221.34

UNALLOCATED ADVANCE BALANCE $0.00
UNAPPLIED INTERIM BILLS BALANCE $0.00

Invoice Number: 11192319
Matter Number: 10904447
Invoice Date: June 13, 2011
Invoice Due Date: July 13, 2011

Jeremy A. Litt, Director, Legal & Comp.
BlackRock Realty Advisors, Inc.
BlackRock Realty Inc.
40 East 52nd Street
8th Floor
New York, NY 10022

**FULBRIGHT & JAWORSKI L.L.P.**
A Registered Limited Liability Partnership
600 Congress Avenue, Suite 2400
Austin, Texas 78701
(512) 474-5201

Tax Identification Number
74-1201087

Requesting Attorney: Jane Snoddy Smith

Southlands Town Center Escrow AC70210076
Dispute {Escrow}

FOR PREVIOUSLY UNBILLED PROFESSIONAL SERVICES RENDERED through May 31, 2011 as follows:

| DATE | NAME | TIME | AMOUNT | SERVICES |
|---|---|---|---|---|
| 05/02/11 | LD Arnold | 0.50 | 125.00 | Prepare response to Alberta's Supplemental Authority for filing. |
| 05/02/11 | P Trahan | 1.50 | 862.50 | Prepare Response to Alberta's Citation of Supplemental Authority; review related documents. |
| 05/10/11 | OJ Dykes | 0.50 | 325.00 | Receive and review Alberta's reply in support of submission of recent authority; exchange e-mails with Mr. Trahan regarding same, including no need to file surreply. |

TOTAL CHARGEABLE HOURS ...................................................................................................2.50

FEES ..............................................................................................................................$1,312.50

TOTAL FEES AND EXPENSES & SERVICES..........................................................................$1,312.50

TOTAL INVOICE AMOUNT DUE.............................................................................................$1,312.50

BlackRock Realty Advisors, Inc.
Invoice Number: 11192319
Invoice Date: June 13, 2011
Invoice Due Date: July 13, 2011

Southlands Town Center Escrow AC70210076
Dispute {Escrow}

* * * * *

The following is a summary of the time dedicated and the fees charged on an average hourly rate basis to this matter by the Firm's professional staff:

| TIMEKEEPER NAME | TITLE | HOURS | RATE | FEE |
|---|---|---|---|---|
| Osborne J. Dykes | Of Counsel_ | 0.50 | $650.00 | 325.00 |
| Paul Trahan | Partner | 1.50 | $575.00 | 862.50 |
| Lucy D. Arnold | Associate | 0.50 | $250.00 | 125.00 |
| TOTAL | | 2.50 | | 1,312.50 |

Invoice Number: 11192319
Matter Number: 10904447

Invoice Date: June 13, 2011
Invoice Due Date: July 13, 2011

Jeremy A. Litt, Director, Legal & Comp.
BlackRock Realty Advisors, Inc.
BlackRock Realty Inc.
40 East 52nd Street
8th Floor
New York, NY 10022

**FULBRIGHT & JAWORSKI L.L.P.**
A Registered Limited Liability Partnership
600 Congress Avenue, Suite 2400
Austin, Texas 78701
(512) 474-5201

Requesting Attorney: Jane Snoddy Smith

Tax Identification Number
74-1201087

PLEASE RETURN WITH REMITTANCE
TOTAL AMOUNT (PAYABLE IN U.S. DOLLARS) DUE BY JULY 13, 2011

Southlands Town Center Escrow AC70210076
Dispute {Escrow}

FOR PREVIOUSLY UNBILLED PROFESSIONAL SERVICES RENDERED through May 31, 2011 as follows:

TOTAL FEES..................................................................................................................$1,312.50

TOTAL FEES AND EXPENSES & SERVICES..............................................................$1,312.50

TOTAL INVOICE AMOUNT DUE...............................................................................$1,312.50 **

Invoice Number: 11192319
Matter Number: 10904447
Invoice Date: June 13, 2011
Invoice Due Date: July 13, 2011

Jeremy A. Litt, Director, Legal & Comp.
BlackRock Realty Advisors, Inc.
BlackRock Realty Inc.
40 East 52nd Street
8th Floor
New York, NY 10022

SUMMARY
DO NOT SEND TO CLIENT

Requesting Attorney: Jane Snoddy Smith

Tax Identification Number
74-1201087

FOR PREVIOUSLY UNBILLED PROFESSIONAL SERVICES RENDERED through May 31, 2011 as follows:

Southlands Town Center Escrow AC70210076 Dispute

**INVOICE SUMMARY**

| | |
|---|---|
| FEES | $1,312.50 |
| FEE ADJUSTMENTS | $0.00 |
| TOTAL FEES | $1,312.50 |
| EXPENSES AND SERVICES | $0.00 |
| INTERIM BILLED | $0.00 |
| INTERIM APPLIED | $0.00 |
| UNALLOCATED CREDITS BEING APPLIED | $0.00 |
| AMOUNT CURRENT INVOICE | $1,312.50 |
| OUTSTANDING INVOICES | $192,400.60 |
| NET AMOUNT DUE | $193,713.10 |

**MATTER SUMMARY**

*FEES BILLING HISTORY*
YEAR TO DATE $241,143.38
HISTORY TO DATE $1,391,120.16

*EXPENSES BILLING HISTORY*
YEAR TO DATE $34,366.26
HISTORY TO DATE $109,133.18

*TOTAL FEES AND EXPENSES BILLING HISTORY*
YEAR TO DATE $275,509.64
HISTORY TO DATE $1,500,253.34

UNALLOCATED ADVANCE BALANCE $0.00
UNAPPLIED INTERIM BILLS BALANCE $0.00

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM (SJ)

GRANITE SOUTHLANDS TOWN CENTER LLC,
   Plaintiff,
v.

ALBERTA TOWN CENTER, LLC, and
LAND TITLE GUARANTEE COMPANY,
   Defendants.

## AFFIDAVIT OF PAUL TRAHAN

THE STATE OF TEXAS    §
            §
COUNTY OF TRAVIS    §

  BEFORE ME, the undersigned authority, on this day personally appeared Paul Trahan who, being by me duly sworn, on oath stated as follows:

  1. "My name is Paul Trahan. I am over 21 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct. I include headings to make it easier to read, but they are not part of my sworn affidavit testimony.

### Summary

  2. This affidavit concerns the attorneys' fees and expenses that Granite Southlands Town Center LLC ("Granite") incurred in relation to the escrow claims that were tried to this Court in February 2011, on which Granite prevailed ("Escrow Claims"). To summarize,

| | Hours | Average Rate | Total |
|---|---|---|---|
| Fees Already Invoiced[1] | 1497.90 | $385.27 | $580,403.32 |

---

[1] *See* Addendum B-1 and the invoices, attached as Exhibit A to Granite's Motion for Attorneys' Fees and Expenses.

86139771.3

| EXPENSES ALREADY INVOICED[2] | N/A | N/A | $54,642.80 |
|---|---|---|---|
| FEES NOT YET INVOICED[3] | 109.50 | $355.06 | $38,879.00 |
| ESTIMATE OF FUTURE FEES[4] | 30.0 | $400.00 | $12,000.00 |
| | | TOTAL | $685,925.12 |

3. As set forth in detail below, it is my opinion that the amount of work and rates charged were both reasonable and necessary. We have gone to great lengths to accurately segregate those fees and expenses relating to the Escrow Claims from the remaining fees and expenses Granite incurred in connection with the lawsuit. This affidavit is supported by a complete set of invoices with a full description of services provided in relation to the Escrow Claims. *See* Exhibit A to Granite's Motion for Attorneys' Fees.

4. An important item to note in reviewing the invoices is that Granite received a 15% discount across-the-board on the rates for all timekeepers; however, the discount is applied at the end of each invoice. Consequently, the stated rates in the invoices are overstated. They actually are 15% less than stated in the invoices.

## Qualifications & Bases for Opinions

5. I am a litigation partner at Fulbright & Jaworski L.L.P. ("Fulbright"). I have been licensed to practice law in the State of Texas since 1997. I have worked for Fulbright as a litigation attorney since 1997. I focus on complex commercial matters, and I have provided legal counsel in well over 200 matters. I have jury trial, bench trial, and arbitration experience, where I have served as both lead counsel and support counsel. The captioned lawsuit is generally the type of matter I handle, and the disputed issues in the lawsuit are the type of issues for which I typically counsel clients.

6. Fulbright served as counsel for Granite in the captioned lawsuit from the very beginning. I served as lead counsel and am personally familiar with the legal services rendered by all of the attorneys at Fulbright in relation to the lawsuit. I have been actively involved in every aspect of this case since its inception. I am familiar, more particularly for purposes of this affidavit and the related Motion for Attorneys' Fees and Bill of Costs, with the legal services provided to Granite in relation to the Escrow Claims and the corresponding fees and expenses.

---

[2] *See id.*
[3] *See* paragraphs 27 and 28 below.
[4] *See id.*

86139771.3 - 2 -

7. In formulating the opinions set forth in this affidavit, I have considered the time expended and the labor required in relation to the Escrow Claims, the amounts in controversy, the factual complexity of the case, the procedural complexity of the case, the experience, reputation, ability, and billing rates of the attorneys and legal assistants involved, the expertise required, and other criteria upon which the reasonableness of fees are based according to Rule 1.5 of the Colorado Disciplinary Rules of Professional Conduct, including the time, labor and novelty of the claims, the fact that this matter precluded Fulbright attorneys from working on other matters, and the longstanding relationship Fulbright has enjoyed with Granite and its parents and affiliates. I also have specifically considered the breadth of Alberta's discovery requests and the time limitations imposed by discovery deadlines in determining the reasonableness of certain fees incurred in responding to discovery requests.

## Legal Team

8. I have worked on a number of matters for Granite and related entities and, in the process, have come to understand Granite's business and become well acquainted with Granite's in-house counsel and management. I was introduced to Granite by my law partner Jane Snoddy Smith who, with her group, has provided transactional real estate related legal services for Granite for several years predating the dispute at issue here. My Fulbright colleague, Associate Bryan Patrick, has worked very closely with Mrs. Smith on legal matters for Granite and also is very familiar with Granite's business. Mrs. Smith and Mr. Patrick are the outside attorneys for Granite who are most familiar with the property, transactions, and agreements underlying this lawsuit and, in particular, the dispute over the escrowed funds. That is the dispute which was tried to this Court in February 2011. As such, although Mrs. Smith and Mr. Patrick do not specialize in litigation, they were indispensible to the handling of this lawsuit and, in particular, the Escrow Claims. The biographies for Mrs. Smith and Mr. Patrick are part of Exhibit D to Granite's Motion for Attorneys' Fees.

9. In addition, Jeff Dykes, Benjamin Vetter, and Lucy Arnold provided key support out of Fulbright's Denver office. Given the number of Colorado law issues. The fact that venue for the lawsuit is in Denver, Colorado and their location, it made sense to include these individuals on the team. Jeff Dykes is a Retired Partner, Mr. Vetter is a Senior Associate, and Mrs. Arnold is an Associate. Mr. Dykes has significant trial experience and is the founder of Fulbright's Denver office. He is submitting a separate affidavit in support of Granite's Motion for Attorney Fees. Mr. Vetter has significant clerkship experience and was responsible for most of the legal research and briefing in relation to the Escrow Claims, including responding to Alberta's Motion for Partial Summary Judgment on the Escrow Claims. Mrs. Arnold was added to the team in preparation for trial and played an active role in preparing for and presenting the case at trial. The biographies for these individuals are part of Exhibit D to Granite's Motion for Attorneys' Fees.

10. In addition to this core team, several additional attorneys at Fulbright provided assistance, especially with respect to document review. Alberta served expansive document requests on Granite. In order to respond to these requests, Granite collected over 200,000 documents from at least 20 sources. The review of these documents for responsiveness and privilege was time-consuming and expensive. After this review, Granite produced over 15,000 pages of documents to Alberta. Given the limited amount of time to respond to these requests,

it was necessary for Granite to rely on the services of several additional Fulbright attorneys, who are identified individually in the invoices by name, with the number of hours worked and hourly rate clearly noted. The biographies for almost all of these individuals are attached as part of <u>Exhibit D</u> to Granite's Motion for Attorneys' Fees (Tracy Stewart no longer is with Fulbright and her bio is not available).

### **Reasonableness of Hours & Rates**

11.   As detailed in the invoices attached to Granite's Motion for Attorneys' Fees, the services Fulbright provided and actually billed to Granite in relation to the Escrow Claims can be described generally as follows:

- investigating claims;
- preparing and filing pleadings and motions;
- preparing a settlement statement;
- extensive discovery and massive document review, including privilege review;
- responding to dispositive motions;
- pre-trial settlement conferences;
- pre-trial motions and trial preparation;
- presenting this matter for trial; and
- post-trial issues, including preparing claims for attorneys' fees.

12.   A true and correct summary of the fees and expenses relating to the Escrow Claims along with a general description of work is attached hereto as <u>Addendum B-1</u>.

13.   Also attached to this affidavit are two charts that provide true and correct summaries of the rates and number of hours worked by two groups of attorneys who, through June 2011, represent well over 90% of the total fees charged to Granite in relation to the Escrow Claims.

    a. The first group consists of the core team (Trahan, Smith, Patrick, Dykes, Vetter, and Arnold), whose roles are described above. The total number of hours for this core group is 1156.30 hours, for which the fees actually billed amounted to $464,766.40, representing an average hourly rate of $401.94. A true and correct summary of this information, which was extracted from the invoices, is attached as <u>Addendum B-2</u>.

    b. The second group consists of attorneys and legal assistants who managed other aspects of the lawsuit. Although the responsibilities of these other team members is detailed in the invoices, their work related in large part to document collection, review, and production. The total hours worked by these members of the team is 622.50 hours, for fees charged of $165,833.73, which amount has been paid by Granite. For reasons discussed below, for purposes of Granite's Motion for

Attorneys' Fees, these figures have been reduced by 50% to 311.25 hours and fees of $82,916.86, representing an average hourly rate of $266.40. A true and correct summary of this information, which was extracted from the invoices, is attached as <u>Addendum B-3</u>.

14. Because the attorneys with the most knowledge of Granite's business and the facts underlying the Escrow Claims are with Fulbright and located in Austin, Texas (discussed in more detail below), it was in Granite's interest to engage Fulbright and to assign attorneys, to serve as its lead counsel and in the roles of supervising and managing this lawsuit, who happen to be located in Austin, Texas.

15. The various attorneys involved in this matter served in separate and distinct roles and brought skills and familiarity that were well-suited to this lawsuit. By engaging *this* team of attorneys, Granite also avoided the need to educate a different group of attorneys about its business and, more particularly, the property, transaction, and agreements at issue regarding the Escrow Claims. Because it made sense for Granite to use attorneys in Austin, Texas, in my opinion, the reasonableness of the rates Granite paid in this lawsuit should be determined, to a large extent, from the perspective of whether the rates are reasonable in Austin, Texas.

16. The rates Granite paid in relation to the Escrow Claims ranged from $182.75 per hour to $552.50 per hour, with the less experienced attorneys generally working at a lower rate and the more experienced attorneys working at a higher rate. The standard rate for each individual attorney is reflected on the monthly invoices. Throughout Fulbright's representation, however, Granite enjoyed an across-the-board discount of 15% off Fulbright's standard rates (with the exception of the first month, when there was a 10% discount). The average hourly rate for the work performed by all Fulbright attorneys for Granite in relation to the Escrow Claims, taking the additional unbilled invoices into account, is $385.54 per hour. *See* <u>Addendum B-1</u>.

17. I have spent my entire career in Austin, Texas, and it is my professional opinion that the rates charged by Fulbright's Austin attorneys are reasonable and well in line with rates charged by other attorneys in the Austin area with similar experience, education, and for matters of this nature.

18. It is my opinion that the number of hours worked was reasonable and necessary for purposes of representing Granite in relation to the Escrow Claims. It also is my opinion that the rates charged by each of these attorneys, given their level of experience and the work they performed, was reasonable.

### Work Performed to Review & Adjust Granite's Invoices

19. A true and correct copy of Fulbright's invoices, which provide a detailed accounting and description of the work performed and actually billed in relation to the Escrow Claims, is attached to Granite's Motion for Attorneys' Fees. I have reviewed the invoices and confirmed that the work descriptions and time entries for work unrelated to the Escrow Claims has been redacted. There are instances where work performed may have related to the Escrow Claims in addition to other claims that were at issue in the lawsuit. In those instances, we went

86139771.3 - 5 -

through and reduced the time and fees by an amount that, in my judgment, was sufficient to limit the time and fees to those directly associated with the Escrow Claims.

20. Of particular note are fees associated with responding to Alberta's expansive document requests. As discussed above, this was a major (and expensive) undertaking. At the time Granite responded to Alberta's document requests, in addition to the Escrow Claims, there also was a counterclaim asserted by Alberta relating to a dispute over reconciliation of post-closing expenses. Alberta dismissed that claim shortly before trial; so, it was not part of the February 2011 trial. I reviewed Alberta's written discovery to Granite, and, based on my assessment, less than half of the request relate to the dispute over post-closing expenses (in other words, to the non-Escrow Claims). Stated differently, well over half of Alberta's document requests and other discovery related to the Escrow Claims. To account for this, and to err on the side of being conservative from Alberta's perspective, we reduced the fees Granite was actually billed for document collection, review, and production by a full 50% for purposes of the Motion for Attorneys' Fees. That discount is reflected on Addendum B-3.

21. More particularly, we cut the time of the following timekeepers in half to account for the fact that the lawsuit, and to a limited extent the discovery requests, concerned issues outside the scope of the Escrow Claims: Jennifer Sherrill, Travis Siebeneicher, Todd Hambidge, Tamsen Barrett, Holly Kipp, Hayden Briggle, Jerod Neas, Tracy Stewart, Chris Weimer, Leaf McGregor. Total fees generated by the work these Fulbright associates generated collecting, reviewing, and producing documents responsive to Alberta's document requests were $ 165,833.73. For purposes of Granite's Motion for Attorneys' Fees, that figure has been reduced by 50% and now is $82,916.86. That reduced figure is the figure included in the summary spreadsheet of Granite's legal fees. *See* Addendum B-1, Addendum B-3.

### **Granite's Legal Expenses**

22. In addition, Fulbright's invoices to Granite reflect $54,642.80 in legal expenses related to the Escrow Claims. A true and correct summary of this information, which was extracted from the invoices, is attached as Addendum B-4 along with true and correct copies of available back-up documentation. This amount includes long-distance telephone calls, facsimile costs, delivery expenses, out-of-town travel, and online research fees(including Lexis, Westlaw and Pacer). The bulk of Granite's legal expenses ($43,337.32) relate to data management fees. Granite incurred these fees in order to properly store and retain control over massive amounts of electronically stored information that was responsive, or potentially responsive, to Alberta's expansive discovery requests. From January 2010 through May 2011, Granite paid a monthly fee of $200.00 per gigabyte to host over 17 gigabytes of information in a searchable database, both to ensure proper preservation of information and to ensure ready accessibility to any potentially relevant or responsive documents. In my experience, such expenses are customary in litigation of this type and the amounts described are reasonable in light of the services provided and performed. The alternative is to charge hourly rates for legal assistants to maintain the information, which usually is more expensive for the client. Fulbright regularly itemizes and bills clients for these and similar expenses, and this practice is becoming the industry standard.

23. The expenses Granite seeks in its Motion for Attorneys' Fees are not absorbed as part of Fulbright's overhead and are the type of expenses which Fulbright routinely bills to its clients. All of the expenses sought are included on the invoices attached to Granite's Motion for Attorneys' Fees.

### Granite Attempts to Settle Before Suit is Filed

24. Before Granite filed suit, Granite's counsel reached out to Alberta's counsel to discuss the possibility of settlement. Granite's counsel also facilitated direct settlement discussions between the parties. Granite did not file the lawsuit on the Escrow Claims until these attempts at settlement failed.

### Granite Has or Will Pay All Fees It Seeks to Recover

25. Fulbright has billed Granite for all of the fees and expenditures incurred in the course of its representation in this litigation through June 2011. To date, Granite already has paid $1,440,894.60 for the services provided in relation to this lawsuit generally. A true and correct summary of invoices paid and pending is attached to this affidavit as Addendum B-5. This summary was prepared by Fulbright's accounting department at my request.

26. As to the Escrow Claims, Granite has paid $528,237.13 of the amounts invoiced by Fulbright. *See* Addendum B-5. Based on the timing of Granite's past payments in relation to this lawsuit and other matters, it is reasonable to assume, and I believe, Granite will pay the remaining $106,808.99 in full.

### Additional Fees & Expenses Not Yet Invoiced

27. The only fees Granite has incurred in relating to the Escrow Claims since the last invoice, which is dated June 13, 2011, are fees generated in September 2011 – which have not yet been invoiced. I estimate the fees Granite has incurred for September 2011, through the date of this affidavit, are $38,879.00. I calculated this figure by looking at the number of hours worked by my colleagues in September, to address issues relating to the Escrow Claims, and multiplying that number of hours by the historical discounted rates charged to Granite. My colleagues and I have worked approximately 109.50 hours in September 2011. At current discounted rates (which are the same as those reflected in the historical invoices), I estimate the fees for September will be approximately $38,879.00.

28. From this point forward, I estimate Granite will incur another $12,000 in fees in relation to the Escrow Claims, namely fees incurred in connection with pursuing attorneys' fees and expenses and the Bill of Costs.

29. My opinions are based on my qualifications, experience, and a consideration of the above referenced factors as well as a review of the invoices, pleadings and documentation exchanged by the parties."

Further affiant sayeth not.

86139771.3                                  - 7 -