IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

      Plaintiff,

v.

ALBERTA TOWN CENTER, LLC and
LAND TITLE GUARANTEE COMPANY,

      Defendants.

---

## NOTICE OF ERRATA

COMES NOW, Plaintiff Granite Southlands Town Center, LLC and files this Notice of Errata regarding the filing of Plaintiff's Motion for Attorneys' Fees and Expenses, which was e-filed with the Court on September 19, 2011, and is Docket No. 199.

In the process of breaking up Exhibit A so that it would fit within the file size limit, the attached documents were inadvertently omitted from Exhibit A.15 to the Motion for Attorneys' Fees and Expenses. By way of this Notice, Granite advises the Court and counsel of this omission and incorporates the attached to the beginning of Exhibit A.15.

Respectfully submitted,


/s/ Paul Trahan
Osborne J. Dykes, III
Benjamin M. Vetter
FULBRIGHT & JAWORSKI L.L.P.
370 Seventeenth Street, Suite 2150
Denver, CO  80202
(303) 801-2700 – Telephone
(303) 801-2777 – Facsimile
jdykes@fulbright.com
bvetter@fulbright.com

Paul Trahan
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX  78701
(512) 474-5201 – Telephone
(512) 536-4598 – Facsimile
ptrahan@fulbright.com

**Counsel for Plaintiff**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 20th day of September, 2011, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system which will send notification of such

filing to attorneys for plaintiffs at the following e-mail addresses:

Stephen L. Waters          swaters@rwolaw.com
Kimberly A. Bruetsch       kbruetsch@rwolaw.com
ROBINSON WATERS & O'DORISIO, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
*Attorneys for Land Title Guarantee*

Stuart N. Bennett          sbennett@joneskeller.com
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
*Attorneys for Alberta Town Center, LLC*


                                    */s/ Paul Trahan*
                                    Paul Trahan

BlackRock Realty Advisors, Inc.
Invoice Number: 11158183
Invoice Date: February 9, 2011
Invoice Due Date: March 11, 2011

|  |  |  | 6,954.14 |
|---|---|---|---|
| TOTAL FEES AND EXPENSES & SERVICES | | | $22,569.49 |
| TOTAL INVOICE AMOUNT DUE | | | $22,569.49 |

PREVIOUS BALANCE:

| DATE | INVOICE | BALANCE DUE |
|---|---|---|
| 11/12/10 | 11136349 | $55,612.45 |
| 11/12/10 | 11136366 | $3,564.90 |
| 12/14/10 | 11145137 | $167.69 |
| 12/14/10 | 11145139 | $3,584.02 |
| 1/12/11 | 11151559 | $9,784.17 |
| 1/12/11 | 11151566 | $828.32 |
| 1/12/11 | 11151571 | $1,881.05 |
| 1/12/11 | 11151582 | $505.75 |

|  |  | $75,928.35 |
|---|---|---|
| TOTAL AMOUNT DUE | | $98,497.84 |

BlackRock Realty Advisors, Inc.
Invoice Number: 11158183
Invoice Date: February 9, 2011
Invoice Due Date: March 11, 2011

Southlands Town Center Escrow AC70210076
Dispute {Escrow}

* * * * *

The following is a summary of the time dedicated and the fees charged on an average hourly rate basis to this matter by the Firm's professional staff:

| TIMEKEEPER NAME | TITLE | HOURS | RATE | FEE |
|---|---|---|---|---|
| Osborne J. Dykes | Of Counsel_ | 11.60 | $650.00 | 7,540.00 |
| Jane Snoddy Smith | Partner | 0.80 | $625.00 | 500.00 |
| Paul Trahan | Partner | 5.60 | $575.00 | 3,220.00 |
| Bryan Wesley Patrick | Sr Associate | 6.10 | $410.00 | 2,501.00 |
| Benjamin Matthew Vetter | Sr Associate | 1.00 | $360.00 | 360.00 |
| Lucy D. Arnold | Associate | 17.00 | $250.00 | 4,250.00 |
| TOTAL | | 42.10 | | 18,371.00 |

| | | HOURS | RATE | FEE |
|---|---|---|---|---|
| Attorney Personnel | | 42.10 | $436.37 | 18,371.00 |
| TOTAL | | 42.10 | | 18,371.00 |

** Average Hourly Rate for all Personnel

Invoice Number: 11158183
Matter Number: 10904447

Invoice Date: February 9, 2011
Invoice Due Date: March 11, 2011

Jeremy A. Litt, Director, Legal & Comp.
BlackRock Realty Advisors, Inc.
BlackRock Realty Inc.
40 East 52nd Street
8th Floor
New York, NY 10022

### FULBRIGHT & JAWORSKI L.L.P.
**A Registered Limited Liability Partnership**
600 Congress Avenue, Suite 2400
Austin, Texas 78701
(512) 474-5201

Tax Identification Number
74-1201087

Requesting Attorney: Jane Snoddy Smith

### PLEASE RETURN WITH REMITTANCE
TOTAL AMOUNT (PAYABLE IN U.S. DOLLARS) DUE BY MARCH 11, 2011

Southlands Town Center Escrow AC70210076
Dispute {Escrow}

FOR PREVIOUSLY UNBILLED PROFESSIONAL SERVICES RENDERED through January 31, 2011 as follows:

TOTAL FEES ..................................................................................................................................$18,371.00
LESS AGREED DISCOUNT...........................................................................................................(2,755.65)
TOTAL EXPENSES & SERVICES.....................................................................................................6,954.14
TOTAL FEES AND EXPENSES & SERVICES ..............................................................................$22,569.49

TOTAL INVOICE AMOUNT DUE...................................................................................................$22,569.49 **

PREVIOUS BALANCE:

| DATE | INVOICE | BALANCE DUE |
|------|---------|-------------|
| 11/12/10 | 11136349 | $55,612.45 |
| 11/12/10 | 11136366 | $3,564.90 |
| 12/14/10 | 11145137 | $167.69 |
| 12/14/10 | 11145139 | $3,584.02 |
| 1/12/11 | 11151559 | $9,784.17 |
| 1/12/11 | 11151566 | $828.32 |
| 1/12/11 | 11151571 | $1,881.05 |
| 1/12/11 | 11151582 | $505.75 |

$75,928.35

TOTAL AMOUNT DUE ..................................................................................................................$98,497.84

Invoice Number: 11167414
Matter Number: 10904447
Invoice Date: March 10, 2011
Invoice Due Date: April 9, 2011

Jeremy A. Litt, Director, Legal & Comp.
BlackRock Realty Advisors, Inc.
BlackRock Realty Inc.
40 East 52nd Street
8th Floor
New York, NY  10022

**FULBRIGHT & JAWORSKI L.L.P.**
**A Registered Limited Liability Partnership**
**600 Congress Avenue, Suite 2400**
**Austin, Texas 78701**
**(512) 474-5201**

Requesting Attorney: Jane Snoddy Smith

Tax Identification Number
74-1201087

Southlands Town Center Escrow AC70210076
Dispute {Escrow}

FOR PREVIOUSLY UNBILLED PROFESSIONAL SERVICES RENDERED through February 28, 2011 as follows:

| DATE | NAME | TIME | AMOUNT | SERVICES |
|------|------|------|--------|----------|
| 02/01/11 | OJ Dykes | 2.50 | 1,625.00 | Receive and review Alberta's pretrial submission concerning damages, voir dire, and proposed jury instructions; e-mails to Messrs. Trahan and Patrick and Ms. Smith regarding same, including Alberta's dismissal of true up claim; outline objections to proposed jury instructions; phone conferences with Mr. Patrick and Ms. Smith regarding same and regarding anticipated witnesses at trial; receive and review research memo regarding procedure for recovering damages and e-mail to Mr. Trahan regarding witness selection and attorney fees claim. |
| 02/01/11 | BW Patrick | 0.60 | 246.00 | Review of Alberta's statement of damages and voir dire questions; conference with J. Dykes concerning same. |
| 02/02/11 | OJ Dykes | 1.80 | 1,170.00 | Phone conference with Mr. Trahan regarding trial preparation, including witness selection and presentation of claims; voice message to Mr. Bennett regarding dismissal without prejudice of Alberta's true up claim; review final pretrial order, including witness and exhibit lists; begin review of designated trial exhibits. |
| 02/03/11 | OJ Dykes | 4.00 | 2,600.00 | Study contracts in relation to claims; review 2-9-09 order denying summary judgment; phone conference with Mr. Bennett regarding dismissal of true up claim, witnesses and trial presentation; memo to Ms. Smith and Messrs. Trahan and Patrick regarding same; phone conference with Mr. Patrick regarding pertinent contractual terms, including claim for attorney fees; phone conference with Ms. Smith regarding unavailability of Mr. Piekarski for trial; begin memorandum regarding trial claims and witnesses. |
| 02/03/11 | BW Patrick | 0.50 | 205.00 | Telephone conference with J. Dykes regarding estoppel |

BlackRock Realty Advisors, Inc.
Invoice Number: 11167414
Invoice Date: March 10, 2011
Invoice Due Date: April 9, 2011
Page 2

| DATE | NAME | TIME | AMOUNT | SERVICES |
|------|------|------|--------|----------|
| | | | | holdback dispute in preparation for trial. |
| 02/03/11 | J S Smith | 0.10 | 62.50 | Review witness and jury waiver; request disc from J. Dykes. |
| 02/07/11 | OJ Dykes | 1.00 | 650.00 | Receive voice message from and phone conference with Mr. Bennett regarding trial presentation and logistics matters; phone conference with Mr. Trahan regarding same, including question of whether to waive jury; continue review of documents for exhibits at trial. |
| 02/07/11 | SL Jett | 3.00 | 675.00 | Conference with P. Trahan regarding processing of trial exhibits for use in Sanction software; telephone conference with S. Viramontez regarding use of 3B Studio as vendor for processing data; telephone conference with J. Baker of 3B Studio regarding request for creation of Sanction database for use at trial; confer with P. Trahan regarding descriptive titling of trial exhibits for use during trial; renaming and gathering of additional exhibits; confer with B. Patrick and P. Trahan regarding additional exhibits not currently created or on CD containing exhibits. |
| 02/07/11 | BW Patrick | 0.90 | 369.00 | Conferences with P. Trahan and S. Jett regarding exhibits and preparations for trial. |
| 02/07/11 | J S Smith | 1.20 | 750.00 | Discussion with P. Trahan; preparation for trial preparation (jury); Sur reply. |
| 02/07/11 | P Trahan | 7.00 | 4,025.00 | Confer with local counsel about trial preparation; review issues relating to exhibits and witness preparation; prepare witness outline for Chris Silva; prepare documents for trial; review legal issues relating to remaining cause of action. |
| 02/08/11 | LD Arnold | 2.50 | 625.00 | (Escrow) Research definitions of "material" for jury instructions and to counter Alberta's proposed jury instructions; analysis of whether to submit a pre-trial statement; research deadline for offering deposition testimony at trial to prepare objections for trial. |
| 02/08/11 | OJ Dykes | 1.00 | 650.00 | Phone conferences with Mr. Trahan, including conference with Mr. Bennett regarding trial witnesses, trial exhibits, electronic display of exhibits at trial, and possible waiver of jury; further review of exhibits for trial use. |
| 02/08/11 | SL Jett | 7.80 | 1,755.00 | Telephone conference with P. Trahan regarding trial preparation tasks; upload Granite trial exhibits to 3B Studio ftp site for processing and conversion for use in Sanction; perform searches on Ringtail database to locate all Chris Silva communications; review Chris Silva binder and remove duplicates and/or irrelevant documents. |
| 02/08/11 | BW Patrick | 0.30 | 123.00 | Conference with J. Smith regarding J. Alexander's knowledge of transaction. |
| 02/08/11 | P Trahan | 4.50 | 2,587.50 | Prepare authority and materials for trial; review trial materials; confer with opposing counsel; confer with Chris Silva about trial preparation and trial; confer with Angela Kralovec regarding same. |
| 02/09/11 | CA Allen | 1.00 | 160.00 | Preparation of trial subpoenas for Joseph Bellio, Jose |

BlackRock Realty Advisors, Inc.
Invoice Number: 11167414
Invoice Date: March 10, 2011
Invoice Due Date: April 9, 2011
Page 3

| DATE | NAME | TIME | AMOUNT | SERVICES |
|------|------|------|--------|----------|
| | | | | Inclan and Thomas Blake |
| 02/09/11 | LD Arnold | 4.00 | 1,000.00 | Prepare for trial including prepare exhibits, prepare final exhibit list, prepare pretrial memorandum for court; prepare three subpoenas; arrange service of one subpoena (Land Title). |
| 02/09/11 | OJ Dykes | 4.50 | 2,925.00 | Receive and review Alberta's trial memorandum and conference and exchange e-mails with attorneys regarding reply; review exhibits to select trial exhibits and e-mail to and phone conferences with Mr. Trahan regarding same; phone conference with Mr. Trahan regarding witnesses potentially needed for authentication of exhibits and attention to issuance of subpoenas; voice message and e-mail to and phone conference with counsel for Land Title regarding accepting service of subpoena for Land Title witness Thomas Blake; begin review of depositions in preparation for trial testimony; receive and review Alberta's motion to compel attendance of Mr. Alexander at trial. |
| 02/09/11 | MH Greer | 0.30 | 180.00 | Confer with P. Trahan regarding implications and strategic considerations of bench versus jury trial. |
| 02/09/11 | SL Jett | 2.00 | 450.00 | Attention to loading and manipulation of Sanction database to dedicated laptop in anticipation of trial; confer with P. Trahan regarding Sanction database. |
| 02/09/11 | BW Patrick | 0.30 | 123.00 | Various conferences with P. Trahan, J. Smith, and litigation team in preparation for trial. |
| 02/09/11 | J S Smith | 1.70 | 1,062.50 | Review of jury trial preparation issue; review of Motion to Compel question; issue contract negotiation of etoppels. |
| 02/09/11 | P Trahan | 5.50 | 3,162.50 | Confer with Chris Silva in preparation for trial; review Motion to Dismiss filed by Alberta on the true-up claim and related order; review documents in preparation for trial; begin draft of trial brief. |
| 02/09/11 | SJ Wolf | 0.20 | 79.00 | Legal research regarding potentially different standards of review in Tenth Circuit for bench and jury trials; conference with P. Trahan regarding same. |
| 02/10/11 | CA Allen | 0.50 | 80.00 | Revisions/preparation of trial subpoenas for Joseph Bellio, Jose Inclan and Thomas Blake. |
| 02/10/11 | CA Allen | 0.50 | 80.00 | Delivery/service of trial subpoena to Thomas Blake's attorney. |
| 02/10/11 | LD Arnold | 7.10 | 1,775.00 | Prepare for trial including prepare and revise trial brief, prepare exhibits, prepare demonstrative exhibits; correspondence with opposing counsel regarding trial logistics; telephone conference with court clerk regarding logistics, possible meeting with Judge Johnson and possibilty of waiver of jury trial; correspondence to opposing counsel regarding document under protective order. |
| 02/10/11 | OJ Dykes | 4.50 | 2,925.00 | Exchange e-mails with attorneys and conferences with Mr. Trahan and Ms. Arnold regarding exhibits; phone conference with Mr. Trahan regarding need for conference |

BlackRock Realty Advisors, Inc.
Invoice Number: 11167414
Invoice Date: March 10, 2011
Invoice Due Date: April 9, 2011
Page 4

| DATE | NAME | TIME | AMOUNT | SERVICES |
|------|------|------|--------|----------|
| | | | | with court, decision to waive jury, and subpoenaing witnesses Bellio and Inclan; exchange e-mails with Mr. Bennett regarding exhibits; conference with Ms. Arnold regarding demonstrative exhibits and regarding jury instruction on materiality; review deposition testimony in preparation for trial testimony. |
| 02/10/11 | SL Jett | 0.20 | 45.00 | Confer with L. Arnold regarding missing/not provided trial exhibits. |
| 02/10/11 | BW Patrick | 2.90 | 1,189.00 | Prepare litigation team for trial; telephone conference with J. Smith, C. Silva, and P. Trahan concerning same. |
| 02/10/11 | J S Smith | 2.60 | 1,625.00 | Discussion with C. Silva; review J. Alexander questions; trial preparation preparation. |
| 02/10/11 | P Trahan | 9.00 | 5,175.00 | Prepare materials for trial; review documents regarding same; confer with Chris Silva in relation to same. |
| 02/11/11 | CA Allen | 0.10 | 16.00 | Instructions to Checkmate for service of trial subpoena on Jose Inclan and Joseph Bellio. |
| 02/11/11 | LD Arnold | 8.50 | 2,125.00 | Research and memo regarding presentation of attorneys fees; revise response to motion to compel attendance; prepare exhibits for trial; meeting with court clerk regarding trial logistics and technology; correspondence with opposing counsel regarding exhibits; prepare demonstrative exhibits. |
| 02/11/11 | OJ Dykes | 7.00 | 4,550.00 | Review depositions in preparaton for trial testimony; conferences with Mr. Trahan and Ms. Arnold regarding exhibits and witnesses for trial; exchange e-mails with Mr. Bennett regarding waiver of jury; prepare objections to Alberta's designations from A. Piekarski deposition and prepare supplemental designation; examine courtroom electronic equipment for presentation of exhibits; review and comment on trial brief and response to motion to compel Mr. Alexander to attend trial; phone conference with Ms. Breutsch, counsel for Land Title, regarding need and timing for Mr. Blake's appearance as witness at trial. |
| 02/11/11 | MH Greer | 0.30 | 180.00 | E-mail conferences with P. Trahan regarding findings of fact and conclusions of law and limine issues for bench trial. |
| 02/11/11 | BW Patrick | 0.50 | 205.00 | Conferences with team in preparation for trial. |
| 02/11/11 | J S Smith | 0.90 | 562.50 | Trial preparation; review trial preparation brief questions. |
| 02/11/11 | P Trahan | 16.00 | 9,200.00 | Review documents in preparation for trial; prepare witness outline for Chris Silva; prepare for Cudlip examination; tour courtroom; finalize and file Trial Brief; finalize and file Response to Motion to Compel Jay Alexander's presence at trial; prepare materials for opening statement; confer with the court about a jury trial versus a bench trial. |
| 02/12/11 | LD Arnold | 6.70 | 1,675.00 | Review and revise objections and designations for Piekarski deposition; draft brief objections to Alberta's recently disclosed exhibit list; prepare exhibits for trial; prepare final witness and exhibit lists for trial (required by Court); correspondence with opposing counsel regarding |

Case No. 09-cv-00799-SJ-KLM   Document 201-5-2   Filed 09/30/11   USDC Colorado   Page 11 of 131

BlackRock Realty Advisors, Inc.
Invoice Number: 11167414
Invoice Date: March 10, 2011
Invoice Due Date: April 9, 2011
Page 5

| DATE | NAME | TIME | AMOUNT | SERVICES |
|------|------|------|--------|----------|
| | | | | designations, appearance of Mr. Inclan; telephone conference with Mr. Inclan regarding appearance; prepare exhibits for trial; prepare direct examination of Mr. Blake (Land Title); prepare e-mail to Ms. Breutsch regarding Mr. Blake. |
| 02/12/11 | OJ Dykes | 5.00 | 3,250.00 | Review and comment on objections to exhibits, objections to new witnesses, and proposed findings of fact and conclusions of law, including conferences with Mr. Trahan and Ms. Arnold regarding same; conferences with attorneys regarding assignments; prepare trial plan and final preparation task list; review Inclan deposition and conferences with Ms. Arnold and Mr. Trahan regarding need for Inclan as a witness; review and comment on witness outline for Mr. Silva, including conference with Mr. Trahan regarding same. |
| 02/12/11 | BW Patrick | 1.10 | 451.00 | Conferences and e-mail correspondence with litigation team and J. Smith in preparation for trial. |
| 02/12/11 | J S Smith | 0.20 | 125.00 | Trial preparation; review of closing requirements. |
| 02/12/11 | P Trahan | 12.00 | 6,900.00 | Continue to prepare for trial; draft witness outlines; review depositions; prepare materials for opening statement; prepare Proposed Findings of Fact and Conclusions of Law. |
| 02/13/11 | LD Arnold | 9.40 | 2,350.00 | Prepare for trial (exhibits, witnesses, logistics). |
| 02/13/11 | OJ Dykes | 7.00 | 4,550.00 | Outline cross-examination of Inclan, including selection of exhibits; conference with Mr. Trahan regarding opening statement; conference with Ms. Kralovec in preparation for possible trial testimony; review and comment on Silva direct examination outline; conferences with attorneys regarding exhibit lists, witnesses to be called, and preparation for presentation of certain motions and objections; reveiw research regarding standard for materiality. |
| 02/13/11 | J S Smith | 1.60 | 1,000.00 | Review of theater damage reports; trial preparation. |
| 02/13/11 | P Trahan | 16.00 | 9,200.00 | Prepare for trial, including preparation of opening statement, preparation of Chris Silva and Angela Kralovec, review and revisions of pre-trial pleadings, preparation of demonstratives for trial and witness examinations, and review of exhibits. |
| 02/14/11 | LD Arnold | 10.00 | 2,500.00 | Prepare for and attend trial; assist at trial. |
| 02/14/11 | OJ Dykes | 8.00 | 5,200.00 | Trial of cause. |
| 02/14/11 | J S Smith | 0.20 | 125.00 | Litigation - information regarding hearing. |
| 02/14/11 | P Trahan | 11.00 | 6,325.00 | Prepare for and attend Southlands trial. |
| 02/15/11 | LD Arnold | 0.40 | 100.00 | Revise final exhibit list to show those exhibits admitted at trial; telephone conference with court clerk regarding exhibits 121-128; prepare exhibits 121-128 for filing. |
| 02/15/11 | OJ Dykes | 0.50 | 325.00 | Conference with Mr. Trahan and Ms. Arnold regarding possible motion for judgment and regarding handling and timing of proposed findings of fact and conclusions of law as required by court; receive and review Alberta's |

BlackRock Realty Advisors, Inc.
Invoice Number: 11167414
Invoice Date: March 10, 2011
Invoice Due Date: April 9, 2011
Page 6

| DATE | NAME | TIME | AMOUNT | SERVICES |
|------|------|------|--------|----------|
| | | | | designations of Jay Alexander deposition and conferences and exchange e-mails with Mr. Trahan and Ms. Arnold regarding same, including possible counterdesignations. |
| 02/15/11 | BW Patrick | 1.00 | 410.00 | Trial debrief conference with J. Smith and P. Trahan. |
| 02/15/11 | J S Smith | 0.70 | 437.50 | Review litigation statutes and hearing notes. |
| 02/15/11 | P Trahan | 8.00 | 4,600.00 | Confer with client about trial and post-trial issues and tasks; report to client and team in relation to same; unproductive travel time. |
| 02/16/11 | P Trahan | 3.20 | 1,840.00 | Begin preparation of written closing statement and related exhibits; confer with Land Title's counsel in relation to same; revise Preliminary Findings of Fact and Conclusions of Law in relation to same. |
| 02/16/11 | P Trahan | 0.80 | 460.00 | Review designations for Jay Alexander deposition and prepare objections and counterdesignations. |
| 02/17/11 | LD Arnold | 0.50 | 125.00 | Revisions to Brief Closing; communications with opposing counsel (Stu Bennett) regarding filing brief closing. |
| 02/17/11 | OJ Dykes | 0.50 | 325.00 | Review and comment on draft written closing statement to court, including exchange of e-mails with Mr. Trahan. |
| 02/17/11 | BW Patrick | 1.00 | 410.00 | Review and revise Brief Close; conference with P. Trahan concerning same. |
| 02/17/11 | P Trahan | 3.70 | 2,127.50 | Prepare written Brief Closing and associated Findings of Fact and Conclusions of Law along with related Motion for Leave to file; review documents and evidence in relation to same. |
| 02/18/11 | OJ Dykes | 0.30 | 195.00 | E-mail to Mr. Trahan regarding preparation of motion to claim attorney fees and opposition to Land Title's anticipated claim for attorney fees. |
| 02/21/11 | LD Arnold | 0.10 | 25.00 | Prepare exhibit 63 for filing. |
| 02/21/11 | OJ Dykes | 0.30 | 195.00 | Exchange e-mails with Mr. Trahan regarding presentation of attorney fee issues, including defining research issue. |

**FOR PREVIOUSLY UNBILLED PRACTICE SUPPORT PROFESSIONAL SERVICES RENDERED through February 28, 2011 as follows:#PSGTDE#**

| | | | | |
|------|------|------|--------|----------|
| 02/13/11 | RG Perez | 0.30 | 51.00 | As per request by Paul Trahan, made edits to a graphic. |

TOTAL CHARGEABLE HOURS ...............................................................................................................228.30

FEES ...................................................................................................................................................$112,269.50

LESS AGREED DISCOUNT .................................................................................................................(16,840.43)

TOTAL FEES..........................................................................................................................................$95,429.07

EXPENSES & SERVICES:

| E101S | Copy | 736.35 |
|-------|------|--------|
| E105S | Telephone | 10.92 |

BlackRock Realty Advisors, Inc.
Invoice Number: 11167414
Invoice Date: March 10, 2011
Page 7

| | | | |
|---|---|---|---|
| E107S | | Delivery services/messengers | 307.98 |
| F255S | | Online Research - Westlaw | 43.39 |
| E101 | 02/09/11 | Copy - EDOX Document Technologies Copies of Plaintiff's Trial Exhibits - 012811 Bank ID: 008 Check Number: 187703 | 161.61 |
| E101 | 02/15/11 | Copy - EDOX Document Technologies Copies of Plaintiffs' Trial Exhibits - Notebooks for court and counsel/02112011 Bank ID: 008 Check Number: 187889 | 843.57 |
| E109 | 02/28/11 | Local travel - Christine Allen 02/14/11 Parking charges to deliver/pickup exhibits to court for hearing Bank ID: 008 Check Number: 188673 VOID - Bank ID: 008 Check Number: 188673 Bank ID: 008 Check Number: 188814 | 21.00 |
| E113 | 02/22/11 | Subpoena fees - Checkmate, Inc. Delivery of trial subpoenas - Joseph M. Bellio/02212011 Bank ID: 008 Check Number: 188189 | 40.00 |
| E113 | 02/24/11 | Subpoena fees - Checkmate, Inc. Serv. of subpoena f/appearance at trial on Jose Inclan - 021511 Bank ID: 008 Check Number: 188290 | 65.00 |
| E114 | 02/17/11 | Witness fees - Jeff Dykes Trial witness fees Bank ID: 008 Check Number: 188024 VOID - Bank ID: 008 Check Number: 188024 Bank ID: 008 Check Number: 188154 | 44.77 |
| E114 | 02/17/11 | Witness fees - Gene Hamilton Witness fee - Jose Inclan Bank ID: 008 Check Number: 188042 VOID - Bank ID: 008 Check Number: 188042 Bank ID: 008 Check Number: 188154 | 62.54 |
| E114 | 02/17/11 | Witness fees - Gene Hamilton Witness fee - Joseph Bellio Bank ID: 008 Check Number: 188042 VOID - Bank ID: 008 Check Number: 188042 Bank ID: 008 Check Number: 188154 | 45.76 |
| E115 | 02/24/11 | Deposition transcripts - Adrienne Whitlow Case No. 09-cv-00799-SJJ-KLM: Deposit for transcript of 02/14/2011 trial / 10904447 Bank ID: 038 Check Number: 11152 | 250.00 |
| E117 | 02/15/11 | Trial exhibits - EDOX Document Technologies Preparation of (12) Trial Boards for exhibition at trial/02112011 Bank ID: 008 Check Number: 187892 | 969.48 |
| E123 | 02/25/11 | Other professionals - 3B Studio, Inc. For taking pdf documents, changing to tif and loading on to Sanctions database for use at trial - 02-21-11 / 10904447 Bank ID: 008 Check Number: 11192 | 435.00 |
| E124 | 02/24/11 | Other - Lucy D. Arnold 02/14/11 Demonstrative exhibits for trial Bank ID: 008 Check Number: 188677 | 211.05 |
| F264S[1] | 02/28/11 | Data Management, Maintenance & Support $200 per | 3,400.00 |

*Total Fees = 6549.78*

[1] Per GB per month fee assessed during the discovery phase of a case for matters in which the firm's Automated Litigation Support System is used to manage case documents and information. Fee includes project management and technical services to:

- Serve as a single point of contact for all aspects of a project.

- Design and develop database in which hard copy documents and electronic data are maintained.

- Support use of Automated Litigation Support System.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM (SJ)

GRANITE SOUTHLANDS TOWN CENTER LLC,

      Plaintiff,

v.

ALBERTA TOWN CENTER, LLC AND
LAND TITLE GUARANTEE COMPANY,

      Defendants.

---

**PLAINTIFF GRANITE SOUTHLANDS TOWN CENTER LLC'S
APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION HEARING**

---

COMES NOW Plaintiff Granite Southlands Town Center LLC ("Plaintiff" or "Granite"), by and through its undersigned attorneys, and moves for a Temporary Restraining Order against Alberta Town Center, LLC ("Defendant" or "Alberta") and a Preliminary Injunction Hearing under Federal Rule of Civil Procedure 65. Plaintiff's counsel provided Defendant's counsel with a draft copy of this pleading on September 20, 2011, and inquired about whether Defendant would agree to the relief sought or otherwise provide assurances that would obviate the need for the relief Granite seeks. At 4:53 pm MT, Defendant's counsel indicated by e-mail that Alberta will oppose this application.

## I.
## INTRODUCTION

Defendant has no substantial assets or ongoing operations, but Granite learned for the first time today that Defendant received substantial payments in early September 2011. Without the intervention of this Court, plaintiff Granite most likely never will collect the attorneys' fees,

expenses, and costs it is entitled to recover pursuant to the Final Judgment entered by this Court on September 13, 2011 (the "Final Judgment"). According to the Final Judgment, Granite is "entitled to recover its reasonable and actual attorneys' fees, expenses and costs . . . ." Final Judgment (Docket #198), at p. 3. Granite filed its Motion for Attorneys' Fees and Expenses on September 19, 2011 (Docket # 199) and will file its Bill of Costs shortly.

Because defendant Alberta does not have assets or generate income sufficient to pay Granite's attorneys' fees, expenses, and costs, if injunctive relief is not granted, Granite will be irreparably injured as a result of Alberta's inability to pay. Alberta's last report on its assets indicates Alberta has minimal cash and is not capable of paying the attorneys' fees and expenses for which Granite is moving. Alberta recently received substantial funds from a settlement with Callison Architecture, Inc. ("Callison") as a result of an arbitration relating to the same property at issue in this lawsuit ("Callison Arbitration"). If Alberta is allowed to dissipate the proceeds of the Callison settlement before the Court enters judgment for Granite's attorneys' fees, then Alberta will become judgment-proof and Granite will be unable to recover its attorneys' fees and costs from Alberta. Granite seeks injunctive relief to preserve both the status quo pending the outcome of the case and the Court's power to render a meaningful decision on the merits at the conclusion of this litigation.

A balancing of the equities favors Granite. As this Court has determined that Granite is entitled to recover attorneys' fees from Alberta, Granite has prevailed on the underlying merits. In the absence of injunctive relief, Granite will likely be irreparably injured by an inability to collect the attorneys' fees to which Granite is entitled according to this Court's Final Judgment. In comparison, an injunction does not pose any real threat of injury to Alberta.

Because the likelihood of success on the merits and the relative threats of injury both weigh heavily in favor of Granite, the Court should enjoin Alberta from transferring or otherwise negotiating any assets received from Alberta's settlement with Callison. More specifically, the Court should grant Granite's Proposed Temporary Restraining Order to prevent the dissipation of any funds Alberta receives in an amount sufficient to satisfy the fees and expenses sought in Granite's pending Motion for Attorneys' Fees and Expenses (Docket # 199), and issue an Order for a Preliminary Injunction Hearing on this matter.

## II.
## STATEMENT OF FACTS

### A.   ALBERTA HAS VERY LITTLE ASSETS AND NO ACTIVE OPERATIONS

Peter Cudlip, 32% owner of Alberta as well as a manager for Alberta, was deposed on January 7, 2010. Excerpts of the Deposition of Peter Cudlip ("Cudlip Depo.") are attached hereto as Exhibit 1. Mr. Cudlip testified that Alberta had "very little" assets. (Cudlip Depo., Ex. 1, p. 10, ln. 20-23). Mr. Cudlip further testified that Alberta had "some cash" (Cudlip Depo., Ex. 1, p. 10, ln. 24-25) and that Alberta's operations consist of existing for the purpose of resolving this lawsuit. (Cudlip Depo., Ex. 1, p. 11, ln. 6-14).

Steven Zezulak, the controller of Alberta, was deposed on March 22, 2010. Excerpts of the Deposition of Steven Zezulak ("Zezulak Depo.") are attached hereto as Exhibit 2. During that deposition, Mr. Zezulak was asked whether Alberta had net assets. Mr. Zezulak responded "No tangible property assets, no." (Zezulak Depo., Ex. 2, p. 106, ln. 15-17). Mr. Zezulak was then asked if Alberta had cash in the bank. Mr. Zezulak responded, "A little bit, but it's very minimal." (Zezulak Depo., Ex. 2, p. 106, ln. 18-19). When asked about Alberta's ability to pay

a possible judgment for a million dollars, Mr. Zezulak estimated that Alberta had about $100,000. (Zezulak Depo., Ex. 2, p. 106, ln. 20 – p. 107, ln. 14).

**B.**   **ALBERTA DOES NOT HAVE SUFFICIENT CAPITAL TO SATISFY ITS DEBTS**

Peter Cudlip testified that Alberta had debts generally consisting of legal fees. (Cudlip Depo., Ex. 1, p. 11, ln. 1-5). The law firm of Lindquist & Vennum, PLLP filed a Notice of Lien in this action for not less than $285,851.66, which is attached hereto as Exhibit 3. The law firm of Starrs Mihm LLP also filed a Notice of Charging Lien in this action for $23,441.15, which is attached hereto as Exhibit 4.

**C.**   **ALBERTA RECENTLY RECEIVED INCOME FROM AN ARBITRATION SETTLEMENT**

Alberta and Callison reached a settlement by which Callison or its insurer paid Alberta what Granite believes to be at least $800,000. *See* Affidavit of Paul Trahan ("Trahan Aff.") at ¶¶ 3 and 4, at Exhibit 5. Granite believes the amount of the settlement is at least $800,000. *Id.* at ¶ 5. When Granite moved to stay the Confirmation Action, Alberta filed a response in which Alberta argued that Granite should be required to post a bond "far in excess of $1 million." *Id.* at ¶ 5; see also Alberta's Response at Exhibit 6. In support of its request, Alberta cited C.R.C.P. 62(d), which under certain circumstances requires that a bond be posted that is "125% of the total amount of the judgment." *Id.*

**D.**   **GRANITE GAVE NOTICE OF THIS APPLICATION FOR INJUNCTIVE RELIEF TO ALBERTA'S COUNSEL OF RECORD**

Under Federal Rule of Civil Procedure ("FRCP") 65(b), the Court may grant a temporary restraining order without notice having been provided to the opposing party or its counsel. Nonetheless, on September 20, 2011, counsel for Granite provided notice to Alberta, and Alberta

indicated it will oppose this application as well as Granite's Motion for Attorneys' Fees.  *Id*. at ¶ 6.

## III.
## <u>APPLICABLE STANDARDS</u>

The primary purpose of injunctive relief is "to preserve the status quo pending the outcome of the case." *Tri-State Generation & Transmission Ass'n. v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986) (*citing Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)).  Courts use preliminary injunctions to try to "preserve the power to render a meaningful decision on the merits" of a case.  *Tri-State*, 805 F.2d at 355 (*citing Compact Van Equipment Co. v. Leggett & Platt, Inc.*, 566 F.2d 952, 954 (5th Cir. 1978)).

The *Erie* doctrine "does not apply to preliminary injunction standards." *Equifax Services, Inc. v. Hitz*, 905 F.2d 1355, 1361 (10th Cir. 1990).  Instead, the federal standard for injunctive relief applies.  Thus, in a motion for either temporary or preliminary injunctive relief, the four prerequisites which the moving party must establish are as follows:

> (1) substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.

*Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

Injunctive relief is evaluated on "a sliding scale that demands less of a showing of likelihood of success on the merits when the balance of hardships weighs strongly in favor of the plaintiff, and vice versa." *O Centro Espirita Beneficente Uniao do Vegetal v. Ashcroft*, 389 F.3d 973, 1002 (10th Cir. 2004) (Seymour, Circuit Judge, concurring in part and dissenting in part, joined by Tacha, Chief Judge, Porfilio, Henry, Briscoe, and Lucero, Circuit Judges) (citing *In re*

*Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). Therefore, the more likely it is that a movant will succeed on the merits, "the less the balance of irreparable harms need favor the [movant's] position." *Id.* (*citing Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)).

## IV.
## ARGUMENT

### A.    THERE IS A SUBSTANTIAL LIKELIHOOD GRANITE WILL PREVAIL ON THE MERITS

Granite has prevailed on the underlying merits of this action and is entitled to an award of its reasonable attorneys' fees and expenses from Alberta. *See* Final Judgment ("Plaintiff is also entitled to recover its reasonable and actual attorney's fees, expenses and costs pursuant to paragraph 12 of the Escrow Agreement and D.C.COLO.LCivR 54.1."); *see also* Plaintiff Trial Exhibit 20 (Escrow Agreement), ¶12 ("The prevailing party in any dispute arising from this Agreement shall be entitled to recover from the non-prevailing party its reasonable and actual attorneys' fees and expenses, including any incurred in connection with any appeal."); *Utah Women's Clinic v. Leavitt*, 75 F.3d 564, 567 (10th Cir. 1995) (*citing Buchanan v. Stanships, Inc.*, 485 U.S. 265, 267-68, (1988) (per curiam)) (attorneys' fees and costs are collateral to and separate from a decision on the merits).

### B.    ALLOWING ALBERTA TO DISSIPATE THE CALLISON SETTLEMENT PROCEEDS POSES A RISK OF IRREPARABLE HARM TO GRANITE

Difficulty in collecting a judgment for damages may support a claim of irreparable injury. *Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986) (*citing Central States, Se. & Sw. Areas Pension Fund v. Admiral Merchants Motor Freight, Inc.*, 511 F. Supp. 38, 43 (D. Minn. 1980)). In *Tri-State*, the Tenth Circuit found

86142081.3

that a trial court erred in failing to enjoin the sale of the defendant's assets pending resolution of a trial on the merits of the plaintiff's claims. *Id.* at 360. In part, the court stated that "[i]f Tri-State cannot collect a money judgment, then failure to enter the preliminary injunction would irreparably harm it." *Tri-State*, 805 F.3d at 355. Because the plaintiff was likely to suffer irreparable injury if the defendant were permitted to sell its assets—either because the plaintiff would be unable to collect damages at the end of the trial or because the plaintiff's viability as a business was threatened by sale of the defendants assets—the *Tri-State* Court enjoined the defendant from selling its assets pending a resolution on the merits. *Id.* at 355-56.

Decisions from other Courts of Appeals also support the proposition that a plaintiff suffers irreparable injury where a defendant is unable to satisfy a judgment because it becomes "insolvent before a final judgment can be entered and collected." *Roland Machinery Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984); *Central States, Se. & Sw. Areas Pension Fund v. Jack Cole-Dixie Highway Co.*, 642 F.2d 1122 (8th Cir. 1981) (affirming preliminary mandatory injunction granted by the trial court in *Central States, Southeast & Southwest Areas Pension Fund v. Admiral Merchants Motor Freight, Inc.*, 511 F. Supp. 38, 43 (D. Minn. 1980), which recognized that the difficulty of collecting a money judgment supports a claim of irreparable harm).

Here, Granite will not be able to collect damages if Alberta is allowed to dissipate the Callison settlement proceeds. In this regard, Granite's claim of irreparable injury is in a meaningful way superior to that of Tri-State's successful claim: Granite has already prevailed on the merits of its underlying claim, and now seeks its contractually provided attorneys' fees. By contrast, the merits in *Tri-State* remained undecided at the time the plaintiff sough injunctive

relief, and the court noted that the case involved "unique factual circumstances and history . . . mak[ing] the resolution of the final *question* of law a genuinely debatable issue." *Id.* at 359. Here there can be no debate that Granite is entitled to some amount of reasonable attorneys' fees and expenses, and Granite has filed its Motion for Attorneys' Fees and Expenses to determine this issue. In the interim—while the precise amount of such fees and expenses is being litigated and set by the Court—Granite would suffer irreparable injury if Alberta is not prevented from transferring or distributing proceeds it has received as a result of the Callison settlement.

## C.   RISK OF HARM TO GRANITE GREATLY OUTWEIGHS ANY POTENTIAL HARM TO ALBERTA

If Granite's proposed injunctive relief is granted, Alberta will not suffer any real harm. As Alberta's manager Peter Cudlip testified, Alberta's operations currently consist of existing for the purpose of resolving this lawsuit. (Cudlip Depo., Ex. 1, p. 11, ln. 6-14). Thus, Alberta cannot claim that the issuance of an injunction would affect its operations or business. In the unlikely event that Granite receives no award of attorneys' fees whatsoever, then the injunction bond that Granite is required to post would fully compensate Alberta for any costs or damages incurred as a result of any inability to dispose of certain funds during the period of an alleged wrongful enjoinment or restraint. *See* FRCP 65(c).

Because Granite only is seeking to enjoin Alberta's use of funds sufficient to cover its claim for attorneys' fees, expenses, and costs, for a limited amount of time, a $10,000 injunction bond will serve as sufficient protection of Alberta's interests. The total amount of attorneys' fees, expenses, and costs Granite seeks is approximately $700,000. See Granite's Motion for Attorneys' Fees and Expenses (Docket # 199). With daily interest on $700,000 accruing at 5% being $95.89 per day, a $10,000 bond would protect Alberta against lost interest for almost 15

weeks. Granite anticipates any issues relating to its attorneys' fees, expenses, and costs will be resolved within that time period.

**D.**     **ISSUING THE INJUNCTION IS NOT ADVERSE TO THE PUBLIC INTEREST**

According to Alberta's executives, Alberta does not have sufficient funds to satisfy Granite's expected attorneys' fees and does not have active operations to generate income. (Cudlip Depo, p. 11, ln. 6-14). Alberta's only apparent source of material funds is the money Alberta received as part of the Callison settlement. *Id*. The proposed injunctive relief will preserve the status quo between private parties and would not be adverse to any public interest.

**V.**
**PRAYER FOR RELIEF**

For these reasons, Granite respectfully requests the Court to:

1.     Issue a Temporary Restraining Order ENJOINING Alberta, its affiliates, agents, officers, servants, employees, representatives, attorneys, and any other individual or entity in active concert or participation with Alberta from transferring or otherwise negotiating at least $700,000 of the funds received in connection with settlement of Defendant's arbitration against Callison Architecture, Inc. ("Callison Settlement Funds");

2.     Issue a Temporary Restraining Order ORDERING Alberta, its affiliates, agents, officers, servants, employees, representatives, attorneys, and any other party in active concert or participation with Alberta to hold all or any portion of the Callison Settlement Funds in their possession, custody, or control, sufficient to total at least $700,000, until further order of this Court; and

3.     Set a Preliminary Injunction Hearing on this matter, at which Granite will request relief consistent with that requested herein along with a request that such relief remain in place until such time as issues relating to Granite's Motion for Attorneys' Fees and Expenses and Bill of Costs have been finally decided.

DATED: September 20, 2011.

Respectfully submitted,

　　*/s/  Paul Trahan*　　　　　　　　　

OSBORNE J. DYKES, III
BENJAMIN M. VETTER
FULBRIGHT & JAWORSKI L.L.P.
370 Seventeenth Street, Suite 2150
Denver, CO  80202
(303) 801-2700 – Telephone
(303) 801-2777 – Facsimile
jdykes@fulbright.com
bvetter@fulbright.com

PAUL TRAHAN
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX  78701
(512) 474-5201 – Telephone
(512) 536-4598 – Facsimile
ptrahan@fulbright.com

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on September 20, 2011, a true and correct copy of the foregoing was served upon all counsel of record via U. S. first class mail and via email as follows:

   Stephen L. Waters
   Kimberly A. Bruetsch
   Robinson Waters & O'Dorisio, P.C.
   1099 18th Street, Suite 2600
   Denver, CO 80202
   swaters@rwolaw.com
   kbruetsch@rwolaw.com
   *Attorneys for Land Title Guarantee*


   Stuart N. Bennett
   Lindquist & Vennum, P.L.L.P.
   600 – 17th Street, Suite 1800 – South
   Denver, CO 80202
   sbennett@lindquist.com
   *Attorneys for Alberta Town Center, LLC*


       */s/  Paul Trahan* _____

86142081.3

# EXHIBIT 1

Exhibit 1

Page 1

```
 1                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLORADO
 2
        Civil Action No. 09-cv-00799-ZLW-KLM
 3
        GRANITE SOUTHLANDS TOWN CENTER, LLC,
 4
           Plaintiff,
 5
        v.
 6
        ALBERTA TOWN CENTER, LLC,
 7      LAND TITLE GUARANTEE COMPANY,
        DONALD G. PROVOST, ALLAN G. PROVOST,
 8      and PETER M. CUDLIP,
 9      Defendants.

10      _____

        VIDEOTAPE DEPOSITION OF:   PETER M. CUDLIP
11                                 January 7, 2010

12      _____

13              PURSUANT TO NOTICE, the videotape
        deposition of PETER M. CUDLIP was taken on behalf of
14      the Plaintiff at 600 17th Street, Suite 1800, Denver,
        Colorado 80202, on January 7, 2010, at 9:36 a.m.,
15      before Marchelle Hartwig, Certified Shorthand Reporter
        and Notary Public within Colorado.
16
17
18
19
20
21
22
23
24
25
```

Page 10

```
 1          A.    Three.

 2          Q.    Who are they?

 3          A.    Don Provost -- Donald Provost, Allan

 4    Provost, and myself.

 5          Q.    Have there ever been any other managers

 6    of Alberta?

 7          A.    No.

 8          Q.    When was Alberta formed?

 9                MR. BENNETT:  Let me interject.  There

10    are a number of Alberta entities.  At this point, do

11    you want us to assume you're talking about Alberta

12    Town Center, LLC, unless otherwise specified?

13                MR. TRAHAN:  That is correct.  Thank you.

14                MR. BENNETT:  Thank you.

15          A.    I am not positive of that.

16          Q.    (BY MR. TRAHAN)  Was Alberta Town Center,

17    LLC, formed for the purpose of developing the

18    Southlands Town Center?

19          A.    Correct.

20          Q.    Is -- does the Alberta Town Center,

21    LLC -- does that entity have -- currently have any

22    assets?

23          A.    Very little.

24          Q.    What would those assets be?

25          A.    Some cash.
```

Page 11

```
 1          Q.    And does Alberta Town Center, LLC,
 2   currently have any debts?
 3          A.    Yes.
 4          Q.    What would those debts be, generally?
 5          A.    Legal fees, basically.
 6          Q.    Is Alberta Town Center, LLC, an operating
 7   entity?
 8          A.    Yes.
 9          Q.    What is the nature of its operations?
10          A.    It's still in existence until we resolve
11   this lawsuit.
12          Q.    So it exists for the purpose of resolving
13   this lawsuit?
14          A.    Yes.
15          Q.    Does Alberta have any role with respect
16   to the Southlands Town Center currently, other than
17   pursuing this lawsuit?
18          A.    Are you specifically talking about the
19   Town Center?  No, it doesn't.
20          Q.    Okay.  What is -- do you have any other
21   relationship or role with respect to Alberta, other
22   than being a manager of it?
23          A.    I don't understand the question.
24          Q.    Do you own any piece of it?
25          A.    Yes.
```

Page 223

### REPORTER'S CERTIFICATE

STATE OF COLORADO          )
                           ) ss.
CITY AND COUNTY OF DENVER  )

       I, MARCHELLE HARTWIG, Certified Shorthand Reporter and Notary Public, State of Colorado, do hereby certify that previous to the commencement of the examination, the said PETER M. CUDLIP was duly sworn by me to testify to the truth in relation to the matters in controversy between the parties hereto; that the said deposition was taken in machine shorthand by me at the time and place aforesaid and was thereafter reduced to typewritten form; that the foregoing is a true transcript of the questions asked, testimony given, and proceedings had.

       I further certify that I am not employed by, related to, nor of counsel for any of the parties herein, nor otherwise interested in the outcome of this litigation.

       IN WITNESS WHEREOF, I have affixed my signature this 13th day of January, 2010.
       My commission expires April 19, 2013.

\_\_\_X\_\_  Reading and Signing was requested.
_____  Reading and Signing was waived.
_____  Reading and Signing is not required.

# EXHIBIT 2

Exhibit 2

Page 1

```
 1                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLORADO
 2
       Civil Action No. 09-cv-00799-ZLW-KLM
 3
       GRANITE SOUTHLANDS TOWN CENTER, LLC,
 4
       Plaintiff,
 5
       v.
 6
       ALBERTA TOWN CENTER, LLC,
 7     LAND TITLE GUARANTEE COMPANY,
       DONALD G. PROVOST, ALLAN G. PROVOST,
 8     and PETER M. CUDLIP,
 9     Defendants.
       _____
10
       DEPOSITION OF:  STEVEN ZEZULAK - March 22, 2010
11
       _____
12              PURSUANT TO NOTICE, the deposition of
       STEVEN ZEZULAK was taken on behalf of the Plaintiff at
13     600 17th Street, Suite 1800, Denver, Colorado 80202,
       on March 22, 2010, at 8:48 a.m., before Marchelle
14     Hartwig, Certified Shorthand Reporter and Notary
       Public within Colorado.
15
                     A P P E A R A N C E S
16
       For the Plaintiff:      OSBORNE J. DYKES, III, ESQ.
17                             Fulbright & Jaworski L.L.P.
                               370 17th Street, Suite 2150
18                             Denver, Colorado 80202
19     For the Defendants:     STUART N. BENNETT, ESQ.
       Alberta Town Center,    Lindquist & Vennum, PLLP
20     LLC, Donald G.          600 17th Street
       Provost, and Peter      Suite 1800 South
21     M. Cudlip               Denver, Colorado 80202
22
23
24
25
```

Granite Southlands v. Alberta Town Center          STEVEN ZEZULAK                          3/22/2010

Page 106

```
 1          A.   Yes.
 2               MR. BENNETT:  It looks to me to be a
 3    duplicate of page 3 of Exhibit 45.  I can't quite read
 4    it because it's so small.
 5               THE DEPONENT:  It's not.  This is 132.
 6    This is 153.  This has been superseded.
 7               MR. BENNETT:  All right.  Then I withdraw
 8    my comment.
 9          Q.   (BY MR. DYKES)  Just so --
10               MR. BENNETT:  But I can't read it anyway,
11    so it's pretty irrelevant to . . .
12          Q.   (BY MR. DYKES)  Which one is earlier,
13    Exhibit 45 or Exhibit 100?
14          A.   I believe Exhibit 100 is earlier.
15          Q.   Does Alberta Town Center, LLC, currently
16    have net assets?
17          A.   No tangible property assets, no.
18          Q.   It doesn't have cash in the bank?
19          A.   A little bit, but it's very minimal.
20          Q.   If the true-up analysis were to be
21    completed and everybody agrees on it or without an
22    agreement, a judge decides on the -- a figure and/or a
23    jury, and the decision is, whether by agreement or
24    not, that Alberta owes a million dollars, more or
25    less, to Granite, does Alberta have any way to pay it?
```

Granite Southlands v. Alberta Town Center        STEVEN ZEZULAK                    3/22/2010

Page 107

```
 1          A.   Yes.

 2          Q.   What would that be?

 3          A.   Contributions from the three partners.

 4          Q.   Okay.  But without the contributions,

 5     there's nothing there to pay it?

 6          A.   There is not a million dollars.

 7          Q.   Is there any amount, say, $100 or a

 8     thousand dollars?

 9          A.   I honestly don't recall how much cash is

10     in the bank at this point.

11          Q.   Well, close, though?  Are we talking

12     about a minimal amount of $100,000?

13          A.   No.  It's more than that.  But it's about

14     100,000.  It's in between.

15               MR. DYKES:  Pass the witness.  Thank you,

16     sir.

17               MR. BENNETT:  I have no questions.

18               WHEREUPON, the within proceedings were

19     concluded at the approximate hour of 12:06 p.m. on the

20     22nd day of March, 2010.

21                    *     *     *     *     *

22

23

24

25
```

Page 109

REPORTER'S CERTIFICATE

STATE OF COLORADO            )
                             ) ss.
CITY AND COUNTY OF DENVER    )

        I, MARCHELLE HARTWIG, Certified Shorthand Reporter and Notary Public, State of Colorado, do hereby certify that previous to the commencement of the examination, the said STEVEN ZEZULAK was duly sworn by me to testify to the truth in relation to the matters in controversy between the parties hereto; that the said deposition was taken in machine shorthand by me at the time and place aforesaid and was thereafter reduced to typewritten form; that the foregoing is a true transcript of the questions asked, testimony given, and proceedings had.

        I further certify that I am not employed by, related to, nor of counsel for any of the parties herein, nor otherwise interested in the outcome of this litigation.

        IN WITNESS WHEREOF, I have affixed my signature this 1st day of April, 2010.

        My commission expires April 19, 2013.

___X__  Reading and Signing was requested.
_____  Reading and Signing was waived.
_____  Reading and Signing is not required.

# EXHIBIT 3

Exhibit 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER, LLC,

        Plaintiff

v.

ALBERTA TOWN CENTER, LLC, and
LAND TITLE GUARANTEE COMPANY,

        Defendants.

---

## NOTICE OF LIEN

---

The law firm of Lindquist & Vennum, PLLP (hereinafter "Lindquist"), pursuant to C.R.S. § 12-5-119, hereby gives notice that it is asserting a lien on any claims, demands, judgments, choses in action, or proceeds thereof for any fees or balance of fees due or to become due from Defendant Alberta Town Center, LLC (hereinafter "Alberta"). In compliance with the statute, Lindquist asserts as follows:

    1.    The agreement of compensation between Lindquist and its client is an hourly fee agreement.

    2.    As of August 1, 2010, Alberta owed Lindquist fees and costs in this matter totaling not less than $285,851.66.

    3.    Lindquist claims that its attorneys fees pursuant to its fee agreement with Alberta, plus costs, together with all amounts to become due in the future plus interest, is and remain unpaid, and that Lindquist has not previously waived its right to assert an attorney's lien.

    Dated the 31st day of August, 2010.

Respectfully submitted,


_s/   Matthew S. McElhiney_
Matthew S. McElhiney
**LINDQUIST & VENNUM, P.L.L.P.**
600 - 17th Street, Suite 1800 –South
Denver, CO 80202
Telephone:      (303) 573-5900
Fax:                 (303) 573-1956
E-mail:            mmcelhiney@lindquist.com
Former Attorneys for Defendant Alberta Town
Center, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | | |
|---|---|---|
| *Attorneys for Plaintiff & Counter Defendant Granite Southlands Town Center, LLC* | jdykes@fulbright.com<br>bvetter@fulbright.com | Osborne J. Dykes, III<br>Benjamin M. Vetter<br>Fulbright & Jaworski LLP<br>370 – 17th Street, Suite 2150<br>Denver, CO  80202 |
| *Attorneys for Plaintiff & Counter Defendant Granite    Southlands Town Center, LLC* | ptrahan@fulbright.com | Paul Trahan<br>Fulbright & Jaworski LLP<br>600 Congress Avenue, Suite 2400<br>Austin, TX 78701 |
| *Defendant Land Title Guarantee Company* | kbruetsch@rwolaw.com | Kimberly A. Bruetsch<br>Robinson, Waters & O'Dorisio PC<br>1099 – 18th Street, 26th Floor<br>Denver, CO  80202 |
| *Attorneys for Defendant Alberta Town Center, LLC* | sbennett@joneskeller.com | Stuart Bennett<br>Jones & Keller PC<br>1999 Broadway, Suite 3150<br>Denver, Colorado 80202 |

And I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner indicated by the non-participant's name:   NONE

*s/ Matthew S. McElhiney*
Matthew S. McElhiney
Lindquist & Vennum P.L.L.P.
600 - 17th Street, Suite 1800 –South
Denver, CO 80202
Telephone:          303-573-5900
Fax:                     303-573-1956
E-mail:     mmcelhiney@lindquist.com

Doc# 3295036\1

Case 1:09-cv-00799-SJJ-KLM Document 201-5 Filed 09/20/11 USDC Colorado Page 39 of 131

# EXHIBIT 4

Exhibit 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO.: 09-CV-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENER, LLC,

       Plaintiff

v.

ALBERTA TOWN CENTER, LLC and
LAND TITLE GUARANTEE COMPANY,

       Defendants.

---

## NOTICE OF CHARGING LIEN

---

    The law firm of Starrs Mihm LLP gives notice of its charging lien pursuant to section 12-5-119, C.R.S. for fees and interest owed to Starrs Mihm LLP by Alberta Town Center, LLC as follows:

    1.    Alberta Town Center, LLC is a party to the above-captioned civil action, Case No. 09-CV-00799, pending in the United States District Court for the District of Colorado.

    2.    The law firm of Starrs Mihm LLP hereby asserts a charging lien pursuant to section 12-5-119, C.R.S. against all choses of action, claims, and demands asserted by Alberta Town Center, LLC in the action referenced in paragraph 1 above, and any judgment in favor of Alberta Town Center, LLC that may be entered in the action referenced in paragraph 1 above, or any fruits of such judgment.  Starrs Mihm LLP asserts a first lien on any recovery that Alberta Town Center, LLC may obtain on such choses of action, claims, and demands, whether by collection on a judgment, settlement, or otherwise.

    3.    Total outstanding costs, attorneys' fees and interest subject to the charging lien are as follows:

        Total unreimbursed costs billed through May 3, 2011:  $0
        Total unpaid attorneys' fees billed through May 3, 2011:  $20,802.83
        Total unpaid interest billed through May 3, 2011: $2,638.32
        Total owing as of May 3, 2011: $23,441.15

Said fees and interest arise out of services rendered for Alberta Town Center, LLC in the matters referenced in paragraph 1 above.

4.     The charging lien also shall be security for repayment of additional interest on the unpaid fees due to Starrs Mihm LLP relating to the matters referenced in paragraph 1 above.

5.     The law firm of Starrs Mihm LLP certifies it has an engagement letter setting forth the terms of compensation between Starrs Mihm & Pulkrabek LLP now known as Starrs Mihm LLP and Alberta Town Center, LLC. The agreement of compensation is an hourly fee agreement.

Dated this 6th day of May, 2011.

/s/ Elizabeth A. Starrs
Elizabeth A. Starrs
Elizabeth J. Hyatt
STARRS MIHM LLP
707 Seventeenth Street, Suite 2600
Denver, CO 80202
(303) 592-5900 – Telephone
(303) 592-5910 – Facsimile
estarrs@starrslaw.com
ehyatt@starrslaw.com

FORMER COUNSEL FOR ALBERTA
TOWN CENTER, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May, 2011, a true and correct copy of the foregoing **NOTICE OF CHARGING LIEN** was electronically filed with the Clerk of Court using the CM/ECF system which will send email notification of such filing to the following:

Osborne J. Dykes, III
Benjamin M. Vetter
Fulbright & Jaworski, LLP
370 Seventeenth Street, Suite 2150
Denver, CO 80202
jdykes@fulbright.com
bvetter@fulbright.com

Paul D. Trahan
Fulbright & Jaworski, LLP
600 Congress Avenue, Suite 2400
Austin, TX  78701
ptrahan@fulbright.com

Steven Robert Kabler
Stuart N. Bennett
Jones & Keller, PC
1999 Broadway, Suite 3150
Denver, CO 80202
skabler@joneskeller.com
sbennett@joneskeller.com

Kimberly A. Bruetsch
Robinson, Waters & O'Dorisio, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
kbruetsch@rwolaw.com

/s/Elizabeth A. Starrs

3

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM (SJ)

GRANITE SOUTHLANDS TOWN CENTER LLC,
       Plaintiff,

v.

ALBERTA TOWN CENTER, LLC, and
LAND TITLE GUARANTEE COMPANY,
       Defendants.

## <u>AFFIDAVIT OF PAUL TRAHAN</u>

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

       BEFORE ME, the undersigned authority, on this day personally appeared Paul Trahan

who, being by me duly sworn, on oath stated as follows:

       1.     "My name is Paul Trahan. I am over 21 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

       2.     I am a litigation partner at Fulbright & Jaworski L.L.P. ("Fulbright"). Fulbright has served as counsel to Granite Southlands Town Center LLC ("Granite") in the captioned lawsuit from the very beginning, and I have served as lead counsel the entire time.

       3.     During the course of this engagement, I became aware of an arbitration between Alberta Town Center, LLC ("Alberta") and Callison Architecture, Inc. ("Callison") ("Callison Arbitration"). Granite also became involved in a lawsuit that Alberta filed for the purpose of confirming Alberta and Callison's settlement of the Callison Arbitration. That lawsuit is styled Case Number: 09-CV-9185, <u>Alberta v. Callison</u>, in the District Court, City and County of Denver, Colorado ("Confirmation Action"). Granite sought to intervene in the Confirmation Action but was denied. Granite appealed the trial court's denial.

       4.     I learned for the first time on September 20, 2011, that Callison had paid Alberta two settlement installments, one on September 1, 2011, and one on September 6, 2011. Prior to that time, Granite was under the impression the settlement payment had not yet been made.

5.      I do not know the amount of the settlement payment, but when Granite moved to stay the Confirmation Action, Alberta filed a response in which Alberta argued that Granite should be required to post a bond "far in excess of $1 million."   A true and correct copy of Alberta's response is attached to Granite's request for an injunction..   In support of its request, Alberta cited C.R.C.P. 62(d), which under certain circumstances requires that a bond be posted that is "125% of the total amount of the judgment."   This led me to believe that the settlement amount is at least $800,000.

6.      On September 20, 2011, I sent a draft of Granite's request for an injunction to Alberta's counsel along with the e-mail attached hereto as Addendum 5-A.   Defendant's counsel indicated by return e-mail that Alberta will resist the injunction as well as Granite's request for attorneys' fees.

7.      I have reviewed the exhibits to Granite's Application for Temporary Restraining Order and Preliminary Injunction Hearing, am familiar with the originals of those documents, and confirm that the exhibits are true and correct copies of the originals."

Further affiant sayeth not.

_____

Paul Trahan

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 20th of September,

2011, to witness my hand and seal of office.

_____

NOTARY PUBLIC, State of Texas

JULIANN R. WRIGHT
Notary Public, State of Texas
My Commission Expires
JULY 3, 2013

# ADDENDUM 5-A

## Trahan, Paul

| | |
|---|---|
| **From:** | Trahan, Paul |
| **Sent:** | Tuesday, September 20, 2011 2:09 PM |
| **To:** | 'Stuart N. Bennett'; Steven R. Kabler |
| **Subject:** | Granite v. Alberta - Request for a TRO |
| **Attachments:** | 86142081_3.DOCX |

Dear Counsel,

Attached is a draft Application for Temporary Restraining Order and Preliminary Injunction Hearing that we intend to file today in the subject matter absent agreement of the parties or sufficient assurances from Alberta.

It is our understanding Alberta Town Center, LLC is no longer an active entity, is not generating income, and does not have sufficient assets to pay the attorneys' fees, expenses, and costs Granite is requesting in this lawsuit. It also is our understanding that Alberta is anticipating receipt of at least $800,000 as a result of its settlement with Callison and/or MKA but has not yet received those funds. Please let us know if we have misunderstood.

We wish to enjoin the transfer or negotiation of at least $700,000 of the settlement funds. Please let us know if you will (i) agree to this, or something substantially similar, so as to avoid the need for Granite to request an injunction, or (ii) provide Granite with formal assurances that Alberta is capable of satisfying its financial obligations to Granite.

We ask that you please let us know in writing (return e-mail is fine) by 5:00 pm MT today. If you have any questions, please let us know by e-mail or feel free to call. We very much desire to minimize expenses and the burden on all parties.

We ask that you kindly confirm receipt of this e-mail.

Thank you,
Paul

**Paul Trahan**, *Partner*
**FULBRIGHT** & *Jaworski L.L.P.* • 98 San Jacinto Boulevard, Suite 1100 • Austin, Texas 78701-4255
T: 512 536 5288 • F: 512 536 4598 • ptrahan@fulbright.com • www.fulbright.com/ptrahan

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM (SJ)

GRANITE SOUTHLANDS TOWN CENTER LLC,

      Plaintiff,

v.

ALBERTA TOWN CENTER, LLC AND
LAND TITLE GUARANTEE COMPANY,

      Defendants.

---

## PLAINTIFF GRANITE SOUTHLANDS TOWN CENTER LLC'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION HEARING

COMES NOW Plaintiff Granite Southlands Town Center LLC ("Plaintiff" or "Granite"), by and through its undersigned attorneys, and moves for a Temporary Restraining Order against Alberta Town Center, LLC ("Defendant" or "Alberta") and a Preliminary Injunction Hearing under Federal Rule of Civil Procedure 65. Plaintiff's counsel communicated with Defendant's counsel about the grounds for this motion and the relief requested on September 20, 2011. [summarize Defendant's position]

## I.
## INTRODUCTION

Defendant has no substantial assets or ongoing operations, but Plaintiff anticipates Defendant will receive a substantial payment in the near future. Without the intervention of this Court, plaintiff Granite likely never will collect the attorneys' fees, expenses, and costs it is entitled to recover pursuant to the Final Judgment entered by this Court on September 13, 2011 (the "Final Judgment"). According to the Final Judgment, Granite is "entitled to recover its

reasonable and actual attorneys' fees, expenses and costs . . . ." Final Judgment (Docket #198), at p. 3. Granite filed its Motion for Attorneys' Fees and Expenses on September 19, 2011 (Docket # 199) and will file its Bill of Costs shortly.

Because defendant Alberta does not have assets or generate income sufficient to pay Granite's attorneys' fees, expenses, and costs, if injunctive relief is not granted, Granite will be irreparably injured as a result of Alberta's inability to pay. Alberta's last report on its assets indicates Alberta has minimal cash and is not capable of paying the attorneys' fees and expenses for which Granite is moving. Granite believes Alberta will receive substantial funds from a settlement with Callison Architecture, Inc. ("Callison") in the very near future as a result of an arbitration relating to the same property at issue in this lawsuit ("Callison Arbitration"). If Alberta is allowed to dissipate the proceeds of the Callison settlement before the Court enters judgment for Granite's attorneys' fees, then Alberta will become judgment-proof and Granite will be unable to recover its attorneys' fees and costs from Alberta. Granite seeks injunctive relief to preserve both the status quo pending the outcome of the case and the Court's power to render a meaningful decision on the merits at the conclusion of this litigation.

A balancing of the equities favors Granite. As this Court has determined that Granite is entitled to recover attorneys' fees from Alberta, Granite has prevailed on the underlying merits. In the absence of injunctive relief, Granite will likely be irreparably injured by an inability to collect the attorneys' fees to which Granite is entitled according to this Court's Final Judgment. In comparison, an injunction does not pose any real threat of injury to Alberta.

Because the likelihood of success on the merits and the relative threats of injury both weigh heavily in favor of Granite, the Court should enjoin Alberta from transferring or otherwise

negotiating any assets received from Alberta's settlement with Callison. More specifically, the Court should grant Granite's Proposed Temporary Restraining Order to prevent the dissipation of any funds Alberta receives in an amount sufficient to satisfy the fees and expenses sought in Granite's pending Motion for Attorneys' Fees and Expenses (Docket # 199), and issue an Order for a Preliminary Injunction Hearing on this matter.

## II.
## STATEMENT OF FACTS

### A. ALBERTA HAS VERY LITTLE ASSETS AND NO ACTIVE OPERATIONS

Peter Cudlip, 32% owner of Alberta as well as a manager for Alberta, was deposed on January 7, 2010. Excerpts of the Deposition of Peter Cudlip ("Cudlip Depo.") are attached hereto as Exhibit 1. Mr. Cudlip testified that Alberta had "very little" assets. (Cudlip Depo., Ex. 1, p. 10, ln. 20-23). Mr. Cudlip further testified that Alberta had "some cash" (Cudlip Depo., Ex. 1, p. 10, ln. 24-25) and that Alberta's operations consist of existing for the purpose of resolving this lawsuit. (Cudlip Depo., Ex. 1, p. 11, ln. 6-14).

Steven Zezulak, the controller of Alberta, was deposed on March 22, 2010. Excerpts of the Deposition of Steven Zezulak ("Zezulak Depo.") are attached hereto as Exhibit 2. During that deposition, Mr. Zezulak was asked whether Alberta had net assets. Mr. Zezulak responded "No tangible property assets, no." (Zezulak Depo., Ex. 2, p. 106, ln. 15-17). Mr. Zezulak was then asked if Alberta had cash in the bank. Mr. Zezulak responded, "A little bit, but it's very minimal." (Zezulak Depo., Ex. 2, p. 106, ln. 18-19). When asked about Alberta's ability to pay a possible judgment for a million dollars, Mr. Zezulak estimated that Alberta had about $100,000. (Zezulak Depo., Ex. 2, p. 106, ln. 20 – p. 107, ln. 14).

86142081.3

**B.** <u>**ALBERTA DOES NOT HAVE SUFFICIENT CAPITAL TO SATISFY ITS DEBTS**</u>

Peter Cudlip testified that Alberta had debts generally consisting of legal fees. (Cudlip Depo., Ex. 1, p. 11, ln. 1-5). The law firm of Lindquist & Vennum, PLLP filed a Notice of Lien in this action for not less than $285,851.66, which is attached hereto as <u>Exhibit 3</u>. The law firm of Starrs Mihm LLP also filed a Notice of Charging Lien in this action for $23,441.15, which is attached hereto as <u>Exhibit 4</u>.

**C.** <u>**ALBERTA IS EXPECTING INCOME FROM AN ARBITRATION SETTLEMENT**</u>

Alberta and Callison reached a settlement that requires Callison or its insurer to pay Alberta what Granite believes to be at least $800,000 – but not until certain conditions have been met. Granite does not believe these conditions have been met or that the settlement payment otherwise has been paid.

After settling the Callison Arbitration, Alberta filed a lawsuit for the purpose of confirming the settlement. Trahan Aff. ¶ 3. That lawsuit is styled Case Number: 09-CV-9185, *Alberta v. Callison*, in the District Court, City and County of Denver, Colorado ("Confirmation Action"). Id. Granite sought to intervene in the Confirmation Action but was denied. Id. Granite appealed the trial court's denial. Id.

Confirmation of the purported arbitration "award" is a condition to Callison's obligation to make the settlement payment. Id. at ¶ 4. This was confirmed in Callison Architecture's Joinder in Support of Motion for Confirmation of Arbitration Award and Opposition to Granite's Initial Response to the Confirmation Award, which Callison filed in the Confirmation Action. Id. Callison stated in that pleading, "The parties then settled their remaining claims, subject to the condition that the panel grant a final award reaffirming its prior ruling regarding the real

party in interest issue." Id. Information regarding the settlement also was discussed in the papers filed by the various parties in Granite's appeal of the Confirmation Action. Id. Given the status of the Confirmation Action and related appeal, Granite believes Callison has not yet paid Alberta for settlement of the Callison Arbitration. Id.

Granite believes the amount of the settlement is at least $800,000. When Granite moved to stay the Confirmation Action, Alberta filed a response in which Alberta argued that Granite should be required to post a bond "far in excess of $1 million." Id. at ¶ 5; see also Alberta's Response at Exhibit 5. In support of its request, Alberta cited C.R.C.P. 62(d), which under certain circumstances requires that a bond be posted that is "125% of the total amount of the judgment." Id.

## D. GRANITE GAVE NOTICE OF THIS APPLICATION FOR INJUNCTIVE RELIEF TO ALBERTA'S COUNSEL OF RECORD

Under Federal Rule of Civil Procedure ("FRCP") 65(b), the Court may grant a temporary restraining order without notice to the opposing party or its counsel. Nonetheless, on September 20, 2011, counsel for Granite provided [describe notice given and response].

### III.
### APPLICABLE STANDARDS

The primary purpose of injunctive relief is "to preserve the status quo pending the outcome of the case." *Tri-State Generation & Transmission Ass'n. v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986) (*citing Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)). Courts use preliminary injunctions to try to "preserve the power to render a meaningful decision on the merits" of a case. *Tri-State*, 805 F.2d at 355 (*citing Compact Van Equipment Co. v. Leggett & Platt, Inc.*, 566 F.2d 952, 954 (5th Cir. 1978)).

The *Erie* doctrine "does not apply to preliminary injunction standards." *Equifax Services,*

*Inc. v. Hitz*, 905 F.2d 1355, 1361 (10th Cir. 1990). Instead, the federal standard for injunctive

relief applies. Thus, in a motion for either temporary or preliminary injunctive relief, the four

prerequisites which the moving party must establish are as follows:

> (1) substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.

*Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

Injunctive relief is evaluated on "a sliding scale that demands less of a showing of

likelihood of success on the merits when the balance of hardships weighs strongly in favor of the

plaintiff, and vice versa." *O Centro Espirita Beneficente Uniao do Vegetal v. Ashcroft*, 389 F.3d

973, 1002 (10th Cir. 2004) (Seymour, Circuit Judge, concurring in part and dissenting in part,

joined by Tacha, Chief Judge, Porfilio, Henry, Briscoe, and Lucero, Circuit Judges) (citing *In re*

*Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). Therefore, the more likely it

is that a movant will succeed on the merits, "the less the balance of irreparable harms need favor

the [movant's] position." *Id.* (citing *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir.

2001)).

## IV.
## ARGUMENT

## A. THERE IS A SUBSTANTIAL LIKELIHOOD GRANITE WILL PREVAIL ON THE MERITS

Granite has prevailed on the underlying merits of this action and is entitled to an award of

its reasonable attorneys' fees and expenses from Alberta. *See* Final Judgment ("Plaintiff is also

entitled to recover its reasonable and actual attorney's fees, expenses and costs pursuant to

paragraph 12 of the Escrow Agreement and D.C.COLO.LCivR 54.1."); *see also* Plaintiff Trial Exhibit 20 (Escrow Agreement), ¶12 ("The prevailing party in any dispute arising from this Agreement shall be entitled to recover from the non-prevailing party its reasonable and actual attorneys' fees and expenses, including any incurred in connection with any appeal."); *Utah Women's Clinic v. Leavitt*, 75 F.3d 564, 567 (10th Cir. 1995) (*citing Buchanan v. Stanships, Inc.*, 485 U.S. 265, 267-68, (1988) (per curiam)) (attorneys' fees and costs are collateral to and separate from a decision on the merits).

**B.    ALLOWING ALBERTA TO DISSIPATE THE CALLISON SETTLEMENT PROCEEDS POSES A RISK OF IRREPARABLE HARM TO GRANITE**

Difficulty in collecting a judgment for damages may support a claim of irreparable injury. *Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986) (*citing Central States, Se. & Sw. Areas Pension Fund v. Admiral Merchants Motor Freight, Inc.*, 511 F. Supp. 38, 43 (D. Minn. 1980)). In *Tri-State*, the Tenth Circuit found that a trial court erred in failing to enjoin the sale of the defendant's assets pending resolution of a trial on the merits of the plaintiff's claims. *Id.* at 360. In part, the court stated that "[i]f Tri-State cannot collect a money judgment, then failure to enter the preliminary injunction would irreparably harm it." *Tri-State*, 805 F.3d at 355. Because the plaintiff was likely to suffer irreparable injury if the defendant were permitted to sell its assets—either because the plaintiff would be unable to collect damages at the end of the trial or because the plaintiff's viability as a business was threatened by sale of the defendants assets—the *Tri-State* Court enjoined the defendant from selling its assets pending a resolution on the merits. *Id.* at 355-56.

Decisions from other Courts of Appeals also support the proposition that a plaintiff suffers irreparable injury where a defendant is unable to satisfy a judgment because it becomes

"insolvent before a final judgment can be entered and collected." *Roland Machinery Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984); *Central States, Se. & Sw. Areas Pension Fund v. Jack Cole-Dixie Highway Co.*, 642 F.2d 1122 (8th Cir. 1981) (affirming preliminary mandatory injunction granted by the trial court in *Central States, Southeast & Southwest Areas Pension Fund v. Admiral Merchants Motor Freight, Inc.*, 511 F. Supp. 38, 43 (D. Minn. 1980), which recognized that the difficulty of collecting a money judgment supports a claim of irreparable harm).

Here, Granite will not be able to collect damages if Alberta is allowed to dissipate the Callison settlement proceeds. In this regard, Granite's claim of irreparable injury is in a meaningful way superior to that of Tri-State's successful claim: Granite has already prevailed on the merits of its underlying claim, and now seeks its contractually provided attorneys' fees. By contrast, the merits in *Tri-State* remained undecided at the time the plaintiff sough injunctive relief, and the court noted that the case involved "unique factual circumstances and history . . . mak[ing] the resolution of the final *question* of law a genuinely debatable issue." *Id.* at 359. Here there can be no debate that Granite is entitled to *some* amount of reasonable attorneys' fees and expenses, and Granite has filed its Motion for Attorneys' Fees and Expenses to determine this issue. In the interim—while the precise amount of such fees and expenses is being litigated and set by the Court—Granite would suffer irreparable injury if Alberta is not prevented from transferring or distributing any proceeds or assets it currently possesses or receives as a result of the Callison settlement.

**C. RISK OF HARM TO GRANITE GREATLY OUTWEIGHS ANY POTENTIAL HARM TO ALBERTA**

If Granite's proposed injunctive relief is granted, Alberta will not suffer any real harm. As Alberta's manager Peter Cudlip testified, Alberta's operations currently consist of existing for the purpose of resolving this lawsuit. (Cudlip Depo., Ex. 1, p. 11, ln. 6-14). Thus, Alberta cannot claim that the issuance of an injunction would affect its operations or business. In the unlikely event that Granite receives no award of attorneys' fees whatsoever, then the injunction bond that Granite is required to post would fully compensate Alberta for any costs or damages incurred as a result of any inability to dispose of certain funds during the period of an alleged wrongful enjoinment or restraint. *See* FRCP 65(c).

Because Granite only is seeking to enjoin Alberta's use of funds sufficient to cover its claim for attorneys' fees, expenses, and costs, for a limited amount of time, a $10,000 injunction bond will serve as sufficient protection of Alberta's interests. The total amount of attorneys' fees, expenses, and costs Granite seeks is approximately $700,000. With daily interest on $700,000 accruing at 5% being $95.89 per day, a $10,000 bond would protect Alberta against lost interest for almost 15 weeks. Granite anticipates any issues relating to its attorneys' fees, expenses, and costs will be resolved within that time period.

**D. ISSUING THE INJUNCTION IS NOT ADVERSE TO THE PUBLIC INTEREST**

According to Alberta's executives, Alberta does not have sufficient funds to satisfy Granite's expected attorneys' fees and does not have active operations to generate income. (Cudlip Depo, p. 11, ln. 6-14). Alberta's only apparent source of material funds is the Callison settlement. *Id.* The proposed injunctive relief will preserve the status quo between private parties and would not be adverse to any public interest.

# V.
# PRAYER FOR RELIEF

For these reasons, Granite respectfully requests the Court to:

1.    Issue a Temporary Restraining Order ENJOINING Alberta, its affiliates, agents, officers, servants, employees, representatives, attorneys, and any other individual or entity in active concert or participation with Alberta from transferring or otherwise negotiating at least $700,000 of any funds received in connection with settlement of Defendant's arbitration against Callison Architecture, Inc. ("Callison Settlement Funds");

2.    Issue a Temporary Restraining Order ORDERING Alberta, its affiliates, agents, officers, servants, employees, representatives, attorneys, and any other party in active concert or participation with Alberta to:

    a.    Immediately notify the Court and Plaintiff in writing if and when any of them receive all, or a portion of the Callison Settlement Funds or information relating to payment of the Callison Settlement Funds, and

    b.    Hold at least $700,000 of all or any portion of the Callison Settlement Funds in their possession, custody, or control until further order of this Court;

3.    Set a Preliminary Injunction Hearing on this matter, at which Granite will request relief consistent with that requested herein along with a request that such relief remain in place until such time as issues relating to Granite's Motion for Attorneys' Fees and Expenses and Bill of Costs have been finally decided.

DATED: September ___, 2011.



Respectfully submitted,

_____

OSBORNE J. DYKES, III
BENJAMIN M. VETTER
FULBRIGHT & JAWORSKI L.L.P.
370 Seventeenth Street, Suite 2150
Denver, CO 80202
(303) 801-2700 – Telephone
(303) 801-2777 – Facsimile
jdykes@fulbright.com
bvetter@fulbright.com

PAUL TRAHAN
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX 78701
(512) 474-5201 – Telephone
(512) 536-4598 – Facsimile
ptrahan@fulbright.com

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 20, 2011, a true and correct copy of the foregoing was served upon all counsel of record via U. S. first class mail and via email as follows:

Stephen L. Waters
Kimberly A. Bruetsch
Robinson Waters & O'Dorisio, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
swaters@rwolaw.com
kbruetsch@rwolaw.com
*Attorneys for Land Title Guarantee*



Stuart N. Bennett
Lindquist & Vennum, P.L.L.P.
600 – 17th Street, Suite 1800 – South
Denver, CO 80202
sbennett@lindquist.com
*Attorneys for Alberta Town Center, LLC*

_____

Paul Trahan

# EXHIBIT 6

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street, Denver, CO 80202 | |
| **Movant:**<br>ALBERTA TOWN CENTER, LLC, a Colorado limited liability company<br><br>v.<br><br>**Respondent:**<br>CALLISON ARCHITECTURE, INC., a Washington corporation | ▲ **COURT USE ONLY** ▲ |
| Attorneys for Movant, Alberta Town Center, LLC<br><br>Name(s):   Hubert A. Farbes, Jr. #6353<br>           Benjamin A. Kahn, # 29073<br>           Jonathan G. Pray, # 36576<br><br>Address:   BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>          410 Seventeenth Street<br>          Twenty-Second Floor<br>          Denver, Colorado 80202-4437<br><br>Phone:   303.223.1100<br>Fax:      303.223.1111<br>E-mails:   hfarbes@bhfs.com; bkahn@bhfs.com; jpray@bhfs.com | Case Number: 09-CV-9185<br><br>Div.:<br>Ctrm. |
| **ALBERTA'S RESPONSE TO MOTION TO STAY** | |

Movant, Alberta Town Center, LLC ("Alberta"), through undersigned counsel, submits

the following response to the Motion to Stay filed by Granite Southlands Town Center LLC

("Granite"):

## INTRODUCTION AND SUMMARY OF ARGUMENT

In its motion, Granite asks the Court to give it something for nothing. Having failed to

block the confirmation of a private Arbitration Award (in which it has no interest), Granite is

now asking the Court to place the operation of a private settlement agreement (to which Granite is not a party) on indefinite hold. As security for this request, however, Granite offers just **$10.00.** (Mot. at 2.) This result would not only be inconsistent with the requirements of Rule 62, it would be unfair to Alberta and would make a mockery out of the long-standing rules governing the posting of supersedeas bonds in this state. For all practical purposes, a $10.00 bond does not provide any security at all, and would altogether deprive Alberta of the protections of Rule 62(d). Given the amounts of money involved in the private settlement agreement between Alberta and Callison, if the Court chooses to grant Granite a stay of Alberta's judgment, it should require Granite to post a supersedeas bond in the amount of $1 million.

## LEGAL STANDARD

Rule 62(d) governs the requirements that must be met to receive a stay pending appeal. Rule 62(d) provides that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay from the trial court subject to the exceptions contained in (a) of this Rule . . . . The stay is effective when the supersedeas bond is approved by the court." C.R.C.P. 62(d). The requirements set out in Rule 62(d) are mandatory and do not operate at the discretion of the court. See C.R.C.P. 62(d).

C.R.C.P. 121 specifies the requirements for posting a supersedeas bond:

a)      Supersedeas Bonds. Unless the court otherwise orders, or any applicable statute directs a higher amount, **the amount of a supersedeas bond to stay execution of a money judgment shall be 125% of the total amount of the judgment entered by the court (including any prejudgment interest, costs and attorneys fees awarded by the court). The amount of a supersedeas bond to stay execution of a non-money judgment shall be determined by the court.** Nothing in this rule is intended to limit the court's discretion to deny a stay with respect to non-money judgments. Any interested party may move the trial court (which shall have jurisdiction not withstanding the pendency of an appeal) for an increase in the amount of the bond to reflect

the anticipated time for completion of appellate proceedings or any increase in the amount of judgment.

C.R.C.P. 121 § 1-23(3) (emphasis added).

## ARGUMENT

The Court should deny Granite's motion because it is not consistent with either the letter or the intent of Rule 62 and Rule 121 § 1-23(3).

## I. GRANITE'S PROPOSED BOND DOES NOT COMPLY WITH THE REQUIREMENTS OF THE RULES.

The Court should deny Granite's motion first because a $10.00 bond does not comply with the requirements of C.R.C.P. 121 § 1-23(3). As Alberta has described in the past, Granite is a third party with no interest in either the Arbitration Award that the Court confirmed on January 16, 2010, or the claims that Alberta asserted against Defendant Callison Architecture, Inc. ("Callison") in the underlying private Arbitration. The Arbitration Award is one aspect of a negotiated settlement of Alberta's claims against Callison -- and confirmation of the Arbitration Award by the Court is a prerequisite to a monetary settlement. Although Alberta and Callison agreed that the terms and amount of the settlement are confidential, the amount of the monetary settlement is far, far in excess of the nominal security provided by a $10.00 bond. Were Granite to comply with the requirements of C.R.C.P. 121 § 1-23(3), it would need to post a supersedeas bond far in excess of $1 million. A $10.00 bond therefore does not comply with the requirement in C.R.C.P. 121 § 1-23(3) that supersedeas bonds be in an amount that is at least 125% of the amount of the judgment being stayed.

In its Motion, Granite does not provide any explanation as to why a $10.00 superscadeas bond is appropriate under the circumstances or sufficient to protect Alberta's interests. Instead, Granite attempts to avoid the burden normally placed on appellants by Rule 62(d) by re-

characterizing the judgment in favor of Alberta as "non-monetary" – which would give the Court discretion under C.R.C.P. 121 § 1-23(3) to determine the amount of the supersedeas bond. (Mot. at 2.) As described above, however, the judgment that Granite seeks to stay is not "non-monetary," but in fact involves the exchange of a substantial sum of money. Thus, the Court should require Granite to comply with Rule 121's requirements for staying monetary judgments and require Granite to post a supersedeas bond in the amount of $1 million. C.R.C.P. 121 § 1-23(3).

## II.   REQUIRING A $1 MILLION BOND WOULD BE CONSISTENT WITH THE INTENT OF THE RULES GOVERNING SUPERSEDEAS BONDS.

Requiring Granite to post a $1 million supersedeas bond would also better effect the purpose and intent of C.R.C.P. 62(d) and C.R.C.P. 121 § 1-23 than a $10.00 bond. After all, the purpose of a supersedeas bond in Colorado is to protect the **non-appealing** party's rights during an appeal. Dependable Ins. Co. v. Auto. Warranty Co., 797 P.2d 1308, 1310 (Colo. Ct. App. 1990). And because a stay of a judgment pending appeal "operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances." Muck v. Arapahoe County Dist. Court, 814 P.2d 869, 873 (Colo. 1991).

In sharp contrast to these principles, Granite's motion appears to be little more than an effort to continue its interference with the performance of the private Arbitration Award and settlement between Alberta and Callison. Granite's conduct is merely a continuation of its frivolous and groundless opposition to the confirmation of the Arbitration Award in the first instance – which opposition the Court already has properly rejected. Although Granite continues to assert that it may have an interest in the Arbitration Award and the settlement agreement

between Alberta and Callison, it has never presented **any** facts to support this assertion. And since it first filed its motions opposing and seeking to intervene in the confirmation of Alberta's Arbitration Award, Granite has not taken **any** action to assert claims against Callison, to investigate the nature of any claims it may have against Callison, or to investigate the effect of the Arbitration Award on those potential claims. Instead, the only thing that Granite has done with respect to those alleged claims is attempt to use the judicial process to interfere with Alberta's Arbitration Award. As Alberta explained in its previous written submittals to the Court, this is sanctionable conduct. The Court should not endorse this conduct by approving a $10.00 supersedeas bond.

## CONCLUSION

For these reasons, Alberta requests that the Court deny Granite's Motion to Stay on the grounds that $10.00 is insufficient security to protect Alberta's interests. To the extent that the Court elects to approve a stay of the judgment obtained by Alberta, Alberta requests that the Court require Granite to post a supersedeas bond in the amount of $1 million.

Dated: March 22, 2010.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: _Jonathan G. Pray_
Hubert A. Farbes, Jr. #6353
Benjamin A. Kahn, #29073
Jonathan G. Pray, #36576

ATTORNEYS FOR CLAIMANT
ALBERTA TOWN CENTER, LLC

## CERTIFICATE OF SERVICE

The undersigned affirms that on this 22nd day of March, 2010, a true and correct copy of the foregoing **ALBERTA'S RESPONSE TO MOTION TO STAY** was served via Lexis-Nexis File and Serve upon the following:

David J. Arkell
Janet McDaniel
Faegre & Benson, LLP
1700 Lincoln Street, Suite 3200
Denver, CO 80203
darkell@faegre.com
JLMcDaniel@faegre.com

Osborne J. Dykes, III
Benjamin Vetter
Fulbright & Jaworski L.L.P.
370 17th Street, Suite 2150
Denver, CO 80202
jdykes@fulbright.com

Benton J. Barton
Hall & Evans LLC
1125 17th Street, Ste. 600
Denver, Colorado 80202
BartonB@HallEvans.com

Penny G. Lalonde, Paralegal

**Appendix I**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

_____,

      Plaintiff,

v.

_____,

      Defendant.

---

## INFORMATION FOR TEMPORARY RESTRAINING ORDER

_____

Attorney for Plaintiff _____

_____ Telephone number _____

Attorney for Defendant _____

_____ Telephone number _____

Concise statement as to type of claim _____

_____

_____

Jurisdiction (cite statute) _____

Hearing:  See D.C.COLO.LCivR.7.1A

      Date Motion for Temporary Restraining Order filed _____

      Estimated length of hearing _____

Request hearing be set for _____ today _____ tomorrow _____ within one week

Reason why immediate action is required _____

_____

Notice:

Has opposing party and/or attorney been notified? _____ Yes _____ No

If "yes," state when _____ and by what means _____

If "no," state reason _____

(Rev. 11/04)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

     Plaintiff,

v.

ALBERTA TOWN CENTER, LLC and
LAND TITLE GUARANTEE COMPANY,

     Defendants.

---

### TEMPORARY RESTRAINING ORDER
### AGAINST DEFENDANT ALBERTA

ON THIS DAY came on to be heard Granite Southlands Town Center LLC ("Plaintiff") request for a temporary restraining order as set forth in Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction Hearing ("Application").  The Court, having examined the Application, finds that said Application shows Plaintiff to be entitled to a Temporary Restraining Order, pending the hearing on the request for Preliminary Injunction.  It clearly appears from the facts set forth in the Application that Defendant Alberta Town Center, LLC ("Defendant") will transfer or otherwise negotiate funds from Defendant's settlement of an arbitration against Callison Architecture, Inc. absent this Court's order and, therefore, be unable to satisfy Defendant's anticipated debt to Plaintiff.

The Court further finds that such activity will cause substantial harm to Plaintiff and that Defendant should be enjoined from such activity.

The Court further finds that Plaintiffs have shown a probable right of success on the merits and probable injury if this Temporary Restraining Order is not granted.  For the foregoing reasons, IT IS THEREFORE ORDERED that a Temporary Restraining Order be, and the same is

hereby GRANTED and issued and Defendant, its agents, officers, servants, employees, representatives, attorneys, and any other individual or entity in active concert or participation with Defendant ("Alberta Parties"), are hereby ordered as follows:

- Alberta Parties are hereby enjoined from transferring or otherwise negotiating at least $700,000 of the funds received in connection with settlement of Defendant's arbitration against Callison Architecture, Inc. ("Callison Settlement Funds");

- Alberta Parties are hereby ordered to hold all or any portion of the Callison Settlement Funds in their possession, custody, or control, sufficient to total at least $700,000, until further order of this Court.

IT IS FURTHER ORDERED that this Temporary Restraining Order be effective upon the filing of a Bond or Cash in Lieu of the Bond in the amount of $10,000 payable to Defendant as required by law.  The Temporary Restraining Order shall continue in effect until the hearing set below is completed and/or an order entered.

IT IS FURTHER ORDERED that upon the filing of such Bond or Cash in Lieu of Bond by Plaintiff, the Clerk of this Court shall issue citation and notice to Defendant of the Temporary Restraining Order and a Preliminary Injunction Hearing, said hearing being set by the Court for the _____ day of _____, 2012, at _____ __.m.

SIGNED this _____ day of September, 2011, at _____ __.m.


_____
DISTRICT JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

     Plaintiff,

v.

ALBERTA TOWN CENTER, LLC and
LAND TITLE GUARANTEE COMPANY,

     Defendants.

---

**TEMPORARY RESTRAINING ORDER
AGAINST DEFENDANT ALBERTA**

     ON THIS DAY came on to be heard Granite Southlands Town Center LLC ("Plaintiff")
request for a temporary restraining order as set forth in Plaintiff's Application for Temporary
Restraining Order and Preliminary Injunction Hearing ("Application"). The Court, having
examined the Application, finds that said Application shows Plaintiff to be entitled to a
Temporary Restraining Order, pending the hearing on the request for Preliminary Injunction. It
clearly appears from the facts set forth in the Application that Defendant Alberta Town Center,
LLC ("Defendant") will transfer or otherwise negotiate funds from Defendant's settlement of an
arbitration against Callison Architecture, Inc. absent this Court's order and, therefore, be unable
to satisfy Defendant's anticipated debt to Plaintiff.

     The Court further finds that such activity will cause substantial harm to Plaintiff and that
Defendant should be enjoined from such activity.

     The Court further finds that Plaintiffs have shown a probable right of success on the
merits and probable injury if this Temporary Restraining Order is not granted. For the foregoing
reasons, IT IS THEREFORE ORDERED that a Temporary Restraining Order be, and the same is

hereby GRANTED and issued and Defendant, its agents, officers, servants, employees, representatives, attorneys, and any other individual or entity in active concert or participation with Defendant ("Alberta Parties"), are hereby ordered as follows:

- Alberta Parties are hereby enjoined from transferring or otherwise negotiating at least $700,000 of the funds received in connection with settlement of Defendant's arbitration against Callison Architecture, Inc. ("Callison Settlement Funds");

- Alberta Parties are hereby ordered to hold all or any portion of the Callison Settlement Funds in their possession, custody, or control, sufficient to total at least $700,000, until further order of this Court.

IT IS FURTHER ORDERED that this Temporary Restraining Order be effective upon the filing of a Bond or Cash in Lieu of the Bond in the amount of $10,000 payable to Defendant as required by law. The Temporary Restraining Order shall continue in effect until the hearing set below is completed and/or an order entered.

IT IS FURTHER ORDERED that upon the filing of such Bond or Cash in Lieu of Bond by Plaintiff, the Clerk of this Court shall issue citation and notice to Defendant of the Temporary Restraining Order and a Preliminary Injunction Hearing, said hearing being set by the Court for the 28 day of September, 2011, at 1:00pm EST.

SIGNED this 22 day of September, 2011, at 11:00 a.m.

_____/s/_____
United States District Judge Sterling Johnson Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

      Plaintiff,

v.

ALBERTA TOWN CENTER, LLC AND
LAND TITLE GUARANTEE COMPANY,

      Defendants.

---

## PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED DISCOVERY FOR PRELIMINARY INJUNCTION HEARING

---

Granite Southlands Town Center LLC ("Plaintiff" or "Granite") submits this Emergency Motion for Expedited Discovery for Preliminary Injunction Hearing, by which Plaintiff seeks very limited discovery from Defendant Alberta Town Center, LLC ("Defendant" or "Alberta"). Plaintiff requested Defendant's agreement to provide this discovery, but Defendant refused.[1]

## SUMMARY OF MOTION

Plaintiff seeks very limited discovery (one deposition on 5 topics and 4 document requests) from Defendant to prepare for the scheduled Preliminary Injunction. Plaintiff needs this essential information to prepare for the hearing and protect itself against a "trial by ambush."

The Court issued a Temporary Restraining Order and has set a Preliminary Injunction Hearing for September 28, 2011 (Docket #203).[2] Plaintiff requested the injunctive relief out of concern that Defendant has very limited assets and, but for funds recently received as the result

---

[1]  A copy of Plaintiff's correspondence requesting the discovery is attached hereto as <u>Exhibit A</u>. Defendant's counsel responded to Plaintiff's counsel by e-mail on September 23, 2011, indicating Defendant will oppose the requested discovery.

[2]  It appears the hearing will be moved to September 29, 2011.

of a settlement, does not appear to be in a position to pay Plaintiff the attorneys' fees awarded by this Court in its Final Judgment (Docket #198). The Temporary Restraining Order enjoins Defendant, which is not an operating company, and related individuals and entities from dissipating, or further dissipating, $700,000 of the funds received in the settlement, which approximates the amount Plaintiff is requesting for its attorneys' fees, expenses, and costs.

Defendant has refused to provide Plaintiff with very limited discovery on issues relating directly to Plaintiff's request for a Preliminary Injunction. Without this discovery, Plaintiff will not have an opportunity to inquire into these essential topics until the Preliminary Injunction hearing. The Federal Rules of Civil Procedure go to great lengths to prevent this sort of "trial by ambush." *See* Fed. R. Civ. P. 26.

Specifically, Plaintiff requests testimony on the following five (5) topics:

- Alberta's current financial condition, including a description of its assets, liabilities, and operations;

- Details concerning the settlement payments from Callison, including when, where, and how the money was received;

- Communications between Alberta and Callison relating to the settlement payments;

- Whether, and to whom, the Callison settlement proceeds have been paid or otherwise disbursed; and

- Where the Callison settlement proceeds currently are located, including who or what entity has the money along with the name of the bank or other financial institution and account numbers.

Plaintiff also requests that Defendant be required to produce documents responsive to the following four (4) requests, at or prior to the deposition:

- Alberta's financial statements for the past six months, including detailed statements of accounts receivable, accounts payable, and other outstanding obligations;

- Bank records and statements reflecting money received in relation to Alberta's settlement with Callison and any disbursements or payments made by Alberta in the last sixty days;

- Documents memorializing any payment obligations that Alberta has had during the past six months; and

- Communications between Alberta and Callison relating to the settlement payment.

The requested information is essential to Granite's pending application for injunctive relief and necessary for the Court to decide this matter.

## **BACKGROUND**

In February 2011, this Court presided over a trial between Granite and Alberta on claims arising from an Escrow Agreement between the parties. Granite prevailed on these claims at trial and, as a result, Granite is entitled to recover from Alberta the reasonable attorneys' fees and expenses it incurred in the course of litigating the claims. This Court issued a Final Judgment on September 13, 2011, confirming that Granite is entitled to its "reasonable and actual attorney's fees, expenses and costs pursuant to paragraph 12 of the Escrow Agreement and D.C.COLO.LCivR 54.1." Final Judgment (Docket #198). Accordingly, Granite filed a Motion for Attorneys' Fees and Expenses, currently pending, in which it seeks to recover approximately $685,000 of fees and expenses incurred in this litigation. (Docket # 199). Granite will submit a Bill of Costs for an additional approximately $11,000.

An order granting Granite's request for its reasonable attorneys' fees and expenses would be valueless if Alberta has no assets or funds from which to satisfy a judgment. As of January 2010, Alberta had no substantial assets or ongoing operations, existing solely "for the purpose of resolving this lawsuit." *See* Deposition of Peter Cudlip at 11:6-14, attached hereto as <u>Exhibit B</u>. As of March 2010, Alberta had no "tangible property assets," and "minimal" cash in the bank. *See* Deposition of Steven Zezulak at 106:15-19, attached hereto as <u>Exhibit C</u> . Without operations or assets, Alberta's only potential sources of income would appear to be outside

infusions of capital. Granite is entitled to more recent information prior to the Preliminary Injunction hearing.

Granite recently learned that Alberta received a substantial settlement payment from Callison Architecture, Inc. ("Callison") in early September 2011, as the result of settling an arbitration proceeding. Granite filed an Application for Temporary Restraining Order and Preliminary Injunction Hearing asking the Court to maintain the status quo by preventing Alberta from distributing or otherwise dissipating $700,000 of the funds Alberta received from Callison until Granite's Motion for Attorneys' Fees and Expenses is decided. The Court granted Granite's request for a Temporary Restraining Order (Docket #203). The discovery requested in this motion is necessary for Granite to prepare for the Preliminary Injunction hearing.

## ARGUMENT AND AUTHORITY

This Court may allow expedited discovery upon a good showing of "good cause" to justify the order. *See Pod-Ners, LLC v. N. Feed & Bean*, 204 F.R.D. 675, 676 (D. Colo. 2002). Many courts have found that expedited discovery is often particularly appropriate when a party is seeking a preliminary injunction. *Pod-Ners*, 204 F.R.D. at 676 ("[E]xpedited discovery is appropriate 'in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction."); *Am. Legalnet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) ("The good cause standing may be satisfied where a party seeks a preliminary injunction." (quotation marks omitted)). Expedited discovery mirrors the "expedited nature of injunctive proceedings." *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996). That said, "[e]xpedited discovery should be limited . . . and narrowly tailored to seek information necessary to support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB, 2011 WL 9293 at *2 (D.Colo. Jan. 3, 2011).

Good cause is present here. The discovery Granite is requesting bears directly on the issues underlying the injunctive relief that Granite seeks. Granite's requests also are narrowly tailored to that information necessary to support its request for injunctive relief. Granting this Motion will not impose a substantial burden on or unduly prejudice Alberta. The deposition would occur at the office of Alberta's counsel, and would be unlikely to last more than half-a-day. The documents sought consist of records regularly maintained in the course of business, and are clearly relevant and subject to production in this proceeding. Any prejudice Alberta may suffer from responding to this discovery earlier than otherwise required is outweighed by the irreparable harm which Granite would suffer if it is unable to obtain the requested information in time to prepare for the preliminary injunction hearing.

## **CONCLUSION**

For the reasons set forth above, Granite requests that the Court compel Defendant Alberta to provide the testimony and documents requested herein at least one full day before the preliminary injunction hearing.

DATED: September 23, 2011

Respectfully submitted,

/s/ Paul Trahan
_____
OSBORNE J. DYKES, III
BENJAMIN M. VETTER
LUCY ARNOLD
FULBRIGHT & JAWORSKI L.L.P.
370 Seventeenth Street, Suite 2150
Denver, CO  80202
(303) 801-2700 – Telephone
(303) 801-2777 – Facsimile
jdykes@fulbright.com
bvetter@fulbright.com

PAUL TRAHAN
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX  78701
(512) 474-5201 – Telephone
(512) 536-4598 – Facsimile
ptrahan@fulbright.com

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to attorneys for plaintiffs at the following e-mail addresses:

Stephen L. Waters                    swaters@rwolaw.com
Kimberly A. Bruetsch                 kbruetsch@rwolaw.com
ROBINSON WATERS & O'DORISIO, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
*Attorneys for Land Title Guarantee*

Stuart N. Bennett                    sbennett@joneskeller.com
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
*Attorneys for Alberta Town Center, LLC*

*/s/ Paul Trahan*

EXHIBIT A



**Paul Trahan**
*Partner*

98 San Jacinto Boulevard, Suite 1100 • Austin, Texas 78701-4255
ptrahan@fulbright.com • Direct: 512 536 5288 • Main: 512 474 5201 • Facsimile: 512 536 4598

September 22, 2011

Stuart N. Bennett                                    *Via Fax: (303) 573-8133*
Steven Kabler
Jones & Keller, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202

Re:     Civil Action No. 09-CV-00799-SJJ-KLM; *Granite Southlands Town Center LLC
        v. Alberta Town Center, LLC, Land Title Guarantee Company,* In the United
        States District Court for the District of Colorado

Dear Counsel:

In preparation for the September 28, 2011, Preliminary Injunction Hearing, Granite Southlands
Town Center LLC ("Granite") requests Alberta Town Center, LLC's ("Alberta") agreement to
provide very limited discovery. In particular, Granite requests a corporate representative for
Alberta prepared to testify about the following topics:

- Alberta's current financial condition, including a description of its assets,
  liabilities, and operations;

- Details concerning the settlement payments from Callison, including when,
  where, and how the money was received;

- Communications between Alberta and Callison relating to the settlement
  payments;

- Whether, and to whom, the Callison settlement proceeds have been paid or
  otherwise disbursed; and

- Where the Callison settlement proceeds currently are located, including who
  or what entity has the money along with the name of the bank or other
  financial institution and account numbers.

With respect to documents, Granite requests copies of the following:

- Alberta's financial statements for the past six months, including detailed
  statements of accounts receivable, accounts payable, and other outstanding
  obligations;

AUSTIN • BEIJING • DALLAS • DENVER • DUBAI • HONG KONG • HOUSTON • LONDON • LOS ANGELES • MINNEAPOLIS
MUNICH • NEW YORK • PITTSBURGH-SOUTHPOINTE • RIYADH • SAN ANTONIO • ST. LOUIS • WASHINGTON DC
*www.fulbright.com*

Stuart N. Bennett
Steven Kabler
September 22, 2011
Page 2

- Bank records and statements reflecting money received in relation to Alberta's settlement with Callison and any disbursements or payments made by Alberta in the last sixty days;

- Documents memorializing any payment obligations that Alberta has had during the past six months; and

- Communications between Alberta and Callison relating to the settlement payment.

If Alberta agrees to produce a witness and documents but objects to any particular testimony or documents sought, please let us know, and we will attempt to resolve your concerns.

Please let us know by 10:00 am. MT tomorrow (Friday, September 23, 2011) if Alberta will agree to produce a witness and the requested documents or if Alberta will require Granite to move the Court to compel this discovery.

Very truly yours,

Paul Trahan

Wright, Julie

| | |
|---|---|
| **From:** | Stuart N. Bennett [sbennett@joneskeller.com] |
| **Sent:** | Friday, September 23, 2011 12:06 PM |
| **To:** | Trahan, Paul |
| **Subject:** | Granite v. Alberta |

Paul,

I received your letter dated today by fax this morning. Alberta declines to provide discovery to Granite that would be the type of discovery available in a post-judgment collection action. If Granite ultimately obtains a judgment for some amount of fees, you may pursue whatever collection action is appropriate. Until then, Alberta will oppose Granite's discovery and its preliminary injunction.

Best regards, Stu



**Stuart N. Bennett**
Attorney at Law

1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | D: 303.785.1616 | F: 303.573.8133
**JONES&KELLER, P.C.**
sbennett@joneskeller.com
www.joneskeller.com

**NOTICE:** THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE. FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C. The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**
This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law. This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety. Thank you.

Case 1:09-cv-00799-SJJ-KLM   Document 204-2   Filed 09/23/11   USDC Colorado   Page 84
of 3

# EXHIBIT B

Page 1

```
 1            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLORADO
 2
       Civil Action No. 09-cv-00799-ZLW-KLM
 3
       GRANITE SOUTHLANDS TOWN CENTER, LLC,
 4
            Plaintiff,
 5
       v.
 6
       ALBERTA TOWN CENTER, LLC,
 7     LAND TITLE GUARANTEE COMPANY,
       DONALD G. PROVOST, ALLAN G. PROVOST,
 8     and PETER M. CUDLIP,
 9     Defendants.

10     _____

       VIDEOTAPE DEPOSITION OF:   PETER M. CUDLIP
11                                January 7, 2010

12     _____

13            PURSUANT TO NOTICE, the videotape
       deposition of PETER M. CUDLIP was taken on behalf of
       the Plaintiff at 600 17th Street, Suite 1800, Denver,
14     Colorado 80202, on January 7, 2010, at 9:36 a.m.,
       before Marchelle Hartwig, Certified Shorthand Reporter
15     and Notary Public within Colorado.
16
17
18
19
20
21
22
23
24
25
```

Case No. 09-cv-00799-SJJ-KLM Document 20415-26 Filed 09/23/11 USDC Colorado Page 86 of 131

```
 1          A.    Three.

 2          Q.    Who are they?

 3          A.    Don Provost -- Donald Provost, Allan

 4    Provost, and myself.

 5          Q.    Have there ever been any other managers

 6    of Alberta?

 7          A.    No.

 8          Q.    When was Alberta formed?

 9                MR. BENNETT:  Let me interject.  There

10    are a number of Alberta entities.  At this point, do

11    you want us to assume you're talking about Alberta

12    Town Center, LLC, unless otherwise specified?

13                MR. TRAHAN:  That is correct.  Thank you.

14                MR. BENNETT:  Thank you.

15          A.    I am not positive of that.

16          Q.    (BY MR. TRAHAN)  Was Alberta Town Center,

17    LLC, formed for the purpose of developing the

18    Southlands Town Center?

19          A.    Correct.

20          Q.    Is -- does the Alberta Town Center,

21    LLC -- does that entity have -- currently have any

22    assets?

23          A.    Very little.

24          Q.    What would those assets be?

25          A.    Some cash.
```

Page 11

```
 1              Q.    And does Alberta Town Center, LLC,
 2    currently have any debts?
 3              A.    Yes.
 4              Q.    What would those debts be, generally?
 5              A.    Legal fees, basically.
 6              Q.    Is Alberta Town Center, LLC, an operating
 7    entity?
 8              A.    Yes.
 9              Q.    What is the nature of its operations?
10              A.    It's still in existence until we resolve
11    this lawsuit.
12              Q.    So it exists for the purpose of resolving
13    this lawsuit?
14              A.    Yes.
15              Q.    Does Alberta have any role with respect
16    to the Southlands Town Center currently, other than
17    pursuing this lawsuit?
18              A.    Are you specifically talking about the
19    Town Center?  No, it doesn't.
20              Q.    Okay.  What is -- do you have any other
21    relationship or role with respect to Alberta, other
22    than being a manager of it?
23              A.    I don't understand the question.
24              Q.    Do you own any piece of it?
25              A.    Yes.
```

Page 223

REPORTER'S CERTIFICATE

STATE OF COLORADO            )
                            ) ss.
CITY AND COUNTY OF DENVER    )

        I, MARCHELLE HARTWIG, Certified Shorthand
Reporter and Notary Public, State of Colorado, do
hereby certify that previous to the commencement of
the examination, the said PETER M. CUDLIP was duly
sworn by me to testify to the truth in relation to the
matters in controversy between the parties hereto;
that the said deposition was taken in machine
shorthand by me at the time and place aforesaid and
was thereafter reduced to typewritten form; that the
foregoing is a true transcript of the questions asked,
testimony given, and proceedings had.

        I further certify that I am not employed by,
related to, nor of counsel for any of the parties
herein, nor otherwise interested in the outcome of
this litigation.


        IN WITNESS WHEREOF, I have affixed my
signature this 13th day of January, 2010.
        My commission expires April 19, 2013.


___X__  Reading and Signing was requested.
_____  Reading and Signing was waived.
_____  Reading and Signing is not required.

# EXHIBIT C

Page 1

```
 1              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLORADO
 2
       Civil Action No. 09-cv-00799-ZLW-KLM
 3
       GRANITE SOUTHLANDS TOWN CENTER, LLC,
 4
         Plaintiff,
 5
       v.
 6
       ALBERTA TOWN CENTER, LLC,
 7     LAND TITLE GUARANTEE COMPANY,
       DONALD G. PROVOST, ALLAN G. PROVOST,
 8     and PETER M. CUDLIP,
 9     Defendants.
       _____
10
       DEPOSITION OF:  STEVEN ZEZULAK - March 22, 2010
11     _____
12              PURSUANT TO NOTICE, the deposition of
       STEVEN ZEZULAK was taken on behalf of the Plaintiff at
13     600 17th Street, Suite 1800, Denver, Colorado 80202,
       on March 22, 2010, at 8:48 a.m., before Marchelle
14     Hartwig, Certified Shorthand Reporter and Notary
       Public within Colorado.
15
                     A P P E A R A N C E S
16
       For the Plaintiff:      OSBORNE J. DYKES, III, ESQ.
17                             Fulbright & Jaworski L.L.P.
                               370 17th Street, Suite 2150
18                             Denver, Colorado 80202
19     For the Defendants:     STUART N. BENNETT, ESQ.
       Alberta Town Center,    Lindquist & Vennum, PLLP
20     LLC, Donald G.          600 17th Street
       Provost, and Peter      Suite 1800 South
21     M. Cudlip               Denver, Colorado 80202
22
23
24
25
```

Page 106

```
 1          A.   Yes.

 2               MR. BENNETT:  It looks to me to be a

 3     duplicate of page 3 of Exhibit 45.  I can't quite read

 4     it because it's so small.

 5               THE DEPONENT:  It's not.  This is 132.

 6     This is 153.  This has been superseded.

 7               MR. BENNETT:  All right.  Then I withdraw

 8     my comment.

 9          Q.   (BY MR. DYKES)  Just so --

10               MR. BENNETT:  But I can't read it anyway,

11     so it's pretty irrelevant to . . .

12          Q.   (BY MR. DYKES)  Which one is earlier,

13     Exhibit 45 or Exhibit 100?

14          A.   I believe Exhibit 100 is earlier.

15          Q.   Does Alberta Town Center, LLC, currently

16     have net assets?

17          A.   No tangible property assets, no.

18          Q.   It doesn't have cash in the bank?

19          A.   A little bit, but it's very minimal.

20          Q.   If the true-up analysis were to be

21     completed and everybody agrees on it or without an

22     agreement, a judge decides on the -- a figure and/or a

23     jury, and the decision is, whether by agreement or

24     not, that Alberta owes a million dollars, more or

25     less, to Granite, does Alberta have any way to pay it?
```

Page 107

```
 1          A.   Yes.

 2          Q.   What would that be?

 3          A.   Contributions from the three partners.

 4          Q.   Okay.  But without the contributions,

 5   there's nothing there to pay it?

 6          A.   There is not a million dollars.

 7          Q.   Is there any amount, say, $100 or a

 8   thousand dollars?

 9          A.   I honestly don't recall how much cash is

10   in the bank at this point.

11          Q.   Well, close, though?  Are we talking

12   about a minimal amount of $100,000?

13          A.   No.  It's more than that.  But it's about

14   100,000.  It's in between.

15               MR. DYKES:  Pass the witness.  Thank you,

16   sir.

17               MR. BENNETT:  I have no questions.

18               WHEREUPON, the within proceedings were

19   concluded at the approximate hour of 12:06 p.m. on the

20   22nd day of March, 2010.

21                   *     *     *     *     *

22

23

24

25
```

Page 109

                    REPORTER'S CERTIFICATE
STATE OF COLORADO            )
                            ) ss.
CITY AND COUNTY OF DENVER    )

          I, MARCHELLE HARTWIG, Certified Shorthand
Reporter and Notary Public, State of Colorado, do
hereby certify that previous to the commencement of
the examination, the said STEVEN ZEZULAK was duly
sworn by me to testify to the truth in relation to the
matters in controversy between the parties hereto;
that the said deposition was taken in machine
shorthand by me at the time and place aforesaid and
was thereafter reduced to typewritten form; that the
foregoing is a true transcript of the questions asked,
testimony given, and proceedings had.

          I further certify that I am not employed by,
related to, nor of counsel for any of the parties
herein, nor otherwise interested in the outcome of
this litigation.


          IN WITNESS WHEREOF, I have affixed my
signature this 1st day of April, 2010.
          My commission expires April 19, 2013.


___X__   Reading and Signing was requested.
_____  Reading and Signing was waived.
_____  Reading and Signing is not required.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

     Plaintiff,

v.

ALBERTA TOWN CENTER, LLC and
LAND TITLE GUARANTEE COMPANY,

     Defendants.

---

**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED
DISCOVERY FOR PRELIMINARY INJUNCTION HEARING**

---

After considering Plaintiff Granite Southlands Town Center LLC's Motion for Expedited Discovery for Preliminary Injunction Hearing, the Court finds it should be granted in all respects.

Alberta Town Center, LLC, therefore, is ORDERED, at least one full day before the Preliminary Injunction hearing in the captioned lawsuit, to produce a corporate representative prepared to testify about the following topics:

- Alberta's current financial condition, including a description of its assets, liabilities, and operations;

- Details concerning the settlement payments from Callison, including when, where, and how the money was received;

- Communications between Alberta and Callison relating to the settlement payments;

- Whether, and to whom, the Callison settlement proceeds have been paid or otherwise disbursed; and

- Where the Callison settlement proceeds currently are located, including who or what entity has the money along with the name of the bank or other financial institution and account numbers.

Alberta Town Center, LLC is FURTHER ORDERED to produce, at least one full day before the Preliminary Injunction hearing in the captioned lawsuit, the following documents:

- Alberta's financial statements for the past six months, including detailed statements of accounts receivable, accounts payable, and other outstanding obligations;

- Bank records and statements reflecting money received in relation to Alberta's settlement with Callison and any disbursements or payments made by Alberta in the last sixty days;

- Documents memorializing any payment obligations that Alberta has had during the past six months; and

- Communications between Alberta and Callison relating to the settlement payment.

SIGNED _____


_____
DISTRICT JUDGE PRESIDING

Case 1:09-cv-00799-SJJ-KLM Document 205 Filed 09/23/10 USDC Colorado Page 1 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

     Plaintiff,

**THIS ORDER MODIFIES AND REPLACES
THE COURT'S PREVIOUS ORDER ECF # 203**

v.

ALBERTA TOWN CENTER, LLC and
LAND TITLE GUARANTEE COMPANY,

     Defendants.

---

## TEMPORARY RESTRAINING ORDER
## AGAINST DEFENDANT ALBERTA

     ON THIS DAY came on to be heard Granite Southlands Town Center LLC ("Plaintiff") request for a temporary restraining order as set forth in Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction Hearing ("Application"). The Court, having examined the Application, finds that said Application shows Plaintiff to be entitled to a Temporary Restraining Order, pending the hearing on the request for Preliminary Injunction. It clearly appears from the facts set forth in the Application that Defendant Alberta Town Center, LLC ("Defendant") will transfer or otherwise negotiate funds from Defendant's settlement of an arbitration against Callison Architecture, Inc. absent this Court's order and, therefore, be unable to satisfy Defendant's anticipated debt to Plaintiff.

     The Court further finds that such activity will cause substantial harm to Plaintiff and that Defendant should be enjoined from such activity.

     The Court further finds that Plaintiffs have shown a probable right of success on the merits and probable injury if this Temporary Restraining Order is not granted. For the foregoing

reasons, IT IS THEREFORE ORDERED that a Temporary Restraining Order be, and the same is

hereby GRANTED and issued and Defendant, its agents, officers, servants, employees,

representatives, attorneys, and any other individual or entity in active concert or participation

with Defendant ("Alberta Parties"), are hereby ordered as follows:

- Alberta Parties are hereby enjoined from transferring or otherwise negotiating at

  least $700,000 of the funds received in connection with settlement of Defendant's

  arbitration against Callison Architecture, Inc. ("Callison Settlement Funds");

- Alberta Parties are hereby ordered to hold all or any portion of the Callison

  Settlement Funds in their possession, custody, or control, sufficient to total at

  least $700,000, until further order of this Court.

IT IS FURTHER ORDERED that this Temporary Restraining Order be effective upon

the filing of a Bond or Cash in Lieu of the Bond in the amount of $10,000 payable to the Clerk of

the Court as required by law.  The Temporary Restraining Order shall continue in effect until the

hearing set below is completed and/or an order entered.

IT IS FURTHER ORDERED that upon the filing of such Bond or Cash in Lieu of Bond

by Plaintiff, the Clerk of this Court shall issue citation and notice to Defendant of the Temporary

Restraining Order and a Preliminary Injunction Hearing, said hearing being set by the Court for

the 29 day of September, 2012, at 3pm EST.

SIGNED this 23 day of September, 2011, at 6:30pm EST.


_____/s/_____
United States District Judge Sterling Johnson Jr.

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER, LLC,

      Plaintiff,

v.

ALBERTA TOWN CENTER, LLC and
LAND TITLE GUARANTEE COMPANY,

      Defendants.

---

## DEFENDANT LAND TITLE GUARANTEE COMPANY'S
## MOTION FOR ATTORNEYS FEES AND COSTS

---

      Defendant, Land Title Guarantee Company, hereby submits this Motion for Attorneys Fees and Costs and, in support thereof, state as follows:

**Background and Basis for Fee Request**

      1.    On or about April 8, 2009, Granite Southlands Town Center, LLC initiated this action seeking declaratory judgment regarding a Forward Purchase and Sale Agreement and accompanying Escrow Agreement between Granite Southlands Town Center, LLC as buyer and Alberta Town Center, LLC as seller (the "Contracts") of certain real property commonly known as the Southlands Town Center, Aurora, Colorado (the "Property") and disposition of earnest money associated with the contract.

      2.    Land Title Guarantee Company received from Granite Southlands Town Center, LLC earnest money in the amount of $650,000 (the "Funds") to be held in escrow until closing.

3.     Land Title Guarantee Company was joined in this action solely because it held the Funds as the escrow agent.

4.     Pursuant to paragraph 5 of the Escrow Agreement, Land Title is entitled to recover its attorneys fees and costs incurred in this matter.  Paragraph 5 states in relevant part:

> In the event Escrow Agent is made a party to litigation with respect to the Cash Funds held hereunder, or brings an action in interpleader or if Escrow Agent is required to render any service not provided for in this Agreement, Escrow Agent shall be entitled to reasonable compensation for such extraordinary services and reimbursement for all actual and reasonable fees, costs, liability and expenses, including reasonable attorneys' fees.  Liability for such extraordinary services and reimbursement for all fees, costs, liability and expenses, including reasonable and actual attorneys' fees shall be paid by the party requesting such services or causing such services to be incurred.

A copy of the Escrow Agreement is attached hereto as Exhibit A.

5.     Due to the inclusion of Land Title as a Defendant in this matter, Land Title was required to retain counsel and participate in the litigation.  As a result, Land Title seeks an order requiring that $16,144.10 be paid to Land Title from the Escrow Funds.  This Court acknowledged Land Title's claim to attorneys fees in its Memorandum and Order and stated that Land Title may file its own motion for fees and costs.

**Request for Attorneys Fees**

6.     To determine a reasonable attorneys' fee, courts arrive at a "lodestar" figure by multiplying the hours counsel reasonably expends on litigation by a reasonable hourly rate. Dubray v. Intertribal Bison Coop, 192 P.3d 604, 608 (Colo.App. 2008).  Once calculated, a "claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." Degrado v. Jefferson Pilot Financial Ins. Co., No. 02-cv-01533-WYD-BNB, 2009 WL 1973501

at *6 (D.Colo., July 6, 2009)(*quoting* Robinson v. City of Edmond, 160 F.3d 1275, 1283 (10th cir. 1998).

7.      All of the fees and costs sought by Land Title have been billed to the client and have been paid or will be paid in due course. *See* Affidavit of Kimberly A. Bruetsch attached hereto as Exhibit B.

8.      In support of its claim for attorneys fees and costs, affidavits and billing records are submitted contemporaneously with this Motion. The billing records are attached hereto as Exhibit C and biographies of the attorneys involved in this matter are submitted as Exhibit D.

9.      The legal services provided to Land Title were reasonable and necessary. The services provided generally involved investigating the claims, reviewing the pleadings and preparing responses to the same, attending and participating in the scheduling conference and communications with counsel to attempt to limit Land Title's involvement in this matter. *See* Exhibit B.

10.      Land Title made significant efforts to limit its attorneys fees and costs incurred in this matter. Land Title proposed early on that the parties stipulate to interplead or escrow the funds and dismiss Land Title. Unfortunately, counsel for Granite and Alberta were unable to reach an agreement regarding dismissal of Land Title until December 2010. Nevertheless, Land Title's counsel limited its participation including seeking orders not requiring its presence at settlement conferences, limiting review of pleadings and documents and making continued efforts to stipulate to a resolution that would not require Land Title to participate in the trial.

11.      Stephen L. Waters is the senior attorney responsible for this matter. Mr. Waters assigned primary responsibility for this matter to Kimberly Bruetsch in order to staff the case in an economical matter. Kristi Kellow is the paralegal assigned to this matter. Mr. Waters had

primary involvement for preparing for and attending the pretrial conference because Ms. Bruetsch was out of town during that time.

12.     The hourly rates charged by Robinson Waters & O'Dorisio, P.C. are comparable to services by attorneys with similar skill and experience in Denver, Colorado.

13.     Land Title's costs are limited to copy charges, postage and the LawTool Box docketing fee.  These costs were billed to Land Title and are to be reimbursed pursuant to paragraph 5 of the Escrow Agreement.

14.     To the extent further proceedings are required regarding Land Title's request for reimbursement of its attorneys fees and costs, Land Title reserves the right to supplement its fee request.

WHEREFORE, Land Title respectfully requests that this Court award it legal fees and expenses in the amount of $16,144.10 to be paid from the funds previously held in escrow and any and other further relief to which this Court deems just and proper.

DATED this 27th day of September 2011.

Respectfully submitted,


*s/ Kimberly A. Bruetsch*
Stephen L. Waters
Kimberly A. Bruetsch
ROBINSON WATERS & O'DORISIO, P.C.
1099 18th Street, Suite 2600
Denver, Colorado 80202
(303) 297-2600
*Counsel for Land Title Guarantee Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September 2011, a true and correct copy of the foregoing **MOTION FOR ATTORNEYS FEES** was served via CM/ECF on the following:

Osborne J. Dykes, III, Esq.
Benjamin M. Vetter, Esq.
Fulbright & Jaworski LLP
370 Seventeenth Street, Suite 2150
Denver, Colorado 80202
jdykes@fulbright.com
bvetter@fulbright.com

Paul Trahan, Esq.
Fulbright & Jaworski LLP
600 Congress Avenue, Suite 2400
Austin, Texas 78701
ptrahan@fulbright.com

Stuart N. Bennett, Esq.
Lindquist & Vennum, P.L.L.P.
600 17th Street, Suite 1800-South
Denver, Colorado 80202
sbennett@lindquist.com

s/Kristi Kellow

Confidential

# ESCROW AGREEMENT

THIS ESCROW AGREEMENT (this "**Agreement**") is made and entered into as of this /2 day of December, 2008, by and among ALBERTA TOWN CENTER, LLC, a Colorado limited liability company ("**Alberta**"), GRANITE SOUTHLANDS TOWN CENTER LLC, a Delaware limited liability company ("**Granite**"), and LAND TITLE GUARANTEE COMPANY, as escrow agent ("**Escrow Agent**").

## RECITALS

A.    Alberta and Granite (as successor-in interest to Metropolitan Life Insurance Company, a New York corporation), are parties to that certain Forward Purchase and Sale Agreement and Escrow Instructions dated as of September 29, 2005, as amended by that certain Amendment and Agreement dated as of April 30, 2007, and that certain First Amendment to Amendment and Agreement effective as of June 1, 2007, and that certain Second Amendment to Amendment and Agreement effective as of June 29, 2007, and that certain Third Amendment to Amendment and Agreement effective as of July 24, 2007, and that certain Fourth Amendment to Amendment and Agreement and Termination Agreement effective as of August 31, 2007, and that certain Fifth Amendment to Amendment and Agreement and Termination Agreement effective as of December 13, 2007, and that certain Sixth Amendment to Amendment and Agreement and Termination Agreement effective as of February 15, 2008, and that certain Seventh Amendment to Amendment and Agreement and Termination Agreement effective as of February 22, 2008, and that certain Eighth Amendment to Amendment and Agreement and Termination Agreement effective as of February 28, 2008, and that certain Ninth Amendment to Amendment and Agreement and Termination Agreement effective as of March 14, 2008, and that certain Tenth Amendment to Amendment and Agreement and Termination Agreement effective as of March 27, 2008, that certain Eleventh Amendment to Amendment and Agreement and Termination Agreement effective as of April 9, 2008, that certain Twelfth Amendment to Amendment and Agreement and Termination Agreement effective as of April 25, 2008, and that certain Thirteenth Amendment to Amendment and Agreement and Termination Agreement dated effective as of May 9, 2008 and that certain Thirteenth Amendment to Amendment and Agreement and Termination Agreement effective as of May 8, 2008, that certain Fourteenth Amendment to Amendment and Agreement and Termination Agreement effective as of May 14, 2008, and that certain Fifteenth Amendment to Amendment and Agreement and Termination Agreement effective as of December 8, 2008 (as amended and assigned, the "**Purchase Agreement**").

B.    The Purchase Agreement requires Escrow Holder to retain $650,000.00 (the "**Escrow**") of the Excess Funds at the Closing in an escrow account established at Closing (the "**Escrow Account**").

C.    Alberta and Granite desire to enter into this Agreement to provide for the procedures governing the application and/or disbursement of amounts in the Escrow.

D.    Escrow Agent is willing to act as escrow holder with respect to the Escrow upon and subject to the terms and conditions of this Agreement.



EXHIBIT
A

GSTC000347

Confidential

E.      Capitalized terms used and not otherwise defined herein shall have the meanings given to such terms in the Purchase Agreement.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants and promises contained herein, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties hereto agree as follows:

1.      <u>Establishment of Escrow and Administration of Cash Funds</u>.

1.1      <u>Deposit of Funds</u>.  Pursuant to the Purchase Agreement, Escrow Agent shall retain an amount equal to $650,000.00 (the "**Deposit**") out of the Excess Funds to be paid to Seller at Closing, which amount shall be deposited into a separate escrow account governed by this Agreement.  The Deposit together with any interest accruing thereon shall be referred to herein as the "**Cash Funds**".  The Escrow Agent agrees to hold and safeguard the Cash Funds, in accordance with this Agreement.  The Escrow Agent agrees to hold the Cash Funds separate and apart from the Escrow Agent's assets.

1.2      <u>Intentionally Omitted</u>.

1.3      <u>Investment of Cash Funds</u>.  During the Escrow Period, the Escrow Agent will invest the Cash Funds in such Permitted Investments (as defined below) as directed by mutual instructions from Alberta and Granite in writing.  In the absence of written instructions from Alberta and Granite, the Escrow Agent will, at its discretion, invest the Cash Funds as set forth in <u>clauses (i) or (ii) below</u>.  Escrow Agent shall disburse all interest earned on the Cash Funds on a monthly basis to Alberta.  The term "**Permitted Investments**" means:

(i)      Government Obligations;

(ii)      negotiable or non-negotiable certificates of deposit, bankers' acceptances or time deposits maturing within thirty (30) days from the date of acquisition thereof issued by any commercial bank organized under the laws of the United States of America, any state thereof or the District of Columbia, each having assets of not less than One Billion Dollars ($1,000,000,000) or other commercial banks organized under the laws of a foreign country, each having assets of not less than One Billion Dollars ($1,000,000,000);

(iii)      any fund comprised solely of the investments described in clauses <u>(i)</u> and <u>(ii)</u>; or

(iv)      any other investments mutually agreed upon by Alberta and Granite.

The term "**Government Obligations**" means (x) direct obligations of the United States of America for the payment of which the full faith and credit of the United States of America is

GSTC000348

Confidential

pledged, or (y) obligations issued by a Person controlled or supervised by and acting as an instrumentality of the United States of America, the payment of the principal of, premium, if any, and the interest on which is fully guaranteed as a full faith and credit obligation of the United States of America (including any securities described in (x) or (y) above in this sentence issued or held in book-entry form on the books of the Department of Treasury of the United States of America), which obligations, in either case, are not subject to redemption prior to maturity at less than par by any Person other than the owner.

2.    <u>Term of Escrow</u>.  The term of the Escrow shall commence on the date hereof and end on the date on which all Cash Funds have been disbursed.

3.    <u>General Disbursement Guidelines</u>.  The Escrow Agent shall hold the Cash Funds in accordance with this Agreement and shall distribute Cash Funds only in accordance with the following:

3.1    <u>Mutual Instructions</u>. Escrow Holder shall promptly disburse Cash Funds in compliance with any written instructions signed by both Granite and Alberta;

3.2    <u>Disbursement of Cash Funds and AAD Holdback</u>.    Pursuant to the Purchase Agreement, upon Alberta's delivery of the Required Estoppels to Granite, Granite shall instruct Escrow Holder by written notice to Escrow Holder to deliver the Cash Funds to Alberta; provided, however, that upon Alberta's delivery of the Required Estoppels to Granite, if the AAD (as defined in Section 10 of the Fifteenth Amendment of the Purchase Agreement) has not been delivered to Granite as of the date of Alberta's delivery of the Required Estoppels, then $50,000.00 of the Escrow plus any accrued interest on such amount (the "**AAD Holdback**") shall be retained by Escrow Holder.  If Alberta fails to deliver the AAD on or before 5:00 P.M. (EDT) on March 1, 2009, Granite and Alberta agree that Escrow Holder shall deliver the AAD Holdback to Granite upon written notice to Escrow Holder from Granite and the AAD Holdback shall be deemed to have been forfeited by Alberta.  If prior to the Closing Date, Seller fails to deliver certificates of occupancy (the "**Required COs**") for the following spaces in the Building: (A) H-105, which is currently occupied by Color Me Mine, (B) E- 250, which is currently occupied by American Family, and (C) E-225, which is currently occupied by Children's Place, Seller shall, at its sole cost and expense, continue to use commercially reasonable efforts to deliver the Required COs after Closing.  If Seller has not delivered the Required COs on or before 5:00 P.M. (EDT) on February 12, 2009, Buyer and Seller agree Escrow Holder shall deliver $50,000.00 of the Escrow plus any accrued interest on such amount (such amount of the Escrow plus any accrued interest, if and when held back pursuant to this <u>Section (3.2)</u> is herein referred to as the "**CO Holdback**") to Buyer upon written notice to Escrow Holder from Buyer, and the amount of the CO Holdback shall be deemed to have been forfeited by Seller.  If Alberta fails to deliver the Required Estoppels to Granite on or before 5:00 P.M. (EDT) on March 1, 2009, Granite and Alberta agree Escrow Holder shall deliver the Cash Funds to Granite upon written notice to Escrow Holder from Granite and the Cash Funds shall be deemed to have been forfeited by Alberta.

3.3    <u>Court Order</u>.  Escrow Agent shall disburse Cash Funds in accordance with the final order, judgment or decree of any court of competent jurisdiction which may be filed, entered or issued.

3

GSTC000349

Confidential

3.4     First Anniversary of this Agreement.  Upon the first (1st) anniversary of this Agreement or the first business day thereafter if the first (1st) anniversary is not a business day, Escrow Agent shall disburse any remaining Cash Funds in its possession to Granite.

4.      Nature of Duties.

4.1     General Ministerial Nature.  The duties of the Escrow Agent hereunder are only such as are specifically set forth in this Agreement, such duties being purely ministerial in nature, and Escrow Agent shall not become liable in any way or to any person for its compliance with its obligations under this Agreement, except for Escrow Agent's acts of willful misconduct, negligence or knowing breach of this Agreement.  In the event of any disagreement between or among any of the parties to this Agreement, or between or among them or any of them and any other Person, resulting in adverse claims or demands being made in connection with the Cash Funds held in the Escrow, or in the event Escrow Agent, in good faith, shall be in doubt as to what action it should take hereunder, Escrow Agent may, at its option, refuse to comply with any claims or demands on it, or refuse to take any other action hereunder, so long as such disagreement continues or such doubt exists, and in any such event, Escrow Agent shall not become liable in any way or to any person for its failure or refusal to act, and the Escrow Agent shall be entitled to continue so to refrain from acting until it shall have received instructions in writing concurred to by Alberta and Granite  or until the disposition of such Cash Funds shall be directed by a determination of a court of competent jurisdiction, whereupon it shall make disposition in accordance with such instructions or such determination.  Escrow Agent shall have the option, after 30 days' notice to the other parties of its intention to do so, to file an action in interpleader requiring the parties to answer and adjudicate any claims and rights among themselves.  The rights of Escrow Agent under this Section 4 are cumulative of all other rights which it may have by law or otherwise.

4.2     No Implied Obligations.  Escrow Agent shall neither be responsible for or under, nor chargeable with knowledge of, the terms and conditions of any other agreement, instrument or document executed between or among the parties hereto, except the Purchase Agreement.  This Agreement sets forth all of the obligations of Escrow Agent with respect to the Escrow, and no additional obligations shall be implied from the terms of this Agreement or any other agreement, instrument or document.

4.3     Presumed Validity of Written Notices.  Escrow Agent may act in reliance upon any instructions, notice, certification, demand, consent, authorization, receipt, power of attorney or other writing delivered to it by any party without being required to determine the authenticity or validity thereof or the correctness of any fact stated therein, the propriety or validity of the service thereof or the jurisdiction of the court issuing any judgment or order. Escrow Agent may act in reliance upon any signature believed by it to be genuine and may assume that such Person has been properly authorized to do so.

4.4     Consultation with Legal Counsel.  Escrow Agent may consult with legal counsel of its selection in the event of any dispute or question as to the meaning or construction of any of the provisions hereof or its duties hereunder and it shall incur no liability and shall be fully protected in acting in accordance with the opinion and instructions of any such counsel.

GSTC000350

Confidential

5.      Compensation.  All customary fees and expenses of Escrow Agent in performing
its duties and services hereunder shall be borne 50% by Alberta and 50% by Granite.  In the
event Escrow Agent is made a party to litigation with respect to the Cash Funds held hereunder,
or brings an action in interpleader or if Escrow Agent is required to render any service not
provided for in this Agreement, Escrow Agent shall be entitled to reasonable compensation for
such extraordinary services and reimbursement for all actual and reasonable fees, costs, liability
and expenses, including reasonable attorneys' fees.  Liability for such extraordinary services and
reimbursement for all fees, costs, liability and expenses, including reasonable and actual
attorneys' fees shall be paid by the party requesting such services or causing such services to be
incurred.

6.      Termination and Resignation of Escrow Agent.  Escrow Agent may be removed
with or without cause by written notice to Escrow Agent from both Alberta and Granite.  Escrow
Agent may, in its sole discretion, resign and terminate its position hereunder at any time
following 60 days written notice to Alberta and Granite.  Any such resignation shall terminate all
obligations and duties of Escrow Agent hereunder.  On the effective date of such resignation, the
Escrow Agent shall deliver this Agreement together with the Cash Funds then held by it, and any
and all related instruments or document to any successor Escrow Agent reasonably agreeable to
Alberta and Granite, subject to this Agreement.  If a successor Escrow Agent has not been
appointed prior to the expiration of 60 days following the date of the notice of such resignation,
the then acting Escrow Agent may petition any court of competent jurisdiction for the
appointment of a successor Escrow Agent, or other appropriate relief.  Any such resulting
appointment shall be binding upon all of the parties to this Agreement.

7.      Notices.  All notices, requests, demands and other communications hereunder
shall be in writing and shall be delivered by hand, transmitted by facsimile transmission, sent
prepaid for next business day delivery by Federal Express (or a comparable overnight delivery
service), at the addresses and with such copies as designated below.


If to Alberta:                                  c/o Alberta Development Partners
                                               5460 South Quebec Street, Suite 100
                                               Englewood, Colorado 80111
                                               Attn: Donald G. Provost
                                               Facsimile:  (303) 771-4086


and:                                           Gibson, Dunn & Crutcher LLP
                                               333 South Grand Avenue
                                               Los Angeles, CA 90071
                                               Attn: Drew Flowers
                                               Facsimile: (213) 229-6885


5

GSTC000351

Confidential

If to Granite:

    c/o BlackRock Realty Advisors, Inc.
300 Campus Drive, 3rd Floor
Florham Park, New Jersey 07932
Attn: Christopher Silva
Facsimile: (646) 521-4965

and:

    BlackRock Realty Advisors, Inc.
300 Campus Drive, 3rd Floor
Florham Park, New Jersey 07932
Attn: Jeremy A. Litt, Esq.
Facsimile: (646) 521-4998

and:

    Fulbright & Jaworski L.L.P.
600 Congress Avenue, Suite 2400
Austin, Texas 78701
Attn.: Jane S. Smith
Facsimile: (512) 536-4598

If to Escrow Agent:

    Land Title Guarantee Company
3033 E. 1st Ave., #600
PO Box 5440
Denver, CO 80206
Attn: Escrow Department
Facsimile: (303) 399-8193

Any party hereto may change its address or designate different or other persons or entities to receive copies by notifying the other parties and Escrow Agent in a manner described in this Section 7. Any notice, request, demand or other communication delivered or sent in the manner aforesaid may be given by the party required to give such notice or its attorney, and shall be deemed given or made (as the case may be) when actually delivered to or refused by the intended recipient.

8.    Further Assurances. The parties hereto each agree to execute, acknowledge and/or deliver such other documents or instruments as may reasonably be requested by any other party or by Escrow Agent, in order to effectuate the purposes of this Agreement; provided, however, that the foregoing shall not obligate Alberta or Granite to execute, acknowledge or deliver any instrument which would or might impose upon such party any additional liability or obligation.

9.    Conflict. In the case of any conflict or inconsistency between the terms of this Agreement and the terms of the Purchase Agreement, the terms of the Purchase Agreement shall govern and control. Notwithstanding anything in this Agreement to the contrary, in no event shall the release of any Cash Funds to Alberta modify, or release Alberta from, any of Alberta's obligations under the Purchase Agreement.

GSTC000352

Confidential

10. <u>Amendment</u>. Any modification of this Agreement or any additional obligations assumed by any party hereto shall be binding only if evidenced by a writing signed by each of the parties hereto.

11. <u>Assignment</u>. Except as expressly set forth below, neither this Agreement nor any right or obligation created hereby may be assigned by any party without the prior written consent of the other parties or their successors. Notwithstanding the foregoing to the contrary, Granite may, without the prior written consent of Alberta or Escrow Agent, assign its interest in this Agreement to any of the following: (a) an entity which is and thereafter remains owned or controlled by, is under common ownership and control with or owns and controls (including control under an investment management agreement) Granite or BlackRock Realty Advisors, Inc. (**"Advisor"**), (b) Advisor, (c) a fund client of Advisor, (d) a wholly-owned subsidiary of Granite, (e) a REIT in which Advisor is the investment manager, (f) any other entity which is any successor to the entities described in sub-clauses (a) – (e) above, whether by merger, consolidation or the sale of all or substantially all of the assets thereof or otherwise), or (g) any purchaser of the Property or any other successor to Granite's interest in the Property.

12. <u>Attorneys' Fees</u>. The prevailing party in any dispute arising from this Agreement shall be entitled to recover from the non-prevailing party its reasonable and actual attorneys' fees and expenses, including any incurred in connection with any appeal.

GSTC000353

Confidential

**GRANITE SOUTHLANDS TOWN CENTER LLC,**
a Delaware limited liability company

By:    BlackRock Granite Property Fund, L.P.,
a Delaware limited partnership,
its Sole Member

      By:    BlackRock Granite Property Fund, LLC,
a Delaware limited liability company,
its General Partner

            By:    BlackRock Granite Property Fund, Inc.,
a Maryland corporation,
its Sole Member

                  By:    BlackRock Realty Advisors, Inc.
a Delaware corporation, its Investment Manager

                  By:    _____
                  Name:  Christopher Silva
                  Its:     Director

GSTC000354

Confidential

IN WITNESS WHEREOF, Alberta has executed this Agreement as of the date set forth below, to be effective as of the Effective Date.

ALBERTA:

ALBERTA TOWN CENTER, LLC,
a Colorado limited liability company

By:_____
        Peter Cudlip, Manager

Execution Date:_____11/10/08_____

**[Signatures Continue on Next Page]**

SIGNATURE PAGE TO ESTOPPEL ESCROW AGREEMENT

Confidential

IN WITNESS WHEREOF, Escrow Holder has executed this Agreement as of the date set forth below, to be effective as of the Effective Date.

ESCROW HOLDER:

Land Title Guarantee Company

By: _____

Name: _____
      LEIGH RENFRO

Title: _____
       ASSISTANT VICE PRESIDENT

Execution Date: _December 12, 2008_

[End of Signatures]

Signature Page to Estoppel Escrow Agreement

GSTC000356

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER, LLC,

     Plaintiff,

v.

ALBERTA TOWN CENTER, LLC and
LAND TITLE GUARANTEE COMPANY,

     Defendants.

## <u>AFFIDAVIT OF KIMBERLY A. BRUETSCH</u>

| | |
|---|---|
| THE STATE OF COLORADO | § |
| | § |
| COUNTY OF DENVER | § |

THE AFFIANT states as follows:

1.    I am a lawyer duly licensed to practice in the State of Colorado and in the United States District Court for the District of Colorado. I am over 18 years of age and I am competent to testify to the matters herein.

2.    Robinson Waters & O'Dorisio, P.C. ("RWO") represents Land Title Guarantee Company in the above captioned cause. Stephen L. Waters is the senior partner responsible for this matter and he assigned primary responsibility for this matter to me. I have been licensed to practice in the State of Colorado since 2001. In 2000, I clerked for the Honorable Bobby R Baldock on the Tenth Circuit Court of Appeals. I have jury trial, bench trial and arbitration experience. Kristi Kellow, a paralegal in our office, also assisted in this matter.



EXHIBIT

B

3.  RWO's fee arrangement with Land Title is to bill on an hourly basis, not on a contingent fee or fixed fee basis. The hourly rates billed along with the services performed are set forth on the bills attached to the Motion for Attorneys Fees as <u>Exhibit C</u>.

4.  In my opinion, the hourly charges are reasonable for the preparation and handling of this matter. In addition, it is my opinion that the amount of services performed were also reasonable and necessary. In arriving at my opinion, I reviewed the invoices sent to Land Title as well as the pleadings filed in this matter.

5.  I also considered and relied upon the factors set forth and listed in Colorado Rule of Professional Conduct 1.5.

6.  The costs sought by Land Title were actually billed to and paid by Land Title.

Further Affiant Sayeth Naught.

DATED this 27th day of September, 2011.

Kimberly A. Bruetsch

Subscribed and sworn to before me this 27th day of September 2011 by Kimberly A. Bruetsch.

Witness my hand and official seal.

Notary Public
My commission expires: 3/11/12

Robinson Waters & O'Dorisio PC
1099 18th St., 26th Floor
Denver, CO  80202
303-297-2600

FEDERAL ID: 84-1376219

Peter Griffiths
Land Title Guarantee Company          REPORT DATE: 09/27/11
3033 East 1st Avenue #600              CLIENT: 00939
DENVER CO  80206

================================================================================
MATTER:  00939.169 SLW  - Granite Southlands Town Center

PROFESSIONAL SERVICES RENDERED FROM 04/21/09 THROUGH 12/08/10:

|      |                                                                       | DATE     | HOURS | RATE  | AMOUNT |
|------|-----------------------------------------------------------------------|----------|-------|-------|--------|
| KAB  | Telephone conference with P. Griffiths regarding new federal court matter; review file. | 04/29/09 | 1.50  | 240.0 | 360.00 |
| KAB  | Review e-mail from R. Hammer regarding additional information; telephone conference with counsel regarding interpleader. | 04/30/09 | 0.40  | 240.0 | 96.00  |
| KK   | Calendar deadlines regarding scheduling order.                        | 05/01/09 | 0.40  | 110.0 | 44.00  |
| KAB  | Telephone conference with E. Starrs and J. Dykes regarding Land Title's role in litigation. | 05/04/09 | 0.50  | 240.0 | 120.00 |
| KAB  | Review e-mail from J. Dykes regarding stipulation.                     | 05/05/09 | 0.20  | 240.0 | 48.00  |
| KAB  | Draft answer.                                                         | 05/06/09 | 1.00  | 240.0 | 240.00 |
| KAB  | Review e-mail from J. Dykes regarding stipulation; respond to same.    | 05/07/09 | 0.20  | 240.0 | 48.00  |
| KAB  | Review answer and counterclaim.                                       | 05/11/09 | 0.20  | 240.0 | 48.00  |
| KAB  | Review corporate disclosure statement of Granite.                     | 05/13/09 | 0.20  | 240.0 | 48.00  |
| KAB  | Review Alberta's corporate disclosure statement.                      | 05/14/09 | 0.10  | 240.0 | 24.00  |
| KAB  | Review corporate disclosure statement.                                | 05/18/09 | 0.20  | 240.0 | 48.00  |



Robinson Waters & O'Dorisio PC
1099 18th St., 26th Floor
Denver, CO  80202
303-297-2600

FEDERAL ID: 84-1376219

Land Title Guarantee Company                REPORT DATE: 09/27/11
MATTER: 00939.169 SLW  -  Granite Southlands Town Center
PAGE:   2

==============================================================================

| KAB | Revise motion for entry of stipulated order and order; review e-mail from E. Starrs regarding same. | 05/20/09 | 2.00 | 240.0 | 480.00 |
| SLW | Receipt, review and analysis of pleadings; conference regarding same. | 05/20/09 | 0.70 | 325.0 | 227.50 |
| KAB | Review motion for extension of time to File answer to counterclaims. | 05/29/09 | 0.20 | 240.0 | 48.00 |
| KAB | Review corporate disclosure statement. | 06/01/09 | 0.20 | 240.0 | 48.00 |
| KK | Telephone conference with counsel; draft motion to reset scheduling conference; file and serve same. | 06/01/09 | 0.50 | 110.0 | 55.00 |
| KAB | Review motion to reschedule setting conference; finalize same for filing. | 06/02/09 | 0.20 | 240.0 | 48.00 |
| KAB | Review e-mail regarding Rule 26 conference. | 06/02/09 | 0.20 | 240.0 | 48.00 |
| KAB | Review order granting continuance of scheduling conference. | 06/04/09 | 0.20 | 240.0 | 48.00 |
| KAB | Review e-mails regarding Rule 26 conference; respond to same. | 06/11/09 | 0.20 | 240.0 | 48.00 |
| KAB | Review answer to complaint. | 06/12/09 | 0.40 | 240.0 | 96.00 |
| KAB | Attend Rule 26 meeting. | 06/15/09 | 1.00 | 240.0 | 240.00 |
| KK | Draft Rule 26 disclosures. | 06/23/09 | 0.50 | 110.0 | 55.00 |
| KAB | Review draft protective order; attend conference call regarding scheduling order. | 06/24/09 | 1.00 | 240.0 | 240.00 |
| KAB | Review proposed scheduling order; revise | 06/30/09 | 1.30 | 240.0 | 312.00 |

Robinson Waters & O'Dorisio PC
1099 18th St., 26th Floor
Denver, CO  80202
303-297-2600

FEDERAL ID: 84-1376219

Land Title Guarantee Company              REPORT DATE: 09/27/11
MATTER: 00939.169 SLW   -  Granite Southlands Town Center
PAGE:   3

================================================================================
        same; draft confidential settlement
        statement.

KAB    Review e-mails regarding revisions to     07/01/09  0.70 240.0   168.00
       scheduling order; revise same.

KAB    Review and revise Rule 26 disclosures.    07/02/09  0.50 240.0   120.00

KAB    Attend scheduling conference.             07/06/09  1.00 240.0   240.00

KK     Docket/calendar deadlines regarding       07/06/09  0.40 110.0    44.00
       scheduling order and court's minute order.

SLW    Receipt, review and analysis of orders from 07/07/09 0.60 325.0  195.00
       court; conference regarding same.

KAB    Review e-mails regarding protective order; 07/20/09  0.20 240.0    48.00
       send e-mail regarding dismissal of Land
       Title.

KAB    Review documents for production.          07/24/09  2.00 240.0   480.00

KAB    Review e-mail regarding protective order and 07/27/09 0.40 240.0  96.00
       draft of same.

KAB    Review e-mails regarding protective order; 08/10/09  0.20 240.0    48.00
       respond to same.

KAB    Telephone conference with B. Vetter       08/21/09  0.20 240.0    48.00
       regarding extension of time to amend
       pleadings.

KAB    Review order regarding pleading deadlines. 08/24/09  0.10 240.0    24.00

KAB    Review e-mail from E. Hyatt regarding      09/01/09  0.40 240.0    96.00
       conference with magistrate regarding
       protective order; review e-mail from
       Magistrate Mix regarding same.

Robinson Waters & O'Dorisio PC
1099 18th St., 26th Floor
Denver, CO 80202
303-297-2600


FEDERAL ID: 84-1376219

Land Title Guarantee Company           REPORT DATE: 09/27/11
MATTER: 00939.169 SLW   -  Granite Southlands Town Center
PAGE:   4


========================================================================

KAB   Telephone conference with E. Hyatt      09/02/09  1.20 240.0   288.00
      regarding documents; attend conference with
      Magistrate Mix regarding discovery dispute.

KAB   Review minute order from status conference.  09/03/09  0.20 240.0    48.00

KAB   Review amended complaint.                09/04/09  0.30 240.0    72.00

KAB   Review orders regarding amended complaint.  09/16/09  0.30 240.0    72.00

KAB   Review documents regarding E. Hyatt's    09/18/09  2.00 240.0   480.00
      request regarding assignment of escrow
      agreement.

KAB   Review draft protective order; review e-mail  09/21/09  0.40 240.0    96.00
      regarding same.

KAB   Review entry of appearance.              09/24/09  0.20 240.0    48.00

KAB   Review correspondence from P. Trahan; draft  09/25/09  1.40 240.0   336.00
      answer to amended complaint.

KAB   Review e-mail from E. Hyatt regarding     09/30/09  0.20 240.0    48.00
      amended complaint.

KAB   Review minute order regarding deadlines to  10/02/09  0.20 240.0    48.00
      answer.

KAB   Review motion to withdraw.               10/07/09  0.20 240.0    48.00

KAB   Review motion to continue settlement     10/09/09  0.20 240.0    48.00
      conference.

KAB   Review motion to continue settlement     10/09/09  0.20 240.0    48.00
      conference.

KAB   Review motion to continue settlement     10/12/09  0.20 240.0    48.00
      conference and e-mails regarding same.

Robinson Waters & O'Dorisio PC
1099 18th St., 26th Floor
Denver, CO  80202
303-297-2600

FEDERAL ID: 84-1376219

Land Title Guarantee Company              REPORT DATE: 09/27/11
MATTER: 00939.169 SLW   -  Granite Southlands Town Center
PAGE:   5

================================================================================

| KAB | Review motion to continue settlement conference and e-mails regarding same. | 10/12/09 | 0.20 | 240.0 | 48.00 |
|-----|-----|-----|-----|-----|-----|
| KAB | Draft updated confidential settlement statement per court order. | 10/13/09 | 1.50 | 240.0 | 360.00 |
| KAB | Review motion to file under seal; review motion to dismiss; review answer to amended complaint; review order resetting scheduling conference. | 10/14/09 | 0.40 | 240.0 | 96.00 |
| SLW | Receipt, review and analysis of motion to file documents under seal; receipt, review and analysis of Alberta Town Center's answer and counterclaims against plaintiff. | 10/15/09 | 0.80 | 325.0 | 260.00 |
| KK | Review and redaction of documents for production to opposing counsel. | 10/16/09 | 2.50 | 110.0 | 275.00 |
| SLW | Receipt, review and analysis of defendants' motion to dismiss. | 10/19/09 | 0.60 | 325.0 | 195.00 |
| KAB | Review order permitting E. Starrs withdrawal. | 10/21/09 | 0.20 | 240.0 | 48.00 |
| KAB | Review notice of case association. | 10/23/09 | 0.20 | 240.0 | 48.00 |
| KAB | Review response to motion to dismiss. | 11/03/09 | 0.30 | 240.0 | 72.00 |
| KAB | Review e-mails regarding discovery and depositions. | 11/05/09 | 0.20 | 240.0 | 48.00 |
| KAB | Review motion to reset scheduling order deadlines. | 11/09/09 | 0.30 | 240.0 | 72.00 |
| KAB | Review first set of written discovery requests. | 11/12/09 | 0.20 | 240.0 | 48.00 |

Robinson Waters & O'Dorisio PC
1099 18th St., 26th Floor
Denver, CO  80202
303-297-2600


FEDERAL ID: 84-1376219

Land Title Guarantee Company              REPORT DATE: 09/27/11
MATTER: 00939.169 SLW   -  Granite Southlands Town Center
PAGE:   6


===============================================================================

| | | | | | |
|---|---|---|---|---|---|
| KAB | Review minute order. | 11/19/09 | 0.20 | 240.0 | 48.00 |
| KAB | Review correspondence from P. Trahan regarding depositions. | 11/20/09 | 0.20 | 240.0 | 48.00 |
| KAB | Review correspondence regarding interpleader and depositions. | 11/24/09 | 0.20 | 240.0 | 48.00 |
| KAB | Review correspondence regarding depositions. | 11/25/09 | 0.20 | 240.0 | 48.00 |
| SLW | Review of file regarding issues related to interpleading funds; conference regarding same. | 12/01/09 | 0.50 | 325.0 | 162.50 |
| KAB | Review correspondence regarding depositions. | 12/04/09 | 0.20 | 240.0 | 48.00 |
| KAB | Review correspondence regarding depositions. | 12/07/09 | 0.20 | 240.0 | 48.00 |
| KAB | Review correspondence regarding depositions. | 12/15/09 | 0.20 | 240.0 | 48.00 |
| KAB | Review protective order. | 12/17/09 | 0.20 | 240.0 | 48.00 |
| KK | Draft motion for leave to be excused from attending settlement conference; draft monetary demand pursuant to court order; file and serve same. | 01/12/10 | 1.00 | 110.0 | 110.00 |
| KAB | Review and revise monetary demand; review and revise motion to be excused from settlement conference; telephone conference with S. Bennett and B. Vetter regarding same. | 01/19/10 | 1.20 | 240.0 | 288.00 |
| KAB | Revise confidential settlement statement. | 01/20/10 | 0.40 | 240.0 | 96.00 |
| KK | Draft updated confidential settlement statement; forward to magistrate. | 01/20/10 | 0.50 | 110.0 | 55.00 |

Robinson Waters & O'Dorisio PC
1099 18th St., 26th Floor
Denver, CO  80202
303-297-2600

FEDERAL ID: 84-1376219

Land Title Guarantee Company                    REPORT DATE: 09/27/11
MATTER: 00939.169 SLW   -  Granite Southlands Town Center
PAGE:   7

=========================================================================

| | | | | | |
|---|---|---|---|---|---|
| SLW | Receipt, review and analysis of various pleadings including response to discovery by Alberta; telephone conference with counsel regarding same. | 01/20/10 | 1.20 | 325.0 | 390.00 |
| KAB | Review and revise motion to interplead. | 04/07/10 | 0.50 | 240.0 | 120.00 |
| KK | Draft stipulated motion to interplead funds and forward to opposing counsel. | 04/07/10 | 1.30 | 110.0 | 143.00 |
| KK | Telephone conference with magistrate's clerk regarding settlement conference. | 04/12/10 | 0.20 | 110.0 | 22.00 |
| KAB | Review e-mail from R. Hammer regarding Granite settlement conference; respond to same; review minute order regarding settlement. | 04/21/10 | 0.40 | 240.0 | 96.00 |
| KAB | Review e-mail from P. Trahan regarding interpleader stipulation; draft e-mail to R. Hammer regarding escrow balance; review response to same. | 04/26/10 | 0.40 | 240.0 | 96.00 |
| SLW | Receipt, review and analysis of motion to amend complaint. | 04/27/10 | 0.40 | 325.0 | 130.00 |
| KAB | Review e-mail from P. Trahan regarding revisions to stipulation; respond to same. | 05/24/10 | 0.40 | 240.0 | 96.00 |
| KAB | Revise stipulation per P. Trahan's comments. | 05/25/10 | 0.50 | 240.0 | 120.00 |
| KAB | Conference with P. Trahan regarding account balance; conference with P. Griffiths regarding same; review documents related to same. | 05/26/10 | 0.70 | 240.0 | 168.00 |
| SLW | Office conference regarding facts; review | 06/01/10 | 0.90 | 325.0 | 292.50 |

Robinson Waters & O'Dorisio PC
1099 18th St., 26th Floor
Denver, CO 80202
303-297-2600

FEDERAL ID: 84-1376219

Land Title Guarantee Company                    REPORT DATE: 09/27/11
MATTER: 00939.169 SLW   -  Granite Southlands Town Center
PAGE:   8

=================================================================================

| | of correspondence; telephone conference with P. Griffiths. | | | | |
|---|---|---|---|---|---|
| KAB | Draft correspondence to counsel. | 06/04/10 | 0.70 | 240.0 | 168.00 |
| KAB | Telephone conference with P. Trahan regarding e-mails and document requests. | 06/07/10 | 0.20 | 240.0 | 48.00 |
| KAB | Left voicemail for P. Trahan regarding escrow; review voicemail from P. Trahan regarding escrow. | 06/08/10 | 0.30 | 240.0 | 72.00 |
| KAB | Review additional documents for production. | 06/10/10 | 1.00 | 240.0 | 240.00 |
| KAB | Review additional documents received for production. | 06/11/10 | 0.80 | 240.0 | 192.00 |
| KK | Preparation, bate identification and production of documents to opposing counsel. | 06/11/10 | 1.20 | 110.0 | 132.00 |
| KAB | Review e-mail from P Trahan regarding document request; review bills and summarize for response. | 06/14/10 | 0.50 | 240.0 | 120.00 |
| SLW | Review and analysis of file; conference regarding issues related to interpleading funds. | 06/25/10 | 1.10 | 325.0 | 357.50 |
| KAB | Review order denying motion for leave to amend complaint. | 06/28/10 | 0.20 | 240.0 | 48.00 |
| SLW | Conference regarding pretrial order and related issues; review of file. | 06/30/10 | 1.10 | 325.0 | 357.50 |
| SLW | Analysis of issues related to pretrial order; telephone conference with B. Vetters regarding same. | 07/02/10 | 0.60 | 325.0 | 195.00 |

Robinson Waters & O'Dorisio PC
1099 18th St., 26th Floor
Denver, CO 80202
303-297-2600

FEDERAL ID: 84-1376219

Land Title Guarantee Company          REPORT DATE: 09/27/11
MATTER: 00939.169 SLW   -  Granite Southlands Town Center
PAGE:   9

=================================================================================

| | | | | | |
|---|---|---|---|---|---|
| SLW | Telephone conference with B. Vetters regarding pretrial order; draft language for inclusion in order; conference regarding same; receipt, review and analysis of pretrial order; review of file and analysis. | 07/06/10 | 1.40 | 325.0 | 455.00 |
| SLW | Telephone conference with S. Bennett regarding indemnification regarding assertion that interest payments were improperly made; review of pretrial order regarding same. | 07/07/10 | 0.80 | 325.0 | 260.00 |
| SLW | Telephone conference with opposing counsel regarding interpleading funds. | 07/08/10 | 0.30 | 325.0 | 97.50 |
| SLW | Review of escrow agreement; telephone conference with P. Griffiths; analysis of issues in preparation for pretrial conference. | 07/09/10 | 0.80 | 325.0 | 260.00 |
| SLW | Attendance at pretrial conference. | 07/12/10 | 0.80 | 325.0 | 260.00 |
| SLW | Receipt, review and analysis of pretrial order; draft memorandum to file regarding outstanding issues. | 07/13/10 | 0.70 | 325.0 | 227.50 |
| KAB | Review final pretrial order. | 07/16/10 | 0.50 | 240.0 | 120.00 |
| KK | Calendar/docket trial deadlines. | 07/29/10 | 0.50 | 110.0 | 55.00 |
| KAB | Review motion for entry of judgment. | 08/05/10 | 0.20 | 240.0 | 48.00 |
| KAB | Review order regarding motion for expedited relief. | 08/09/10 | 0.20 | 240.0 | 48.00 |
| KAB | Review notice of appeal. | 10/04/10 | 0.40 | 240.0 | 96.00 |

Robinson Waters & O'Dorisio PC
1099 18th St., 26th Floor
Denver, CO  80202
303-297-2600

FEDERAL ID: 84-1376219

Land Title Guarantee Company                REPORT DATE: 09/27/11
MATTER: 00939.169 SLW  - Granite Southlands Town Center
PAGE:  10

================================================================================

| KAB | Review correspondence to counsel regarding escrow funds. | 10/15/10 | 0.50 | 240.0 | 120.00 |
|-----|----------------------------------------------------------|----------|------|-------|--------|
| KAB | Review correspondence from P. Trahan. | 10/25/10 | 0.20 | 240.0 | 48.00 |
| SLW | Conference regarding trial setting; receipt, review and analysis of mediation conference notice; conference regarding issues. | 10/25/10 | 0.80 | 325.0 | 260.00 |
| KAB | Draft correspondence to counsel regarding stipulation. | 10/26/10 | 0.40 | 240.0 | 96.00 |
| KAB | Review P. Trahan revisions to stipulation. | 11/03/10 | 0.20 | 240.0 | 48.00 |
| SLW | Receipt, review and analysis of stipulation regarding funds; conference regarding same. | 11/03/10 | 0.30 | 325.0 | 97.50 |
| KAB | Revise stipulation. | 11/10/10 | 0.20 | 240.0 | 48.00 |
| KAB | Conference with counsel regarding stipulation; request account balance from Land Title and review same. | 12/02/10 | 0.50 | 250.0 | 125.00 |
| KAB | Finalize stipulation; revise same for S. Bennett signature. | 12/03/10 | 0.30 | 250.0 | 75.00 |
| KAB | Review order to interplead funds; conference with P. Griffiths regarding same. | 12/07/10 | 0.20 | 250.0 | 50.00 |

```
                                                    -----------
     PROFESSIONAL SERVICES:                64.80      $15616.00

COSTS ADVANCED FROM 04/21/09 THROUGH 12/08/10:
126  LawToolBox.com - calendar/docket     05/04/09              69.00
101  COPY CHARGES                         06/02/09  52  0.15     7.80
101  COPY CHARGES                         06/02/09   8  0.15     1.20
101  COPY CHARGES                         06/02/09   3  0.15     0.45
```

```
                      Robinson Waters & O'Dorisio PC
                          1099 18th St., 26th Floor
                             Denver, CO  80202
                              303-297-2600


                                                  FEDERAL ID: 84-1376219


   Land Title Guarantee Company              REPORT DATE: 09/27/11
   MATTER: 00939.169 SLW  -  Granite Southlands Town Center
   PAGE:  11
```

| | | | | | |
|---|---|---|---|---|---|
| 101 | COPY CHARGES | 10/13/09 | 42 | 0.15 | 6.30 |
| 101 | COPY CHARGES | 10/14/09 | 22 | 0.15 | 3.30 |
| 101 | COPY CHARGES | 10/14/09 | 60 | 0.15 | 9.00 |
| 101 | COPY CHARGES | 10/21/09 | 44 | 0.15 | 6.60 |
| 101 | COPY CHARGES | 11/03/09 | 60 | 0.15 | 9.00 |
| 101 | COPY CHARGES | 11/13/09 | 18 | 0.15 | 2.70 |
| 101 | COPY CHARGES | 11/16/09 | 16 | 0.15 | 2.40 |
| 101 | COPY CHARGES | 11/17/09 | 8 | 0.15 | 1.20 |
| 101 | COPY CHARGES | 11/24/09 | 4 | 0.15 | 0.60 |
| 101 | COPY CHARGES | 11/24/09 | 6 | 0.15 | 0.90 |
| 101 | COPY CHARGES | 12/01/09 | 34 | 0.15 | 5.10 |
| 101 | COPY CHARGES | 12/02/09 | 84 | 0.15 | 12.60 |
| 101 | COPY CHARGES | 12/03/09 | 4 | 0.15 | 0.60 |
| 101 | COPY CHARGES | 12/14/09 | 87 | 0.15 | 13.05 |
| 101 | COPY CHARGES | 12/15/09 | 12 | 0.15 | 1.80 |
| 101 | COPY CHARGES | 12/15/09 | 2 | 0.15 | 0.30 |
| 101 | COPY CHARGES | 12/15/09 | 36 | 0.15 | 5.40 |
| 101 | COPY CHARGES | 12/23/09 | 108 | 0.15 | 16.20 |
| 101 | COPY CHARGES | 01/07/10 | 8 | 0.15 | 1.20 |
| 101 | COPY CHARGES | 01/07/10 | 8 | 0.15 | 1.20 |
| 101 | COPY CHARGES | 01/08/10 | 14 | 0.15 | 2.10 |
| 101 | COPY CHARGES | 01/12/10 | 164 | 0.15 | 24.60 |
| 101 | COPY CHARGES | 01/12/10 | 10 | 0.15 | 1.50 |
| 101 | COPY CHARGES | 01/13/10 | 1 | 0.15 | 0.15 |
| 101 | COPY CHARGES | 01/14/10 | 181 | 0.15 | 27.15 |
| 101 | COPY CHARGES | 01/14/10 | 21 | 0.15 | 3.15 |
| 101 | COPY CHARGES | 01/14/10 | 16 | 0.15 | 2.40 |
| 101 | COPY CHARGES | 01/20/10 | 124 | 0.15 | 18.60 |
| 101 | COPY CHARGES | 01/20/10 | 36 | 0.15 | 5.40 |
| 101 | COPY CHARGES | 01/21/10 | 24 | 0.15 | 3.60 |
| 101 | COPY CHARGES | 01/29/10 | 82 | 0.15 | 12.30 |
| 101 | COPY CHARGES | 02/01/10 | 57 | 0.15 | 8.55 |
| 101 | COPY CHARGES | 02/12/10 | 124 | 0.15 | 18.60 |
| 101 | COPY CHARGES | 06/04/10 | 6 | 0.15 | 0.90 |
| 101 | COPY CHARGES | 06/04/10 | 32 | 0.15 | 4.80 |
| 101 | COPY CHARGES | 06/11/10 | 29 | 0.15 | 4.35 |
| 104 | Postage | 06/18/10 | | | 1.32 |
| 101 | COPY CHARGES | 07/06/10 | 4 | 0.15 | 0.60 |

Robinson Waters & O'Dorisio PC
1099 18th St., 26th Floor
Denver, CO  80202
303-297-2600

FEDERAL ID: 84-1376219

Land Title Guarantee Company                 REPORT DATE: 09/27/11
MATTER: 00939.169 SLW   -  Granite Southlands Town Center
PAGE:  12

===================================================================
| 101 | COPY CHARGES | 07/06/10 | 3 | 0.15 | 0.45 |
|-----|--------------|----------|-----|------|------|
| 101 | COPY CHARGES | 07/06/10 | 9 | 0.15 | 1.35 |
| 101 | COPY CHARGES | 07/06/10 | 11 | 0.15 | 1.65 |
| 101 | COPY CHARGES | 07/06/10 | 5 | 0.15 | 0.75 |
| 101 | COPY CHARGES | 07/06/10 | 14 | 0.15 | 2.10 |
| 101 | COPY CHARGES | 07/07/10 | 62 | 0.15 | 9.30 |
| 101 | COPY CHARGES | 07/07/10 | 5 | 0.15 | 0.75 |
| 101 | COPY CHARGES | 07/09/10 | 85 | 0.15 | 12.75 |
| 101 | COPY CHARGES | 07/09/10 | 3 | 0.15 | 0.45 |
| 101 | COPY CHARGES | 07/09/10 | 31 | 0.15 | 4.65 |
| 101 | COPY CHARGES | 07/09/10 | 22 | 0.15 | 3.30 |
| 101 | COPY CHARGES | 07/09/10 | 22 | 0.15 | 3.30 |
| 101 | COPY CHARGES | 07/09/10 | 1 | 0.15 | 0.15 |
| 101 | COPY CHARGES | 07/12/10 | 8 | 0.15 | 1.20 |
| 101 | COPY CHARGES | 07/12/10 | 2 | 0.15 | 0.30 |
| 101 | COPY CHARGES | 07/12/10 | 15 | 0.15 | 2.25 |
| 101 | COPY CHARGES | 07/13/10 | 8 | 0.15 | 1.20 |
| 101 | COPY CHARGES | 07/13/10 | 72 | 0.15 | 10.80 |
| 101 | COPY CHARGES | 07/14/10 | 33 | 0.15 | 4.95 |
| 101 | COPY CHARGES | 07/14/10 | 6 | 0.15 | 0.90 |
| 101 | COPY CHARGES | 08/06/10 | 86 | 0.15 | 12.90 |
| 101 | COPY CHARGES | 08/09/10 | 3 | 0.15 | 0.45 |
| 101 | COPY CHARGES | 08/09/10 | 1 | 0.15 | 0.15 |
| 101 | COPY CHARGES | 08/09/10 | 6 | 0.15 | 0.90 |
| 101 | COPY CHARGES | 08/10/10 | 40 | 0.15 | 6.00 |
| 101 | COPY CHARGES | 08/11/10 | 7 | 0.15 | 1.05 |
| 101 | COPY CHARGES | 08/17/10 | 79 | 0.15 | 11.85 |
| 101 | COPY CHARGES | 08/19/10 | 46 | 0.15 | 6.90 |
| 101 | COPY CHARGES | 08/19/10 | 9 | 0.15 | 1.35 |
| 101 | COPY CHARGES | 08/19/10 | 9 | 0.15 | 1.35 |
| 101 | COPY CHARGES | 08/20/10 | 32 | 0.15 | 4.80 |
| 101 | COPY CHARGES | 09/02/10 | 48 | 0.15 | 7.20 |
| 101 | COPY CHARGES | 09/02/10 | 1 | 0.15 | 0.15 |
| 101 | COPY CHARGES | 09/02/10 | 8 | 0.15 | 1.20 |
| 101 | COPY CHARGES | 09/02/10 | 8 | 0.15 | 1.20 |
| 101 | COPY CHARGES | 10/06/10 | 216 | 0.15 | 32.40 |
| 101 | COPY CHARGES | 10/06/10 | 10 | 0.15 | 1.50 |
| 101 | COPY CHARGES | 10/06/10 | 3 | 0.15 | 0.45 |

```
                        Robinson Waters & O'Dorisio PC
                           1099 18th St., 26th Floor
                           Denver, CO  80202
                             303-297-2600


                                                FEDERAL ID: 84-1376219

      Land Title Guarantee Company              REPORT DATE: 09/27/11
      MATTER: 00939.169 SLW   -  Granite Southlands Town Center
      PAGE:  13


=================================================================================
101   COPY CHARGES                    10/07/10      6   0.15      0.90
101   COPY CHARGES                    10/08/10      5   0.15      0.75
101   COPY CHARGES                    10/08/10      2   0.15      0.30
101   COPY CHARGES                    10/11/10      1   0.15      0.15
101   COPY CHARGES                    10/11/10      9   0.15      1.35
101   COPY CHARGES                    10/12/10      5   0.15      0.75
101   COPY CHARGES                    10/19/10     14   0.15      2.10
101   COPY CHARGES                    10/19/10     28   0.15      4.20
101   COPY CHARGES                    10/19/10      4   0.15      0.60
101   COPY CHARGES                    10/19/10    190   0.15     28.50
104   Postage                         10/20/10                    0.88
101   COPY CHARGES                    10/20/10      4   0.15      0.60
101   COPY CHARGES                    10/20/10      1   0.15      0.15
101   COPY CHARGES                    10/20/10      3   0.15      0.45
101   COPY CHARGES                    10/20/10      1   0.15      0.15
101   COPY CHARGES                    10/21/10     11   0.15      1.65
101   COPY CHARGES                    10/27/10      6   0.15      0.90
101   COPY CHARGES                    12/07/10     76   0.15     11.40
                                                             -----------
      TOTAL COSTS ADVANCED:                                      $528.10
                                                             -----------
      TOTAL REPORT:                                            $16144.10
                                                             ===========
```

Denver White Collar Criminal Defense Attorney | Stephen L. Waters                    Page 1 of 1

DENVER 303.297.2600      TELLURIDE 970.728.3029                    THE LETTERS OF THE LAW IN COLORADO

## Stephen L. Waters

Serving the Rocky Mountain States from offices in Denver and Telluride, Colorado



**Stephen L. Waters**

swaters@rwolaw.com (mailto:swaters@rwolaw.com)

Download vCard:

Stephen L Waters.vcf (http://rwolaw.com/sites/rwolaw.com/files/Stephen L.
Waters.vcf)

B.S. in Business Administration, University of Kansas, 1967
J.D., University of Missouri School of Law, 1971



Stephen L. Waters attended Georgetown University prior to entering the University of Kansas School of Business
where he received a Bachelor of Science degree in Business Administration. After graduating from the University
of Missouri School of Law in 1971, he served as a Deputy District Attorney in Denver until he accepted a position
in the 9th Judicial District as the Chief Trial Deputy and Assistant District Attorney. In this capacity Mr. Waters
tried every felony in the district and was the Deputy in charge of the Aspen office. He eventually accepted a
position as an Assistant United States Attorney for the District of Colorado and remained in that capacity before
he, Pete Robinson and fellow shareholder, John O'Dorisio, formed Robinson Waters and O'Dorisio P.C. ("RWO").

Mr. Waters' practice is primarily centered in Denver, Colorado and the surrounding counties, but he has had
significant trial experience in most of the western states.

Mr. Waters continues to be actively involved in the federal defense bar and a portion of his practice is dedicated
to white collar criminal defense. He is admitted to the Supreme Court of the United States, and he is an active
member of the Colorado Trial Lawyer's Association and the Colorado and Denver Bar Associations.

Areas of Practice:

Appeals (/appeals.html)

Arbitretion & Mediation (/arbitration_mediation.html)

Commercial Disputes (/commercial-disputes.html)

Construction (/construction.html)

Eminent Domain (/eminent-domain.html)

Securities (/securities.html)

White Collar Criminal Defense (/white-collar-criminal.html)



EXHIBIT
D

Denver Appeals Attorney | Kimberly A. Bruetsch                                      Page 1 of 1

DENVER 303.297.2600     TELLURIDE 970.728.3029                    THE LETTERS OF THE LAW IN COLORADO

## Kimberly A. Bruetsch
Serving the Rocky Mountain States from offices in Denver and Telluride, Colorado



**Kimberly A. Bruetsch**
kbruetsch@rwolaw.com (mailto:kbruetsch@rwolaw.com)

Download vCard:
Kimberly A Bruetsch.vcf (http://rwolaw.com/sites/rwolaw.com/files/Kimberly
A_Bruetsch.vcf)

B.A. in English, Monmouth College *Cum Laude*, 1987
J.D., University of Denver College of Law, 2000



Kimberly A. Bruetsch earned her Bachelor of Arts in English, cum laude, from Monmouth College in Monmouth,
Illinois, in 1997 and her J.D. from the University of Denver College of Law in 2000, where she graduated Order of
St. Ives and was a member of the Transportation Law Journal. Prior to joining RWO, Kim served as a law clerk
for the Honorable Bobby R. Baldock on the Tenth Circuit Court of Appeals.

**Areas of Practice:**

Appeals (/appeals.html)

Arbitration & Mediation (/arbitration_mediation.html)

Commercial Disputes (/commercial-disputes.html)

Commercial Transactions (/commercial-transactions.html)

Employment Law (/employment.html)

Trademark & Copyright Infringement, Trade Secret Protection (/intellectual-property-litigation.html)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER, LLC,

        Plaintiff

v.

ALBERTA TOWN CENTER, LLC,
LAND TITLE GUARANTEE COMPANY,

        Defendants.

---

## DEFENDANT ALBERTA TOWN CENTER, LLC'S NOTICE OF APPEAL

---

        Notice is hereby given that Alberta Town Center, LLC, defendant in the above named case, hereby appeals to the United States Court of Appeals for the 10th Circuit from the "Memorandum and Order" of this Court entered in this action on the 2nd day of September, 2011 (Docket # 195), the Addendum to the "Memorandum and Order" of this Court entered in this action on the 13th day of September, 2011 (Docket # 197), and the "Final Judgment" of this Court entered in this action on the 13th day of September, 2011 (Docket # 198).

        DATED:  September 30, 2011.

                Respectfully submitted,

                *s/   Stuart N. Bennett*
                Stuart N. Bennett
                **JONES & KELLER, P.C.**
                1999 Broadway, Suite 3150
                Denver, CO 80202
                Telephone:    (303) 573-1600
                Fax:            (303) 573-8133
                E-mail:        sbennett@joneskeller.com
                Attorneys for Defendants Alberta Town Center, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| *Attorneys for Plaintiff & Counter Defendant Granite Southlands Town Center, LLC* | jdykes@fulbright.com bvetter@fulbright.com | Osborne J. Dykes, III Benjamin M. Vetter Fulbright & Jaworski LLP 370 – 17th Street, Suite 2150 Denver, CO 80202 |
|---|---|---|
| *Attorneys for Plaintiff & Counter Defendant Granite Southlands Town Center, LLC* | ptrahan@fulbright.com | Paul Trahan Fulbright & Jaworski LLP 600 Congress Avenue, Suite 2400 Austin, TX 78701 |
| *Attorneys for Defendant Land Title Guarantee Company* | kbruetsch@rwolaw.com | Kimberly A. Bruetsch Robinson, Waters & O'Dorisio PC 1099 – 18th Street, 26th Floor Denver, CO 80202 |

And I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner indicated by the non-participant's name:    NONE

<u>s/   Stuart N. Bennett</u>
Stuart N. Bennett
Attorneys for Defendant Alberta Town Center, LLC
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone:    303-573-1600
Fax:              303-573-8133
E-mail: sbennett@joneskeller.com

{JK00312824.1 }