IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC AND
LAND TITLE GUARANTEE COMPANY,

    Defendants.

---

**PLAINTIFF GRANITE SOUTHLANDS TOWN CENTER LLC'S
RESPONSE TO LAND TITLE GUARANTEE COMPANY'S
MOTION FOR ATTORNEYS' FEES AND COSTS**

---

Granite Southlands Town Center LLC ("Plaintiff" or "Granite") submits this Response to Land Title Guarantee Company's Motion for Attorneys' Fees and Costs as follows:

### SUMMARY OF RESPONSE

Granite does not oppose Land Title's Motion for Attorneys' Fees and Costs by calling into question the number of hours worked by Land Title's counsel, counsel's qualifications, or the hourly rates charged. Rather, Granite opposes the reasonableness of Land Title's fees because a vast majority of the fees were not necessary. If Land Title had interpleaded the disputed funds at the outset of this lawsuit, as Land Title indicated it would, its legal fees only would have been $1,879.50, along with costs of $528.10. Land Title's reasonable fees and costs total $2,407.60, not the requested $16,144.10. In any event, regardless of the amount, it should be paid by Alberta Town Center LLC, as provided for in the underlying agreement, or by Alberta Development Partners LLC – Defendant Alberta's apparent alter ego that inexplicably and improperly received interest on the escrow funds prior to Land Title interpleading the funds.

## ARGUMENT & AUTHORITY

A. **Legal Standard**

To determine a reasonable attorneys' fee, courts arrive at a "lodestar" figure by multiplying the hours counsel reasonable expends on litigation by a reasonable hourly rate. *E.g., Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998); *Dubray v. Intertribal Bison Coop.*, 192 P.3d 604, 608 (Colo. Ct. App. 2008) ("The initial estimate of a reasonable attorney fee is reached by calculating the 'lodestar' amount, which represents the number of hours reasonably expended multiplied by a reasonable hourly rate."). When "reasonable" is undefined for an attorney award, Colorado courts may also determine reasonableness according to the factors listed in Rule 1.5 of the Colorado Rules of Professional Conduct. *See Deitz v. University of Denver*, 2011 U.S. Dist. LEXIS 22728, *37 (D. Colo. Feb. 22, 2011). In determining reasonableness, courts also will consider whether prevailing counsel has exercised "billing judgment." *Case*, 157 F.3d at 1258. In other words, "[t]he [Court] must determine not just the actual hours expended by counsel, but which of those hours were *reasonably* expended in the litigation." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983) (emphasis added).

B. **Land Title's Fee Request is Unreasonable**

Granite purchased the Southlands Town Center from Alberta Town Center, LLC ("Alberta") in December 2008. At closing, Granite and Alberta set aside $650,000 (the "Cash Funds") with an escrow agent, Land Title, as security for Alberta's obligation to deliver certain tenant estoppel certificates to Granite after closing. *See* Escrow Agreement, at Exhibit A to Land Title's Motion (Docket #210-1). When Alberta failed to deliver acceptable estoppel certificates, Granite asked Land Title for the Cash Funds. Alberta disputed Granite's right to the funds and Land Title refused to disburse the Cash Funds to either party. Granite was required to file suit to secure the funds – which it did.

As early as March 2009, Land Title recognized its obligation under the Escrow Agreement to interplead the Cash Funds. On March 6, 2009, Land Title represented to the parties that it was "in the process of having the funds interplead with the Court." *See* Exhibit A (Letter of Thomas J. Blake of March 6, 2009). On March 11, 2009, Land Title stated:

> Land Title Guarantee Company is in receipt of various letters making demand from Alberta Town Center, LLC and Granite Southland Town Center, LLC for the funds held in connection with the above referenced file.
>
> Pursuant to section 4.1 of the escrow agreement, this letter shall serve as the required 30-day notice to all parties of our intention to interplead the escrow.

*See* Exhibit B (Letter of Thomas J. Blake of March 11, 2009). On April 8, 2009, Granite filed suit against Alberta under the Escrow Agreement, necessarily naming Land Title as an additional defendant. Land Title answered on May 7, 2009.

Despite the notice and assurances given by Land Title in March 2009, it waited eighteen months, until December 2010, to interplead the disputed Cash Funds into this Court. *See* Receipt for $653,173.31 (Docket #155). Land Title's eighteen-month delay in interpleading the Cash Funds caused it to incur over $15,000.00 in fees that could have been avoided. *See* Land Title's Mot. for Att'ys Fees (Docket # 210). A monthly breakdown of Land Title's fees is attached as Exhibit C (E-mail of Kimberly A. Bruetsch, June 14, 2010). Of these fees, only $456.00 related to services through April 2009, when Land Title said it would interplead the Cash Funds, with an additional $ 1,423.50 incurred in May 2009, when Land Title answered this suit. *Id.*

Land Title did not have a legitimate reason for the lengthy delay in interpleading the funds, and the delay not only was unreasonable but also resulted in real damages to Granite. In the eighteen months that Land Title retained control of the escrowed amount, it distributed interest to Defendant Alberta's apparent alter ego Alberta Development Partners LLC. *See* Exhibit D (Summary of Land Title's Interest Payments to Alberta Development Partners LLC)

and Exhibit E (Letter from Pam Shafer to Don Provost of Alberta Development Partners LLC, dated Feb. 26, 2010). If Land Title had interpleaded the funds when it should have, the escrow funds would have earned interest while in the registry of the court. And Granite, as the prevailing party, would have received that interest. Instead, the interest was paid to Alberta Development Partners LLC, the apparent alter ego of Defendant Alberta Town Center.

As things stand, it would be improper to consider reasonable any of Land Title's attorneys' fees incurred after May 2009, when it should have deposited the Cash Funds with the Court. Accordingly, any fees in excess of those incurred through May 2009 (i.e., $1,879.50) should be deemed unreasonable and Land Title's fee request should be limited to that amount, along with its costs of $528.10.

### C.   Land Title's Attorneys' Fees Should be Paid by Alberta

Regardless of the amount of attorneys' fees to which Land Title shows itself entitled, such fees should be paid by Alberta. The Escrow Agreement among Granite, Alberta, and Land Title provides in relevant part:

> In the event Escrow Agent is made a party to litigation with respect to the Cash Funds held hereunder, or brings an action in interpleader or if Escrow Agent is required to render any service not provided for in this Agreement, Escrow Agent shall be entitled to reasonable compensation for such extraordinary services and reimbursement for all actual and reasonable fees, costs, liability and expenses, including reasonable attorneys' fees. <u>Liability for such extraordinary services and reimbursement for all fees, costs, liability and expenses, including reasonable and actual attorneys' fees shall be paid by the party requesting such services or causing such services to be incurred.</u>

See Exhibit A to Land Title's motion, at ¶ 5 (emphasis added). Granite prevailed at trial on its right to recover the escrow funds. Alberta's failure to deliver acceptable estoppel certificates, and refusal to acknowledge Granite's entitlement to the Cash Funds, forced Granite to file suit. In turn, Alberta's actions caused Land Title to incur attorneys' fees.

Accordingly, Alberta is responsible for all of Land Title's reasonable attorneys' fees and expenses.

## CONCLUSION

For these reasons, Granite requests that the Court deny Land Title Guarantee Company's Motion for Attorneys' Fees and Costs against the escrow funds and order Alberta Town Center, LLC, or its apparent alter ego Albert Development Partners LLC, to pay any attorneys' fees and costs to which the Court finds Land Title Guarantee Company is entitled. If the Court finds Granite is obligated to pay Land Title's reasonable and necessary attorneys' fees, Granite requests that such fees be limited to those incurred prior to the time Land Title should reasonably have interpleaded the escrow funds. That amount, with costs, totals $2,407.60.

DATED: October 18, 2011

Respectfully submitted,

*/s/ Paul Trahan*
OSBORNE J. DYKES, III
BENJAMIN M. VETTER
LUCY ARNOLD
FULBRIGHT & JAWORSKI L.L.P.
370 Seventeenth Street, Suite 2150
Denver, CO  80202
(303) 801-2700 – Telephone
(303) 801-2777 – Facsimile
jdykes@fulbright.com
bvetter@fulbright.com

PAUL TRAHAN
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX  78701
(512) 474-5201 – Telephone
(512) 536-4598 – Facsimile
ptrahan@fulbright.com
**COUNSEL FOR PLAINTIFF**

86169322.3

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to attorneys for plaintiffs at the following e-mail addresses:

Stephen L. Waters                        swaters@rwolaw.com
Kimberly A. Bruetsch                     kbruetsch@rwolaw.com
ROBINSON WATERS & O'DORISIO, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
*Attorneys for Land Title Guarantee*

Stuart N. Bennett                        sbennett@joneskeller.com
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
*Attorneys for Alberta Town Center, LLC*

/s/ Paul Trahan