**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GRANITE SOUTHLANDS TOWN
CENTER, LLC,

    Plaintiff-Appellant,

v.

DONALD G. PROVOST; PETER M.
CUDLIP,

    Defendants-Appellees,

and

ALBERTA TOWN CENTER, LLC;
LAND TITLE GUARANTEE
COMPANY; ALLAN G. PROVOST,

    Defendants.

No. 10-1453
(D.C. No. 1:09-CV-00799-ZLW-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Granite Southlands Town Center, LLC (Granite) appeals the district court's order dismissing with prejudice under Fed. R. Civ. P. 12(b)(6) its fraud claim against defendants Peter M. Cudlip and Donald G. Provost (the Principals), who were principals of codefendant Alberta Town Center, LLC (Alberta). The court certified the order as final under Fed. R. Civ. P. 54(b).[1] We have jurisdiction under 28 U.S.C. § 1291 and reverse.

## I.

Because we are reviewing a dismissal for failure to state a claim, we accept as true the well-pleaded factual allegations of Granite's first amended complaint. *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1949 (2009). We also consider the documents referenced in that complaint because no question has been raised as to their authenticity. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) ("the district court may consider documents referred to in the

---

[1] Granite also appeals the district court's order that denied its motion for reconsideration and for leave to file a second amended complaint. Because we reverse the dismissal of the complaint, we need not address the denial of the motion for reconsideration. As for the denial of the motion to amend, ordinarily we would affirm the denial because postjudgment motions to amend are disfavored. *See generally Tool Box, Inc. v. Ogden City Corp.,* 419 F.3d 1084, 1087 (10th Cir. 2005) (recognizing that when a plaintiff seeks to amend after judgment has entered, the liberal test of Fed. R. Civ. P. 15(a) no longer applies). But because we are reversing the order dismissing the Principals, the factors relevant to granting or denying the motion have been substantially altered, and the district court should reconsider the motion on remand. *See Cannon v. City and County of Denver*, 998 F.2d 867, 879 (10th Cir. 1993) (denial of motion to amend pleadings after final judgment had been entered was not abuse of discretion, but in light of reversal of summary judgment, motion to amend could be raised on remand.)

complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity").

In 2005, Granite and Alberta entered into a purchase-and-sale agreement for what is known as the Southlands Town Center (Town Center), a commercial property in Aurora, Colorado, which consists of retail stores, restaurants, a movie theater, and office space. Alberta, which owned the real estate, was responsible for the development of the Town Center, and Granite agreed to purchase it, upon satisfaction of certain conditions, when it was built. The purchase-and-sale agreement enabled Alberta to obtain a $160 million construction loan, personally guaranteed by the Principals.[2]

Among the preconditions in the purchase-and-sale agreement was the requirement that Alberta deliver satisfactory tenant estoppel certificates in which tenants certified that there were no issues or disputes with the landlord. Several months before the closing on December 12, 2008, the Principals became aware of serious construction defects in the Town Center. Several tenants, including the Town Center's largest tenant (the movie theater), began making oral and written complaints about problems with the foundations (as revealed in cracked walls and floors) and demanded that the defects be corrected. In November 2008, Alberta sought a proposal from an engineering firm to investigate the defects, and just a

---

[2] Allan G. Provost was also a principal of Alberta. According to Granite, he died during the course of these proceedings, and Granite is not pursuing its claims against him.

few days before the December closing, Alberta's lawyers wrote the cinema's lawyers regarding the on-going problems.

Granite did not learn of the structural problems until after the closing, not only because the Principals never told them, but also because the Principals actively concealed the defects by submitting, shortly before the closing, estoppel certificates from May 2008 (before the defects became evident) and making cosmetic repairs to the property when Granite was scheduled to visit.

On December 8, 2008, four days before the closing, the parties executed the "Fifteenth Amendment to Amendment and Agreement and Termination Agreement" (Fifteenth Amendment), Aplt. App. Vol. 1 at 205, that served as the framework for the closing and resolved some outstanding issues. Among the provisions of the Fifteenth Amendment was Granite's agreement to allow Alberta to deliver updated tenant estoppel certificates after the closing. The Amendment also required the parties to execute before closing a release (the Release), which, among other things, released Granite from any joint-venture agreement with Alberta or the Principals. As consideration for the Release, Granite paid Alberta an additional $2.15 million (the excess payment) at the closing. And as an incentive for Alberta to deliver the estoppel certificates, the parties agreed that $650,000 of the excess payment was to be held in escrow until Alberta complied with its obligation. If Alberta provided the new certificates by March 1, 2009, the

escrow agent was to release the funds to Alberta; if not, the funds were to be paid to Granite.

Based on the above alleged facts, Granite asserted a fraud claim against the Principals for fraudulently inducing Granite to pay $2.15 million for Alberta and related parties to release their joint-venture claims. In December 2009 the district court granted the Principals' motion to dismiss under Fed. R. Civ. P. 12(b)(6) because Granite "fail[ed] to plausibly plead that its execution of the Release . . . has caused it any damage." Aplt. App. Vol. 1 at 163-64.[3]

In a pleading entitled "Plaintiff's Motion For Reconsideration And For Leave To Amend Complaint," *id.* at 166, Granite asked the district court to vacate its order or to allow Granite to file a second amended complaint. Granite argued not only that new evidence uncovered in discovery had established the plausibility of its claim, but also that an amendment was necessary to allow it to plead an additional fraud claim. The court denied the motion. Several months later the court, at the request of the Principals, certified its December 2009 dismissal of Granite's fraud claim as a final judgment under Rule 54(b).

## II.

We review de novo an order dismissing a complaint under Rule 12(b)(6) for failure to state a claim. *See Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir.

---

[3] The Principals also moved to dismiss on the ground that the first amended complaint failed to plead fraud with the particularity required by Fed. R. Civ. P. 9(b). The court did not address the particularity issue.

2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal quotation marks omitted). For a claim to have facial plausibility, "the plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.

Under *Iqbal's* plausibility standard, Granite was required to plead facts that created a reasonable inference of a claim of fraudulent inducement under Colorado law. *See Haberman v. Hartford Ins. Grp.*, 443 F.3d 1257, 1264 (10th Cir. 2006) ("In diversity cases, the substantive law of the forum state governs the analysis of the underlying claims."). The elements of fraudulent inducement are: (1) the defendant made a fraudulent misrepresentation of fact or knowingly failed to disclose a fact that defendant had a duty to disclose; (2) the fact was material; (3) the plaintiff relied on the misrepresentation or failure to disclose; (4) the plaintiff's reliance was justified; and (5) the reliance resulted in damage to the plaintiff. *See M.D.C./Wood, Inc. v. Mortimer*, 866 P.2d 1380, 1382 (Colo. 1994) (misrepresentation); *Nielson v. Scott*, 53 P.3d 777, 779 (Colo. App. 2002) (nondisclosure or concealment).

Granite's claim is straightforward: It paid an additional $2.15 million for the Town Center to obtain a release of any claim by Alberta or related parties that they were in a joint venture with Granite, and it would not have done so if the Principals had not concealed the construction defects. The Principals' challenges to this theory are, at least at the pleading stage of the litigation, flawed.

First, the Principals contend that "Granite paid $2,150,000 as part of the purchase price [for the Town Center] – not as consideration for the Release [of the joint venture claims]." Aplee. Br. at 15. They point to the Fifteenth Amendment, which states: "[Granite] agrees to pay, and [Alberta] agrees to accept, as consideration for the conveyance of the [Town Center] to [Granite], [$2.15 million] plus [the closing price]." Aplt. App. Vol. 1 at 207. Thus, the document characterizes the $2.15 million as part of the price of the property, not as a specific payment for the Release. But that characterization does not contradict Granite's claim. Execution of the joint-venture release was one of the requirements of the Fifteenth Amendment. There can be no doubt that a benefit obtained by Granite in return for paying an additional $2.15 million for the property was that ownership of the Town Center would now be free and clear of joint-venture claims by Alberta and related parties. Granite is entitled to try to prove (at trial or in response to a summary-judgment motion) that it would not have paid that additional sum if its interest in the Town Center would have been burdened by joint-venture claims. Even if the joint-venture release was worth

-7-

less than $2.15 million to Granite, it may be entitled to part of the sum. Granite's claim would not fail just because it cannot establish its full alleged damages.

The Principals also argue that "Granite's alleged reliance was implausible because the [Fifteenth Amendment] made the [Town Center's] condition immaterial." Aplee. Br. at 17. They rely on the language in the purchase-and-sale agreement that "the [Town Center] is being sold to [Granite] on the Closing Date in its then '**AS IS, WHERE IS**' condition, with all faults." Aplt. App. Vol. 2 at 488. But even if Granite would have had to pay the $160 million closing price for the Town Center regardless of construction defects (an issue we need not resolve), it may well have refused to pay an additional $2.15 million if it had known of the defects.

In district court the Principals also argued that Alberta had no duty to disclose construction defects to Granite and that they could not be personally liable even if Alberta violated a disclosure duty. But those arguments have not been pursued on appeal, and we do not address them.

The order of the district court is REVERSED, and the case is REMANDED for further proceedings consistent with this order and judgment.

                              Entered for the Court

                              Harris L Hartz
                              Circuit Judge

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | October 19, 2011 | Douglas E. Cressler<br>Chief Deputy Clerk |

Mr. Osborne J. Dykes III
Ms. Marcy Hogan Greer
Mr. Paul Trahan
Mr. Benjamin M. Vetter
Ms. Sara Janes Wolf
Fulbright & Jaworski LLP
600 Congress Avenue
Suite 2400
Austin, TX 78701

RE:   10-1453, Granite Southlands Town Center v. Alberta Town Center, LLC, et al
      District docket: 1:09-CV-00799-ZLW-KLM

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40, any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 18 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

*Elisabeth A. Shumaker*

Elisabeth A. Shumaker
Clerk of the Court

cc:	Stuart N. Bennett
	Kimberly A. Bruetsch
	Allan B. Diamond
	Amos B. Elberg
	Reda Marie Hicks
	Steven Robert Kabler
	Dennis B. Polk

EAS/ad

2