*Revised*

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM (SJ)

GRANITE SOUTHLANDS TOWN CENTER LLC,
        Plaintiff,
v.

ALBERTA TOWN CENTER, LLC, and
LAND TITLE GUARANTEE COMPANY,
        Defendants.

**AMENDED AFFIDAVIT OF PAUL TRAHAN
IN SUPPORT OF GRANITE'S MOTION FOR ATTORNEYS' FEES**

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared Paul Trahan who, being by me duly sworn, on oath stated as follows:

1.      "My name is Paul Trahan. I am over 21 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct. I include headings to make it easier to read, but they are not part of my sworn affidavit testimony.

## Summary

2.      On September 19, 2011, and on behalf of Plaintiff Granite Southlands Town Center, LLC, Fulbright & Jaworski, L.L.P. ("Fulbright") submitted a Motion for Attorneys' Fees ("Motion"), which is currently on file as Docket entry # 199 in the above-described lawsuit. This Motion and the exhibits thereto included summaries of the hours worked and fees incurred in relation to the escrow claims that were tried to this Court in February 2011, on which Granite prevailed ("Escrow Claims").

3.      It has come to my attention that, although the invoices that accompany the motion and the rationale for segregating time and associated fees remain extremely sound, certain summaries of the invoices on file with the Court contain mathematical errors. Revised and corrected summaries are attached to this affidavit. I have reviewed the attached summaries. I am familiar with the invoices and the summaries. These revised summaries are an accurate

reflection of the invoices on file with the Court, and accurately reflect those amounts that Granite seeks to recover in its Motion.

4.      The revised summaries and calculations do not alter my opinion that the amount of work and rates charged were both reasonable and necessary. We have gone to great lengths to accurately segregate those fees and expenses relating to the Escrow Claims from the remaining fees and expenses Granite incurred in connection with the lawsuit. This affidavit and the attached summaries are supported by a complete set of invoices with a full description of services provided in relation to the Escrow Claims. *See* <u>Exhibit A</u> to Granite's Motion for Attorneys' Fees. The underlying invoices have not been revised or changed in any way.

5.      An important item to note in reviewing the invoices is that Granite received a 15% discount across-the-board on the rates for all timekeepers; however, the discount is applied at the end of each invoice. Consequently, the stated rates in the invoices are overstated. They actually are 15% less than stated in the invoices.

6.      The following chart summarizes the attorneys' fees and expenses that Granite incurred in relation to the Escrow Claims:

|  | HOURS | AVERAGE RATE | TOTAL |
|---|---|---|---|
| FEES ALREADY INVOICED[1] | 1,610.40 | $353.30 | $568,956.18 |
| EXPENSES ALREADY INVOICED[2] | N/A | N/A | $54,642.80 |
| FEES NOT YET INVOICED[3] | 109.50 | $355.06 | $38,879.00 |
| ESTIMATE OF FUTURE FEES[4] | 30.0 | $400.00 | $12,000.00 |
|  |  | TOTAL | $674,477.98 |

7.      A revised, true and correct summary of the fees and expenses relating to the Escrow Claims along with a general description of work is attached hereto as <u>Addendum B-1</u>.

---

[1] *See* Addendum B-1 and the invoices, attached as Exhibit A to Granite's Motion for Attorneys' Fees and Expenses.
[2] *See id.*
[3] *See* paragraphs 29 and 30 below.
[4] *See id.*

86190003.2                                                     - 2 -

## Qualifications & Bases for Opinions

8.      I am a litigation partner at Fulbright & Jaworski L.L.P. ("Fulbright").  I have been licensed to practice law in the State of Texas since 1997.  I have worked for Fulbright as a litigation attorney since 1997.  I focus on complex commercial matters, and I have provided legal counsel in well over 200 matters.  I have jury trial, bench trial, and arbitration experience, where I have served as both lead counsel and support counsel.  The captioned lawsuit is generally the type of matter I handle, and the disputed issues in the lawsuit are the type of issues for which I typically counsel clients.

9.      Fulbright served as counsel for Granite in the captioned lawsuit from the very beginning.  I served as lead counsel and am personally familiar with the legal services rendered by all of the attorneys at Fulbright in relation to the lawsuit.  I have been actively involved in every aspect of this case since its inception.  I am familiar, more particularly for purposes of this affidavit and the related Motion for Attorneys' Fees and Bill of Costs, with the legal services provided to Granite in relation to the Escrow Claims and the corresponding fees and expenses.

10.      In formulating the opinions set forth in this affidavit, I have considered the time expended and the labor required in relation to the Escrow Claims, the amounts in controversy, the factual complexity of the case, the procedural complexity of the case, the experience, reputation, ability, and billing rates of the attorneys and legal assistants involved, the expertise required, and other criteria upon which the reasonableness of fees are based according to Rule 1.5 of the Colorado Disciplinary Rules of Professional Conduct, including the time, labor and novelty of the claims, the fact that this matter precluded Fulbright attorneys from working on other matters, and the longstanding relationship Fulbright has enjoyed with Granite and its parents and affiliates.  I also have specifically considered the breadth of Alberta's discovery requests and the time limitations imposed by discovery deadlines in determining the reasonableness of certain fees incurred in responding to discovery requests.

11.      I have worked on a number of matters for Granite and related entities and, in the process, have come to understand Granite's business and become well acquainted with Granite's in-house counsel and management.  I was introduced to Granite by my law partner Jane Snoddy Smith who, with her group, has provided transactional real estate related legal services for Granite for several years predating the dispute at issue here.  My Fulbright colleague, Associate Bryan Patrick, has worked very closely with Mrs. Smith on legal matters for Granite and also is very familiar with Granite's business.  Mrs. Smith and Mr. Patrick are the outside attorneys for Granite who are most familiar with the property, transactions, and agreements underlying this lawsuit and, in particular, the dispute over the escrowed funds.  That is the dispute which was tried to this Court in February 2011.  As such, although Mrs. Smith and Mr. Patrick do not specialize in litigation, they were indispensible to the handling of this lawsuit and, in particular, the Escrow Claims.  The biographies for Mrs. Smith and Mr. Patrick are part of Exhibit D to Granite's Motion for Attorneys' Fees.

12.      In addition, Jeff Dykes, Benjamin Vetter, and Lucy Arnold provided key support out of Fulbright's Denver office.  Given the number of Colorado law issues.  The fact that venue for the lawsuit is in Denver, Colorado and their location, it made sense to include these individuals on the team.  Jeff Dykes is a Retired Partner, Mr. Vetter is a Senior Associate, and

Mrs. Arnold is an Associate. Mr. Dykes has significant trial experience and is the founder of Fulbright's Denver office. He is submitting a separate affidavit in support of Granite's Motion for Attorney Fees. Mr. Vetter has significant clerkship experience and was responsible for most of the legal research and briefing in relation to the Escrow Claims, including responding to Alberta's Motion for Partial Summary Judgment on the Escrow Claims. Mrs. Arnold was added to the team in preparation for trial and played an active role in preparing for and presenting the case at trial. The biographies for these individuals are part of <u>Exhibit D</u> to Granite's Motion for Attorneys' Fees.

13.     In addition to this core team, several additional attorneys at Fulbright provided assistance, especially with respect to document review. Alberta served expansive document requests on Granite. In order to respond to these requests, Granite collected over 200,000 documents from at least 20 sources. The review of these documents for responsiveness and privilege was time-consuming and expensive. After this review, Granite produced over 15,000 pages of documents to Alberta. Given the limited amount of time to respond to these requests, it was necessary for Granite to rely on the services of several additional Fulbright attorneys, who are identified individually in the invoices by name, with the number of hours worked and hourly rate clearly noted. The biographies for almost all of these individuals are attached as part of <u>Exhibit D</u> to Granite's Motion for Attorneys' Fees (Tracy Stewart no longer is with Fulbright and her bio is not available).

## Reasonableness of Hours & Rates

14.     As detailed in the invoices attached to Granite's Motion for Attorneys' Fees, the services Fulbright provided and actually billed to Granite in relation to the Escrow Claims can be described generally as follows:

- investigating claims;

- preparing and filing pleadings and motions;

- preparing a settlement statement;

- extensive discovery and massive document review, including privilege review;

- responding to dispositive motions;

- pre-trial settlement conferences;

- pre-trial motions and trial preparation;

- presenting this matter for trial; and

- post-trial issues, including preparing claims for attorneys' fees.

15. Also attached to this affidavit are two charts that provide true and correct summaries of the rates and number of hours worked by two groups of attorneys who, through June 2011, represent well over 90% of the total fees charged to Granite in relation to the Escrow Claims.

    a.   The first group consists of the core team (Trahan, Smith, Patrick, Dykes, Vetter, and Arnold), whose roles are described above.  The total number of hours for this core group is 1144.25 hours, for which the fees actually billed amounted to  $ $459,131.54, representing an average hourly rate of  $401.25.  A true and correct summary of this information, which was extracted from the invoices, is attached as <u>Addendum B-2</u>.

    b.   The second group consists of attorneys and legal assistants who managed other aspects of the lawsuit.  Although the responsibilities of these other team members is detailed in the invoices, their work related in large part to document collection, review, and production.  The total hours worked by these members of the team is 622.50 hours, for fees charged of  $165,833.73, which amount has been paid by Granite.  For reasons discussed below, for purposes of Granite's Motion for Attorneys' Fees, these figures have been reduced by 50% to 311.25 hours and fees of  $82,916.86, representing an average hourly rate of  $ 266.40.  A true and correct summary of this information, which was extracted from the invoices, is attached as <u>Addendum B-3</u>.

    16.    Because the attorneys with the most knowledge of Granite's business and the facts underlying the Escrow Claims are with Fulbright and located in Austin, Texas (discussed in more detail below), it was in Granite's interest to engage Fulbright and to assign attorneys, to serve as its lead counsel and in the roles of supervising and managing this lawsuit, who happen to be located in Austin, Texas.

    17.    The various attorneys involved in this matter served in separate and distinct roles and brought skills and familiarity that were well-suited to this lawsuit.  By engaging *this* team of attorneys, Granite also avoided the need to educate a different group of attorneys about its business and, more particularly, the property, transaction, and agreements at issue regarding the Escrow Claims.  Because it made sense for Granite to use attorneys in Austin, Texas, in my opinion, the reasonableness of the rates Granite paid in this lawsuit should be determined, to a large extent, from the perspective of whether the rates are reasonable in Austin, Texas.

    18.    The rates Granite paid in relation to the Escrow Claims ranged from $182.75 per hour to $552.50 per hour, with the less experienced attorneys generally working at a lower rate and the more experienced attorneys working at a higher rate.  The standard rate for each individual attorney is reflected on the monthly invoices.  Throughout Fulbright's representation, however, Granite enjoyed an across-the-board discount of 15% off Fulbright's standard rates (with the exception of the first month, when there was a 10% discount).  The average hourly rate for the work performed by all Fulbright attorneys for Granite in relation to the Escrow Claims, taking the additional unbilled invoices into account, is $ 354.21 per hour.  *See* <u>Addendum B-1</u>.

    19.    I have spent my entire career in Austin, Texas, and it is my professional opinion that the rates charged by Fulbright's Austin attorneys are reasonable and well in line with rates charged by other attorneys in the Austin area with similar experience, education, and for matters of this nature.

20.     It is my opinion that the number of hours worked was reasonable and necessary for purposes of representing Granite in relation to the Escrow Claims. It also is my opinion that the rates charged by each of these attorneys, given their level of experience and the work they performed, was reasonable.

## Work Performed to Review & Adjust Granite's Invoices

21.     A true and correct copy of Fulbright's invoices, which provide a detailed accounting and description of the work performed and actually billed in relation to the Escrow Claims, is attached to Granite's Motion for Attorneys' Fees. I have reviewed the invoices and confirmed that the work descriptions and time entries for work unrelated to the Escrow Claims has been redacted. There are instances where work performed may have related to the Escrow Claims in addition to other claims that were at issue in the lawsuit. In those instances, we went through and reduced the time and fees by an amount that, in my judgment, was sufficient to limit the time and fees to those directly associated with the Escrow Claims.

22.     Of particular note are fees associated with responding to Alberta's expansive document requests. As discussed above, this was a major (and expensive) undertaking. At the time Granite responded to Alberta's document requests, in addition to the Escrow Claims, there also was a counterclaim asserted by Alberta relating to a dispute over reconciliation of post-closing expenses. Alberta dismissed that claim shortly before trial; so, it was not part of the February 2011 trial. I reviewed Alberta's written discovery to Granite, and, based on my assessment, less than half of the request relate to the dispute over post-closing expenses (in other words, to the non-Escrow Claims). Stated differently, well over half of Alberta's document requests and other discovery related to the Escrow Claims. To account for this, and to err on the side of being conservative from Alberta's perspective, we reduced the fees Granite was actually billed for document collection, review, and production by a full 50% for purposes of the Motion for Attorneys' Fees. That discount is reflected on <u>Addendum B-3</u>.

23.     More particularly, we cut the time of the following timekeepers in half to account for the fact that the lawsuit, and to a limited extent the discovery requests, concerned issues outside the scope of the Escrow Claims:  Jennifer Sherrill, Travis Siebeneicher, Todd Hambidge, Tamsen Barrett, Holly Kipp, Hayden Briggle, Jerod Neas, Tracy Stewart, Chris Weimer, Leaf McGregor. Total fees generated by the work these Fulbright associates generated collecting, reviewing, and producing documents responsive to Alberta's document requests were $ 165,833.73. For purposes of Granite's Motion for Attorneys' Fees, that figure has been reduced by 50% and now is $82,916.86. That reduced figure is the figure included in the summary spreadsheet of Granite's legal fees. *See* <u>Addendum B-1</u>, <u>Addendum B-3</u>.

## Granite's Legal Expenses

24.     In addition, Fulbright's invoices to Granite reflect $54,642.80 in legal expenses related to the Escrow Claims. A true and correct summary of this information, which was extracted from the invoices, along with true and correct copies of available back-up documentation, is attached hereto as <u>Addendum B-4</u>, and is on file with the Court as Docket entry # 199-23. This amount includes long-distance telephone calls, facsimile costs, delivery expenses, out-of-town travel, and online research fees(including Lexis, Westlaw and Pacer). The

bulk of Granite's legal expenses ($43,337.32) relate to data management fees.  Granite incurred these fees in order to properly store and retain control over massive amounts of electronically stored information that was responsive, or potentially responsive, to Alberta's expansive discovery requests.  From  January 2010 through May 2011, Granite paid a monthly fee of $200.00 per gigabyte to host over 17 gigabytes of information in a searchable database, both to ensure proper preservation of information and to ensure ready accessibility to any potentially relevant or responsive documents.  In my experience, such expenses are customary in litigation of this type and the amounts described are reasonable in light of the services provided and performed.  The alternative is to charge hourly rates for legal assistants to maintain the information, which usually is more expensive for the client.  Fulbright regularly itemizes and bills clients for these and similar expenses, and this practice is becoming the industry standard.

25.     The expenses Granite seeks in its Motion for Attorneys' Fees are not absorbed as part of Fulbright's overhead and are the type of expenses which Fulbright routinely bills to its clients.  All of the expenses sought are included on the invoices attached to Granite's Motion for Attorneys' Fees.

### Granite Attempts to Settle Before Suit is Filed

26.     Before Granite filed suit, Granite's counsel reached out to Alberta's counsel to discuss the possibility of settlement.   Granite's counsel also facilitated direct settlement discussions between the parties.  Granite did not file the lawsuit on the Escrow Claims until these attempts at settlement failed.

### Granite Has or Will Pay All Fees It Seeks to Recover

27.     Fulbright has billed Granite for all of the fees and expenditures incurred in the course of its representation in this litigation through June 2011.  To date, Granite already has paid $1,440,894.60 for the services provided in relation to this lawsuit generally.  A true and correct summary of invoices paid and pending is attached to this affidavit as Addendum B-5. This summary was prepared by Fulbright's accounting department at my request.

28.     As to the Escrow Claims, Granite has paid $528,237.13 of the amounts invoiced by Fulbright.  See Addendum B-5, and is on file with the Court as Docket entry # 199-24.  Based on the timing of Granite's past payments in relation to this lawsuit and other matters, it is reasonable to assume, and I believe, Granite will pay the remaining $106,808.99 in full.

### Additional Fees & Expenses Not Yet Invoiced

29.     The only fees Granite has incurred in relating to the Escrow Claims since the last invoice, which is dated June 13, 2011, are fees generated in September 2011 – which have not yet been invoiced.  I estimate the fees Granite has incurred for this period are $38,879.00.  I calculated this figure by looking at the number of hours worked by my colleagues in September, to address issues relating to the Escrow Claims, and multiplying that number of hours by the historical discounted rates charged to Granite.  My colleagues and I have worked approximately 109.50 hours in September 2011.  At current discounted rates (which are the same as those

reflected in the historical invoices), I estimate the fees for September will be approximately $38,879.00.

30.     From this point forward, I estimate Granite will incur another $12,000 in fees in relation to the Escrow Claims, namely fees incurred in connection with pursuing attorneys' fees and expenses and the Bill of Costs.

31.     My opinions are based on my qualifications, experience, and a consideration of the above referenced factors as well as a review of the invoices, pleadings and documentation exchanged by the parties."

Further affiant sayeth not.

_____
Paul Trahan

SUBSCRIBED AND SWORN TO BEFORE ME, on October 19, 2011, to witness my hand and seal of office.

_____
NOTARY PUBLIC, State of Texas

JULIANN R. WRIGHT
Notary Public, State of Texas
My Commission Expires
JULY 3, 2013

# *Revised*

# Addendum B-1

# Granite v. Alberta - Revised Summary of Fees Expenses Relating to Escrow Claims

| Invoice # | Invoice Date | Escrow Related Hours | Escrow Related Fees | Escrow Related Expenses | Total Fees & Expenses | General Description of Work |
|---|---|---|---|---|---|---|
| 10975747 | 04/14/2009 | 2.50 | $ 1,147.50 | $ - | $ 1,147.50 | Initial investigation of claims, assess and prepare demands to Land Title |
| 10982815 | 05/11/2009 | 41.15 | $ 17,130.90 | $ 258.99 | $ 17,389.89 | Continued investigation, research claims, prepare complaint, confer with opposing counsel |
| 10993023 | 06/12/2009 | 16.35 | $ 6,234.33 | $ 725.75 | $ 6,960.08 | Research remedies, confer with Land Title, prepare report to client, review answer & counterclaims, prepare summary of agreements and timeline |
| 11000150 | 07/09/2009 | 18.95 | $ 7,564.58 | $ 72.51 | $ 7,637.09 | Confer with opposing counsel, address scheduling issues, legal research, prepare settlement statement for magistrate |
| 11010482 | 08/12/2009 | 19.65 | $ 7,739.89 | $ 559.52 | $ 8,299.41 | Initial disclosures, Pretrial Order, Settlement Statement, Confer with Land Title, Scheduling Hearing, Assess Defendants' Disclosures, Confer on Disclosures |
| 11018185 | 09/09/2009 | 1.80 | $ 563.55 | $ - | $ 563.55 | Assess Status & Discovery |
| 11018175 | 09/09/2009 | 0.80 | $ 406.30 | $ - | $ 406.30 | Protective Order, Confer with Opposing Counsel |
| 11025990 | 10/08/2009 | 37.30 | $ 10,110.75 | $ - | $ 10,110.75 | Protective Order Assessment, Motion, Discussions & Hearing, Settlement Assessment, Document Production |

# Granite v. Alberta - Revised Summary of Fees Expenses  Relating to Escrow Claims

| Invoice # | Invoice Date | Escrow Related Hours | Escrow Related Fees | Escrow Related Expenses | Total Fees & Expenses | General Description of Work |
|---|---|---|---|---|---|---|
| 11037080 | 11/11/2009 | 5.70 | $ 1,742.92 | $ - | $ 1,742.92 | Assess Status & Discovery |
| 11045862 | 12/11/2009 | 0.60 | $ 181.05 | $ - | $ 181.05 | Prepare Discovery |
| 11052436 | 01/12/2010 | 84.50 | $ 29,259.98 | $ (485.70) | $ 28,774.28 | Assess & Repond to Alberta Summary Judgment, Interview Witnesses, Review Discovery Requests, Confer w/ Opposing Counsel re: Discovery Disputes, Prepare Summary Judgment Response w/ Evidence |
| 11061048 | 02/12/2010 | 267.20 | $ 97,147.78 | $ 1,037.87 | $ 98,185.65 | Review Alberta documents, Review of Granite Documents for Production to Alberta, Prepare for and Take Depositions, Settlement Discussions, Prepare for and Defend Depositions, Discovery Disputes, Interpleader Issues, Surreply to Summary Judgment, Mass Document Review |
| 11067197 | 03/08/2010 | 423.85 | $ 119,338.51 | $ 7,056.19 | $ 126,394.70 | Mass Document Review in Response to Alberta Discovery, Privilege Review of Documents, Take Depositions, Discovery Disputes |
| 11075192 | 04/09/2010 | 64.65 | $ 25,346.79 | $ 2,193.58 | $ 27,540.37 | Take Depositions, Discovery Disputes, Prepare Witnesses for Depositions, |
| 11083128 | 05/10/2010 | 118.55 | $ 52,811.14 | $ 4,430.09 | $ 57,241.23 | Prepare for & Attend Settlement Conference, Prepare & Defend Depositions, Interpleader Issues |

# Granite v. Alberta - Revised Summary of Fees Expenses Relating to Escrow Claims

| Invoice # | Invoice Date | Escrow Related Hours | Escrow Related Fees | Escrow Related Expenses | Total Fees & Expenses | General Description of Work |
|---|---|---|---|---|---|---|
| 11093316 | 06/09/2010 | 5.70 | $ 2,495.17 | $ 5,746.32 | $ 8,241.49 | Escrow Issues, Settlement Strategy |
| 11102107 | 07/12/2010 | 13.90 | $ 5,880.30 | $ 4,356.86 | $ 10,237.16 | Pretrial Order, Settlement, Escrow Funds Issues |
| 11109197 | 08/09/2010 | 90.35 | $ 32,228.17 | $ 3,400.96 | $ 35,629.13 | Pretrial Order, Exhibit & Witness Lists, Review Settlement Issues, Settlement Memo |
| 11117085 | 09/09/2010 | 0.20 | $ 63.75 | $ - | $ 63.75 | Alberta's Motion to Expedite |
| 11127431 | 10/13/2010 | 12.40 | $ 5,655.90 | $ - | $ 5,655.90 | Prepare for & Attend Settlement Conference |
| 11136366 | 11/12/2010 | 6.90 | $ 2,425.05 | $ - | $ 2,425.05 | Settlement, Trial Logistics |
| 11145137 | 12/14/2010 | 2.80 | $ 1,290.30 | $ 3,403.12 | $ 4,693.42 | Interpleader of Funds, Trial Logistics |
| 11151559 | 01/12/2011 | 13.50 | $ 6,248.35 | $ 3,400.00 | $ 9,648.35 | Trial Prep, Status Conference, Pretrial Matters, Motion in Limine |
| 11158183 | 02/09/2011 | 42.10 | $ 15,615.35 | $ 78.17 | $ 15,693.52 | Pretrial Motions, Amended Complaint, Prepare Exhibits, Settlement Discussions, Damages Statement, Voir Dire Questions |
| 11167414 | 03/10/2011 | 228.00 | $ 95,385.73 | $ 7,167.75 | $ 102,553.48 | Prepare for and Attend Trial, Review Pretrial Submissions, Exhibit Objections, Witness Outlines, Witness Preparation, Findings of Fact & Conclusions of Law, Written Closing |
| 11174413 | 04/12/2011 | 48.90 | $ 8,815.94 | $ 5,083.14 | $ 13,899.08 | Research Attorneys' Fees & Post-trial Issues |

77223739_2.XLSX

# Granite v. Alberta - Revised Summary of Fees Expenses  Relating to Escrow Claims

| Invoice # | Invoice Date | Escrow Related Hours | Escrow Related Fees | Escrow Related Expenses | Total Fees & Expenses | General Description of Work |
|---|---|---|---|---|---|---|
| 11184051 | 05/13/2011 | 32.50 | $ 12,536.22 | $ 6,157.68 | $ 18,693.90 | Post-trial Issues including Review of Transcript, Revising Proposed Findings of Fact and Conclusions of Law |
| 11184301 | 05/13/2011 | 1.20 | $ 418.20 | $ - | $ 418.20 | Prepare Claim for Attorneys' Fees |
| 11192319 | 06/13/2011 | 2.50 | $ 1,115.63 | $ - | $ 1,115.63 | Post-Trial Issues |
| 11192438 | 06/13/2011 | 5.90 | $ 2,056.15 | $ - | $ 2,056.15 | Prepare Claim for Attorneys' Fees |
| | **Sub-total** | **1,610.40** | **$ 568,956.18** | **$ 54,642.80** | **$ 623,598.98** | |
| | Avg Rate | $ 353.30 | | | | |
| | **Fees Not Yet Invoiced** | 109.50 | $ 38,879.00 | $ - | $ 38,879.00 | Assess Ruling, Prepare Atty. Fees Request w/ supporting evidence & Confer w/ Land Title |
| | **Estimate of Future Fees** | 30.00 | $ 12,000.00 | $ - | $ 12,000.00 | Pursue Atty. Fees & Collection of judgment |
| | **Total** | **1,749.90** | **$ 619,835.18** | **$ 54,642.80** | **$ 674,477.98** | |
| | **Average Rate** | $ 354.21 | | | | |

*Revised*

# Addendum B-2

**Granite v. Alberta - Revised Summary of Hours, Fees, and Rates for Core 1**

| Month | Timekeeper | | Discounted Rate (15%)* | Escrow Hours | | Fees for Escrow Claims |
|---|---|---|---|---|---|---|
| Mar-09 | | | | | | |
| | Paul Trahan | $ | 459.00 | 2.50 | $ | 1,147.50 |
| Apr-09 | | | | | | |
| | Jeff Dykes | $ | 552.50 | 4.40 | $ | 2,431.00 |
| | Jane Smith | $ | 480.25 | 7.20 | $ | 3,457.80 |
| | Paul Trahan | $ | 433.50 | 19.55 | $ | 8,474.93 |
| | Bryan Patrick | $ | 301.75 | 6.20 | $ | 1,870.85 |
| | Ben Vetter | $ | 289.00 | 1.30 | $ | 375.70 |
| May-09 | | | | | | |
| | Jeff Dykes | $ | 552.50 | 1.00 | $ | 552.50 |
| | Jane Smith | $ | 480.25 | 2.70 | $ | 1,296.68 |
| | Paul Trahan | $ | 433.50 | 4.65 | $ | 2,015.78 |
| | Bryan Patrick | $ | 301.75 | 4.50 | $ | 1,357.88 |
| | Ben Vetter | $ | 289.00 | 3.50 | $ | 1,011.50 |
| Jun-09 | | | | | | |
| | Jeff Dykes | $ | 552.50 | 3.00 | $ | 1,657.50 |
| | Jane Smith | $ | 480.25 | 0.70 | $ | 336.18 |
| | Paul Trahan | $ | 433.50 | 7.85 | $ | 3,402.98 |
| | Bryan Patrick | $ | 301.75 | 2.30 | $ | 694.03 |
| | Ben Vetter | $ | 289.00 | 5.10 | $ | 1,473.90 |
| Jul-09 | | | | | | |
| | Jeff Dykes | $ | 552.50 | 2.30 | $ | 1,270.75 |
| | Jane Smith | $ | 480.25 | 1.60 | $ | 768.40 |
| | Paul Trahan | $ | 433.50 | 7.70 | $ | 3,337.95 |
| | Bryan Patrick | $ | 301.75 | 2.85 | $ | 859.99 |
| | Ben Vetter | $ | 289.00 | 5.20 | $ | 1,502.80 |
| Aug-09 | | | | | | |
| | Jeff Dykes | $ | 552.50 | 0.50 | $ | 276.25 |
| | Jane Smith | $ | 480.25 | 0.00 | $ | - |
| | Paul Trahan | $ | 433.50 | 0.60 | $ | 260.10 |
| | Bryan Patrick | $ | 301.75 | 0.00 | $ | - |
| | Ben Vetter | $ | 289.00 | 1.50 | $ | 433.50 |
| Sep-09 | | | | | | |
| | Jeff Dykes | $ | 552.50 | 0.20 | $ | 110.50 |
| | Jane Smith | $ | 480.25 | 0.60 | $ | 288.15 |
| | Paul Trahan | $ | 433.50 | 9.90 | $ | 4,291.65 |
| | Bryan Patrick | $ | 301.75 | 5.60 | $ | 1,689.80 |
| | Ben Vetter | $ | 289.00 | 0.00 | $ | - |
| Oct-09 | | | | | | |
| | Jeff Dykes | $ | 552.50 | 0.00 | $ | - |
| | Jane Smith | $ | 480.25 | 0.50 | $ | 240.13 |
| | Paul Trahan | $ | 433.50 | 0.00 | $ | - |
| | Bryan Patrick | $ | 301.75 | 0.00 | $ | - |
| | Ben Vetter | $ | 289.00 | 5.20 | $ | 1,502.80 |
| Nov-09 | | | | | | |
| | Bryan Patrick | $ | 301.75 | 0.60 | $ | 181.05 |
| Dec-09 | | | | | $ | - |
| | Jeff Dykes | $ | 552.50 | 3.30 | $ | 1,823.25 |
| | Jane Smith | $ | 480.25 | 4.70 | $ | 2,257.18 |
| | Paul Trahan | $ | 433.50 | 17.90 | $ | 7,759.65 |
| | Bryan Patrick | $ | 301.75 | 38.00 | $ | 11,466.50 |
| | Ben Vetter | $ | 289.00 | 20.60 | $ | 5,953.40 |
| Jan-10 | | | | | | |

| Month | Timekeeper | Discounted Rate (15%)* | Escrow Hours | Fees for Escrow Claims |
|---|---|---|---|---|
| | Jeff Dykes | $ 552.50 | 9.40 | $ 5,193.50 |
| | Jane Smith | $ 505.75 | 21.00 | $ 10,620.75 |
| | Paul Trahan | $ 454.75 | 80.75 | $ 36,721.06 |
| | Bryan Patrick | $ 318.75 | 105.40 | $ 33,596.25 |
| | Ben Vetter | $ 301.75 | 13.95 | $ 4,209.41 |
| Feb-10 | | | | |
| | Jeff Dykes | $ 552.50 | 0.00 | $ - |
| | Jane Smith | $ 505.75 | 19.60 | $ 9,912.70 |
| | Paul Trahan | $ 454.75 | 5.50 | $ 2,501.13 |
| | Bryan Patrick | $ 318.75 | 86.20 | $ 27,476.25 |
| | Ben Vetter | $ 301.75 | 0.30 | $ 90.53 |
| Mar-10 | | | | |
| | Jeff Dykes | $ 552.50 | 14.70 | $ 8,121.75 |
| | Jane Smith | $ 505.75 | 4.20 | $ 2,124.15 |
| | Paul Trahan | $ 454.75 | 3.55 | $ 1,614.36 |
| | Bryan Patrick | $ 301.75 | 36.20 | $ 10,923.35 |
| | Ben Vetter | $ 301.75 | 0.30 | $ 90.53 |
| Apr-10 | | | | |
| | Jane Smith | $ 505.75 | 39.65 | $ 20,052.99 |
| | Paul Trahan | $ 454.75 | 57.70 | $ 26,239.08 |
| | Bryan Patrick | $ 318.75 | 19.50 | $ 6,215.63 |
| May-10 | | | | |
| | Jane Smith | $ 505.75 | 2.90 | $ 1,466.68 |
| | Paul Trahan | $ 454.75 | 1.00 | $ 454.75 |
| | Bryan Patrick | $ 318.75 | 1.80 | $ 573.75 |
| Jun-10 | | | | |
| | Jeff Dykes | $ 552.50 | 4.50 | $ 2,486.25 |
| | Jane Smith | $ 505.75 | 0.40 | $ 202.30 |
| | Paul Trahan | $ 454.75 | 2.95 | $ 1,341.51 |
| | Bryan Patrick | $ 318.75 | 1.45 | $ 462.19 |
| | Ben Vetter | $ 301.75 | 4.60 | $ 1,388.05 |
| Jul-10 | | | | |
| | Jeff Dykes | $ 552.50 | 3.85 | $ 2,127.13 |
| | Jane Smith | $ 505.75 | 13.60 | $ 6,878.20 |
| | Paul Trahan | $ 454.75 | 13.10 | $ 5,957.23 |
| | Bryan Patrick | $ 318.75 | 33.80 | $ 10,773.75 |
| | Ben Vetter | $ 301.75 | 5.60 | $ 1,689.80 |
| Aug-10 | | | | |
| | Bryan Patrick | $ 318.75 | 0.20 | $ 63.75 |
| Sep-10 | | | | |
| | Jane Smith | $ 505.75 | 1.40 | $ 708.05 |
| | Paul Trahan | $ 454.75 | 10.60 | $ 4,820.35 |
| | Bryan Patrick | $ 318.75 | 0.40 | $ 127.50 |
| Oct-10 | | | | |
| | Jeff Dykes | $ 552.50 | 0.50 | $ 276.25 |
| | Jane Smith | $ 505.75 | 0.00 | $ - |
| | Paul Trahan | $ 454.75 | 0.80 | $ 363.80 |
| | Bryan Patrick | $ 318.75 | 5.60 | $ 1,785.00 |
| Nov-10 | | | | |
| | Jane Smith | $ 505.75 | 1.50 | $ 758.63 |
| | Paul Trahan | $ 454.75 | 0.90 | $ 409.28 |
| | Bryan Patrick | $ 318.75 | 0.10 | $ 31.88 |
| | Ben Vetter | $ 301.75 | 0.30 | $ 90.53 |
| Dec-10 | | | | |
| | Jeff Dykes | $ 552.50 | 4.30 | $ 2,375.75 |
| | Jane Smith | $ 505.75 | 0.70 | $ 354.03 |
| | Paul Trahan | $ 454.75 | 6.10 | $ 2,773.98 |

| Month | Timekeeper | Discounted Rate (15%)* | | Escrow Hours | Fees for Escrow Claims | |
|---|---|---|---|---|---|---|
| | Bryan Patrick | $ | 318.75 | 1.20 | $ | 382.50 |
| | Ben Vetter | $ | 301.75 | 1.20 | $ | 362.10 |
| Jan-11 | | | | | | |
| | Jeff Dykes | $ | 552.50 | 11.60 | $ | 6,409.00 |
| | Jane Smith | $ | 531.25 | 0.80 | $ | 425.00 |
| | Paul Trahan | $ | 488.75 | 5.60 | $ | 2,737.00 |
| | Bryan Patrick | $ | 348.50 | 6.10 | $ | 2,125.85 |
| | Ben Vetter | $ | 306.00 | 1.00 | $ | 306.00 |
| | Lucy Arnold | $ | 212.50 | 17.00 | $ | 3,612.50 |
| Feb-11 | | | | | | |
| | Jeff Dykes | $ | 552.50 | 47.90 | $ | 26,464.75 |
| | Jane Smith | $ | 531.25 | 9.20 | $ | 4,887.50 |
| | Paul Trahan | $ | 488.75 | 96.70 | $ | 47,262.13 |
| | Bryan Patrick | $ | 348.50 | 9.10 | $ | 3,171.35 |
| | Lucy Arnold | $ | 212.50 | 49.20 | $ | 10,455.00 |
| Mar-11 | | | | | | |
| | Jeff Dykes | $ | 552.50 | 0.50 | $ | 276.25 |
| | Paul Trahan | $ | 488.75 | 0.30 | $ | 146.63 |
| | Bryan Patrick | $ | 348.50 | 0.30 | $ | 104.55 |
| Apr-11 | | | | | | |
| | Jeff Dykes | $ | 552.50 | 1.30 | $ | 718.25 |
| | Paul Trahan | $ | 488.75 | 18.10 | $ | 8,846.38 |
| | Bryan Patrick | $ | 348.50 | 3.10 | $ | 1,080.35 |
| | Lucy Arnold | $ | 212.50 | 9.00 | $ | 1,912.50 |
| May-11 | | | | | | |
| | Jeff Dykes | $ | 552.50 | 0.50 | $ | 276.25 |
| | Paul Trahan | $ | 488.75 | 1.50 | $ | 733.13 |
| | Bryan Patrick | $ | 348.50 | 5.90 | $ | 2,056.15 |
| | Lucy Arnold | $ | 212.50 | 0.50 | $ | 106.25 |

**TOTALS**     **1144.25**    **$**    **459,131.54**

*NB: The discount in March 2009 is of 10%, not 15%.

**Average Rate**     **$**    **401.25**

# Addendum B-3

# Granite v. Alberta - Document Review Summary

| Month | Timekeeper | Rate Charged | | Hours | Fees | |
|-------|-----------|------|------|-------|------|------|
| Feb-10 | | | | | | |
| | Jennifer Sherrill | $ | 403.75 | 24.80 | $ | 10,013.00 |
| | Tamsen Barrett | $ | 267.75 | 0.70 | $ | 187.43 |
| | Holly Kipp | $ | 229.50 | 0.50 | $ | 114.75 |
| | Todd Hambidge | $ | 289.00 | 0.70 | $ | 202.30 |
| | S.A. Hayden Briggle | $ | 216.75 | 0.50 | $ | 108.38 |
| | Jerod Neas | $ | 216.75 | 0.50 | $ | 108.38 |
| | Chris Weimer | $ | 195.50 | 0.60 | $ | 117.30 |
| | Tracy Stewart | $ | 195.50 | 0.60 | $ | 117.30 |
| | Leaf McGregor | $ | 182.75 | 0.80 | $ | 146.20 |
| | | | | | | |
| | Paralegal Personnel | | | | | |
| | Paula Miller | $ | 140.25 | 2.00 | $ | 280.50 |
| | Mary Murchison | $ | 119.00 | 0.20 | $ | 23.80 |
| Mar-10 | | | | | | |
| | Jennifer Sherrill | $ | 403.75 | 102.80 | $ | 41,505.50 |
| | Tamsen Barrett | $ | 267.75 | 39.60 | $ | 10,602.90 |
| | Holly Kipp | $ | 229.50 | 58.90 | $ | 13,517.55 |
| | Todd Hambidge | $ | 289.00 | 19.30 | $ | 5,577.70 |
| | S.A. Hayden Briggle | $ | 216.75 | 123.00 | $ | 26,660.25 |
| | Jerod Neas | $ | 216.75 | 111.30 | $ | 24,124.28 |
| | Chris Weimer | $ | 195.50 | 35.20 | $ | 6,881.60 |
| | Tracy Stewart | $ | 195.50 | 27.50 | $ | 5,376.25 |
| | Leaf McGregor | $ | 182.75 | 13.50 | $ | 2,467.13 |
| | Travis Siebeneicher | $ | 297.50 | 59.50 | $ | 17,701.25 |
| | | **TOTALS** | | **622.50** | **$** | **165,833.73** |
| | | **50% Discount** | | **311.25** | **$** | **82,916.86** |
| | | **Avg Rate** | | | **$** | **266.40** |

ADDENDUM B-4

## Granite Southlands Town Center LLC's Expenses

### Legal Expenses Relating to the Escrow Dispute                    0

| Invoice # | Invoice Date | Facsimile | Telephone | Delivery Service & Messengers | Lexis, Westlaw, Pacer and Online Research Fees | Out of Town Travel | Data Management Fees | Total Legal Expenses |
|---|---|---|---|---|---|---|---|---|
| 10975747 | 04/14/2009 | | | | | | | $           - |
| 10982815 | 05/11/2009 | | | $      124.99 | $      134.00 | | | $      258.99 |
| 10993023 | 06/12/2009 | $    5.60 | $   73.08 | $       47.88 | $      599.19 | | | $      725.75 |
| 11000150 | 07/09/2009 | $  46.68 | $    1.60 | | $       24.23 | | | $       72.51 |
| 11010482 | 08/12/2009 | | | $        5.43 | $        9.81 | $      544.28 | | $      559.52 |
| 11018185 | 09/09/2009 | | | | | | | $           - |
| 11018175 | 09/09/2009 | | | | | | | $           - |
| 11025990 | 10/08/2009 | | | | | | | $           - |
| 11045862 | 12/11/2009 | | | | | | | $           - |
| 11052436 | 01/12/2010 | | | | | $    2,063.74 | $    1,800.00 | $    3,863.74 |
| 11061048 | 02/12/2010 | | | | | | $    3,701.14 | $    3,744.62 |
| 11067197 | 03/08/2010 | | | $       43.48 | | | $    3,401.18 | $    3,407.98 |
| 11075192 | 04/09/2010 | | | | $        6.80 | $      696.91 | $    3,400.00 | $    4,096.91 |
| 11083128 | 05/10/2010 | | | | $        0.08 | $    2,421.88 | $    3,400.00 | $    5,821.96 |
| 11093316 | 06/09/2010 | | | | | | $    3,400.00 | $    3,400.00 |
| 11102107 | 07/12/2010 | | | | $        0.96 | | $    3,400.00 | $    3,400.96 |
| 11109197 | 08/09/2010 | | | | | | $           - | $           - |
| 11117085 | 09/09/2010 | | | | | | $           - | $           - |
| 11127431 | 10/13/2010 | | | | | | $           - | $           - |
| 11136366 | 11/12/2010 | | | | $        3.12 | | $    3,400.00 | $    3,403.12 |
| 11145137 | 12/14/2010 | | | | | | $    3,400.00 | $    3,400.00 |
| 11151559 | 01/12/2011 | | | | | | $    3,400.00 | $    3,400.00 |
| 11158183 | 02/09/2011 | | | | | | $    3,835.00 | $    3,845.92 |
| 11167414 | 03/10/2011 | | | $       10.92 | | | $    3,400.00 | $    5,361.22 |
| 11174413 | 04/12/2011 | | | | $    2,069.52 | | $    3,400.00 | $    5,879.60 |
| 11184051 | 05/13/2011 | | | | $      170.26 | $    2,309.34 | $    3,400.00 | $           - |
| 11184301 | 05/13/2011 | | | | | | | $           - |
| 11192319 | 06/13/2011 | | | | | | | $           - |
| 11192438 | 06/13/2011 | | | | | | | $           - |
| **Total** | | $   52.28 | $   85.60 | $      221.78 | $    3,017.97 | $    8,036.15 | $   43,337.32 | **54,642.80** |

# Fulbright & Jaworski, L.L.P.
## Practice Support Services Overview

Ever-increasing volumes of electronic data continue to introduce new complexities in predicting and managing discovery costs. In our continuing effort to support our clients' objectives in this regard, we are pleased to provide information about Fulbright's practice support services and its innovative billing model.

Fulbright has long been committed to providing clients with leading edge technology in the areas of case and discovery management in order to promote efficiencies and control costs. Several years ago, Fulbright established a Practice Support Group of legal technologists to help meet these objectives. Historically, Fulbright's legal technologists were billed at hourly rates and listed individually on client invoices. While this type of billing model for practice support services is commonly used today by most law firms, Fulbright has developed an innovative approach that offers greater predictability and improved management of discovery related expenses.

The new billing model will assess a per gigabyte ('GB') data management fee for data managed by Fulbright's Practice Support Group and stored in Ringtail, the firm's litigation technology platform. The monthly per GB fee includes project management and technical services required to support the collection of electronic data, on-line document review, electronic document productions, and the overall use of Fulbright's litigation technology services during the discovery phase of the case. After the discovery phase of the case is completed, a smaller per GB storage fee will be assessed in lieu of the data management fee. These per GB charges will be included as line items on the expense section of Fulbright's invoice.

A limited number of specialized practice support services will continue to be charged on an hourly basis. These services will be provided as needed and may include development and implementation of electronic discovery strategies, project management of third party platforms, trial support and graphics. Other expenses may include litigation technology licenses for non-Fulbright users billed at cost and document production charges billed on a per file basis.

The attached Statement of Work further describes the types of services provided by Fulbright's Practice Support Group (Exhibit A). Estimated costs for Fulbright's practice support services and third party vendor services will be provided once the scope of electronic discovery is determined.

75508573.1

**Exhibit A
Fulbright & Jaworski, L.L.P.
Practice Support Services Statement of Work**

This Statement of Work outlines the services to be provided in connection with litigation support, electronic discovery, document management and data hosting.

# I.  Services Overview & Related Pricing

## Data Management

Management, Maintenance, & Support - $200 per GB per month[1] assessed during the discovery phase of a case for matters in which the firm's Automated Litigation Support System is used.

### *Project Management Services:*

- Serve as a single point of contact coordinating all aspects of a project in which Ringtail, the firm's Automated Litigation Support System, is used to efficiently manage case documents and information.

- Design, develop, and configure the Ringtail database in which the hard copy documents and electronic data are maintained.

- Support the attorneys and clients in the use of Ringtail, as necessary.

- Coordinate collection of hard copy and electronic data from clients, vendors, and other law firm counsel, as appropriate.

- Evaluate, recommend and coordinate with litigation support vendors for scanning and electronic discovery services.

- Assist electronic discovery technologist in reporting, quality control and management of electronic discovery efforts.

- Design document review strategy; manage document review process, and timelines.

- Support strategic document analysis, measurement and reporting of document review efficiencies and related metrics.

---

[1] The per gigabyte rate may increase based on anticipated case complexity and demands.

- Coordinate criteria, format, quality control and timelines for electronic document productions.
- Provide recommendations regarding application of technology in all phases of litigation and regulatory matters.

### *Database Analyst Services:*

- Support all technical aspects of Ringtail including the loading of documents received from scanning and electronic discovery vendors, coordinating counsel, and/or opposing party.
- Perform quality assurance processes of data received from scanning, e-Discovery vendors, and opposing counsel to ensure the deliverable meets the agreed-upon technical specifications.
- Prepare and perform pre-production quality assurance processes on documents in preparation for electronic production.
- Generate electronic document productions according to agreed-upon specifications.
- Perform post-production quality assurance and verification processes on electronic document productions ensure it meets agreed-upon specifications.
- Serve as technical consultant to guide complex data production specifications, data transfers, conversions, exchange, and other related issues.

## Electronic Data Production

- $.02 per file fee for the production of electronic data from the Automated Litigation Support System according to agreed-upon specifications.

## Storage

- $25 per GB per month after the discovery phase of a case for matters in which the firm's Automated Litigation Support System continues to be used.

## Technology

- $84 per month license fee for Ringtail Legal™ database access per external user. External users are non-Fulbright users, including clients, co-counsel, experts and other outside parties.

## Professional Services

### *Electronic Discovery Services*

- A $360 per hour fee for professional services provided by an electronic discovery technologist.
  - Advise as needed regarding identification, preservation, collection, processing, review, production, presentation and analysis of electronic data.

- Assist in development of preservation notices and procedures.
- Conduct interviews of IT personnel regarding corporate technology environment and infrastructure to identify and preserve potentially relevant electronic data.
- Provide guidance in formulating electronic data collection strategy.
- Provide support for 26(f) conferences and 30(b)(6) depositions.
- Make recommendations regarding electronic discovery vendors and technology.
- Collaborate with third party electronic discovery service providers as necessary.

### Management of Third Party Platforms or Technology Services

- A $260 per hour fee for professional services provided by a project manager.
  - Serve as primary point of contact for all aspects of a project in which a third party service provider is used to manage case documents and information.
  - Assist in database design.
  - Support management of the document review process.
  - Coordinate electronic document productions.

### Trial & Graphics Support

- A $135 - $250 per hour fee for professional services provided by graphic artists and technologists in preparation and support of various legal proceedings.
  - Assist with trial support needs including court room and war room set-up, trial technology, demonstratives, on-site support, coordination of vendors, etc.
  - Coordinate with trial support vendors.
  - Prepare clips of video deposition testimony for presentation.
  - Set up equipment to be used in presentation environment.
  - Provide technical support during proceedings.

## II. Scope of Services

### Who Will Provide the Services

The effective delivery of practice support services requires the use of various components including third party products and services, internal resources and licensed technology. Members of Fulbright's Practice Support Group will perform the majority of the practice support services work.

Third party electronic data vendors whose processes have been vetted to ensure a quality deliverable will be utilized to stage, filter and prepare electronic data for attorney review. If hard copy documents are to be reviewed, third party scanning and coding vendors will be utilized, as necessary.

## *Calculation of Charges*

The precise total cost of practice support services, as discussed in Section I, is difficult to establish.  Examples include charges for Data Management and Maintenance, which includes the time of Practice Support personnel, Recommind™ software, Electronic Document Productions; and Data Storage Fees.  We will use our professional judgment on these charges, which may vary from, be less than, or exceed our direct cost of such products or services.

In situations where we can readily determine the exact amount for products or services provided by third parties in support of a matter, our invoices will reflect the cost to us as a direct pass-through.  An example is the external user licensing fee for Ringtail Legal™.

Charges for practice support services will be guided by a Project Cost Estimate to be provided once the scope of electronic discovery is determined.  The Project Cost Estimate is inexact, as it involves certain unknown factors, such as total data volume, document production volumes, and potential need for hourly professional services.  As a result, actual invoice amounts may vary from the estimated total included in a Project Cost Estimate.

## *Third Party Software*

The services provided by Fulbright will include the use of Third Party components such as Ringtail Legal™, Recommind™, dtSearch, Microsoft SQL, and other products.  It is important to recognize and understand the potential risk of data corruption or unavailability resulting from such Third Party components.  Fulbright & Jaworski L.L.P. has made no promises or guarantees about the outcome of the practice support services, and nothing in this Statement of Work shall be construed as such a promise or guarantee.

## *Disposition of Data*

At the conclusion of the Engagement, or earlier if appropriate, options regarding data disposition will be determined.

CHECK REQUISITION/EXPENSE REIMBURSEMENT

DATE: April 12, 2010

DATE & TIME NEEDED:

ISSUE CHECK PAYABLE TO: PAUL TRAHAN

TAX ___ NUMBER

*pd ck 68874  4/28/10*

CHECK SIGNER VOUCHER # 415 - 4/8/10

~~$2,508.35~~  *2421.88*

| FIRM RECHARGE | | ACCOUNT NUMBER XX-XXX-XX-XXXX-XXX OFC-OPT-TM-MAJ-SUB | DOLLAR AMOUNT |
|---|---|---|---|
| | ACCOUNT NAME/DESCRIPTION | | |
| | | | |
| | | | |
| | | | |

DESCRIPTION:

| MAJ-SUB | SELECTED ACCTS. | MAJ-SUB | SELECTED ACCTS. | MAJ-SUB | SELECTED ACCTS. |
|---|---|---|---|---|---|
| 6300-010 | MEETINGS & RETREAT-MEALS | 7030-020 | BUSINESS ENTERTAINMENT/TRAVEL | 8060-040 | RECRUITING-OTHER INC. |
| 6300-040 | MEETINGS & RETREAT-OTHER | 7040-010 | CONV./INSTITUTES-MEALS/ENT. | 8070-010 | SUMMER CLERKS-MEALS/ENT. |
| 7010-010 | TRAVEL & INCIDENTAL-MEALS | 7040-020 | CONV./INSTITUTES-TRAVEL/OTHER | 8071-010 | SUMMER CLERKS-LUNCHES |
| 7010-040 | TRAVEL & INCIDENTAL-OTHER | 7040-030 | CONV./INSTITUTES-REGISTRATION FEE | 8072-010 | SUMMER CLERKS-DINNERS |
| 7020-000 | BAR ASSOCIATION DUES | 7060-010 | PROFESSIONAL/BAR ASSOC. MEALS | 8070-020 | SUMMER CLERKS-TRAVEL/INC/D. |
| 7020-040 | PROFESSIONAL ASSOCIATION DUES | 8060-010 | RECRUITING-MEALS ATTY INTERVIEWS | 8070-040 | SUMMER CLERKS-OTHER |
| 7030-010 | BUSINESS ENTERTAINMENT/MEALS | 8060-020 | RECRUITING-TRAVEL/INC/D. | 1122-000 | CLIENT UNALLOCATED REFUND |

OFFICE CODES

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 HOUSTON | | 08 AUSTIN | | 15 LONDON | | 21 BEIJING | | 015 HEALTH | | 038 ENERGY & REAL PROP | |
| 02 NEW YORK | | 09 WASHINGTON | | 16 ST. LOUIS | | | | 021 LABOR | | 039 TAX | |
| 03 LOS ANGELES | | 10 HONG KONG | | 17 RIYADH | | DEPT. CODES | | 024 LITIGATION | | 048 ADMIN | |
| 06 SAN ANTONIO | | 11 MINNEAPOLIS | | 18 DUBAI | | 005 CORP. & BANK | | 030 INTEL. PROP. | | 026 SUMMER CLERKS | |
| 07 DALLAS | | 12 MUNICH | | 19 DENVER | | 006 CORP. & BANK | | 033 PUBLIC | | 002 GENERAL | |
| | | | | | | 007 TECHNOLOGY | | 012 FAMILY | | | |
| | | | | | | 009 ENVIRONMENTAL | | | | | |

PLEASE PROVIDE DETAILED SUPPORT FOR ALL MEAL, ENTERTAINMENT AND TRAVEL EXPENSES (FIRM RECHARGE AND CLIENT RECHARGE) ON THE REVERSE SIDE AND ATTACH RECEIPTS IN ACCORDANCE WITH IRS REGULATIONS.

CLIENT RECHARGE

| COST CODE | MATTER # | CLIENT AND MATTER NAME | AMOUNT | | COST CODES |
|---|---|---|---|---|---|
| E110 | 10210271 *10904447* | BlackRock/Southlands | 1,845.73 | E121 | ARBITRATORS/MEDIATORS |
| | | | | F209 | CONFERENCE EXPENSES |
| | | | | E107 | DELIVERY EXPENSES |
| | | | | E115 | DEPOSITIONS/TRANSCRIPTS |
| Reimbursement for travel to Newark NJ to defend depos of Silva and Piekarski – airfare ($1,336.60); car rental ($447.13) parking ($62.00) | | | | E101 | DUPLICATING EXPENSES |
| | | | | E119 | EXPERTS |
| | | | | E112 | FILING FEES/COURT FEES |
| | | | | F211 | FOREIGN ASSOCIATE |
| | | | | E105 | LD TELEPHONE |
| E110 | 10210271 *10904447* | BlackRock/Southlands | 576.15 | E118 | LITIGATION SUPPORT VENDORS |
| | | | | F208 | LOBBY - MEALS/ENT |
| | | | | F209 | LOBBY OTHER |
| Hotel while in Newark NJ to defend depos of Silva and Pierkarski | | | | E122 | LOCAL COUNSEL |
| | | | | E109 | LOCAL TRAVEL |
| | | | | E111 | MEALS |
| | | | | E106 | ONLINE RESEARCH |
| | | | | E123 | OTHER PROFESSIONALS |
| | | | | E124 | OTHER (EXPLAIN) |
| | | | | E110 | OUT OF TOWN TRAVEL |
| | | | | E102 | OUTSIDE PRINTING |
| | | | | E108 | POSTAGE |
| | | | | E120 | PRIVATE INVESTIGATIONS |
| | | | | F201 | PTO FEES |
| | | | | F213 | PTO MAINTENANCE FEE |
| | | | | F707 | RECORDS |
| | | | | F214 | REFUND OF CLIENT COST CREDIT |
| | | | | F204 | SECRETARY OVERTIME |
| | | | | E113 | SUBPOENA FEES |
| | | | | E117 | TRIAL EXHIBITS |
| | | | | E116 | TRIAL TRANSCRIPTS |
| | | | | E114 | WITNESS FEES |

ALL MEALS AND ENTERTAINMENT MUST BE SEPARATELY DISCLOSED ABOVE AND ON THE REVERSE SIDE.

DELIVER CHECK TO: Julie Wright

PAUL TRAHAN
ATTORNEY NAME (PRINT)

ATTORNEY SIGNATURE

08733
ATTORNEY #

## DETAIL OF EXPENSE

### BUSINESS MEALS AND ENTERTAINMENT

| DATE | PLACE (NAME OF CLUB, RESTAURANT, ETC.) | NAME (TITLE OF PERSON IN ATTENDANCE) | TOTAL $ |
|---|---|---|---|
| 1 | | | |

### BUSINESS PURPOSE

DEPARTURE POINT/
DESTINATION

TRAVEL DETAILS

### DAILY RECORD

| DATE | | | MEALS # OF MEALS | $ AMOUNT |
|---|---|---|---|---|
| SUN | | | | |
| MON | 4/5/10 | | | |
| TUE | 4/6/10 | | | |
| WED | 4/7/10 | | | |
| THURS | 4/8/10 | | | |
| FRI | | | | |
| SAT | | | | |
| SUN | | | | |
| MON | | | | |
| TUE | | | | |
| WED | | | | |
| THURS | | | | |
| FRI | | | | |
| TOTAL | | | | |

### OTHER TRAVEL & SUBSISTENCE

| # OF MI | AUTO EXP. | AIR TRAVEL | HOTEL | PARKING, TOLLS, LIMO, ETC. | TELEPHONE | OTHER DESCRIPTION | AMOUNT | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| | $ | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | 1,336.60 | 576.15 | 509.13 | | | | |
| | | | | | | | | |
| | | 1,336.60 | 576.15 | 509.13 | | | | 2421.88 |

eTicket Itinerary and Receipt                                                                      Page 1 of 2

## Wright, Julie

| | |
|---|---|
| F__ : | Continental Airlines, Inc. [continentalairlines@continental.com] |
| Sent: | Sunday, April 04, 2010 11:47 AM |
| To: | Trahan, Paul |
| Subject: | eTicket Itinerary and Receipt for Confirmation C53M06 |

To ensure delivery of this e-mail please add continentalairlines@continental.com to your address book or approved senders list. See Instructions for adding us to your address book.

 **Continental Airlines**   A STAR ALLIANCE MEMBER

Confirmation:
## C53M06
Check-in >

Issue Date: April 04, 2010

| Traveler | eTicket Number | Frequent Flyer | Seats |
|---|---|---|---|
| TRAHAN/PAULD | 0052157527515 | | 6F/40F/6D |

### FLIGHT INFORMATION

| Day, Date | Flight | Class | Departure City and Time | Arrival City and Time | Aircraft | Meal |
|---|---|---|---|---|---|---|
| Mon, 05APR10 | CO620 | B | AUSTIN TX (AUS) 7:10PM | HOUSTON BUSH INTL (IAH) 8:12PM | 737-500 | |
| Mon, 05APR10 | CO410 | B | HOUSTON BUSH INTL (IAH) 8:45PM | NEWARK EWR (EWR) 1:00AM (06APR) | 757-300 | |
| Thu, 08APR10 | CO450 | B | NEWARK EWR (EWR) 3:15PM | AUSTIN TX (AUS) 6:22PM | 737-500 | Snack |

### FARE INFORMATION

| Fare Breakdown | | Form of Payment: |
|---|---|---|
| Airfare: | 1,214.88 USD | MASTERCARD |
| U.S. Passenger Facility Charge: | 12.00 | Last Four Digits 2857 |
| U.S. Federal Transportation Tax: | 91.12 | |
| U.S. Security Service Fee: | 7.50 | |
| U.S. Flight Segment Tax: | 11.10 | |
| Per Person Total: | 1,336.60 USD | |

eTicket Total:        **1,336.60 USD**

The airfare you paid on this itinerary totals: 1,214.88 USD

**The taxes you paid on this itinerary total: 121.72 USD**

Fare Rules:       Additional charges may apply for changes in addition to any fare rules listed.
                  REFUNDABLE

---

### eTicket Reminders

- **Check-in Requirement** - Bags must be checked and boarding passes obtained at least 30 minutes prior to scheduled departure. Baggage will not be accepted and advance seat assignments may be cancelled if this condition is not met.
- **Boarding Requirement** - Passengers must be prepared to board at the departure gate with their boarding pass at least 15 minutes prior to scheduled departure.
- __lure to meet the **Boarding Requirements** may result in cancellation of reservations, denied boarding, ___noval of checked baggage from the aircraft and loss of eligibility for denied boarding compensation.
- Bring your boarding pass or this eTicket Receipt along with photo identification to the airport.
- The FAA now restricts carry-on baggage to one bag plus one personal item (purse, briefcase, laptop computer, etc.) per passenger.
- For up to the minute flight information, sign-up for your Flight Status E-mail at continental.com or call 1-800-784-4444; in Spanish 1-800-579-3938.

04/12/2010

eTicket Itinerary and Receipt

- If flight segments are not flown in order, your reservation will be cancelled. Rebooking will be subject to the fare rules governing your ticket.
- For the most current status of your reservation, flights and other important policies, go to continental.com.
- Your eTicket is non transferable and valid for 1 year from the issue date unless otherwise noted in the fare rules above.

---

### Important Baggage Information

For information regarding baggage fees, allowances, weight/size restrictions and embargoes, go to continental.com. If your flight originates with one of our codeshare partners or another airline you will need to check the operating carrier for baggage policies.

---

### Check In Online the Day Before You Fly

With continental.com Check In, you can print your own boarding pass within 24 hours of your flight. You can review or change your seats and get everything you need to go straight to the gate. For more information, go to continental.com.

---

### Better Just Got Bigger

Continental Airlines has now joined the Star Alliance network. You can earn and redeem miles on 25 member airlines offering 17,000 daily flights and over 900 destinations worldwide. Go to www.staralliance.com to find out more. You've earned it.

---

### Reserve a Conference Room at the Airport

Presidents Club members can now utilize conference room facilities even if not traveling that day. Stop by any location or call the Presidents Club at 1-800-322-2640 for details.

---

### IMPORTANT CONSUMER NOTICES

- Your travel is subject to Continental's Contract of Carriage terms. The Contract is available at any CO ticketing facility, continental.com or by calling 1-800-525-0280. The Contract terms include rules about limits on liability for personal injury or death and for loss, damage, or delay of goods and baggage, check-in times, overbooking, security issues, reservations, denial of carriage, refunds, claims limits and restrictions, including time limitations for filing a claim or lawsuit, and schedule changes and irregularities.
- On domestic flights, Continental's maximum liability limit for checked baggage is $3300 USD per passenger and Continental excludes liability for all unchecked baggage. Continental excludes liability for fragile, valuable or perishable items carried in all baggage including jewelry, computers, cash, camera equipment and similar valuables. If any of these items are lost, damaged or delayed, you will not be entitled to any reimbursement. On international flights governed by the Warsaw Convention (including the domestic portions of the trip), maximum liability for checked baggage is approximately $640 USD per bag, and $400 USD per passenger for unchecked baggage. On international flights governed by the Montreal Convention (including domestic portions of the trip) maximum liability for baggage is 1,131 SDRs per passenger for checked and unchecked baggage. You can declare excess valuation on certain baggage at the airport, additional fees will apply.
- For international flights, a treaty known as the Warsaw or the Montreal Convention may apply to the entire journey. When applicable, it governs, amongst other things, the liability of the carrier for baggage and death of or injury to passengers.
- The Contract of Carriage contains further detail of these terms.
- Personal Health - For important health tips before your flight, including information on a serious condition called Deep Vein Thrombosis, please go to continental.com or call 1800WECARE2. This information is also in the Continental magazine on board your flight.

### Thank you for choosing Continental Airlines
continental.com

Legal Notices. Privacy Policy
Copyright © 2010 Continental Airlines, Inc. All rights reserved.

**Please do not reply to this message using the "reply" address.**
For assistance, please contact Continental Airlines via telephone or via e-mail.

04/12/2010

# Hyatt Summerfield Suites Morristown

## 194 Park Avenue

Apr 08, 2010
2:27 am

Morristown, NJ 07960
Telephone: (973)971-0008   Fax: (973)971-0013

PAUL TRAHAN

Account #: 76695
Room Number: 289
Rate: $167.00
Pay Method: MC2857

Arrival Date: Tuesday, April 06, 2010
Departure Date: Thursday, April 08, 2010

Member #: 67682

Information:  CANCEL BY 3PM EST 24 HOURS PF

| Date | Department | Reference | Voucher | Room | Debit | Credit |
|------|-----------|-----------|---------|------|-------|--------|
| 4/6/2010 | Room postings | Night of 4/5/10 afer audit | | 289 | $167.00 | |
| 4/6/2010 | Sales Tax State | Night of 4/5/10 afer audit | | 289 | $11.69 | |
| 4/6/2010 | Occupancy Fee State | Night of 4/5/10 afer audit | | 289 | $8.35 | |
| 4/6/2010 | Occupancy Fee City | Night of 4/5/10 afer audit | | 289 | $5.01 | |
| 4/6/2010 | Room postings | Auto Posted | | 289 | $167.00 | |
| 4/6/2010 | Sales Tax State | Auto Posted | | 289 | $11.69 | |
| 4/6/2010 | Occupancy Fee State | Auto Posted | | 289 | $8.35 | |
| 4/6/2010 | Occupancy Fee City | Auto Posted | | 289 | $5.01 | |
| 4/7/2010 | Room postings | Auto Posted | | 289 | $167.00 | |
| 4/7/2010 | Sales Tax State | Auto Posted | | 289 | $11.69 | |
| 4/7/2010 | Occupancy Fee State | Auto Posted | | 289 | $8.35 | |
| 4/7/2010 | Occupancy Fee City | Auto Posted | | 289 | $5.01 | |

Balance: $576.15

I agree that my liability for this bill is not waived and I agree to be held personally liable in the event that the indicated person, company or association fails to pay for the full amount of the charges.

Signature _____

Block Rock Southbridge
Hotel



159254

AUSTIN-BERGSTROM
INTERNATIONAL AIRPORT PARKING
CITY OF AUSTIN

9114 04/05 17:54 04/08 18:21 $62.00 2857

**AVIS**
We try harder.   Thank you for renting from Avis.

| RENTAL NUMBER | CAR NUMBER | CAR GROUP |
|---|---|---|
| 700055860 | 50393431 | E |

TRAHAN,PAUL
AWD = A597500
CV - CMXXXXXXXXXXXX2857

OUT EWR 06APR10/0238 MI =        5
IN  EWR 08APR10/1354 MI =      194
      189 MI@     .00 =
           HR@   78.00 =
        3 DY@  103.99 =      311.97
$.47/DY ERF              =        1.41
# 1.1% VLF               =        3.43
**11.11% FEE             =       34.82
TAXABLE SUBTOT           =      361.63
TAX  7.000%              =       24.61
*$7.00/DAY FEE           =       21.00
GAS SVC OPTION           =       49.89

TOTAL CHARGES            =   **447.13**
**CONCESSION RECOVERY FEE
*$2/DY TFC & $5DOMESTIC SECUR
#VEHICLE LICENSE FEE
ENERGY RECOVERY FEE  .47/DY

Block Rock /
Southbds
cov

Receive rental receipts by email every time you rent.
And get access to special offers & more. See reverse.