## ESCROW AGREEMENT

THIS ESCROW AGREEMENT (this "**Agreement**") is made and entered into as of this 12 day of December, 2008, by and among ALBERTA TOWN CENTER, LLC, a Colorado limited liability company ("**Alberta**"), GRANITE SOUTHLANDS TOWN CENTER LLC, a Delaware limited liability company ("**Granite**"), and LAND TITLE GUARANTEE COMPANY, as escrow agent ("**Escrow Agent**").

### RECITALS

A. Alberta and Granite (as successor-in interest to Metropolitan Life Insurance Company, a New York corporation), are parties to that certain Forward Purchase and Sale Agreement and Escrow Instructions dated as of September 29, 2005, as amended by that certain Amendment and Agreement dated as of April 30, 2007, and that certain First Amendment to Amendment and Agreement effective as of June 1, 2007, and that certain Second Amendment to Amendment and Agreement effective as of June 29, 2007, and that certain Third Amendment to Amendment and Agreement effective as of July 24, 2007, and that certain Fourth Amendment to Amendment and Agreement and Termination Agreement effective as of August 31, 2007, and that certain Fifth Amendment to Amendment and Agreement and Termination Agreement effective as of December 13, 2007, and that certain Sixth Amendment to Amendment and Agreement and Termination Agreement effective as of February 15, 2008, and that certain Seventh Amendment to Amendment and Agreement and Termination Agreement effective as of February 22, 2008, and that certain Eighth Amendment to Amendment and Agreement and Termination Agreement effective as of February 28, 2008, and that certain Ninth Amendment to Amendment and Agreement and Termination Agreement effective as of March 14, 2008, and that certain Tenth Amendment to Amendment and Agreement and Termination Agreement effective as of March 27, 2008, that certain Eleventh Amendment to Amendment and Agreement and Termination Agreement effective as of April 9, 2008, that certain Twelfth Amendment to Amendment and Agreement and Termination Agreement effective as of April 25, 2008, and that certain Thirteenth Amendment to Amendment and Agreement and Termination Agreement dated effective as of May 9, 2008 and that certain Thirteenth Amendment to Amendment and Agreement and Termination Agreement effective as of May 8, 2008, that certain Fourteenth Amendment to Amendment and Agreement and Termination Agreement effective as of May 14, 2008, and that certain Fifteenth Amendment to Amendment and Agreement and Termination Agreement effective as of December 8, 2008 (as amended and assigned, the "**Purchase Agreement**").

B. The Purchase Agreement requires Escrow Holder to retain $650,000.00 (the "**Escrow**") of the Excess Funds at the Closing in an escrow account established at Closing (the "**Escrow Account**").

C. Alberta and Granite desire to enter into this Agreement to provide for the procedures governing the application and/or disbursement of amounts in the Escrow.

D. Escrow Agent is willing to act as escrow holder with respect to the Escrow upon and subject to the terms and conditions of this Agreement.

EXHIBIT 1

OK. J Blake 12/12/08

DP/PC 004025

E.  Capitalized terms used and not otherwise defined herein shall have the meanings given to such terms in the Purchase Agreement.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants and promises contained herein, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties hereto agree as follows:

1.  Establishment of Escrow and Administration of Cash Funds.

    1.1  Deposit of Funds. Pursuant to the Purchase Agreement, Escrow Agent shall retain an amount equal to $650,000.00 (the "**Deposit**") out of the Excess Funds to be paid to Seller at Closing, which amount shall be deposited into a separate escrow account governed by this Agreement. The Deposit together with any interest accruing thereon shall be referred to herein as the "**Cash Funds**". The Escrow Agent agrees to hold and safeguard the Cash Funds, in accordance with this Agreement. The Escrow Agent agrees to hold the Cash Funds separate and apart from the Escrow Agent's assets.

    1.2  Intentionally Omitted.

    1.3  Investment of Cash Funds. During the Escrow Period, the Escrow Agent will invest the Cash Funds in such Permitted Investments (as defined below) as directed by mutual instructions from Alberta and Granite in writing. In the absence of written instructions from Alberta and Granite, the Escrow Agent will, at its discretion, invest the Cash Funds as set forth in clauses (i) or (ii) below. Escrow Agent shall disburse all interest earned on the Cash Funds on a monthly basis to Alberta. The term "**Permitted Investments**" means:

    (i)  Government Obligations;

    (ii)  negotiable or non-negotiable certificates of deposit, bankers' acceptances or time deposits maturing within thirty (30) days from the date of acquisition thereof issued by any commercial bank organized under the laws of the United States of America, any state thereof or the District of Columbia, each having assets of not less than One Billion Dollars ($1,000,000,000) or other commercial banks organized under the laws of a foreign country, each having assets of not less than One Billion Dollars ($1,000,000,000);

    (iii)  any fund comprised solely of the investments described in clauses (i) and (ii); or

    (iv)  any other investments mutually agreed upon by Alberta and Granite.

The term "**Government Obligations**" means (x) direct obligations of the United States of America for the payment of which the full faith and credit of the United States of America is

DP/PC 004026

pledged, or (y) obligations issued by a Person controlled or supervised by and acting as an instrumentality of the United States of America, the payment of the principal of, premium, if any, and the interest on which is fully guaranteed as a full faith and credit obligation of the United States of America (including any securities described in (x) or (y) above in this sentence issued or held in book-entry form on the books of the Department of Treasury of the United States of America), which obligations, in either case, are not subject to redemption prior to maturity at less than par by any Person other than the owner.

2. Term of Escrow. The term of the Escrow shall commence on the date hereof and end on the date on which all Cash Funds have been disbursed.

3. General Disbursement Guidelines. The Escrow Agent shall hold the Cash Funds in accordance with this Agreement and shall distribute Cash Funds only in accordance with the following:

3.1 Mutual Instructions. Escrow Holder shall promptly disburse Cash Funds in compliance with any written instructions signed by both Granite and Alberta;

3.2 Disbursement of Cash Funds and AAD Holdback. Pursuant to the Purchase Agreement, upon Alberta's delivery of the Required Estoppels to Granite, Granite shall instruct Escrow Holder by written notice to Escrow Holder to deliver the Cash Funds to Alberta; provided, however, that upon Alberta's delivery of the Required Estoppels to Granite, if the AAD (as defined in Section 10 of the Fifteenth Amendment of the Purchase Agreement) has not been delivered to Granite as of the date of Alberta's delivery of the Required Estoppels, then $50,000.00 of the Escrow plus any accrued interest on such amount (the "**AAD Holdback**") shall be retained by Escrow Holder. If Alberta fails to deliver the AAD on or before 5:00 P.M. (EDT) on March 1, 2009, Granite and Alberta agree that Escrow Holder shall deliver the AAD Holdback to Granite upon written notice to Escrow Holder from Granite and the AAD Holdback shall be deemed to have been forfeited by Alberta. If prior to the Closing Date, Seller fails to deliver certificates of occupancy (the "**Required COs**") for the following spaces in the Building: (A) H-105, which is currently occupied by Color Me Mine, (B) E-250, which is currently occupied by American Family, and (C) E-225, which is currently occupied by Children's Place, Seller shall, at its sole cost and expense, continue to use commercially reasonable efforts to deliver the Required COs after Closing. If Seller has not delivered the Required COs on or before 5:00 P.M. (EDT) on February 12, 2009, Buyer and Seller agree Escrow Holder shall deliver $50,000.00 of the Escrow plus any accrued interest on such amount (such amount of the Escrow plus any accrued interest, if and when held back pursuant to this Section (3.2) is herein referred to as the "**CO Holdback**") to Buyer upon written notice to Escrow Holder from Buyer, and the amount of the CO Holdback shall be deemed to have been forfeited by Seller. If Alberta fails to deliver the Required Estoppels to Granite on or before 5:00 P.M. (EDT) on March 1, 2009, Granite and Alberta agree Escrow Holder shall deliver the Cash Funds to Granite upon written notice to Escrow Holder from Granite and the Cash Funds shall be deemed to have been forfeited by Alberta.

3.3 Court Order. Escrow Agent shall disburse Cash Funds in accordance with the final order, judgment or decree of any court of competent jurisdiction which may be filed, entered or issued.

3

DP/PC 004027

3.4  First Anniversary of this Agreement.  Upon the first (1st) anniversary of this Agreement or the first business day thereafter if the first (1st) anniversary is not a business day, Escrow Agent shall disburse any remaining Cash Funds in its possession to Granite.

4.  Nature of Duties.

4.1  General Ministerial Nature.  The duties of the Escrow Agent hereunder are only such as are specifically set forth in this Agreement, such duties being purely ministerial in nature, and Escrow Agent shall not become liable in any way or to any person for its compliance with its obligations under this Agreement, except for Escrow Agent's acts of willful misconduct, negligence or knowing breach of this Agreement.  In the event of any disagreement between or among any of the parties to this Agreement, or between or among them or any of them and any other Person, resulting in adverse claims or demands being made in connection with the Cash Funds held in the Escrow, or in the event Escrow Agent, in good faith, shall be in doubt as to what action it should take hereunder, Escrow Agent may, at its option, refuse to comply with any claims or demands on it, or refuse to take any other action hereunder, so long as such disagreement continues or such doubt exists, and in any such event, Escrow Agent shall not become liable in any way or to any person for its failure or refusal to act, and the Escrow Agent shall be entitled to continue so to refrain from acting until it shall have received instructions in writing concurred to by Alberta and Granite or until the disposition of such Cash Funds shall be directed by a determination of a court of competent jurisdiction, whereupon it shall make disposition in accordance with such instructions or such determination.  Escrow Agent shall have the option, after 30 days' notice to the other parties of its intention to do so, to file an action in interpleader requiring the parties to answer and adjudicate any claims and rights among themselves.  The rights of Escrow Agent under this Section 4 are cumulative of all other rights which it may have by law or otherwise.

4.2  No Implied Obligations.  Escrow Agent shall neither be responsible for or under, nor chargeable with knowledge of, the terms and conditions of any other agreement, instrument or document executed between or among the parties hereto, except the Purchase Agreement.  This Agreement sets forth all of the obligations of Escrow Agent with respect to the Escrow, and no additional obligations shall be implied from the terms of this Agreement or any other agreement, instrument or document.

4.3  Presumed Validity of Written Notices.  Escrow Agent may act in reliance upon any instructions, notice, certification, demand, consent, authorization, receipt, power of attorney or other writing delivered to it by any party without being required to determine the authenticity or validity thereof or the correctness of any fact stated therein, the propriety or validity of the service thereof or the jurisdiction of the court issuing any judgment or order.  Escrow Agent may act in reliance upon any signature believed by it to be genuine and may assume that such Person has been properly authorized to do so.

4.4  Consultation with Legal Counsel.  Escrow Agent may consult with legal counsel of its selection in the event of any dispute or question as to the meaning or construction of any of the provisions hereof or its duties hereunder and it shall incur no liability and shall be fully protected in acting in accordance with the opinion and instructions of any such counsel.

4

DP/PC 004028

5. <u>Compensation</u>. All customary fees and expenses of Escrow Agent in performing its duties and services hereunder shall be borne 50% by Alberta and 50% by Granite. In the event Escrow Agent is made a party to litigation with respect to the Cash Funds held hereunder, or brings an action in interpleader or if Escrow Agent is required to render any service not provided for in this Agreement, Escrow Agent shall be entitled to reasonable compensation for such extraordinary services and reimbursement for all actual and reasonable fees, costs, liability and expenses, including reasonable attorneys' fees. Liability for such extraordinary services and reimbursement for all fees, costs, liability and expenses, including reasonable and actual attorneys' fees shall be paid by the party requesting such services or causing such services to be incurred.

6. <u>Termination and Resignation of Escrow Agent</u>. Escrow Agent may be removed with or without cause by written notice to Escrow Agent from both Alberta and Granite. Escrow Agent may, in its sole discretion, resign and terminate its position hereunder at any time following 60 days written notice to Alberta and Granite. Any such resignation shall terminate all obligations and duties of Escrow Agent hereunder. On the effective date of such resignation, the Escrow Agent shall deliver this Agreement together with the Cash Funds then held by it, and any and all related instruments or document to any successor Escrow Agent reasonably agreeable to Alberta and Granite, subject to this Agreement. If a successor Escrow Agent has not been appointed prior to the expiration of 60 days following the date of the notice of such resignation, the then acting Escrow Agent may petition any court of competent jurisdiction for the appointment of a successor Escrow Agent, or other appropriate relief. Any such resulting appointment shall be binding upon all of the parties to this Agreement.

7. <u>Notices</u>. All notices, requests, demands and other communications hereunder shall be in writing and shall be delivered by hand, transmitted by facsimile transmission, sent prepaid for next business day delivery by Federal Express (or a comparable overnight delivery service), at the addresses and with such copies as designated below.

If to Alberta:            c/o Alberta Development Partners
                          5460 South Quebec Street, Suite 100
                          Englewood, Colorado 80111
                          Attn: Donald G. Provost
                          Facsimile: (303) 771-4086

and:                      Gibson, Dunn & Crutcher LLP
                          333 South Grand Avenue
                          Los Angeles, CA 90071
                          Attn: Drew Flowers
                          Facsimile: (213) 229-6885

DP/PC 004029

| | |
|---|---|
| If to Granite: | c/o BlackRock Realty Advisors, Inc.<br>300 Campus Drive, 3rd Floor<br>Florham Park, New Jersey 07932<br>Attn: Christopher Silva<br>Facsimile: (646) 521-4965 |
| and: | BlackRock Realty Advisors, Inc.<br>300 Campus Drive, 3rd Floor<br>Florham Park, New Jersey 07932<br>Attn: Jeremy A. Litt, Esq.<br>Facsimile: (646) 521-4998 |
| and: | Fulbright & Jaworski L.L.P.<br>600 Congress Avenue, Suite 2400<br>Austin, Texas 78701<br>Attn.: Jane S. Smith<br>Facsimile: (512) 536-4598 |
| If to Escrow Agent: | Land Title Guarantee Company<br>3033 E. 1st Ave., #600<br>PO Box 5440<br>Denver, CO 80206<br>Attn: Escrow Department<br>Facsimile: (303) 399-8193 |

Any party hereto may change its address or designate different or other persons or entities to receive copies by notifying the other parties and Escrow Agent in a manner described in this Section 7. Any notice, request, demand or other communication delivered or sent in the manner aforesaid may be given by the party required to give such notice or its attorney, and shall be deemed given or made (as the case may be) when actually delivered to or refused by the intended recipient.

8. Further Assurances. The parties hereto each agree to execute, acknowledge and/or deliver such other documents or instruments as may reasonably be requested by any other party or by Escrow Agent, in order to effectuate the purposes of this Agreement; provided, however, that the foregoing shall not obligate Alberta or Granite to execute, acknowledge or deliver any instrument which would or might impose upon such party any additional liability or obligation.

9. Conflict. In the case of any conflict or inconsistency between the terms of this Agreement and the terms of the Purchase Agreement, the terms of the Purchase Agreement shall govern and control. Notwithstanding anything in this Agreement to the contrary, in no event shall the release of any Cash Funds to Alberta modify, or release Alberta from, any of Alberta's obligations under the Purchase Agreement.

DP/PC 004030

10. <u>Amendment</u>. Any modification of this Agreement or any additional obligations assumed by any party hereto shall be binding only if evidenced by a writing signed by each of the parties hereto.

11. <u>Assignment</u>. Except as expressly set forth below, neither this Agreement nor any right or obligation created hereby may be assigned by any party without the prior written consent of the other parties or their successors. Notwithstanding the foregoing to the contrary, Granite may, without the prior written consent of Alberta or Escrow Agent, assign its interest in this Agreement to any of the following: (a) an entity which is and thereafter remains owned or controlled by, is under common ownership and control with or owns and controls (including control under an investment management agreement) Granite or BlackRock Realty Advisors, Inc. ("**Advisor**"), (b) Advisor, (c) a fund client of Advisor, (d) a wholly-owned subsidiary of Granite, (e) a REIT in which Advisor is the investment manager, (f) any other entity which is any successor to the entities described in sub-clauses (a) – (e) above, whether by merger, consolidation or the sale of all or substantially all of the assets thereof or otherwise), or (g) any purchaser of the Property or any other successor to Granite's interest in the Property.

12. <u>Attorneys' Fees</u>. The prevailing party in any dispute arising from this Agreement shall be entitled to recover from the non-prevailing party its reasonable and actual attorneys' fees and expenses, including any incurred in connection with any appeal.

DP/PC 004031

**GRANITE SOUTHLANDS TOWN CENTER LLC,**
a Delaware limited liability company

By: BlackRock Granite Property Fund, L.P.,
    a Delaware limited partnership,
    its Sole Member

    By: BlackRock Granite Property Fund, LLC,
        a Delaware limited liability company,
        its General Partner

        By: BlackRock Granite Property Fund, Inc.,
            a Maryland corporation,
            its Sole Member

            By: BlackRock Realty Advisors, Inc.
                a Delaware corporation, its Investment Manager

                By: _/s/_
                Name: Christopher Silwa
                Its: Director

DP/PC 004032

IN WITNESS WHEREOF, Alberta has executed this Agreement as of the date set forth below, to be effective as of the Effective Date.

**ALBERTA:**

ALBERTA TOWN CENTER, LLC,
a Colorado limited liability company

By: _____
Peter Cudlip, Manager

Execution Date: __12/10/08__

**[Signatures Continue on Next Page]**

SIGNATURE PAGE TO ESTOPPEL ESCROW AGREEMENT

IN WITNESS WHEREOF, Escrow Holder has executed this Agreement as of the date set forth below, to be effective as of the Effective Date.

**ESCROW HOLDER:**

**Land Title Guarantee Company**

By: _____
Name: _____
Title: _____
    LEIGH RENFRO
    ASSISTANT VICE PRESIDENT

Execution Date: Dec. 12, 2008

**[End of Signatures]**