IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER, LLC,

      Plaintiff

v.

ALBERTA TOWN CENTER, LLC, and
LAND TITLE GUARANTEE COMPANY,

      Defendants.

___

**ALBERTA TOWN CENTER LLC'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY AND SUBMIT SUPPLEMENTAL BRIEFING CONCERNING PLAINTIFF'S MOTION AND SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES AND EXPENSES**
___

Defendant Alberta Town Center, LLC, by and through its attorneys, Jones and Keller, P.C., submits this Motion for Leave to Conduct Limited Discovery and Submit Supplemental Briefing Concerning Plaintiff's Motion and Supplemental Motion for Attorneys' Fees and Expenses ("Granite's Motion" and "Supplemental Motion") and states the following in support thereof:

**CERTIFICATION OF CONFERRAL**

Pursuant to D.C.Colo.L.Civ.R. 7.1A, undersigned counsel certifies that he has attempted communication with counsel for Plaintiff before filing this Motion. Counsel for Plaintiff did not take a position as to the relief sought in this Motion.

{JK00317555.3 }

## I.     INTRODUCTION

Following a one-day trial to the Court concerning a single claim for declaratory judgment and the Court's determination thereof, Plaintiff Granite Southlands Town Center, LLC ("Granite") filed its Motion and Supplemental Motion whereby Granite requests $674,477.98. Docket Nos. 198, 199, 223. Though Granite's Motion and Supplemental Motion were voluminous—totaling 560 pages—neither included (i) the fee agreement between Granite and its attorneys; (ii) documentation showing that Granite actually paid the fees. Moreover, Granite's attorneys' use of "block-billing" and vague descriptions of work performed make allocation of the fees sought impossible. As discovery would assist resolution of Granite's Motion and Supplemental Motion, the Court should grant Alberta's Motion and grant Alberta leave to propound 10 total requests for production, 10 total interrogatories, and conduct one 30(b)(6) deposition with respect to Granite or its attorneys.

## II.    ARGUMENT

The Court properly limited its Judgment to Granite's "reasonable and actual attorneys' fees, expenses and costs…." Docket # 198, ¶ IV.D. Where, as here, the record concerning a request for attorneys' fees and costs is incomplete, additional discovery is appropriate. The Court should grant Alberta's Motion because discovery is necessary to assist the determination of whether the attorneys' fees and costs Granite requests are "reasonable and actual."

    **1. Discovery Concerning Attorneys' Fees And Costs Is Appropriate Where It Can Assist The Issue Of Their Awardability.**

Where, as here, the record is incomplete concerning issues useful to the determination of a request for attorneys' fees and costs, discovery is appropriate. The Tenth Circuit permits

discovery concerning attorneys' fees in certain circumstances, such as where such discovery will offer "assistance in resolving the issue [of the awardability of attorneys' fees]." *Martinez v. Schock Transfer & Warehouse Co., Inc.*, 789 F.2d 848, 850 (10th Cir. 1986). The *Martinez* court's contemplation of the propriety of discovery concerning attorneys' fees where it will offer "assistance in resolving" the awardability issue is consistent with many other courts' determinations. *See*, *e.g.*, *Unique Sports Products, Inc. v. Wilson Sporting Goods Co.*, 512 F. Supp. 2d 1318, 1328 (N.D. Ga. 2007) (finding "such discovery is appropriate," citing *Maddow v. Procter & Gamble Co., Inc.,* 107 F.3d 846, 853 (11th Cir.1997)); *H.A. v. Camden City Bd. of Educ.*, 2011 WL 3236204 (D.N.J. July 28, 2011) ("discovery of attorney's fees and costs is appropriate at this stage since it is sought as an item of recovery"); *Gargano v. V.C. & J. Const. Corp.*, 538 N.Y.S.2d 953, 954 (1989) (deeming denial of motion seeking "discovery and inspection of [attorney] time sheets and disbursement records" to be error).

Because discovery concerning (i) the fee agreement between Granite and its attorneys; (ii) documentation showing that Granite actually paid the fees it requests; and (iii) the nature of the work performed by Granite's attorneys would be of "assistance in resolving" Granite's Motion and Supplemental Motion, the Court should grant Alberta's Motion.

2. **Discovery Concerning Granite's Fee Agreement With Its Attorneys Will Assist The Determination Of Whether Granite's Motion Seeks "Reasonable And Actual" Fees.**

"The existence of a fee arrangement is a factor the court <u>should consider</u> in determining the reasonableness of a requested fee…." *Balkind v. Telluride Mountain Title Co.*, 8 P.3d 581, 588 (Colo. App. 2000) (emphasis added, citation omitted); *see also Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989) ("a pre-existing fee agreement may aid in determining reasonableness").

Granite's fee agreement with Fulbright & Jaworski will assist the Court in determining the reasonableness of the $619,835.18 in attorneys' fees Granite asks this Court to award.

Granite's fee agreement will also inform whether the fees Granite requests are its "actual" fees. Granite has not provided any evidence that Granite Southlands Town Center, LLC actually incurred any of the claimed attorneys' fees. The fees Granite may recover under the Escrow Agreement are limited to fees actually incurred by the parties to the Agreement. Nothing in the Escrow Agreement permits Granite to recover fees incurred by another entity. The bills submitted in support of the Granite's Motion are addressed to "BlackRock Realty Advisors, Inc." and/or "BlackRock Realty Inc." (collectively, "BlackRock"). *See* Granite's Motion at Exhs. A-A.17. BlackRock was neither a party to the Escrow Agreement nor the prevailing party in the litigation. Discovery of Granite's fee agreement with its attorneys may resolve whether Granite, and not some other entity, incurred the fees and costs Granite requests. This determination will resolve the issue of whether the fees Granite requests are "actual." If they are not, Granite's Motion and Supplemental Motion should be denied.

### 3. Discovery Concerning Granite's Payment Of The Fees And Costs It Requests Will Assist The Determination Of Whether The Fees And Costs Are "Actual."

Discovery concerning how or if Granite paid the attorneys' fees and costs it requests will assist the Court in determining whether those fees and costs are "actual." Granite's Motion includes a spreadsheet summarizing invoices in this case. *See* Granite's Motion at Exh. B-5. Though this spreadsheet indicates many of the invoices are "PAID," it does not state who paid the invoices. *Id.* As described above, Granite has not provided any documentation demonstrating its requested fees and costs are "actual." On the contrary, the evidence in Granite's Motion suggests Granite itself did not pay those fees and costs. Granite claims it paid

{JK00317555.3 }

its attorneys nearly $1.5 million in connection with this dispute. *Id.* If this is the case, checks or documentation of wire transfers reflecting these payments should exist. Discovery will assist the Court in determining whether Granite requests "actual" fees and costs. The Court should therefore grant Alberta's Motion.

> **4. Discovery Concerning The Work Performed By Granite's Attorneys Will Assist The Determination Of Whether The Fees And Costs Are Reasonable.**

As noted in Alberta's Response to Granite's Motion and Supplemental Motion for Attorneys' Fees, the billing records upon which Granite relies are block-billed. It is therefore "impossible to ascertain how much time was spent on each particular task…. In such circumstances, the block billing prevents the Court from determining and excising the time spent on the non-compensable tasks." *San Luis Valley Ecosystem Counsel v. U.S. Forest Serv.*, 2009 WL 792257 (D. Colo. Mar. 23, 2009) (internal quotation marks and citations omitted). Although it is Granite's burden to support its request for attorneys' fees, to the extent that Granite is entitled to any fees, Alberta should be permitted to conduct discovery to accurately determine which of the requested block-billed fees relate to non-compensable tasks.

## III.   CONCLUSION

Granite's Motion and Supplemental Motion provide neither (i) Granite's fee agreement with its attorneys, nor (ii) documentation concerning its payment of the fees and costs it requests, nor (iii) itemization of the tasks performed which are the basis for Granite's fee request. These omissions prevent determination of whether the fees and costs Granite requests are reasonable and actual. Because discovery concerning these issues can assist the disposition of Granite's Motion and Supplemental Motion, the Court should grant Alberta's Motion.

WHEREFORE, Alberta respectfully requests the Court grant this Motion and permit Alberta to propound 10 total requests for production, 10 total interrogatories, conduct one 30(b)(6) deposition with respect to Granite or its attorneys, and file a sur-response concerning the issues described in this Motion.

DATED:   October 26, 2011.

Respectfully submitted,

*s/   Steven R. Kabler*
Steven R. Kabler
**JONES AND KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone:        (303) 573-1600
Fax:                   (303) 573-8133
E-mail:              skabler@joneskeller.com
Attorneys for Defendant Alberta Town Center, LLC

{JK00317555.3 }

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | | |
|---|---|---|
| *Attorneys for Plaintiff Granite Southlands Town Center, LLC* | jdykes@fulbright.com<br>bvetter@fulbright.com | Osborne J. Dykes, III<br>Benjamin M. Vetter<br>Fulbright & Jaworski LLP<br>370 – 17th Street, Suite 2150<br>Denver, CO   80202 |
| *Attorneys for Plaintiff Granite Southlands Town Center, LLC* | ptrahan@fulbright.com | Paul Trahan<br>Fulbright & Jaworski LLP<br>600 Congress Avenue, Suite 2400<br>Austin, TX   78701 |
| *Defendant Land Title Guarantee Company* | kbruetsch@rwolaw.com | Kimberly A. Bruetsch<br>Robinson, Waters & O'Dorisio PC<br>1099 – 18th Street, 26th Floor<br>Denver, CO   80202 |

And I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner indicated by the non-participant's name:   NONE

> *s/   Steven R. Kabler*
> Steven R. Kabler
> Attorneys for Defendant Alberta Town Center, LLC
> **JONES AND KELLER, P.C.**
> 1999 Broadway, Suite 3150
> Denver, CO 80202
> Telephone:        303-573-1600
> Fax:              303-573-8133
> E-mail:           skabler@joneskeller.com