**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

November 1, 2011

Elisabeth A. Shumaker
Clerk of Court

---

GRANITE SOUTHLANDS TOWN
CENTER, LLC,

    Plaintiff - Appellee,

v.

ALBERTA TOWN CENTER, LLC,

    Defendant - Appellant,

and

LAND TITLE GUARANTEE
COMPANY,

    Defendant.

No. 11-1459
(D.C. No. 1:09-CV-00799-SJJ-KLM)

---

**ORDER**

---

    Briefing on the merits is **tolled** pending further order of this court. All other preliminary documents, however, must be filed.

    The defendant Alberta Town Center LLC dismissed its counterclaims without prejudice. Accordingly, the judgment entered by the district court may not be final for purposes of appeal. *See* Fed. R. Civ. P. 54(b) *Heimann v. Snead*, 133 F.3d 767, 769 (10th Cir. 1998) (holding that where counterclaims are dismissed without prejudice the judgment is not final for purposes of appeal; "The

district court did not adjudicate Defendants' counterclaims but rather dismissed them without prejudice.  Thus, all claims of all parties were not decided on the merits."; "Because the district court disposed of Plaintiffs' claims on the merits but dismissed Defendants' counterclaims without prejudice, the court disposed of 'fewer than all the claims' on the merits.  Thus [Fed. R. Civ. P.] 54(b), not [28 U.S.C.] § 1291, provides Plaintiffs[] with the means for appeal in this case.")  *See also Jackson v. Volvo Trucks North America*, 462 F.3d 1234,  1238 (10th Cir. 2006) ("Our general rule is that a party cannot obtain appellate jurisdiction where the district court has dismissed at least one claim without prejudice because the case has not been fully disposed of in the lower court.") (citing to *Heimann*, 133 F.3d at 769).

Within **30 days** of the date of this order, the appellant shall serve and file a copy of a district court order either dismissing its counterclaims with prejudice or entering a proper Rule 54(b) certification.  *See Lewis v. B.F. Goodrich Co.*, 850 F.2d 641 (10th Cir. 1988); *See also Stockman's Water Co. v. Vaca Partners*, 425 F.3d 1263, 1265 (10th Cir. 2005) ("courts entering a Rule 54(b) certification should 'clearly articulate their reasons and make careful statements based on the record supporting their determination of "finality" and "no just reason for delay" so that we [can] review a 54(b) order more intelligently[] and thus avoid jurisdictional remands.'") (quoting *Old Republic Insurance Co. v. Durango Air Services, Inc.*, 283 F.3d 1222, 1225 n.5 (10th Cir. 2002)).

Failure to file a timely response to this order may result in dismissal of this appeal without further notice.  *See Lewis*, 850 F.2d at 645-46; 10th Cir. R. 42.1.

                    Entered for the Court
                    ELISABETH A. SHUMAKER, Clerk

                    */s/ Ellen Rich Reiter*

                    Ellen Rich Reiter
                    Deputy Clerk/Jurisdictional Attorney