UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER, LLC,

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC and
LAND TITLE GUARANTEE COMPANY,

    Defendants.

---

**DEFENDANT LAND TITLE GUARANTEE COMPANY'S
REPLY IN SUPPORT OF MOTION FOR ATTORNEYS FEES AND COSTS**

---

Defendant, Land Title Guarantee Company, hereby submits this Reply in Support of Motion for Attorneys Fees and Costs and, in support thereof, state as follows:

1. Granite's sole objection to Land Title's fee request is that Land Title should have interpled the funds earlier. Contrary to Granite's argument, however, Land Title repeatedly requested that Granite and Alberta stipulate to the deposit of the funds into the Court and dismiss Land Title from the proceedings. Land Title was attempting to save fees but due to the parties refusal to cooperate, Land Title remained a party to the litigation.

2. Land Title initially agreed that it would interplead the escrow as set forth in the March 6, 2009 and March 11, 2009 letters attached to Granite's Response as <u>Exhibits A and B</u>. Prior to the expiration of the 30 day notice required by the terms of the Escrow Agreement for Land Title to interplead the funds, however, Granite initiated a lawsuit and named Land Title as a Defendant. Contrary to Granite's assertion, it was not necessary to name Land Title as a party.

By including Land Title as a Defendant, Land Title was now required to retain counsel and respond to the lawsuit and it could no longer simply interplead the funds. It would require a stipulation of the parties so that Land Title could deposit the funds, recover its attorneys fees and costs and be dismissed from the lawsuit.

3. Immediately upon receiving notice of the lawsuit, Land Title requested that the parties consider a stipulation that would result in deposit of the funds with the Court and dismissal of Land Title or have Land Title continue to hold the funds until the conclusion of the lawsuit. A copy of the email discussing the stipulation is attached hereto as Exhibit 1. On May 20, 2009, Land Title circulated a proposed stipulation for Granite and Alberta's review. On June 24, 2009, Land Title re-circulated the proposed stipulation as it had not yet been approved by both parties. Copies of the May 20 and June 24 emails are attached hereto as Exhibit 2.

4. On July 2, 2009, Granite and Alberta were still considering how they wanted to handle a stipulation related to the escrow funds. A copy of the email indicating discussions were ongoing is attached hereto as Exhibit 3. As a result, Land Title was required to participate in the drafting of the scheduling order and attend the scheduling conference.

5. Subsequently, Alberta underwent a substitution of counsel. As such, Land Title then requested that Alberta review the proposed stipulation. Once again, Granite and Alberta failed to agree to any stipulation related to Land Title. A copy of the December 21, 2009 email summarizing these issues is attached hereto as Exhibit 4. On January 13, 2010, Land Title once again requested that the parties consider the issues related to the escrow funds and, in an effort to keep the fees down, sought permission to not appear at the mediation. Land Title was not only seeking to resolve the issues regarding the escrow but was continuously seeking to keep the

2

attorneys fees to a minimum. A copy of the January 13, 2010 email is attached hereto as <u>Exhibit 5</u>.

6. On January 21, 2010, the parties finally suggested that they were willing to work on a stipulation related to the escrow and Land Title's attorneys fees. On February 23, 2010, Granite responded that it would consider the stipulation. Land Title contacted Alberta and it indicated it would consider the stipulation as proposed as well. The stipulation was not approved by the parties because they could not agree to Land Title's attorneys fee request. Even if Land Title had filed a Motion to Interplead, the issue of attorneys fees would not have been resolved and Land Title would still be a party and incurring attorneys fees. The most efficient, inexpensive way to resolve this was through a stipulation. In April and May 2010, versions of the stipulation were circulated amongst counsel but no agreement was ever reached.

7. Subsequently, Granite suggested that there was an issue related to the amounts held in escrow because interest was paid to Alberta pursuant to the terms of the Escrow Agreement. In the Pre-Trial Order, Granite stated in part that "Land Title has improperly paid more than $8000 of interest earned on the escrowed funds to Alberta Development Partners . . ." This issue again prevented Land Title from simply interpleading the Funds as Granite suggests should have occurred. The issue of whether Granite had properly asserted a claim against Land Title was addressed at the pre-trial conference held before Magistrate Mix on July 12, 2010. On October 15, 2010, Land Title made yet another attempt to resolve the issues related to the escrow funds and Land Title's attorneys fees. A copy of the October 15, 2010 letter is attached hereto as <u>Exhibit 6</u>.

8. In October 2010, Land Title suggested, in an effort to keep the attorneys fee claim to a minimum, that the parties could stipulate to the funds being deposited with the Court and

3

Land Title being excused from attendance at the trial. The attorney fee claim would then be handled at the conclusion of the liability phase of the proceedings. A copy of the October 26, 2010 letter is attached hereto as Exhibit 7. The parties indicated that such a stipulation would be acceptable and Land Title prepared and circulated a draft of the Stipulation on November 3, 2010. The stipulation was ultimately executed and filed with the Court.

9. Land Title made significant efforts to limit its attorneys fees and costs incurred in this matter. Land Title proposed early on that the parties stipulate to interplead or escrow the funds and dismiss Land Title. Unfortunately, counsel for Granite and Alberta were unable to reach an agreement regarding dismissal of Land Title until December 2010. Nevertheless, Land Title's counsel limited its participation including seeking orders not requiring its presence at settlement conferences, limiting review of pleadings and documents and making continued efforts to stipulate to a resolution that would not require Land Title to participate in the trial.

10. Land Title's contractual claim for attorneys fees prevented the parties from reaching a stipulation regarding the deposit of the funds in the Court. Land Title's attorney fee claim would have kept it in the lawsuit even if Land Title had filed claims for interpleader and submitted motions regarding the deposit of the funds. Granite and Alberta from the inception of the lawsuit requested that Land Title make an effort to keep the attorneys fees minimal in this matter. Land Title sought a stipulation in an effort to comply with Granite and Alberta's request. Granite or Alberta could have taken steps to draft the stipulation or seek an Order from the Court regarding deposit of the funds. Had they done so, Land Title's fees would have been even more limited. Neither Granite or Alberta undertook any steps to address the escrow funds or Land Title's presence as a named defendant in this matter. As such, the fees Land Title seeks were reasonably and necessarily incurred.

11.     Pursuant to paragraph 5 of the Escrow Agreement, Land Title is entitled to recover its attorneys fees and costs incurred in this matter. Paragraph 5 of the Escrow Agreement states in relevant part:

> In the event Escrow Agent is made a party to litigation with respect to the Cash Funds held hereunder, or brings an action in interpleader or if Escrow Agent is required to render any service not provided for in this Agreement, Escrow Agent shall be entitled to reasonable compensation for such extraordinary services and reimbursement for all actual and reasonable fees, costs, liability and expenses, including reasonable attorneys' fees. Liability for such extraordinary services and reimbursement for all fees, costs, liability and expenses, including reasonable and actual attorneys' fees shall be paid by the party requesting such services or causing such services to be incurred.

Granite filed this lawsuit and named Land Title as a party. As such, Granite caused Land Title to incur the attorneys fees sought and, therefore, Land Title seeks an award of its fees from Granite. In addition, Granite is the prevailing party and the escrow funds are available to satisfy Land Title's fee request.

12.     To the extent there is a dispute between Granite and Alberta as to who should ultimately be responsible for payment of Land Title's fees, that is a dispute to be resolved amongst those parties. Land Title has properly sought its fees from Granite.

WHEREFORE, Land Title respectfully requests that this Court award it legal fees and expenses in the amount of $16,144.10 to be paid from the funds previously held in escrow and any and other further relief to which this Court deems just and proper.

5

DATED this 11th day of November 2011.

         Respectfully submitted,


         *s/ Kimberly A. Bruetsch*
         Stephen L. Waters
         Kimberly A. Bruetsch
         ROBINSON WATERS & O'DORISIO, P.C.
         1099 18th Street, Suite 2600
         Denver, Colorado 80202
         (303) 297-2600
         *Counsel for Land Title Guarantee Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November 2011, a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION FOR ATTORNEYS FEES** was served via CM/ECF on the following:

Osborne J. Dykes, III, Esq.
Benjamin M. Vetter, Esq.
Fulbright & Jaworski LLP
370 Seventeenth Street, Suite 2150
Denver, Colorado 80202
jdykes@fulbright.com
bvetter@fulbright.com

Paul Trahan, Esq.
Fulbright & Jaworski LLP
600 Congress Avenue, Suite 2400
Austin, Texas 78701
ptrahan@fulbright.com

Stuart N. Bennett, Esq.
Lindquist & Vennum, P.L.L.P.
600 17th Street, Suite 1800-South
Denver, Colorado 80202
sbennett@lindquist.com

*s/Kristi Kellow*