IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM (SJ)

GRANITE SOUTHLANDS TOWN CENTER LLC,
        Plaintiff,

v.

ALBERTA TOWN CENTER, LLC, and
LAND TITLE GUARANTEE COMPANY,
        Defendants.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY AND SUBMIT SUPPLEMENTAL BRIEFING CONCERNING PLAINTIFF'S MOTION AND SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES AND EXPENSES (DOCKET #229)**

Plaintiff Granite Southlands Town Center LLC ("Granite") submits this Opposition to Defendant's Motion for Leave to Conduct Limited Discovery and Submit Supplemental Briefing Concerning Plaintiff's Motion and Supplemental Motion for Attorneys' Fees and Expenses, and states the following:

**INTRODUCTION**

Granite filed a Motion for Attorneys' Fees and Expenses (the "Fee Motion") on September 19, 2011.[1]  Granite filed the Fee Motion after obtaining a judgment from the Court that expressly entitles Granite to recover its reasonable and actual attorney's fees and expenses from the defendant, Alberta Town Center, LLC ("Alberta").

---

[1] *See* Dkt. #199, #200, and #223.

86225849.1

When Granite filed its Fee Motion, it attached every invoice containing fees and expenses for which it seeks reimbursement. Granite also attached two affidavits that explain the fees in detail, and that contain various addenda summarizing and supporting the fees.

On October 26, 2011, when Alberta filed its opposition to the Fee Motion, it also filed a motion to conduct discovery on attorneys' fees. As explained below, discovery to resolve fee issues is permitted only in rare circumstances (because it results in the parties incurring even more fees), and the vast majority of the information Alberta seeks was provided in the invoices and affidavits attached to the Fee Motion. The remaining information sought by Alberta is irrelevant, unduly burdensome, and beyond the scope of appropriate discovery for fee disputes, and Granite respectfully requests that the Court deny Alberta's request for additional discovery.

In the event the Court determines that additional discovery is appropriate, Granite will expeditiously provide any additional information requested by the Court. Granite respectfully requests that any such discovery be limited in order to minimize the amount of additional fees incurred in this matter, and to prevent this dispute from developing into a second major litigation.

**ARGUMENT**

**I.     ONLY IN RARE CIRCUMSTANCES IS DISCOVERY APPROPRIATE TO RESOLVE FEE DISPUTES**

Rule 54(c) of the Federal Rules of Civil Procedure affords parties the right to submit an opposition to a motion for attorney's fees in accordance with Rule 43(c) or Rule 78. Fed. R. Civ. P. 54(c). Rule 43(c) expressly provides that the Court has discretion to hear the matter on affidavits, or to hear the matter on oral testimony or depositions. Fed. R. Civ. P. 43(c). Similarly, Rule 78 gives the Court discretion to hold an oral hearing, or to decide the matter on

the briefs. Fed. R. Civ. P. 78. In sum, the Court has broad discretion in determining how to resolve any fee disputes. *See* 10 Charles Alan Wright et al., Federal Practice and Procedure § 2680 (3d ed. 1998) ("The exact method for the court to receive or handle [submissions challenging attorney's fees] is left to the court's discretion.").

The comments to Rule 54(c) explain that discovery to resolve fee disputes occurs only in rare circumstances. Fed. R. Civ. P. 54 advisory committee's note (1993 Amendments) ("On rare occasion, the court may determine that discovery under Rules 26-37 would be useful to the parties."). This is because requests for attorney's fees should not result in a second major litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 ("A request for attorney's fees should not result in a second major litigation."). In fact, the only Tenth Circuit authority cited by Alberta in its motion for discovery, *Martinez v. Schock Transfer & Warehouse Co., Inc.*, expressly upheld the district court's denial of discovery on the issue of attorney's fees for this precise reason. 789 F.2d 848, 850 (10th Cir. 1986); *see also* 10 James Wm. Moore et al., Moore's Federal Practice § 54.156 (3d ed. 1997) ("discovery may be appropriate on 'rare occasion.'"). "[I]f the evidentiary submissions of the fee movant and the fee opponent are sufficient to permit a resolution of any factual dispute over the amount of the fee, discovery should not be granted." 10 James Wm. Moore et al., Moore's Federal Practice § 54.156 (3d ed. 1997) (*citing Martinez*, 789 F.2d at 849).

## II.   DISCOVERY IS NOT NEEDED TO RESOLVE THIS FEE DISPUTE

Alberta seeks the following ten categories of documents from Granite:

1. Copies of all documents evidencing payment by Granite Southlands Town Center, LLC of all fees and costs, including copies of all checks, wire transfers, accounting records or other indicia of payment;

2. The fee agreement between Granite Southlands Town Center, LLC and Fulbright; or any other fee agreement pursuant to which the fees claimed were paid;

3. A schedule showing the standard billing rates for all attorneys and other personnel for whom fees are sought in this matter;

4. Any records reflecting the amounts that Fulbright's fees were written down; written up or otherwise adjusted;

5. All documents showing that Granite Southlands Town Center, LLC incurred or was otherwise charged the fees claimed;

6. Individual time records for each timekeeper for whom reimbursement is sought, to the extent such records differ from the invoices provided with the Motion for Attorneys' Fees;

7. Any and all materials provided to Granite by Fulbright setting forth the qualifications or experience of the attorneys who worked on this case, fees charged, and Fulbright's billing policies, including any information related to Fulbright's charges for database management and maintenance, and other expenses.

8. The standard outside counsel policies of Granite or the entity paying the claimed attorneys' fees.

9. Any document showing the search parameters which resulted in the location of 200,000 documents in response to discovery or as disclosures.

10. Any communications in which Granite or any other non-party objected to the reasonableness or amount or requested explanation of the fees and costs charged in this matter.[2]

Alberta also seeks permission to propound ten interrogatories and take one Rule 30(b)(6) deposition of Granite. *See* Ex. A.

As explained further below, much of the information sought by Alberta was provided to Alberta and the Court when Granite filed its Fee Motion. The remaining discovery sought by

---

[2] Alberta set forth the specific categories of documents it will request in a November 11, 2011 email to counsel for Granite. That email, and Granite's written response thereto, are submitted with this memorandum as Exhibit A.

86225849.1                                           - 4 -

Case No. 1:09-cv-00799-SJJ-KLM   Document 238   filed 11/16/11   USDC Colorado   pg 5 of 9

Alberta is irrelevant, goes beyond the scope of permissible discovery in a fee dispute, and would needlessly increase fees and expenses in this matter.

### A.     Granite Provided Most Of The Information Requested By Alberta When It Filed Its Fee Motion

On September 19, 2011, Granite filed its Fee Motion. The voluminous evidence submitted with the Fee Motion is described on page six of the motion, and includes copies of every invoice reflecting fees and expenses for which Granite seeks reimbursement. The invoices disclose, among other things, every timekeeper, the hourly rate for every timekeeper, and the tasks performed by every timekeeper. The invoices also list the expenses for which Granite seeks reimbursement. Granite also attached two affidavits to its Fee Motion. The affidavits explain the fees and contain various addenda summarizing and supporting the fees. The Amended Affidavit of Paul Trahan (Dkt. # 223-1) expressly discloses at paragraph twenty-eight the amount of the invoices Granite has paid ($528,237.13), and the amount that remains due and owing ($106,808.99).

With respect to Alberta's specific discovery requests, Granite has already provided information sufficient to satisfy requests 1, 3, 5, and 7. *See* Ex. A. Granite has already disclosed: (1) how much of the fees and expenses incurred by Granite have already been paid; (2) the billing rates for all attorneys and personnel for whom fees are sought; (3) all invoices showing the fees incurred; and (4) the qualifications and experience of the attorneys who work on this case. *Id.* Further, there are no documents responsive to requests 2 and 10. *Id.*

86225849.1                                                      - 5 -

> **B.     The Remaining Information Requested By Alberta Is Irrelevant And Goes Beyond The Scope Of Permissible Or Appropriate Discovery For Fee Disputes**

The remaining document requests seek information regarding any adjustments or changes Fulbright made to its bills before sending them to its client (requests 4 and 6), any standard outside counsel policies for Granite (request 8), and all documents showing the parameters Granite used to conduct its document review (request 9). These requests seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, are unduly burdensome, and go beyond the scope of appropriate discovery. With respect to any changes or adjustments Fulbright made to its bills before sending them to its client, as explained in Granite's response to Alberta's specific discovery requests, Fulbright has not written up or adjusted upward any fees in this matter. Ex. A. Whether Fulbright has written down or adjusted downwards any fees in this matter is irrelevant—Granite is only seeking reimbursement for amounts actually billed by Fulbright.[3]

With respect to Alberta's request for the standard outside counsel policies for Granite, this information is irrelevant. The relevant issue is the amount of fees and expenses incurred by Granite in this lawsuit, not whether Granite or its affiliates have general policies with respect to outside counsel.

With respect to Alberta's request for documents showing the parameters Fulbright used to conduct its document review (request 9), Alberta is merely fishing for information to second-guess Granite's litigation strategy. Granite's fees and costs for its document collection and document review activity are accurately described in Granite's Fee Motion and supporting

---

[3] As explained in the Amended Affidavit of Paul Trahan (Dkt. # 223-1, ¶ 5), Granite received an across-the-board discount on all rates for all timekeepers.

documents. The Amended Affidavit of Paul Trahan (Dkt. # 223-1) explains that Granite had to collect over 200,000 documents from more than twenty sources, and that the fees for the document collection and review activity were reduced by a full 50% for purposes of the Fee Motion. Alberta also has access to the broad discovery requests it submitted to Granite, which are what caused Granite to incur these costs. Finally, most if not all documents discussing Granite's document review strategy or search parameters would be subject to the attorney-client privilege or work product protection.

To summarize, Alberta has all of the information it needs to respond to Granite's Fee Motion. Additional discovery will only serve to create additional fees and expenses in this matter and result in more litigation. "[I]f the evidentiary submissions of the fee movant and the fee opponent are sufficient to permit a resolution of any factual dispute over the amount of the fee, discovery should not be granted." 10 James Wm. Moore et al., Moore's Federal Practice § 54.156 (3d ed. 1997) (citing *Martinez*, 789 F.2d at 849).

## III. IF THE COURT DETERMINES DISCOVERY IS APPROPRIATE, DISCOVERY SHOULD BE LIMITED

If the Court determines that additional discovery is warranted, Granite will produce any information requested by the Court expeditiously. Granite respectfully requests that any such discovery be limited in order to minimize the amount of additional fees incurred in this matter, and to prevent this dispute from developing into a second major litigation. *See Eckerhart*, 461 U.S. at 437. Granite submits that its written response to Alberta's November 11, 2011 request for discovery (Ex. A) sets forth the appropriate parameters for any additional discovery in this matter.

## CONCLUSION

Granite requests that the Court deny Alberta's request for additional discovery and rule on Granite's fee request based on the evidence already submitted to the Court. Alternatively, if the Court determines that discovery is appropriate, Granite requests that discovery be limited in order to prevent this dispute from consuming more resources and generating even higher fees.

Respectfully submitted,

*/s/ Paul Trahan*
OSBORNE J. DYKES, III
BENJAMIN M. VETTER
FULBRIGHT & JAWORSKI L.L.P.
370 Seventeenth Street, Suite 2150
Denver, CO  80202
(303) 801-2700 – Telephone
(303) 801-2777 – Facsimile
jdykes@fulbright.com
bvetter@fulbright.com

PAUL TRAHAN
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX  78701
(512) 474-5201 – Telephone
(512) 536-4598 – Facsimile
ptrahan@fulbright.com

**COUNSEL FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 16th day of November 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to attorneys for plaintiffs at the following e-mail addresses:

>Stephen L. Waters    swaters@rwolaw.com
>Kimberly A. Bruetsch    kbruetsch@rwolaw.com
>ROBINSON WATERS & O'DORISIO, P.C.
>1099 18th Street, Suite 2600
>Denver, CO 80202
>*Attorneys for Land Title Guarantee*

>Stuart N. Bennett    sbennett@joneskeller.com
>JONES & KELLER, P.C.
>1999 Broadway, Suite 3150
>Denver, CO 80202
>*Attorneys for Alberta Town Center, LLC*

>>*/s/ Paul Trahan*
>>Paul Trahan