# Exhibit A



**FULBRIGHT**
*&Jaworski L.L.P.*
*Attorneys at Law*

**Paul Trahan**
*Partner*

98 San Jacinto Boulevard, Suite 1100 • Austin, Texas  78701-4255
ptrahan@fulbright.com • Direct: 512 536 5288 • Main: 512 474 5201 • Facsimile: 512 536 4598

November 16, 2011

**VIA E-MAIL**

Steven R. Kabler
Jones & Keller, P.C.
1999 Broadway, Suite 3150
Denver, Colorado 80202

Re:   **Alberta Town Center LLC's Request for Discovery Concerning Plaintiff's Attorney Fees**

Dear Mr. Kabler:

This concerns Alberta's request for discovery into the attorneys' fees and expenses incurred by Granite Southlands Town Center LLC ("Granite") in relation to the Escrow Claim. A copy of your November 11, 2011 email outlining the discovery you seek is enclosed. Although we appreciate your response to our request for a description of the discovery you seek, we do not agree that additional discovery is warranted in this case, certainly not of the scope you have requested.

The Court is expressly authorized to resolve any fee disputes on affidavits. Fed. R. Civ. P. 54(d) (adversary fee motions are determined in accordance with Rule 43(c) and 78); Fed. R. Civ. P. 43(c) (the court may decide disputed motions on affidavits alone); Fed R. Civ. P. 78(b) (the court may decide motions on briefs without oral hearings). In fact, discovery is permitted with respect to fee issues only on rare occasions, and there is no need to participate in discovery here if the Court intends to rule based on the evidence already submitted to the Court. *See* Fed. R. Civ. P. 54 advisory committee's note (1993 Amendments) ("On rare occasion, the court may determine that discovery under Rules 26-37 would be useful to the parties.").

The proposed discovery requests contained in your November 11, 2011 email demonstrate that additional discovery is not warranted in this case. Much of the information sought by Alberta Town Center LLC ("Alberta") was already provided to Alberta and the court when Granite filed its Motion for Attorneys' Fees and Expenses (the "Fee Motion").

The Fee Motion attaches every Fulbright invoice for which Granite seeks fees and expenses. Those invoices identify, among other things, every timekeeper, the hourly rate for every timekeeper, and the tasks performed by every timekeeper. The Fee Motion also contains two affidavits explaining the fees, and those affidavits include various addenda explaining the fees

86228043.1

AUSTIN • BEIJING • DALLAS • DENVER • DUBAI • HONG KONG • HOUSTON • LONDON • LOS ANGELES • MINNEAPOLIS
MUNICH • NEW YORK • PITTSBURGH-SOUTHPOINTE • RIYADH • SAN ANTONIO • ST. LOUIS • WASHINGTON DC
www.fulbright.com

Steven R. Kabler
November 16, 2011
Page 2

and expenses. I would note that while many prevailing parties merely file affidavits in support of their fee requests, Granite provided every actual invoice for which is seeks reimbursement.

Although we do not believe it is necessary or appropriate to expend additional resources conducting discovery on the fee issue, we are providing you with our responses to Alberta's specific requests in the event the Court determines that discovery is warranted. Granite's responses to each of the document requests are set forth below, reserving all objections.

**Request No. 1:** Copies of all documents evidencing payment by Granite Southlands Town Center, LLC of all fees and costs, including copies of all checks, wire transfers, accounting records or other indicia of payment.

> **Response:** Whether fees have already been paid or still are due and owing by Granite is irrelevant—Granite still incurred the fees in the litigation and is obligated to pay them. Further, in connection with the Fee Motion, Granite disclosed the amounts that have been paid and the amounts that are still due and owing. In the event the Court orders discovery here, Granite will produce documents sufficient to establish that payments were, in fact, made. Granite does not agree to produce "all documents" evidencing payment because this request is unduly burdensome.

**Request No. 2:** The fee agreement between Granite Southlands Town Center, LLC and Fulbright; or any other fee agreement pursuant to which the fees claimed were paid.

> **Response:** There is no written fee agreement between Granite and Fulbright.

**Request No. 3:** The a [sic] schedule showing the standard billing rates for all attorneys and other personnel for whom fees are sought in this matter.

> **Response:** The billing rates for all attorneys and other personnel for whom fees are sought in this matter have already been provided. The billing rates are listed on every invoice, and the invoices were submitted in connection with the Fee Motion. The billing rates also are listed in various addenda attached to Granite's Fee Motion. Alberta has no legitimate need for additional information.

**Request No. 4:** Any records reflecting the amounts that Fulbright's fees were written down; written up or otherwise adjusted.

> **Response:** Fulbright has not written up or adjusted upward any fees in this matter. Whether Fulbright has written down or adjusted downwards any fees in this matter is irrelevant—Granite is only seeking reimbursement for amounts actually billed by Fulbright and this request seeks information that is beyond the scope of permissible or appropriate discovery for fee disputes.

86228043.1

Steven R. Kabler
November 16, 2011
Page 3

**Request No. 5:** All documents showing that Granite Southlands Town Center, LLC incurred or was otherwise charged the fees claimed.

> **Response:** The way we understand this request, Alberta seeks confirmation that even though the invoices are directed to BlackRock Realty Advisors, Inc. the fees ultimately were incurred by Granite. We refer you to an affidavit from Angela Kralovec, which will be part of Granite's reply in support of its Fee Motion. We believe Ms. Kralovec's affidavit puts this issue to rest. If you have further questions, please let us know.

**Request No. 6:** Individual time records for each timekeeper for whom reimbursement is sought, to the extent such records differ from the invoices provided with the Motion for Attorneys' Fees.

> **Response:** There is not any material difference between the time records and invoices, as the invoices were generated directly from the time records. Granite already provided the relevant invoices, which list the charges for each timekeeper along with detailed descriptions of work.

**Request No. 7:** Any and all materials provided to Granite by Fulbright setting forth the qualifications or experience of the attorneys who worked on this case, fees charged, and Fulbright's billing policies, including any information related to Fulbright's charges for database management and maintenance, and other expenses.

> **Response:** In connection with the Fee Motion, Granite provided the biographies of the relevant attorneys, and the invoices provide the hourly rates of all personnel that worked on this matter. Biographies of all Fulbright attorneys are also available on the Internet at www.fulbright.com. The Fulbright invoices also set forth the charges for database management and maintenance and other expenses, and these charges are explained in the Affidavit of Paul Trahan submitted in connection with the Fee Motion. Any additional discovery into these matters is unnecessary and unduly burdensome and exceeds the scope of permissible or appropriate discovery.

**Request No. 8:** The standard outside counsel policies of Granite or the entity paying the claimed attorneys' fees.

> **Response:** This request seeks irrelevant information. The relevant issue is the amount of fees and expenses incurred by Granite in this lawsuit, not whether Granite or its affiliates have general policies with respect to outside counsel.

**Request No. 9:** Any document showing the search parameters which resulted in the location of 200,000 documents in response to discovery or as disclosures.

86228043.1

Steven R. Kabler
November 16, 2011
Page 4

**Response:** This request seeks information that is beyond the scope of appropriate discovery for fee disputes. Granite's fees and costs for its document collection and document review activity are accurately described in Granite's Fee Motion and supporting documents in considerable detail. In addition, Alberta has access to the discovery requests it submitted to Granite, which were very broad and resulted in Granite incurring these costs. Alberta causes Granite to incur these costs by forcing Granite to litigate to obtain the escrowed funds it was entitled to, and by requiring Granite to respond to broad discovery requests. Granite further notes that communications with its lawyers or between its lawyers discussing its document review strategy or search parameters are subject to the attorney-client privilege or work product protection.

**Request No. 10:** Any communications in which Granite or any other non-party objected to the reasonableness or amount or requested explanation of the fees and costs charged in this matter.

**Response:** There are no such communications.

In the event the Court determines discovery is warranted and that a hearing is necessary, Granite will produce a witness to answer questions about its Fee Motion. Granite reserves the right to object to any specific question at the deposition on privilege or other grounds.

As always, we are available to answer questions or discuss your requests and our position in further detail if you wish.

Very truly yours,

Paul Trahan

Enclosure

86228043.1

# Trahan, Paul

| | |
|---|---|
| **From:** | Steven R. Kabler [skabler@joneskeller.com] |
| **Sent:** | Monday, November 14, 2011 5:04 PM |
| **To:** | Trahan, Paul |
| **Cc:** | sbennett@joneskeller.com |
| **Subject:** | RE: Southlands - Motion for Leave to Conduct Discovery |

Paul – Per our e-mail discussion below, we anticipate seeking production of the following documents (the wording may be slightly different than this e-mail, but this should give you the information you need):

1) Copies of all documents evidencing payment by Granite Southlands Town Center, LLC of all fees and costs, including copies of all checks, wire transfers, accounting records or other indicia of payment.
2) The fee agreement between Granite Southlands Town Center, LLC and Fulbright; or any other fee agreement pursuant to which the fees claimed were paid.
3) The a schedule showing the standard billing rates for all attorneys and other personnel for whom fees are sought in this matter.
4) Any records reflecting the amounts that Fulbright's fees were written down; written up or otherwise adjusted.
5) All documents showing that Granite Southlands Town Center, LLC incurred or was otherwise charged the fees claimed.
6) Individual time records for each timekeeper for whom reimbursement is sought, to the extent such records differ from the invoices provided with the Motion for Attorneys' Fees.
7) Any and all materials provided to Granite by Fulbright setting forth the qualifications or experience of the attorneys who worked on this case, fees charged, and Fulbright's billing policies, including any information related to Fulbright's charges for database management and maintenance, and other expenses.
8) The standard outside counsel policies of Granite or the entity paying the claimed attorneys' fees.
9) Any document showing the search parameters which resulted in the location of 200,000 documents in response to discovery or as disclosures.
10) Any communications in which Granite or any other non-party objected to the reasonableness or amount or requested explanation of the fees and costs charged in this matter.

With respect to the deposition, we anticipate taking a 30(b)(6) deposition of Granite, in addition to discussing the documents requested above, we will address the following topic areas:
1) The means by which Granite Southlands Town Center, LLC was billed and paid for the claimed attorneys' fees.
2) The scope and nature of document searches conducted by Granite and the fees and costs incurred therewith.
3) The scope and nature of the fee agreement between Granite and Fulbright.
4) Any agreements between Granite and Fulbright with respect to payment of attorneys' fees.
5) Reductions or deductions of attorneys' fees or expenses.
6) Any objections Granite made to the reasonableness of fees or expenses.

At this time, we would only anticipate submitting interrogatories if necessary to follow up on documents or deposition testimony.

Hopefully this provides you the information you need.

Thanks.

Steve Kabler

**From:** Trahan, Paul [mailto:ptrahan@fulbright.com]
**Sent:** Thursday, November 10, 2011 3:37 PM
**To:** Steven R. Kabler

1

**Cc:** Stuart N. Bennett; Dykes, Jeff
**Subject:** RE: Southlands - Motion for Leave to Conduct Discovery

Please do, thanks. I do not want to fight if we don't have to.

**Paul Trahan**, *Partner*
**FULBRIGHT** & *Jaworski L.L.P.* • 98 San Jacinto Boulevard, Suite 1100 • Austin, Texas  78701-4255
T: 512 536 5288 • F: 512 536 4598 • ptrahan@fulbright.com • www.fulbright.com/ptrahan

**From:** Steven R. Kabler [mailto:skabler@joneskeller.com]
**Sent:** Thursday, November 10, 2011 4:35 PM
**To:** Trahan, Paul
**Cc:** Stuart N. Bennett; Dykes, Jeff
**Subject:** RE: Southlands - Motion for Leave to Conduct Discovery

Paul – We haven't drafted the actual requests as of yet.   We will try to get you a list of the documents and topic by Monday time permitting.

Thanks

Steve Kabler

**From:** Trahan, Paul [mailto:ptrahan@fulbright.com]
**Sent:** Thursday, November 10, 2011 10:42 AM
**To:** Steven R. Kabler
**Cc:** Stuart N. Bennett; Dykes, Jeff
**Subject:** Southlands - Motion for Leave to Conduct Discovery

Steven,

With respect to the attached motion, please send us the requests for production, interrogatories, and 30(b)(6) topics you propose so that we can see if we oppose them.  Our response to your motion is due next Wednesday.  We ask that you provide us with this information no later than Monday so that we know whether to oppose your motion.  Maybe we can agree.

Thank you,
Paul


**Paul Trahan**, *Partner*
**FULBRIGHT** & *Jaworski L.L.P.* • 98 San Jacinto Boulevard, Suite 1100 • Austin, Texas  78701-4255
T: 512 536 5288 • F: 512 536 4598 • ptrahan@fulbright.com • www.fulbright.com/ptrahan


This email message and any attachments are for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

To reply to our email administrator directly, send an email to postmaster@fulbright.com.