# EXHIBIT G

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-ZLW-KLM

GRANITE SOUTHLANDS TOWN CENTER, LLC,

Plaintiff

v.

ALBERTA TOWN CENTER, LLC,
LAND TITLE GUARANTEE COMPANY,
DONALD G. PROVOST,
ALLAN G. PROVOST,
and PETER M.CUDLIP,

Defendants.

---

## DEFENDANTS, ALBERTA TOWN CENTER, LLC, DONALD G. PROVOST AND PETER M. CUDLIP'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

---

Defendants, Alberta Town Center, LLC, Donald G. Provost and Peter M. Cudlip, by and through their attorneys, Lindquist & Vennum, PLLP, submit the following Interrogatories and Requests for Production of Documents to Plaintiff:

## INSTRUCTIONS AND DEFINITIONS

1.    In answering the following discovery requests, produce all of the requested information and documents in your possession, custody or control.

2.    These discovery requests are ongoing. If any information or documents come to your attention or into your possession, custody, or control after you have filed your response, which information or documents were not included in your response, such information and/or documents must be promptly furnished to the undersigned.

3.    The term "including" means including but not limited to.

4.    The term "describe" means provide a comprehensive, accurate, and detailed description of information requested in the propounded interrogatory.

5.    The term "documents" means all manner of written, typewritten, printed, or recorded material whatsoever, including any graphic, mechanical, or electrical recordings of any kind, correspondence, letters, telegrams, memoranda, notes, transcriptions of notes, calendars, diaries, minutes or records of meetings or conferences, contracts, agreements, reports, checks, statements, receipts, returns, summaries, tickets, drafts, inter-office and intra-office communications, offers, notations of conversations, records of telephone calls or meetings, printed matter, computer printouts, computer storage media of all kinds, email, teletypes, telefax, invoices, worksheets, drawings, plans, specifications, publications, pictures, blueprints, schematics, tape recordings, transcription of recordings, video recordings, log books, business records, and all drafts, alterations, modifications, changes and amendments or non-identical copies of any of the foregoing, of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody, or control.

6.    The term "identify" when related to a person means provide that person's name, address, telephone number, and present employer if known.  When related to a document, it means provide the title, the date of execution, the drafter, the intended recipient, and any signatories.  When related to an oral statement, it means provide the speaker(s), the recipient(s), all witnesses thereto, the date of said statement, and the content of said statement.  When related to testimony, it means to state the date of the testimony, the type of testimony, the case name and number, and court or other forum in which the testimony was given.  When related to anything else, it retains its ordinary dictionary definition.

7.    If you consider any document or communication to be privileged, with regard to such document, provide the following information:

    a.    Describe the contents generally and the date of the document or communication;

    b.    Explain fully the basis for the claimed privilege;

    c.    Identify the author or maker and all signatures on the document;

    d.    Identify all persons or non-persons who have, or have had, access to such matter or documents; and

    e.    Identify the custodian of the original and all copies of the document.

8.    If the response to any request herein consists, in part or in whole, of an objection relating to the specific request, state with particularity the nature of the objection.

9.    The term "Alberta" means Alberta Town Center, LLC and any person acting on its behalf.

-2-

10.    The terms "you," "Plaintiff" and "Granite" mean Plaintiff Granite Southlands Town Center, LLC, and its members and affiliates, BlackRock Granite Property Fund, L.P.; BlackRock Granite Property Fund, LLC; BlackRock Granite Property Fund, Inc.; and BlackRock Realty Advisers, Inc., and their agents, owners, members, partners, employees, predecessors, subsidiaries, and parent entities, and anyone acting on their behalf.

11.    The term "FPSA" means the "Forward Purchase and Sale Agreement and Escrow Instructions" dated September 29, 2005, and executed by Alberta Town Center, LLC and Metropolitan Life Insurance Company and all amendments thereto.

12.    The term "Property" means the Southlands Town Center shopping center that was the subject of the FPSA.

## INTERROGATORIES

1.    Identify every person involved with the negotiation, drafting, execution and performance of the FPSA and each of the amendments thereto.

2.    Identify the 85 estoppel certificates Granite received from Alberta prior to March 1, 2009.

3.    For each time Granite or anyone acting on its behalf was present at the Property between January 1, 2008 and December 12, 2008, state:

    a.    The name and title of each person present at the Property on behalf of Granite;

    b.    The date(s) that each such person was present at the Property;

    c.    The purpose for each person's presence at the Property;

    d.    Each building or suite each such person entered or inspected while present at the Property; and

    e.    The identity of each person acting on behalf of Alberta with whom the Granite representative met or communicated.

4.    State all facts upon which you base your objections to tenant estoppel certificates from the following Property tenants:

    a.    Chico's;

    b.    DCC Architects;

    c.    American Family Insurance;

-3-

      d.        Colorado Cinema Group, LLC;

      e.        Noodles & Company;

      f.        White House|Black Market, Inc.;

      g.        QualDent, LLC;

      h.        Family Life Counseling; and

      i.        Main Street Dental (Brian Lagenfeld, DDS).

5.      With regard to the allegation in paragraph 15 of your First Amended Complaint that "the Principals . . . made affirmative misrepresentations that no such defects existed," for each of the alleged "affirmative misrepresentations" identify:

      a.        The date the "affirmative misrepresentation" was made;

      b.        The person who made the "affirmative misrepresentation";

      c.        The exact "affirmative misrepresentation" made;

      d.        The mode by which the "affirmative misrepresentation" was communicated to Granite;

      e.        The person(s) to whom the "affirmative misrepresentation" was made;

      f.        All witnesses to the "affirmative misrepresentation";

      g.        The location where the "affirmative misrepresentation" was made;

      h.        All documents reflecting the "affirmative misrepresentation"; and

      i.        All facts which demonstrate that the misrepresentation was in any way false or misleading.

6.      With regard to the allegation in paragraph 16 of your First Amended Complaint that "The Principals had a duty to disclose these defects to Granite prior to entering into the Release," describe each and every one of "these defects", and with regard to each such alleged defect, state:

      a.        The nature of the defect;

      b.        The location of the defect; and

c.    The date on which Granite or anyone acting on its behalf first learned that such defect existed or might exist.

7.    Identify each person acting on behalf of Granite who participated in any telephone conferences with Alberta or its representatives concerning the Property between January 1, 2008, and December 12, 2008, and for each such conference describe, in accordance with the instructions, all matters discussed in such conference.

8.    Identify each person acting on behalf of Granite who participated in any meetings with Alberta or its representatives concerning the Property between January 1, 2008, and December 12, 2008, and for each such meeting describe, in accordance with the instructions, all matters discussed or considered in such meeting.

9.    Identify each person acting on behalf of Granite who conducted any investigation, review, observation or inspection of the Property between June 1, 2008, and December 12, 2008, and for each such person identify all information gathered, any conclusions reached and all documents generated concerning the Property.

10.    Identify all commercial real estate projects as to which Granite closed a purchase during calendar year 2008 pursuant to a forward purchase and sale agreement of a similar kind and nature as the FPSA.

11.    For each commercial real estate project identified in the preceding interrogatory, describe in detail the procedures followed by Granite or persons acting on its behalf to investigate, review, observe or inspect such property prior to the closing of Granite's purchase.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Produce all written or electronic communications, e-mails, and all transcribed or recorded verbal communications that took place during the year 2008 between Granite and Alberta relating to the negotiation, drafting, revision, execution, and performance of the FPSA and its amendments including, but not limited to, documents prepared by the attorneys who represented either Granite or Alberta.

2.    Produce all written or electronic communications, e-mails, and all transcribed or recorded verbal communications between Granite and Alberta relating to the negotiation, drafting, revision, execution, and performance of the Eighth Amendment to Amendment and Agreement and Termination Agreement including, but not limited to, documents prepared by the attorneys who represented either Granite or Alberta.

3.    Produce all written or electronic communications, e-mails, and all transcribed or recorded verbal communications between Granite and Alberta relating to the negotiation, drafting, revision, execution, and performance of the Fourteenth Amendment to Amendment and

Doc# 3129154\2

Agreement and Termination Agreement including, but not limited to, documents prepared by the attorneys who represented either Granite or Alberta.

4. Produce written or electronic communications, e-mails, and all transcribed or recorded verbal communications between Granite and Alberta relating to the negotiation, drafting, revision, execution, and performance of the Fifteenth Amendment to Amendment and Agreement and Termination Agreement including, but not limited to, documents prepared by the attorneys who represented either Granite or Alberta.

5. Produce all preliminary drafts of the Fifteenth Amendment to Amendment and Agreement and Termination Agreement, whether prepared by Granite, Alberta or any attorney acting on behalf of either entity.

6. Produce all documents related to any material "defects" you allege existed at the Property before December 12, 2008.

7. Produce all documents related to the "defects" you allege existed at the Property before December 8, 2008, in the building occupied by DCC Architects.

8. Produce all documents related to the "defects" you allege existed at the Property before December 8, 2008, in the building occupied by Colorado Cinema Group, LLC.

9. Produce all written or electronic communications between Granite and Alberta relating to any agreement or purported agreement to form a joint venture including, but not limited to, documents prepared by the attorneys who represented either Granite or Alberta.

10. Produce all written or electronic communications between Granite and Donald G. Provost between May 1, 2008, and March 1, 2009.

11. Produce all written or electronic communications between Granite and Peter M. Cudlip between May 1, 2008, and March 1, 2009.

12. Produce all written or electronic communications between Granite and Allan G. Provost between May 1, 2008, and March 1, 2009.

13. Produce all documents relating to every time Granite or anyone acting on its behalf (including retained construction professionals) was present at the Property between June 1, 2008, and December 12, 2008, including, without limitation, all notes taken, reports of such visits, time records, billing records, payroll records, documents reflecting travel and hotel arrangements, and documents reflecting the activities conducted or participated in during such visits.

14. Produce all guidelines, procedures, policies, instructions, training manuals or other documents relating Granite's procedures, if any, for inspecting, evaluating, analyzing, or reviewing commercial property (generally known as a "due diligence" review) prior to

-6-

Granite's purchase or closing of a purchase pursuant to a forward purchase and sale agreement of a similar kind and nature as the FPSA.

15. Produce all correspondence between Granite or its attorneys and Gibson Dunn & Crutcher, LLP on behalf of Alberta or its owners.

16. Produce every communication in which you or anyone acting on your behalf notified Alberta that Granite objected to any tenant estoppel certificate.

17. Produce all documents, including notes, agendas, reports, memoranda, electronic recordings or transcriptions, related to every meeting, including telephone conferences, between Granite and Alberta that took place between May 1, 2008, and December 12, 2008.

18. Produce any schedules, reports, worksheets or other documents relating to any analysis or calculation performed by Granite of the "'true-up' proration items" as that term is used in paragraph 5(i) of the December 12, 2008, Release and Termination Agreement.

19. Produce all communications, including correspondence, e-mail, and transcribed or recorded verbal communications related to the Property to or from Angela Kralovec between May 1, 2008, and the present.

20. Produce all communications, including correspondence, e-mail, and transcribed or recorded verbal communications related to the Property to or from Michael Krier between May 1, 2008, and the present.

21. Produce all communications, including correspondence, e-mail, and transcribed or recorded verbal communications related to the Property to or from Christopher Silva between May 1, 2008, and the present.

22. Produce all communications, including correspondence, e-mail, and transcribed or recorded verbal communications related to the Property to or from Christopher Silva, Angela Kralovec, Michael Krier and to or from Andrew Piekarski, Jay Alexander or any other employee, agent or representative of Granite between May 1, 2008, and the present.

23. Produce all reports, analyses, engineering evaluations, inspections, repair and remediation plans and recommendations or other documents relating to any alleged "defect" in the Property received by Granite from June 1, 2008, to the present.

24. Produce all repair estimates, invoices, bills, or other documents reflecting or relating to repairs of alleged "defects" in the Property incurred or expended by Granite subsequent to December 12, 2008, to the present.

-7-

DATED:   December 11, 2009.

Respectfully submitted,

s/ Stuart N. Bennett

Stuart N. Bennett
**LINDQUIST & VENNUM, P.L.L.P.**
600 - 17th Street, Suite 1800 –South
Denver, CO 80202
Telephone:                (303) 573-5900
Fax:                (303) 573-1956
E-mail:                sbennett@lindquist.com
Attorneys for Defendants Alberta Town Center,
LLC,
Donald G. Provost and Peter M. Cudlip

-8-

Doc# 3129154\2

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2009, I served the foregoing as indicated below:

| | | | |
|---|---|---|---|
| *Attorneys for Plaintiff & Counter Defendant Granite Southlands Town Center, LLC* | jdykes@fulbright.com<br>bvetter@fulbright.com | Osborne J. Dykes, III<br>Benjamin M. Vetter<br>Fulbright & Jaworski LLP<br>370 – 17th Street, Suite 2150<br>Denver, CO   80202 | Hand Delivery &<br>Electronic<br>courtesy copy |
| *Attorneys for Plaintiff & Counter Defendant Granite Southlands Town Center, LLC* | ptrahan@fulbright.com | Paul Trahan<br>Fulbright & Jaworski LLP<br>600 Congress Avenue, Ste 2400<br>Austin, TX  78701 | Electronic<br>courtesy copy |
| *Defendant Land Title Guarantee Company* | kbruetsch@rwolaw.com | Kimberly A. Bruetsch<br>Robinson, Waters & O'Dorisio<br>1099 – 18th Street, 26th Floor<br>Denver, CO   80202 | U.S. Mail &<br>Electronic<br>courtesy copy |
| *Defendant Allan G. Provost* | dbp@haplaw.net | Dennis B. Polk<br>Holley, Albertson & Polk, P.C.<br>1667 Cole Boulevard, Suite 100<br>Golden, CO   80401 | U.S. Mail &<br>Electronic<br>courtesy copy |

s/ Stuart N. Bennett

Stuart N. Bennett
Attorneys for Defendants Alberta Town Center, LLC,
Donald G. Provost and Peter M. Cudlip
Lindquist & Vennum P.L.L.P.
600 - 17th Street, Suite 1800 –South
Denver, CO 80202
Telephone:          303-573-5900
Fax:                     303-573-1956
E-mail:               sbennett@lindquist.com

Doc# 3129154\2