IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,
          Plaintiff,

v.

ALBERTA TOWN CENTER, LLC, and
LAND TITLE GUARANTEE COMPANY,
          Defendants.

---

## PLAINTIFF'S MOTION TO SEAL AND REDACT

---

To protect against the dissemination of confidential, privileged, and non-public information, plaintiff Granite Southlands Town Center LLC ("Granite") moves for entry of an order redacting and sealing all or some of the following documents: Granite's Motion for Attorneys' Fees and Expenses (Docket # 199), Granite's Supplemental Motion for Attorneys' Fees and Expenses (Docket # 223), defendant Alberta Town Center, LLC's ("Alberta") Brief in Opposition to Granite's Motion and Supplemental Motion (Docket # 228), Granite's Reply (Docket # 239), and certain exhibits and addenda thereto (collectively, the "Motions"). This motion is necessary to safeguard Granite's trade secrets and confidential information consistent with the terms of an Agreed Protective Order currently in place (Docket # 83). The information Granite seeks to protect consists of (i) detailed descriptions of the legal work performed, (ii) individual timekeeper rates, and (iii) the rate discount provided to Granite.

On November 18, 2011, Granite's counsel conferred with counsel for Alberta about this motion, and Alberta's counsel indicated Alberta's opposition to the relief sought in this motion. *See* E-Mail Correspondence of Nov. 18, 2011, attached hereto as Exhibit "A."

## I.      ARGUMENT & AUTHORITY

### A.      Granite Has an Interest in Protecting its Confidential Information and Trade Secrets from Disclosure

As the prevailing party in a dispute over an escrow agreement between the parties, Granite is entitled to recover its legal fees and expenses.  *See* Final Judgment (Docket #198). Accordingly, Granite has moved for an order requiring Alberta to pay Granite's legal fees and expenses, and the parties have exchanged motions and briefs on the issue.  *See* Docket ## 199, 223, 228, 239.   These documents make several references to specific time entries and work performed by Granite's counsel, the hourly rates charged by Granite's counsel and other timekeepers, and certain discounts offered to Granite.   Such information is non-public, confidential, proprietary, and privileged.

Additionally, such information constitutes a trade secret under Colorado law.  By statute, Colorado defines a "trade secret" as follows:

> "Trade secret" means the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, improvement, confidential business or financial information, listing of names, addresses, or telephone numbers, or other information relating to any business or profession which is secret and of value. To be a "trade secret" the owner thereof must have taken measures to prevent the secret from becoming available to persons other than those selected by the owner to have access thereto for limited purposes.

See Colo. Rev. Stat. § 7-74-102(4).   The above-described information includes confidential business and financial information, and information relating to the business or profession of both

Granite and its counsel, and therefore constitutes a trade secret.  Both Granite and its counsel have taken measures to prevent this information from becoming available to other persons.  *See* Affidavit of Paul Trahan, attached hereto as Exhibit "B."

Additionally, and in conjunction with its Motion for Attorneys' Fees and related documents and exhibits, Granite has provided this Court with certain confidential and privileged information.  This includes descriptions of the work performed by its counsel on behalf of Granite in this litigation, consisting of un-redacted narratives of time entries for services rendered by Granite's counsel; these descriptions are included in invoices reflecting the hourly rates charged by Granite's counsel, and have been produced for the limited purpose of providing the Court with insight into the reasonableness of the fees incurred by Granite for purposes of deciding the Motions.

As described more fully below, Granite seeks to redact certain limited information, and to seal certain exhibits or portions of exhibits.  It does not seek to shield its request for attorneys' fees and expenses from the public view entirely.  Consequently, the public will not be deprived of the opportunity to review the bases for this Court's decision on the Motions.  The public has need to access, or strong interest in, confidential business and financial information relating to Granite's fee arrangements with its litigation counsel and invoices generated in litigation.  By contrast, Granite's competitors could benefit at Granite's expense from access to information about Granite's expenditures in this litigation, and the hourly rates, discounts and fees involved therein.  This is the type of information by which a business could obtain an economic advantage over its competitors.  Similarly, the public has no legitimate—let alone prevailing—interest in

having access to the specific narratives describing the work performed by Granite's counsel in this litigation.

**B.      Granite Seeks the Least Restrictive Means of Protecting Its Confidential Information and Trade Secrets**

As provided in Local Rule 7.2, any motion to seal or restrict public access must address:

1. [T]he nature of the material or the proceeding at issue;

2. the private interest that, when weighed against the qualified right or presumption of public access to court files and proceedings, warrants the relief sought;

3. the clearly defined and serious injury that would result if the relief sought is not granted; and

4. why a less restrictive alternative to the relief sought is not practicable or would not adequately protect the interest in question (e.g., redaction, summarization, limited sealing of exhibits or portions of exhibits).

D.C. Colo. L. Civ. R 7.2. Documents filed in conjunction with litigation may be sealed when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). In addition, a district court has discretion to determine whether a particular court document should be sealed. *See Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978).

Granite seeks a limited order that redacts certain confidential and privileged information contained in the Motions, and that seals Exhibits containing Granite's invoices and summaries of invoices. Granite does not seek to shield from view the entire attorneys' fees dispute; instead, it seeks only to protect against the disclosure of specific figures and information reflecting  (i) detailed descriptions of the legal work performed, (ii) individual timekeeper rates, and (iii) the rate discount provided to Granite. Accordingly, for good and compelling cause shown, Granite

requests that the Court order that portions of the Motions containing such information be redacted.[1]  Granite additionally requests that the following exhibits and addenda be sealed:

> Docket # 199—Exhibits A, A.1 through A.17, B, B-1, B-2, B-3, B-4, B-5, C, and C-1;

> Docket # 200—Errata (invoices);

> Docket # 223—Revised Exhibit B., Pt. 1, Revised Exhibit B, Pt. 2, Revised Exhibit C;

> Docket # 239—Exhibits E.

The information contained in these Exhibits includes rates charged to Granite by its counsel, references to discounts on attorneys' fees enjoyed by Granite, and descriptions of  the specific work performed by Granite's counsel in this litigation.  If the Court does not find grounds to seal any or all of the Exhibits, Granite seeks in the alternative to redact the confidential information contained therein.

WHEREFORE, Granite respectfully requests that the Court issue an order that certain confidential, privileged, non-public information contained in the Motions be redacted and that Exhibits containing such information be sealed.

---

[1] Granite will submit a redacted version of the Motions for review by the Court and public filing if the Court grants this Motion, or if such submission would aid the Court in evaluating the relief requested herein.

Respectfully submitted,

*/s/ Paul Trahan*

OSBORNE J. DYKES, III
BENJAMIN M. VETTER
FULBRIGHT & JAWORSKI L.L.P.
370 Seventeenth Street, Suite 2150
Denver, CO  80202
(303) 801-2700 – Telephone
(303) 801-2777 – Facsimile
jdykes@fulbright.com
bvetter@fulbright.com

PAUL TRAHAN
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX  78701
(512) 474-5201 – Telephone
(512) 536-4598 – Facsimile
ptrahan@fulbright.com
**COUNSEL FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 18th day of November 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to attorneys for plaintiffs at the following e-mail addresses:

Stephen L. Waters                              swaters@rwolaw.com
Kimberly A. Bruetsch                           kbruetsch@rwolaw.com
ROBINSON WATERS & O'DORISIO, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
*Attorneys for Land Title Guarantee*

Stuart N. Bennett                              sbennett@joneskeller.com
Steven R. Kabler                               skabler@joneskeller.com
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
*Attorneys for Alberta Town Center, LLC*

*/s/ Paul Trahan*
Paul Trahan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,
            Plaintiff,

v.

ALBERTA TOWN CENTER, LLC, and
LAND TITLE GUARANTEE COMPANY,
            Defendants.

**ORDER**

After considering Plaintiff's Motion to Seal and Redact and related pleadings, it is the opinion of this Court the motion should be, and is hereby, GRANTED.

It is, therefore, ORDERED that information regarding (i) descriptions of the legal work performed, (ii) individual timekeeper rates, and (iii) the rate discount provided to Granite shall be redacted from Granite's Motion for Attorneys' Fees and Expenses (Docket #199), Plaintiff's Supplemental Motion for Attorneys' Fees and Expenses (Docket #223), Plaintiff Granite Southland Town Center, LLC's Reply to Defendant's Brief in Opposition to Its Motion and Supplemental Motion for Attorneys' Fees and Expenses (Docket #239), and Alberta Town Center, LLC's Brief in Opposition thereto (Docket # 228). It is further ORDERED that the following exhibits be sealed in their entirety:  Docket # 199—Exhibits A, A.1 through A.17, B, B-1, B-2, B-3, B-4, B-5, C, and C-1; Docket # 200—Errata (invoices); Docket # 223—Revised Exhibit B., Pt. 1, Revised Exhibit B, Pt. 2, Revised Exhibit C;  Docket # 239—Exhibits E.

Signed: _____

_____
UNITED STATES MAGISTRATE JUDGE

**Trahan, Paul**

| | |
|---|---|
| **From:** | Stuart N. Bennett [sbennett@joneskeller.com] |
| **Sent:** | Friday, November 18, 2011 5:32 PM |
| **To:** | Trahan, Paul |
| **Cc:** | Steven R. Kabler |
| **Subject:** | RE: Motion to Seal |

Paul, I don't see any particular reason to seal the documents.  You've redacted all privileged communications and I don't know of any case law that suggests an attorneys' billing rates and total fees are something that should not be publicly available.  If you have some case law that makes it appropriate to seal these kinds of records I would be happy to review it.  Otherwise, it seems unnecessary and for that matter, your original motion was not sealed so the cat's out of the bag so to speak.  I could be cheeky and suggest that if my billing rates were so outrageously high, I'd want them sealed too.  But I won't.

Have a good weekend.

Best regards, Stu



**JONES&KELLER**

**Stuart N. Bennett**
Attorney at Law

1999 Broadway, Suite 3150
Denver, Colorado 80202
P: 303.573.1600 | D: 303.785.1616 | F: 303.573.8133

**JONES&KELLER, P.C.**
sbennett@joneskeller.com
www.joneskeller.com

**NOTICE:** THIS E-MAIL AND ANY ATTACHED DOCUMENTS MAY CONTAIN PROVISIONS CONCERNING A FEDERAL TAX ISSUE OR ISSUES AND ARE NOT INTENDED TO BE USED, AND MAY NOT BE USED, BY ANY TAXPAYER FOR THE PURPOSES OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON ANY TAXPAYER BY THE INTERNAL REVENUE SERVICE.  FOR INFORMATION ABOUT THIS STATEMENT, CONTACT JONES & KELLER, P.C.  The foregoing legend has been attached pursuant to U.S. Treasury Regulations governing tax practice.

**CONFIDENTIALITY NOTICE**
This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law.  This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety.  Thank you.

**From:** Trahan, Paul [mailto:ptrahan@fulbright.com]
**Sent:** Friday, November 18, 2011 3:50 PM
**To:** Stuart N. Bennett; Steven R. Kabler
**Cc:** Weimer, Christopher
**Subject:** Motion to Seal

Gentlemen,

EXHIBIT A

We are going to file a Motion to Seal those portions of our attorneys' fees pleadings (Motion, Supplement, Reply) that reference rate, fee, discount, and work description information.  We would like to file them as unopposed.  Please let us know.

Thanks,
Paul

**Paul Trahan**, *Partner*
**FULBRIGHT** & *Jaworski L.L.P.* • 98 San Jacinto Boulevard, Suite 1100 • Austin, Texas  78701-4255
T: 512 536 5288 • F: 512 536 4598 • ptrahan@fulbright.com • www.fulbright.com/ptrahan

This email message and any attachments are for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

To reply to our email administrator directly, send an email to postmaster@fulbright.com.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,
      Plaintiff,

v.

ALBERTA TOWN CENTER, LLC, and
LAND TITLE GUARANTEE COMPANY,
      Defendants.

## DECLARATION OF PAUL TRAHAN

I, Paul Trahan, declare as follows:

My name is Paul Trahan. I am over 21 years of age, of sound mind, and capable of making this declaration. I have personal knowledge of the facts set forth below, and, if called upon to testify as a witness, could testify competently thereto. I am a litigation partner at Fulbright & Jaworski L.L.P. ("Fulbright"). Fulbright has served as counsel to Granite Southlands Town Center LLC ("Granite") in the captioned lawsuit. I have reviewed the following pleadings and the exhibits which accompany the pleadings: Granite's Motion for Attorneys' Fees and Expenses (Docket #199), Plaintiff's Supplemental Motion for Attorneys' Fees and Expenses (Docket #223), and Plaintiff Granite Southland Town Center, LLC's Reply to Defendant's Brief in Opposition to Its Motion and Supplemental Motion for Attorneys' Fees and Expenses (Docket #239) ("Motions") These Motions and their exhibits include information that is privileged and confidential as to Granite and Fulbright & Jaworski L.L.P. In particular, the rates charged by Fulbright, associated fees, and the discount provided by Fulbright to Granite is confidential information. In addition, descriptions of the work performed by Fulbright on behalf of Granite is confidential and privileged information disclosed for the limited purpose of providing the Court with insight into the reasonableness of the fees incurred by Granite for purposes of deciding the Motions. Fulbright and Granite consider this information to be, and treat it as, confidential, private, or trade secret information which is not released outside Fulbright or Granite without restrictions. This information generally is not known or reasonably ascertainable outside of Fulbright or Granite, and this information is the type of information by which a business can obtain an economic advantage over competitors. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of November, 2011, at Austin, Texas.

Paul Trahan

86232885.1

**EXHIBIT B**