IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC, and
LAND TITLE GUARANTEE COMPANY,

    Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter comes before the Court on **Defendant Land Title Guarantee Company's Unopposed Motion for Extension of Time to Reply in Support of its Motion for Attorneys Fees and Costs** [Docket No. 233; Filed November 3, 2011] ("Motion for Extension of Time") and **Plaintiff's Motion to Seal and Redact** [Docket No. 241; Filed November 18, 2011] ("Motion to Seal").

    IT IS HEREBY **ORDERED** that the Motion for Extension of Time [#233] is **GRANTED**. The Reply filed on November 11, 2011 [#237] is accepted for the Court's review.

    In the Motion to Seal [#241], Plaintiff asks the Court to seal certain filings related to its request for an award of attorneys' fees [##199, 223, 228, 239]. As a preliminary matter, the Court notes that "[n]o privilege generally attaches to legal bills put into play by a motion for fees and costs associated with a contractual fee-shifting provision in the event of a dispute between contracting parties." *Walker Group, Inc. v. First Layer Commc'ns, Inc.*, No. Civ.A04CV02112PSFMJW, 2006 WL 278552, at *7 (D. Colo. Feb. 3, 2006) (citing *e.g., Ideal Electronic Sec. Co., Inc. v. International Fidelity Ins. Co.*, 129 F.3d 143, 151 (D.C. Cir.1989)).

    Plaintiff contends that the information in the filings is privileged and constitutes trade secrets under Colorado law. However, pursuant to Colorado law, "there is no absolute privilege for trade secrets and similar confidential information . . . and a concern for protecting confidentiality does not equate to privilege." *Bonanno v. Quizno's Franchise Co.,*

1

*LLC*, 255 F.R.D. 550, 554 (D. Colo. 2009) (internal quotations and citations omitted). The information Plaintiff requests to be redacted and sealed has been available to the parties and to the public since the motion for fees was first filed on September 19, 2011 [#199]. Any claim of privilege based on trade secrets (or attorney-client or work product privileges) has thus been waived. *See Walker Group, Inc.*, 2006 WL 278552 at *7 ("Applying state law to determine whether the attorney-client or attorney work product privilege has been waived . . . Colorado law [does not] appear[ ] to recognize either privilege in these circumstances." (internal citation omitted)).

Finally, the public has an interest in the Court's rulings, and this interest is not outweighed by the allegedly confidential nature of the documents at issue. *See id.* (citation omitted). The adjudication of requests for an award of attorneys' fees and costs is a frequent occurrence in the courts, and sealing such information in this case, particularly after it has already been publically available for nearly two months, would set an unwarranted precedent inconsistent with the responsibility of judges to avoid secrecy in court proceedings. *See AIG Annuity Ins. Co. v. Law Offices of Theodore Coates, PC*, No. 07-cv-01908-MSK-MJW, 2009 WL 728462, at *1 (D. Colo. Mar. 18, 2009) (citation omitted) (denying a request for *in camera* review of billing records). Accordingly,

IT IS FURTHER **ORDERED** that the Motion to Seal [#241] is **DENIED**.

Dated:  November 21, 2011