**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER, LLC,

       Plaintiff

v.

ALBERTA TOWN CENTER, LLC, PETER M. CUDLIP,
DONALD G. PROVOST, and
LAND TITLE GUARANTEE COMPANY,

       Defendants.

_____

**PETER M. CUDLIP AND DONALD G. PROVOST'S
ANSWER TO FIRST AMENDED COMPLAINT**
_____

       Peter M. Cudlip and Donald G. Provost ("Principals"), by and through their attorneys, Jones and Keller, P.C., hereby answer Granite Southlands Town Center, LLC's ("Granite") First Amended Complaint as follows:

### With Respect to "Summary of Complaint"

       The un-numbered paragraphs of the First Amended Complaint appear to be Plaintiff's attempt to summarize the specific allegations of the number paragraphs that follow. As such, Principals incorporate by reference their answers to the specific allegations of the numbered paragraphs of the First Amended Complaint. To the extent an answer to any of the allegations contained within the "Summary of Complaint" is deemed necessary, Principals deny each and every allegation contained therein.

### With Respect to "Parties"

1. Principals admit Plaintiff is a Delaware limited liability company. Upon information and belief, Principals deny that Plaintiff's principal place of business is in New Jersey.

2. Principals admit that Alberta Town Center, LLC ("Alberta") is a Colorado Limited Liability Company and that it presently has three members: Donald G. Provost, Peter M. Cudlip and the Estate of Allan G. Provost. Principals admit that they are Alberta's two managers. Principals deny the remaining allegations of paragraph 2.

3. The allegations of paragraph 3 concern co-Defendant Land Title Guarantee Company ("Land Title") as to which Principals lack knowledge or information sufficient to form a belief as to the truth thereof, and therefore Principals deny them, except Principals admit that Land Title appeared in this action. No further answer from Principals is required.

4. Principals admit that Defendant Donald G. Provost is an individual who resides in Colorado, but deny the remaining allegations of paragraph 4.

5. Principals deny the allegations of paragraph 5.

6. Principals admit that Defendant Peter M. Cudlip is an individual residing in Colorado, but deny the remaining allegations of paragraph 6.

### With Respect to "Jurisdiction and Venue"

7. Principals admit that the amount in controversy in this case, exclusive of interest and costs, exceeds $75,000.00, but deny the remaining allegations of paragraph 7.

8. Principals admit that the Court has personal jurisdiction over Mr. Cudlip and Mr. Provost. The Principals neither admit nor deny that the Court has personal jurisdiction over any other party.

9. Principals admit that venue is proper with respect to the claims asserted against them. The Principals neither admit nor deny that venue is proper with respect to any claim against any other party.

**With Respect to "Facts"**

10. Principals admit Granite acquired title to the Southlands Town Center (the "Property") on December 12, 2008. Principals admit that Alberta served as the developer of the Property and that a Forward Purchase and Sale Agreement and Escrow Instructions ("FPSA") was executed on or about September 29, 2005. Principals admit that Alberta's and Granite's post-closing rights and obligations relative to each other are set forth in the FPSA and its sixteen amendments and that Granite was purportedly assigned all rights and obligations that inured to BlackRock Granite Property Fund, L.P., under the FPSA and its amendments on December 12, 2008. Principals deny the remaining allegations of paragraph 10.

11. The allegations of paragraph 11 are directed at parties other than the Principals and relate to issues decided by the Court in the February 14, 2011 trial between Granite and Alberta. Consequently, no response from the Principals is required. To the extent any response is required the Principals deny the allegations of paragraph 11, including—without limitation—all characterizations of the FPSA inconsistent with its express terms.

12. The allegations of paragraph 12 are directed at parties other than the Principals and relate to issues decided by the Court in the February 14, 2011 trial between Granite and

Alberta. Consequently, no response from the Principals is required. To the extent any response is required the Principals deny the allegations of paragraph 12, including—without limitation—all characterizations of the FPSA inconsistent with its express terms.

13. The allegations of paragraph 13 are directed at parties other than the Principals and relate to issues decided by the Court in the February 14, 2011 trial between Granite and Alberta. Consequently, no response from the Principals is required. To the extent any response is required, the Principals deny the allegations of paragraph 13, including—without limitation—all characterizations of the FPSA inconsistent with its express terms.

14. Principals admit that a true and correct copy of the Release and Termination Agreement referenced in the First Amended Complaint and was filed with the Court on December 10, 2009 as Document 78 on the Court's docket, and that its terms speak for themselves. Principals deny all remaining allegations of paragraph 14, including—without limitation—all characterizations of the Release inconsistent with its express terms.

15. Principals admit that true and correct copies of the January 28, 2009 Estoppel Certificate and the June 25, 2008 letter to Jose Inclan designated as Exhibit B to the First Amended Complaint, and the documents referenced in the First Amended Complaint as Exhibits C and D were filed with the Court on December 10, 2009 as Document 78 on the Court's docket. Principals deny all remaining allegations of paragraph 15, including—without limitation—all characterization of Exhibits B, C, and D inconsistent with their express terms.

16. Principals deny the allegations of paragraph 16, including—without limitation—all characterizations of the FPSA inconsistent with its express terms.

17. Principals deny the allegations of paragraph 17.

{JK00329001.5 }

18. Principals deny the allegations of paragraph 18.

19. The allegations of paragraph 19 are directed at parties other than the Principals and relate to issues decided by the Court in the February 14, 2011 trial between Granite and Alberta. Consequently, no response from the Principals is required. To the extent any response is required, Principals admit that Alberta delivered at least eighty-five (85) tenant estoppel certificates to Granite prior to March 1, 2009 and that Granite claimed to reject nine (9) estoppel certificates. Principals deny all remaining allegations of paragraph 19.

20. The allegations of paragraph 20 are directed at parties other than the Principals and relate to issues decided by the Court in the February 14, 2011 trial between Granite and Alberta. Consequently, no response from the Principals is required. To the extent any response is required, Principals deny that Alberta failed to deliver tenant estoppel certificates that were required under the FPSA.

21. Principals deny that any condition of the Property at the time of the Release constituted a latent defect or that any component of any building at the Property is failing. Principals additionally deny all remaining allegations of paragraph 21.

## With Respect to "Causes of Action"

### With Respect to "Fraudulent Intent as to the Release"
### (against Donald Provost and Peter Cudlip)

22. Principals deny the allegations of paragraph 22 and that Granite is entitled to the relief sought in paragraph 22.

{JK00329001.5 }

### With Respect to "Declaratory Judgment Regarding Escrow"
### (against Alberta and Land Title)

23. The allegations in paragraph 23 are not directed at Principals and, therefore, do not require an answer from the Principals. To the extent any answer is required, Principals deny the allegations of paragraph 23.

### With Respect to "Actual and Exemplary Damages for Fraud"
### (against Principals)

24. Principals deny the allegations of paragraph 24 and that Granite is entitled to the relief sought in paragraph 24.

### With Respect to "Attorneys' Fees and Costs Under the Escrow Agreement"
### (against Alberta)

25. The allegations in paragraph 25 are not directed at the Principals and, therefore, do not require an answer from the Principals. To the extent any answer is required, Principals deny the allegations of paragraph 25.

### AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

26. Plaintiff's First Amended Complaint fails to state a claim against the Principals upon which relief may be granted for, among other reasons, that Granite did not pay $2.15 million or any other specific amount for the Release; that Granite was not a party to the Fifteen Amendment to the FPSA which required the parties to execute the Release and Termination Agreement as part of the closing of the transaction; that Granite's assignor was obligated to close the transaction under the FPSA regardless of the condition of the property; that Principals owed no duties to Granite; that Granite suffered no damages; and that Granite's claims, in effect, seek partial rescission of the closing which is not a cognizable equitable remedy.

27. Plaintiff's claims against Principals are barred by the doctrines of waiver and/or release. Plaintiff executed the Release and Termination Agreement dated December 12, 2008 in which it released and discharged any and all claims of any type related to the FPSA that it may have had against the Principals and Alberta.

28. Plaintiff's claims against the Principals are barred by Plaintiff's assumption of risk. Plaintiff assumed the risk of construction defects by taking assignment of the FPSA which includes an "AS IS-WHERE IS" provision requiring the purchaser to accept the property at closing in its then AS IS-WHERE IS condition, with all faults.

29. Plaintiff's tort-based claims against the Principals are barred by the economic loss rule. The only duties, if any, the Principals owed to Granite were those memorialized in the FPSA and its Amendments. Plaintiff seeks economic damages as the result of alleged notice and disclosure requirements purportedly contained in the FPSA.

30. Plaintiff's claims against the Principals are barred by the doctrines of estoppel, issue preclusion, claim preclusion, and/or res judicata. The Arapahoe County, Colorado District Court has previously ruled that Alberta and the Principals owed no duties to Granite to disclose the existence of alleged construction defects at the Property.

31. Plaintiff is not the real-party-in-interest with respect to some or all of its claims against the Principals. Granite was not a party to the FPSA or its amendments and did not have any rights or obligations under the FPSA until December 12, 2008 by virtue of an assignment from BlackRock Granite Property Fund, L.P. To the extent the Plaintiff's claims are based on alleged conduct or omissions which before December 12, 2008, could have only been directed to other contracting parties, Plaintiff is not the real-party-in-interest.

{JK00329001.5 }

## **Jury Demand**

Principals demand a trial by jury on all issues so triable.

DATED: November 23, 2011.

        Respectfully submitted,

        *s/ Stuart N. Bennett*
        Stuart N. Bennett
        **JONES AND KELLER, P.C.**
        1999 Broadway, Suite 3150
        Denver, CO 80202
        Telephone: (303) 573-1600
        Fax: (303) 573-8133
        E-mail: sbennett@joneskeller.com
        Attorneys for Defendant Alberta Town Center, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | | |
|---|---|---|
| *Attorneys for Plaintiff & Counter Defendant Granite Southlands Town Center, LLC* | jdykes@fulbright.com bvetter@fulbright.com | Osborne J. Dykes, III Benjamin M. Vetter Fulbright & Jaworski LLP 370 – 17th Street, Suite 2150 Denver, CO   80202 |
| *Attorneys for Plaintiff & Counter Defendant Granite Southlands Town Center, LLC* | ptrahan@fulbright.com | Paul Trahan Fulbright & Jaworski LLP 600 Congress Avenue, Suite 2400 Austin, TX  78701 |
| *Defendant Land Title Guarantee Company* | kbruetsch@rwolaw.com | Kimberly A. Bruetsch Robinson, Waters & O'Dorisio PC 1099 – 18th Street, 26th Floor Denver, CO   80202 |

And I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner indicated by the non-participant's name:    NONE

> *s/   Stuart N. Bennett*
> Stuart N. Bennett
> Attorneys for Defendant Alberta Town Center, LLC
> **JONES AND KELLER, P.C.**
> 1999 Broadway, Suite 3150
> Denver, CO 80202
> Telephone:         303-573-1600
> Fax:                    303-573-8133
> E-mail:               sbennett@joneskeller.com