IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER, LLC,

Plaintiff

v.

ALBERTA TOWN CENTER, LLC,
PETER M. CUDLIP,
DONALD G. PROVOST, and
LAND TITLE GUARANTEE COMPANY,

Defendants.

---

**ALBERTA'S REPLY RE: MOTION FOR LEAVE TO CONDUCT LIMITED
DISCOVERY AND SUBMIT SUPPLEMENTAL BRIEFING CONCERNING
PLAINTIFF'S MOTION AND SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES
AND EXPENSES (DOCKET #229)**

---

Defendant Alberta Town Center, LLC ("Alberta"), by and through undersigned counsel,

hereby submits its Reply Re: Motion for Leave to Conduct Limited Discovery and Submit

Supplemental Briefing Concerning Plaintiff's Motion and Supplemental Motion for Attorneys'

Fees and Expenses ("Motion," Docket #229), and states the following in support thereof:

## I.     INTRODUCTION

This case presents the rare circumstance where discovery is appropriate concerning

attorneys' fees.  Granite Southland Town Center, LLC's ("Granite") recovery is limited to

"reasonable and actual" fees and expenses.  Docket # 198 at ¶ IV.D.  Discovery is necessary

because Granite's request for attorneys' fees and expenses and its Response to Alberta's Motion

raise more questions than they answer as to whether the fees Granite seeks are "reasonable and

actual." First, Granite purportedly incurred $674,477.98 in Fulbright & Jaworski, L.L.P. ("Fulbright") attorneys' fees and related expenses in the absence of any written agreement between Granite and Fulbright. Although Granite asserts that a non-party to the Escrow Agreement paid some of Fulbright's fees, Granite refuses to produce a copy of the fee agreement pursuant to which Fulbright's fees were incurred and does not identify the paying entity. In the absence of any agreement between Granite and Fulbright, written or otherwise, Fulbright's recovery, and therefore Granite's claim, is limited to *quantum meruit*. Alberta is entitled to discover the entity that actually paid Fulbright's fees, as well as the terms and conditions of the agreement pursuant to which Granite is obliged to reimburse the paying entity if such an agreement exists. Granite has refused to produce any information demonstrating that Granite is obligated to pay the fees set forth in Granite's fee application, a topic concerning which Alberta is entitled to discovery.

Additionally, given that Granite seeks $674,477.98 in fees and costs for what amounted to a one day trial, the reasonableness of the fees is decidedly at issue. Although Granite has produced redacted invoices purporting to show Fulbright's tasks, Granite objects to discovery concerning the reasonableness of the fees based on those tasks. Given Granite's refusal, the Court should either permit Alberta to conduct the limited discovery requested, or deny Granite's application for attorneys' fees in its entirety.

## II.     ARGUMENT

### A.     Discovery Concerning Attorney Fee Claims is Appropriate.

Discovery concerning attorney fee claims is appropriate in the Tenth Circuit given the right circumstances. *See*, *e.g.*, *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1220 (10th Cir. 2006) (affirming decision below, noting that District Court permitted discovery in attorney fee

litigation);[1] *Am. Council of the Blind of Colorado, Inc. v. Romer*, 1990 WL 181501 (D. Colo. Nov. 7, 1990) ("The attorneys' fees issue has generated the only depositions in discovery and hearings.") *aff'd*, 962 F.2d 1501 (10th Cir. 1992) *cert. granted, vacated on other grounds*, 506 U.S. 1075 (1993).

Granite's focus on how rarely discovery is appropriate in fee disputes is misplaced. Response at 2.  Discovery is necessary here because it is unclear whether Granite has incurred attorneys' fees and expenses at all, much less reasonable fees and expenses.  The information Granite has provided to date demonstrates Granite did not pay Fulbright.  Granite does not disclose the identity of the non-party which supposedly paid Fulbright's invoices, or what obligations Granite owes to that non-party.  This is precisely the sort of unique situation where discovery concerning attorneys' fees is appropriate.  To wit:

·Granite claims fees where no written fee agreement exists. Response at Exh. A, 2;

·Fulbright's invoices were sent to a non-party. Docket #239 at Exh. J, ¶ 4;

·Granite states that Fulbright's invoices were paid by a non-party.  Docket #239 at Exh. J, ¶ 4;

·No documentary evidence has been produced to demonstrate the non-party actually paid Fulbright. Response at Exh. A, 3;

·Granite has been equivocal as to whether the fees paid by the non-party are the fees Granite requests in this dispute.  *See* § II.B.2, *infra*;

·No documentary evidence has been produced to demonstrate Granite reimbursed or was obliged to reimburse the non-party.  *See* § II.B.2, *infra*; Response at Exh. A, 3;

·Granite refuses to produce its outside counsel policies or any other information which would show the standard billing rates for the thirty-two Fulbright personnel for whom Granite seeks reimbursement and how the standard rates compare to the rates for which Granite seeks reimbursement in this matter.  Response at Exh. A, 4;

---

[1] The Tenth Circuit noted that the district court should have in other ways cut off the parties' four-year attorney fee dispute.  *Id.* at 1224.   There is no reason that the instant dispute should consume similar time given the limited scope of the requested discovery.

·Granite also refuses to produce information which would explain why its attorneys reviewed more than 200,000 documents related to the Escrow Claim when the dispute involved only a handful of written agreements.  Response at Exh. A, 3-4.

Although courts avoid a second major round of litigation concerning attorneys' fees,[2] the limited nature of the discovery requested – ten requests for production, ten interrogatories and one deposition – is justified in these circumstances.

> **B.      Discovery is Necessary to Determine Granite's Actual Attorneys' Fees and Expenses.**
>
> **1.      The Absence of A Fee Agreement Necessitates Discovery.**

Granite's refusal to produce any information setting forth the terms and conditions of its fee arrangement with its attorneys prevents determination of which, if any, of the fees sought in its fee application were actually incurred, and by whom.  It is undisputed that no written fee agreement between Granite and Fulbright exists.  Response at Exh. A, 2.  It is also undisputed that Granite has not paid Fulbright's fees itself.  Docket #239 at Exh. J, ¶ 4 ("BlackRock Realty…caused Granite's Parent to write checks in payment of the invoices.").  Granite has not produced the fee agreement pursuant to which it asserts its requested fees were incurred, has not identified by name the "Parent" entity which purportedly paid some of the attorneys' fees, and does not explain why or how an entity called BlackRock Realty caused the fees to be paid by "Granite's Parent."  Numerous questions, including but not limited to the following, therefore exist concerning Fulbright's engagement in this matter: (i) Was there any agreement with anyone pursuant to which Fulbright rendered its services?  (ii) If so, with whom was the arrangement, and what were its terms? (iii) Was Granite or some other entity ultimately responsible for payment of the fees?  (iv) If the latter, how did Granite become so obligated?  (v) Has Granite

---

[2] Granite repeatedly stresses its desire to "minimize" and prevent "needless[] increase" of additional attorneys' fees in this matter.  *See* Response at 2, 5, 7.  Given that Granite allegedly incurred $674,477.98 in fees and expenses in pursuit of a $650,000.00 claim, Granite's sudden concern with cost control is either ironic, an improper attempt to shield its unreasonable fee request from scrutiny, or both.

paid or reimbursed the entity that paid the fees?  (vi) If so, pursuant to what agreement and what documents evidence the repayment?

Fee agreements are a "factor the court should consider in determining the reasonableness of a requested fee…." *Balkind v. Telluride Mountain Title Co.*, 8 P.3d 581, 588 (Colo. App. 2000).  In the absence of a fee agreement, the fees Granite is actually and legally obligated to pay are unknown.  A written fee agreement might demonstrate whether and when Granite was obliged to actually pay the exorbitant fees it requests.  Alberta is entitled to discovery on this issue because the terms and conditions of the applicable fee agreement, whether written or oral, may show the rates Granite agreed to pay or actually paid differ from those claimed, whether Fulbright was on a flat fee retainer or some other discounted fee arrangement with the party paying the fees, the scope of the representation, the process for authorizing attorney work on certain aspects of the underlying litigation, the process for authorizing expenses, any discounts to which Granite was entitled, whether Granite is or was entitled to any refund of the fees it paid, and whether any portion of the litigation was to be paid on a contingent basis.  This information will inform the question of whether Granite's claimed fees are reasonable and actual.

Discovery may demonstrate that Granite Southlands Town Center, LLC had no contractual obligation to pay Fulbright *at all*.  In that case, Fulbright's recovery would be pursuant to *quantum meruit*.  Consequently, the amounts Granite would owe Fulbright would be subject to a balancing of the equities, counseling against recovery of more in attorney fees than was ever at stake in the underlying escrow dispute.  *Dudding v. Norton Frickey & Associates*, 11 P.3d 441, 448-49 (Colo. 2000).

Granite refuses to provide any information concerning its own outside counsel policies or those of the entity paying the claimed attorneys' fees.  Response at Exh. A, 4.  In the absence of

a written fee agreement, Granite's outside counsel policies may establish the fees and expenses that Granite has agreed to pay.  For example, outside counsel policies often prohibit counsel from charging the client for intra-office conferences and communications, prohibit or limit the use of multiple attorneys or junior associates, and may include other limitations.  The invoices Granite submitted with its fee application show that 32 Fulbright personnel, including 20 attorneys, billed time on this case, and numerous Fulbright billing entries are for intra-office communications.  Granite's outside counsel policies may demonstrate that Granite is not obligated to pay for these types of billings.  Granite's refusal to voluntarily produce this information, coupled with the absence of a written fee agreement, entitles Alberta to discovery to determine the nature of Granite's relationship with Fulbright to inform whether Granite's claimed fees are reasonable and actual.

> **2.      Granite's Refusal to Provide Evidence of Payment or the Identity of the Party Obligated to Pay Fees Justifies Discovery.**

In an effort to resolve the dispute concerning discovery, Alberta's counsel sent Granite's counsel a list of the items that would likely be requested if discovery were permitted.  *See* Response at Exh. A.  Alberta indicated that it would request documents evidencing payment by Granite or any other entity, as well as the fee agreement pursuant to which the fees in this matter were to be paid.  In response, Granite offered no information which could serve as a basis for Alberta or the Court to determine whether Granite had paid any attorneys' fees, and if so, how much.  Instead, Granite stated the following:

> Whether fees have already been paid or are still due and owing by Granite is irrelevant….  Further, in connection with the Fee Motion, Granite disclosed the amounts that have been paid….  In the event the Court orders discovery here, Granite will produce documents sufficient to establish that payments were, in fact, made.

Response at Exh. A, 2.  Because Granite's Response dodges relevant fee payment issues and

never states that Granite actually paid the fees at issue, discovery remains necessary in this

dispute.  Granite's response is written in the passive voice, disguising the actor in each of its

responses.  It is one thing to say "Granite paid all the fees claimed."  It is quite another to say

that "payments were, in fact, made."  The latter phraseology begs the question of who paid the

fees and how much was actually paid.

Granite also referred to the Affidavit of Angela Kralovec—initially filed under seal,

Docket #239 at Exh. J.  *See* Response at Exh. A, 3.  Ms. Kralovec's Affidavit does not establish

that Granite has incurred attorneys' fees.  Ms. Kralovec's affidavit states that, "BlackRock

Realty received all of these legal invoices, reviewed and approved them as appropriate expenses

of Granite, and **caused Granite's Parent to write checks in payment of the invoices.**"  Docket

#239 at Exh. J, ¶ 4 (emphasis added).  Ms. Kralovec's Affidavit does not identify "Granite's

Parent," but no entity other than Granite and Alberta is a party to the Escrow Agreement under

which Granite claims attorneys' fees.  Although Ms. Kralovec's Affidavit asserts that legal

expenses "were charged to Granite," it conspicuously does not claim Granite paid those expenses

or that any payments by a third party correspond to the amounts contained on Fulbright's

invoices.  *Id.*  Thus, the Kralovec Affidavit obfuscates, rather than illuminates, the facts and does

not obviate the need for discovery in this case as to whether the fees and expenses Granite

requests are "actual."

**C.     Discovery is Necessary to Determine which, if any, of Granite's Claimed Fees were Reasonable.**

Granite has refused to provide information which would permit the Court to determine if

the fees sought are reasonable in several respects.  First, Granite has refused Alberta's request for

the standard billing rates for each of the thirty-plus personnel who worked on this case.

Response at Exh. A, 2.  As demonstrated in Alberta's Response to Granite's Motion for Attorneys' Fees, Fulbright's attorneys consistently billed hourly rates that exceed the 95th percentile for attorneys in Denver, Colorado.  Docket # 228 at § II.E.  Given Granite's refusal to produce any information concerning the terms and conditions of its fee arrangement with Fulbright, it is appropriate to inquire whether the hourly rates set forth on the invoices submitted by Fulbright are consistent with its published hourly rates and the rates normally charged for similar cases.  The relatively straight-forward issues in this case do not justify the rates sought by Fulbright and are above market-rates for Denver.  *Id.*

Next, Alberta has requested that Granite provide information which would explain how and why Granite compiled 200,000 documents from which it derived its discovery responses and disclosures, which totaled approximately 15,000 documents.  Further Granite has not demonstrated that its review of such a large number of documents was related to Escrow dispute instead of the other claims made in the case.  Such information includes the search terms, or lack thereof, used when preparing the document production and the documents reviewed but not produced.  Granite has refused to provide this information.  Response at Exh. A, 3.  The Court should recall that, despite seeking fees for reviewing 200,000 numerous documents and preparing a privilege log, Granite has never identified the 185,000 documents it purports to have reviewed but withheld from discovery and has never produced a privilege log.  Docket # 228 at § II.B.1.  Alberta is entitled to discover if the document review was reasonable or an exercise in billing excess.

Finally, Alberta is entitled to discovery concerning Granite's claim that no one objected to Granite's attorneys' fees.  Response at Exh. A, 4.  The reasons no one objected to Granite's attorneys' exorbitant fees are a proper subject for discovery.  The failure to object to the fees is

relevant to both the reasonableness of the requested fees and the evidence-supported hypothesis

that Granite did not object because it did not actually have to pay the fees.

### III.    CONCLUSION

Because Alberta is entitled to the limited discovery requested in its Motion to determine

whether Granite's claimed fees are reasonable and actual, Alberta respectfully requests that the

Motion be granted.

DATED:   December 2, 2011.

Respectfully submitted,


*s/    Stuart N. Bennett*
Stuart N. Bennett
**JONES AND KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone:             (303) 573-1600
Fax:                       (303) 573-8133
E-mail:                  sbennett@joneskeller.com
Attorneys for Defendant Alberta Town Center, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2011, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will send notification of such filing to the

following e-mail addresses:

| *Attorneys for Plaintiff Granite Southlands Town Center, LLC* | jdykes@fulbright.com<br>bvetter@fulbright.com | Osborne J. Dykes, III<br>Benjamin M. Vetter<br>Fulbright & Jaworski LLP<br>370 – 17th Street, Suite 2150<br>Denver, CO   80202 |
| *Attorneys for Plaintiff Granite Southlands Town Center, LLC* | ptrahan@fulbright.com | Paul Trahan<br>Fulbright & Jaworski LLP<br>600 Congress Avenue, Suite 2400<br>Austin, TX  78701 |
| *Defendant Land Title Guarantee Company* | kbruetsch@rwolaw.com | Kimberly A. Bruetsch<br>Robinson, Waters & O'Dorisio PC<br>1099 – 18th Street, 26th Floor<br>Denver, CO   80202 |

And I hereby certify that I have mailed or served the document or paper to the following

non CM/ECF participants in the manner indicated by the non-participant's name:    NONE

> s/   Stuart N. Bennett
> Stuart N. Bennett
> Attorneys for Defendant Alberta Town Center, LLC
> **JONES AND KELLER, P.C.**
> 1999 Broadway, Suite 3150
> Denver, CO 80202
> Telephone:           303-573-1600
> Fax:                     303-573-8133
> E-mail:                sbennett@joneskeller.com