IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC,
LAND TITLE GUARANTEE COMPANY,
PETER M. CUDLIP, and
DONALD G. PROVOST,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Supplemental Motion for Attorneys' Fees and Expenses** [Docket No. 223; Filed October 19, 2011] ("Supplemental Motion") and on **Defendant Alberta Town Center LLC's Motion for Leave to Conduct Limited Discovery and Submit Supplemental Briefing Concerning Plaintiff's Motion and Supplemental Motion for Attorneys' Fees and Expenses** [Docket No. 229; Filed October 26, 2011] ("Motion for Discovery").

    The Court construes Plaintiff's Supplemental Motion [#223] as a Notice of Errata with respect to Plaintiff's Motion for Attorneys' Fees and Expenses [#199].  The Court accepts the corrections stated herein.  Accordingly,

    IT IS HEREBY **ORDERED** that Plaintiff's Supplemental Motion [#223] is **GRANTED** to the extent that the Court will consider the corrections stated in the Supplemental Motion in its adjudication of the pending motion for fees [#199].

    IT IS FURTHER **ORDERED** that Defendant Alberta Town Center LLC's Motion for Discovery [#229] is **GRANTED IN PART and DENIED IN PART**.  The Court recognizes and accepts Plaintiff's representation that "[t]here is no written fee agreement between Granite and Fulbright."  [#238-1] at 3.  However, pursuant to Fed. R. Civ. P. 54(d)(2), the Court directs Plaintiff to submit any other fee agreement governing the fees paid for services rendered by counsel to Plaintiff in relation to the Escrow Claims, including any fee

agreement between BlackRock Realty Advisors, Inc. and counsel, or Granite's "Parent" and counsel, for the Court's review.  The Motion for Discovery [#229] is **GRANTED** only to this extent.  Plaintiff shall submit the agreement(s), or in lieu of the agreement(s), a status report explaining the absence of any agreement, on or before **December 28, 2011**.  When submitting the agreement(s) or status report, Plaintiff may file an appropriate motion pursuant to D.C.COLO.LCivR 7.2 if it so chooses.

Regarding the remaining requests in the Motion for Discovery [#229], the District Judge awarded Plaintiff its "reasonable and actual attorney's fees, expenses and costs . . ."  [#198] at 3.  The Court does not interpret the term "actual" to require Plaintiff to prove that the billed amounts were actually paid (and in any event, Plaintiff provides a listing of invoices that were paid or remain pending).  "Actual" refers to the fees that were calculated and billed; "reasonable" is a discretionary determination, guided by the law, as to the necessity and appropriateness of the fees that were billed, in terms of the time stated for the task and the billing rate applied.  *See, e.g., Olga's Kitchen v. Papo*, 815 F.2d 79, 1987 WL 36385, at *16 (6th Cir. 1987) (citations omitted) ("the district court should not assume that 'reasonable' means actual fees.").  In this District, any motion for attorneys' fees must be filed with one or more affidavits, and for each person for whom fees are claimed, "1. a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and 2. a summary of relevant qualifications and experience."  D.C.COLO.LCivR 54.3.  The motion for fees and accompanying supplement [##199, 223] include these required documents, and at this time, the Court sees no need for the addition of further evidence to the record (other than any fee agreement as stated above).  *See also Martinez v. Schock Transfer & Warehouse Co., Inc.*, 789 F.2d 848, 850, 10th Cir. 1986) ("discovery on this issue would not be of assistance in resolving the issue [of an award of fees].").  Thus, all remaining requests for discovery stated in the Motion for Discovery [#229] are **DENIED**.

Dated:  December 9, 2011