IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC, PETER M. CUDLIP,
DONALD G. PROVOST and
LAND TITLE GUARANTEE COMPANY

    Defendants.

---

## SCHEDULING ORDER

---

### 1.   DATE OF CONFERENCE AND APPEARANCE OF COUNSEL AND *PRO SE* PARTIES

The scheduling/planning conference took place on January 11, 2012. The following appearances were made:

    <u>For Plaintiff Granite Southlands Town Center LLC ("Granite"):</u>
    Paul Trahan
    FULBRIGHT & JAWORSKI L.L.P.,
    600 Congress Avenue, Suite 2400
    Austin, TX 78701-2978
    (512) 474-5201
    ptrahan@fulbright.com

    <u>For Defendants Peter M. Cudlip ("Cudlip") and Donald G. Provost ("Provost"):</u>
    Stuart N. Bennett
    JONES & KELLER, P.C.
    1999 Broadway, Suite 3150
    Denver, CO 80202

303-573-1600
sbennett@joneskeller.com

## 2. STATEMENT OF JURISDICTION

Granite is domiciled in a different state than Cudlip and Provost, and the amount in controversy exceeds $75,000, excluding interest and costs. Jurisdiction therefore is proper under 28 U.S.C. § 1332. Defendants believe Granite is a citizen of the State of Colorado because its principal place of business is located in Aurora, Colorado. Diversity jurisdiction is therefore lacking.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. <u>Plaintiff</u>: This is a fraud lawsuit concerning a property known as the Southlands Town Center in Aurora, Colorado (the "Property"). Cudlip and Provost committed fraud against Granite by failing to disclose and concealing a change in condition at the Property – a change that Granite has learned involves material structural defects. This fraud induced Granite to pay additional consideration at closing on the sale of the property. Cudlip and Provost were aware of these defects prior to closing on the sale in December 2008, had a duty to disclose them, but failed to do so. Granite was not aware of these defects until after closing and justifiably relied on the Principals' silence and misrepresentations by entering into and providing additional consideration at closing for a release which served, in part, to release the Principals from substantial personal guarantees. Cudlip and Provost consequently had a significant financial incentive to conceal the defects from Granite.

b. <u>Defendants</u>: Defendants dispute Granite's statement of its claims. Granite has not been granted leave to amend the operative First Amended Complaint in this matter in which it alleges that it paid $2.15 million in consideration of the execution of a release of the individual

2

defendants. This is the only claim that is pending. Any other factual statement of an asserted claim is an unauthorized and untimely attempt to amend the pleadings.

Defendants deny that they were aware of material structural defects prior to the closing of the property. They were aware, as was Granite, that there were cracks in some drywall in some of the buildings, some settlement of concrete slabs and that the Cinema building had some exterior cracking in its walls. No one, prior to the closing attributed this to anything other than normally expected settlement of fill material at the site.

Defendants further deny any duty, contractual or otherwise, to inform Granite of the condition of the property as of the closing. Granite's purchase was, under the terms of its contract with Alberta Town Center, on an "AS IS, WHERE IS" basis, "with all faults". Defendants therefore had no duty to inform Granite of any condition of the Property and Granite's failure to inform itself was neither reasonable nor justified. Further, Granite was obligated to purchase the property regardless of its condition, therefore any disclosure or non-disclosure of the condition of the property did not induce any action on Granite's part.

Finally, Defendants deny that Granite paid any separate consideration for a release from Defendants. Under the parties' contract all consideration paid at closing was part of the purchase price of the Property.

  c. <u>Other Parties:</u>  None.

**4. UNDISPUTED FACTS**

The following facts are undisputed:

1. The parties, and others who are not parties to this case, entered into a Release and Termination Agreement effective December 12, 2008.

2100739.2

5.   **COMPUTATION OF DAMAGES**

Based on the current pleadings, Granite seeks damages of approximately $2,150,000, plus prejudgment and post-judgment interest, costs, and attorneys' fees to the extent permitted by law.

6.   **REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER Fed. R. Civ. P. 26(f)**

a.   Date of Rule 26(f) Meeting:   January 3, 2012.

b.   Names of each participant and party he/she represented:   Paul Trahan and Mark Oakes of Fulbright & Jaworski L.L.P. participated for Granite.  Stuart Bennett of Jones & Keller, P.C. participated for Cudlip and Provost.

c.   Statement as to when Rule 26(a)(1) disclosures were made or will be made:   The parties agreed to exchange disclosures on or before January 17, 2012, fourteen days following their Rule 26(f) conference.

d.   Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):  None.

e.   Statement concerning any agreements to conduct informal discovery:  None.

f.   Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:  The parties have agreed that discovery produced in relation to other litigation between the parties may be used in this lawsuit.

g.   Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:  The parties do not

4

2100739.2

anticipate discovery will involve extensive electronically stored information or a substantial amount of additional information maintained in electronic form.

h.   Statement summarizing the parties' discussion regarding the possibilities for promptly settling or resolving the case:   The parties have participated in numerous settlement discussions, formal and informal, without success.

### 7.   CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8.   DISCOVERY LIMITATIONS

a.   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:  None. *[handwritten: 15 rogs per side / 10 deps per side] [about further bare of conf]*

b.   Limitations which any party proposes on the length of depositions:  The parties will comply with the limitations set forth in the Federal Rules.

c.   Limitations which any party proposes on the number of requests for production and/or requests for admission:  ~~None~~ *[handwritten: 25 rfps + 25 rfas per side]*

d.   Other Planning or Discovery Orders:  The parties do not anticipate the need for additional planning or discovery orders.  No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1A. If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Mix regarding the issue. Both of these steps must be completed before any contested discovery motions are filed with the Court.

9. **CASE PLAN AND SCHEDULE** ~~seeking leave to amend~~

a. Deadline for Joinder of Parties and ~~Amendment of~~ *seeking leave to amend* Pleadings: Granite believes that a deadline of February ~~24~~ 13, 2012 (approximately 45 days following the January 11, 2012 conference with the court) is appropriate for joinder of parties and amendment of pleadings, with leave of court. Granite notes that the Tenth Circuit held in footnote one of its October 19, 2011 opinion that the factors relevant to granting or denying Granite's prior motion for leave to file a second amended complaint "have been substantially altered, and the district court should reconsider the motion on remand." In light of this ruling, Granite requests the opportunity to renew any motion to amend should it choose to do so. Defendants oppose any joinder of parties or amendment of pleadings because the deadline for doing so expired September 4, 2009. Granite thereafter filed four motions seeking leave to amend the complaint which were denied by the Court. See recitation of the pleading history of this case in Magistrate Judge Mix's Recommendation (Docket # 119, filed June 8, 2010 at 2. There is no reason now to allow ~~Granite to amend its complaint after four~~ previously unsuccessful attempts to do so.

b. Fact Discovery Cut-Off: July 31, 2012.

c. Dispositive Motion Deadline: August 31, 2012.

d. Expert Witness Disclosure:

1. The parties shall identify anticipated fields of expert testimony, if any.

<u>Plaintiff</u>: Granite currently anticipates the need for a technical expert or experts to testify about the defects at the Southlands Town Center. Granite may also identify real estate industry and damages experts.

2100739.2

Defendant: Defendants anticipate the need for an expert or experts to rebut plaintiff's experts and who has expertise in acquisitions of large commercial real estate properties pursuant to forward purchase contracts such as the one involved in this case. Defendants may also identify experts who gave them and/or Granite technical advice concerning the property prior to the closing of Granite's purchase.

2. Limitations ~~which the parties propose~~ on the use or number of expert witnesses: ~~None.~~ *Three newly-retained experts per side, absent further leave of court.*

3. The parties shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 29, 2012.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 13, 2012.

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

e. Identification of Persons to be Deposed:

Plaintiff: Granite anticipates taking the fact witness depositions of Peter Cudlip and Donald Provost as well as individuals within their various related organizations who are familiar with the underlying transactions, agreements, and flow of money. Granite may also

7

2100739.2

depose representatives of the other parties to the closing documents, including the parties to the Release and Termination Agreement, which are Alberta Town Center, LLC, Southlands Power Center LLC, Southlands Tower LLC, Bank of America, N.A., and a representative of the estate of Allan G. Provost (deceased).

<u>Defendant</u>: Defendants Peter Cudlip and Donald Provost and other representatives of Alberta Town Center have previously been extensively examined on deposition in this case. Defendants therefore oppose any duplicative discovery in this case and do not waive the time limits for depositions contained in Fed. R. Civ. P. 30(d). Defendants anticipate taking the depositions of present and former representatives, agents and attorneys of Granite and its affiliates (including BlackRock, Inc.) relating to the issues in the case, as well as representatives of the engineering firm, Marx/Okubo, and other consultants who advised Granite prior to the closing. Defendants may also take the depositions of certain tenants, and their engineering consultants who were aware of construction issues prior to the closing, including DCC Architects, Kerasotes Theaters, Murray Stafford, Inc. and Terracon Consulting Engineers and Scientists.

  f. Deadline for Interrogatories:   June 29, 2012, for serving interrogatories.

  g. Deadline for Requests for Production of Documents and/or Admissions:   June 29, 2012, for serving Requests for Production of Documents and/or Admissions.

  **10.** **DATES FOR FURTHER CONFERENCES**

  a. An early neutral evaluation will be held on _joint motion of the parties_ ___ o'clock ___.m.

  ( ) Pro se parties and attorneys only need be present.

2100739.2

( ) Pro se parties, attorneys, and client representatives must be present.

( ) Each party shall submit a Confidential Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b. Status conferences will be held in this case at the following dates and times: *As needed.*

c. A final pretrial conference will be held on  *October 29, 2012*  at *9:30* o'clock *a*.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: None, other than as noted above.

b. Anticipated length of trial and whether trial is to the court or jury: Granite anticipates the trial will take five trial days, and the trial will be to a jury.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado: None.

## 12. NOTICE TO COUNSEL AND *PRO SE* PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

2100739.2

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

13.     **AMENDMENTS TO SCHEDULING ORDER**

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this ___11TH___ day of ___January___, 2012.

BY THE COURT:

_____
United States Magistrate Judge

2100739.2

**APPROVED:**

/s/ Paul Trahan
Osborne J. Dykes, III
Benjamin M. Vetter
FULBRIGHT & JAWORSKI L.L.P.
370 Seventeenth Street, Suite 2150
Denver, CO  80202
(303) 801-2700 – Phone / (303) 801-2777 – Fax
jdykes@fulbright.com
bvetter@fulbright.com

Paul Trahan
FULBRIGHT & JAWORSKI L.L.P.
98 San Jacinto Blvd., Suite 1100
Austin, TX  78701
(512) 474-5201 – Phone / (512) 536-4598 – Fax
ptrahan@fulbright.com
*Counsel for Plaintiff*


/s/ Stuart N. Bennett
Stuart N. Bennett
Steven R. Kabler
Jones & Keller, P.C.
1999 Broadway, Suite 3150
Denver, Colorado 80202
sbennett@joneskeller.com
skabler@joneskeller.com
*Attorneys for Alberta Town Center, LLC
Peter M. Cudlip and Donald G. Provost*

2100739.2

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2012, I electronically filed the foregoing Scheduling Order with the Clerk of Court using the CM/ECF system which will send notification of such filing to attorneys for the remaining parties at the following e-mail addresses:

Stuart N. Bennett
Steven R. Kabler
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, Colorado 80202
sbennett@joneskeller.com
skabler@joneskeller.com
*Attorneys for Alberta Town Center, LLC
Peter M. Cudlip and Donald G. Provost*

Kimberly A. Bruetsch
ROBINSON WATERS & O'DORISIO, P.C.
1099 18th Street, Suite 2600
Denver, Colorado 80202
swaters@rwolaw.com
kbruetsch@rwolaw.com
*Attorneys for Land Title Guarantee*

/s/ Paul Trahan
Paul Trahan

2100739.2