IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC,
LAND TITLE GUARANTEE COMPANY,
PETER M. CUDLIP, and
DONALD G. PROVOST,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant Land Title Guarantee Company's Motion for Attorneys' Fees and Costs** [Docket No. 210; Filed September 27, 2011] (the "Motion").  The Motion is referred to this Court for recommendation [#225].  Plaintiff submitted a Response in opposition to the Motion on October 18, 2011 [#221], and Defendant Land Title filed a Reply on November 11, 2011 [#237].  The Court has reviewed the briefing, the case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons stated below, the Court respectfully **RECOMMENDS** that Defendant Land Title's Motion be **GRANTED**.

### I.  Procedural Background

Plaintiff initiated this lawsuit on April 8, 2009 [#1].  The case arises from an uncompleted realty transaction between Plaintiff and Defendant Alberta Town Center, LLC ("Alberta"), in which Plaintiff attempted to purchase commercial property from Defendant

1

Alberta. As part of the deal, Plaintiff and Alberta agreed to place $650,000 of closing funds in escrow ("escrow funds") as security for delivery of certain tenant estoppel certificates by Alberta to Plaintiff. Defendant Land Title was the escrow agent in possession of the escrow funds. One of the tenant estoppel certificates, once delivered by Alberta, was not satisfactory to Plaintiff, thus Plaintiff demanded the return of the escrow funds, to which Alberta objected. Plaintiff then commenced this action seeking the return of the escrow funds.

The District Judge held a bench trial regarding the breach of contract dispute between Plaintiff and Defendant Alberta on February 14, 2011, and entered a Memorandum and Order on September 2, 2011 [#195]. The District Judge held that the tenant estoppel certificate at issue did not comply with the form required by the parties' contract, thus Plaintiff was not required to accept the estoppel and was entitled to the escrow funds. [#195] at 15. The District Judge entered judgment in favor of Plaintiff in the amount of $650,000 plus accrued interest and minus the Court registry fee. [#197] at 2. The Court recognized Defendant Land Title's right (as the escrow agent) to file its own motion for fees and costs pursuant to a prior order entered in this case. *Id.*

The prior order referred to by the District Judge was an order granting a stipulated motion for leave to interplead the escrow funds filed by Defendant Land Title on December 3, 2010. [##152, 153]. The order instructed that the escrow funds be tendered to the Court and held in the Court registry; that subsequent to the registry of the funds with the Court, Land Title was not required to participate in the litigation; and that once the trial had concluded, Land Title could submit its claim for fees and costs, which would be resolved prior to the final distribution of the escrow funds held in the Court registry. *See* [#153]. The Court thus arrives at the Motion at issue.

Defendant Land Title requests $16,144.10 in fees and costs, to be paid from the escrow funds. [#210] at 2. Land Title contends that it "was joined in this action solely because it held the Funds as the escrow agent," and it "made significant efforts to limit its attorneys fees and costs incurred in this matter." *Id.* at 2, 3. Land Title avers that it attempted to secure the stipulation to interplead the escrow funds filed in December 2010 much earlier in the case, but that counsel for Plaintiff and Alberta did not reach an agreement regarding the stipulation and dismissal of Land Title until December 2010. *Id.* at 3. Land Title asserts that its request is for fees and expenses that were both reasonable and necessary. *Id.* at 2. Further, Land Title states that the escrow agreement governing its role as the escrow agent requires payment of its fees and costs by "the party requesting such services or causing such services to be incurred." *Id.*

In its Response, Plaintiff represents that it "does not oppose [the Motion] by calling into question the number of hours worked by Land Title's counsel, counsel's qualifications, or the hourly rates charged." [#221] at 1. Plaintiff challenges Defendant Land Title's Motion for two primary reasons. First, Plaintiff believes Defendant Land Title should have interpled the escrow funds with the Court in May 2009 (or before), thus any fees incurred after May 2009 related to this lawsuit were unnecessary and should not be compensable. *Id.* at 2-4. Second, regardless of the amount of fees due to Defendant Land Title, Plaintiff contends Defendant Alberta Town Center, LLC ("Alberta") should pay the fees and costs requested, and the fees and costs should not be subtracted from the escrow funds. *Id.* at 4-5.

Land Title included numerous emails and letters with its Reply, in support of its position that it "repeatedly requested that [Plaintiff] Granite and Alberta stipulate to the deposit of the funds into the Court and dismiss Land Title from the proceedings." [#237]

3

at 1. Land Title contends that Plaintiff was not required to name it as a defendant, and as a result of being named as a defendant by Plaintiff, Land Title had to retain counsel and incur the stated fees and costs. *Id.* at 1-2. Regarding Plaintiff's argument that Alberta should pay Land Title's fees and costs, Land Title asserts that the plain language of the applicable provision from the escrow agreement dictates that Plaintiff, as the initiator of the lawsuit who named Land Title as a party, caused the legal services to be incurred. *Id.* at 5.

For the following reasons, the Court agrees with Defendant Land Title.

## II. Analysis

A party seeking an award of attorneys' fees must demonstrate that the fees requested are reasonable. *See Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007) (unpublished decision). Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Generally, the starting point for any calculation of a reasonable attorneys' fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996). The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion. *Hensley*, 461 U.S. at 436-37.

As stated, Plaintiff does not challenge the number of hours worked or the rates charged by counsel for Land Title, and review of the invoices attached to the Motion indicates to the Court that the hours worked and rates billed are indeed reasonable. However, the Court disagrees with Plaintiff's suggestion that Land Title should have simply

4

interpled the funds earlier in the case, in light of the correspondence produced by Land Title indicating that its suggestions to do so were impeded by Plaintiff and Alberta's inability to agree as to the content of the stipulation.  *See* [#237] (correspondence dated May 5, 20, 26, June 24, July 2, December 17, and 21, 2009; January 13, October 15, and 26, 2010). This correspondence demonstrates to the Court that Land Title diligently pursued the interpleading of the escrow funds, and as a named defendant, had to simultaneously participate in defending the lawsuit, which it did in a reasonable and restrained manner. Thus, the Court rejects Plaintiff's argument that Land Title's request for fees and costs be limited to those incurred in and before May 2009.

The Court rejects Plaintiff's second argument as well.  Pursuant to the general principles of contract law stated in the District Judge's September 2, 2011 Memorandum and Order, common usage and plain meaning of the words in the contract govern its interpretation.  [#195] at 9-10 (citations omitted).  The applicable provision of the escrow agreement prescribes that liability for the reimbursement of fees and costs incurred by the escrow agent if made a party to litigation concerning the escrow funds "shall be paid by the party requesting such services or causing such services to be incurred."  [#201-1] at 5. Pursuant to the common usage and plain meaning of the words "causing such services to be incurred," the Court finds that by initiating the lawsuit (notably prior to the expiration of the 30-day notice required by the terms of the escrow agreement for the interpleading of the escrow funds as discussed in March 2009) and naming Land Title as a Defendant, Plaintiff caused the legal services utilized by Land Title in defending the action to be incurred.

## III. Conclusion

Accordingly, the Court respectfully **RECOMMENDS** that Defendant Land Title's Motion [#210] be **GRANTED**.

The Court FURTHER **RECOMMENDS** that Defendant Land Title be awarded $16,144.10 as reimbursement for its incurred attorneys' fees and costs to be paid from the escrow funds.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: January 25, 2012

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge