IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC,
PETER M. CUDLIP,
DONALD G. PROVOST, and
LAND TITLE GUARANTEE COMPANY

    Defendants.

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff Granite Southlands Town Center, LLC, ("Plaintiff" or "Granite") hereby moves, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, for leave to amend its First Amended Complaint ("Amended Complaint") [Docket No. 34]. Counsel for Plaintiff conferred with counsel for defendants Alberta Town Center, LLC ("Alberta Town Center"), Peter M. Cudlip, and Donald G. Provost (collectively "Defendants") regarding the relief requested in this motion. *See* D.C. COLO. LCiv.R 7.1A. Defendants oppose the relief sought.

### SUMMARY OF MOTION

Pursuant to the Court's minute order dated January 11, 2012, the deadline to move for leave to amend is February 13, 2012. Granite hereby timely moves to amend its Complaint to add a claim for breach of contract related to Alberta's failure to accurately report revenue and expenses from the Southlands Town Center ("Property") and failure to pay amounts owed to

90694489.3

Granite as a result of the parties' agreements to reconcile revenues and expenses after closing on the Property.The proposed Second Amended Complaint is attached hereto as <u>Exhibit 1</u>. The amendment will not unfairly prejudice Defendants because the discovery cutoff is more than five months away – and a great deal of discovery already has been taken on this dispute, dispositive motions are not due until August 31, 2012, and trial will not occur until at least late 2012 (the pre-trial conference is scheduled for October 29, 2012).

Granite recognizes the Court refused Granite's prior request to add the breach of contract claim because, when Granite initially sought leave to amend, the deadline to move for such leave had passed and the case was in its late stages. These considerations, however, are no longer present. On October 19, 2011, the United States Court of Appeals for the Tenth Circuit issued an order reviving a previously-dismissed fraud claim. When the Tenth Circuit issued its order reviving these claims, the Court had already disposed of the remaining claim in the case, which pertained to certain escrowed funds. For that reason, as a practical matter, the Tenth Circuit's order started a new lawsuit, and the Court issued new deadlines for discovery, dispositive motions, expert designations, and the pre-trial conference.

Granite's requested amendment also includes revisions to account for the fact that the escrow dispute already went to trial and has been reduced to a judgment. This warrants deletion of facts and claims relating to the escrow dispute and deletion of Land Title as a party, which has no interest in the remaining claims. The amendment also deletes Allan Provost, now deceased, as a defendant to the existing fraud claim. Granite has added Alberta Town Center as a defendant to the existing fraud claim, which will not have any practical effect on the lawsuit.

Alberta Town Center is a non-operating entity that exists almost entirely for purposes of defending this lawsuit and otherwise disposing of claims against Granite.

The Second Amended Complaint, for which Granite seeks leave to amend:

- Adds a breach of contract claim against Alberta for Alberta's failure to accurately report revenues and expenses and failure to pay the amount owed in reconciling expenses (true-up);

- Adds Alberta as a defendant to the existing fraud claim;

- Deletes Allan Provost (now deceased) and Land Title from the lawsuit; and

- Deletes facts and claims relating to the escrow dispute.

## PROCEDURAL HISTORY

Granite filed this lawsuit on April 8, 2009 [Docket No. 1]. Granite's original complaint sought a declaration that Granite was entitled to certain funds that were deposited into an escrow account when Granite purchased the property known as the Southlands Town Center [Docket No. 1].

On September 16, 2009, Granite filed its First Amended Complaint [Docket No. 34]. The Amended Complaint added claims for fraud and fraudulent inducement [Docket No. 34].

On December 29, 2009, the Court dismissed the fraud claims [Docket No. 85]. The Court later granted the Defendants' motion for entry of judgment on the fraud claims [Docket Nos. 138, 139], and Granite appealed the dismissal of the fraud claims to the United States Court of Appeals for the Tenth Circuit [Docket No. 145].

On April 28, 2010, Granite moved for leave to amend to add a breach of contract claim arising out of the contractual requirement to reconcile, or "true-up," revenues and expenses for the Property accruing from December 2007 through December 2008 [Docket No. 115]. On June

28, 2010, the Court denied Granite's motion to amend because the deadline to move for leave to amend had passed and the case was in its late stages [Docket Nos. 119, 120]. Discovery had closed, dispositive motions had been filed, and amending the complaint would have allowed for additional discovery and dispositive motions [Docket Nos. 119].

The parties tried the escrow claim to the Court on February 14, 2011. On September 14, 2011, the Court entered a judgment stating that Granite is entitled to the escrowed funds and its reasonable and actual attorney's fees, expenses and costs [Docket No. 198].

On October 19, 2011, the United States Court of Appeals for the Tenth Circuit reversed the Court's prior dismissal of the fraud claims [Docket No. 119]. On January 11, 2012, the Court entered a scheduling order establishing deadlines for discovery, dispositive motions, expert designations, and the final pre-trial conference [Docket Nos. 256, 257]. The scheduling order established February 13, 2012 as the deadline to move for leave to amend the pleadings [Docket Nos. 256, 257].

## ARGUMENT AND AUTHORITIES

A party may amend its pleading with the other party's written consent, or with leave of court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.* 3 F.3d 1357, 1365 (*citing Castlegen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

Granting leave to amend is appropriate here. On October 19, 2011, the United States Court of Appeals for the Tenth Circuit issued an order reviving the previously-dismissed fraud

claims. When the Tenth Circuit issued its order reviving these claims, the Court had already disposed of the remaining claim in the case, which pertained to the escrowed funds. For that reason, as a practical matter, the Tenth Circuit's order started a new lawsuit, and the Court issued new deadlines for discovery, dispositive motions, expert designations, and the pre-trial conference.

Importantly, due to the new schedule, many of the considerations that caused the Court to deny Granite's earlier motion for leave to amend to assert the reconciliation claim no longer apply. While Granite filed its prior motion after the Court's deadline to move to amend the pleadings, Granite is filing this motion within the Court's deadline. The discovery cut-off deadline has not passed (it is more than five months away), the dispositive motion deadline is not until August 31, 2012, and trial will not occur until at least late 2012 (the pre-trial conference is scheduled for October 29, 2012). At least five depositions already have been taken concerning the true-up claims: Peter Cudlip, Donald Provost, Alberta representative Steve Zezulak, and Granite representatives Michael Krier and Angela Kralovec. In these circumstances, permitting Granite to amend will not unduly prejudice Alberta Town Center, LLC, especially in light of the fact that most of the discovery pertaining to the true-up claim already has been taken.

Plaintiff's requested amendment will include relatively minor modifications to the live Complaint. A "redline" comparing the changes from the current First Amended Complaint to the requested Second Amended Complaint is attached hereto as Exhibit 2.

## CONCLUSION AND PRAYER

Plaintiff respectfully asks the Court to grant Granite leave to file a Second Amended Complaint attached as Exhibit 1 and for all other and further relief to which Granite is entitled.

Respectfully submitted this 13th day of February, 2012.

>  *//s// Paul Trahan*
> Osborne J. Dykes, III
> Benjamin M. Vetter
> FULBRIGHT & JAWORSKI L.L.P.
> 370 Seventeenth Street, Suite 2150
> Denver, CO  80202
> (303) 801-2700 – Phone / (303) 801-2777 – Fax
> jdykes@fulbright.com
> bvetter@fulbright.com
>
> Paul Trahan
> FULBRIGHT & JAWORSKI L.L.P.
> 98 San Jacinto Blvd., Suite 1100
> Austin, TX  78701
> (512) 474-5201 – Phone / (512) 536-4598 – Fax
> ptrahan@fulbright.com
> *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to attorneys for the remaining parties at the following e-mail addresses:

> Stuart N. Bennett
> Steven R. Kabler
> JONES & KELLER, P.C.
> 1999 Broadway, Suite 3150
> Denver, Colorado 80202
> sbennett@joneskeller.com
> skabler@joneskeller.com
> *Attorneys for Alberta Town Center, LLC*
> *Peter M. Cudlip and Donald G. Provost*

>  *//s// Paul Trahan*