IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC,
LAND TITLE GUARANTEE COMPANY,
PETER M. CUDLIP, and
DONALD G. PROVOST,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Attorneys' Fees and Expenses** [Docket No. 199; Filed September 19, 2011] (the "Motion").  The Motion is referred to this Court for recommendation [#202].  Plaintiff filed an Errata [#200] and a Supplement [#223] to the Motion.  Defendant Alberta Town Center, LLC ("Alberta") submitted a Response in opposition to the Motion and Supplement on October 26, 2011 [#228], and Plaintiff filed a Reply on November 16, 2011 [#239].  At the instruction of the Court, the parties submitted two Status Reports [##248, 253] that additionally relate to the Motion.  The Court has reviewed the briefing, the case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons stated below, the Court respectfully **RECOMMENDS** that Plaintiff's Motion be **GRANTED IN PART**, and Plaintiff be awarded the total sum of $335,328.99 for its attorneys' fees and expenses.

## I.  Procedural Background

Plaintiff initiated this lawsuit on April 8, 2009 [#1].  The case arises from an uncompleted realty transaction between Plaintiff and Defendant Alberta, in which Plaintiff attempted to purchase commercial property from Defendant Alberta.  As part of the deal, Plaintiff and Alberta agreed to place $650,000 of closing funds in escrow ("escrow funds") as security for delivery of certain tenant estoppel certificates by Alberta to Plaintiff. Defendant Land Title was designated as the escrow agent to hold the escrow funds.  One of the tenant estoppel certificates, once delivered by Alberta, was not satisfactory to Plaintiff, thus Plaintiff demanded the return of the escrow funds as provided for by the contract between Plaintiff and Alberta, to which Alberta objected.  Plaintiff then commenced this action seeking the return of the escrow funds.

The District Judge held a bench trial regarding the breach of contract dispute between Plaintiff and Defendant Alberta on February 14, 2011, and entered a Memorandum and Order on September 2, 2011 [#195].  The District Judge concluded that the tenant estoppel certificate at issue did not comply with the form required by the parties' contract, thus Plaintiff was not required to accept the estoppel and was entitled to the escrow funds.  *Id.* at 15.  The District Judge entered judgment in favor of Plaintiff in the amount of $650,000 plus accrued interest and minus the Court registry fee.  [#197] at 2. The Court recognized Plaintiff's entitlement to "recover its reasonable and actual attorney's fees, expenses and costs pursuant to paragraph 12 of the Escrow Agreement and D.C.COLO.LocalCiv.R 54.1."  *Id.*

Paragraph 12 of the Escrow Agreement provides as follows:

The prevailing party in any dispute arising from this Agreement shall be entitled to recover from the non-prevailing party its reasonable and actual attorneys' fees and expenses, including any incurred in connection with any

2

appeal.

[#210-1] at 7. In the Motion and Supplement at issue, Plaintiff requests a total award of $674,477.98 in attorneys' fees and expenses. *Suppl.*, [#223] at 1. Plaintiff indicates that it is seeking fees related *only* to its breach of contract claim. [#199] at 1. Plaintiff bases its request on the lodestar method of calculation. *Id.* at 3. Defendant Alberta opposes the dollar amount sought on the basis of unreasonableness. *See* [#228]. Review of Plaintiff's billing records demonstrates to the Court that the fee request is unreasonable and should be reduced, as further explained below.

## II. Analysis

"In diversity cases, attorney fees are a substantive matter controlled by state law." *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001 (10th Cir. 2008). The District Judge applied Colorado contract law in adjudicating the parties' single breach of contract claim. *See* [#195] at 9. "Colorado follows the general American rule: a party cannot recover legal fees unless a case falls within an exception authorized by a statute, court rule, contractual agreement, or the common law." *West Ridge Group, L.L.C. v. First Trust Co. of Onaga*, 431 F. App'x 656, 660 (10th Cir. 2011) (citation omitted). Here, the contract at issue provides for the award of reasonable and actual attorneys' fees and expenses to the prevailing party. [#210-1] at 7. "[T]he ultimate determination of reasonableness and amount of the fee award is generally left to the sound discretion of the district court." *Combs*, 551 F.3d at 1001 (internal quotation and citation omitted).

Usually, the starting point for any calculation of a reasonable attorneys' fee is the "lodestar"; that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996). Once the lodestar amount is established, "a claimant is

3

entitled to the presumption that this lodestar amount reflects a reasonable fee." *DeGrado v. Jefferson Pilot Fin. Ins. Co.*, No. 02-cv-01533-WYD-BNB, 2009 WL 1973501, at *6 (D. Colo. July 6, 2009). However, the Court should exclude from the lodestar calculation any hours that were not "reasonably expended," taking into consideration that "[c]ases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley*, 461 U.S. at 434. Further, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary." *Id.* The Court is not required to reach a lodestar determination in every instance, and may simply accept or reduce a fee request within its discretion. *Id.* at 436-37.

After extensive review of the Motion and related pleadings, as well as the entire case file, the Court sums up the basis for its decision about the reasonableness of Plaintiff's request as follows. Plaintiff prevailed on its single breach of contract claim against Defendant Alberta after a one-day bench trial. Review of the record demonstrates that this claim did not require exceptional expertise and was not overly complex. The amount at stake was $650,000, plus interest. Plaintiff seeks attorneys' fees in excess of the principal amount at issue, and likewise in excess of the principal amount recovered. Under these circumstances, the award sought by Plaintiff is disproportionately high and inherently unreasonable.

More specifically, the invoices presented by Plaintiff make apparent that Plaintiff brought a bazooka to a fist fight. For example, Plaintiff overstaffed the case with three partner-level attorneys (at billable rates of $433.50 to $552.50 per hour), two senior associates and one junior associate (at billable rates of $212.50 to $348.50 per hour), and numerous staff (including other associates) conducting document review and administrative services (at billable rates of $182.75 to $403.75 per hour). Based on the complexity of the

4

issues, the case could reasonably have been handled by a single partner-level attorney and a single associate-level attorney billing reasonable hours. Additionally, immediate pre-trial and trial services could have reasonably been handled by a single partner-level attorney. Further, the Court agrees with Defendant Alberta that in this case, Plaintiff should not recover fees claimed for services not actually utilized by the client, including drafting of the countermotion for summary judgment and the privilege log, and preparation for a jury trial. *See* [#228] at 6.

In sum, the Court finds that a reasonable amount of attorneys' fees is $280,686.19, plus expenses in the amount of $54,642.80 ([#199-23] at 2), for a total award of $335,328.99. The fee award contemplates full compensation for all hours billed by partner Paul Trahan (as lead attorney) plus one associate's hours (the most senior associate identified in the summary located at Docket No. 223-1, pp. 16-18) for each month invoiced (with the exception of the month of trial, February 2011), less dollars billed for work on the countermotion for summary judgment, the unserved privilege log, jury trial preparation, and the secretary's hours. The fees awarded are set forth below.

- - - - - - - - -

Reasonable Attorneys' Fees:[1] $291,447.44 total

March 2009
    Trahan      2.5 hours         $1,147.50

April 2009
    Trahan      19.55 hours     $8,474.93
    Patrick     6.2 hours        $1,870.85

---

[1] The Court derived this information from Plaintiff's summary located at Docket No. 223-1 at pp. 16-18).

<u>May 2009</u>
  Trahan  4.65 hours  $2,015.78
  Patrick  4.5 hours  $1,357.88

<u>June 2009</u>
  Trahan  7.85 hours  $3,402.98
  Patrick  2.3 hours  $694.03

<u>July 2009</u>
  Trahan  7.7 hours  $3,337.95
  Patrick  2.85 hours  $859.99

<u>August 2009</u>
  Trahan  0.6 hour  $260.10
  Vetter  1.5 hours  $433.50

<u>September 2009</u>
  Trahan  9.9 hours  $4,291.65
  Patrick  5.6 hours  $1,689.80

<u>October 2009</u>
  Vetter  5.2 hours  $1,502.80

<u>November 2009</u>
  Patrick  0.6 hour  $181.05

<u>December 2009</u>
  Trahan  17.9 hours  $7,759.65
  Patrick  38 hours  $11,466.50

<u>January 2010</u>
  Trahan  80.75 hours  $36,721.06
  Patrick  105.4 hours  $33,596.25

<u>February 2010</u>
  Trahan  5.5 hours  $2,501.13
  Patrick  86.2 hours  $27,476.25

<u>March 2010</u>
  Trahan  3.55 hours  $1,614.36
  Patrick  36.2 hours  $10,923.35

<u>April 2010</u>
  Trahan  57.7 hours  $26,239.08
  Patrick  19.5 hours  $6,215.63

<u>May 2010</u>
    Trahan    1 hour    $454.75
    Patrick    1.8 hours    $573.75

<u>June 2010</u>
    Trahan    2.95 hours    $1,341.51
    Patrick    1.45 hours    $462.19

<u>July 2010</u>
    Trahan    13.1 hours    $5,957.23
    Patrick    33.8 hours    $10,773.75

<u>August 2010</u>
    Patrick    0.2 hour    $63.75

<u>September 2010</u>
    Trahan    10.6 hours    $4,820.35
    Patrick    0.4 hour    $127.50

<u>October 2010</u>
    Trahan    0.8 hour    $363.80
    Patrick    5.6 hours    $1,785.00

<u>November 2010</u>
    Trahan    0.9 hour    $409.28
    Patrick    0.1 hour    $31.88

<u>December 2010</u>
    Trahan    6.1 hours    $2,773.98
    Patrick    1.2 hours    $382.50

<u>January 2011</u>
    Trahan    5.6 hours    $2,737.00
    Patrick    6.1 hours    $2,125.85

<u>February 2011</u>
    Trahan    96.7 hours    $47,262.13

<u>March 2011</u>
    Trahan    0.3 hour    $146.63
    Patrick    0.3 hour    $104.55

<u>April 2011</u>
    Trahan    18.1 hours    $8,846.38
    Patrick    3.1 hours    $1,080.35

<u>May 2011</u>
    Trahan      1.5 hours          $733.13
    Patrick     5.9 hours          $2,056.15

Totals:          749.8 hours       $291,447.44 fees

- - - - - - - -

    <u>Specific Subtractions from the Fees</u>: $10,761.25 total

<u>Countermotion for Summary Judgment</u>
    [#199-8] at 2, 1/28/10 entry for Trahan   $936.25

<u>Unserved Privilege Log</u>
    [#199-9] at 6-7:
        2/22/10 entry for JC Neas       $1,292.50
        2/25/10 entry for JD Sherrill    $2,850.00
        2/26/10 entry for SH Briggle    $1,249.50
        2/26/10 entry for JC Neas       $282.00
        2/26/10 entry for JD Sherrill    $1,377.50

<u>Jury Trial Preparation</u>
    [#200-1] at 5-6:
        2/7/11 entry for J S Smith     $750.00
        2/8/11 entry for LD Arnold    $625.00
        2/9/11 entry for J S Smith     $1,062.50

<u>Secretary's Time</u>
    [#199-16] at 4, 2.1 hours          $336.00

- - - - - - - -

As explained above, the Court finds that $291,447.44 is a reasonable amount of attorneys' fees in this case, less $10,761.25 for unnecessary services, for a total award of attorneys' fees in the amount of $280,686.19, plus expenses in the amount of $54,642.80. The total award is $335,328.99.

### III.  Conclusion

Accordingly, the Court respectfully **RECOMMENDS** that Plaintiff's Motion [#199] be **GRANTED IN PART**, and Plaintiff be awarded $335,328.99 in reasonable attorneys' fees

and expenses from Defendant Alberta.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 24, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge