IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,
    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC, and
LAND TITLE GUARANTEE COMPANY,
    Defendants.

## PLAINTIFF GRANITE SOUTHLAND TOWN CENTER, LLC'S OBJECTION TO THE RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE MIX REGARDING ATTORNEYS' FEES

Pursuant to Federal Rule of Civil Procedure 72(b)(2), Granite Southlands Town Center LLC ("Granite") objects to the Recommendation of United States Magistrate Mix (the "Recommendation") [Docket No. 260] because it awards Granite, as the prevailing party, an inadequate amount of attorneys' fees under the parties' agreement and under the evidence presented. The Magistrate's Recommendation proposes that Plaintiff's Motion for Attorneys' Fees and Expenses (the "Motion") be granted in part and that Granite be awarded approximately half of the attorneys' fees it incurred in litigating the Escrow Claim. Granite respectfully asks this Court to consider the Motion and related documents[1] de novo and grant the Motion in its entirety, awarding Granite all of its reasonable attorneys' fees.

---

[1] Specifically, the relevant pleadings include: Plaintiff's Motion for Attorneys' Fees and Expenses [Docket No. 199]; Plaintiff's subsequently filed Errata [#200] and Supplement [#223] to the Motion; Defendant Alberta Town Center, LLC's Response in opposition to the Motion and Supplement [#228]; Plaintiff's Reply [#239]; and two Status Reports [##248, 253] submitted at the Court's direction. Granite adopts and incorporates herein the arguments set forth in the Motion, Supplement to the Motion, and Reply, including all attached affidavits, addenda and exhibits.

86426369.4

> **A.   The attorneys' fees requested are not inherently unreasonable simply because they exceed the amount in controversy.**

The Recommendation begins by concluding that Granite's attorneys' fees were too high because they were greater the principal amount at issue:

> The amount at stake was $650,000, plus interest. Plaintiff seeks attorneys' fees in excess of the principal amount at issue, and likewise in excess of the principal amount recovered. Under these circumstances, the award sought by Plaintiff is disproportionately high and inherently unreasonable.

Recommendation at p. 4.

This conclusion is error. The amount of reasonable attorneys' fees awarded can exceed the amount of damages. *See John Deere Co. v. Catalano*, 525 P.2d 1153, 1157 (Colo. 1974) (finding an attorneys' fee award is not unreasonable because it exceeds the amount of the underlying deficiency judgment); *Mau v. E.P.H. Corp.*, 638 P.2d 777, 780 (Colo. 1982) ("The amount recovered is only one factor to be considered in fashioning an appropriate fee award."). Attorneys' fees are not "disproportionately high" or "inherently unreasonable" because they exceed the amount of the underlying claim. If the rule were otherwise, the amount of a claim would form a cap on the attorneys' fees award when the parties' contractual agreement contains no such cap. A defendant would be rewarded for driving up a plaintiff's attorneys' fees beyond the amount in controversy.

> **B.   The Court's focus should be on the reasonableness of the work performed.**

The Recommendation focuses on the number of attorneys staffed on the case as opposed to the work performed. While the number of timekeepers may be a factor to consider, the key to determining an amount of reasonable attorneys fees is the lodestar method, which focuses on the number of hours reasonably expended multiplied by a reasonable hourly rate. *See, e.g.*, *Hensley*

*v. Eckerhart,* 461 U.S. 424, 433 (1983); *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996).  Except for very limited instances, the Recommendation does not take issue with the work performed or the particular time entries supporting Granite's request for attorneys' fees.[2] Instead, the Recommendation posits that the amount of Granite's reasonable attorneys' fees can be calculated by providing full compensation for all the hours billed by one partner and one senior associate for each month invoiced, with the exception of the month of trial.  *See* Recomm. at p. 5.  Granite objects to this conclusion and methodology on factual and legal grounds.

        1.     <u>This was not a simple case.</u>

As discussed more fully in its Reply in Support of the Motion, the parties never treated this case as a simple dispute over a single tenant estoppel certificate.  *See* Reply at pp. 3–5.  From the case's inception through trial, Alberta attempted to complicate what otherwise might have been a straightforward declaratory judgment action by injecting seemingly unrelated issues (e.g., the cause of ground settlement at the Southlands Town Center) into litigation over the form of the Colorado Cinema's estoppel certificate.  In response, Granite performed the work necessary to refute any of the several defenses it anticipated Alberta would raise at trial.  Perhaps most notably, Granite was required to gather, process, review, and produce all documents related to the ground settlement issue—a tremendous undertaking.  As the Court may recall, consistent with its approach throughout the course of the case, Alberta took the incredible position at trial that the cracked foundation at the Cinema was not material and went so far as to liken the Cinema's cracked foundation to hairline cracks in the tile at the courthouse.

---

[2] The exceptions in the Recommendation specifically recommend reducing an award of attorneys' fees by $10,761.25 for "services not actually utilized by [Granite]."  Recomm. at p. 5–6.

86426369.4         - 3 -

2. <u>Two attorneys would have expended more hours.</u>

Granite disputes the factual conclusion that this matter could have been handled by one partner working with one associate. If this case had been staffed by one partner and one senior associate, those two individuals would have worked a great many more hours than Messrs. Trahan and Patrick did. The Recommendation did not find that all of the work performed by persons other than Messrs. Trahan and Patrick was duplicative. Even if the Court believes less attorneys should have been involved, the Court still should adjust the fee award upward to account for the many tasks that were performed by other individuals that would have fallen to Messrs. Trahan and Patrick if they had been the only two attorneys staffed on the case.

3. <u>The lodestar amount reflects a presumptively reasonable fee.</u>

Limiting the reasonable fees to the hours expended by two attorneys is an arbitrary means of reducing Granite's fee request. Though Courts enjoy significant discretion in awarding attorneys' fees, the lodestar method represents a presumptively reasonable fee. *See Degrado v. Jefferson Pilot Financial Ins. Co.*, No. 02-cv-01533-WYD-BNB, 2009 WL 1973501 at \*6 (D. Colo., July 6, 2009) (*quoting Robinson v. City of Edmond*, 160 F.3d 1275, 1283 (10th Cir. 1998). The approach suggested by the Recommendation does not give sufficient weight to the lodestar method.

**C.  The Recommendation deprives Granite of the chance to recover the bulk of fees incurred in discovery, which were a product of the Defendants' overly broad requests.**

One recently published article states that "discovery costs now comprise between 50 and 90 percent of the total litigation costs in a case." John H. Beisner, *Discovering a Better Way: The Need for Effective Civil Litigation Reform*, 60 Duke L.J. 547, 549 at n.5 and accompanying

text. In this case, Granite managed to limit its discovery-related costs to a lower percentage of overall litigation costs. But even after reducing such fees by 50 percent to account for work performed on unrelated claims, Granite still incurred over $82,000 in discovery. *See* Supp. Motion at Addendum B-3. By tying the amount of reasonable attorneys' fees to the work performed by only two attorneys, the Recommendation deprives Granite of a chance to recover the bulk of the fees it incurred in responding to Alberta's discovery requests.

Granite endeavored to provide a prompt, adequate, and accurate response to the expansive discovery requests propounded by Alberta. To do so, Granite formed a team primarily comprised of junior associates to review, categorize, and produce responsive documents. As Granite has argued in its Reply, by distributing tasks to this Document Review Team, Granite's counsel was able to ensure as speedy a document production as possible while reducing the hourly rate incurred in the process.

The Recommendation's proposed award would punish Granite for engaging in a careful, thoughtful collection of documents at a lower effective hourly rate. Moreover, the approach taken by the Recommendation fails to account for the many additional hours that Messrs. Trahan and Patrick would have expended (at a higher hourly rate) in reviewing the documents assigned to the Document Review Team.

### D. <u>The parties agreed by contract to the recovery of attorneys' fees.</u>

As acknowledged in the Recommendation, the parties agreed by contract that the prevailing party in a dispute would recover its reasonable and actual attorneys' fees and expenses. Hostility toward awarding Granite's full attorneys' fees request is unwarranted. There is nothing offensive about holding each of the parties to the deal struck in the Escrow

Agreement. If the parties desired to limit the amount of recoverable attorneys' fees in a more specific manner—for example, by capping fees or limiting them to the amount in controversy—the parties could have done so contractually. Here, that was not the agreement.

### E. The assistance of local counsel is customary, prudent, and reasonable.

The Recommendation disregards virtually all fees charged by local counsel, even though this dispute was tried in Colorado and governed by Colorado law. As explained in its Motion and Reply, Granite's outside counsel worked with litigators in the firm's Denver office to ensure compliance with local rules, procedures, and custom. Engaging local counsel is a customary, prudent, and reasonable approach to litigation. If Granite's lead counsel had not involved attorneys from its Denver office, Granite would likely have needed local counsel from another firm in Colorado, whose reasonable fees would be recoverable in this action. *See, e.g.*, *Union Pac. R.R. Co. v. W. Int'l Grain Co.*, No. 07-cv-01028-RPM-CBS, 2008 WL 926545 at *3 (D. Colo., April 7, 2008) (awarding both outside and local counsel's reasonable attorneys' fees).

## II. CONCLUSION

Granite respectfully requests that the Court grant its Motion for Attorneys' Fees and Expenses and Supplemental Motion for Attorneys' Fees and Expenses in their entirety, award the full amount of attorneys' fees requested by Granite, and grant all other and further relief to which Granite is entitled.

Respectfully submitted,

*/s/ Paul Trahan*
Osborne J. Dykes, III
Benjamin M. Vetter
FULBRIGHT & JAWORSKI, L.L.P.
370 Seventeenth Street, Suite 2150
Denver, CO  80202
(303) 801-2700 – Telephone
(303) 801-2777 – Facsimile
jdykes@fulbright.com
bvetter@fulbright.com

Paul Trahan
FULBRIGHT & JAWORSKI, L.L.P.
98 San Jacinto Blvd., Suite 1100
Austin, TX  78701
(512) 474-5201 – Telephone
(512) 536-4598 – Facsimile
ptrahan@fulbright.com
**COUNSEL FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that today, March 9, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to attorneys for plaintiffs at the following e-mail addresses:

> Stephen L. Waters swaters@rwolaw.com
> Kimberly A. Bruetsch kbruetsch@rwolaw.com
> ROBINSON WATERS & O'DORISIO, P.C.
> 1099 18th Street, Suite 2600
> Denver, CO 80202
> *Attorneys for Land Title Guarantee*
>
> Stuart N. Bennett sbennett@joneskeller.com
> Steven R. Kabler skabler@joneskeller.com
> JONES & KELLER, P.C.
> 1999 Broadway, Suite 3150
> Denver, CO 80202
> *Attorneys for Alberta Town Center, LLC*

>> */s/ Paul Trahan*
>> Paul Trahan