**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER, LLC,

        Plaintiff

v.

ALBERTA TOWN CENTER, LLC,
PETER M. CUDLIP,
DONALD G. PROVOST, and
LAND TITLE GUARANTEE COMPANY,

        Defendants.

---

**ALBERTA'S RESPONSE TO GRANITE SOUTHLANDS TOWN CENTER, LLC'S
OBJECTION TO THE RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE MIX REGARDING ATTORNEYS' FEES (DOCKET #262)**

---

Defendants Alberta Town Center, LLC, Peter M. Cudlip, and Donald G. Provost ("Alberta"), by and through undersigned counsel, hereby respond to Plaintiff Granite Southlands Town Center, LLC's ("Granite") Objection to the Recommendation of United States Magistrate Judge Mix regarding Attorneys' Fees ("Objection") and state the following in opposition thereto:

## I. INTRODUCTION

The Court ordered the award of **actual** fees and costs. Thus, Granite cannot be awarded fees it did not incur. Neither Granite's application for fees nor its Objection show that Granite actually incurred the fees and costs it seeks. If documentary evidence exists that Granite actually incurred $674,477.98 in attorneys' fees and costs sought in pursuit of a $650,000.00 declaratory judgment claim, that evidence has not been produced. Although Magistrate Judge Mix's

Recommendation (Docket # 260, henceforth "Recommendation") concerning the award of fees and costs does not address this argument, the Court may do so upon *de novo* review.

Because Granite requests that the Court review its entire fee application, the Court may also review other arguments the Recommendation did not address. For instance, the Court may consider the unreasonableness of the rate Granite's lead attorney charged, that Granite's block-billing practices prevent analysis of the reasonableness of the fees it claims, and that Granite's discovery-related fees and expenses are unreasonable. Although Alberta proffered these arguments in opposition to Granite's overreaching request for fees and costs, the Recommendation did not address them. The Court may do so upon *de novo* review.

Even if the Court rejects these arguments, there is no reason why the Court's ultimate award should exceed the Recommendation's suggested award. Granite's Objection simply disagrees with Magistrate Judge Mix's fundamental finding that Granite "overstaffed" this case in light of this case's relative simplicity. In light of Granite's request for fees for thirty-two (32) separate billable personnel, Granite's Objection does not present the Court with any reason to increase the award that Magistrate Judge Mix recommended.

## II.   ARGUMENT

In its September 13, 2011 Final Judgment, the Court ruled that Granite was entitled to $650,000.00 held in an escrow account and that Granite could recover its "**reasonable** and **actual** attorney's fees, expenses and costs[.]" Docket # 198 at 2-3 (emphasis added). As Alberta demonstrated in its Brief in Opposition to Granite's Motion and Supplemental Motion for Attorneys' Fees and Expenses (Docket # 228, henceforth "Alberta's Opposition"), which Alberta hereby incorporates by reference, Granite has not demonstrated the fees and expenses it seeks are either "reasonable" or "actual." The Recommendation did not address these arguments, but the Court may do so because Granite objects to the Recommendation's "conclusion and

methodology," (Objection at 3) triggering a *de novo* review of the entire Recommendation. *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996) ("De novo review is required after a party makes timely written objections to a magistrate's report."). As Granite seeks fees and expenses which are neither "reasonable" nor "actual," no award is appropriate.

> **A.   Granite has Not Demonstrated its Claimed Fees and Expenses—Charged in the Absence of a Fee Agreement to a Third Party—are Actual.**

No documentary evidence exists in the record that Granite actually incurred the fees and expenses it claims. All of Fulbright & Jaworski's ("Fulbright") invoices were addressed and presumably sent to entities that were not parties to the Escrow Agreement giving rise to the Court's award of fees and costs. Specifically, Fulbright's bills were addressed to BlackRock Realty Advisors, Inc. and/or BlackRock Realty Inc. (collectively, "BlackRock"). *See* Alberta's Opposition at 14. BlackRock is neither a party to the Escrow Agreement nor a prevailing party thereunder. The Escrow Agreement does not require Alberta to pay non-parties' attorney fees and expenses.

Granite claims that "The Southlands Legal Invoices [] were charged to Granite as an expense of the Southlands Town Center." Granite's Reply to Alberta's Opposition ("Reply"), Docket # 239 at 19. Granite has not, however, offered any accounting ledger, invoice, bill or other documentary evidence in support of its claim.

The absence of documentation mirrors the absence of a written fee agreement. Pursuant to Magistrate Judge Mix's December 12, 2011 Minute Order (Docket # 250), Granite was required to produce a fee agreement by December 28, 2011. When that deadline passed, Magistrate Judge Mix *sua sponte* extended that deadline on January 3, 2012. Docket # 252. Granite then filed a "Status Report" admitting that no written fee agreement existed between Fulbright and "Granite, any related entity, or any entity, which governs the fees paid for services

rendered by counsel for Plaintiff in relation to the Escrow Claims." Docket # 253. Granite's "Status Report" did not allege or prove the existence of any agreement, written or oral, requiring Granite or any other entity to pay Fulbright's fees in relation to the Escrow Claims. Because the Recommendation does not address the absence of a fee agreement, which informs whether Granite's claimed fees and expenses were "actual," the Court should consider this issue *de novo*.

### B.   Granite has Not Demonstrated its Fees and Expenses are Reasonable.

The absence of a fee agreement is relevant not only to whether fees are actual, but also to whether fees are reasonable. "The existence of a fee agreement is a factor the court **should** consider in determining the reasonableness of a requested fee…." *Balkind v. Telluride Mountain Title Co.*, 8 P.3d 581, 588 (Colo. App. 2000) (emphasis added, citation omitted). As discussed above, the Recommendation did not address Granite's lack of a fee agreement in assessing the reasonableness of Granite's fees. On *de novo* review, the Court may consider the absence of an agreement and other factors that show the unreasonableness of Granite's application, including the following: Granite's lead attorney's excessive hourly rate, Granite's block-billing practices which prevent an analysis of the reasonableness of the claimed fees, and the unreasonableness of Granite's discovery-related fees and expenses.

#### 1.   Paul Trahan's Hourly Rate is Unreasonable.

Although the Recommendation found that the Escrow Claim "did not require exceptional expertise and was not overly complex[,]" (Recommendation at 4) it did not apply this finding to an analysis of the reasonableness of Fulbright attorney Paul Trahan's hourly rate. The complexity of legal issues and expertise required to address those issues in any given case is a factor to be considered when analyzing the reasonableness of an attorney's hourly rate in a fee application. *Mau v. E.P.H. Corp.*, 638 P.2d 777, 779 (Colo. 1981). Given the simplicity of issues involved in this case, Paul Trahan's hourly rate of $575 is unreasonable, especially for an

{JK00367583.4 }                                                    4

attorney with 11 to 15 years of experience (*see* Alberta's Opposition at 19).  Nevertheless, the Recommendation awarded "full compensation for all hours billed by partner Paul Trahan[.]" Recommendation at 5.  The Court should decline to do so on *de novo* review.

### 2. Granite's Block-Billing Practices Preclude Analysis of the Reasonableness of the Requested Fees.

The Recommendation correctly observed that Granite "overstaffed the case," and thereby "brought a bazooka to a fist fight[.]" Recommendation at 4. The Recommendation did not, however, address the issue of Granite's block-billing practices.  These practices preclude the assessment of the reasonableness of any given attorney's time entry.  *See* Alberta's Opposition at 7.  Given Fulbright's block-billing practices, it is impossible to determine whether the two attorneys for whom fees were awarded overbilled for any given set of tasks <u>within</u> a billing entry when some lesser commitment of legal resources would have sufficed.  The Court should consider Granite's block-billing practices on *de novo* review.

### 3. Granite's Requested Discovery-Related Fees and Expenses are Unreasonable.

On *de novo* review, the Court should consider whether Granite's requested discovery-related fees and expenses are unreasonable.  For example, Granite did not accurately apportion its deposition-related fees to the Escrow Claim.  Alberta's Opposition at 10-11.  Additionally, Granite made no showing as to the necessity of $43,337.32 for in-house data management fees.  Alberta's Opposition at 15-16.  The Recommendation addressed neither of these issues, but the Court may do so on *de novo* review.

### C. No Basis Exists to Increase the Recommended Award of Attorneys' Fees and Costs.

Granite disputes Magistrate Judge Mix's determination that this case was a simple and straightforward dispute. The Court should reject Granite's argument and recognize that it does not justify an award which increases the substantial fees and costs already recommended.

Granite argues that the sole basis for the Recommendation's reduction of its award was that its fees were "disproportionately high" compared to the relief Granite obtained. This was one factor justifying a reduction in the claimed fees. However, the Recommendation did not rely exclusively on this factor, but instead recommended a reduction of Granite's claimed fees based upon "extensive review" of the "entire case file," which revealed the brevity of the trial before the Court on a single issue which was "not overly complex." Recommendation at 4. Nevertheless, Granite insists that this "was not a simple case," (Granite's Objection at 3 (text deemphasized from heading)) and that it therefore deserves the entirety of its fee request (its "bazooka," Recommendation at 4). Granite's Objection at 4-6.

The simplicity of the legal issue determined by a one-day trial to the Court constitutes the overall "circumstances" that Magistrate Judge Mix considered in addition to the disproportionality of Granite's request. Recommendation at 4. Based on this conclusion, Magistrate Judge Mix determined that "the case could reasonably have been handled by a single partner-level attorney and a single associate-level attorney billing reasonable hours." Recommendation at 5. Magistrate Judge Mix only saw the "amount recovered" as "one factor to be considered in fashioning an appropriate fee award." *Mau v. E.P.H. Corp.*, 638 P.2d 777, 780 (Colo. 1982). There is no error in Magistrate Judge Mix's determination serving as one factor limiting Granite's recoverable fees.

There is likewise no error in applying this determination to limit Granite's awardable fees to the amount charged by two attorneys billing "reasonable hours." Recommendation at 5. Granite argues that Messers. Trahan and Patrick would have worked many more hours had they been the only attorneys working on the case. Granite's Objection at 4. Granite's argument is not persuasive, as concentrating the collective unreasonable expenditure of overall attorney time onto two timekeepers does not make that unreasonable expenditure of time any less unreasonable.

Granite also claims that Magistrate Judge Mix did not "give sufficient weight to the lodestar method." Granite's Objection at 4. However, the lodestar method is based on "the number of hours reasonably expended…." Recommendation at 3 (citations omitted). Granite bases its Objection on the premise that the number of hours it expended was reasonable. As Magistrate Judge Mix rejected that premise when she found that Granite "overstaffed the case[,]" so too should the Court reject Granite's argument. Recommendation at 4.

Magistrate Judge Mix's finding that Granite overstaffed the case led her to refuse to recommend the award of the bulk of Granite's fees related to "document review…." Recommendation at 4. Granite states that this would "punish" Granite for its approach to document review and "fails to account for the many additional hours that Messers. Trahan and Patrick would have expended…in reviewing the documents[.]" Granite's Objection at 5. However, the Recommendation does account for those many additional hours: it deemed them unreasonable. Recommendation at 4-5. So too should the Court.

Granite claims that the Recommendation showed unwarranted "[h]ostility toward awarding Granite's full attorneys' fees[.]" Granite's Objection at 5-6. This argument recasts Granite's invalid assertion that the Recommendation's analysis turned solely on a comparison of

{JK00367583.4}                                       7

the relief obtained and the fees sought. As the Recommendation suggested an award in excess of one-third of one million dollars, it hardly evidences unwarranted hostility toward Granite or its counsel.

Finally, Granite objects to the Recommendation's refusal to award fees charged by local counsel, whom Granite had engaged to "ensure compliance with local rules, procedures, and custom." Granite's Objection at 6. However, given that this case was "not overly complex[,]" and did not implicate any nuanced Colorado-specific rules, procedures, or customs, Magistrate Judge Mix likely considered local counsel to be part of Granite's "overstaffed" approach. Recommendation at 4. Granite's argument in this respect does not provide any basis for the Court to increase the amount of fees the Court awards, if any.

### III.   CONCLUSION

Serious questions remain concerning whether Granite incurred any "actual" fees at all. Granite has done nothing to put those questions to rest. Additionally, the Court should consider several other unreasonable aspects of Granite's fee application pursuant to its *de novo* review of the Recommendation. Finally, Granite's Objection does nothing to warrant an award higher than that recommended by Magistrate Judge Mix. Therefore, the Court should decline to award any fees at all, much less an award in an amount higher than that set forth in the Recommendation.

DATED:   March 22, 2012.

Respectfully submitted,

*s/   Stuart N. Bennett*
Stuart N. Bennett
**JONES AND KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone:        (303) 573-1600
Fax:                   (303) 573-8133
E-mail:              sbennett@joneskeller.com
Attorneys for Defendant Alberta Town Center, LLC

{JK00367583.4 }                                   8

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | | |
|---|---|---|
| *Attorneys for Plaintiff Granite Southlands Town Center, LLC* | jdykes@fulbright.com bvetter@fulbright.com | Osborne J. Dykes, III Benjamin M. Vetter Fulbright & Jaworski LLP 370 – 17th Street, Suite 2150 Denver, CO   80202 |
| *Attorneys for Plaintiff Granite Southlands Town Center, LLC* | ptrahan@fulbright.com | Paul Trahan Fulbright & Jaworski LLP 600 Congress Avenue, Suite 2400 Austin, TX  78701 |
| *Defendant Land Title Guarantee Company* | kbruetsch@rwolaw.com | Kimberly A. Bruetsch Robinson, Waters & O'Dorisio PC 1099 – 18th Street, 26th Floor Denver, CO   80202 |

And I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner indicated by the non-participant's name:    NONE

*s/   Stuart N. Bennett*
Stuart N. Bennett
Attorneys for Defendant Alberta Town Center, LLC
**JONES AND KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone:          303-573-1600
Fax:                     303-573-8133
E-mail:                sbennett@joneskeller.com