IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER, LLC,

       Plaintiff

v.

ALBERTA TOWN CENTER, LLC,
PETER M. CUDLIP,
DONALD G. PROVOST, and
LAND TITLE GUARANTEE COMPANY,

       Defendants.

## ALBERTA'S RESPONSE IN OPPOSITION TO GRANITE'S MOTION FOR LEAVE TO AMEND COMPLAINT (DOCKET #259)

Defendant Alberta Town Center, LLC, ("Alberta"), and Defendants Peter M. Cudlip and Donald G. Provost ("Principals"), by and through undersigned counsel, hereby respond to Plaintiff Granite Southlands Town Center, LLC's ("Granite") Motion for Leave to Amend Complaint (Docket #259, henceforth "Motion") and state the following in opposition thereto:

### I.    INTRODUCTION

Granite's Motion seeks, for a fifth time, to amend its complaint in this action. Granite's Motion proposes to add a breach of contract claim against Alberta which is identical to the breach of contract claim Granite's sought leave to file nearly two years ago on April 28, 2010. *See* Docket #115. Granite also seeks to add Alberta to the existing fraud claim against Principals. Granite asserted a nearly identical claim in its second and third motions to amend, filed January 13, 2010 and February 16, 2010, respectively. *See* Docket #87-1 and #109. Alberta opposes Granite's Motion insofar as it attempts to add claims against Alberta because

{JK00360611.7}       1

final judgment entered against Alberta and therefore the proposed amendment is barred by the doctrine of res judicata or claim preclusion.  Alberta is presently only a party to this litigation for the limited purpose of the Court's determination of the amount that Alberta owes for Granite's attorney fees as the prevailing party in the Court's Final Judgment on September 13, 2011, Docket #198. The Court's jurisdiction over Alberta is thus limited to the narrow issue of the amount of Granite's attorney fees.

If the Court had jurisdiction to entertain Granite's Motion, it should still be denied for the same reasons that the Court previously denied Granite's second and third motions to amend (Docket #110), and the reasons set forth in Magistrate Judge Mix's recommendation (Docket # 119, henceforth "Recommendation"), adopted by the Court (Docket # 120), for denying Granite's fourth motion to amend.  Granite did not object to the Recommendation, did not move the Court to reconsider any of the Court's rulings denying its three motions to amend, and has not pursued a cross-appeal of the Court's rulings on the motions to amend after entry of final judgment in Granite's favor on its claim against Alberta.

Granite makes no effort to demonstrate that the Court's previous denials of its motions to amend are now incorrect and should be changed.  The Court previously rejected Granite's motions to amend on the grounds that Granite failed to demonstrate "good cause" pursuant to F.R.C.P. 16(b) as well as the Court's exercise of discretion under F.R.C.P. 15(a).  Granite has not offered any compelling reason why the Court's analysis should differ this time around.  Indeed the following additional reasons exist to deny Granite's Motion: (1) the futility of the amendment, and (2) Granite's waiver of the right to further amend its claims.  The Court should therefore deny Granite's Motion insofar as it seeks to make additional claims against Alberta. The Defendants do not oppose the Motion's proposed deletion of claims against decedent Allan

Provost, dismissal of Land Title from the lawsuit, and elimination of allegations relating to the escrow claim that has now been finally adjudicated against Alberta.

## II.   ARGUMENT

### A.   Granite is Barred by Res Judicata from Asserting Additional Claims Against Alberta Related to this Transaction.

"Res judicata, or claim preclusion, precludes a party or its privies from relitigating issues that were **or could have been raised** in an earlier action, provided that the earlier action proceeded to a final judgment on the merits."  *King v. Union Oil Co. of Calif.*, 117 F.3d 443, 445 (10th Cir. 1997) (emphasis added).  Res judicata requires satisfaction of four elements:

> (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.

*Plotner v. AT & T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000).  This case meets each one of these elements, conclusively demonstrating that res judicata bars Granite's additional claims against Alberta.  While the requirement of a "full and fair opportunity to litigate" is sometimes characterized as "not actually an element of res judicata, but rather an exception to the application of claim preclusion when the [first] three referenced requirements are otherwise present," its characterization is "immaterial to the question of whether there was such an opportunity in the instant case." *Id.* at 1168; *id.* at 1170 n. 4 (internal quotation marks and citations omitted).

Granite admits that the Tenth Circuit's remand order "started a new lawsuit[.]"  Motion at 2; *id.* at 5.  Granite's admission and the procedural posture of its Motion demonstrate that the application of res judicata in this case is appropriate.  "Where a plaintiff's motion to amend its complaint in the first action is denied, and plaintiff fails to appeal the denial, res judicata applies to the claims sought to be added in the proposed amended complaint." *EFCO Corp. v. U.W.*

*Marx, Inc.*, 124 F.3d 394, 399-400 (2nd Cir. 1997). Because res judicata bars Granite's requested additional claims against Alberta, the Motion is futile and should be denied. *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997).

### 1. The First and Second Elements: Judgment on the Merits and Identical Parties

There can be no dispute that the first two res judicata elements are met in this case. Granite proceeded against Alberta to final judgment. On September 13, 2011, this Court disposed of Granite's only claim for relief in this dispute. *See* Final Judgment, Docket # 198. On September 30, 2011, Alberta initiated a timely appeal of the Final Judgment. Alberta's Notice of Appeal, Docket # 214. Granite did not cross-appeal. The Tenth Circuit reversed this Court's dismissal of Granite's fraud claims against Principals on October 19, 2011. Following the Tenth Circuit's remand of the fraud claims back to this Court, Granite filed the instant Motion on February 13, 2012. The Court's Final Judgment completely disposed of the dispute between Granite and Alberta on the merits. Alberta and Granite are the identical parties in Granite's proposed amended complaint as the parties to the Court's Final Judgment.

### 2. The Third Element: Based on the Same Cause of Action

The third res judicata element, that the suit must be based on the same cause of action, is also met in this case. To determine if a suit is based on the same cause of action, the Tenth Circuit has "adopt[ed] the transactional approach of the *Restatement (Second) of Judgments*[.]" *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335 (10th Cir. 1988). This approach considers "a valid and final judgment" which disposes of a plaintiff's claim to conclusively encompass "'**all rights of the plaintiff to remedies against the defendant** with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" *Id.* (quoting *Restatement (Second) of Judgments*, § 24(1)) (emphasis added). The

determination of what "'factual grouping constitutes a transaction…[is] to be determined pragmatically,'" in consideration of the following factors:

> [W]hether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*Id.* (quoting *Restatement (Second) of Judgments*, § 24(2)) (some internal quotation marks omitted).

Granite's Motion seeks to add claims against Alberta which are clearly "part of the transaction" that was adjudicated in the Court's Final Judgment. This is true in a very literal sense, as they arise from the **same commercial property transaction**. As such, they are closely related in "time, space, [and] origin" to the claim decided in the Court's Final Judgment. Indeed, Granite's proposed breach of contract claim stems from the same contract. Similarly, Granite's proposed addition of Alberta as a defendant to the fraud claim asserts facts related to the same commercial property transaction. The close relationship between Granite's proposed additional claims against Alberta and the claim which the Court decided in its Final Judgment demonstrates that the third res judicata element is met in this case.

### 3. Quasi-Element Four: Full and Fair Opportunity to be Heard

Regardless of whether "full and fair opportunity" is an element of res judicata, Granite had a full and fair opportunity to litigate the claims it seeks to add. The inquiry into whether a party had a full and fair opportunity to be heard focuses on "whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir. 1990) (*citing* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4423 at 216-226 (1981)). Where a party's

own inaction causes a subsequent court order to preclude the party's claims, it is "difficult to label [the] court order as the culprit in denying [the party] a full and fair opportunity to be heard." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1229 (10th Cir. 1999).

Granite had a full and fair opportunity to be heard on its breach of contract claim, but squandered that opportunity. Magistrate Judge Mix found that the information giving rise to Granite's breach of contract claim "has been in Plaintiff's possession throughout the litigation of this case." Recommendation at 5. Nevertheless, Granite failed to timely assert the claim. Granite's Motion does not attempt to justify Granite's lack of "diligence," or its lack of a "valid excuse for its delay in filing [its April 28, 2010] motion to amend[.]" *Id.* Further, Granite's Motion does not address its "repeated failure to identify and correct alleged pleading deficiencies[,]" or its "undue delay and repeated failure to cure." *Id.*

It is of no moment that Granite's breach of contract claim was not previously heard. Granite had full and fair **opportunity** to be heard, and lost that opportunity through its own inaction. The Court's order denying Granite leave to amend is not the "culprit" in the failure of Granite's breach of contract claim to be heard. *Yapp*, 186 F.3d at 1229. But for Granite's neglect, the breach of contract claim against Alberta "could have been raised," but was not. *King*, 117 F.3d at 445. Granite could have objected to the Recommendation, but did not. Granite could have moved the Court to reconsider its Order adopting the Recommendation (Docket # 120), but did not. Granite could have sought to have had that Order certified as final pursuant to F.R.C.P. 54(a) and appealed (although it lost that right by failing to object to the Recommendation, *see Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)), but did not. Instead, Granite proceeded on the merits to the point of obtaining the Court's Final Judgment.

Res judicata conclusively bars Granite's claims because Granite made "no effort to have the district court revisit its interlocutory and discretionary order" adopting the Recommendation that its motion to amend be denied and instead proceeded on the merits against Alberta all the way to judgment. *Yapp*, 186 F.3d at 1229. The unchallenged denial of Granite's motion to amend was thus not a "significant procedural limitation," but rather the product of Granite's neglect. *SIL-FLO, Inc.,* 917 F.2d at 1521.

Similarly, Granite's attempt to add Alberta to its fraud claim must fail. Granite's lack of diligence with respect to its breach of contract claim pales in comparison to its untimely attempt to now add Alberta as a defendant to the fraud claim. Granite alleges no different facts against Alberta for the basis of its proposed fraud claim than it does against the Principals—facts which it has alleged in court pleadings since September 4, 2009. *See* Plaintiff's First Amended Complaint, Docket # 31. This is clear from the redline version of Granite's proposed second amended complaint, which contains only deletions from the "Fraud Facts" section and the addition of Alberta to the list of defendants against whom the fraud claim is asserted. *See* Motion at Exh. 2, pp. 4-11, 14. If Granite's attempt to add its breach of contract claim was untimely in its April 28, 2010 motion to amend, Granite's current attempt to add Alberta to the fraud claim is doubly so.

Granite never sought to certify as final any denial of a motion to amend which proposed adding a fraud claim against Alberta. In its September 2, 2010 Judgment Pursuant to Fed. R. Civ. P. 54(b) (Docket # 138), the Court only certified as final its dismissal of the fraud claims against the Principals (Docket # 85). The Tenth Circuit explicitly did "not address the denial of the motion for reconsideration[,]" Docket # 87, which had sought to add Alberta as a fraud claim defendant. *See* "Order and Judgment" of Tenth Circuit dated October 19, 2011 in Appellate

Case No. 10-1453 at 2 n. 1 (henceforth "Tenth Circuit Footnote").  Nor could the Tenth Circuit have done so, as the Court's denial (Docket # 110) of that motion was not certified as final.

The Tenth Circuit's reversal only applied to "the order dismissing the Principals[.]" Tenth Circuit Footnote.  Although the Tenth Circuit Footnote suggested that the Court may reconsider its denial of Granite's fourth motion to amend (Docket # 120), Alberta was not named as a fraud claim defendant in the fourth motion to amend's proposed amended complaint.  *See* Docket # 115 at Exh. 1, p. 13.  Therefore, the Tenth Circuit's suggestion only applies to the addition of the breach of contract claim.  For the reasons set forth above, while the Court may reconsider Granite's motion to amend, the Motion must be denied now that Granite has proceeded to final judgment against Alberta.

This convoluted procedural posture does not change the simple conclusion that Granite's attempt to add Alberta as a fraud claim defendant is barred by res judicata.  A contrary conclusion by the Court would also exceed the scope of the Tenth Circuit's mandate in violation of the mandate rule.  *Henderson v. Stalder*, 407 F.3d 351, 354 (5th Cir. 2005) (where appeals court "narrowly altered" a ruling to permit party to assert claim, district court erred in permitting additional party to join suit on remand).

**B.   Granite's Motion Does Not Offer Compelling Reasons to Overcome the Court's Rationales for Denying Leave to Amend.**

Conspicuously absent from Granite's Motion is any justification why Alberta should be added as a defendant to the reinstated fraud claim against the Principals.  Rather than attempt to justify the behavior which so concerned Magistrate Judge Mix, Granite states that the remand order from the Tenth Circuit "started a new lawsuit[,]" (Motion at 2; *id.* at 5) which somehow wipes the slate clean and excuses Granite's past lack of diligence.  It does not.

The Recommendation rejected Granite's attempt to justify its "Fourth Motion to Amend" on the basis of newly discovered evidence. Recommendation at 4-5. In doing so, Magistrate Judge Mix observed that the information "has been in Plaintiff's possession throughout the litigation of this case." *Id.* at 5. After noting that Granite's behavior "does not evidence diligence on Plaintiff's part[,]" Magistrate Judge Mix drew the following conclusion:

> [Plaintiff] has not offered a valid excuse for its delay in filing a motion to amend and, thus, has not shown "good cause" pursuant to [F.R.C.P.] 16(b). The Fourth Motion to Amend is subject to denial on this basis alone.

*Id.*

In undertaking a separate analysis under F.R.C.P. 15(a), the Recommendation observed that Granite's "Fourth Motion to Amend" was subject to denial because of Granite's lack of "a persuasive reason for the [filing] delay[,]" its "repeated failure to identify and correct alleged pleading deficiencies[,]" and its "undue delay and repeated failure to cure." Recommendation at 6-7 (citation omitted). Granite made no attempt to show why its present (i.e., fifth) Motion to amend, should not be denied on the same grounds.

Magistrate Judge Mix additionally noted that the "Fourth Motion to Amend is also subject to denial on the basis of undue prejudice to Defendant." *Id.* at 9. This threat of undue prejudice to Alberta remains; should Granite again make Alberta a defendant, myriad depositions and other discovery proceedings already completed in this case with respect to Alberta may have to be reopened. As Granite's Motion seeks futile amendment and asserts rights that Granite has already waived, the Court should deny this Motion and spare Alberta the undue prejudice of being reinserted into this case.

{JK00360611.7 }    9

### 1. The Court Should Deny Granite's Motion, because it Seeks Futile Amendment.

Granite's Motion misstates the contractual obligation between the parties which it alleges Alberta breached. The breach of contract claim sought by Granite's Motion is therefore futile, counseling denial of Granite's Motion. *Grossman*, 120 F.3d at 1126.

Granite bases its new breach of contract claim on a contract provision which was deleted by subsequent amendment of the Forward Purchase and Sale Agreement ("FPSA"), did <u>not</u> expressly survive the closing of the property, and was released. Granite bases its new breach of contract claim on "Paragraph 5 of the Eighth Amendment to the FPSA." Motion at Exh. 1, p. 7 n. 7. However, the Fifteenth Amendment to the FPSA, dated December 8, 2008, explicitly deleted this provision: "Section 5 of the Eighth Amendment to [the FPSA] is hereby amended by deleting it in its entirety." <u>Exh. A</u> at ¶ 4. The parties agreed to release <u>all</u> claims against each other arising out of the FPSA except for "any terms or provisions of the [FPSA] which are expressly stated to survive the closing of the [FPSA] (including, without limitation, any obligation to 'true-up' proration items)[.]" <u>Exh. A</u> at ¶ 9; <u>Exh. A</u> at Exhibit C thereto, ¶¶ 3(i), 4(i), and 5(i). The contract provision upon which Granite bases its proposed breach of contract claim did not survive the closing because it was deleted. Granite therefore released any claim based on Paragraph 5 of the Eighth Amendment to the FPSA.

The parties furthermore agreed that "[n]otwithstanding anything in the [FPSA] to the contrary, Alberta and [Granite] shall reconcile the proration of Property expenses (including common area expenses) made at Closing…." <u>Exh. A</u> at ¶ 11. However, the only item which was prorated at closing was rent from tenants of the property. *See* Settlement Statements of Buyer and Seller, attached as <u>Exhibit B</u>. No property expenses were prorated at closing. *Id.*

Granite states that "the parties agreed to share revenues and expenses from the Property from December 14, 2007 through closing, which was December 12, 2008." Motion at Exh. 1, ¶ 15.  This statement is the basis for Granite's "true-up" claim, but the contractual provision to which Granite refers was not among the FPSA provisions which survived the closing due to that provision's explicit deletion.  Granite therefore released any claims relating to that provision.  Granite can only maintain a claim for a "true-up" of expenses which were <u>prorated at closing</u>.  As no expenses were prorated at closing, neither party has such a "true-up" obligation.  Granite's proposed breach of contract claim is based on a contract obligation which does not exist, has been released, or both.

A breach of contract claim cannot be maintained upon a non-existent contractual obligation.  Granite's attempt to add a breach of contract claim where no contractual obligation exists is therefore futile, and the Motion should be denied insofar as it seeks that relief.  *Dell v. Heard*, 532 F.2d 1330, 1334 (10th Cir. 1976) (amendment futile where underlying facts or circumstances are not a proper subject of relief); *Anapoell v. Am. Express Bus. Fin. Corp.*, 2009 WL 766532 at **3-4 (10th Cir. Mar. 24, 2009) (affirming trial court's dismissal of breach of contract claim and its finding that granting leave to amend would be futile where party alleged "breach of a promise that was never made").

Granite's Motion is furthermore futile because of the doctrine of the law of the case.  The Tenth Circuit's reversal does not change the Court's previous F.R.C.P. 15(a) analysis of the impropriety of Granite's attempt to add a breach of contract claim.  When the Court adopted the Recommendation, these conclusions became the law of the case.  *Lyddan v. United States*, 1982 WL 1706 at *2 (D. Conn. Oct. 25, 1982) *aff'd*, 721 F.2d 873 (2nd Cir. 1983). The Court should

therefore deny Granite's Motion insofar as it seeks to add the breach of contract claim, as the law of the case renders Granite's proposed amendment futile.

> **2.     Granite has Waived its Ability to Assert a Breach of Contract Claim Due to its Inaction in Response to the Recommendation and the Court's Order.**

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore*, 950 F.2d at 659 (citations omitted). That rule "provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.* A failure to object to a magistrate's recommendation "waive[s] the right to challenge the magistrate judge's [recommendation] and, necessarily, waived the right to seek the same relief before [the District Court Judge] through a separate motion…." *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1120 (D. Colo. 2006) (citing Fed. R. Civ. P. 72(a)).

Granite did not object to the Recommendation. Docket # 120 at 1. Thus, the Tenth Circuit's decision did not effectuate any appellate review of the Recommendation or the Court's Order adopting same, nor could it have due to Granite's failure to object to the Recommendation. *Makin v. Colorado Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999) ("failure to object [to magistrate recommendation] precludes our consideration of [argument] on appeal").

Granite's failure to object also means that Granite waived its right to move the Court to either not adopt or reconsider its adoption of the Recommendation. *Cook*, 580 F. Supp. 2d at 1120; *see also Salgado-Candelario v. Ericsson Caribbean, Inc.*, 614 F.Supp. 2d 151, 164 (D. P.R. 2008) (failure to file objections to magistrate's recommendation "may preclude further review by the district court"); *Dommisse v. Napolitano*, 474 F.Supp.2d 1121 (D. Ariz. 2007) aff'd 340 Fed. Appx. 384 ("To the extent that no objection was made to magistrate's report and recommendation, both plaintiff's and defendants' arguments…were waived.").

Granite had numerous avenues available to protect its rights and instead opted for inaction. There is no evidence in the record that Granite inadvertently failed to object to the Recommendation or that Granite did not know the consequences of failing to do so. "'Waiver is the intentional relinquishment of a known right or privilege.'" *Sellers v. Allstate Ins. Co.*, 82 F.3d 350, 352 (10th Cir. 1996) (quoting *Department of Health v. Donahue*, 690 P.2d 243, 247 (Colo.1984)). Granite's intentional relinquishment of its known rights to act in a manner to protect its interest in amending its complaint evinces a waiver of that right, constituting grounds for denial of the Motion.

### III. CONCLUSION

The doctrine of res judicata prohibits granting Granite's Motion insofar as Granite seeks to add claims against Alberta. Granite had every opportunity, but its own lack of diligence prevented it from doing so. Neither the Tenth Circuit's decision nor Granite's Motion justifies granting Granite the relief the Court previously denied. The passage of additional time does not somehow excuse Granite's previous lack of diligence pursuing its claims. In fact, Granite faces more obstacles now in adding a breach of contract claim than it faced before due to the doctrine of futility—based on the plain language of the contract and the law of the case—as well as Granite's waiver of its right to amend. Therefore, the Court should again decline to permit Granite to assert claims against Alberta and deny the Motion.

DATED: March 22, 2012.

Respectfully submitted,

*s/ Stuart N. Bennett*
Stuart N. Bennett
**JONES AND KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202

Telephone: (303) 573-1600
Fax: (303) 573-8133
E-mail: sbennett@joneskeller.com
Attorneys for Defendant Alberta Town Center, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | | |
|---|---|---|
| *Attorneys for Plaintiff Granite Southlands Town Center, LLC* | jdykes@fulbright.com<br>bvetter@fulbright.com | Osborne J. Dykes, III<br>Benjamin M. Vetter<br>Fulbright & Jaworski LLP<br>370 – 17th Street, Suite 2150<br>Denver, CO   80202 |
| *Attorneys for Plaintiff Granite Southlands Town Center, LLC* | ptrahan@fulbright.com | Paul Trahan<br>Fulbright & Jaworski LLP<br>600 Congress Avenue, Suite 2400<br>Austin, TX  78701 |
| *Defendant Land Title Guarantee Company* | kbruetsch@rwolaw.com | Kimberly A. Bruetsch<br>Robinson, Waters & O'Dorisio PC<br>1099 – 18th Street, 26th Floor<br>Denver, CO   80202 |

And I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner indicated by the non-participant's name:    NONE

    *s/    Stuart N. Bennett*
    Stuart N. Bennett
    Attorneys for Defendant Alberta Town Center, LLC
    **JONES AND KELLER, P.C.**
    1999 Broadway, Suite 3150
    Denver, CO 80202
    Telephone:         303-573-1600
    Fax:                   303-573-8133
    E-mail:               sbennett@joneskeller.com