IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,

        Plaintiff,

v.

ALBERTA TOWN CENTER, LLC,
PETER M. CUDLIP,
DONALD G. PROVOST, and
LAND TITLE GUARANTEE COMPANY

        Defendants.

## REPLY IN SUPPORT OF PLAINTIFF'S
## MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff Granite Southlands Town Center, LLC, ("Plaintiff" or "Granite") respectfully submits this reply brief in support of its motion for leave to amend its complaint [Docket No. 259].

### INTRODUCTION

In its motion to amend, Granite demonstrated that its proposed amendments to the operative complaint in this matter would not prejudice Alberta Town Center, LLC ("Alberta") because the discovery cutoff is months away, dispositive motions are not due until August 31, 2012, and trial will not occur until at least late 2012.

In response, Alberta argues that this is now a new lawsuit and the doctrine of res judicata prevents Granite from amending its complaint. This is not a new lawsuit. Granite filed this suit in 2009, the Court dismissed Granite's fraud claim in 2009, and this is simply a continuation of

52047032.1

the case after the Tenth Circuit reinstated the dismissed claim. Granite did not file a second lawsuit and the doctrine of res judicata has no application here. The Tenth Circuit even noted in its opinion reversing the dismissal of the fraud claim that the Court should reconsider Granite's prior motion to file a second amended complaint on remand.

Alberta further asserts that Granite waived its right to amend its complaint because Granite did not challenge a prior order by the Court denying a motion to amend. Granite has not and is not seeking to challenge the Court's prior order. Alberta is characterizing the current motion as an objection to the Court's prior order so that Alberta can argue waiver and undue delay. Granite filed this motion based on new, changed circumstances that did not exist at the time of the Court's prior order—namely that the Tenth Circuit reinstated Granite's fraud claim and the Court issued new deadlines for discovery, dispositive motions, expert designations, and the pre-trial conference.

Alberta's remaining arguments are without merit. Alberta asserts that the motion to add Alberta as a fraud defendant is untimely. Granite could not assert this claim until the Tenth Circuit reinstated the fraud claim, and Granite moved to amend its complaint and add this claim within the deadline established by the Court's revised scheduling order issued after the Tenth Circuit reinstated the fraud claim. Granite's motion was timely according to this Court's deadline, and Alberta does not and cannot suggest otherwise. Alberta also asserts that amending to add a breach of contract claim would be futile because the contractual obligation that Granite seeks to enforce does not really exist. This not only goes to the merits—which are immaterial for purposes of Granite's motion—but Alberta misstates the allegations in the proposed amended complaint to reach this conclusion. Not only is there a controversy, Alberta itself sought to

enforce this same contractual obligation in prior pleadings as the Court is well aware. In fact, Alberta was careful to dismiss its "true-up" counterclaim *without prejudice*, fully recognizing the dispute remained, and remains, unresolved. There is no surprise or prejudice here.

## ARGUMENT

### I. PLAINTIFF'S BREACH OF CONTRACT CLAIM IS NOT BARRED BY RES JUDICATA

Alberta asserts that Granite is barred by the doctrine of res judicata from amending its complaint to assert additional claims against Alberta. Resp. at 3-8.[1] Res judicata does not apply here. As Alberta acknowledges, in order for res judicata to apply, "the prior suit must have ended with a judgment on the merits." Resp. at 3 (*citing Plotner v. AT&T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000)). Here, although Granite's claim to certain escrowed funds has been resolved in Granite's favor, claims remain in this lawsuit and the lawsuit has not ended. Prior to the trial of the escrow claim, Granite appealed the dismissal of its fraud claim. The Tenth Circuit reversed the dismissal of the fraud claim and this lawsuit is still pending. *Granite Southlands Town Center, LLC v. Provost*, 445 Fed. Appx. 72 (10th Cir. 2011) [Docket No. 222]. Simply stated, this lawsuit is not over, Granite has not filed a second lawsuit, and the doctrine of res judicata has no application here.

The Tenth Circuit is clear that trial courts may consider further motions to amend when a case is sent back on remand, especially where changed circumstances may warrant such a motion. In *Cannon v. City and County of Denver*, 998 F.2d 867 (10th Cir. 1993), for example, the district court entered summary judgment in favor of the defendants. The district court also

---

[1] Citations to "Resp." are to Alberta's Response In Opposition to Granite's Motion for Leave to Amend Complaint [Docket No. 264]. Citations to "Mtn." are to Plaintiff's Motion for Leave to Amend Complaint [Docket No. 259].

denied a motion to amend the pleadings. 998 F.2d at 869. The Tenth Circuit held that the claim of error in denying the motion for leave to amend had no merit. *Id.* at 879. The Tenth Circuit, however, did reverse the grant of summary judgment and remanded the case to the district court. *Id.* at 879. The Tenth Circuit went on to explain that even though it found no error with respect to the denial of the motion to amend, its ruling was "without prejudice to a further motion to amend on remand," and that "[t]he district judge may consider such motion on remand of the case." *Id.* Similarly, in this case, the Tenth Circuit held that because it was reversing the dismissal of Granite's fraud claim, the factors relevant to granting or denying a motion to file a second amended complaint have been substantially altered, and the court should reconsider the motion on remand. *Granite Southlands Town Center, LLC v. Provost*, 445 Fed. Appx. at n.1. According to Alberta's reasoning, this Court is precluded from considering *any* claim other than the narrow claim which was the subject of the appeal. That is not the law, as acknowledged by the Tenth Circuit in its opinion remanding Granite's claims for further proceedings.

## II. PLAINTIFF HAS NOT WAIVED ITS ABILITY TO PURSUE ITS BREACH OF CONTRACT CLAIM

Plaintiff argues that Granite did not challenge the Court's prior ruling that denied Granite's motion to add the breach of contract claim that Granite seeks to add here, and therefore Granite waived its ability to assert this claim due to its purported "inaction." Resp. at 2, 6, 7, 12-13. Granite has never sought to overturn the magistrate's prior ruling or the Court's prior ruling with respect to this issue, and does not seek to do so now. Granite expressly acknowledged in its current motion to amend that the Court refused Granite's prior request to add the breach of contract claim because, when Granite sought leave to amend, the deadline to move for such leave had passed and the case was in its late stages. Mtn. at 2. Although Granite did not agree with

the decision, Granite did not and does not challenge that decision now. The circumstances here are entirely different.

Granite's current motion to amend is not an objection to the Court's prior order or a motion to overturn the prior order. Rather, Granite's current motion is a new motion brought within the Court's prescribed deadline to amend, when the case is in an entirely different procedural posture, based on changed circumstances that did not exist at the time of the Court's prior order—namely the Tenth Circuit opinion and the fact that the Court issued new deadlines for discovery, dispositive motions, expert designations, and the pre-trial conference after the fraud claim was remanded. Alberta attempts to twist the current motion into an objection to the Court's prior order so that Alberta can argue undue delay and waiver, and this attempt should be rejected because that is not the case.

Even if Granite were seeking to object to the Court's prior order, however, and it is not, the order was an interlocutory ruling, and this Court has "general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991); *see also Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 12 n.14 (1983) ("[V]irtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown."). A court may reconsider its prior orders "to process litigation to a just and equitable conclusion." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000).

### III. PLAINTIFF'S FRAUD CLAIM AGAINST ALBERTA TOWN CENTER, LLC IS NOT UNTIMELY

Plaintiff also challenges Granite's request to add Alberta as a defendant to the fraud claim on the basis that such an amendment is untimely. Resp. at 7-8 ("Granite's lack of diligence with

respect to its breach of contract claim pales in comparison to its untimely attempt to now add Alberta as a defendant to the fraud claim.").

Granite first asserted a fraud claim against Peter Cudlip and Donald Provost on September 16, 2009 [Docket No. 34]. The Court dismissed that claim on December 29, 2009, three months after it was filed [Docket No. 85]. Within two weeks, on January 13, 2009, Granite filed a motion for reconsideration and a motion to file an amended complaint, which sought to add fraud claims against Alberta [Docket No. 87]. The Court summarily denied that motion [Docket No. 110].

When Granite appealed the dismissal of the fraud claims, it also appealed the denial of the motion to amend. *See Granite Southlands Town Center, LLC*, 445 Fed. Appx. at n.1. The Tenth Circuit held that the Court should reconsider the motion to amend on remand. *Id.* On remand, the Court entered a new scheduling order, including a new deadline to move to amend the complaint, and Granite timely filed its motion to amend by the new deadline [Docket Nos. 257, 259]. Accordingly, Granite's request to add Alberta as a defendant in the fraud case is timely.

Confusingly, Alberta argues that the Tenth Circuit's holding with respect to the motion to file a second amended complaint only applied to Granite's additional claim for breach of contract. Resp. at 8 ("the Tenth Circuit's suggestion only applies to the addition of the breach of contract claim"). The Tenth Circuit opinion, however, expressly addresses Granite's effort to assert an additional fraud claim. *See Granite Southlands Town Center, LLC*, 445 Fed. Appx. at 2 ("In a pleading entitled 'Plaintiff's Motion For Reconsideration And For Leave To Amend Complaint,' . . . Granite asked the district court to vacate its order or to allow Granite to file a

second amended complaint. Granite argued not only that new evidence uncovered in discovery had established the plausibility of its [fraud] claim, but also that an amendment was necessary to allow it to plead an additional fraud claim.").

There has been no undue delay with respect to the fraud claim against Alberta. Granite was only able to pursue such a claim in light of the Tenth Circuit's opinion, and Granite moved to add this claim by the date provided in the Court's scheduling order.

## IV.   AMENDMENT IS NOT FUTILE

Finally, Alberta argues that amendment would be futile because the obligation to true up expenses by March 31, 2009 does not really exist. Resp. at 10-11. Alberta reasons that this claim is based on "Paragraph 5 of the Eighth Amendment to the FPSA," and the Fifteenth Amendment purportedly deleted this provision. Resp. at 10.

Putting aside whether it is appropriate to address the merits of the claim on the motion to amend, Alberta simply misstates the basis for Granite's claim. As explained in the proposed Second Amended Complaint, "The parties' agreements regarding reconciliation of revenues and expenses are covered in *various amendments* to the FPSA and were confirmed by the parties in various correspondence after closing." Plaintiff's Second Amended Complaint ¶ 15 [Docket No. 259-1]. In no way is this claim limited to language in paragraph 5 of the Eighth Amendment.

Should there be any doubt that the claim Granite seeks to assert here is valid, it is worth noting that Alberta asserted this same claim earlier in this lawsuit. *See* Defendant Alberta Town Center, LLC's Answer and Counterclaims to Plaintiff's Original Complaint, at 5, ¶ 2 [Docket. No. 7] ("Pursuant to the agreement between the parties, Alberta and Granite were required to reconcile the proration of Property expenses made at the December 12, 2008 Closing for the

Property as defined in the Town Center Forward Purchase and Sale Agreement and Escrow Instructions ('FPSA'). The reconciliation was required to be made on or before March 31, 2009."). In fact, although Alberta later voluntarily dismissed this claim, it did so without prejudice and expressly reserved its right to re-assert this claim "[s]hould the Court permit Granite to assert an affirmative breach of contract claim either at trial or after appeal." *See* Defendant Alberta Town Center, LLC's Unopposed Motion Pursuant to Fed. R. Civ. P. 41 to Dismiss Without Prejudice Its Counterclaim against Plaintiff [Docket No. 174].

## CONCLUSION

For the reasons stated above and in Plaintiff's motion to amend, Granite respectfully requests that the Court grant Granite leave to file the Second Amended Complaint attached as Exhibit 1 to Granite's motion to amend [Docket No. 259].

Respectfully submitted this 5th day of April, 2012.

*//s// Paul Trahan*
Osborne J. Dykes, III
Benjamin M. Vetter
FULBRIGHT & JAWORSKI L.L.P.
370 Seventeenth Street, Suite 2150
Denver, CO  80202
(303) 801-2700 – Phone / (303) 801-2777 – Fax
jdykes@fulbright.com
bvetter@fulbright.com

Paul Trahan
FULBRIGHT & JAWORSKI L.L.P.
98 San Jacinto Blvd., Suite 1100
Austin, TX  78701
(512) 474-5201 – Phone / (512) 536-4598 – Fax
ptrahan@fulbright.com
*Counsel for Plaintiff*

52047032.1                                           - 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to attorneys for the remaining parties at the following e-mail addresses:

>Stuart N. Bennett
>Steven R. Kabler
>JONES & KELLER, P.C.
>1999 Broadway, Suite 3150
>Denver, Colorado 80202
>sbennett@joneskeller.com
>skabler@joneskeller.com
>*Attorneys for Alberta Town Center, LLC*
>*Peter M. Cudlip and Donald G. Provost*

>*//s// Paul Trahan*