IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC,
        Plaintiff,

v.

ALBERTA TOWN CENTER, LLC, and
LAND TITLE GUARANTEE COMPANY,
        Defendants.

**PLAINTIFF GRANITE SOUTHLANDS TOWN CENTER, LLC'S REPLY IN SUPPORT OF ITS OBJECTION TO THE RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE MIX REGARDING ATTORNEYS' FEES (DOCKET #262)**

Plaintiff Granite Southlands Town Center, LLC ("Granite") files this Reply in Support of its Objection to the Recommendation of United States Magistrate Judge Mix regarding Attorney's Fees ("Reply") and states the following:

### I.    INTRODUCTION

Granite has gone to great lengths to segregate the fees associated with the Escrow Claim, which was tried to this Court in February 2011, and to subtract fees not directly related to the Escrow Claim. Neither Alberta nor the Recommendation really disputes this. Likewise, neither the Recommendation nor Alberta disputes that Alberta agreed to pay Granite all reasonable and actual fees incurred in relation to Escrow Claim. Granite's Objection to the Recommendation [Docket No. 260] focuses on two principal issues: the Recommendation gave undue weight to the amount of the attorneys' fees requested in relation to the underlying deficiency judgment, and the Recommendation applied an arbitrary methodology in awarding an inadequate amount of

such fees. Rather than file its own objection to the Recommendation, Defendants Alberta Town Center, Peter M. Cudlip, and Donald G. Provost (collectively "Alberta") are improperly attempting to use their Response to Granite's Objection as an opportunity to rehash unrelated arguments against the award of attorneys' fees to Granite. Alberta's waived its right to raise new arguments, and its Response should be limited to the scope of Granite's Objection. This Reply seeks to respond only to those issues raised in Alberta's Response that are not addressed elsewhere in the now substantial briefing on Granite's reasonable attorneys' fees.

## II.   ARGUMENT & AUTHORITY

### A.   Granite's Attorneys' Fees Were Actually Incurred

Granite has provided ample undisputed evidence that its attorneys' fees were actually incurred. "Actual attorney fees" have been interpreted to mean fees "existing in fact." *Breaux v. Am. Family Mut. Ins. Co.*, 554 F.3d 854, 869 (10th Cir. 2009) (*quoting Brody v. State Farm Mut. Auto. Ins. Co.*, 194 P.3d 459, 461 (Colo. App. 2008)). Alberta does not point to any evidence suggesting that the work done on behalf of Granite in this case was not, in fact, performed. Instead, Alberta alleges that Granite has failed to prove that it actually incurred the fees and expenses claimed (i.e., that the fees are not "actual") because the relevant invoices were delivered for payment to BlackRock Realty Advisors, Inc. and paid by Granite's corporate parent. This argument is spurious.

In addition to submitting its detailed invoices to the Court, Granite has submitted the affidavit of Angela Kralovec, which explains the relationship between BlackRock Realty Advisors, Inc. and the Plaintiff in this case. *See* Ex. J to Granite's Reply in Support of Mot. for Attorneys' Fees [Docket No. 239]. This affidavit states in part that "[t]he legal fees and

expenses reflected in the Southlands Legal Invoices were incurred and paid by Granite." *Id.* It further states that, "BlackRock Realty received all of these legal invoices, reviewed and approved them as appropriate expenses of Granite, and caused Granite's Parent to write checks in payment of the invoices." *Id.* Alberta's claim that "Granite has done nothing to put [questions concerning whether Granite incurred any "actual" fees at all] to rest" is simply false. *See* Alberta's Resp. at p. 8. Given the record before the Court, which includes every invoice reflecting the actual fees incurred by Granite, Alberta's request for additional documentary evidence is a distraction.

### B. The Absence of a Prior, Written Fee Agreement Does Not Affect Whether Granite's Fees Were Actual or Reasonable

#### 1. The Attorney-Client Relationship, not a Fee Agreement, Governs Eligibility for Fee Awards

In the context of statutory attorneys' fees awards, courts have ruled that it is the agency relationship between attorney and client—not the existence of a written fee agreement—that gives rise to eligibility for fee awards. *See Kay v. Ehrler*, 499 U.S. 432, 436 (1991); *Miller v. Amusement Enters., Inc.*, 426 F.2d 534, 538 ("What is required is not an obligation to pay attorney fees . . . all [] that is required is the existence of a relationship of attorney and client."); *Rodriguez v. Taylor*, 569 F.2d 1231, 1245 (3d Cir. 1978) ("As a general matter, awards of attorneys' fees where otherwise authorized are not obviated by the fact that individual plaintiffs are not obligated to compensate their counsel. The presence of an attorney-client relationship suffices to entitle prevailing litigants to receive fee awards."). There is no reason to apply a different standard in the context of contractual fee awards.

Here, Granite explained in a Status Report filed with the Court that Granite, its predecessor, and related entities are all longstanding clients of Fulbright & Jaworski, L.L.P. *See* Status Report of Granite Southlands Town Center, LLC [Docket No. 253]. There is no reason to doubt the legitimacy of the attorney-client relationship between Granite and its outside counsel, and at no time in this litigation has Alberta questioned whether Fulbright & Jaworski, L.L.P. is Granite's duly authorized representative. The existence of a written fee agreement between Granite and its counsel has no bearing on whether Granite's fees were actually incurred and eligible for payment under the parties' contractual agreement. In any event, the fee arrangement between Granite and its counsel is evidenced in writing by the actual invoices Granite and its corporate parent received and paid, all of which have been provided to the Court.

   2. <u>The Absence of a Written Fee Agreement has no Bearing on the Reasonableness of Granite's Attorneys' Fees</u>

Alberta again calls attention to the absence of a written fee agreement to argue that this undermines the reasonableness of Granite's attorneys' fees request. In so doing, Alberta selectively quotes from a Colorado Court of Appeals opinion to create the misleading impression that the absence of a fee agreement renders a party's request for attorneys' fees less reasonable as a matter of law. The full quoted sentence reads as follows: "The existence of a fee arrangement is a factor the court should consider in determining the reasonableness of a requested fee, but an attorney's fee agreement does not of itself require a court to award the amount agreed upon between the attorney and client." *See Balkind v. Telluride Mountain Title Co.*, 8 P.3d 581, 588-89 (Colo. App. 2000) (internal citation omitted). In *Balkind*, the appellate court found that a trial court erred because it awarded too little in fees to the prevailing party in a dispute. More specifically, the appellate court found that fees awarded to the Town of Telluride for the work of

its salaried attorney should have been calculated using the lodestar method (at a higher hourly rate prevalent in the market) rather than an hourly rate based on the attorney's salary. *Id.* In this context, the court counseled that fee agreements should be given some weight in determining a reasonable rate for use in the lodestar method, but should not limit a fee award where a different rate would be more appropriate. *Id.*

In determining an individual attorney's reasonable rate, courts often give deference to the actual billing arrangement in place between the attorney and client. *See, e.g.*, *Crescent Pub. Group, Inc. v. Playboy Enters.*, 246 F.3d 142, 151 (2d Cir. 2001) ("The actual billing arrangement certainly provides a strong indication of what private parties believe is the 'reasonable' fee to be awarded."); *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150, 1151 (7th Cir. 1993) ("[T]he best measure of the cost of an attorney's time is what the attorney could earn from paying clients. . . . A judge who departs from this presumptive rate must have some reason other than the ability to identify a different average rate in the community"). Here, Granite has provided the Court with ample evidence to prove the actual billing arrangement between Granite and its counsel, which constitutes clear evidence of the presumptively reasonable rate for use in the lodestar method. The absence of a prior, written agreement detailing these rates has no bearing on the Court's determination of a reasonable rate.

### C. Granite's Individual Attorney Rates, Block Billing, and Discovery Fees All Are Reasonable

Alberta's Response reiterates arguments that Alberta apparently saw unfit to raise in an objection of its own. For example, Alberta asks the Court to reconsider the reasonableness of the fees charged by Granite's counsel on several grounds, including the rate charged by one partner, its alleged block-billing practices, and discovery related fees. Granite's briefing and evidence

already on file with this Court fully address the issues raised in Part B of Alberta's Response. Specifically, Mr. Trahan's rates are addressed at part II(E) of Granite's Reply in further support of its Motion for Attorneys' Fees and Expenses and Supplemental Motion [Docket No. 239], as well as the exhibits and affidavits attached to Granite's Motion for Attorneys' Fees and Expenses [Docket No. 199] and Supplemental Motion for Attorneys' Fees and Expenses [Docket No. 223]. Similarly, the alleged block billing practices and reductions in discovery related fees are addressed in part at Parts II(B)(2), II(C), and II(H) of the same Reply, along with the exhibits and affidavits attached to the same Motion and Supplemental Motion. Granite will not restate its arguments here.

### D. The Court Should Award Granite's Full Attorneys' Fees

Granite's decision to litigate the Escrow Claim was an all-or-nothing proposition. As plaintiff, Granite bore the burden of persuasion on its claim, knowing full well that it stood to lose not only the $650,000 in escrow, but also the amount of Alberta's reasonable attorneys' fees. With this risk in mind, Granite and its counsel took a cautious yet aggressive approach in a hard-fought case. Under the circumstances, Granite's approach to the litigating the case was reasonable.

By the time of trial, counsel for both parties had distilled the legal and factual issues to the point that all evidence and argument could be presented in one day; it is counsel's job to present only the essence of a case to the finder of fact. But this does not mean that litigating the case was simple. The Order denying Alberta's Motion for Partial Summary Judgment [Docket No. 107] provides evidence of some of the difficult questions of construction presented by the Escrow Claim. The contentious and often extreme position taken by Alberta throughout the case

required that Granite expend considerable time preparing to address contingent yet related arguments. The Recommendation fails to sufficiently account for this. As the Tenth Circuit has noted in reviewing attorneys' fee awards for error, "[t]he record ought to assure us that the district court did not 'eyeball' the fee request and cut it down by an arbitrary percentage." *Browder v. City of Moab*, 427 F.3d 717, 723 (10th Cir. 2005) (citations omitted). In its de novo review of the record, this Court should find that the Recommendation arbitrarily limits Granite's fees to the work of two attorneys and fails to adequately account for plaintiff's overall success on the Escrow Claim.

As the Supreme Court has recognized, "[t]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an attorney's fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *see also Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1177 10th Cir. 2010) (following *Hensley*); *Harvey Barnett, Inc. v. Shidler*, 200 Fed. App'x 734, 746 (10th Cir. 2006). Granite and its counsel ultimately achieved an unmitigated victory on the Escrow Claim, and Granite is entitled to full payment of the attorneys' fees it incurred in reaching this result.

### III. CONCLUSION

For all the foregoing reasons, Granite's Motion and Supplemental Motion for Attorneys' Fees should be granted, and Granite should be awarded $674,477.98 in attorneys' fees and costs.

        Respectfully submitted,

        */s/ Paul Trahan*
        Osborne J. Dykes, III
        Benjamin M. Vetter
        FULBRIGHT & JAWORSKI, L.L.P.
        370 Seventeenth Street, Suite 2150
        Denver, CO  80202
        (303) 801-2700 – Telephone
        (303) 801-2777 – Facsimile
        jdykes@fulbright.com
        bvetter@fulbright.com

        Paul Trahan
        FULBRIGHT & JAWORSKI, L.L.P.
        98 San Jacinto Blvd., Suite 1100
        Austin, TX  78701
        (512) 474-5201 – Telephone
        (512) 536-4598 – Facsimile
        ptrahan@fulbright.com
        **COUNSEL FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that today, April 5, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to attorneys for defendants at the following e-mail addresses:

| | |
|---|---|
| Stephen L. Waters | swaters@rwolaw.com |
| Kimberly A. Bruetsch | kbruetsch@rwolaw.com |

ROBINSON WATERS & O'DORISIO, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
*Attorneys for Land Title Guarantee*

| | |
|---|---|
| Stuart N. Bennett | sbennett@joneskeller.com |
| Steven R. Kabler | skabler@joneskeller.com |

JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
*Attorneys for Alberta Town Center, LLC*

*/s/ Paul Trahan*
Paul Trahan