**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-CV-00799-SJJ-KLM

GRANITE SOUTHLANDS TOWN CENTER LLC

    Plaintiff,

v.

ALBERTA TOWN CENTER, LLC,
PETER M. CUDLIP,
DONALD G. PROVOST, and
LAND TITLE GUARANTEE COMPANY

    Defendants.

**PROPOSED FINAL PRETRIAL ORDER**

**PRELIMINARY STATEMENT**

The parties are in ongoing and productive settlement discussions and hope there will be no need for a trial in this matter and believe the hearing on the final pretrial order, set for January 25, 2013, should be continued. The parties are filing a separate motion in this regard.

**1.     DATE AND APPEARANCES**

The pretrial conference was held January 22, 2013, at 1:30 o'clock p.m. in Courtroom C-204, Byron G. Rogers U. S. Courthouse, 1929 Stout Street, Denver, Colorado, before the Honorable U. S. Magistrate Judge Kristen L. Mix.

Plaintiff Granite Southlands Town Center LLC ("Granite") was represented by Paul Trahan of Fulbright & Jaworski L.L.P., 98 San Jacinto, Suite 1100, Austin, Texas 78701, (512) 536-5201.

Defendants Alberta Town Center ("Alberta"), Peter M. Cudlip, and Donald G. Provost (collectively "Defendants") were represented by Stuart Bennett, Jones & Keller, P.C., 1999 Broadway, Suite 3150 Denver, Colorado 80202, (303) 573-1600.

There are no *pro se* parties.

## 2. JURISDICTION

This Court has original jurisdiction under 28 U.S.C. § 1332 because plaintiff and defendants are citizens of different states and the amount in controversy exceeds the jurisdictional amount of $75,000, exclusive of interest and costs.

## 3. CLAIMS AND DEFENSES

*Granite's Fraud Claim*

Granite asserts a claim for fraud against Peter M. Cudlip and Donald G. Provost (collectively, the "Principals") arising out of its purchase of the property known as the Southlands Town Center (the "Property") in Aurora, Colorado.[1]  Granite alleges that Mr. Cudlip and Mr. Provost committed fraud by failing to disclose material structural defects, which induced Granite to enter into a Release and Termination Agreement (the "Release") with the Principals. Granite alleges that the Principals were aware of these defects prior to execution of the Release in December 2008, had a duty to disclose them, but failed to do so.  Granite alleges it was not aware of these defects until after signing the Release and justifiably relied on the Principals' silence and misrepresentations by entering into and providing additional consideration for the Release.

---

[1] Granite has also sought leave to add Alberta as a defendant to this claim.  Granite's motion to amend is currently pending before the Court.

*Granite's Breach of Contract Claim*

Granite has requested leave to amend its complaint to add a breach of contract claim. The motion to amend is pending before the Court. Specifically, in the Forward Purchase and Sale Agreement ("FPSA"), as amended, the parties agreed to pro-rate revenues and expenses from December 14, 2007 until the closing of the sale of the Property, which occurred on December 12, 2008, on a 50/50 basis. The process of adding up and allocating the revenues and expenses to effectuate the proration will be referred to as the "True-Up." Because the parties were not able to perform the True-Up by closing, they extended the time for completing it several times, ultimately until May 6, 2009.[2] On this date the balance due, whether to Alberta or to Granite, should have been paid. Granite avers that under a correct True-Up, Alberta owes Granite over $1.0 million. Granite seeks recovery of this sum, plus interest and attorneys' fees.

*Defendants' Defenses to Granite's Fraud Claim*

Defendants did not defraud Granite in any manner with respect to the closing of the purchase of the Southlands Shopping Center. Defendants orally informed Granite's personnel of issues that had arisen with respect to a tenant's construction of its building on the premises. Defendants' further conducted a reasonable investigation of the situation and were informed and therefore believed that there were no material construction deficiencies on the site. Moreover, the condition of the property was not material to the closing of the transaction under the parties' contract and Granite could not and did not reasonably rely upon any alleged omission regarding the condition of the property. Further, Granite's premise that it paid $2.15 million as

---

[2] In the Scheduling Order at 5 [Doc #21] the parties agreed to the following undisputed facts:
   Section 10.6 of the FPSA requires Granite and Alberta to review and approve the proration of specified property expenses. Granite and Alberta, by written agreement dated December 8, 2008, agreed that the proration would be completed on or before March 31, 2009. Granite and Alberta subsequently agreed to extend the completion date to April 15, 2009, April 30, 2009, and then May 6, 2009.

consideration for a release is demonstrably false under the parties' contract in which the closing price was part of the purchase price for the property.  Granite in effect seeks partial rescission of its purchase which is not a cognizable legal theory under Colorado law.  Finally, Granite released all claims it has against Defendants and Granite has not sought to rescind or avoid the terms of the release it provided Defendants.

***Defendants' Defenses to Granite's Breach of Contract Claim***

Defendants deny that any contract existed between them that called for a "true-up" of expenses incurred by the parties prior to the closing of the transaction.  The parties' contract called for true-up only of expenses prorated at closing. All such expenses were trued-up and reconciled subsequent to the closing and Granite is due nothing further from the transaction. Further, Granite released Defendants from all claims arising from the parties' contract except those that expressly survived the closing.  The proposed breach of contract claim is not one that expressly survived the closing and has therefore been released.

Defendants have opposed the amendment of the pleadings to assert this contract claim and reserve the right to re-assert their counterclaims for breach of contract in defense of Granite's claims should Granite be permitted to amend.

## 4. STIPULATIONS

The parties have not yet stipulated to any facts.

## 5. PENDING MOTIONS

The following motions are pending before the Court:

    a.    Plaintiff's Motion for Leave to Amend Complaint (Dkt. # 259, filed February 13, 2012).

      b.      Plaintiff Granite Southland Town Center, LLC's Objection to the Recommendation of United States Magistrate Judge Mix Regarding Attorneys' Fees (Dkt. #262, filed March 9, 2012).

### 6. WITNESSES

a. Granite's nonexpert witnesses are as follows, and Granite reserves the right to call any of the persons identified in its Fed. R. Civ. P. 26(a)(1) disclosures in this lawsuit, as amended:

1. Andrew Piekarski (will be present at trial)
2. Mike Krier (will be present at trial)
3. Angela Kralovec (will be present at trial)
4. Chris Silva (testimony will be presented by means of a deposition or presentation of other sworn testimony)
5. Jose Inclan (may be present at trial or may be presented by deposition)
6. Donald Provost (will be present at trial)
7. Peter Cudlip (will be present at trial)

b. Granite's expert witnesses are: John D. Reins of Wiss, Janney, Elstner Associates, Inc. (will be present at trial).

a. Defendants' nonexpert witnesses are: Defendants will call Donald G. Provost and Peter M. Cudlip and may call any of the persons identified in their Fed. R. Civ. P. 26(a)(1) disclosures dated January 17, 2012.

b. Defendants' expert witnesses are: Those experts disclosed in Defendants' Expert Disclosures served June 26, 2012. Defendants reserve the right to endorse such additional experts as may be appropriate if Granite is given leave to amend its complaint to assert its breach of contract claim.

### 7. EXHIBITS

Granite's preliminary exhibit list is attached hereto as Exhibit A. Granite also may offer documents produced by Defendants in this or the related case pending in Arapahoe County District Court.

Defendants may offer the documents disclosed by Alberta bearing bates numbers Alberta000001 to Alberta007440 and any document produced by Granite in this or the related case pending in Arapahoe County District Court.

Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

### 8. DISCOVERY

Discovery is complete except as may be necessitated by any amendment to the pleadings.

### 9. SPECIAL ISSUES

None.

### 10. SETTLEMENT

a. Counsel for the parties met in person at a mediation on November 28, 2012, to discuss in good faith the settlement of the case.

b. The participants in the settlement conference included Mediator Gene Commander, counsel, and party representatives with settlement authority.

c. The parties were promptly informed of all offers of settlement and continue to exchange drafts of a settlement agreement.

- 7 -

d. Counsel for the parties and any *pro se* party do not intend to hold future settlement conferences.

e. It appears from the discussion by all counsel and any *pro se* party that there is a good possibility of settlement.

f. Counsel for the parties considered ADR in accordance with D.C. COLO. LCivR. 16.6.

### 11. OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

### 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

### 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1. Trial is to a jury on those issues so triable, if any.

2. Granite anticipates the trial will take one to two days if only the fraud claim is tried. If the additional breach of contract claim is tried, Granite anticipates the trial will take two to three days.

- 8 -

        3.        Defendants estimate that trial will require at least 5 trial days if only the fraud claim is tried and may take 8 trial days if the breach of contract claim is permitted.

        4.        Trial will be in Denver, Colorado.

DATED this _____ of _____, 2013.

                                                      BY THE COURT:

                                                      _____

                                                      Kristen L. Mix,
                                                      United States Magistrate Judge

- 9 -

APPROVED:

/s/ Paul Trahan
OSBORNE J. DYKES, III
FULBRIGHT & JAWORSKI L.L.P.
Tabor Center
1200 Seventeenth Street, Suite 1000
Denver, CO  80202
(303) 801-2700 – Telephone
(303) 801-2777 – Facsimile
jdykes@fulbright.com

PAUL TRAHAN
MARK OAKES
FULBRIGHT & JAWORSKI L.L.P.
98 San Jacinto Boulevard, Suite 1100
Austin, TX  78701
(512) 474-5201 – Telephone
(512) 536-4598 – Facsimile
ptrahan@fulbright.com

**COUNSEL FOR PLAINTIFF GRANITE SOUTHLANDS TOWN CENTER LLC**

/s/ Stuart N. Bennett
STUART N. BENNETT
Jones & Keller, P.C.
1999 Broadway, Suite 3150
Denver, CO  80202
(303) 573-1600 – Telephone
(303) 573-8133 – Facsimile
sbennett@joneskeller.com

**COUNSEL FOR DEFENDANT ALBERTA TOWN CENTER, LLC, DONALD PROVOST, AND PETER CUDLIP**

52552284.1

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

- Stuart N. Bennett sbennett@joneskeller.com, kjohnson@joneskeller.com

- Dennis Boyd Polk DBP@HAPLAW.NET, kg@haplaw.net

- Steven Robert Kabler skabler@joneskeller.com, cfulton@joneskeller.com

- Kimberly A. Bruetsch kbruetsch@rwolaw.com, kkellow@rwolaw.com

- Osborne J. Dykes, III jdykes@fulbright.com, squinn@fulbright.com

- Paul D. Trahan ptrahan@fulbright.com, jwright@fulbright.com

- Aaron David Goldhamer agoldhamer@joneskeller.com,

- Allan Brent Diamond adiamond@diamondmccarthy.com,

- Amos B. Elberg aelberg@diamondmccarthy.com

- Reda Marie Hicks rhicks@diamondmccarthy.com

- Mark Thomas Oakes moakes@fulbright.com, cladd@fulbright.com

                    /s/ Mark Oakes
                    Mark Oakes