UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
---------------------------------------------------X
GRANITE SOUTHLANDS
TOWN CENTER, LLC,

                                       **ORDER ADOPTING**
                                       **REPORT AND**
                                       **RECOMMENDATION**

          Plaintiff,

                                       09 CV 799 (SJ) (KLM)

      -against-

ALBERTA TOWN CENTER, LLC, and
LAND TITLE GUARANTEE CO.,

          Defendants.
---------------------------------------------------X
**A P P E A R A N C E S**
FULBRIGHT & JAWORSKI LLP
98 San Jacinto Boulevard
Suite 1100
Austin, TX 78701
By:    Paul D. Trahan
        Osbourne J. Dykes, III
*Attorneys for Plaintiff*

JONES & KELLER PC
1999 Broadway
Suite 3150
Denver, CO 80202
By:    Aaron David Goldhammer
        Stuart N. Bennett
*Attorneys for Defendant Alberta Town Center, LLC*

JOHNSON, Senior District Judge:

      Following a bench trial before the undersigned, and by order dated September 2, 2011, Plaintiff Granite Southlands Town Center, LLC, ("Plaintiff") obtained a judgment against defendant Alberta Town Center, LLC, ("Defendant") in

1

this breach of contract action. The facts and circumstances presented in that order are incorporated by reference herein. (Docket No. 195.) Briefly, at issue was the parties' Forward Purchase and Sale Agreement ("FPSA"), which was entered into in order that Plaintiff purchase a 450,000 square foot parcel of commercial property located in Aurora, Colorado (the "Property"). Pursuant to the FPSA, Defendant was required to produce certain tenant estoppel certificates containing warranties about the Property's tenants. Those certificates were to be provided within 30 days of the December 12, 2008 closing. Defendant failed to provide satisfactory tenant estoppel certifications, and, though proceeding with the closing, the parties amended the FPSA to account for the late certificates. Specifically, $650,000 was placed in escrow pending Defendant's satisfaction of the revised terms of sale. Defendant delivered the remaining certificates in early 2009, nine of which were met with displeasure by Plaintiff.

However, of the nine allegedly faulty certificates, only one was the subject of trial. The certificate from the Colorado Cinema Group, LLC (the "Cinema") disclosed for the first time the existence of a cracked foundation and other structural defects. Plaintiff argued that, at least six months prior to closing, Defendant was aware of these defects in the property leased by the Cinema but failed to disclose same. The Court determined that the FPSA was not ambiguous and that Defendant's actions entitled Plaintiff to the $650,000 placed in escrow.

Plaintiff moved for $674,477.98 in attorneys' fees and expenses, as are contemplated in the FPSA. The motion was referred to Magistrate Judge Kristen L.

Mix, who, in her February 24, 2012 Report and Recommendation (the "Report") found the fees unreasonable.  Specifically, Judge Mix found that the matter, a simple breach of contract action, was overstaffed with three partners billing between $433.50 and $552.50 per hour, and at least three associates and other staff billing between $182.75 and $403.75 per hour.  (See Report at 4 ("[T]he invoices presented by Plaintiff make apparent that Plaintiff brought a bazooka to a fist fight.").)  Judge Mix found not only that fewer attorneys were required to try this action, but that certain claimed expenses were not ultimately utilized by the client, such as an un-filed countermotion for summary judgment, and preparation for a jury trial.  Plaintiff objects to the Report.

Having reviewed (1) the Report; (2) the case file; (3) the trial transcripts; (4) Plaintiff's objections; (5) Defendant's response to Plaintiff's objections and having reviewed de novo Judge Mix's findings that (1) this was a relatively straightforward breach of contract action; (2) fewer high-priced attorneys were necessary to prosecute it; (3) fees for services unutilized should not be recovered; and (4) fees are appropriate for all hours billed by one partner and one senior associate, the Court concurs with Judge Mix's rulings for the reasons set forth in her Report.

Judge Mix correctly determined that Plaintiff's fee request is unreasonable. "Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  In particular, the Court notes that, with

fewer attorneys, it would not be necessary to reinvent the wheel quite so many times, which happens when more and more people are brought up to speed. And, while Plaintiff argues that the parties chose not to cap fees, even a contractual agreement can be reviewed by the Court for reasonableness. See Burr v. Moyer, 2012 WL 845412, at *1 (D. Colo. Feb. 23, 2012) ("The district court . . . should only reject the contractually-stipulated award if it is unreasonable or inequitable."). Finally, this Court presided over the one-day bench trial, which itself was uncomplicated.

Plaintiff's argument that the amount recovered should not function as a de jure cap on fees does not fall on deaf ears. However, Judge Mix considered this to be one of many factors for a fee reduction, and this Court agrees not only that it is a factor but that in this particular case it is an important factor. Cf. Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kansas, 157 F.3d 1243, 1250 (10th Cir. 1998) ("Billing judgment consists of winnowing the hours actually expended down to those reasonably expended."). A reasonableness inquiry necessarily involves the consideration of not just the quantity but the quality of services provided.

Contrary to Plaintiff's objections, Judge Mix applied the proper legal standards and construed the evidence in a thoughtful, fair, and clear manner. For the foregoing reasons, the Court finds Plaintiff's objections to be without merit and adopts the Report in its entirety.

SO ORDERED.

Dated: February 7, 2013                              /s/
      Brooklyn, NY                       Senior United States District Judge